UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                        Case No.: 22-
                                                    Chapter 11
                                                    Subchapter V

             Debtor.                            /

**DEBTOR'S EMERGENCY APPLICATION FOR (I) APPROVAL, ON AN INTERIM
AND FINAL BASIS, FOR EMPLOYMENT OF JAMES B. MILLER AND
JAMES B. MILLER, P.A. AS GENERAL BANKRUPTCY COUNSEL FOR THE
DEBTOR-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

**Statement of Exigent Circumstances**

> **The above-captioned Debtor in Possession requests an emergency hearing
> pursuant to Bankruptcy Rule 6003 in this matter as soon as possible to prevent
> direct, immediate and substantial harm to the Debtor's estate or ability to
> reorganize that would occur if the Debtor is not authorized to retain counsel
> to continue the Debtor's representation in this Subchapter V case.   The
> undersigned firm will play an integral role in the first twenty-one (21) days of
> this Chapter 11 case.  Among other things, the Debtor will need the Firm's
> assistance in stabilizing its financial affairs, negotiating with key creditor
> constituencies, and addressing issues related to anticipated hearings and
> related orders.  Accordingly, the Debtor respectfully requests that the Court
> waive the provisions of Rule 9075-1(B) of the Local Rules for the United States
> Bankruptcy Court for the Southern District of Florida, which require an
> affirmative statement that a *bona fide* effort was made to resolve the issues
> raised in this Motion, as the relief requested herein is urgent in nature and
> does not lend itself to advance resolution.**

AUTO WHOLESALE O BOCA, LLC, (the "Debtor"), as debtor-in-possession, by and
through proposed undersigned counsel, respectfully requests entry of an order of the Court (i)
authorizing the employment of James B. Miller and the law firm of James B. Miller, P.A.
(collectively, "JBM") pursuant to 11 U.S.C. § 327(a) of Title 11 of the United States Code (the
"Bankruptcy Code"), Rules 2014(a), 2016, and 6003 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the
United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), on an
interim and final basis, as general restructuring and bankruptcy counsel to the Debtor effective as

of the Petition Date in this Case (the "Application"). In support thereof, the Debtor states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding as defined in 28 U.S.C. §§157(b)(2)(A).

3.      The statutory predicates in support of the relief requested herein are sections 327, 329 and 330 of the Bankruptcy Code, Rules 2104(a), 2016, and 6003 of the Bankruptcy Rules and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On July 22nd, 2022, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code (the "Petition Date").  The Debtor is managing its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee (other than a Subchapter V Trustee), examiner, or statutory committee has been appointed in this Case.

6.      Prior to the Petition Date, JBM was engaged by the Debtor to provide general insolvency consulting and assist the Debtor in evaluating restructuring options, including a potential proceeding under Chapter 11.

7.      Debtor is a duly-licensed automobile dealer, which buys and sells high-end luxury automobiles.  The Debtor is located in Boca Raton, Florida, with leased premises for both a main business office and an air-conditioned warehouse – which currently houses on the property nineteen high-end luxury automobiles.

**BASIS FOR RELIEF REQUESTED**

8.  The Debtor desires to employ JBM as its general restructuring and bankruptcy counsel in connection with this Subchapter V case.

9.  The Debtor believes that JBM is qualified to practice in this Court and is qualified to advise the Debtor on its relations with, and responsibilities to the creditors and other interested parties, and employment of the JBM would be in the best interests of the Estate.

10. The professional services (the "Services") JBM will render are summarized as follows:

   a. advise the Debtor with respect to its powers and duties as debtor-in possession and the continued management of its affairs;
   b. advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;
   c. prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;
   d. protect the interests of the Debtor and the estate in all matters pending before the Court; and
   e. represent the Debtor in negotiations with its creditors in the preparation of a plan.

**Terms of Retention**

11. The terms of employment agreed to between the Debtor and JBM, subject to the approval of the Court, are that the Services described above will be billed at the standard hourly rates of the respective attorneys and paralegals of JBM.

12. The current hourly rate for attorneys at JBM are an agreed upon $550/hr for James B. Miller's time, and all paralegals at $150/hr for this matter.

13. Contemporaneously herewith, JBM has filed its Rule 2016 Disclosure of Compensation.

14.     JBM shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Subchapter V case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any order of this Court.

**JBM is Disinterested and Qualified to Serve as Debtor's Counsel**

15.     Except as disclosed in the Affidavit of James B. Miller, to the best of the Debtor's knowledge, JBM does not hold or represent any interest adverse to the Estate, and the Debtor believes that the employment of JBM would be in the best interests of the Estate.  JBM does not represent any interest adverse to the Debtor.  Attached as **Exhibit "A"** to this Application is the Affidavit of James B. Miller (the "Miller Affidavit"), which demonstrates that the attorneys of JBM are disinterested persons as required by 11 U.S.C. § 327(a) and defined by 11 U.S.C. § 101(14) and a verified statement required under Bankruptcy Rule 2014 and qualified to represent the Debtor.

16.     The Debtor seeks entry of an order, on an interim basis, approving the employment of JBM. By way of this Application and in the event that the Court approves this Application on an interim basis, the Debtor also requests a final hearing on this Application.  Accordingly, the Debtor respectfully requests the entry of an interim order pursuant to Section 327(a) of the Bankruptcy Code followed by the entry of a final order to be entered at a hearing to be held twenty-one (21) days later authorizing the employment and retention of JBM as general bankruptcy counsel under a general retainer to perform the legal services that will be necessary during this Chapter 11 case as more fully described below.

17.     The Debtor has provided notice of this Application to the Office of the United States Trustee for the Southern District of Florida, all secured creditors, and the Debtor's 20

largest unsecured creditors. The Debtor submits that under the exigent circumstances of this Case no other or further notice is required.

18. Continued representation of the Debtor by its restructuring counsel, JBM, is critical to the success of the Debtor's reorganization efforts because JBM is and has become very familiar with the Debtor's financial and legal affairs.

19. The Debtor desires to employ JBM because of the extensive legal services that will be required in connection with his Subchapter V case and the firm's familiarity with the business of the Debtor.

**WHEREFORE**, the Debtor respectfully requests an order authorizing retention of James B. Miller and James B. Miller, P.A., pursuant to 11 U.S.C. §§ 327 and 330 effective as of the Petition Date, and on an interim basis. The Debtor further requests that this Application be set for approval on a final basis within twenty-one (21) days of the Petition Date. The Debtor also requests such further relief as the Court deems just and proper.

Respectfully submitted on July 22nd, 2022.

JAMES B. MILLER, P.A.
***Proposed Counsel for Debtor-in-Possession***
19 West Flagler St., Suite 416
Miami, Florida 33130
T. 305.374.0200
F.  305.374.0250
EMAIL: BKCMIAMI@GMAIL.COM

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing (with attached Affidavit) was served *via* transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via US Mail upon those named on the attached service list this 22nd day of July, 2022.

\_\_\_\_/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164