UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                Case No.: 22-
                                            Chapter 11
                                            Subchapter V

_____Debtor._____ /

## AFFIDAVIT OF DISINTERESTEDNESS
## OF PROPOSED ATTORNEYS FOR DEBTOR-IN-POSSESSION

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF MIAMI-DADE      )

**BEFORE ME**, the undersigned authority, personally appeared James B. Miller, in Miami-Dade County, Florida, who after being duly sworn, deposes and says as follows:

1.      Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

2.      I am an attorney admitted to practice in Florida and the United States District Court for the Southern District of Florida and am in compliance with the Local Rules of this Court for admission and practice.

3.      I am a shareholder at the law firm of James B. Miller, P.A. ("JBMPA"), with offices located at 19 West Flagler Street, Suite 416, Miami, FL 33130. I am familiar with the matters set forth in this Affidavit in support of the *Debtor's Emergency Application for Approval, on an Interim and Final Basis, of Employment of James B. Miller and James B. Miller, P.A. as General Bankruptcy Counsel for the Debtor-in-Possession, as of the Petition Date* (the "Application").

4.      In preparing this Affidavit, I reviewed (i) lists of all of the creditors and interested parties of the Debtor[1] as provided by the Debtor's Chapter 11 Petition and (ii) results of

---
[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Application.

2

UCC searches performed in respect of the Debtor. I compared the information obtained with the information contained in JBMPA's client and potential client lists, as well as any adverse parties. The facts stated in this Affidavit as to the relationship between other lawyers in JBMPA and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in section 101(14) of the Bankruptcy Code are based on the results of my review of JBMPA's conflict check. Based upon a search of the firm's records as described above, JBMPA does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of JBMPA as required by Bankruptcy Rule 2014.

5.      Notwithstanding the foregoing, JBMPA discloses that, in connection with the Chapter 7 Bankruptcy Case of Excell Auto Group, Inc. (Case No. 22-12790-EPK) pending before the US Bankruptcy Court, Southern District of Florida, West Palm Beach Division, the Firm has filed previously a general notice of appearance on behalf of: Moshe Farache (managing member of the instant Debtor); 1001 Clint Moore, LLC (former landlord of he instant Debtor); MMS Ultimate Services, Inc. (a non-creditor); and, the instant Debtor. Furthermore, the firm has also prepared and filed proofs of claim for Debtor, Moshe Farache, MMS Ultimate Services and 1001 Clint Moore LLC in the Excell bankruptcy case. However, Moshe Farache has obtained new counsel to substitute in the Excell bankruptcy case to represent him, and has waived any conflict on behalf of himself and as managing member of the instant Debtor, and neither Clint Moore nor MMS Ultimate have claims against the instant Debtor. Moshe Farache is the managing member of the instant Debtor, owns 49% of the same, and the rest is owned by his family members. Moshe Farache will obtain independent legal counsel for purposes of this Case, if needed.

The undersigned has also "appeared", but filed no notice of appearance, as cover counsel at a few of the hearings in a case styled as FVP Opportunity Fund III, LP et al vs Auto Wholesale et al (Case No. CACE-022005125 – Broward Circuit Court) -- litigation involving FVP as plaintiff against, numerous co-defendants, including Moshe Farache and the instant Debtor. However, the undersigned has not filed a formal notice of appearance, and they (Farache and Debtor) are represented by an attorney, Jay Farrow, Esq., in that matter.

6.  Other than as set forth in this Affidavit, neither JBMPA nor James B. Miller hold nor represents any interest adverse to the Debtor and are a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.  Neither I nor JBMPA has or will represent any other entity in connection with this Case.

8.  Neither I nor JBMPA will accept any fee from any other party or parties in this Case, unless otherwise authorized by the Court.

9.  The professional fees and costs incurred by JBMPA in the course of its representation of the Debtor in this Case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330, and 331 and Bankruptcy Rules 2014 and 2016, except where modified by this Court.

10.  JBMPA has filed its Rule 2016 Disclosures of Compensation contemporaneously herewith wherein JBMPA has disclosed the sources and amounts of retainer(s) received in connection with this matter and certified that JBMPA will not share compensation with any other person who is not a member of JBMPA.

11.     The Debtor, subject to Court approval, shall be responsible for all fees and expenses incurred by JBMPA.

12.     The hourly rates for attorneys at JBMPA range from $475 to $575.  My current hourly rate for this matter has been agreed to be $550.00.  The hourly rates for the paralegals at JBMPA range from $145.00 to $165.00; and, has agreed to a rate of $150.00 per hour for this Case.

13.     No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

14.     Except as forth herein, no attorney in our firm has had or presently has any material connection with the Debtor, the Debtor's creditors, any other party in interest, or his respective attorneys and accountants, the United States Trustee (except as described in the following paragraph), or any person employed in the Office of the United States trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the

Debtor's creditors in matters unrelated to this case.

15.     Based upon a search of the firm's records as described above, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of JBMPA.


FURTHER AFFIANT SAYETH NAUGHT.

JAMES B. MILLER