

**ORDERED in the Southern District of Florida on July 26, 2022.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                    **Case No.: 22-15627-EPK**
                                                          **Chapter 11**

**AUTO WHOLESALE OF BOCA, LLC,**


          Debtor.
_____/

**INTERIM ORDER APPROVING THE EMPLOYMENT OF**
**JAMES B. MILLER AND JAMES B. MILLER P.A. AS COUNSEL FOR THE**
**DEBTORS IN POSSESSION EFFECTIVE AS OF**
**PETITION DATE AND SETTING FINAL HEARING THEREON**

This matter came before the Court upon the *Debtor's Emergency Application for (I) Approval, on an Interim and Final Basis for Employment of James B. Miller and James B. Miller, P.A. as Beneral Bankruptcy Counsel for the Debtor-in-Possession, Effective as of the Petition Date* [ECF No. 5] (the "Application") and the related affidavit of James B. Miller, Esq., (the "Affidavit") filed by DEBTOR (the "Debtor"). The Application requests entry of an order approving the Debtor's employment of James B. Miller, Esq., the law firm of Kames B. Miller, P.A., and its regular associates (the "Firm") in these chapter 11 cases.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court is authorized to

grant the relief requested in the Applications under 11 U.S.C. § 327, Fed. R. Bankr. P. 2014(a), and Local Rule 2014-1.

The Affidavit accompanying the Application makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016 and constitutes a verified statement demonstrating that the Firm is disinterested as required by 11 U.S.C. § 327.

Bankruptcy Rule 6003 states, in pertinent part: "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following: (a) an application under Rule 2014 . . . ." An application under Rule 2014 is one for approval of employment of a professional pursuant to 11 U.S.C. §§ 327, 1103, or 1114.

Artificial entities such as corporations and limited liability companies cannot represent themselves in this Court; they must be represented by counsel. Without counsel, debtors in possession would be unable to seek the Court orders they require to operate their businesses. The Court finds that withholding approval of an application for interim retention of counsel for such entities for twenty-one days would cause immediate and irreparable harm to the estate.

The Court adopts the following procedure for retention of counsel on an interim basis within the first twenty-one days following commencement of the case. The Court will enter an order approving retention of counsel on an interim basis until a final hearing can be convened, at least twenty-one days post-petition, after notice to all parties in interest and the United States Trustee. All objections to the retention of counsel will be preserved until the final hearing at which time the Court will review any such objections *de novo* and determine the merits of the Applications. This procedure complies with the requirements of Fed. R. Bankr. P. 6003. It also ensures debtors in possession are represented by counsel so that they may seek relief in this Court during the first twenty-one days after commencement of the case and until such time as a final hearing on the Applications for employment can be

convened.

Having reviewed the Application and the Affidavit, the Court hereby ORDERS and ADJUDGES:

1.      The Application [ECF No. 5] is GRANTED as provided herein.

2.      The employment by the Debtor of the Firm as general counsel in these Chapter 11 cases is APPROVED pursuant to 11 U.S.C. § 327(a), on an interim basis, pending the final hearing as set forth below.

3.      The employment of the Firm by the Debtor shall be effective as of the petition date, DATE.

4.      The Firm shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates and charges, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.

5.      The Court shall conduct a final hearing on the Applications on **September 14, 2002, at 1:30 p.m.**  The hearing will be held at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser: https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.  If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.

6.      Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Application, and any such objection will be considered

on a *de novo* basis at the Final Hearing.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### 

Copy to:

James B. Miller, Esq.

*James B. Miller, Esq. is directed to serve a copy of this order on all parties in interest and file a certificate of service with the Court.*