UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-15627-EPK CHAPTER 11

AUTO WHOLESALE OF BOCA, LLC,

Debtor.

_____/

**ARBY LIPMAN AND ARBY LIPMAN, LLC'S MOTION TO COMPEL TURNOVER OF 2020 812 SUPERFAST FERRARI AND TO ABANDON TITLE**

Arby Lipman, LLC and Arby Lipman, individually (collectively "Lipman"), request that Auto Wholesale of Boca, LLC ("AWB") be compelled to turnover the black 2020 Ferrari 812 purchased and owned by Lipman and abandon title, and state as follows:

1. Lipman was solicited by a sales representative of Karma of Palm Beach, Inc. ("Karma") to purchase a 2020 Black 812 Superfast Ferrari, VIN ZFF83CLA1L0254693, (the "Vehicle"). *See* Declaration of Arby Lipman attached as **Exhibit A**.

2. On March 18, 2022, Lipman entered into a purchase agreement with Karma to purchase of the Vehicle (the "Agreement"). The Agreement provided that there were no lienholders on the Vehicle. *Id.* at Exhibit 1.

3. Upon execution of the Agreement, Lipman wired the total purchase price of $448,000.00 to Karma. *Id.* at Exhibit 2.

4. Following Lipman's completion of his contractual obligations, title to the Vehicle was transferred to Lipman, and Lipman took possession of the Vehicle, driving it to his home on the west coast of Florida. *Id.* at Exhibit 3.

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

5.      After Lipman drove the Vehicle home, he entrusted it to Karma to transport it to Ferrari of Fort Lauderdale for routine maintenance and repair services, following which Karma agreed to return the Vehicle to Lipman. *Id.* at ¶¶ 11 and 12.

6.      Lipman later learned that a representative of AWB took the Vehicle from Ferrari of Fort Lauderdale without Lipman's or Karma's knowledge or authorization. AWB and its owner, Moshe Farache ("Farache") concealed the whereabouts of the Vehicle and made no contact with Lipman, although they knew he purchased the Vehicle. *Id* at ¶¶ 13-15.

7.      On April 20, 2022, Lipman filed a complaint in Palm Beach County Circuit Court, Case No. 50-2022-CA-003759 XXXXMB (the "State Court Action"), against AWB and Farache. See **Exhibit B** attached.

8.      On May 18, 2022, Lipman filed a Motion for Prejudgment Writ of Replevin and Order to Show Cause and Motion for Preliminary Injunction in the State Court Action (the "Replevin Motion").

9.      On July 11, 2022, an order was entered granting the Replevin Motion and providing possession of the Vehicle to Lipman during the pendency of the State Court Action. See **Exhibit C** attached.

10.      Before Lipman could obtain possession of the Vehicle, on July 22, 2022, AWB filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

11.      Despite AWB's claim to the Vehicle on its bankruptcy filings, under Florida law, Lipman is the owner of the Vehicle because it was purchased from Karma as a motor vehicle dealer as a bone fide purchaser.

2

12.     "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives the merchant power to transfer all rights of the entruster to a buyer in ordinary course of business." Fla. Stat. § 672.403(2) Further, "a purchaser of goods acquires all title which her or his transferor had or had power to transfer." Fla. Stat. § 672.403(1). It is without question that Karma, at all relevant times, was an automobile dealer, empowered to transfer rights to the Vehicle under pursuant to 672.403(2).

13.     Lipman dealt with Karma "on the basis that [it] was an automobile dealer." *Correria v. Orlando Bank & Trust Co.*, 235 So.2d 20 (Fla. 4th DCA 1970). Accordingly, once Karma sold the Vehicle to Lipman, AWB's purported interest in the Vehicle was extinguished. *Id.* at 23-24; s*ee also Milnes v. Gen. Elec. Credit Corp.,* 377 So. 2d 725, 726 (Fla. 3d DCA 1979) (applying Section 672.403(2) and holding that upon purchase from a motor vehicle dealer, "good title to the motor vehicle is conveyed to the buyer in the ordinary course of business free of the prior lien on the vehicle."); *In re Aquamarine USA Inc*., 319 B.R. 270, 272 (Bankr. M.D. Fla. 2004)("Section 672.403(2) has been applied in motor vehicle cases where the owners of motor vehicles have entrusted the vehicles with dealers. These cases hold that if the owner of a motor vehicle entrusts it with a dealer who deals in the sale of motor vehicles, that dealer has the power to pass on valid title to a buyer in the ordinary course of business even though a title certificate is retained by the original owner."). [1]

---

[1] To the extent AWB claims that its interest in the Vehicle is due to a loan it provided to AWB, it is immaterial to the analysis. Like Lipman, the purchaser in *Correria* was unaware of a lending arrangement between the lender and the automobile dealer. As in this case, there was nothing to "put [the buyer] on notice that something was unusual about the sale of this car . . . or that a third party had some interest in" the Vehicle. *Id*. at 23. The *Correria* court invoked "[t]he guiding principle" to "protect persons who buy in the ordinary course out of inventory." *Id*. As a result, the *Correria* Court held that the car dealer, "did exactly what was expected of him by the bank, *i.e.*, he sold a car to a buyer (the plaintiff, Mr. Correria) in the ordinary course of business out of an inventory of goods in which kind [the dealer] dealt. **Any security interest of the bank is thereafter cut off**." (emphasis added)

3

14.   Lipman is the legal owner of the Vehicle, and it should be turned over to Lipman immediately.

15.   Additionally, though Lipman is the title holder of the Vehicle, title is currently listed as "Cancelled" by the Florida Department of Highway Safety and Motor Vehicles (the "DHSMV").

16.   Though it is unclear whether title to the Vehicle is an asset of the Estate, AWB has claimed that it holds title to the Vehicle.

17.   Lipman requests that the Court issue an abandonment order authorizing law enforcement and the DHSMV to remove any holds on the title so as to allow for the cancellation of the title interest of AWB.

18.   Florida law provides that Lipman holds title to the Vehicle by virtue of the purchase from Karma. *See, e.g., Stroman v. Orlando Bank & Tr. Co.*, 239 So. 2d 621, 623 (Fla 4th DCA 1970) ("This statute, however, does not prevent passage of a valid title to a purchaser from a dealer where the purchaser has received possession of the vehicle and in good faith relies on the dealer to perform his statutory duty to secure a proper title certificate in the purchaser's name."); see also, *Fla. Dep't of Corr. v. Blount Pontiac-GMC, Inc.,* 411 So. 2d 930, 932 (Fla. 1st DCA 1982) ("In other words, Section 319.22(1) provides that a purchaser shall not acquire a "marketable" title until the certificate of title is issued to him; however, it does not prevent valid title from being passed."); *Motor Credit Corp. v. Woolverton*, 99 So. 2d 286, 290 (Fla. 1957) ("…the failure of the purchaser to obtain the title certificate at the time of sale does not prevent the passage of title from the seller to the buyer.").

19.   The nature of the Vehicle is such that each transfer of title may affect the value, and given that AWB should not have held the title to the Vehicle, and abandonment is appropriate,

4

avoidance and cancellation of the current title is the appropriate remedy to achieve the intent of abandonment. *See In re Sunbum5 Enterprises, LLC*, 2011 WL 4529648, 6:10-cv-1268 (M.D. Fla. Sept. 30, 2011) at *8.

WHEREFORE, Lipman respectfully requests this Court enter an Order directing AWB to turn over the Vehicle to Lipman, abandon Title to the Vehicle, authorizing law enforcement and the DHMSV to issue a new title to Lipman and awarding such other relief as may be just.

**MAURO LAW P.A.**

/s/  C. Cory Mauro
C. Cory Mauro
Florida Bar No.:  384739
Evan D. Appell
Florida Bar No.:  58146
1001 Yamato Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 202-1922
cory@maurolawfirm.com
service@maurolawfirm.com
evan@maurolawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

/s/  C. Cory Mauro
C. Cory Mauro