UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

      Debtor.                                                                Chapter 11
                                                                                    Subchapter V

_____/

**AGREED *EX PARTE* MOTION (I) TO TREAT HEARINGS
ON MOTION FOR STAY RELIEF AND MOTION TO DISMISS
AS A STATUS CONFERENCE, AND (II) TO REFER MATTER
TO JUDICIAL SETTLEMENT CONFERENCE**

Franklin Capital Fund, LLC ("Franklin"), pursuant to Local Rule 9019-2, respectfully requests that the Court: (1) treat upcoming hearings to consider stay relief and dismissal of this case as a status conference, and (2) refer certain parties to a judicial settlement conference as set forth *infra*.  In support of this request the Franklin states:

1.      Auto Wholesale of Boca, LLC (the "Debtor") filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code on July 22, 2022.

2.      The Debtor is in possession of a number of luxury automobiles that it claims are property of the estate.  By contrast, various creditors including: (a) Franklin, (b) FVP Investments, LLC, FVP Opportunity Fund III, LP and FVP Servicing, LLC (together, "FVP"), and (c) Hi Bar Capital, LLC ("Hi Bar") allege that the automobiles were converted by, fraudulently transferred to or otherwise wrongfully obtained by the Debtor and/or are subject to liens and security interests. (Additionally, to the extent security interests attach to the automobiles, Franklin, FVP and Hi Bar dispute the priority of the interests; however, these inter-creditor disputes are not currently the subject of the pending motions and adversary proceeding described below, and FVP and Hi Bar have not consented to those inter-creditor disputes being adjudicated in this Court.)

{2425/000/00543586}

1

3.      These disputes have resulted in substantial litigation between the parties.  For example, Hi Bar filed a prepetition replevin and personal property foreclosure case in the Circuit Court of Broward County, Florida, *Hi Bar Capital, LLC v. Karma of Palm Beach, Inc., et. al.*, Case No. CACE-22-006401, which was consolidated with a similar action, *FVP Opportunity Fund III, LP, FVP Investments LLC, and FVP Services, LLC* v. *Excell Auto Group, Inc., et. al.*, Case No. CACE-22-5125.  Postpetition, FVP also filed an adversary proceeding in this Court, Adv. Proc. No. 22-01218-EPK, to *inter alia* to determine the validity and extent of liens and interests in the subject automobiles.[1]

4.      Hi Bar has filed motions for stay relief to prosecute its state court replevin action and to dismiss (joined in by FVP) this bankruptcy case altogether (together, the "Motions").  ECF Nos. 33, 34 and 48.  The Motions are currently scheduled for hearing on August 24, 2022 (the "Hearings").  ECF Nos. 40 and 81.

5.      Litigating the various issues that have arisen between the parties will consume substantial time and resources, whether the issues are litigated in this Court or state court.  In light of this dynamic, and in effort to reduce administrative expenses and attorney's fees, the Debtor, Franklin, FVP and Hi Bar have agreed (subject to the approval of the Court): (a) to treat the Hearings as a status conference; (b) to attend a judicial settlement conference on or before September 30, 2022, or, if no bankruptcy judge is available prior to that date, on the next available date; (c) to extend any response time to the Motions through a period seven (7) days prior to any reset hearing thereon, and (d) that the automatic stay shall remain in effect pending a final ruling by order of this Court on said Motions, without prejudice to the rights of Franklin, FVP and Hi Bar if the current protections for the subject vehicles change.

---

[1]      Franklin intends to file a motion to intervene in the adversary proceeding.

{2425/000/00543586}

2

6.      This agreed motion, any order hereon, also is without prejudice to the ability of the parties to engage in discovery with regard to the adversary proceeding and the Motions consistent with the discovery schedule and trial dates to be determined by court at the status conference.

7.      Local Rule 9019-2(b)(1) provides that "[t]he Court may order the assignment of a matter or proceeding to mediation at a pretrial conference or other hearing, upon the request of any party in interest or the U.S. Trustee, or upon the court's own motion," and Local Rule 9019-2(c)(1) states that "any civil action, adversary proceeding or contested matter may be referred by the Court to mediation providing that the matter, proceeding, or case has not previously been a subject of mediation in this Court."   As such, the Court may refer this matter to a judicial settlement conference.

8.      The undersigned avers that counsel for the Debtor, FVP and Hi Bar consent to the relief requested herein.

9.      A proposed order granting this motion shall be uploaded to the Court.

[Remainder of Page Intentionally Left Blank]

{2425/000/00543586}

**WHEREFORE**, Franklin, by agreement with the above-referenced parties, respectfully requests that this Court enter an order: (a) stating that the Hearings shall be deemed a status conference, including to discuss a discovery schedule and trial dates, (b) referring the disputes referenced *supra* to a judicial settlement conference under the terms and conditions set forth hereinabove; and (c) granting such other and further relief as this Court may deem just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on August 22, 2022.

Respectfully submitted,

**SHRAIBERG PAGE, P.A.**
Attorneys for Franklin
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
pdorsey@slp.law

By:  /s/ Patrick Dorsey
      Patrick Dorsey, Esq.
      Florida Bar. No. 0085841

{2425/000/00543586}

4