UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,          Case No.: 22- 15627-EPK
                                      Chapter 11 Subchapter V

          Debtor-in-Possession.          /

## DEBTOR'S RESPONSE TO ARBY LIPMAN AND ARBY LIPMAN, LLC's MOTION TO COMPEL TURNOVER OF 2020 SUPERFAST FERRARI AND TO ABANDON TITLE

Comes Now, the Debtor-in-Possession, Auto Wholesale of Boca, LLC ("Debtor", "AWB" or "DIP"), by and through undersigned counsel and files and serves this instant *Debtor's Response To Arby Lipman And Arby Lipman, LLC's Motion To Compel Tunover Of 2020 Superfast Ferrari And To Abandon Title* in response to the *To Arby Lipman And Arby Lipman, LLC's Motion To Compel Tunover Of 2020 Superfast Ferrari And To Abandon Title* [ECF No. 72] (the "*Lipman Motion*") filed by Arby Lipman and Arby Lipman LLC (collectively, "Lipman") and states the following –

### I.      PRELIMINARY STATEMENT

1.  The Debtor is a "Debtor-in-Possession" under Title 11, Subchapter V, of the United States Code by virtue of having filed its *Petition* [Parent ECF #1] on July 22nd, 2022, seeking to reorganize itself under the Bankruptcy Code.

2.  As touched upon in the DIP's *Verified Chapter 11 Case Management Summary* [Parent ECF #7] ("Case Management Summary"), the DIP sought relief in bankruptcy based upon the fact that the Debtor had been defrauded out of millions of dollars in assets and monies by other entities and their operators, *i.e.* – Excell Auto Group, Inc. ("Excell"), Karma of Palm Beach ("KPB") and Karma of Broward ("KB") (KPB and KB are collectively "Karma"), operated and owned primarily by Scott and Kristen Zankl (the "Zankls")

3. This fraud by the Zankls and their entities apparently included the unauthorized repeated reselling and financing of automobiles owned by Debtor and/or liened by Debtor.

4. Shortly after AWB was able to recover some of its property from the Zankls, the Zankls filed bankruptcy for Excell under Chapter 7 in Case No. 22-12790-EPK ("Excell Bankruptcy").

5. The Zankls have falsely led various lenders of Karma, and even Excell, to pursue AWB's automobiles and inventory, as well as other interested parties.

## II.   RELEVANT FACTS

6. On March 9, 2022, Richard Scot Greenberg ("Greenberg") purportedly sold a certain 2020 Ferrari 812 Superfast ("Ferrari 812") with VIN No. xxx4693 to KPB. *See* Exhibit "A" hereto (the endorsed Title and Motor Vehicle Power of Attorney – endorsed by Greenberg).

7. Simultaneously KPB, *via* Scott Zankl, offered said vehicle to Debtor for the sum of $425,000.00 and Debtor immediately wired the sum of $425,000.00 to KPB that even date in exchange for the purchase of the Ferrari 812.

8. Upon Debtor's wiring the $425,000.00 purchase price (Exhibit "B" hereto) to KPB, Debtor took physical possession of the Ferrari 812 and also received the endorsed Title and Motor Vehicle Power of Attorney (Exhibit "A"), along with a Bill of Sale (Exhibit "C" hereto).

9. The Debtor's conducted inventory between March 10, 2022 and March 15, 2022 reflected that the Ferrari 812 was still in its possession at 1001 Clint Moore.

10. In the interim, on or about March 28th, 2022, Debtor had applied for a Florida-issued Title to the vehicle and the Title was issued in its name on March 31, 2022 (*see* Exhibit "D" hereto). Lipman does not have nor has he ever had title to the Ferrari 812.

11. The Ferrari 812 had been transported to Ferrari of Ft. Lauderdale for warranty work.

12. Debtor has no reason to believe Lipman took possession of the vehicle.

13. In April 2022, Debtor was advised by Greenberg that Greenberg was asserting that Greenberg had an interest in the Ferrari 812 and had reported the vehicle as stolen to his insurance company, as he (Greenberg)[1] indicated that he never authorized the sale of the Ferrari 812 by Zankl.  Debtor is unaware of the outcome in that regard.

14. Lipman also filed suit to recover the Ferrari 812 in a Broward Court Case and obtained a Replevin Order directing the posting of a bond for double the value of the Ferrari 812 – which Lipman never posted.

15.  If, in fact, Lipman purchased, as a consumer, the Ferrari 812 for $448,000.00 and, as indicated, Debtor also remitted $425,000.00 to KPB, Zankl and KPB wrongfully profited $873,000.00 while never paying Greenberg for the vehicle, and otherwise defrauded several people.

WHEREFORE, Debtor requests that the Court continue this Hearing so Lipman gives proper notice to Greenberg, and, to the extent any relief is granted in favor of Lipman, the Court limit the same to ensure that the Debtor does not get exposed to potential litigation with the other parties-in-interest asserting claims to or in said Vehicle, and for such other and further relief which is equitable and just.

Respectfully submitted on August 29th, 2022.

JAMES B. MILLER, P.A.
**Interim Counsel for Debtor-in-Possession**
19 West Flagler St., Suite 416
Miami, Florida 33130
T. 305.374.0200
F.  305.374.0250
EMAIL: BKCMIAMI@GMAIL.COM

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164

---

[1] The *Lipman Motion* does not indicate service of the same upon Mr. Greenberg, nor does the Certificate of Service [ECF No. 76] of the Notice of Hearing [ECF No. 74] reflect service upon Greenberg.  Greenberg has been named in the Debtor's Schedules and is on the Court's service matrix.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading, with all attachments, was served *via* CM/ECF simultaneously with the filing of the same with the Court this even date upon all parties-in-interest of record who are registered to receive such pleading and filings before this Court, and *via* U.S. Mail upon Mr. Richard Greenberg, 7120 Lionshead Lane, Boca Raton, FL 33496-5937.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164