UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,               Case No.: 22- 15627-EPK
                                                                          Chapter 11 Subchapter V

        Debtor-in-Possession.            /

**DEBTOR'S STATUS CONFERENCE REPORT**
**PURSUANT TO 11 U.S.C. SECTION 1188(c)**

Comes Now, the Debtor-in-Possession, Auto Wholesale of Boca, LLC ("Debtor", "AWB" or "DIP"), by and through undersigned counsel and files and serves this instant *Debtor's Status Conference Report Pursuant To 11 U.S.C. Section 1188(c)*, and per this Court's *Order Setting Subchapter V Status Conference, Claims Bar Date, And Deadline For Election Under 11 U.S.C. Sect. 1111(b)* [ECF No. 24], and states –

1.  The Debtor is a "Debtor-in-Possession" under Title 11, Subchapter V, of the United States Code by virtue of having filed its *Petition* [Parent ECF #1] on July 22nd, 2022, seeking to reorganize itself under the Bankruptcy Code.

2.  Debtor was incorporated in the State of Florida on September 20th, 2012, and is a family-owned enterprise, and is operated by said family, the Faraches.

3.  Debtor is licensed by the State of Florida as an automobile dealer, and primarily buys and sells high-end luxury automobiles for profit as a wholesaler.

4.  Over the years, while operating, Debtor, as is customary in the business of automobile sales, would primarily purchase and re-sell high-end luxury automobiles between other automobile dealers, *i.e.* – a wholesaler.

5.  During Debtor's operations, it also dealt with Scott Zankl ("Zankl") and his affiliated entities, Excell Auto Group ("Excell"), Karma of Broward ("KB" and Karma of Palm Beach ("KPB") in buying cars from these entities.

6.  At some point in time, unbeknownst to Debtor, Zankl started to borrow funds in the names of Excell, KPB and KB from various third parties post-Covid19, all the while continuing to sell cars to Debtor.

7. Apparently, among the lenders to KPB and KB were: FVP Opportunity Fund III, LP and FVP Investments, LLC (collectively, "FVP"); Spin Capital, LLC ("Spin"); Hi Bar Capital, LLC ("Hi Bar"); and, Franklin Capital ("Franklin").

8. The purpose of this report is to inform the Court, Trustee, creditors and all interested parties as to the efforts the Debtor has undertaken and will undertake to attain a consensual plan of reorganization.

9. The initial efforts of the Debtor to attain a consensual plan of reorganization have focused upon ensuring all obligations in regard to the US Trustee requirements are successfully completed and discussing the Case and reorganization with the Sub V Trustee appointed to this Case, Linda Marie Leali.

10. The discussions have included the general financial status of the Debtor, its industry, the reasons for filing Chapter 11 (Subchapter V), the assets of the Debtor and the debt structure of the Debtor, including potential resolution of adverse claimants and purported lien holders to the various automobiles and titles owned by Debtor and the treatment of such creditors.

11. The disputes among FVP, Hi Bar and Franklin *viz-a-viz* the Debtor and Debtor's automobiles and titles are currently scheduled for a mandatory judicial settlement conference with his Honor, Judge Peter Russin on or about September 21st, 2022. *See* ECF No. 105.

12. In the interim, Hi Bar has continued to seek to prosecute its *Motion to Dismiss* [ECF No. 34] and *Motion for Stay Relief* [ECF No. 33],[1] which are set for Status Conference on September 14th, 2022; and, both Hi Bar and FVP are seeking to prosecute another amended complaint (third) recently filed in Adv. Proc. No. 22-01218-EPK ("Adv. Proc.") against Debtor and a newly added co-defendant, Edward Brown, although not adding Franklin as a co-defendant.[2]

---

[1] *See also* ECF No. 48, *Joinder* by FVP in *Motion for Stay Relief* [ECF No. 33].

[2] Franklin has appeared at every hearing in this Parent Case and the Adversary Proceeding, and both Hi Bar and FVP are aware that Franklin asserts a superior lien interest in the automobiles *viz-a-viz* Hi Bar and FVP.

13. There remains outstanding discovery due from FVP in the Adv. Proc. issued by Debtor; and, FVP has only recently served a discovery packet upon Debtor in the Adv. Proc.

14. In the interim, Debtor has already attended its IDI as conducted by the Office of the United States Trustee, and has otherwise appeared at the duly-noticed Section 341 Meeting of Creditors – which was concluded on August 31st, 2022.

15. The Debtor has also: a) filed its first monthly operating report [*see* ECF No.95]; b) closed its pre-petition bank accounts, and consolidated all funds into the DIP Account; c) has obtained court approval for post-petition financing of its two (2) insurance policies [*see* ECF No. 59]; d) employed, on an interim basis, undersigned bankruptcy counsel [see ECF No. 26]; and, d) has otherwise complied with its obligations thus far under the Code and as otherwise directed by this Court, per orders.

16. Non-exclusive examples of compliance with Court orders are: a) the continued payment and maintenance of insurance per ECF No. 59; b) compliance with the Court's order(s) barring the sale, unless authorized by the Court, of the inventory on hand on the Petition Date [*see* ECF No. 50 and Adv. Proc. ECF No. 7]; and, turnover and/or abandonment of various automobiles/titles to consumers per Court orders [*see* ECF No.'s 73, 79 and 83].

17. In the interim, both FVP and Hi Bar continue to litigate in this Case and the Adv. Proc. through motion practice.

18. Despite such litigation by FVP and Hi Bar, the Debtor is hopeful this matter should settle when all parties are brought into the judicial settlement conference and better understand their positions *viz-a-viz* the various automobiles and titles in this Case.

19. The Debtor has also had several discussions with Hi Bar, FVP and Franklin, with the assistance of the Subchapter V Trustee to try and come to an agreed-upon sale of these subject vehicles so as to reduce the risk of loss,

reduce depreciation expenses, and the associated expenses of maintaining them.

20. Unfortunately, no agreement has been arrived at as of yet, and Debtor anticipates filing its own motion to seek relief to allow for the sale of these vehicles and is preparing same.

21. Debtor has had no difficulties with regards to any of the other creditors in this Case, other than Hi Bar and FVP; and, has worked out consensual orders relating to consumer buyers.

22. Should the Hi Bar and FVP matters not settle, the Debtor fully intends to challenge their purported interests and seek appropriate relief from this Court.

23. It is anticipated that a plan will be timely submitted within the 90-day period.

24. The Debtor expects to file a plan by the deadline.

25. Debtor is working on its projections, exploring options and is committed to a reorganization.

26. The Debtor will be continuing its efforts in regard to a consensual plan during that time period and subsequent to the filing of such Plan.

Respectfully submitted on August 31st, 2022.

JAMES B. MILLER, P.A.
***Interim Counsel for Debtor-in-Possession***
19 West Flagler St., Suite 416
Miami, Florida 33130
T. 305.374.0200
F.  305.374.0250
EMAIL: BKCMIAMI@GMAIL.COM

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this pleading was served *via* CM/ECF simultaneously with the filing of the same with the Court on this even date upon all parties-in-interest of record in said Bankruptcy Case and who are registered with the Court for such service; and via United States Mail, first-class postage prepaid, upon those named on the attached Service List this same date, August 31st, 2022.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164