**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**            **CASE NO. 22-15627-EPK**

    Debtor.            Chapter 11

_____/

**RESPONSE TO DEREK STEPHENS' MOTION TO COMPEL TURNOVER**
**OF 2013 FERRARI AND TO ABANDON TITLE**
**AND**
**REQUEST FOR ORDER TO SHOW CAUSE UNDER FED. R. BANKR. P. 9011**

COMES NOW, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively, the "Adversary Plaintiffs") and hereby respond to Derek Stephens Motion for Turnover and Abandonment of a 2013 Ferrari 458 Spider, ZFF68NHA8D0191526, (the "Ferrari 1526") [ECF. 105] (the "Motion").

It is respectfully suggested that Mr. Stephens is no more entitled to the Ferrari 1526 than is the Debtor. Further, the Adversary Plaintiffs hereby give notice that they will seek sanctions under Fed. R. Bankr. P. 9011(b) for the requirement of responding to Mr. Stephens' Motion.

In support of this response, it is asserted as follows:

A. THE FERRARI 1526 AND LAMBO 8239 TRANSACTIONS WITH KARMA OF PALM BEACH, INC.

1. Mr. Stephens purchased the Ferrari 1526 from Karma of Palm Beach, Inc., (Karma of PB) on March 12, 2021. (attached hereto and incorporated herein as

**Exhibit A).**

2.  On or about March 2022, Mr. Stephens went to the Karma of PB facility and advised representatives that he wanted to sell the Ferrari 1526. Karma of PB agreed and a consignment agreement was entered into. (attached hereto and incorporated herein as **Exhibit B**). The consignment agreement states: "Consignor also warrants said vehicle to be held by a good marketable title, which Consignor will freely reassign to Dealer upon purchase or sale of said vehicle;" (emphasis supplied) and further states that Mr. Stephens would receive the net sum from the sale of the vehicle which was agreed to be sold for no less than $230,000.00.

3.  Virtually immediately after entering the consignment agreement t, Mr. Stephens observed a White 2017 Lamborghini Huracan VIN  ZHWUR2ZF9HLA08239, (Lambo 8239) that was love at first sight and that Mr. Stephens strongly expressed that he had to have before *that coming weekend.* As March 11, 2022, was a Friday, he made clear that he wanted to drive the Lambo 8239 off the lot *that day* and was willing to take whatever steps were necessary to make that happen.

4.  To that end, on March 11, 2022, the consignment agreement, which was dated the same day factually never took effect and was superseded with the written agreement between Mr. Stephens and Karma of PB that he would instead *trade* the Ferrari 1526, worth the agreed sum of $230,000.00, toward the Lambo

8239 which was being sold for $250,000.00. The transaction therefore requiring the trade and transfer of the Ferrari 1526 and an additional payment of $22,337.88 (the difference plus tax and fees) (attached hereto and incorporated herein as **Exhibit C**).

5.   Although, Mr. Stephens wanted the Lambo 8239 *immediately,* he was advised that Karma of PB, was unwilling to give him the $230,000.00 trade value of the Ferrari 1526 until; *both* title to the Ferrari 1526 was transferred to Karma of PB, *and* a buyer was located to purchase the car, which Mr. Stephens was told, would take several days. Karma of PB did not want to undertake the transaction with the risk of not realizing the hoped for $230,000.00 for the sale of the Ferrari 1526 taken in trade for the $250,000.00 Lambo 8239 .

6.   In response, and to get the coveted Lambo 8239 *that day*, Mr. Stephens offered to the management at Karma of PB, that he would transfer title to the Ferrari 1526 immediately to Karma of PB, *and* wire the full $250,000.00 purchase price of the Lambo 8239 to Karma of PB, *and* pay the additional payment of $22,337.88 for a total of $272,337.88, if Mr. Stephens could drive off with the Lambo 8239 that day. The agreement being that although Mr. Stephens was paying more than the purchase price of the Lambo 8239, Karma of PB would have the title to the Ferrari 1526, plus the price difference and Karma of PB would then pay him back the $250,000.00 he was paying that day (March 11, 2022) when the Ferrari 1526 was sold. Karma of PB accepted as Mr. Stephens removed the risk to Karma of PB to undertake the transaction.

7. Mr. Stephens and Karma of PB therefore agreed that title to the Ferrari 1526 would immediately be transferred to Karma of PB, the full $250,000.00 purchase price for the Lambo 8239 would be paid that day, plus the additional payment of $22,337.88 for a total of $272,337.88 that would be transferred to Karma of PB. Then, when the Ferrari 1526 was sold from Karma of PB inventory, the sum of $250,000.00 would be paid to Mr. Stephens from the proceeds of the sale of the Ferrari 1526 to a future buyer.

8. And that is exactly what happened.

9. On March 11, 2022, Mr. Stephens transferred the title of the Ferrari 1526 to Karma of PB (attached hereto and incorporated herein as **Exhibit D**).

10. On March 11, 2022, Mr. Stephens wired the sum of $250,000.00 to Karma of PB (attached hereto and incorporated herein as **Exhibit E**).

11. On March 15, 2022, Mr. Stephens wired the sum of $22,337.88 to Karma of PB. See **Exhibit E**.

12. Pursuant to the agreement between Mr. Stephens and Karma of PB, the sum of $250,000.00 was, and remains, owed to Mr. Stephens upon the sale of the Ferrari 1526 that was transferred to the inventory of Karma of PB on March 11, 2022.

13. Therefore, the Ferrari 1526 was then, and remains now, the inventory property of Karma of PB, and therefore the collateral of the Adversary Plaintiffs loan and security agreements. The Adversary Plaintiffs seek the recovery of this vehicle

in the Adversary Action along with the rest of the Adversary Plaintiffs luxury automobile collateral taken by the Debtor.

14.   The Adversary Plaintiffs suggest that the motion of Mr. Stephens in which he filed of record and relied on a single document *that he knew was never in force and effect*; and conveniently left out the agreement *he personally signed and entered into* reflected in **Exhibit C,** and supported by **Exhibits D and E**, which were certainly in his possession, were intentionally misleading and subject Mr. Stephens to sanctions under Fed. R. Bankr. P. 9011.

B.   MOSHE FARACHE, FOR THE  DEBTOR, UNLAWFULLY TOOK THE FERRARI 1526 ALONG WITH NUMEROUS OTHER CARS ON APRIL 1, 2022 AND THEN CREATED THE SAME FALSE PAPERWORK FOR FERRARI 1526 AS WAS CREATED FOR THE REST OF THE VEHICLES UNLAWFULLY TAKEN.

15.   The misrepresentations by Mr. Stephens in his filing in seeking to take possession of the Ferrari 1526 by asserting a single document that he knew was immediately abandoned to pursue a different transaction and never operative highlights the depth and breadth of the misrepresentations and unlawful actions of the Debtor in this case – several of which, thankfully, have already been remedied by this Honorable Court. [1]

16.   As has been brought to the attention of this Court in both the filings in this and

---

[1] This court  has already ordered cars or titles removed from the wrongful possession of the Debtor. See [D. E. 73, 79, 83, 131]. In sum, the motion filed by Mr. Stephens is wholly misleading, improper and sanctionable, but compared to the Debtor's misrepresentations and unlawful actions, it pales in comparison.

the adversary action, it is suggested that the Debtor acted illegally in taking numerous vehicles, and the Ferrari 1526 being one of them.

17. On April 1, 2022, Moshe Farache, either individually or for the debtor, took over thirty (30) vehicles from the Karma lots that are sought by the Adversary Plaintiffs as the Adversary Plaintiffs collateral in the companion adversary action.

18. On April 1, 2022, after physically taking the vehicles, Moshe Farache *personally* directed Kristen Zankl to hand over the titles to the Karma of PB inventory in her possession both to the cars that he already unlawfully seized and other cars that were already delivered to the buyers.

19. At the same time, assumedly to somehow legitimize the unlawful taking, Moshe Farache demanded that Kristen Zankl execute a document that included the Ferrari 1526 that he had already taken the previous day and now had the title. (attached hereto and incorporated herein as **Exhibit F**).

20. As is seen in **Exhibit F**, Moshe Farache, took nine titles as "collateral for the (undefined) loan amount", which included the title to the Ferrari 1526 which was delivered to Mr. Farache as "collateral".

21. The very next day, April 2, 2022, Mr. Farache doubled down, and directed that false paperwork be created to falsely show that the Debtor AWB was no longer holding Ferrari 1526 as "collateral" but the Debtor was now ***purchasing*** the Ferrari 1526 for $230,000.00 from Karma of PB, (attached hereto and

incorporated herein as **Exhibit G**).

22. The imaginary "purchase transaction" paperwork in **Exhibit G** was a complete fabrication for the sole purpose of attempting to legitimize Moshe Farache's unlawful taking of the Ferrari 1526 along with over thirty other vehicles.

23. To be very clear, the Debtor never purchased Ferrari 1526 or paid $230,000.00, or any amount to Karma of PB for Ferrari 1526 on April 2, 2022 or at any other time. Ferrari 1526 was then, and remains now, the inventory of Karma of Palm Beach, Inc., and subject to the security interests, liens and claims of the FVP Adversary Plaintiffs.

24. In sum, the Ferrari 1526 was Karma of PB inventory on April 1, 2022 that was simply taken by Mr. Farache which he then labeled as "collateral" above his signature on April 1, 2022 (**Exhibit F**) and then doubled down with a more blatant fraud the following day with the false "purchase". *See* **Exhibit G.**

25. That said, the fact that the Debtor committed fraud does not allow Mr. Stephens to do the same.

C. <u>DEREK STEPHENS HAS NO LEGITIMATE CLAIM TO THE FERRARI 1526 THAT HE TRADED FOR THE LAMBO 8239 ON MARCH 11, 2022. HE IS OWED $250,000.00 FROM KARMA OF PB UPON THE SALE OF THE FERRARI 1526 BY KARMA OF PB, IF OR WHEN, THAT SALE OCCURS. THE DEBTOR'S FRAUD AND CONVERSION OF FERRARI 1526 DOES NOT ENTITLE DEREK STEPHENS TO THAT WHICH HE IS NOT ENTITLED AND TO PERPETRATE HIS OWN FRAUD.</u>

26. Mr. Stephens has no legitimate claim to ownership of Ferrari 1526, which is the condition precedent to his motion.

27. The documents filed of record make clear that on March 11, 2022, Mr. Stephens traded the Ferrari 1526 to Karma of PB for the Lambo 8239, transferred title of the Ferrari 1526 to Karma of PB and then transferred funds to cover both the purchase price of the Lambo 8239 and the price difference *by agreement* so he could take immediate possession of the Lambo 8239 and be repaid the $250,000.00 he paid Karma of PB to drive the car off the lot. That payment coming at a future date when the vehicle was sold. [2]

28. The transfer of title to the Ferrari 1526 on March 11, 2022 to Karma of PB together with the bank records showing both the transfer of $250,000.00 on March 11, 2022 and the difference of $22,337.88 on March 15, 2022, (See **Exhibit C**, and **Exhibit E**), lead to no other conclusion.

29. The transfer of the $22,337.88 on March 15, 2022 defined in **Exhibit C**, and shown as transferred in **Exhibit E** is the fatal blow to any argument that Mr. Stephens was a *consignor* in good faith.

30. If this was an actual consignment, Mr. Stephens would have paid the $250,000.00, which was the full price for the Lambo 8239, and kept the title to the Ferrari 1526 per the terms of the consignment agreement.  By both transferring title and paying the amount due on the difference of the trade in,

---

[2] Mr. Stephens would appear to have claims in tort for damages for tortious interference against any entity or person that interfered with his agreement with Karma of Palm Beach, Inc. by unlawfully removing that vehicle. But what he does not have is a claim to ownership based on his "consignment agreement".

there is no explanation other than the Ferrari 1526 was transferred to Karma of PB as a *trade in* with the promise by Karma of PB to pay exactly *$250,000.00* to Mr. Stephens at a future date. Critically, $250,000.00 *was never the price of the Ferrari 1526* so, the agreement was not, and could not be, a consignment by definition.

31. The Adversary Plaintiffs would ask the Court to note that the FVP Adversary Plaintiffs have yet to dispute any claim by a lawful buyer in the ordinary course of the Karma entities inventory that have sought judicial relief for the unlawful acts of the Debtor. But this is not such a case.

32. Although the FVP Plaintiffs agree that Mr. Stephens is yet another victim of the illegal acts of Moshe Farache that occurred on or about April 1, 2022; that does not excuse the intentional misrepresentation of the facts and sleight of hand with documents in Mr. Stephens motion filed of record.

33. Accordingly, the FVP Adversary Plaintiffs request the court deny the relief requested by Mr. Stephens and issue a show cause order for sanctions.

Conclusion and Requested Relief:

It is requested that this Honorable Court deny the requested relief and permit the Adversary Plaintiffs to pursue their claims against the Debtor and Ferrari 1526 in the adversary action.

In the event that this Honorable Court finds that the turnover of Ferrari 1526 is appropriate over the objections of the Adversary Plaintiffs, it is requested that the turnover

be stayed for a period of 15 days to permit the Adversary Plaintiffs time to file the appropriate action in replevin to seize and recover their collateral in the appropriate forum.

<u>Request for Show Cause Order Under Rule 9011(c)(1((B)</u>

The Adversary Plaintiffs have reserved their rights to seek sanctions under Fed. R. Bankr. P. 9011. However, due to the timing of the filing of the motion and hearing date, the Adversary Plaintiffs do not have sufficient time to serve the movant with a safe harbor notice under Under Fed. R. Bankr. P. 9011(c)(1(A). Therefore, the Adversary Plaintiffs seek that this Honorable Court invoke Fed. R. Bankr. P. 9011(c)(1)(B).

The purpose of Fed. R. Civ. P. 11 is to "deter baseless filings in district court.". Rule 11 is designed to "reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions." Because Rule 9011 is substantially identical to Rule 11, Bankruptcy Courts addressing Rule 9011 often turn to authority developed under Rule 11.

Under Fed. R. Bankr. P. 9011(c)(1)(B), "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) [3] and

---

[3] Fed. R. Bankr. P. 9011(c)(1)(B):

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

directing an attorney, law firm, or party to show cause why it has not violated subdivision

(b) with respect thereto."

The Adversary Plaintiffs respectfully request that this Honorable Court invoke Fed.

R. Bankr. P. 9011(c)(1)(B) and order the movant to show cause why Fed. R. Bankr. P.

9011(b) has not been violated and order the payment of attorney's fees and costs for the

requirement of defending this motion under Fed. R. Bankr. P. 9011(c)(2).

Dated: September 24, 2022

For the FVP Plaintiffs

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com<br><br>By:    s/ Jerrell Breslin, Esq.<br>       Jerrell Breslin, Esq.<br>        Fla Bar No: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>10200 NW 25th Street, Suite 111<br>Doral, FL 33172<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com | |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that; I electronically filed the foregoing was served via Email

electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter 5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com, upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com, upon Karma or Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com, upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com, and upon Hi Bar by serving Mark Wolfson, Esq. at MWolfson@foley.com.

/ s/ Jerrell Breslin
Jerrell Breslin, Esq.

# EXHIBIT A

**Exhibit A**

# PURCHASE AGREEMENT

# K A R M A | PALM BEACH

A SUBSIDIARY OF *Ea* EXCELL AUTO GROUP



**1001 CLINT MOORE RD. STE 103 BOCA RATON, FL 33487**

**OFFICE 561.998.5557  FAX 561.998.4703**

SALES PERSON: JONATHAN MARTIN                          DATE: 3 / 12 / 2021

| | |
|---|---|
| BUYER DEREK CLAYTON STEPHENS | DRIVER'S LICENSE NO. |
| E-MAIL | DATE OF BIRTH 01/19/1966 |
| ADDRESS 1263 28TH AVENUE NORTH | CITY & STATE NAPLES      FL   ZIP 34103 |
| CO-BUYER | DRIVER'S LICENSE NO. |
| E-MAIL | DATE OF BIRTH |
| ADDRESS | CITY & STATE                 ZIP |

HOME PHONE_____ BUSINESS PHONE_____ CELL PHONE_____

NEW ☐   YEAR 2013   MAKE FERRARI   MODEL 458 ITALIA   MILEAGE 9,845

USED X ☒   COLOR BLACK   TRIM N/A   BODY TYPE 2DR CONV

☐  ID NO. ZFF68NHA8D0191526                          STOCK NO. 191526

| TRADE-IN DESCRIPTION NO. 1 | STOCK NO. |
|---|---|
| YEAR    MAKE | COLOR |
| MODEL | BODY TYPE |
| I.D. NO. | MILEAGE |
| BALANCED OWED TO | |
| EST. AMT. OWED | ALLOW AMT. |
| TRADE-IN DESCRIPTION NO. 2 | STOCK NO. |
| YEAR    MAKE | COLOR |
| MODEL | BODY TYPE |
| I.D. NO. | MILEAGE |
| BALANCED OWED TO | |
| EST. AMT. OWED | ALLOW AMT. |
| TRADE-IN DESCRIPTION NO. 3 | STOCK NO. |
| YEAR    MAKE | COLOR |
| MODEL | BODY TYPE |
| I.D NO. | MILEAGE |
| BALANCED OWED TO | |
| EST. AMT. OWED | ALLOW AMT. |

| | | |
|---|---|---|
| TOTAL SELLING PRICE | $ | 185,000.00 |
| TRADE ALLOWANCE – | | N/A |
| DIFFERENCE = | $ | 185,000.00 |
| SERVICE FEES* + | | 498 00 |
| SUB TOTAL * | | 185,498.00 |
| SALES TAX + | | 11,179.88 |
| ESTIMATED TAG, TITLE & REG + | | 500.00 |
| THIRD PARTY PRIVATE TAG AGENCY'S FEE + | | 60.00 |
| EST. BALANCE ON TRADE + | | N/A |
| TOTAL DELIVERY PRICE = | $ | 197,237.88 |
| DEPOSIT NON-REFUNDABLE ☐ CAR IN STOCK ☐ SPECIAL ORDER [BUYER] – | | 60,000.00 |
| EXTENDED WARRANTY (taxable) + | | N/A |
| *BALANCE DUE ON DELIVERY = | $ | 137,237.88 |
| AMOUNT FINANCED = | $ | 137,237.88 |

LIENHOLDER: US BANK NA
PO BOX 3427
OSHKOSH, WI 54903

*Service Fee: This charge represents costs and profit to the seller/dealer for items such as inspecting, cleaning and adjusting new and used vehicles and preparing documents related to the sale. Also included is a full tank of gas.

**PLEASE NOTE:**
PAYMENT ON DELIVERY MUST BE CASH, CASHIERS CHECK OR MONEY ORDER. NO PERSONAL CHECKS.
Please bring insurance information at time of delivery.
Vehicle cannot delivered without insurance.
*BALANCE OWING ON TRADE is an estimate.
The Buyer is responsible for the difference                          [BUYER]

ESTIMATED DATE OF DELIVERY TO CUSTOMER: 3 / 12 / 2021

If this order and acceptance is contingent upon the arrangement of financing, the purchaser(s) offer is not accepted and the transaction is not consummated until (a) approved in writing by the Dealer and a responsible Bank of Finance Company and (b) all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and (c) purchaser(s) and Dealer have signed an installment Sales Contract. By signing below, purchaser(s) acknowledge that they have read both sides of this offer to purchase and hereby accept its terms and conditions.

03/12/2021

Buyer Signature _____ Date                    Accepted By *Catalina Bolin's*   Sales Manager

Co-Buyer Signature _____ Date                  Accepted By: _____   Business Manager

Please read additional terms and conditions on reverse side, before signing.                    344177_12/22/20 MMP

# EXHIBIT B

**Exhibit B**



# K ∧ R M ∧ | PALM BEACH

O: 561.998.5557
F: 561.998.4703
1001 Clint Moore Rd. Ste 103
Boca Raton, FL 33487

SALESPERSON: J-Martin

I, Derek Stephens _____ (Consignor) do hereby consign

my 2013 Ferrari 458 Spider _____ with

VIN number ZFF68NHA8D0A/5A6 _____ to Karma Palm Beach on

_____ with plate No._____ .

**Consignor warrants that he/she is the registered owner of the vehicle described above and that the vehicle is free and clear of any lien or encumbrance unless listed below:**

| BANK NAME: | Terra Credit Union | PHONE NUMBER: | |
| --- | --- | --- | --- |
| ACCOUNT #: | | EST. AMOUNT: | |

Consignor also warrants said vehicle to be held by a good marketable title, which Consignor will freely reassign to Dealer upon purchase or sale of said vehicle. Consignor certifies that the consigned vehicle has never been involved in an accident, has no frame damage, no break contamination and meets all federal emissions and safety standards.

**Consignor agrees to pay Dealer $500.00** at the time of consignment for detail costs, E-bay listing, and other advertisements for the purpose of selling the above referenced vehicle.

Consignor agrees that Dealer may sell the above-mentioned vehicle on Consignor's behalf, and that **Consignor will accept an amount of** $ 230,000 minus expenses, as payment in full. However, Consignor may be presented with an offer for a lesser amount at which time, both parties accept only written offer and written authorization. Consignor may accept a lesser amount as payment in full.

In the event the Consignor removes vehicle from Dealer inventory, Dealer will be reimbursed for expenses including but not limited to: advertising and condition maintenance.

Dealer agrees to keep the vehicle reasonably secure and clean while it is in the Dealer's possession. Consignor agrees to keep above-mentioned vehicle fully insured while on consignment and hold Dealer harmless for any damage while on consignment. Consignor will notify insurance carrier that vehicle is on consignment at Karma Palm Beach and will provide Karma Palm Beach with a copy of valid insurance card. Consignor agrees that the vehicle remains Consignor's sole risk, without liability on the part of the Dealer for loss or damage due to fire, theft, collision or other circumstances. The Dealer will not be responsible for vehicle failures, including but not limited to: mechanical, electrical or apparatuses.

Consignor authorizes Dealer to demonstrate and operate the vehicle. Consignor also authorizes all prospective third-party purchasers to operate the vehicle.

There are no promises, terms, conditions or obligations other than those outlined herein, and this contract shall supersede all previous communications, representations or agreements either verbal or written between Consignor and Dealer.

3/11/22

CONSIGNOR

KARMA PALM BEACH

excellauto.com

# EXHIBIT C

**Exhibit C**

# PURCHASE AGREEMENT



KARMA | PALM BEACH

1001 CLINT MOORE RD. STE 103 BOCA RATON, FL 33487
**OFFICE** 561.998.5557   **FAX** 561.998.4703



KARMA
BROWARD | PALM BEACH
E← EXCELL AUTO GROUP

SALES PERSON: JONATHAN MARTIN          DATE: 3 / 11 / 2022

BUYER DEREK CLAYTON STEPHENS          DRIVER'S LICENSE NO. _____

E-MAIL _____          DATE OF BIRTH 01/19/1966

ADDRESS 1263 28TH AVENUE NORTH          CITY & STATE NAPLES          FL   ZIP 34103

CO-BUYER _____          DRIVER'S LICENSE NO. _____

E-MAIL _____          DATE OF BIRTH _____

ADDRESS _____          CITY & STATE _____          ZIP _____

HOME PHONE (214)250-3040          BUSINESS PHONE _____          CELL PHONE _____

NEW ☐   YEAR 2017   MAKE LAMBORGHINI   MODEL HURACAN   MILEAGE 7,485

USED ☒   COLOR WHITE   TRIM _____   BODY TYPE RWD SYPDER

☐   ID NO. ZHWUR2ZF9HLA08239          STOCK NO. HLA08239

| TRADE-IN DESCRIPTION NO. 1 | STOCK NO. 0191526 |
|---|---|
| YEAR 2013   MAKE FERRARI | COLOR BLACK |
| MODEL 458 ITALIA   BODY TYPE 2DR CONV | |
| I.D. NO. ZFF68NHA8D0191526   MILEAGE 13,716 | |
| BALANCED OWED TO | |
| EST. AMT. OWED   ALLOW AMT. 230,000.00 | |

| TRADE-IN DESCRIPTION NO. 2 | STOCK NO. |
|---|---|
| YEAR   MAKE | COLOR |
| MODEL   BODY TYPE | |
| I.D. NO.   MILEAGE | |
| BALANCED OWED TO | |
| EST. AMT. OWED   ALLOW AMT. | |

| TRADE-IN DESCRIPTION NO. 3 | STOCK NO. |
|---|---|
| YEAR   MAKE | COLOR |
| MODEL   BODY TYPE | |
| I.D NO.   MILEAGE | |
| BALANCED OWED TO | |
| EST. AMT. OWED   ALLOW AMT. | |

| | | | |
|---|---|---|---|
| TOTAL SELLING PRICE | | $ | 250,000.00 |
| TRADE ALLOWANCE | − | | 230,000.00 |
| DIFFERENCE | = | $ | 20,000.00 |
| SERVICE FEES* | + | | 498 00 |
| SUB TOTAL | * | | 20,498.00 |
| SALES TAX | + | | 1,279.88 |
| ESTIMATED TAG, TITLE & REG | + | | 500.00 |
| THIRD PARTY PRIVATE TAG AGENCY'S FEE | + | | 60.00 |
| EST. BALANCE ON TRADE | + | | N/A |
| TOTAL DELIVERY PRICE | = | $ | 22,337.88 |
| DEPOSIT NON-REFUNDABLE ☐ CAR IN STOCK ☐ SPECIAL ORDER | BUYER − | | N/A |
| EXTENDED WARRANTY (taxable) | + | | N/A |
| *BALANCE DUE ON DELIVERY | = | $ | 22,337.88 |
| AMOUNT FINANCED | = | $ | |

LIENHOLDER: TEXANS CREDIT UNION
PO BOX 21867
LEHIGH VALLEY, PA 18002

*Service Fee: This charge represents costs and profit to the seller/dealer for items such as inspecting, cleaning and adjusting new and used vehicles and preparing documents related to the sale. Also included is a full tank of gas.

**PLEASE NOTE:**
**ALL CHECKS ARE MADE PAYABLE TO: KARMA PALM BEACH**
Payment on delivery must be cash, cashiers check or money order.
**CURRENT DRIVER'S LICENSE MUST BE PROVIDED BEFORE DELIVERY.**
**CURRENT INSURANCE MUST BE PROVIDED BEFORE DELIVERY.**
Vehicle cannot be delivered without current Driver's License and insurance.
*BALANCE OWED ON TRADE IS AN ESTIMATE. The Buyer is responsible for the difference.

BUYER

ESTIMATED DATE OF DELIVERY TO CUSTOMER: 3 / 11 / 2022

If this agreement and acceptance is contingent upon the arrangement of financing, then this agreement is not accepted and the transaction is not consummated until (a) approval is in writing from the Dealer and the responsible Bank or Finance Company, (b) all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and (c) purchaser(s) and Dealer have signed an Installment Sales Contract. By signing below, purchaser(s) acknowledge that they have read both sides of this agreement to purchase and hereby accept its terms and conditions.

Buyer Signature          Date 03/11/2022

Co-Buyer Signature          Date

Accepted By: _____          Dealer Representative

Please read additional terms and conditions on reverse side, before signing.          352065_07/07/21 MMP

## ADDITIONAL TERMS AND CONDITIONS

1. As used in this offer the terms (a) Retailer shall mean the authorized Retailer to whom this Offer is addressed and who shall become a party hereto by its acceptance hereof, (b) Client shall mean the party executing this offer as such on the face hereof, and (c) manufacturer shall mean the Corporation that manufactured the vehicle or chassis, it being understood by Client and Retailer that Retailer is in no respect the agent of Manufacturer, that Retailer and Client are the sole parties to this Offer and that reference to Manufacturer herein is for the purpose of explaining generally certain contractual relationships existing between Retailer and Manufacturer with respect to new motor vehicles.

2. Manufacturer has reserved the right to change the price to Retailer on new motor vehicles without notice. In the event the price to Retailer of the new motor vehicles of the series and body type ordered hereunder is changed by Manufacturer prior to delivery of the new motor vehicle ordered hereunder to Client, Retailer reserves the right to change the cash delivered price of such motor vehicle to Client accordingly. If such cash delivered price is increased by Retailer, Client may, if dissatisfied therewith, cancel this Offer, in which event if a used motor vehicle has been traded in as a part of the consideration for such new motor vehicle, such used motor vehicle shall be returned to Client upon payment of a reasonable charge for storage and repairs (if any) or, if such used motor vehicle has been previously sold by Retailer, the amount received therefore, less a selling commission of 15% and any expenses incurred in storing, insuring, conditioning or advertising said used motor vehicle for sale, shall be returned to Client.

3. If the used motor vehicle which has been traded in as part of the consideration for the new motor vehicle ordered hereunder is not to be delivered to Retailer until delivery to Client of such motor vehicle, the used motor vehicle shall be reappraised at that time and such reappraised value shall determine the allowance made for such used vehicle. If such reappraised value is lower than the original allowance therefor shown on the front of this Offer, Client may, if dissatisfied therewith, cancel this Offer, provided, however, that such right to cancel is exercised prior to the delivery of the motor vehicle ordered hereunder to the Client and surrender of the used vehicle to Retailer.

4. Purchaser agrees to deliver to Dealer satisfactory evidence of title to any used motor vehicle traded in as a part of the consideration for the motor vehicle ordered hereunder at the time of delivery of such used motor vehicle to Dealer. Purchaser warrants any such used motor vehicle to be his property free and clear of all liens and encumbrances except as otherwise noted herein, and guarantees that his title is good, marketable and free of defects.

5. Unless the order shall have been cancelled by purchaser under and in accordance with the provisions of paragraph 2 or 3 above, Dealer shall have the right, upon failure or refusal of purchaser to accept delivery of the motor vehicle ordered hereunder and to comply with the terms of this Order, to retain as liquidated damages any cash deposit made by the Purchaser, and, in the event a used motor vehicle has been traded in as a part of the consideration for the motor vehicle ordered hereunder, to sell such motor vehicle and reimburse himself out of proceeds of such sale for the expenses specified in paragraph 2 above and for such other expenses and losses as Dealer may incur or suffer as a result of such failure or refusal by Purchaser.

6. Manufacturer has reserved the right to change the design of any new motor vehicle, chassis, accessories or parts thereof at any time without notice and without obligation to make the same or any similar change upon any motor vehicle, chassis, accessories or parts thereof previously purchased by or shipped to Dealer or being manufactured or sold in accordance with Dealer's orders. Correspondingly, in event of any such change by Manufacturer, Dealer shall have no obligation to Purchaser to make the same or any similar change in any motor vehicle, chassis, accessories or parts thereof by this Order either before or subsequent to delivery thereof to Purchaser.

7. Dealer shall not be liable for failure to deliver or delay in delivering the motor vehicle covered by this Order where such failure or delay is due, in whole or in part by any cause beyond the control or without the fault or negligence of Dealer.

8. The price for the motor vehicle specified on the face of this order includes reimbursement for Federal Excise taxes, but does not include sales taxes, use taxes or occupational taxes based on sales volume, (Federal, State or Local) unless expressly so stated. Purchaser assumes and agrees to pay, unless prohibited by law, any such sales, use or occupational taxes imposed to the transaction covered by this Order regardless of which party may have primary tax liability therefore.

9. AS IS - THE ONLY WARRANTIES APPLYING TO THIS VEHICLE ARE THOSE OFFERED BY THE MANUFACTURER. THE SELLING DEALER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THIS VEHICLE. BUYER SHALL NOT BE ENTITLED TO RECOVER FROM THE SELLING DEALER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES. THE PURCHASER HEREBY ACKNOWLEDGES THAT THE SELLER HAS MADE AVAILABLE WARRANTY PRE-SALE INFORMATION AS DISCLOSED IN WARRANTY BINDERS PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT.

10. The Purchaser, before or at the time of delivery of the motor vehicle covered by this Order will execute such other forms of agreement or documents as may be required by the terms and conditions of payments indicated on the front of this Order.

11. Purchaser grants to dealer a security interest in the vehicle described in this Order to secure payment in full therefore and to secure Purchaser's warranty of title to any trade-in. Without limiting the effect and generality of the foregoing, if any check tendered as part or full payment is not paid on presentation or if it appears Purchaser did not have clear title to any trade-in, Dealer may enter into any premises for the purpose of repossessing the vehicle.

12. MEDIATION/ARBITRATION: If a dispute, controversy or claim, involving any Client, Co-Signer, Co-Client, any Retailer or Assignee, or any employee, agent, surety bonding company or insurer of any of the foregoing persons, arises out of or relates to this Contract, or the breach of this Contract, including the negotiation and provisions of the Contract and the sale, financing and purchase of the Vehicle (each a Dispute) and if the Dispute cannot be settled by the direct discussions, the parties agree to first try to settle the Dispute, in an amicable manner by mediation administered by the American Arbitration Association under its Commercial Mediation Rules, before resorting to arbitration. Thereafter any unresolved Disputes, shall be submitted to arbitration in accordance with the procedures specified in this section. Any party may demand arbitration in writing by notice to the other party, which demand shall include the name of the arbitrator appointed by the party demanding arbitration, together with a statement of the matter in controversy. Within 30 days after such demand, the other party shall name the arbitrator, or if the other party does not name an arbitrator, such arbitrator shall be named immediately by the Arbitrator Committee of the American Arbitration Association, and the two arbitrators so selected shall name a third arbitrator within 15 days or, in lieu of such agreement on the third arbitrator by the two arbitrators so appointed, a third arbitrator shall be appointed by the Arbitration Committee of the American Arbitration Association. The non-prevailing party shall pay, and the arbitrator shall award, to the prevailing party all of the arbitration costs and expenses incurred by the prevailing party. The arbitration hearing shall be held in the country in which the Seller is located, on 30 days notice to the parties, under the Commercial Arbitration Rules of the American Arbitration Association. The arbitration hearing shall be concluded within 120 days unless otherwise ordered by the arbitrators and the award shall be made within 30 days after the close of the submission of evidence. An award rendered by a majority of the arbitrators shall be final and binding on all parties to the proceedings and judgement on such award may be entered by either party in the highest court, state or federal, state or local court or before any administrative tribunal with respect to any Dispute. There arbitration provisions shall, with respect to such Dispute, survive the termination or expiration of this Contract. Nothing in this Contract shall be deemed to give the arbitrators any authority, power or right to alter, change, amend, modify, add or subtract from any of the provisions of the Contract. The provisions of this Section are made pursuant to the provisions of the Florida Arbitration Code (Chapter 682, Florida Statutes as in effect on the date of this Contract) and shall be governed by such code. **I AGREE TO THE JURY TRIAL WAIVER AND MEDIATION/ARBITRATION PARAGRAPHS.**

13. PURCHASER ACKNOWLEDGES that THIS is a NEW/USED CAR ORDER and REPRESENTS merely AN OFFER WHICH SHALL NOT BECOME BINDING UNTIL ACCEPTED: (1) in the case of a cash transaction, by Dealer or his Authorized Representative; or (2) in case of a financed transaction, by Dealer or his Authorized Representative and a responsible Bank or Finance Company and all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and purchaser(s) and Dealer have signed an Installation Sale Contract; if purchase of this vehicle is financed by a third party who requires use of its own Installment Sale Contract Purchaser agrees that the language of this Order shall control over any conflicting provisions relating to representatives, warranties expressed or implied, or any other obligations or liabilities on the part of the manufacturer of this vehicle or the seller; any provision in said Installment Sale Contract to the contrary notwithstanding.

14. Purchaser agrees that this order includes all of the terms and conditions on both the face and reverse side hereof, that this order cancels and supercedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby. ANY AND ALL REPRESENTATIONS, PROMISES, WARRANTIES OR STATEMENTS BY SELLER'S AGENT THAT DIFFER IN ANY WAY FROM THE TERMS OF THE WRITTEN AGREEMENT SHALL BE GIVEN NO FORCE OF EFFECT.

FL806671 Q

# TRADE PACK™
# FLORIDA

LAW 7002-12 FL

STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTORIST SERVICES**
SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
http://www.flhsmv.gov/offices/

## SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGEMENT

### VEHICLE DESCRIPTION

CHECK ONE: ☑ Motor Vehicle   ☐ Mobile Home   ☐ Vessel

| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
|---|---|---|---|---|---|
| ZFF68NHA8D0191526 | 2013 | FERRARI | BLACK | 2DR CONV | |

### ODOMETER DISCLOSURE STATEMENT

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.

WE STATE THAT THIS ☐ 5 or ☒ 6 DIGIT ODOMETER NOW READS

__13__ , __716__ .xx (NO TENTHS) MILES,

DATE READ __3__ / __11__ / __22__ , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

☑ 1. REFLECTS ACTUAL MILEAGE.

**CAUTION:**
Read carefully before checking a box.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.
(EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☐ 3. IS NOT THE ACTUAL MILEAGE. **WARNING – ODOMETER DISCREPANCY**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

**WHO IS AUTHORIZED TO COMPLETE THIS FORM?**
ANY PERSON WHO IS BUYING OR SELLING A MOTOR VEHICLE AND WHO MUST MAKE OR ACKNOWLEDGE AN ODOMETER DISCLOSURE, IN ORDER TO COMPLY WITH STATE OR FEDERAL ODOMETER DISCLOSURE LAW.

**WHEN SHOULD THIS FORM BE USED?**
1. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN SOLD.
2. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN PURCHASED.
3. WHEN AN ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT BETWEEN THE BUYER AND THE SELLER IS REQUIRED, BUT NO ODOMETER DISCLOSURE STATEMENT HAS BEEN MADE ON ANOTHER STATE OR FEDERAL FORM.

**WHEN SHOULD THIS FORM NOT BE USED?**
1. WHEN A FLORIDA TITLE WHICH WAS ISSUED ON OR AFTER APRIL 29, 1990 IS AVAILABLE.
2. WHEN A FORM HSMV 82994, MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT, HAS BEEN USED.
3. WHEN A FORM HSMV 82995, MOTOR VEHICLE DEALER POWER OF ATTORNEY/ODOMETER DISCLOSURE, HAS BEEN USED.
4. WHEN AN OUT-OF-STATE TITLE, WHICH CONFORMS TO FEDERAL LAW, IS USED TO TRANSFER A MOTOR VEHICLE.

**FILING:**
1. COPIES SHOULD BE EXCHANGED BETWEEN THE SELLER AND THE BUYER. DEALERS MUST RETAIN THIS DOCUMENT IN THEIR RECORDS FOR A PERIOD OF FIVE YEARS.
2. IT IS NOT NECESSARY TO FILE THIS FORM OR ANY COPY OF THIS FORM WITH THE STATE OF FLORIDA, UNLESS REQUESTED TO DO SO BY THE DIVISION OF MOTOR VEHICLES.

| Seller's Signature | Seller's Printed Name |
|---|---|
| | DEREK CLAYTON STEPHENS |
| Seller's Street Address | |
| 1263 28TH AVENUE NORTH | |

| City | State | Zip |
|---|---|---|
| NAPLES | FL | 34103 |

| Buyer's Signature | Buyer's Printed Name |
|---|---|
| | KARMA PALM BEACH INC |
| Buyer's Street Address | |
| 1001 Clint Moore Rd Ste 103 | |

| City | State | Zip |
|---|---|---|
| Boca Raton | FL | 33487 |

HSMV 82993 (Rev. 11/11)
Check your local phone book government pages or visit the following website for current mailing addresses: http://www.flhsmv.gov/offices/
**LAW® FORM NO. 7002-12-FL** (REV. 2/12)
©2012 The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
ODOMETER DISCLOSURE STATEMENT

---

CUSTOMER'S NAME _____   STOCK NO. 0191526

### TITLE PAYOFF AND GUARANTEE

DO HEREBY AUTHORIZE __TEXANS CREDIT UNION__ TO ACCEPT FROM THE DEALERSHIP NAMED BELOW $ __112,317.25__ , BEING THE BALANCE DUE ON MY ACCOUNT AND YOU ARE INSTRUCTED UPON RECEIPT OF THE ABOVE AMOUNT TO SURRENDER TO THEM THE OWNERSHIP CERTIFICATE OF TITLE, PROPERLY ENDORSED AND RELEASED. YOU ARE FURTHER INSTRUCTED TO CANCEL MY INSURANCE POLICY AND PAY ANY UNEARNED INSURANCE PREMIUM, ALSO ALL UNEARNED INTEREST AND BROKERAGE TO THE DEALERSHIP BELOW NAMED AND AUTHORIZED TO MAKE THIS PAYOFF.

### VEHICLE DESCRIPTION

CHECK ONE: ☑ Motor Vehicle   ☐ Mobile Home   ☐ Vessel

| Vehicle Identification Number | Year | Make | Color | Body | Title No. |
|---|---|---|---|---|---|
| ZFF68NHA8D0191526 | 2013 | F | BLACK | 2 | |

**NOTICE TO OWNER: COMPLETE THIS FORM IN ITS ENTIRETY PRIOR TO SIGNING.**

I, (WE) _____ UNDERSTAND THAT MY PAYOFF HAS BEEN ESTIMATED. IF THE PAYOFF BALANCE AND/OR LIEN ON MY VEHICLE TRADED-IN AS DESCRIBED ABOVE ARE IN EXCESS OF $ __112,317.25__ , THE ADDITIONAL AMOUNT WILL BE PAID ON DEMAND OR MAY BE ADDED TO MY SECURITY AGREEMENT. SHOULD THE PAYOFF BALANCE BE LOWER THAN THE ABOVE ESTIMATED AMOUNT, THE DEALER AGREES TO PAY ME THE DIFFERENCE.

I (we), _____ , the undersigned, hereby warrant and guarantee that a valid certificate of title to the vehicle described above (the "Vehicle") will be furnished to __KARMA PALM BEACH INC__ (the "Dealer") free and clear of all liens or encumbrances within ten (10) days of the date hereof in consideration of a trade-in allowance of $ __230,000.00__ (the "Trade-In Amount").

If the certificate of title is not furnished as required above, I (we) agree to pay the Dealer the Trade-In Amount in cash. Upon my (our) failure (a) to deliver the certificate of title (b) to pay the Trade-In Amount in cash as described above or (c) to furnish additional security satisfactory to the Dealer, then the Trade-In Amount shall become due and payable without benefit of any exemption under any state or federal homestead or bankruptcy exemption laws as to this debt and I (we) agree to all expenses incurred in collecting the Trade-In Amount, including ten percent (10%) attorney's fees and all other reasonable collection expenses and court costs.

KARMA PALM BEACH INC
DEALER

X _____
BUYER(S) SIGNATURE          BUYER(S) PRINTED NAME

X _____
BUYER(S) SIGNATURE          BUYER(S) PRINTED NAME

**LAW® FORM NO. 7002-12-FL** (REV. 2/12)  © 2012 The Reynolds and Reynolds Company®  Order Toll Free 1-800-344-0996  Fax 1-800-531-9055; www.reysource.com
GUARANTEE OF TITLE

# FLORIDA

STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTORIST SERVICES**
SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
http://www.flhsmv.gov/offices/

## SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGEMENT

### VEHICLE DESCRIPTION

**CHECK ONE:**  ☑ Motor Vehicle    ☐ Mobile Home    ☐ Vessel

| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
|---|---|---|---|---|---|
| ZFF68NHA8D0191526 | 2013 | FERRARI | BLACK | 2DR CONV | |

### ODOMETER DISCLOSURE STATEMENT

**WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.**

WE STATE THAT THIS  ☐ 5  or  ☒ 6  DIGIT ODOMETER NOW READS

__13__ , __716__ .xx (NO TENTHS) MILES,

DATE READ __3__ / __11__ / __22__ , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

☑ 1. REFLECTS ACTUAL MILEAGE

**CAUTION:**
Read carefully before checking a box.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.
(EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☐ 3. IS NOT THE ACTUAL MILEAGE. **WARNING – ODOMETER DISCREPANCY**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

**WHO IS AUTHORIZED TO COMPLETE THIS FORM?**
ANY PERSON WHO IS BUYING OR SELLING A MOTOR VEHICLE AND WHO MUST MAKE OR ACKNOWLEDGE AN ODOMETER DISCLOSURE, IN ORDER TO COMPLY WITH STATE OR FEDERAL ODOMETER DISCLOSURE LAW.

**WHEN SHOULD THIS FORM BE USED?**
1. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN SOLD.
2. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN PURCHASED.
3. WHEN AN ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT BETWEEN THE BUYER AND THE SELLER IS REQUIRED, BUT NO ODOMETER DISCLOSURE STATEMENT HAS BEEN MADE ON ANOTHER STATE OR FEDERAL FORM.

**WHEN SHOULD THIS FORM NOT BE USED?**
1. WHEN A FLORIDA TITLE WHICH WAS ISSUED ON OR AFTER APRIL 29, 1990 IS AVAILABLE.
2. WHEN A FORM HSMV 82994, MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT, HAS BEEN USED.
3. WHEN A FORM HSMV 82995, MOTOR VEHICLE DEALER POWER OF ATTORNEY/ODOMETER DISCLOSURE, HAS BEEN USED.
4. WHEN AN OUT-OF-STATE TITLE, WHICH CONFORMS TO FEDERAL LAW, IS USED TO TRANSFER A MOTOR VEHICLE.

**FILING:**
1. COPIES SHOULD BE EXCHANGED BETWEEN THE SELLER AND THE BUYER. DEALERS MUST RETAIN THIS DOCUMENT IN THEIR RECORDS FOR A PERIOD OF FIVE YEARS.
2. IT IS NOT NECESSARY TO FILE THIS FORM OR ANY COPY OF THIS FORM WITH THE STATE OF FLORIDA, UNLESS REQUESTED TO DO SO BY THE DIVISION OF MOTOR VEHICLES.

| Seller's Signature | Seller's Printed Name |
|---|---|
| | DEREK CLAYTON STEPHENS |

| Seller's Street Address | | |
|---|---|---|
| 1263 28TH AVENUE NORTH | | |

| City | State | Zip |
|---|---|---|
| NAPLES | FL | 34103 |

| Buyer's Signature | Buyer's Printed Name |
|---|---|
| | KARMA PALM BEACH INC |

| Buyer's Street Address | | |
|---|---|---|
| 1001 Clint Moore Rd Ste 103 | | |

| City | State | Zip |
|---|---|---|
| Boca Raton | FL | 33487 |

HSMV 82993 (Rev. 11/11)
Check your local phone book government pages or visit the following website for current mailing addresses: http://www.flhsmv.gov/offices/

**LAW** FORM NO. 7002-12-FL (REV. 2/12)
©2012 The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
ODOMETER DISCLOSURE STATEMENT

---

CUSTOMER'S NAME _____    STOCK NO. 0191526

## TITLE PAYOFF AND GUARANTEE

DO HEREBY AUTHORIZE __TEXANS CREDIT UNION__ TO ACCEPT FROM THE DEALERSHIP NAMED BELOW $ __112,317.25__ , BEING THE BALANCE DUE ON MY ACCOUNT AND YOU ARE INSTRUCTED UPON RECEIPT OF THE ABOVE AMOUNT TO SURRENDER TO THEM THE OWNERSHIP CERTIFICATE OF TITLE, PROPERLY ENDORSED AND RELEASED. YOU ARE FURTHER INSTRUCTED TO CANCEL MY INSURANCE POLICY AND PAY ANY UNEARNED INSURANCE PREMIUM, ALSO ALL UNEARNED INTEREST AND BROKERAGE TO THE DEALERSHIP BELOW NAMED AND AUTHORIZED TO MAKE THIS PAYOFF.

### VEHICLE DESCRIPTION

**CHECK ONE:**  ☑ Motor Vehicle    ☐ Mobile Home    ☐ Vessel

| Vehicle Identification Number | Year | Make | Color | Body | Title No. |
|---|---|---|---|---|---|
| ZFF68NHA8D0191526 | 2013 | F | BLACK | 2 | |

**NOTICE TO OWNER: COMPLETE THIS FORM IN ITS ENTIRETY PRIOR TO SIGNING.**

I, (WE) _____ UNDERSTAND THAT MY PAYOFF HAS BEEN ESTIMATED. IF THE PAYOFF BALANCE AND/OR LIEN ON MY VEHICLE TRADED-IN AS DESCRIBED ABOVE ARE IN EXCESS OF $ __112,317.25__ , THE ADDITIONAL AMOUNT WILL BE PAID ON DEMAND OR MAY BE ADDED TO MY SECURITY AGREEMENT. SHOULD THE PAYOFF BALANCE BE LOWER THAN THE ABOVE ESTIMATED AMOUNT, THE DEALER AGREES TO PAY ME THE DIFFERENCE.

I (we), _____ , the undersigned, hereby warrant and guarantee that a valid certificate of title to the vehicle described above (the "Vehicle") will be furnished to __KARMA PALM BEACH INC__ (the "Dealer") free and clear of all liens or encumbrances within ten (10) days of the date hereof in consideration of a trade-in allowance of $ __230,000.00__ (the "Trade-In Amount").

If the certificate of title is not furnished as required above, I (we) agree to pay the Dealer the Trade-In Amount in cash. Upon my (our) failure (a) to deliver the certificate of title (b) to pay the Trade-In Amount in cash as described above or (c) to furnish additional security satisfactory to the Dealer, then the Trade-In Amount shall become due and payable without benefit of any exemption under any state or federal homestead or bankruptcy exemption laws as to this debt and I (we) agree to all expenses incurred in collecting the Trade-In Amount, including ten percent (10%) attorney's fees and all other reasonable collection expenses and court costs.

KARMA PALM BEACH INC
DEALER

X _____
BUYER(S) SIGNATURE                    BUYER(S) PRINTED NAME

X _____
BUYER(S) SIGNATURE                    BUYER(S) PRINTED NAME

**LAW** FORM NO. 7002-12-FL (REV. 2/12)  © 2012 The Reynolds and Reynolds Company® Order Toll Free 1-800-344-0996  Fax 1-800-531-9055; www.reysource.com

GUARANTEE OF TITLE

# EXHIBIT D

**Exhibit D**

T# 1624877303
B# 2791518

**Mail Lien Satisfaction to:** Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

## STATE OF FLORIDA — LIEN SATISFACTION

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| ZFF68NHA8D0191526 | 2013 | FERR | 2D | 3153 | | 110767661 |

Registered Owner:

DEREK CLAYTON STEPHENS
1221 HILLSBORO MILE #17C
HILLSBORO BEACH, FL 33062

Date of Issue    07/20/2021

Lien Release
Interest in the described vehicle is hereby released
By _____
Title _____
Date _____

**IMPORTANT INFORMATION**

1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.hsmv.state.fl.us/html/titlinf.html

Mail To:

TEXANS CU
PO BOX 853912
RICHARDSON, TX 75085

---

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| ZFF68NHA8D0191526 | 2013 | FERR | 2D | 3153 | | 110767661 |

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | BLK | | | | PRIVATE | 01/19/2021 |

| Odometer Status or Vessel Manufacturer or OH use | Engine Drive | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|
| 9,845 MILES 03/12/2021 ACTUAL | | | | 07/20/2021 |

Lien Release
Interest in the described vehicle is hereby released
By _____
Title _____
Date _____

Registered Owner

DEREK CLAYTON STEPHENS
1221 HILLSBORO MILE #17C
HILLSBORO BEACH, FL 33062

1st Lienholder
ELECTRONIC TITLE PRIOR TO 03/25/2022

DIVISION OF MOTORIST SERVICES    TALLAHASSEE    FLORIDA    DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Robert R. Kynoch
Director

Control Number 156254380

10 /8    156254380

Terry L. Rhodes
Executive Director

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name: *Karma Palm Beach*    Address: *1001 Clint Moore Rd #103, Boca Raton, FL 33487*

Seller Must Enter Selling Price: _____    Seller Must Enter Date Sold: *3-11-22*

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads *113710* X_ (no tenths) miles, date read *3-11-22* and I hereby certify that to the best of my knowledge the odometer reading

☒ 1. reflects ACTUAL MILEAGE.    ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS.    ☐ 3. is NOT THE ACTUAL MILEAGE.

**UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.**

SELLER Must Sign Here: *by POA*    CO-SELLER Must Sign Here: _____

Print Here: *Derek Clayton Stephens*    Print Here: _____

Selling Dealer's License Number: _____    Tax No: _____    Tax Collected: _____

Auction Name: _____    License Number: _____

PURCHASER Must Sign Here: _____    CO-PURCHASER Must Sign Here: _____

Print Here: *Ariana Bailey*    Print Here: _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

HSMV 82250 (REV. 3/15)    STATE OF FLORIDA

# EXHIBIT E

**Exhibit E**



**CHASE** ○

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

March 01, 2022 through March 31, 2022

Account Number:  ████████711



### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site. | www.Chase.com |
| Service Center: | **1-877-425-8100** |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |

00000675 DRE 021 262 09522 NNNNNNNNNNN T  1 000000000 Z9 0000

KARMA OF PALM BEACH, INC.
1001 CLINT MOORE RD STE 101
BOCA RATON FL 33487-2830

## On June 12, 2022, fees for non-Chase ATM transactions are changing

We're making the following fee changes and, depending on the type of account you have with us, you may be affected

- **Non-Chase ATM transactions fee\* (Domestic Withdrawal, Domestic & International Balance Inquiry, Domestic & International Balance Transfers)**: This fee will increase from $2.50 to $3.00, but you can still avoid it by using Chase ATMs. The International Withdrawal Fee for ATMs outside the U.S., Puerto Rico and the U.S. Virgin Islands remains $5.00 per withdrawal. We'll continue to waive these fees for customers receiving Chase Military Banking benefits on their Chase Business Complete Checking[SM] accounts.

Please note: We'll continue to waive these fees for Chase Performance Business Checking[®] and Chase Platinum Business Checking[SM] accounts.

For more information about banking fees, please read the Additional Banking Services and Fees for Business Accounts Deposit Account Agreement, which you can find at **chase.com/business-deposit-disclosures**, or visit a branch.

If you have any questions, please call the number on this statement. We accept operator relay calls.

*\* Fees from the ATM owner/networks may still apply.*

## CHECKING SUMMARY     Chase Platinum Business Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| Beginning Balance | | $8,296.16 |
| Deposits and Additions | 58 | 4,795,778.96 |
| Checks Paid | 116 | -1,423,895.55 |
| Electronic Withdrawals | 86 | -3,259,315.46 |
| Other Withdrawals | 2 | -11,272.03 |
| Fees | 1 | -356.00 |
| Ending Balance | 263 | $109,236.08 |

Your Chase Platinum Business Checking account provides:
- No transaction fees for unlimited electronic deposits (including ACH, ATM, wire, Chase Quick Deposit)
- 500 debits and non-electronic deposits (those made via check or cash in branches) per statement cycle
- $25,000 in cash deposits per statement cycle
- Unlimited return deposited items with no fee

There are additional fee waivers and benefits associated with your account – please refer to your Deposit Account Agreement for more information.



March 01, 2022 through March 31, 2022

Account Number: ████████████711

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | | 3,065.00 |
| 03/11 | Remote Online Deposit          4 | 250,000.00 |



March 01, 2022 through March 31, 2022

Account Number: ████████████8711

## DEPOSITS AND ADDITIONS | (continued)

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 03/15 | Remote Online Deposit | 4 | 22,337.88 |



# EXHIBIT F

**Exhibit F**



KARMA | PALM BEACH

O: 561.998.5557
F:  561.998.4703
1001 Clint Moore Rd.  Ste 103
Boca Raton, FL 33487

On 04/01/2022,

The following vehicle titles are being given to Auto Wholesale of Boca LLC as collateral against the loan amount

of $_____:

2013 Ferrari 458 #0191526---$230,000
2021 Jeep Gladiator #564806---$117,000
2018 Cadillac Escalade #261612---$60,000
2018 Mclaren 720 #001804----$282,080.03
2020 Lamborghini Huracan Evo #A14316---$330,000

2017 Lamborghini Huracan #A08121---$240,000
2019 Mclaren 720s #003714---$295,000
2020 Mercedes G63 #334940---$225,000
2021 Jeep Gladiator #571540---$138,607.80

The values of these vehicles, along with the $115,000.00 wired to Auto Wholesale of Boca LLC on 4/1/22 towards 2020 Bentley Flying Spur #082455, shall serve as collateral for the aforementioned loan amount.

As the loan is reduced, these vehicle titles will be returned.

*MoShe FARACHe MGD*

_____
Moshe Farache--Auto Wholesale of Boca LLC

*Kristen Zankl*

_____
Kristen Zankl--Karma Palm Beach

excellauto.com

# EXHIBIT G

**Exhibit G**

# KARMA | PALM BEACH

1001 CLINT MOORE RD. STE 103 BOCA RATON, FL 33487
OFFICE 561.998.5557  FAX 561.998.4703

## (Sold As Is)

DATE: 04/02/22

Purchaser: AUTO WHOLESALE OF BOCA LLC

Address: 6560 WEST ROGERS CIR #B27

City: BOCA RATON    State: FL    Zip: 33487

Contact Name: _____ Tel: _____ Fax: _____

Year: 2013    Make: FERRARI    Model: 458 ITALIA

Color: BLACK    Body Style: 2DR CONV

I.D. Number: ZFF68NHA8D0191526

Price: $ 230,000.00

### REGISTRATION AND TITLE WARRANTY

THE SELLER COVENANTS WITH THE PURCHASER, THAT HE IS THE TRUE AND LAWFUL OWNER OF SAID DESCRIBED AUTOMOBILE ABOVE AND THAT THE SAME IS FREE FROM ALL ENCUMBRANCES; THAT HE HAS GOOD RIGHT AND FULL POWER TO SELL THE SAME AS AFORESAID AND THAT HE WILL WARRANT AND DEFEND THE SAME AGAINST THE LAWFUL CLAIM AND DEMANDS OF ALL PERSONS.

This sale is solely a transaction between the buying and selling dealers - no warranty on mechanical or physical condition of car.

Seller (Sign Here) _____

Buyer (Sign Here) _____

The Purchaser agrees to purchase this vehicle for the price shown provided the vehicle is found to be as recommended; that before settling for the vehicle to check the serial and/or engine numbers on the vehicle with those on the title; to check the actual condition of the vehicle with its description and with the recommendation, if any; that upon making settlement in cash or by check in lieu of cash to consider the transaction fully consummated; that no stop payment of his check shall be honored; and any stop payment order of a check or giving a check which is returned marked "Insufficient funds" shall be deemed by the parties to be prima facie evidence of fraud existing at the time of the transaction was consummated and shall be construed by the parties as an intent to defraud in order to consummate the transaction. The purchasing dealer and selling dealer agree that this registration and title warranty shall be of the same force and effect as though personally signed by them even though it only contains their representatives' signature.

# ODOMETER DISCLOSURE STATEMENT

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership of a vehicle. Failure to complete an odometer disclosure statement or providing a false statement may result in fines and/or imprisonment.

I, ___KARMA PALM BEACH___ state that the odometer
TRANSFEROR'S NAME - SELLER - PRINT

(of the vehicle described below) now reads ___13,934___ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING - ODOMETER DISCREPANCY.

## VEHICLE IDENTIFICATION

| MAKE | BODY TYPE | MODEL |
|---|---|---|
| FERRARI | 2DR CONV | 458 ITALIA |

| VEHICLE ID NUMBER | STOCK NUMBER |
|---|---|
| ZFF68NHA8D0191526 | 0191526 |

| COLOR | TRIM | YEAR |
|---|---|---|
| BLACK | | 2013 |

## TRANSFEROR'S (SELLER) INFORMATION

TRANSFEROR'S PRINTED NAME (SELLER)
KARMA PALM BEACH

TRANSFEROR'S STREET ADDRESS
1001 CLINT MOORE ROAD, SUITE 103

| CITY | STATE | ZIP CODE |
|---|---|---|
| BOCA RATON | FLORIDA | 33487 |

| AUTHORIZED SIGNATURE ▶ | TRANSFEROR'S SIGNATURE (SELLER) X |
|---|---|
| DATE STATEMENT SIGNED | PRINTED NAME OF PERSON SIGNING X |

## TRANSFEREE'S (BUYER) INFORMATION

TRANSFEREE'S PRINTED NAME (BUYER)
AUTO WHOLESALE OF BOCA LLC

TRANSFEREE'S STREET ADDRESS
6560 WEST ROGERS CIR #B27

| CITY | STATE | ZIP CODE |
|---|---|---|
| BOCA RATON | FL | 33487 |

## RECEIPT OF COPY ACKNOWLEDGED BY TRANSFEREE (BUYER)

| TRANSFEREE'S SIGNATURE - (BUYER) | DATE SIGNED 4-2-22 |
|---|---|
| PRINTED NAME OF PERSON SIGNING MICHELE MARTIN | |