UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80761-CIV-SINGHAL

BENIDT INVESTMENTS/SLINGER, LLC,

      Plaintiff,

v.

CHAD SCOTT ZAKIN, KARMA OF PALM
BEACH, INC., AUTO WHOLESALE OF BOCA,
LLC, and U.S. BANK NATIONAL ASSOCIATION,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Benidt Investments/Slinger, LLC's ("Benidt") Motion for an Order of Reference to Bankruptcy Court (DE [71]).  Benidt seeks an order referring Counts III (Rescission), Count IV (Declaratory Judgment), Count V (Quiet Title), and Count VII (Replevin) to the United States Bankruptcy Court for the Southern District of Florida. For the reasons discussed below, the motion is granted.

    I.     INTRODUCTION

This is an action for damages and injunctive relief arising from the sale and purchase of a Lamborghini automobile. On March 11, 2022, Benidt agreed to purchase a green Lamborghini Huracan Performante Spyder (the "green Lamborghini") from Karma for $360,000 in exchange for a trade of Benidt's 2020 silver Lamborghini Huracan Evo Spyder (the "silver Lamborghini") and $30,000.00 cash. Karma had represented that it had the full and unequivocal authority to sell the green Lamborghini without any cloud of title or any lien on the vehicle. But Benidt alleges that representation was false because Defendant U.S. Bank National Association ("U.S. Bank") maintains a lien on the green Lamborghini, which is found on the automobile's Certificate of Title. (DE [60], ex. 2).

Nevertheless, on April 4, 2022, Karma sold the silver Lamborghini and transferred title to Defendant Auto Wholesale of Boca, LLC ("Auto Wholesale") (DE [21], ex. 4). As of May 17, 2022, Auto Wholesale owned the title to the Silver Lamborghini. (DE [60], Ex. 1, ¶ 23). On May 18, 2022, Benidt notified Karma of its intent to rescind the parties' purchase agreement by offering to return the green Lamborghini in exchange for the silver Lamborghini and return of the $30,000 wire transfer. Karma refused and is unable to return the silver Lamborghini. (DE [60], ex. 1, ¶ 22).

On July 22, 2022, Auto Wholesale filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the "Bankruptcy Court"), styled *In re Auto Wholesale of Boca, LLC,* Case No. 22-15627-EPK (the "Bankruptcy Case"). This Court stayed this action against Auto Wholesale pursuant to 11 U.S.C. § 362 but permitted the claims against the remaining Defendants to proceed. (DE [53]).  Benidt moved for summary judgment on its recission count against Karma (DE [59]), but the Court denied that motion because the bankruptcy debtor, Auto Wholesale, was in possession of the silver Lamborghini.  Due to the automatic stay, the Court was unable to grant Benidt the relief it requested.

Benidt now requests that the Court enter an Order of Reference to the Bankruptcy Court so that the Bankruptcy Court can resolve all the claims that are related to Auto Wholesale's Chapter 11 proceedings.  *See* 28 U.S.C. § 157(a) and (b). Counsel for the non-bankrupt Defendants have no objection to the requested relief.

II.    <u>LEGAL STANDARDS</u>

The district courts enjoy "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a).  All federal bankruptcy cases must be filed in federal district

courts. The district courts also enjoy "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." This District's standing Order of Reference refers such cases "to the bankruptcy judges of this district." *See* Administrative Order 2012-25 (S.D. Fla. Mar. 27, 2012).

Within the Eleventh Circuit,

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*VM S. Beach, LLC v. Casa Casuarina, LLC,* 2013 WL 1149657, at *4 (S.D. Fla. Mar. 19, 2013) (quoting *Matter of Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir.1990)). Where only a portion of the civil proceeding is related to a bankruptcy action, the district court may refer only that portion to the Bankruptcy Court and maintain the portions of the case that would not fall under the jurisdiction of the bankruptcy court. *VM S. Beach, LLC,* 2013 WL 1149657, at *7.

III.    DISCUSSION

Counts III, IV, V, VI, and VII of the Complaint[1] all relate to ownership of the silver Lamborghini, which is currently titled to and in the possession of the bankruptcy debtor,

---

[1] Benidt did not include Count VI in its Motion for an Order of Reference, but the Court includes Count VI in this discussion because it requests injunctive relief against Auto Wholesale and Karma that would enjoin them from marketing or transferring title to the silver Lamborghini to any third party and would require them to return the silver Lamborghini to Benidt.

Auto Wholesale. Resolution of those claims would clearly affect the estate being administered in bankruptcy. The Court finds that referral to the Bankruptcy Court is, therefore, warranted.[2] Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for an Order of Reference to Bankruptcy Court (DE [71]) is **GRANTED**. Pursuant to 28 U.S.C. § 157(a) and Local Rule 87.2 (S.D. Fla.), Counts III, IV, V, VI, and VII of Plaintiff's Complaint (DE [1]) are hereby **REFERRED** to the Honorable Erik P. Kimball for final disposition or proposed findings of fact and conclusions of law, if appropriate.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of November 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF and
Hon. Erik P. Kimball

---

[2] The claims raised in Counts I and II pertain to the Green Lamborghini and are not directed to the debtor or the debtor's property. The trial calendar remains in place as to Counts I and II.

4