## UNCONDITIONAL GUARANTEE

THIS GUARANTY dated November _ll_ , 2021 (together with any amendments or modifications hereto in effect from time to time, the "Guaranty"), made by **Scott Zankl** and **Kristen Zankl**, and **Karma Of Palm Beach, Inc. D/B/A Karma Palm Beach**, jointly and severally, (the "Guarantor(s)"), having an address at Unit B located at 1001 Clint Moore Road, Boca Raton, Florida 33487, in favor of **Auto Wholesale of Boca, LLC,** a Florida Limited Liability Company ("Lender"), whose address is 6560 West Rogers Circle, Suite #B27, Boca Raton, FL 33487.

To induce Lender to make loans, extensions of credit or other financial accommodations to **Excell Auto Group, Inc.,** a Florida corporation and ("Borrower"), now or in the future, to secure the observance, payment and performance of the Liabilities (as defined below), and with full knowledge that Lender would not make the said loans, extensions of credit or financial accommodations without this Guaranty, which shall be construed as a contract of suretyship, Guarantor unconditionally agrees as follows:

1. **Guarantee:**

   Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor(s) must pay all amounts due under the Note when Lender makes written demand upon Guarantor(s). Lender is not required to seek payment from any other source before demanding payment from Guarantor(s).

2. **Note:**

   The "Note" is the promissory note dated November_//_ ,2021 in the principal amount of $2,664,000.00 from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3. **Definitions:**

   *"Collateral"* means any property taken as security for payment of the Note or any guarantee of the Note. "Loan" means the loan evidenced by the Note.
   *"Loan Documents"* means the documents related to the Loan signed by Borrower, Guarantor(s) or any other guarantor, or anyone who pledges Collateral.

4. **Lender's General Powers:**

   Lender may take any of the following actions at any time, without notice, without Guarantor(s)' consent, and without making demand upon Guarantor(s):

Initials _Sℓ_ _Kℓ_

A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

B. Refrain from taking any action on the Note, the Collateral, or any guarantee;

C. Release any Borrower or any guarantor of the Note;

D. Compromise or settle with the Borrower or any guarantor of the Note;

E. Substitute or release any of the Collateral, whether or not Lender receives anything in return;

F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G. Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and

H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5. **Rights, Notices, and Defenses that Guarantor(s) Waives: To The Extent Permitted by Law:**

A. Guarantor(s) waives all rights to:
1) Require presentment, protest, or demand upon Borrower;
2) Redeem any Collateral before or after Lender disposes of it;
3) Have any disposition of Collateral advertised; and
4) Require a valuation of Collateral before or after Lender disposes of it.

B. Guarantor(s) waives any notice of:
1) Any default under the Note;
2) Presentment, dishonor, protest, or demand;
3) Execution of the Note;
4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
5) Any change in the financial condition or business operations of Borrower or any guarantor;
6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
7) The time or place of any sale or other disposition of Collateral.

C. Guarantor(s) waives defenses based upon any claim that:
1) Lender failed to obtain any guarantee;
2) Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
3) Lender or others improperly valued or inspected the Collateral;
4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;

Initials _SH_ _KP_

5) Lender impaired the Collateral;

6) Lender did not dispose of any of the Collateral;

7) Lender did not conduct a commercially reasonable sale;

8) Lender did not obtain the fair market value of the Collateral;

9) Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;

10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;

11) Lender made errors or omissions in Loan Documents or administration of the Loan;

12) Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor:

13) Lender impaired Guarantor's suretyship rights;

14) Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will be liable for the increased amounts and related interest and expenses;

15) Borrower has avoided liability on the Note; or

16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

6. **Duties As To Collateral:**

Guarantor(s) will preserve the Collateral pledged by Guarantor(s) to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

7. **Successors And Assigns:**

Under this Guarantee, Guarantor(s) includes heirs and successors, and Lender includes its successors and assigns.

8. **General Provisions:**

A. *Enforcement Expenses.* Guarantor(s) promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B. *Lenders Not a Co-Guarantor(s).* Lender is not a co- guarantor with Guarantor. Guarantor(s) has no right of contribution from Lender.

C. *Subrogation Rights.* Guarantor(s) has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D. *Joint and Several Liability.* All individuals and entities signing as Guarantor(s) are jointly and severally liable.

E. *Document Signing.* Guarantor(s) must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or

Initials _Sh_ _Ka_

maintain Lender's liens on Collateral.

F. *Financial Statements.* Guarantor(s) must give Lender financial statements as Lender requires.

G. *Lender's Rights Cumulative, Not Waived.* Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H. *Oral Statements Not Binding.* Guarantor(s) may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I. *Severability.* If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J. *Consideration.* The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

9. **Notices:**

Any notice or other communication to Lender shall be addressed to Auto Wholesale of Boca Raton LLC 6560 West Rogers Circle, Suite #B27, Boca Raton, FL 33487, or such other address as may be designated by registered or certified mail, return receipt requested, and the time of rendition of such notice or other communication shall be when it is deposited in an official United States Mail receptacle, postage prepaid.

10. **Governing Law:**

This Guaranty, which is to be governed by and construed in accordance with the laws of the State of Florida, shall also bind Guarantor(s)'s legal or personal representatives, heirs, successors and assigns (as the case may be) and inure to the benefit of Lender's successors and assigns and any other person or entity at any time having the rights of Lender under the Note and any other Loan Documents.

11. **Attorney's Fees:**

Guarantor(s) will forthwith pay to Lender all attorney's fees and disbursements incurred by Lender in connection with any breach or default by the Borrower in its obligations under the Note or other Loan Documents and/or the enforcement of this Guaranty, in each instance whether or not suit is brought (and if suit is brought, through appeals and collection efforts).

12. **Jurisdiction and Venue:**

Guarantor(s) agrees that in any action or proceeding brought on, under or by virtue by this Guaranty Agreement, Guarantor(s) shall and does hereby waive trial by jury, and Guarantor(s) agrees that the applicable courts of Florida may have jurisdiction over Guarantor(s) upon appropriate service on Guarantor(s) anywhere in the United States in a

Initials _____ _____

manner in accordance with the laws of Florida and that venue shall proper in Palm Beach County, Florida. Without limiting the foregoing, Guarantor(s) hereby irrevocably appoints Delegate's registered agent as Guarantor(s)'s agent for service of process related to this Guaranty.

13. **Guarantor Acknowledgment of Terms:**
   Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

14. **Guarantor Name(s) and Signature(s):**
   By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

   By: _____  Date: 11-11-2021
   Scott Zankl

   By: _____  Date: 11-11-2021
   Kristen Zankl

   Karma of Palm Beach, Inc. d/b/a Karma Palm Beach

   By: _____
   Kristen Zankl, as President

   Date: 11-11-2021

   By: _____
   Scott Zankl, as Vice President

   Date: 11-11-2021

   Initials SZ  KZ