IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: _____

FVP OPPORTUNITY FUND III, LP, a Delaware limited partnership; FVP INVESTMENTS, LLC, a Delaware limited liability company; and FVP SERVICING, LLC, a Delaware limited liability company,

       Plaintiffs,

vs.

KARMA OF BROWARD, INC., a Florida corporation; KARMA OF PALM BEACH, INC., a Florida corporation; SCOTT ZANKL, an individual; KRISTEN ZANKL, an individual; MOSHE FARACHE, an individual; AUTO WHOLESALE OF BOCA, LLC, a Florida limited liability company; MMS ULTIMATE SERVICES, INC., a Florida corporation; EXCELL AUTO SPORT AND SERVICE, INC., a Florida corporation; and EXCELL AUTO FINANCE, LLC, a Florida limited liability company,

       Defendants.

_____/

## VERIFIED COMPLAINT FOR
## <u>INJUNCTIVE RELIEF AND MONETARY DAMAGES</u>

**FRAUD; FRAUDULENT TRANSFER; INJUNCTIVE RELIEF; CIVIL CONSPIRACY BREACH OF CONTRACT; FORECLOSURE OF SECURITY INTERESTS; REPLEVIN; FRAUD IN THE INDUCEMENT**

COME NOW the Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively, the "Plaintiffs"), by and through their undersigned counsel, and sue the Defendants,

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

Stephens' Exhibit
4
KEITH LEE
amp - 11.16.22

Karma of Broward, Inc., a Florida corporation ("Karma of Broward"); Karma of Palm Beach, Inc., a Florida corporation ("Karma of Palm Beach"); Scott Zankl, an individual ("Scott Zankl"); Kristen Zankl, an individual ("Kristen Zankl") (collectively, Scott Zankl and Kristen Zankl are the "Zankl's"); Moshe Farache, an individual ("Farache"); Auto Wholesale of Boca, LLC, a Florida limited liability company ("AWB"); MMS Ultimate Services, Inc., a Florida corporation ("MMS"); Excell Auto Sport and Service, Inc., a Florida corporation ("Excell Auto"); and Excell Auto Finance, LLC, a Florida limited liability company ("Excell Finance") (collectively, the "Defendants") for injunctive relief and monetary damages, and would state as follows:

### Introduction

1.      This is an action for injunctive relief and monetary damages brought on behalf of the Plaintiffs against the Defendants, who have engaged in illegal acts, including, *inter alia*, fraud, civil conspiracy, and fraudulent transfer, and who induced the Plaintiffs to loan $7,500,000.00 to the Zankl's companies – Karma of Broward and Karma of Palm Beach (collectively, the "Zankl's Companies"). The Plaintiffs made the loan because it was fully secured by the inventory and assets of the companies, as represented by the Zankl's and as acknowledged by Farache's company as landlord, and personally guaranteed by the Zankl's.

2.      The Plaintiffs loaned the Zankl's Companies $7,500,000.00 pursuant to loan documents attached hereto on January 26, 2022, which was fully funded by February 18, 2022; and, incredibly, by April 1, 2022, the money and all the collateral intended to secure it was gone. It is now objectively apparent that the Zankl's and their co-conspirator, Farache, engaged in an outright and bold scheme to defraud the Plaintiffs and attempt to convert the funds received from the Plaintiffs into expensive exotic automobiles – which at all times remained the collateral of the Plaintiffs – but not to generate income to grow the Zankl's Companies and pay back the Plaintiffs as was intended and represented. Rather, the fraudulent scheme was to then transfer the collateral automobiles outright to Farache and his companies in satisfaction of obligations arising from a fabricated or otherwise hidden antecedent debt.

3.      To attempt to explain why, on April 1, 2022, the Zankl's would hand over in excess of $7 million in automobiles to Farache in exchange for no money, the Zankl's have now claimed that they gave the Plaintiffs' collateral automobiles to Farache because he threatened to kill Scott Zankl (specifically, to make him "disappear"). To support this version of the events, the Zankl's

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

then, on April 8, 2022, a full week after Farache took the Plaintiffs' collateral automobiles, filed a police report and reported that the Plaintiffs' collateral automobiles taken by Farache on April 1, 2022 were, in fact, *stolen by extortion* by Farache. *Boca Raton Police Department – Report Case No.: 22-4685*.

4.      Farache, on the other hand, through a ham handed and patently false lawsuit filed on April 8, 2022 in Palm Beach County's Circuit Court, styled *Moshe Farache and Auto Wholesale of Boca, Inc. v Scott Zankl, et al.*, Case No: *Not Yet Assigned* (attached hereto and incorporated herein as **Exhibit N**), has asserted in that lawsuit that the Zankl's owed him millions of dollars and that he is entitled to foreclose on the Plaintiffs' collateral automobiles – which automobiles Farache already took on April 1, 2022 – as collateral for his long overdue debt.

5.      Interestingly, and perjuriously, the lawsuit states *under oath* that the "remaining Financed Inventory (collateral automobiles) are presently located at EAG's principal place of business: 1001 Clint Moore Road, Suite 101, Boca Raton, FL 33487." *See* **Exhibit N** at ¶ 107. Farache, as stated, already took all of those collateral automobiles (which are the Plaintiffs' collateral and not Farache's) on April 1, 2022, and they were already in his possession when that lawsuit was sworn to and filed, and remain in his possession. Therefore, the heart of the Farache "Verified Complaint" is false and a fraud upon the Court.

6.      It is this lawsuit brought by the Plaintiffs which seeks to restore lawful order and common sense, and to call a halt to the patent illegality and outrageous fraud of the past 30 days and have this Honorable Court appoint a receiver to collect and safeguard the assets which were purchased with the Plaintiffs' $7.5 million dollars that they loaned to the Zankl's Companies, only to then be *de facto* stolen by the Zankl's and Farache.

7.      The breach of the loan documents affixed hereto by the Zankl's, and their Companies is self-evident, and the Plaintiffs are indisputably entitled to the remedies sought in this Complaint. More critically, this is an extraordinary case of patent fraud and illegal conduct that requires the intervention of the judicial system on an emergency temporary basis and further on a permanent basis.

8.      Accordingly, in addition to substantial monetary relief for damages arising in contract and tort, this lawsuit seeks urgent injunctive relief so that the Plaintiffs can recover their

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

collateral from the Zankl's, Farache, AWB and MMS, who, by any interpretation of the undisputed facts, engaged in fraud and outright theft.

## Jurisdiction, Venue and Parties

9.      This is an action brought by the Plaintiffs against the Defendants to recover money damages and to obtain legal and equitable relief for claims whose values exceed $7,500,000.00.

10.      At all times material hereto, Plaintiff the FVP Fund was and is a Delaware limited partnership with its principal place of business in New York County, New York.

11.      At all times material hereto, Plaintiff FVP Investments was and is a Delaware limited liability company with its principal place of business in New York County, New York.

12.      At all times material hereto, Plaintiff FVP Servicing was and is a Delaware limited liability company with its principal place of business in New York County, New York.

13.      At all times material hereto, Defendant Karma of Broward was and is a Florida corporation with its principal place of business in Broward County, Florida, and is otherwise *sui juris*.

14.      At all times material hereto, Defendant Karma of Palm Beach was and is a Florida corporation with its principal place of business in Palm Beach County, Florida, doing business in Broward County, Florida and is otherwise *sui juris*.

15.      At all times material hereto, Defendant Scott Zankl was and is an individual residing in Palm Beach County, Florida, and is otherwise *sui juris*.

16.      At all times material hereto, Defendant Kristen Zankl was and is an individual residing in Palm Beach County, Florida, and is otherwise *sui juris*.

17.      At all times material hereto, Defendant Farache was and is an individual residing in Palm Beach County, Florida, and is otherwise *sui juris*.

18.      At all times material hereto, Defendant AWB was and is a Florida limited liability company with its principal place of business in Palm Beach County, Florida, and doing business in Broward County, Florida, and is otherwise *sui juris*.

19.      At all times material hereto, Defendant MMS was and is a Florida corporation with

**BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW**
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
**PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM**
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

its principal place of business in Palm Beach County, Florida, and doing business in Broward County, Florida, and is otherwise *sui juris*.

20.     At all times material hereto, Defendant Excell Auto was and is a Florida corporation with its principal place of business in Palm Beach County, Florida, and doing business in Broward County, Florida, and is otherwise *sui juris*. Defendant Farache is the President of Excell Auto and Defendant Scott Zankl is the Vice President of Defendant Excell Auto. Defendants Farache and Scott Zankl have been co-owners of Defendant Excell Auto since its formation in 2016. *See* **Exhibit P**.

21.     At all times material hereto, Defendant Excell Finance was and is a Florida limited liability company with its principal place of business in Palm Beach County, Florida, and doing business in Broward County, Florida, and is otherwise *sui juris*.

22.     Venue is proper in this Court as the Zankl's own and operate Defendant Karma of Broward, Inc., whose principal address is 1717 SE 17th Street, Fort Lauderdale, FL 33316 and which is thus located at within Florida's Seventeenth Judicial Circuit in and for Broward County, Florida, and further because a substantial portion of the Plaintiffs' collateral is currently located within Florida's Seventeenth Judicial Circuit.

23.     Jurisdiction is proper in this Court because the Defendants either reside in or operate, conduct, engage in or carry-on business or business ventures in the State of Florida, and because the Defendants have committed tortious acts within the State of Florida. Jurisdiction is further proper in this Court because a substantial portion of the Plaintiffs' collateral is located within the State of Florida, and within Broward County, Florida.

24.     All conditions precedent to this action have occurred, have been performed or have been waived.

### Factual Allegations Common to All Counts

A.     THE LOAN AND THE LOAN DOCUMENTS.

25.     The Zankl's have been engaged in the automobile sale industry for many years and are the beneficial owners of Karma of Broward and Karma of Palm Beach.

26.     Under the guise of seeking to grow these businesses, associated with a promising

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

new car brand in Karma, a Chinese producer of luxury electric vehicles, the Zankl's sought from the Plaintiffs a substantial loan in the amount of Seven Million Five Hundred Thousand and No/100 Dollars ($7,500,000.00) (the "Loan") "for purposes of purchasing exotic car inventory for Palm Beach and Broward." **Exhibit B** at 1.

27.    As and part of the due diligence subsequent to this loan application, the Plaintiffs were provided with Scott Zankl and Kristen Zankl's tax returns and signed personal financial statements, **Exhibit O**, and the Plaintiffs made sure and confirmed that no security interests hypothecated any of the Plaintiffs anticipated collateral, which would be comprised of all of the assets of Karma of Broward and Karma of Palm Beach. *See* **Exhibit A** (providing a UCC report dated January 11, 2022).

28.     Relying on the financial representations of the Zankl's as true, the Plaintiffs entered into, *inter alia* Loan Documents, a Loan Agreement with Karma of Broward and Karma of Palm Beach through its owners, the Zankl's. *See* **Exhibit B** (affixing the Loan Agreement) [hereinafter, the "Loan Agreement"].

29.    Contemporaneous with the Loan Agreement, Karma of Broward and Karma of Palm Beach executed a Note with FVP Investments and FVP Servicing in the principal amount of Three Million and No/100 Dollars ($3,000,000.00). *See* **Exhibit C** (attaching the FVP Investments Note) [hereinafter, the "FVP Investments Note"].

30.    Contemporaneous with the Loan Agreement, Karma of Broward and Karma of Palm Beach also executed a Note with the FVP Fund and FVP Servicing in the principal amount of Four Million Five Hundred Thousand and No/100 Dollars ($4,500,000.00). *See* **Exhibit D** (providing the FVP Fund Note) [hereinafter, the "FVP Fund Note," and, along with the FVP Investments Note, collectively, the "Notes"].

31.    The FVP Fund and FVP Investments loans were funded as follows: $3.5 million at closing, $2 million on February 2, 2022, and $2 million on February 18, 2022.

32.    Contemporaneous with the Loan Agreement, Scott Zankl and Kristen Zankl entered into a Personal Guaranty Agreement personally guaranteeing all sums due under the Loan Agreement. *See* **Exhibit E** (supplying the Guaranty Agreement) [hereinafter, the "Guaranty Agreement"].

Baron, Breslin & Sarmiento, Attorneys at Law
The DuPont Building, 169 East Flagler Street, Suite 700, Miami, Florida 33131
Primary Email: eservice@richardbaronlaw.com
Telephone: (305) 577-4626 / Telefax: (305) 577-4630 / Jerry Breslin, Esq., Email - JB@RichardBaronLaw.com

33.     Contemporaneous with the Loan Agreement, Karma of Broward and Karma of Palm Beach entered into a Security Agreement with FVP Servicing, as administrative agent for FVP Investments and the FVP Fund, granting a continuing security interest in certain Collateral, as the term Collateral is defined therein. *See* **Exhibit F** (attaching the Security Agreement) [hereinafter, the "Security Agreement"].

34.     Scott Zankl, on behalf of both Karma of Broward and Karma of Palm Beach, at Section 2.2 of the Security Agreement, represented that Karma of Broward and Karma of Palm Beach "own or have the right to possess and use the Collateral and [have] full . . . authority, as applicable, to grant a security interest in the Collateral." *Id.* at § 2.2.

35.     The Security Agreement makes clear, at Schedule 2.1, that the Collateral is located at Karma of Broward and at Karma of Palm Beach. *See id.* at Schedule 2.1. Indeed, Scott Zankl, on behalf of his companies, asserted that "[t]he Collateral is free and clear of all Liens[,]" *id.* at § 2.12, and that "[n]o authorization, approval or other action by . . . any Official Body or other Person is required[,]" *id.* at § 2.8; and thus the "Security Agreement create[d] a valid security interest in the Collateral and the proceeds thereof securing the payment and performance in full of the Secured Obligations." *Id.* at § 2.7.

36.     Contemporaneous with the Loan Agreement, Scott Zankl and Kristen Zankl also entered into a Pledge and Security Agreement with the Plaintiffs. *See* **Exhibit G** (attaching the Pledge and Security Agreement) [hereinafter, the "Pledge Agreement"]. In the Pledge Agreement, the Zankl's pledged as collateral their stock and membership interests in the following entities:

| Pledgor | Pledged Entity | Description of Equity Interests Owned | Percentage of Issued Equity Interests Owned |
|---|---|---|---|
| Scott Zankl | Karma of Broward, Inc. | Stock | 50% |
| | Karma of Palm Beach, Inc. | Stock | 50% |
| | Excell Auto Sport and Service, Inc. | Stock | 23% |
| | Excell Auto Finance, LLC | Membership Interests | 25% |
| Kristen Zankl | Karma of Broward, Inc. | Stock | 50% |
| | Karma of Palm Beach, Inc. | Stock | 50% |
| | Excell Auto Sport and Service, Inc. | Stock | 0% |
| | Excell Auto Finance, LLC | Membership Interests | 0% |

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

37.     Contemporaneous with the Loan Agreement, the Plaintiffs filed a UCC financing statement recording their security interests in the Karma of Broward and Karma of Palm Beach collateral under the Loan Documents. *See* **Exhibit H**. This Financing Statement secured as collateral: "ALL ASSETS OF DEBTORS NOW OWNED OR HEREAFTER ACQUIRED AND WHEREVER LOCATED."

38.     Contemporaneous with the Loan Agreement, the Plaintiffs filed a UCC financing statement recording their security interests in the Zankl's pledged collateral under the Loan Documents. *See* **Exhibit I**. This Financing Statement secured as collateral:

ALL OF EACH DEBTOR'S RIGHT, TITLE AND INTEREST IN AND TO THE FOLLOWING, WHETHER NOW OWNED OR HEREAFTER ACQUIRED AND WHEREVER LOCATED: (A) ALL OF THE MEMBERSHIP INTERESTS, STOCK, PARTNERSHIP INTEREST OR OTHER OWNERSHIP INTERESTS OF ANY TYPE OR NATURE ("EQUITY INTERESTS") OF EITHER DEBTOR IN EACH OF KARMA OF BROWARD, INC., KARMA OF PALM BEACH, INC., EXCELL AUTO SPORT AND SERVICE, INC., AND EXCELL AUTO FINANCE, LLC (EACH, A "PLEDGED ENTITY" AND, COLLECTIVELY, THE "PLEDGED ENTITIES") AND ALL OTHER ADDITIONAL EQUITY INTERESTS IN THE PLEDGED ENTITIES AND OTHER RIGHTS SUBSEQUENTLY ACQUIRED BY EITHER DEBTOR IN RESPECT OF SUCH EQUITY INTERESTS (WHETHER IN CONNECTION WITH ANY CAPITAL INCREASE, RECAPITALIZATION, RECLASSIFICATION OR REORGANIZATION OF THE PLEDGED ENTITY OR OTHERWISE); (B) ALL CERTIFICATES, INSTRUMENTS OR OTHER WRITINGS REPRESENTING OR EVIDENCING SUCH INTEREST AND ALL ACCOUNTS ARISING OUT OF, OR IN CONNECTION WITH, SUCH INTERESTS; (C) ALL RIGHTS, PRIVILEGES, GENERAL INTANGIBLES, PAYMENT INTANGIBLES, VOTING RIGHTS, AUTHORITY AND POWER ARISING FROM SUCH INTERESTS; (D) ANY AND ALL MONEYS OR PROPERTY DUE AND TO BECOME DUE TO EITHER DEBTOR NOW OR IN THE FUTURE IN RESPECT OF SUCH EQUITY INTERESTS, OR TO WHICH EITHER DEBTOR MAY NOW OR IN THE FUTURE BE ENTITLED IN ITS CAPACITY AS A MEMBER OR OWNER OF ANY PLEDGED ENTITY, WHETHER BY WAY OF A DIVIDEND, DISTRIBUTION, RETURN OF CAPITAL OR OTHERWISE; (E) TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH DEBTOR'S RIGHT, IF ANY, IN EACH PLEDGED ENTITY PURSUANT TO ANY ORGANIZATIONAL DOCUMENT, INCLUDING ANY OPERATING AGREEMENT; (F) ALL OTHER CLAIMS WHICH DEBTOR HAS OR MAY IN THE FUTURE ACQUIRE IN ITS CAPACITY AS A MEMBER OR OWNER OF ANY PLEDGED ENTITY AND ITS PROPERTY; AND (G) TO THE EXTENT

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

NOT OTHERWISE INCLUDED, ALL PRODUCTS AND PROCEEDS OF, AND SUBSTITUTIONS OR REPLACEMENTS FOR, ANY OR ALL OF THE FOREGOING.

39.     Contemporaneous with the Loan Agreement, the Plaintiffs entered into an Intercreditor Agreement with an existing lender. *See* **Exhibit J**.

40.     All of the aforementioned various documents (collectively, the "Loan Documents") were executed and came into full force and effect upon such execution and the funding of the Loan and receipt by Karma of Broward and Karma of Palm Beach of the Loan proceeds in the aggregate principal amount of Seven Million Five Hundred Thousand and No/100 Dollars ($7,500,000.00).

B.     FARACHE'S PARTICIPATION IN THE DUE DILIGENCE ASSURANCES INDUCING THE APPROVAL OF THE LOAN AND THE KNOWLEDGE OF FARACHE OF THE PLAINTIFFS' SECURITY INTERESTS IN THE COLLATERAL AUTOMOBILES.

41.     Defendant Farache is well known to the Zankl's. In fact, as above stated, Farache and Scott Zankl have been co-owners of Defendant Excell since 2016. Further, Farache and his wife, Lisa Farache, are the owners of 1001 Clint Moore, LLC (Karma of Palm Beach's "Landlord"), which company serves as the landlord of Karma of Palm Beach.

42.     Farache and Lisa Farache were fully aware of the Plaintiffs' due diligence inquiries and security interest requirements, and participated in, and agreed to, the Plaintiffs' requirements of the Landlord entity as a condition of the Plaintiffs agreeing to enter into the loan transaction. *See* **Exhibit K** (affixing a letter from Lisa Farache, as manager of 1001 Clint Moore, LLC, which directs further communication regarding the matter to, *inter alia*, Farache) [hereinafter, the "Landlord's Waiver and Consent"].

43.     Specifically, Lisa Farache, as the Landlord's manager, with the knowledge of Defendant Farache, was requested by the Plaintiffs to, and did, execute a landlord's waiver and consent expressly regarding the loan and entitled: "Re: Loan to Karma of Palm Beach, Inc./Karma of Broward, Inc.[,]" **Exhibit K**, in which:

    a.  Farache's Landlord company declares its understanding that Karma of Broward and Karma of Palm Beach are attempting to obtain funding from the Plaintiffs, and that, as a condition of the Loan, the Plaintiffs require Farache's Landlord company's agreement that Farache's Landlord company will allow FVP Servicing access to

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

Karma of Palm Beach in the event of a default of the subject lease for the purposes of allowing the Plaintiffs to retrieve their Collateral, thereby establishing Farache's understanding that the Plaintiffs, not Farache, had a first right to the Collateral;

b.  Farache's Landlord company agreed to allow the Plaintiffs access to the premises to retrieve their collateral under circumstances separate and apart from a default of the subject lease; and, finally,

c.  Farache's Landlord company declares that neither it, nor any of its members, *"will in any way either directly, or indirectly, receive any consideration by virtue of the [L]oan . . . ."* Id. (emphasis added).

C.    THE ZANKL'S AND FARACHE CONSPIRE TO DEFRAUD, AND DEFRAUD, THE PLAINTIFFS.

44.    Frank O'Donnell of Biltmore Consultants ("O'Donnell") is an agent of the Defendants and assumed the obligation to the Plaintiffs to confirm inventory, who, together with his colleagues, monitored the inventory of Karma of Broward and Karma of Palm Beach.

45.    On April 7, 2022, at or around 11:39 A.M., O'Donnell was advised by a telephone call that, earlier that morning, Farache and his brothers removed thirty-five (35) automobiles off of the lot of Karma of Palm Beach, all of which represented the Plaintiffs' collateral for the loan and all of which Farache was fully aware were the Plaintiffs' collateral for the loan. It was only on April 10, 2022 that the Plaintiffs learned through the investigation of their private investigator that the vehicles were removed on April 1, 2022.

46.    O'Donnell was further advised on the call that Karma of Broward's show room was closed, and its doors chained up.

47.    O'Donnell, at this juncture, was unable to reach Scott Zankl despite his numerous attempts, but Scott Zankl finally texted O'Donnell: "Bunch of fucking rumors we will sit and talk when you get in" and "not true."

48.    Aside from communicating to the Plaintiffs that there was "a lot of stuff" going on and that he would call the Plaintiffs as soon as he was finished meeting with his attorneys, Scott Zankl has refused all of the Plaintiffs' inquiries and requests concerning their collateral.

49.    After repeated attempts to communicate went unanswered, and with the Plaintiffs'

representatives having observed numerous of their collateral automobiles missing from the lots of both Karma of Broward and Karma of Palm Beach, the Plaintiffs notified Scott Zankl, Kristen Zankl, Karma of Broward and Karma of Palm Beach of their default, **Exhibit M,** and immediately retained a private investigator with federal law enforcement experience to attempt to determine what happened to Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl, and what happened to the Plaintiffs' collateral automobiles.

50.    The private investigator hired by the Plaintiffs, coincidentally, was personally known to the Zankl's. After contacting Scott Zankl and gaining his trust, Scott Zankl gave several statements to the investigator regarding the events that occurred with Defendant Farache and the collateral automobiles. Scott Zankl told the investigator:

a.    That the Zankl's were indebted to Farache from past loans which were years old.

b.    That Farache had threatened the life of Scott Zankl.

c.    That Farache had threatened to make Scott Zankl "disappear" if he did not turn over to him the Plaintiffs' collateral.

d.    That both Scott Zankl and Kristen Zankl were petrified of Farache.

e.    That Farache had told them that he was associated with Israeli intelligence and criminal underworld figures, and that he was a very dangerous person.

f.    That Farache sent thugs to the business location to intimidate the Zankl's.

g.    That Scott Zankl and Kristen Zankl believed the threats.

h.    That Farache appeared at the Karma of Palm Beach location on April 1, 2022 and told the Zankl's that Scott Zankl would "disappear" if they did not give Farache every car and their titles and keys.

i.    That in extreme fear for their lives, the Zankl's turned over all of the Plaintiffs' collateral automobiles, keys and titles on the lot to Farache, and that Kristen Zankl signed a document produced by Farache, **Exhibit L**, which on its face indicates that it is "collateral" for the money owed to Farache by the Zankl's**.**

j.    That **Exhibit L** was signed under direct threat to the life of Scott Zankl.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

k. That the Zankl's considered that Farache stole the Plaintiffs' collateral automobiles by threat.

l. That the Zankl's were afraid to report the matter to the police because they feared that Farache would get revenge and that the police could not protect them.

m. That neither Scott Zankl or Kristen Zankl had any of the $7.5 million loaned to them by the Plaintiffs eight (8) weeks prior, and that Farache now had all of the vehicles which were purchased with the Plaintiffs' loaned funds.

n. That on April 8, 2022, the Zankl's reported to the police that Farache had, in fact, stolen the vehicles through extortion the week prior. *Boca Raton Police Department – Report Case No.: 22-4685.*

51. On April 9, 2022 at 3:00 P.M., undersigned counsel emailed counsel for Defendant Farache and demanded the return of the Plaintiffs' collateral, an accounting and the location of the vehicles.

52. On April 9, 2022 at 7:30 pm, undersigned counsel was advised by the Plaintiffs' investigator that Defendant Farache appeared at the location of Karma of Broward and attempted to take possession of even more vehicles illegally and without court process. The police were called and Defendant Farache left the facility.

53. The facts, by logical deduction, establish that either: (a) due to the long history of the relationship between Scott Zankl, Kristen Zankl and Farache, and co-ownership of at least one company – Defendant Excell Auto, **Exhibit P**, they jointly conspired and committed a fraud by inducing the Plaintiffs into making the Loan when their intention was to use its proceeds to satisfy the Zankl's obligations to Farache and his companies, as is alleged in this Complaint; or, alternatively, (b) Farache actually threatened Scott Zankl and Kristen Zankl with physical harm and death, directly resulting in them giving Farache title to the Plaintiffs' collateral by extortion.

54. In either event, there is rampant lawlessness afoot with civil fraud at a minimum and felonious extortion as a maximum, and the immediate intervention of this Honorable Court is required to protect the very substantial collateral assets of the Plaintiff.

55. All conditions precedent have occurred or have been waived.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

## VERIFICATION OF PLEADING

I, Keith Lee, as an authorized officer of all of the Plaintiffs, hereby swear and affirm that

the statements and representations made herein are true and correct.

*Keith Y Lee*

Keith Lee

STATE OF    Florida    )

COUNTY OF    Broward    )

The foregoing instrument was acknowledged before me on April 10th , 2022 by Keith Lee, in his authorized capacity for the FVP Fund, FVP Investments and FVP Servicing, who is personally known to me ( ) or ✔ who produced a New York driver's license as identification, and who did  take an oath and having acknowledged that each has executed this document for the purposes stated therein.

Notary Public *Peta-Gaye Anderson*

03/09/2025

My commission expires

Peta-Gaye Anderson

PETA-GAYE ANDERSON
**Notary Public - State of Florida**
Commission # HH 102153
**Expires on** March 9, 2025

Type of ID produced: NY DRIVER LICENSE/MFA

Notarized online using audio-video communication

**BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW**
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
**PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM**
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

## COUNT I
## FRAUD
### AGAINST KARMA OF BROWARD, KARMA OF PALM BEACH, SCOTT ZANKL, KRISTEN ZANKL AND FARACHE

56.     The Plaintiffs reallege paragraphs 1 through 55 as if fully restated within this Count, and further allege:

57.     During the due diligence preceding the Loan and continuing through the time of the filing of this Complaint, material representations were made to the Plaintiffs as follows:

a.     Scott Zankl, Kristin Zankl, Karma of Broward and Karma of Palm Beach represented in the Loan Agreement that Karma of Broward and Karma of Palm Beach would expressly use the Loan proceeds "for purposes of purchasing exotic car inventory for Palm Beach and Broward, paying transaction costs and expenses incurred in connection [t]herewith, for general working capital purposes [] and other purposes expressly permitted [t]hereunder[,]" **Exhibit B** at 1;

b.     Scott Zankl, Kristin Zankl, Karma of Broward and Karma of Palm Beach represented that they owned what would become the Plaintiffs' collateral free and clear of all encumbrances, **Exhibit F** at §§ 2.2, Schedules 2.1, 2.7-2.8, 2.12, and that, *inter alia*, the collateral would serve as a continuing security interest to secure the prompt payment and performance of the Loan, *see generally* **Exhibits A-G**; and

c.     Farache, including through a document signed by his wife as Manager of the Landlord company, of which he is the beneficial owner, which expressly directed correspondence regarding it to him, expressly acknowledged the Plaintiffs' security interest in the collateral and represented that he would not interfere with the Plaintiffs' rights relative the collateral. *See* **Exhibit K.**

58.     The representations of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache were not true when made and were an intentional and willful misstatement of fact or facts that Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache knew or should have known that the Plaintiffs would rely on to their detriment.

59.     The representations of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache were for the express purpose of enticing the Plaintiffs to loan money to

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

Karma of Broward and Karma of Palm Beach so that Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache could convert the funds to their own purposes and cheat the Plaintiffs out of their loaned funds and collateral.

60.     Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache made misrepresentations of material facts. Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache knew or should have known of their falsity.

61.     Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache had the intent that the representations would induce the Plaintiffs to rely and act on them.

62.     The actions of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache constitute fraud.

63.     As a direct and proximate result of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache's fraud, the Plaintiffs have been damaged in an amount within the jurisdictional limits of this Court.

64.     The Plaintiffs have been damaged in a liquidated amount of the sums due under the Loan Agreement, Promissory Notes and related Loan Documents – the sum of $7,500,000.00, plus penalties and interest calculated at the maximum rate under Florida law.

WHEREFORE, the Plaintiffs demand judgment against Defendants Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache for an amount within the jurisdictional limits of this Court, as well as any other and further injunctive and/or equitable relief as this Court deems just and proper in order to do justice, and respectfully reserve the right to amend this Complaint to demand punitive damages and to join other parties similarly situated, if and as required.

## COUNT II
### FRAUDULENT TRANSFER – FL. STAT. §§ 726.105, ET. SEQ.
#### AGAINST KARMA OF BROWARD, KARMA OF PALM BEACH,
#### SCOTT ZANKL, KRISTEN ZANKL, FARACHE, AWB AND MMS

65.     The Plaintiffs reallege paragraphs 1 through 55 as if fully restated within this Count, and further allege that:

66.     This is a claim to avoid and recover fraudulent transfers pursuant to Section

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

726.105(1)(a)-(b) of the Florida Statutes, and to hold the transferees liable for damages under Florida law.

67. There existed creditors, in the Plaintiffs, to be defrauded, and debtors, in Defendants Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl, who intended to commit a fraud.

68. Scott Zankl, Kristin Zankl, Karma of Broward and Karma of Palm Beach represented that Karma of Broward and Karma of Palm Beach would expressly use the Loan proceeds "for purposes of purchasing exotic car inventory for Palm Beach and Broward, paying transaction costs and expenses incurred in connection herewith, for general working capital purposes [] and other purposes expressly permitted hereunder." **Exhibit B** at 1.

69. Scott Zankl, Kristin Zankl, Karma of Broward and Karma of Palm Beach represented that they owned the Plaintiffs' collateral free and clear of all encumbrances, **Exhibit E** at §§ 2.2, Schedules 2.1, 2.7-2.8, 2.12, and that, *inter alia*, the Plaintiffs' collateral would serve as a continuing security interest to secure the prompt payment and performance of the Loan. *See generally* **Exhibits A-G**.

70. Farache, including through a document signed by his wife as Manager of the Landlord company, of which he is the beneficial owner, on which he was expressly copied, acknowledged the Plaintiffs' security interest in the Collateral and represented that he would not interfere with the Plaintiffs' rights relative to it. *See* **Exhibit K**.

71. These representations by Scott Zankl, Kristin Zankl, Karma of Broward, Karma of Palm Beach and Farache were and are false and intentionally false.

72. Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristin Zankl and Farache combined and conspired to defraud the Plaintiffs and to fraudulently transfer assets outside of the Plaintiffs control and reach.

73. In justifiable reliance on the false representations of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache, the Plaintiffs actually made the Loan to Karma of Broward and Karma of Palm Beach, fully secured by the Plaintiffs' collateral.

74. The Plaintiffs have a claim against Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl, Farache, AWB and MMS as defined under Florida's Fraudulent Transfer Act,

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

and such claim existed on the date Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl, Farache, AWB and MMS unlawfully transferred and took the Plaintiffs' collateral.

75.     At the time of the transfer of the Plaintiffs' collateral to Farache, AWB and MMS, the Plaintiffs were a "creditor" of Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl as defined under Florida's Fraudulent Transfer Act.

76.     Any transfer to Farache, AWB or MMS, or third parties unknown to the Plaintiffs, were made with the actual intent of hindering, delaying or defrauding creditors, including the Plaintiffs.

77.     At the time of the transfers described in this Count, Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl had incurred or intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

78.     As a result of Farache, AWB and MMS' actions in removing the Plaintiffs' collateral from the control of Karma of Broward and Karma of Palm Beach, the Plaintiffs hold "claims" against Farache, AWB and MMS, as Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl were "debtors" of the Plaintiffs under Florida's Uniform Fraudulent Transfer Act, § 726.101, et seq., Florida Statutes.

79.     These fraudulent transfers could have, and were expressly intended to, be applicable to payment of debt due to the Plaintiffs under the Loan Documents.

80.     These transfers constitute "transfers" within the meaning of Florida's Uniform Fraudulent Transfer Act.

81.     Accordingly, Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl's transfers of the Plaintiffs' collateral to Farache, AWB and MMS are avoidable and recoverable by the Plaintiffs pursuant to Chapter 726 of the Florida Statutes.

82.     The Plaintiffs seek all remedies available under Section 726.108 of the Florida Statutes, including:

> (a)   avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
>
> (b)   an attachment or other provisional remedy against the asset transferred or

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

other property of the transferee in accordance with applicable law;

(c)    subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

1.    an injunction against further disposition by the debtor or a transferee, or both, of the assets transferred or of other property;

2.    appointment of a receiver to take charge of the assets transferred, or of other property of the transferee; or

3.    any other relief the circumstances may require.

83.    The Plaintiffs demand all damages and remedies under the law against the fraudulent transferees.

84.    The Plaintiffs reserve the right to amend this Complaint to name individual third parties, or officers of AWB or MMS, as transferees under Florida's Uniform Fraudulent Transfer Act.

WHEREFORE, the Plaintiffs demand judgment against Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl, Farache, AWB and MMS setting aside and avoiding the transfers described above, for monetary damages within the jurisdiction of this Honorable Court, and for injunctive relief and the appointment of a receiver and granting such other and further relief as the Court deems appropriate.

## COUNT III
## INJUNCTIVE RELIEF
### AGAINST ALL DEFENDANTS

85.    The Plaintiffs reallege paragraphs 1 through 55 as if fully restated within this Count, and further allege that:

86.    The Plaintiffs possess a security interest in their collateral transferred by Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl to Farache, AWB and MMS, and others known and unknown to the Plaintiffs. *See* **Exhibits A-G**.

87.    Should this Court not act to prevent the Defendants from continuing to dispose of, and seize and safeguard, the Plaintiffs' collateral which was unlawfully transferred to Farache, AWB and MMS, and others known and unknown to the Plaintiffs, and return the parties to the *status quo ante*, the Plaintiffs will continue to suffer immediate and irreparable harm, which they already have suffered.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

88. The Plaintiffs' collateral is unique and not subject to replacement.

89. The Plaintiffs have a clear legal right to all of the benefits associated with possessing security interests in, and filing UCC financing statements relative to, the Collateral, and thus a clear legal right to the requested relief.

90. The Plaintiffs have no adequate remedy at law, as their collateral is unique and at risk of being further disposed.

91. Irreparable injury will befall the Plaintiffs if the injunction is not granted.

92. The public interest will not be disserved by the issuance of a temporary or final injunction.

93. The injunction will prejudice no party and will simply preserve the lawful *status quo* prior to the unlawful disposition of the Plaintiffs' collateral as detailed herein.

94. The Plaintiffs are prepared to post a reasonable bond. However, the bond should be minimal as the only injunctive relief sought is to secure the Plaintiffs' collateral which was unlawfully disposed.

95. This matter is urgent, and the Plaintiffs request that this matter be advanced on the Court's calendar as their collateral is at significant risk of being further disposed.

96. The Plaintiffs request that the Court order that the Plaintiffs' Collateral taken by Farache, AWB and MMS be returned to a secure location, and that no further collateral of the Plaintiffs may further be removed or effected in any way by any of the Defendants.

WHEREFORE, it is requested that this Honorable Court:

A. Enter its permanent injunction ordering the Plaintiffs' collateral taken by Farache, AWB and MMS to be returned to a secure location and safeguarded under the authority of the Court, and enjoining all of the Defendants from taking any further action relative to the Plaintiffs' collateral or effecting, in any way, the Plaintiffs' collateral.

B. Enter such other orders as may be needed to do equity and justice.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

## COUNT IV
## CONSPIRACY TO COMMIT FRAUD
### AGAINST DEFENDANTS SCOTT ZANKL, KRISTIN ZANKL AND FARACHE

97. The Plaintiffs reallege paragraphs 1 through 55 as if fully set forth herein, and further allege:

98. This is an action for civil conspiracy seeking damages in excess of $30,000, exclusive of interest, attorneys' fees and costs.

99. Defendants Scott Zankl, Kristin Zankl and Farache secretly acted in concert to develop and pursue the scheme detailed above in this Complaint to fraudulently induce the Plaintiffs into loan facility agreements for the sole purpose of defrauding the Plaintiffs and stealing their money.

100. Defendants Scott Zankl, Kristin Zankl and Farache, and other conspirators currently unknown to the Plaintiffs, acted in concert in making material misrepresentations and withholding material information, knowing that each had a duty to reveal as pled in this Complaint.

101. Defendants Scott Zankl, Kristin Zankl and Farache, and other conspirators currently unknown to the Plaintiffs, unlawfully combined and conspired among themselves, and did take, use, convert and steal the collateral of the Plaintiffs.

102. At all times as outlined in this Complaint, the Plaintiffs were defrauded creditors of Karma of Broward, Karma of Palm Beach, Scott Zankl and Kristen Zankl.

103. The acts of Defendants Scott Zankl, Kristin Zankl and Farache constitute a civil conspiracy in violation of Florida law.

104. Defendants Scott Zankl, Kristin Zankl and Farache had a personal stake in the scheme of the conspirators which was more than incidental and motivated by personal bias.

105. Defendants Scott Zankl, Kristin Zankl and Farache had a personal stake in the scheme of the conspirators that was separate and distinct from their corporate interests.

106. As a direct and proximate result of the civil conspiracy to take, use, convert and steal the assets and collateral of the Plaintiffs, the Plaintiffs have been damaged in an amount within the jurisdictional limits of this Court.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

WHEREFORE, the Plaintiffs demands judgment against Defendants Scott Zankl, Kristin Zankl and Farache for an amount within the jurisdictional limits of this Court, and respectfully reserve the right to amend this Complaint to demand punitive damages and join other parties similarly situated, if and as required.

**COUNT V**
**BREACH OF CONTRACT – LOAN AGREEMENT**
**AGAINST KARMA OF BROWARD AND KARMA OF PALM BEACH**

107.     The Plaintiffs reallege paragraphs 1 through 55 as if fully restated herein, and further allege:

108.     The Plaintiffs and Defendants Karma of Broward and Karma of Palm Beach entered into the Loan Agreement. *See* **Exhibit B**.

109.     The Loan Agreement imposed obligations on the parties to it.

110.     The Plaintiffs complied with all of its duties and obligations under the Loan Agreement.

111.     Defendants Karma of Broward and Karma of Palm Beach materially breached their duties and obligations under the Loan Agreement.

112.     As a direct and proximate result of the aforedescribed breaches of the Loan Agreement, the Plaintiffs have sustained direct and consequential monetary damages in an amount in excess of the jurisdictional limits of this Court; and the Plaintiffs' damages are continuing and ongoing, and such damages continue to accrue on a daily basis.

113.     As a direct and proximate result of the aforedescribed breach of the Loan Agreement, the Plaintiffs have sustained direct and consequential monetary damages in addition to any other damages set forth in the Loan Agreement or permitted at law or in equity, and all of the Plaintiffs' expenses incurred with respect to such default, including reasonable attorneys' fees, money expended in reliance on the contract and lost business opportunity.

114.     The Plaintiffs demand all damages available under the Loan Agreement and Florida law.

115.     The Plaintiffs were required to retain undersigned counsel to prosecute this action

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

and have agreed to pay undersigned counsel a reasonable fee.

116. The Plaintiffs demands attorney's fees and costs pursuant to the Loan Agreement between the parties.

WHEREFORE, the Plaintiffs demand judgment against Defendants Karma of Broward and Karma of Palm Beach for an amount within the jurisdictional limits of this Court, court costs, attorney's fees, and prejudgment interest; and additionally demand any other and further injunctive and/or equitable relief as this Court deems just and proper in order to do justice.

**COUNT VI**
**BREACH OF CONTRACT – DEFAULT OF FVP INVESTMENTS NOTE**
**FVP INVESTMENTS AGAINST**
**KARMA OF BROWARD AND KARMA OF PALM BEACH**

117. Plaintiff FVP Investments realleges paragraphs 1 through 55 as if fully set forth herein, and further alleges:

118. Plaintiff FVP Investments, as holder, and Defendants Karma of Broward and Karma of Palm Beach, as Makers, entered into the FVP Investments Note. *See* **Exhibit C**.

119. The FVP Investments Note imposed duties and obligations on Defendants Karma of Broward and Karma of Palm Beach.

120. Plaintiff FVP Investments owns and holds the FVP Investments Note.

121. Defendants Karma of Broward and Karma of Palm Beach failed to pay when due and after demand and defaulted on the FVP Investments Note.

122. Defendants Karma of Broward and Karma of Palm Beach owe Plaintiff FVP Investments unpaid principal plus default interest at the rate defined in the FVP Investments Note, plus any advances made by Plaintiff FVP Investments against the FVP Investments Note, along with all associated fees and penalties.

123. Plaintiff FVP Investments has been required to retain the services of the undersigned attorneys to prosecute this claim, and therefore is entitled to attorney's fees and costs in addition to default interest and other damages.

124. Plaintiff FVP Investments demands attorney's fees and costs pursuant to the terms of the FVP Investments Note and the related Loan Documents between the parties.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

WHEREFORE, Plaintiff FVP Investments demands judgment against Defendants Karma of Broward and Karma of Palm Beach for an amount within the jurisdictional limits of this Court, court costs, attorney's fees, and prejudgment interest and default interest; and additionally demands any other and further injunctive and/or equitable relief as this Court deems just and proper in order to do justice.

**COUNT VII**
**BREACH OF CONTRACT – DEFAULT OF FVP FUND NOTE**
**FVP OPPORTUNITY FUND AGAINST**
**KARMA OF BROWARD AND KARMA OF PALM BEACH**

125.    Plaintiff the FVP Fund realleges paragraphs 1 through 55 as if fully set forth herein, and further alleges:

126.    Plaintiff FVP Fund, as holder, and Defendants Karma of Broward and Karma of Palm Beach, as makers, entered into the FVP Fund Note. *See* **Exhibit D**.

127.    The FVP Fund Note imposed duties and obligations on Defendants Karma of Broward and Karma of Palm Beach.

128.    Plaintiff FVP Fund owns and holds the FVP Fund Note.

129.    Defendants Karma of Broward and Karma of Palm Beach failed to pay when due and after demand and defaulted on the FVP Fund Note.

130.    Defendants Karma of Broward and Karma of Palm Beach owe Plaintiff the FVP Fund unpaid principal plus default interest at the rate defined in the note, plus any advances made by Plaintiff the FVP Fund against the FVP Fund Note, along with all associated fees and penalties.

131.    Plaintiff the FVP Fund has been required to retain the services of the undersigned attorneys to prosecute this claim and therefore is entitled to attorney's fees and costs in addition to default interest and other damages.

132.    Plaintiff the FVP Fund demands attorney's fees and costs pursuant to the terms of the FVP Fund Note and the Loan Documents between the parties.

WHEREFORE, Plaintiff the FVP Fund demands judgment against Defendants Karma of Broward and Karma of Palm Beach for an amount within the jurisdictional limits of this Court, court costs, attorney's fees, and prejudgment interest and default interest; and additionally

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

demands any other and further injunctive and/or equitable relief as this Court deems just and proper in order to do justice.

**COUNT VIII**
**BREACH OF CONTRACT – GUARANTY AGREEMENT**
**FVP SERVICING AGAINST SCOTT ZANKL AND KRISTEN ZANKL**

133.    Plaintiff FVP Servicing realleges paragraphs 1 through 55 as if fully set forth herein, and further alleges:

134.    Plaintiff FVP Servicing and Defendants Scott Zankl and Kristen Zankl entered into the Guaranty Agreement. *See* **Exhibit E**.

135.    The Guaranty Agreement imposed duties and obligations on Defendants Scott Zankl and Kristen Zankl.

136.    Plaintiff FVP Servicing complied with all obligations under the Guaranty Agreement.

137.    Defendants Scott Zankl and Kristen Zankl failed to pay when due and after demand and defaulted on the Guaranty Agreement.

138.    Defendants Scott Zankl and Kristen Zankl owe the Plaintiffs unpaid principal plus default interest at the rate defined in the guaranteed obligations, plus other costs and expenses defined in the Guaranty Agreement.

139.    Plaintiff FVP Servicing has been required to retain the services of the undersigned attorneys to prosecute this claim and therefore is entitled to attorney's fees and costs in addition to the sums due the Plaintiffs under the Guaranty Agreement.

140.    Plaintiff FVP Servicing demands attorney's fees and costs pursuant to the terms of the Guaranty Agreement and the Loan Documents.

WHEREFORE, Plaintiff FVP Servicing demands judgment against Defendants Scott Zankl and Kristen Zankl for an amount within the jurisdictional limits of this Court, court costs, attorney's fees, and prejudgment interest and default interest; and additionally demands any other and further injunctive and/or equitable relief as this Court deems just and proper in order to do justice.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

<u>COUNT IX</u>
<u>BREACH OF CONTRACT – SECURITY AGREEMENT</u>
<u>FVP SERVICING</u>
<u>AGAINST KARMA OF BROWARD AND KARMA OF PALM BEACH</u>

141.    FVP Servicing realleges paragraphs 1 through 55 as if fully set forth herein, and further allege:

142.    FVP Servicing and Defendants Karma of Broward and Karma of Palm Beach entered into the Security Agreement. *See* **Exhibit F**.

143.    The Security Agreement imposed obligations on the parties to it.

144.    The Plaintiffs complied with all of their duties and obligations under the Security Agreement.

145.    Defendants Karma of Broward and Karma of Palm Beach materially breached their duties and obligations under the Security Agreement.

146.    As a direct and proximate result of the aforedescribed breaches of the Security Agreement, the Plaintiffs have sustained direct and consequential monetary damages in an amount in excess of the jurisdictional limits of this Court; and the Plaintiffs' damages are continuing and ongoing, and such damages continue to accrue on a daily basis.

147.    As a direct and proximate result of the aforedescribed breach of the Security Agreement, the Plaintiffs have sustained direct and consequential monetary damages in addition to any other damages set forth in the Security Agreement or permitted at law or in equity, and all of the Plaintiffs' expenses incurred with respect to such default, including reasonable attorneys' fees, money expended in reliance on the contract and lost business opportunity.

148.    FVP Servicing demands all damages available under the Security Agreement and Florida law.

149.    FVP Servicing was required to retain undersigned counsel to prosecute this action and have agreed to pay undersigned counsel a reasonable fee.

150.    FVP Servicing demands attorney's fees and costs pursuant to the Security Agreement between the parties.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

WHEREFORE, FVP Servicing demands judgment against Defendants Karma of Broward and Karma of Palm Beach for an amount within the jurisdictional limits of this Court, court costs, attorney's fees, and prejudgment interest; and additionally demands any other and further injunctive and/or equitable relief as this Court deems just and proper in order to do justice.

**COUNT X**
**FORECLOSURE OF SECURITY INTERESTS**
**AGAINST KARMA OF BROWARD, KARMA OF PALM BEACH,**
**EXCELL AUTO SPORT AND SERVICE, INC., EXCELL AUTO FINANCE, LLC,**
**SCOTT ZANKL AND KRISTEN ZANKL**

151. The Plaintiffs reallege paragraphs 1 through 55 as if fully stated herein, and further allege:

152. This is an action to foreclose the Plaintiffs' security interest and lien in their collateral owned by the obligor Defendants Scott Zankl, Kristen Zankl, Karma of Broward, Karma of Palm Beach, Excell Auto Sport And Service, Inc., and Excell Auto Finance, LLC. (collectively, the "Obligors") as outlined in the Loan Documents.

153. The Obligors entered into the Loan Agreement, **Exhibit B**, the Security Agreement, **Exhibit F**, the Guaranty, **Exhibit E**, and the Pledge Agreement, **Exhibit G**. (collectively, for purposes of this Count only, the "Loan Documents").

154. The Obligors have defaulted in their obligations under the Loan Documents.

155. The Plaintiffs declare all sums due under the Loan Documents.

156. The Obligors' obligations are secured, *inter alia*, by the Plaintiffs' collateral, defined in the Loan Documents as being appropriately foreclosed to satisfy the full amount of the Obligors' indebtedness to the Plaintiffs.

157. The Obligors may claim some right, title, or interest in and to the Plaintiffs' collateral, but any such interest is subordinate and inferior to that of the Plaintiffs.

158. The Plaintiffs demand a judgment of foreclosure of the security interests of the Plaintiffs in the Collateral.

159. The Collateral does not include residential real property.

160. The Plaintiffs were required to retain undersigned counsel to prosecute this action

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

and have agreed to pay undersigned counsel a reasonable fee.

161. The Plaintiffs demand attorney's fees and costs pursuant to the Loan Documents between the parties.

WHEREFORE, the Plaintiffs requests a judgment against Defendants Scott Zankl, Kristen Zankl, Karma of Broward, Karma of Palm Beach, Excell Auto Sport And Service, Inc., Excell Auto Finance, LLC, foreclosing their security interest and lien in the collateral, pursuant to the Loan Documents evidencing the Obligations, and any other claims of lien, and if proceeds of such are insufficient to fully satisfy the Obligations, a deficiency judgment against Scott Zankl, Kristen Zankl, Karma of Broward and Karma of Palm Beach, and any other relief the court deems proper.

## COUNT XI
## REPLEVIN
### AGAINST FARACHE, AWB AND MMS

162. The Plaintiffs reallege paragraphs 1 through 55 as if fully restated within this Count, and further allege that:

163. This is an action for replevin under Chapter 78 of the Florida Statutes by the Plaintiffs against Farache, AWB and MSS.

164. A description of the claimed property that is sufficient to make possible its identification and a requisite statement, to the best knowledge, information and belief of the Plaintiffs, is that it is the Plaintiffs' Collateral, as defined and detailed in this pleading, the Security Agreement and the UCC financing statements. *See* **Exhibits A-G**.

165. The value of such property, rights and assets is in excess of the Loan's aggregate principal amount of Seven Million Five Hundred Thousand and No/100 Dollars ($7,500,000.00).

166. The location of at least some of the Plaintiffs' collateral, upon information and belief, is at various locations in Palm Beach County, Florida owned or otherwise controlled, at least beneficially, by Farache, and other locations unknown to the Plaintiffs at this time.

167. The Plaintiffs have a clear right to their collateral and are entitled to possession of it.

168. The Plaintiffs' collateral, in part, has been wrongfully detained by Farache, AWB and MMS.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

169.    The means by which Farache came into possession of the Plaintiffs' collateral were unlawful, fraudulent and the result of threats and extortion.

170.    The Plaintiffs' collateral has not been taken for a tax, assessment or fine pursuant to law.

171.    The Plaintiffs' collateral has not been taken under an execution of an attachment against the property of the Plaintiffs.

172.    The Plaintiffs demanded the turnover of their collateral from Farache and his companies' possession, but Farache and his companies, through their attorney, refuse to return it.

173.    The Plaintiffs are entitled to recover from Defendants Farache, AWB and MMS all of the Plaintiffs' collateral in their possession, wherever located.

WHEREFORE, the Plaintiffs demand judgment against Defendants Farache, AWB and MMS ordering Farache, AWB and MMS to return to the Plaintiffs all of the Plaintiffs' collateral in their possession and/or a writ of replevin as required, and such other and further emergency injunctive and/or equitable relief as this Court deems just and proper.

## COUNT XII
## FRAUD IN THE INDUCEMENT –
## LOAN AGREEMENT, GUARANTY,
## PROMISSORY NOTES, SECURITY AGREEMENT, PLEDGE AGREEMENT
### AGAINST KARMA OF BROWARD, KARMA OF PALM BEACH,
### SCOTT ZANKL, KRISTEN ZANKL AND FARACHE

174.    The Plaintiffs reallege paragraphs 1 through 55 as if fully restated within this Count, and further allege:

175.    During the due diligence preceding the Loan and continuing through the time of the filing of this Complaint, representations were made to the Plaintiffs as follows:

a.    Scott Zankl, Kristin Zankl, Karma of Broward and Karma of Palm Beach represented that Karma of Broward and Karma of Palm Beach would expressly use the Loan proceeds "for purposes of purchasing exotic car inventory for Palm Beach and Broward, paying transaction costs and expenses incurred in connection herewith, for general working capital purposes [] and other purposes expressly permitted hereunder[,]" **Exhibit B** at 1;

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

b. Scott Zankl, Kristin, Karma of Broward and Karma of Palm Beach represented that they owned the Plaintiffs' collateral free and clear of all encumbrances, **Exhibit F** at §§ 2.2, Schedules 2.1, 2.7-2.8, 2.12, and that, *inter alia*, the Plaintiffs' collateral would serve as a continuing security interest to secure the prompt payment and performance of the Loan, *see generally* **Exhibits A-G**; and

c. Farache, including through a document signed by his wife as Manager of the Landlord company, of which he is a beneficial owner, on which it was expressly indicated that future correspondence should be directed to Farache, expressly acknowledged the Plaintiffs' security interest in their collateral and represented that he would not interfere with the Plaintiffs' rights relative to it. *See* **Exhibit K.**

176. The representations of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache were not true when made and were an intentional and willful misstatement of fact or facts that Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache knew or should have known that the Plaintiffs would rely on to their detriment.

177. The representations of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache were for the express purpose of enticing the Plaintiffs to loan money to Karma of Broward and Karma of Palm Beach so that Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache could convert the funds to their own purposes and cheat the Plaintiffs out of their loaned funds and collateral.

178. Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache made misrepresentations of material facts. Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache knew or should have known of their falsity.

179. Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache had the intent that the representations would induce the Plaintiffs to rely and act on them.

180. The actions of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache constitute fraud.

181. In justifiable reliance on the misrepresentations of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache, the Plaintiffs executed the Loan Agreement, Promissory Notes, Guaranty, Security Agreement and Pledge. *See* Exhibits B-G.

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: eservice@richardbaronlaw.com
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RichardBaronLaw.com

182. But for the intentional and fraudulent misrepresentations of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache, the Plaintiffs would not have executed the Loan Agreement, Guaranty, Promissory Notes, Security Agreement and Pledge.

183. The Loan Agreement, Guaranty, Promissory Notes, Security Agreement and Pledge are a result of fraud.

184. As a direct and proximate result of the fraud in the inducement of Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache, the Plaintiffs have been damaged in an amount within the jurisdictional limits of this Court.

WHEREFORE, the Plaintiffs demand judgment against Karma of Broward, Karma of Palm Beach, Scott Zankl, Kristen Zankl and Farache for damages in an amount within the jurisdictional limits of this Court, as well as any other and further injunctive and/or equitable relief as this Court deems just and proper in order to do justice, and respectfully reserve the right to amend this Complaint to demand punitive damages and join other parties similarly situated, if and as required.

## **INCORPORATION OF EXHIBITS BY REFERENCE**

Pursuant to Fla. R. Civ. P. 1.130(a), the Plaintiffs adopt and incorporate indexed **Exhibits A through P** (collectively, the "Exhibits") filed of record by the Plaintiffs in this action contemporaneously herewith, and as part of this operative Complaint, by Notice of Filing, for ease of reference.

[ATTORNEY SUBMISSION ON FOLLOWING PAGE]

BARON, BRESLIN & SARMIENTO, ATTORNEYS AT LAW
THE DUPONT BUILDING, 169 EAST FLAGLER STREET, SUITE 700, MIAMI, FLORIDA 33131
PRIMARY EMAIL: ESERVICE@RICHARDBARONLAW.COM
TELEPHONE: (305) 577-4626 / TELEFAX: (305) 577-4630 / JERRY BRESLIN, ESQ., EMAIL - JB@RICHARDBARONLAW.COM

Respectfully submitted,

**Baron, Breslin & Sarmiento**
**Fl. Rule of Jud. Admin. 2.516 Notice**
**Primary email: EService@RichardBaronLaw.com**
**Secondary Email: JB@RichardBaronLaw.com**

**s/ Jerry Breslin**
*Filed of Record via Eportal*

Jerry Breslin Esq.
Fla. Bar # 269573
Email: JB@RichardBaronLaw.com
Baron, Breslin & Sarmiento, Attorneys at Law
The DuPont Building
169 East Flagler Street
Suite 700
Miami, Fl 33131
Tel.: 305-577-4626
Fax.: 305-577-4630
**/s/ Jonathan Noah Schwartz, Esq.**

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111
Doral, FL 33172
Tel.: (973) 936-2176
Fax: (786) 338-7435
E-mails: jschwartz@jonschwartzlaw.com
              JNSEsquire@gmail.com