UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                      Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,              Chapter 11 (Subch. V)

        Alleged Debtor.
_____/

**AMENDED DEBTOR'S OBJECTIONS TO CERTAIN EXHIBITS IDENTIFIED BY FVP
AND/OR DEREK STEPHENS REGARDING NOVEMBER 28, 2022 HEARING**

**HEARING DATE: November 28, 2022**
**TIME: 9:30 a.m.**
**MATTER: ECF No. 114 (Derek Stephens' Motion to Compel)**

Comes Now, Debtor, Auto Wholesale of Boca, LLC, by and through undersigned counsel and pursuant to the Court's *Order Setting Evidentiary Hearing on Motion for Turnover and to Abandon Title* [ECF No. 135] (the "*Scheduling Order*"), and pursuant to Local Rule 9070-1, files and serves this instant *Amended Debtor's Objections to Certain Exhibits Identified by FVP and/or Derek Stephens Regarding November 28, 2022 Hearing*, and states the following objections –

PRELIMINARY STATEMENT: On November 23rd, 2022, Derek Stephens filed both ECF #217 and #218 listing additional exhibits marked as Numbers 18 through 28, all of which are untimely per this Court's Scheduling Order and Local Rule 9070-1. Therefore, Debtor objects to all additional exhibits identified therein (*see* ECF No.'s 217-218) as untimely. Further, the following specific objections are made:

| FVP Exhibit No. | ECF No. | Basis of Objection/Legal Authority |
|---|---|---|
| 8 | 204-8 | 1. **Incomplete. This document is a partial copy of a title which had 2 pages, and FVP seeks to use only one, as the second page reflects endorsement to Debtor. The complete copy of this document is identified as Debtor's Exhibit 2A (at ECF 207-2).** |

| | | |
|---|---|---|
| | | Legal Authority: <br> 1) *See generally, FTC vs Williams, Scott & Associates, LLC*, 2015 WL 12856779 at *2 (N.D. Ga. Nov. 4, 2015) (partial and incomplete copies do not comply with Fed. Rules of Evidence 1001(e), 1002 and 1003 and cannot be admitted)**.** |
| 9 | 204-9 | Same Objections as above; and, additionally, these Exhibits contain **Hearsay and lack authentication**. <br> This is an email communication by a non-party to a non-party in this contested matter. <br><br> **Legal Authority**: <br> FRE 801 -802 (Hearsay) <br> This Exhibit contains hearsay as it is an out of court statement for which FVP wishes to use for the purpose of establishing the truth of the matters asserted therein. *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible).[1] <br><br> Lack of Authentication per Rule of Evidence 901. |
| 11 | 204-11 | **Hearsay** and **Lack of Authentication**. <br><br> Hearsay per Rule of Evidence 801- 802. These Exhibits contain hearsay as it is an out of court statement for which the proponent(s) wish to use for the purpose of establishing the truth of the matters asserted therein. *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible). <br><br> Hearsay within Hearsay <br> These text messages are also Hearsay Within Hearsay per Rule of Evidence 805 is inadmissible. *See, also, United Technologies Corp. vs Mazer*, 556 F.3d 1260, 1278 (11 th Cir. 2009) (hearsay within hearsay subject to an exception is not admissible). <br><br> Lack of Authentication per Rule of Evidence 901. |
| 12-16 | 208-1 through 208-5 | **Hearsay** and **Lack of Authentication**, Lack of Reliability <br><br> Hearsay per Rule of Evidence 802. These Exhibits contain hearsay, are not the records of any party in this contested |

[1] The Eleventh Circuit has adopted, as binding precedent, decisions of the Fifth Circuit handed down prior to October 1, 1981. *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

| | | matter, contain false data and unreliable material and are also cumulative in part and do not comply with FRE 1006.<br> *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible).<br>*See also, Peat Inc vs Vanguard Research*, 378 F.3d 1154, 1160 (11th Cir. 2004) (summary must still comply with hearsay rule and must be based upon materials which are admissible as evidence).<br><br>Lack of Authentication per Rule of Evidence 901. |
|---|---|---|
| Stephens' Exhibit No. | | |
| 6 | 206-6 | Same as Objection to FVP Ex 11 |
| 7 | 206-7 | Same as Objection to FVP Ex 9 |
| 8 | 206-8 | Same as Objection to FVP Ex 11 and 9 |
| 9 | 206-9 | Same as Objection to Stephens' Exhibits 6-8 |
| 10 | 206-10 | Same as Objection to Stephens Exhibits 6-9 |
| 11-13 | 206-11 through 206-13 | Hearsay and same as Objections to Stephens 6-10 |
| 17 | 206-17 | Same as FVP Ex 8 objection and Stephens 6-13 objections. Also this is a document prepared for litigation and is inadmissible. *See, Potamkin Cadillac Corporation vs B.R.I. Coverage Corporation*, 38 F.3d 627, 632 (2nd Cir. 1994) (data generated for litigation purposes are inadmissible).*Augat Inc vs Collier*, 1996 WL 110076 at n.6 (D.Mass. Feb 8, 1996). |
| 18 | 217-1 | This is a transcript of the deposition of Scott Zankl conducted Nov 14, 2022. No "rush" was placed on this transcript and the request by Stephens' counsel was a copy by November 21, 2022, although the exhibit identification deadline was November 18, 2022 (*see* LR 9070-1). Stephens' counsel could have identified the exhibit in the initial register (ECF No. 206) and did not.<br><br>**Hearsay** per Rule of Evidence 801- 802. These Exhibits contain hearsay as it is an out of court statement for which the proponent(s) wish to use for the purpose of establishing the truth of the matters asserted therein. *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible). |

| | | |
|---|---|---|
| | | Furthermore, the use of this Transcript is an attempt to backdoor enter exhibits used in the deposition of Mr. Zankl which would also be inadmissible under the rules of evidence.<br><br>**Hearsay within Hearsay**<br>The testimony of Zankl in this Transcript contains hearsay and hearsay within hearsay of non-witnesses and third parties. As such, this is Hearsay Within Hearsay per Rule of Evidence 805 is inadmissible. *See, also, United Technologies Corp. vs Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (hearsay within hearsay subject to an exception is not admissible). |
| 19 | 217-2 | Debtor adopts the same objections made to FVP Exhibit 11 and Stephens Exhibit 6. These are text messages between Stephens and non-parties to this contested matter. They are classic out of court statements for which the party opponent seeks to admit for thr truth of the matter asserted therein. |
| 20 | 218-1 | This composite exhibit is cumulative of FVP Ex #3 and #4; Debtor Ex#3A; and, Stephens' Ex#2 and Ex#4. *See* FRE 403 (cumulative evidence inadmissible); *U.S. vs Freyre-Lazaro*, 3 F.3d 1496, 1505 (11th Cir. 1993) (actual dispenser refused into evidence when photograph of same had already been admitted). |
| 22 | 218-3 | Debtor adopts the same objection as to Stephens' Ex#18 other than the named deponent. |
| 23 | 218-4 | Debtor adopts the same objection as to Stephens' Ex#18; other than the date of the examination and named deponent. |
| 24 | 218-5 | This is a printout of a screenshot of Attorney Jerry Breslin, no party and no witness to this contested matter.<br><br>FRE 801-802 (Hearsay)<br>This Exhibit contains hearsay as it is an out of court statement for which FVP wishes to use for the purpose of establishing the truth of the matters asserted therein. *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible).<br><br>**Hearsay within Hearsay**<br>The screenshot contains hearsay and hearsay within hearsay of non-witnesses and third parties. As such, this is Hearsay Within Hearsay per Rule of Evidence 805 is inadmissible. *See, also, United Technologies Corp. vs Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (hearsay within hearsay subject to an exception is not admissible). |

| 25 | 218-6 | This is a printout of a screenshot of Attorney Jerry Breslin's computer, not a party and not a witness to this contested matter.<br><br>FRE 801-802 (Hearsay)<br>This Exhibit contains hearsay as it is an out of court statement for which Stephens wishes to use for the purpose of establishing the truth of the matters asserted therein. *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible).<br><br>**Hearsay within Hearsay**<br>The screenshot contains hearsay and hearsay within hearsay of non-witnesses and third parties. As such, this is Hearsay Within Hearsay per Rule of Evidence 805 is inadmissible. *See, also, United Technologies Corp. vs Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (hearsay within hearsay subject to an exception is not admissible). |
| 26 | 218-7 | This is a document prepared by FVP's counsel (*i.e.* for litigation purposes).<br><br>**Legal Authority**:<br>FRE 801-802 (Hearsay) and Litigation Purposes:<br>This Exhibit contains hearsay as it is an out of court statement for which FVP wishes to use for the purpose of establishing the truth of the matters asserted therein. *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible)<br><br>*See also, Potamkin Cadillac Corporation vs B.R.I. Coverage Corporation*, 38 F.3d 627, 632 (2nd Cir. 1994) (data generated for litigation purposes are inadmissible).*Augat Inc vs Collier*, 1996 WL 110076 at n.6 (D.Mass. Feb 8, 1996).<br><br>Lack of Authentication per Rule of Evidence 901. |
| 27 | 218-8 | **Hearsay and lack authentication**.<br>**Legal Authority**:<br>FRE 801-802 (Hearsay) and Litigation Purposes:<br>This Exhibit contains hearsay as it is an out of court statement for which Stephens wishes to use for the purpose of establishing the truth of the matters asserted therein. *See U.S. vs Rodriguez*, 524 F.2d 485, 486-87 (5th Cir. 1975) (ruling that testimony by agent of details of informant's tip was hearsay and inadmissible). |

| 28 | 218-9 | Debtor adopts same objections made to FVP Exhibits 6 through 13 , 17 and 26; and, FVP Exhibit 11. |

    I HEREBY CERTIFY that I am admitted to practice before the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

                    Debtor's counsel
                    19 West Flagler Street, Suite 416
                    Miami, FL 33130
                    Tel. No. (305) 374-0200
                    Fax. No. (305) 374-0250


                    _____/s/_____
                    JAMES B. MILLER, ESQ.
                    Fla. Bar No. 0009164

    I HEREBY CERTIFY that a true and correct copy of this Pleading has been served *via* email in pdf format via CM/ECF service immediately upon filing same with the Court, this 23rd day of November, 2022, upon: those counsel of record *via* CM/ECF this same date


                    _____/s/_____
                    JAMES B. MILLER, ESQ.
                    Fla. Bar No. 0009164