UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,          Chapter 11 (Subch. V)

    Alleged Debtor.

_____/

**DEBTOR'S**
**FIRST OMNIBUS OBJECTION TO CLAIMS**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

    This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. **PLEASE READ THIS OBJECTION CAREFULLY TO IDENTIFY WHICH CLAIM IS OBJECTED TO AND WHAT DISPOSITION OF YOUR CLAIM IS RECOMMENDED**.

    If you disagree with the objection or the recommended treatment, you must file a written response **WITHIN 30 DAYS** from the date of service stated in this objection, explaining why your claim should be allowed as presently filed or scheduled, and you must serve a copy to the undersigned attorney **OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION**.

    If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

    Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court:

    Flagler Waterview Building
    1515 North Flagler Drive
    Suite 801
    West Palm Beach, Florida 33401

    Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, AUTO WHOLESALE OF BOCA, LLC ("<u>Debtor</u>"), objects to the following claims filed or scheduled in this Case. The basis for this objection and the Debtor's recommended disposition of the claim(s) are more specifically set forth below:

| Claimants of the Debtor | | | |
|---|---|---|---|
| **Claim No.** | **Name of Claimant** | **Claim Amount** | **Basis for Objection and Recommended Disposition** |
| 2 | Karma of Broward, Inc. c/ Weiss Handler & Cornwell, P.A. 2255 Glades Rd., Suite 205E Boca Raton, FL 33431 | $20,000,000 | Claim No. 2 (the "KB Claim") filed by Karma of Broward, alleges a general unsecured claim in the amount of $20,000,000.00. KB has asserted that they are owed by Debtor for "destruction of business, trespass, conversion and tortious interference". Karma of Broward ("KB") is not a creditor of the Debtor, and Debtor has no obligation to KB. If anything KB may owe Debtor money as KB was involved in the fraud committed against, among others, Debtor by Karma of Palm Beach, Excell Auto Group and Scott and Kristen Zankl. There is no basis for this claim and it is illusory and without merit. The KB Claim lacks any factual, let alone legal, support. Therefore, the KB Claim should be stricken and disallowed in its entirety. *See Matter of Rimsat Ltd.*, 223 BR 345, 347-48 ((Bankr. N.D. Ind. 1998). |
| 5 | Derek Stephens c/o Cory Mauro, Esq. 1001 Yamato Rd., Suite 401 Boca Raton, FL 33431 | $250,000.00 | Claim No. 5 (the "Stephens' Claim") filed by Derek Stephens alleges a general unsecured claim in the amount of $250,000.00. Stephens has asserted a claim for "wrongful retention of vehicle". Stephens is not a creditor of the Debtor. Stephens sold his Ferrari to Karma of Palm Beach ("KPB") in a transaction designed to avoid sales tax and got caught up in the Zankl fraud. Ultimately, KPB acquired the Ferrari and transferred both the title to and possession of the Ferrari to Debtor. A post-dated |

| | | | check was delivered to and accepted by Stephens from KPB for the Ferrari and eventually was returned. Stephens consented to the sale of the Ferrari and any indebtedness for the Ferrari is between Stephens and KPB – which still operates to this date. There is a hearing on Stephens' Motion to Compel [ECF #114] scheduled for Nov 28, 2022 which should resolve ownership in the Ferrari. However, Debtor owes nothing to Stephens; and, if in fact it does, then Stephens should be surcharged for the maintenance, care, storage and insurance for the same. Debtor is the owner of the subject Ferrari and Stephens has no claim to the same, and Debtor is not obligated to Stephens for the bounced check that Stephens accepted from KPB and/or Scott Zankl. Sephens fails to attach anything which would reflect that his interest in the subject vehicle is superior to that of the Debtor or that he has a security interest in the vehicle. The Stephens' Claim should be stricken and disallowed in its entirety. *See* FRCP 3001(d); and, *Matter of Rimsat Ltd.*, 223 BR 345, 347-48 ((Bankr. N.D. Ind. 1998). |
|---|---|---|---|
| 4 | Woodside Credit, LLC c/o Zach Shelomith, Esq. 2699 Stirling Road # C401 Fort Lauderdale, FL 33312 | $1,211,066.68 | Claim No. 4 (the "Woodside Claim"), filed by Woodside Credit, LLC ("Woodside"), alleges a secured claim in the amount of $212,205.22 and a general unsecured claim in the amount of $989,861.46. |

Wing Lake has filed Claim No.'s 10 (unsecured) and 11 (secured) (collectively the "Wing Lake Claims"). FVP Investments LLC, FVP Opportunity Fund III, LP and FVP Servicing LLC (cooelctively "FVP") have filed Claim No.'s 7, 8 and 9 as secured. Hi-Bar Capital ("Hi-Bar") has filed Claim No. 20. Hi-Bar, FVP and Wing Lake all assert secured claims against the very vehicles that Woodside purportedly claims. Furthermore, a joint complaint at ECF No. 120 in Adversary Proceeding No. 22-01218-EPK has been filed to determine the various interests of FVP, Hi-Bar and Wing Lake. If there is a lien interest against the vehicles subject of this Woodside Claim, there is no equity to satisfy any such claims against the vehicle and Woodside has no lien on the title to the vehicle and cannot be secured

The attachment to the Woodside Claim reflects allegations made against various parties in another court; but, that very litigation has been dismissed voluntarily by Woodside. The subject secured portion of this Claim is subject of a separate Motion to Compel Abandonment filed by Omar Periu who is a personal debtor to Woodside on the debt they assert for the secured portion of this Claim.

Given that FVP, Hi-Bar and Wing Lake all assert a priority lien interest in the vehicles subject of the Woodside Claim, and all of these parties' interests (FVP, Wing Lake, Hi-Bar

| | | | |
|---|---|---|---|
| | | | and Woodside). Since there is insufficient equity in any and all of the cars that would satisfy any liens (all of which are objected to by Debtor), and Woodside has no perfected lien interest in the vehicles, Woodside has no claim in this Case as the Debtor is the rightful owner of the vehicles and has 11 U.S.C. Sect. 544 status which primes any unperfected or avoidable liens. Further, this Claim does not comply with FRCP 3001(d) as to the secured portion declared therein<br><br>Debtor owes nothing to Woodside and there is no merit to this Woodside Claim. Therefore, the Woodside Claim should be disallowed and stricken. |
| 18 | Excel Auto Group<br>c/o Nicole Testa Mehdipour, Trustee<br>6728 N. Fed. Hwy, Suite 408<br>Ft. Lauderdale. FL 33308 | $30,634,447.85 | Claim No. 18 (the "Excell Claim"), filed by the Excell Chapter 7 Bankruptcy Trustee ("Excell Trustee"), alleges a general unsecured indebtedness of $30,634,447.85.<br><br>The Excel Claim is without any supporting documentation and fails to provide any type of factual support, and includes only a widely cast net of legal theories. The Excell Claim has no merit and has no legal or factual support.<br><br>Recall, Excell and the fraud committed by Excell and its operators are the catalyst for the instant bankruptcy case as Excell and the operators (the Zankls) defrauded the Debtor, and many of the claimants in this Case as well as |

| | | | |
|---|---|---|---|
| | | | claimants in the Excell Bankruptcy of tens of millions of dollars.<br><br>Debtor has filed its Secured claim in the Excell Bankruptcy Case as a result of the fraud committed by Excell, and its owners (the Zankls) upon Debtor.<br><br>Debtor reserves its rights to setoff, recoup or otherwise assert any defenses or claims viz-a-viz the Excell Claim, which would include, but not be limited to, marshalling, *in pari delicto* and other defenses.<br><br>This Claim should be disallowed and stricken in its entirety as it is wholly illusory and without merit. Further, it does not provide the required facts to support the claim. See, e.g., *Matter of Rimsat Ltd.*, 223 BR 345, 347-48 ((Bankr. N.D. Ind. 1998). |
| 21 | Prestige Luxury Cars, LLC<br>c/o Thomas Zeichman, Esq,<br>2385 Executiv Center Dr.<br>Boca Raton, FL 33431 | $1,320,000.00 | Claim No. 21 (the "Prestige Claim"), filed by Prestige Luxury Cars, LLC ("Prestige"), alleges a PMSI secured claim in the amount of $1,320,000.00<br><br>The attachment to the Prestige Claim reflects allegations made against various parties in another court, none of which include the Debtor. Further, the claims against others appears to be based upon a bad check theory and also some kind of financing agreement with Excell Auto Group and/or the Zankls (Scott and Kristen Zankl). None of these claims have anything to do with the Debtor; and, this Claim appears to be a "placeholder" claim to avoid missing a deadline. |

| | | | Debtor owes nothing to Prestige and there is no merit to this Prestige Claim. Therefore, the Prestige Claim should be disallowed and stricken. |
|---|---|---|---|

I HEREBY CERTIFY that I am admitted to practice before the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Debtor's counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

I HEREBY CERTIFY that a true and correct copy of this Pleading has been served *via* email in pdf format via CM/ECF service immediately upon filing same with the Court, this 23rd day of November, 2022, upon: those counsel of record *via* CM/ECF this same date; and, via US Mail (first class postage prepaid) upon each claimant objected to herein at the address indicated in this Objection above.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164