UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                              Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,          Chapter 11 (Subch. V)

    Alleged Debtor.

_____/

## DEBTOR'S SECOND OMNIBUS OBJECTION TO CLAIMS

### IMPORTANT NOTICE TO CREDITORS: THIS IS AN OBJECTION TO YOUR CLAIM

This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. **PLEASE READ THIS OBJECTION CAREFULLY TO IDENTIFY WHICH CLAIM IS OBJECTED TO AND WHAT DISPOSITION OF YOUR CLAIM IS RECOMMENDED**.

If you disagree with the objection or the recommended treatment, you must file a written response **WITHIN 30 DAYS** from the date of service stated in this objection, explaining why your claim should be allowed as presently filed or scheduled, and you must serve a copy to the undersigned attorney **OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION**.

If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court:

    Flagler Waterview Building
    1515 North Flagler Drive
    Suite 801
    West Palm Beach, Florida 33401

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, AUTO WHOLESALE OF BOCA, LLC ("<u>Debtor</u>"), objects to the following claims filed or scheduled in this Case. The basis for this objection and the Debtor's recommended disposition of the claim(s) are more specifically set forth below:

| Claimants of the Debtor | | | |
|---|---|---|---|
| **Claim No.** | **Name of Claimant** | **Claim Amount** | **Basis for Objection and Recommended Disposition** |
| 7 | FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC c/o David Softness, Esq. 201 South Biscayne Blvd, #2740 Miami, FL 33131 | $7,500,000.00 | Claim No. 7 (the "First FVP Claim"), filed by FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (together, the "FVP Creditor"), alleges a secured claim in the amount of $7,500,000.00 plus interest on purported collateral valued by FVP at $6,800,000.00. Firstly, any claim allowed would bar the payment of interest as FVP is not an over-secured creditor per its own Claim. FVP has filed three (3) identical claims, No.'d 7, 8 and 9, for the same amount in each. Therefore, there are two (2) claims which are duplicates of the other and at least two (2) should be summarily stricken as duplicates. FVP asserts a lien interest, notably not "ownership interest" in inventory of the Debtor by virtue of an alleged lien in inventory of Karma of Palm Beach and Karma of Broward. Many of the vehicles subject of the inventory of the Debtor were outright purchased by Debtor and it is an ordinary course buyer under the Uniform Commercial Code. Some vehicles were acquired as swaps per the standards in the industry for automobiles paid for by Debtor which were not delivered by KPB or KB in exchange for other cars (swaps). However, the gist of FVP's claim is in whether or not and to what extent it has a prior perfected |

| | | | |
|---|---|---|---|
| | | | lien interest in any of the vehicles eventually acquired by Debtor's Position. FVP's has claimed no "ownership" issue, it is a lien issue, i.e. – did FVP have an unavoidable perfected priority lien interest in the Debtor's vehicle inventory, and if so as to which vehicles.<br><br>Debtor asserts that FVP has no lien interest under FVP's own loan documents which FVP has repeatedly attached to pleadings in the related Adversary Proceeding (#22-01218-EPK). The loan documents reflect that FVP had a limited lien on vehicles purchased directly with monies funded by FVP per draws, and in fact a UCC1 would have never perfected their interest, as they were required to record their purported lien, if any, on the title.<br><br>Further, the loan documents exclude pre-existing inventory of KPB and KB.<br><br>To the extent that any purported liens of third parties or the Debtor are deemed superior to that of FVP then FVP's claim is worth zero as their claim rises or falls based upon and to the extent of a lien on any of the Debtor's property interests.<br><br>As FVP's claim rises or falls based upon and to the extent of a lien on any of the Debtor's property interests, and FVP's loan documents indicate FVP did not have a lien on Debtor's assets, and Debtor paid for cars directly and purchased them from KPB and/or KB, Claim No. 7 should be stricken and disallowed in its entirety. |

| 8 | FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC c/o David Softness, Esq. 201 South Biscayne Boulevard, #2740 Miami, FL 33131 | $7,500,000.00 | Claim No. 8 (the "Second FVP Claim"), filed by FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (collectively, "FVP"), alleges a secured claim in the amount of $7,500,000.00 plus interest on purported collateral valued by FVP at $6,800,000.00.

Firstly, any claim allowed would bar the payment of interest as FVP is not an over-secured creditor per its own Claim.

FVP has filed three (3) identical claims, No.'d 7, 8 and 9, for the same amount in each. Therefore, there are two (2) claims which are duplicates of the other and at least two (2) should be summarily stricken as duplicates.

FVP asserts a lien interest, notably not "ownership interest" in inventory of the Debtor by virtue of an alleged lien in inventory of Karma of Palm Beach and Karma of Broward. Many of the vehicles subject of the inventory of the Debtor were outright purchased by Debtor and it is an ordinary course buyer under the Uniform Commercial Code. Some vehicles were acquired as swaps per the standards in the industry for automobiles paid for by Debtor which were not delivered by KPB or KB in exchange for other cars (swaps). However, the gist of FVP's claim is in whether or not and to what extent it has a prior perfected lien interest in any of the vehicles eventually acquired by Debtor's Position. FVP's has claimed no |

| | | | |
|---|---|---|---|
| | | | "ownership" issue, it is a lien issue, i.e. – did FVP have an unavoidable perfected priority lien interest in the Debtor's vehicle inventory, and if so as to which vehicles.<br><br>Debtor asserts that FVP has no lien interest under FVP's own loan documents which FVP has repeatedly attached to pleadings in the related Adversary Proceeding (#22-01218-EPK). The loan documents reflect that FVP had a limited lien on vehicles purchased directly with monies funded by FVP per draws, and in fact a UCC1 would have never perfected their interest, as they were required to record their purported lien, if any, on the title.<br><br>Further, the loan documents exclude pre-existing inventory of KPB and KB.<br><br>To the extent that any purported liens of third parties or the Debtor are deemed superior to that of FVP then FVP's claim is worth zero as their claim rises or falls based upon and to the extent of a lien on any of the Debtor's property interests.<br><br>As FVP's claim rises or falls based upon and to the extent of a lien on any of the Debtor's property interests, and FVP's loan documents indicate FVP did not have a lien on Debtor's assets, and Debtor paid for cars directly and purchased them from KPB and/or KB, Claim No. 8 should be stricken and disallowed in its entirety. |

| 9 | FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC c/o David Softness, Esq. 201 South Biscayne Boulevard, #2740 Miami, FL 33131 | $7,500,000.00 | Claim No. 9 (the "Third FVP Claim"), filed by FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (together, the "FVP Creditor"), alleges a secured claim in the amount of $7,500,000.00 plus interest on purported collateral valued by FVP at $6,800,000.00.<br><br>Firstly, any claim allowed would bar the payment of interest as FVP is not an over-secured creditor per its own Claim.<br><br>FVP has filed three (3) identical claims, No.'d 7, 8 and 9, for the same amount in each. Therefore, there are two (2) claims which are duplicates of the other and at least two (2) should be summarily stricken as duplicates.<br><br>FVP asserts a lien interest, notably not "ownership interest" in inventory of the Debtor by virtue of an alleged lien in inventory of Karma of Palm Beach and Karma of Broward. Many of the vehicles subject of the inventory of the Debtor were outright purchased by Debtor and it is an ordinary course buyer under the Uniform Commercial Code. Some vehicles were acquired as swaps per the standards in the industry for automobiles paid for by Debtor which were not delivered by KPB or KB in exchange for other cars (swaps). However, the gist of FVP's claim is in whether or not and to what extent it has a prior perfected lien interest in any of the vehicles |

| | | | |
|---|---|---|---|
| | | | eventually acquired by Debtor's Position. FVP's has claimed no "ownership" issue, it is a lien issue, i.e. – did FVP have an unavoidable perfected priority lien interest in the Debtor's vehicle inventory, and if so as to which vehicles.<br><br>Debtor asserts that FVP has no lien interest under FVP's own loan documents which FVP has repeatedly attached to pleadings in the related Adversary Proceeding (#22-01218-EPK). The loan documents reflect that FVP had a limited lien on vehicles purchased directly with monies funded by FVP per draws, and in fact a UCC1 would have never perfected their interest, as they were required to record their purported lien, if any, on the title.<br><br>Further, the loan documents exclude pre-existing inventory of KPB and KB.<br><br>To the extent that any purported liens of third parties or the Debtor are deemed superior to that of FVP then FVP's claim is worth zero as their claim rises or falls based upon and to the extent of a lien on any of the Debtor's property interests.<br><br>Additionally, FVP's loan documents indicate FVP did not have a lien on Debtor's assets, and Debtor paid for cars directly and purchased them from KPB and/or KB, Claim No. 9 should be stricken and disallowed in its entirety. |

| 20 | Hi-Bar Capital<br>c/o Mark Wolfson, Esq.<br>100 N. Tampa St., Suite 2700<br>Tampa, FL 33602 | $Unknown | Claim No. 20 (the "Hi Bar Claim"), filed by Hi-Bar Capital ("Hi Bar"), alleges a secured claim in an unknown sum.<br><br>Hi Bar's Claim is based upon their theory that Hi Bar had a lien interest in inventory belonging to entities from whom Debtor acquired vehicles pre-petition.<br><br>First, Hi Bar has no lien interest on Debtor's assets as Hi Bar's purported lien, and even its loan documents were based upon fraud and they do not own the purported "debt" that is the basis of the Hi Bar Claim. Hi Bar is a merchant cash advance ("MCA") entity that is owned by the same operators of another MCA, Spin Capital "Spin") – both of which were managed by a Mr. Dubin ("Dubin"). Wing Lake (f/k/a Franklin Capital) acquired the debt of Spin, and after acquiring such interest from Spin, Spin's manager, Dubin, also surreptitiously had the then borrower (Excell Auto Group) execute new documents in favor of Hi Bar as if Hi Bar had funded monies to Excell, and then also had KPB and KB sign off and guaranty this debt. Hi Bar never gave value for the purported lien to Excell, KB nor KPB and did not acquire the debt of Spin, as it was already assigned to Wing Lake. Hi Bar has zero debt owed and no lien interest in the vehicles or assets of this Debtor. There was never a transaction between Hi Bar and this Debtor. |

| | | | Hi Bar's interest is subject to current litigation in Adversary proceeding No. 22-01218-EPK.<br><br>Additionally, as the value of Debtor's assets claimed to be subject of the lien interest of Hi Bar is well below any amount claimed, any claims of the adversarial parties (FVP, Ed Brown and Wing Lake) which are deemed superior to Hi Bar would make the claim of Hi Bar worth zero as their claim rises or falls based upon their purported lien interest in the vehicles of the Debtor.<br><br>Hi Bar's claim is based upon its efforts to defraud others, including the instant Estate (by falsely asserting alien and interest in the assets of the Debtor, and should be disallowed and stricken in its entirety; and, if not stricken, then subordinated below equity in this Case. |
|---|---|---|---|

I HEREBY CERTIFY that I am admitted to practice before the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Debtor's counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

I HEREBY CERTIFY that a true and correct copy of this Pleading has been served *via* email in pdf format via CM/ECF service immediately upon filing same with the Court, this 23rd day of November, 2022, upon: those counsel of record *via* CM/ECF this same

date; and, via US Mail (first class postage prepaid) upon each claimant objected to herein at the address indicated in this Objection above.


_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164