UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                               Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,          Chapter 11 (Subch. V)

    Alleged Debtor.
_____/

## DEBTOR'S  THIRD OMNIBUS OBJECTION TO CLAIMS

### IMPORTANT NOTICE TO CREDITORS: THIS IS AN OBJECTION TO YOUR CLAIM

This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. **PLEASE READ THIS OBJECTION CAREFULLY TO IDENTIFY WHICH CLAIM IS OBJECTED TO AND WHAT DISPOSITION OF YOUR CLAIM IS RECOMMENDED**.

If you disagree with the objection or the recommended treatment, you must file a written response **WITHIN 30 DAYS** from the date of service stated in this objection, explaining why your claim should be allowed as presently filed or scheduled, and you must serve a copy to the undersigned attorney **OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION**.

If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court:

    Flagler Waterview Building
    1515 North Flagler Drive
    Suite 801
    West Palm Beach, Florida 33401

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, AUTO WHOLESALE OF BOCA, LLC ("<u>Debtor</u>"), objects to the following claims filed or scheduled in this Case.  The basis for this objection and the Debtor's recommended disposition of the claim(s) are more specifically set forth below:

| Claimants of the Debtor | | | |
|---|---|---|---|
| Claim No. | Name of Claimant | Claim Amount | Basis for Objection and Recommended Disposition |
| 19 | Edward Brown c/o Eyal Berger. Esq. Akerman LP 201 East Las Olas Blvd. Suite 1800 Ft. Lauderdale, FL 33301 | **$919,870.76** | Claim No. 19 (the "Brown Claim") filed by Edward Brown ("Brown"), alleges a secured claim in the amount of $919,870.76. KB has asserted that they are owed by Debtor for possessing title to two (2) vehicles Brown claims an interest in, along with an additional litany of legal theories and no facts to support them. Such legal theories without facts bar the same. *See e.g. Matter of Rimsat Ltd.*, 223 BR 345, 347-48 ((Bankr. N.D. Ind. 1998).<br><br>Brown is not a creditor of the Debtor, and Debtor has no obligation to Brown. Brown is an insider owner of Excell Auto Group (the entity that defrauded others, like Debtor, out of millions) and is not legally a buyer in the ordinary course. Brown invested heavily into Excell and took on ownership of Excell. Brown wrongfully removed from Excell two (2) automobiles Debtor had purchased and was awaiting delivery on. These two (2) vehicles are also subject of the pending Adversary Proceeding #22-01218-EPK for a determination of extent and priority of interests between and among the Debtor, and purported creditors, Wing Lake, FVP and Hi Bar. Brown's legal theories are without merit and fail to set forth the facts mandated for the same to be a valid proof of claim. The claim of ownership in the vehicles is also without merit as Brown did not purchase the cars |

| | | | |
|---|---|---|---|
| | | | but rather invested in Excell to acquire an ownership interest in Excell. Brown's wrongful conversion of these vehicles cannot go without directing turnover to the Debtor.<br><br>Quite simply, Debtr was an ordinary course buyer when it purchased these vehicles from Excell and is entitled to turnover and the statutory presumptions of Section 544 of the Code.<br><br>There is no basis for this claim and it is illusory and without merit. The Brown Claim lacks any factual, let alone legal, support. Therefore, the Brown Claim should be stricken and disallowed in its entirety. *See e.g. Matter of Rimsat Ltd.*, 223 BR 345, 347-48 ((Bankr. N.D. Ind. 1998). |
| 10 | Franklin Capital Funding, LLC c/o Bradley Shraiberg, Esq. Shraiberg Page PA 2385 NW Executive Center Dr. #300 Boca Raton, FL 33431 | $6,535,055.13 | Claim No. 10 (the "Franklin Secured Claim") filed by Franklin Capital Funding LLC ("Franklin" or "Wing Lake") alleges a general unsecured claim in the amount of $6,535,058.13. Stephens has asserted a claim for "wrongful retention of vehicle".<br><br>Franklin asserts a security interest in the assets of the Debtor by virtue of their purported loan to Excell Auto Group, which they later on had KPB and KB guaranty. It is belied that any lien in favor of Franklin from KPB and KB were released. As for any liens in favor of Franklin regarding Excel, Debtor asserts that it recorded prior to any perfected interest by Franklin.<br><br>Furthermore, if Debtor is able to |

| | | | avoid Hi Bar and/or FVP regarding the purported claimed lien interest by them in the inventory of Debtor, such avoidance would be preserved by Debtor for the benefit of this Estate under 11 U.S.C. Sect. 551, and would trump any lien interest of Franklin.

Furthermore, Franklin obviously has other sources to recover against, and under marshalling should be compelled to collect from those sources first.

Debtor was a buyer in the ordinary course of any vehicles which Franklin asserts a lien interest in and takes same free of any such liens of Franklin.

Debtor is also a good faith purchaser for value on the Petition Date and to the extent that Franklin did not have a duly-perfected lien interest in any or all of the Debtor's assets then Franklin does not have a security interest in the same as of this date and Debtor take free of the same.

As this claim rises or falls based upon the priority and etxnet of any lien interest in the assets of the DBeotr, to the\at extent if another creditor or Debtor establishes that they have priority ahead of Franklin then Franklin could have no interest nor claim in this Estate

This Claim should be stricken and disallowed in its entirety. |
|---|---|---|---|
| 11 | Franklin Capital Funding, LLC c/o Bradley Shraiberg, Esq. Shraiberg Page PA 2385 NW Executive Center Dr. | **$6,535,055.13** | Claim No. 11 (the "Franklin Unsecured Claim"), filed by Franklin Capital Funding, LLC ("Franklin" or "Wing Lake"), alleges an unsecured claim in the amount of $6,535,055.13. |

| #300 Boca Raton, FL 33431 | | This Franklin Unsecured Claim is a duplicate of Claim No. 10, which was filed as a secured claim. Debtor raises the same objections herein and that said claim rises or falls based upon the priority and extent of any lien interests in the assets of the Debtor. To the extent that Franklin does not have a lien, or its lien does not attach as there is insufficient equity, it will not have an unsecured claim int his case.<br><br>The interests of Franklin *viz-a-viz* the vehicles of the Debtor are currently in litigation before this Court in Adv Proc. #22-01218-EPK has been filed to determine the various interests of FVP, Hi-Bar, Ed Brown, Debtor and Franklin<br><br>Debtor objects to this Claim and asserts that Franklin has no claim in this Case as the Debtor is the rightful owner of the vehicles and has 11 U.S.C. Sect. 544 status which primes any unperfected or avoidable liens.<br><br>Debtor owes nothing to Franklin, there is no debtor/creditor relationship between them. Therefore, the Franklin Unsecured Claim should be disallowed and stricken. |

    I HEREBY CERTIFY that I am admitted to practice before the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Debtor's counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

    I HEREBY CERTIFY that a true and correct copy of this Pleading has been served *via* email in pdf format via CM/ECF service immediately upon filing same with the Court, this 23rd day of November, 2022, upon: those counsel of record *via* CM/ECF this same date

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164