UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,          Case No.: 22- 15627-EPK
                                      Chapter 11 Subchapter V

        Debtor-in-Possession.         /

## SUMMARY OF FEE APPLICATION OF
## CHAPTER 11 (SUBCHAPTER V) DEBTOR'S-IN-POSSESSION COUNSEL

1. Name of Applicant:       JAMES B. MILLER, ESQ.
2. Role of Applicant:       Counsel for the Debtor-in-Possession
3. Name of Certifying Professional:    James B. Miller
4. Date Case Filed:                    07/22/2022
5. Date of Application for Employment:  07/22/22 *nunc pro tunc* to 07/22/22
6. Date of Order approving employment:  a. **Interim Order** 07/26/22 *nunc pro tunc* to 07/22/22
                                        b. **Final Order** 09/20/22 *nunc pro tunc* to 07/22/22
7. If Debtor's counsel, date of Disclosure of Compensation form: 07/22/22
8. Date of this Application:   November 29th, 2022
9. Dates of services covered:   07/23/2022-11/29/2022 (with estimated closing out
                                                      fees and costs thereafter)

FEES:
10. Total Fee Requested for this period:          $199,915.00
11. ANTICIPATED FEES THROUGH CONFIRMATION: $28,000.00
12. GRAND TOTAL:                                  **$227,915.00**
13. Balance remaining in fee retainer account, not yet awarded: $41,880.00
14. Fee paid or advanced for this period, by other sources.  $0
15. Net amount of fee requested for this period   **$186,035.00**
16. Total expense reimbursement requested for this period:      $6,311.72
        (includes $675.00 of anticipated costs (postage and photocopies) through Confirmation)
17. Balance remaining in expense retainer account, not yet received.      N/A
18. Expenses paid or advanced for this period.
19. Net amount of expense reimbursements requested for this period.      $6,311.72
20. Gross award requested for this period:  $234,226.72
21. Net award requested for this period:      $234,226.72
22. If Final Fee Application, amounts of net awards requested in interim applications but not previously awarded (total from history of fees and expenses, following pages): **$0**
23. Final fee and expense award requested  **$234,226.72**

## HISTORY OF FEES AND EXPENSES

24. Dates, sources, and amounts of retainers received:    N/A
25. Dates, sources and amounts of third-party payments received: N/A
26. Prior fees and expense awards.

1

|  | Prior Fee Awards | Prior Expense Awards |
|---|---|---|
| First Interim Application |  |  |
| Dates covered by first application: |  |  |
| Amount of fees requested | $ |  |
| Amount of expenses requested | $ |  |
| Amount of fees awarded |  | $ |
| Amount of expenses awarded |  | $ |
| Amount of fee retainer authorized to be used |  | N/A |
| Amount of expenses retainer authorized to be used |  | N/A |

|  | Prior Fee Awards | Prior Expense Awards |
|---|---|---|
| Fee award, net of retainer |  | N/A |
| Expenses award, net of retainer |  | N/A |
| Date of First Award |  |  |
| Amount of fees actually paid |  |  |
| Amount of expense reimbursement actually paid |  |  |
| Portion of fees requested but not awarded which applicant wishes to defer until final fee application |  |  |
| Portion of expenses requested but not awarded | $0 |  |
| which applicant wishes to defer until final fee application |  | N/A |

## FEE APPLICATION

JAMES B. MILLER, ESQ., counsel to the Debtor-in-Possession, applies for compensation for fees for services rendered and costs incurred in the Chapter 11 proceeding.  This Application is filed pursuant to 11 U.S.C. § 330 and Rule 2016, Federal Rules of Bankruptcy Procedure, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016(B).  The exhibits attached to this Summary, pursuant to the Guidelines are:

Summary of Professional and Paraprofessional Time.

Exhibit "2" - Summary of Requested Reimbursements of Expenses.

Exhibit "3" - The Applicant's complete time records, as reflected in the invoices attached to this Fee Application, in chronological order, by activity code category, for the time period covered by this application.  The requested fees are itemized to the tenth of an hour.

The Applicant believes that the requested gross fee of **$227,915.00** for **534.0** hours worked, for fees is reasonable considering the twelve factors enumerated in *Johnson vs. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), as follows:

The time and labor required: The time records transcribed and annexed to the Fee Application as Exhibit "3" show that the Applicant had devoted not less than **534.0** hours of actually recorded time (there are numerous telephone conferences and email exchanges, (as well as research and review) with various creditors' counsel, the US Trustee, the Subchapter V Trustee, client representatives and third parties which have not been billed) and services for this time period.  Those daily time records, however, do not

2

reflect every hour expended in matters such as telephone calls, routine correspondence, brief conferences and responses to creditors requesting information concerning the status of these proceedings.  Time devoted to such matters often eludes recording, but, if recorded, would undoubtedly add to the foregoing total.

Novelty and Difficulty of the Services Rendered: The Debtor-in-Possession ("Debtor") is a small business owned and operated for over a decade by the Farache Family members – Chase (son), Lisa (mother) and Moshe Farache (father). Debtor is in the automobile resale business, where in it buys and sells high-end luxury automobiles, and sometimes finances them. For over a decade Debtor was successful and made tens of millions of dollars in annual sales, and netted substantial sums.

Unfortunately, among the entities that Debtor did business with were entities owned by the Zankls (Scott and Kristen Zankl); and, the Zankls proceeded to take advantage of the humble Farache family and abuse their relationship by stealing away automobiles purchased by Debtor through dealings with the Zankl entities (Excell Auto Group, Karma of Palm Beach and Karma of Broward).

In 2022, the Debtor decided to no longer do business with the Zankl entities. The Zankls had apparently resold the same automobiles to multiple buyers while also listing the same automobiles as inventory in the various Zankl entities' inventory lists to make it appear as if the automobiles were separate property of each entity and thereby defraud lenders, buyers and the Debtor.

The Zankl fraud led to Excell's filing a Chapter 7 bankruptcy proceeding, which opened up a pandora of litigation against, among others, the Debtor, who had possession of many, but not all, of the cars purchased by Debtor, or otherwise were surrendered as payment on the outstanding debt owed to Debtor by the Zankl entities.

The Zankl fraud then led to the multiplication of litigation through South Florida in both Florida Circuit Courts and even Federal Court by various creditors of the Zankl entities claiming to have a superior right to the automobiles in the possession of the Debtor. Such litigation was extremely expensive and not only threatened the operations of the Debtor, but could lead to opposite rulings by various courts over the same vehicles.

Debtor was defending 8-10 lawsuits in these various courts, and even threated with more, and the matters became difficult to balance and effectively litigate in a timely manner.

This led to the filing of the Bankruptcy Case wherein one court, which is designed for this very purpose, would be able to rule upon the various claims of right, title and interest (as well as priority and extent of any liens.

The Court has seen the multitude of pleadings in the separate adversary proceeding between Debtor on the one side, and FVP Opportunity Fund (and its affiliates), Hi Bar Capital, Franklin Capital, and Ed Brown on the other, where the various claimants have yet to file a cohesive complaint which can be litigated.

3

In the interim, in the Parent Case, the Debtor has had to fend off and otherwise attend to multiple independent motions to compel turnover and/or surrender of automobiles and titles to same claimed by third parties which were apparently also victimized by virtue of the Zankl fraud.

The Debtor has also had to answer voluminous discovery requests from FVP and respond to substantial motion practice – all the while, still complying with the US Trustee requirements, filing requirements, objecting to claims, and putting together a proposed plan to allow for the reorganization of the Debtor.

Despite all of the road blocks laid out by the various interested parties and creditors (Debtor denies that FVP, Hi Bar, Ed Brown and/or Franklin) are creditors) Debtor has persevered and rose to the challenges, and continues to do so, as this Debtor wants to reorganize.

The proposed Plan provides for a distribution based upon the undisputed asset values as of the Petition Date, and otherwise provides for the addition of such values of any assets that are determined to be property of the estate from the Disputed Assets. The Plan provides for the abandonment of any assets the Court determines are not property of the Estate.

As a result of the herculean efforts, the Debtor has a good faith and fair Plan submitted to the Court, has maintained its obligations under the Code and Rules, and UST requirements, and otherwise, despite the efforts of certain parties-in-interest to derail the Case, has been able to continue through this matter in a good faith attempt to reorganize.

The fees and costs requested are as a direct result of the representation of this Debtor in these proceedings and would have been substantially less but for the aggressive efforts of certain creditors/parties-in-interest in this Case.

The Skill Requisite to Perform the Services Properly:  Successful resolution of the legal problems arising in this proceeding required the legal skill, judgment and experience in the fields of bankruptcy, secured transactions, consumer and commercial law, property rights and other legal skills incident to commercial practice.

The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case: Applicant has been precluded from other employment due to the acceptance of this Case and this certainly was not a walk in the garden.  However, it has been the Applicant's pleasure to represent the Debtor in this matter.

The Customary Fee:  For services of the type rendered herein, Applicant charges commercial clients based on one or more of the following criteria: reasonable fee for services rendered, hourly charges, contingent fees or a fixed fee.  To the extent hourly charges are relevant, Applicant commands, from commercial clients, hourly rates ranging from $500.00 to $575.00 per hour for partners/senior

4

attorneys; $250.00-$300.00 per hour for associates; and Applicant's paralegal rates are normally set at $150.00 to $175.00 per hour.

Whether the Fee is Fixed or Contingent:  The fee is subject to award by this Court.

Time Limitations Imposed by the Client or Other Circumstances:  Although no strict time limits were imposed upon the applicant by the Debtor, the Applicant performed the services required in the most expeditious manner possible for the benefit of the Estate with knowledge of issues relating to the statutes of limitations and chose the most beneficial path for the Estate.

The Experience, Reputation, and Ability of the Professional:  Applicant is an experienced and competent attorney specializing in bankruptcy and commercial litigation who has appeared continually before the United States Bankruptcy Court, as well as Federal and State trial and appellate courts for a period in excess of 28 years.

JAMES B. MILLER (JBM) was admitted to the Bar, 1994, Florida; United States District Court, Southern District of Florida, 1995; United States District Court, Middle District of Florida, 1996. Education:  University of Florida (B.S. Bus. 1987); St. Thomas University School of Law (J.D., with honors, 1994).  Recipient:  American Jurisprudence Award(s):  Bankruptcy; Constitutional Law; Corporate Tax.  Vice Justice, 1992-94, Phi Alpha Delta Law Fraternity.  Member, 1992-94, St. Thomas Trial Court Board.  Member, 1993-94, St. Thomas Law Review.  Member, 1992-94, Vice Chair, 1993-94, International Moot Court Board. Author: "*The Disabled, The ADA, & Strict Scrutiny*," 6 ST. THOMAS L. REV. 393 (1994). ♦

### James B. Miller Cases of Significance:

1. *In re Caribbean Fuels America, Inc*., 688 Fed.Appx. 890 (11th Cir. 2017)
2. *In re Ferguson, 683 Fed.Appx. 924,* 2017 WL 1174664 (11th Cir. March 30, 2017)
3. *In re Tucker*, 2016 WL 2990379 (11th Cir. May 24, 2016)
4. *Tucker vs. Mukamal,* 616 Fed.Appx. 969, 2015 WL 5166276 (11th Cir. Sept. 4, 2015)
5. *In re Macias*, 536 Fed.Appx. 985 (11th Cir. Oct. 1, 2013)
6. *In re Egidi*, 571 F.3d 1156 (11th Cir. June 18, 2009)
7. *In re Premier Assurance Group SPC Ltd*., 2022 WL 714061 (S.D. Fla. March 10, 2022)
8. *In re Suarez Fashion, Corp*., 2020 WL 763653 (S.D. Fla., Feb. 17, 2020)
9. *Murphy as Trustee vs Hurtado*, 2017 WL 7794279 (S.D. Fla. Sept. 20, 2017)
10. *In re Caribbean Fuels America, Inc.*, 2016 WL 4399324 (S.D. Fla. Aug. 16, 2016)
11. *Tucker vs Mukamal*, 2015 WL 10986356 (S.D. Fla. Feb. 11, 2015)
12. *Tucker vs Mukamal*, 2014 WL 12631666 (S.D. Fla. Oct. 20, 2014)
13. *Tucker vs Mukamal*, 2014 WL 12631665 (S.D. Fla. Sept. 22, 2014)
14. *Macias vs Dillworth*, 2012 WL 12892215 (S.D. Fla. Dec. 17, 2012)

---

♦ This Note was cited in the case of *Bartlett vs. New York State Bd. Of Law Examiners*, 970 F.Supp. 1094 at n.26 (S.D.N.Y. 1997).

15. *Dillworth v Obregon,* 2012 WL 3244683 (S.D. Fla., Aug. 9, 2012)
16. *In re Solodko-Gimenez*, 2012 WL 13134192 (S.D. Fla., July 20, 2012)
17. *Hughes vs Jamestown Square, LLC*, 2009 WL 585975 (S.D. Fla. March 6, 2009)
18. *Mukamal vs Bank of America, N.A.*, 2008 WL 11333708 (S.D. Fla. Sept. 30, 2008)
19. *In re Queipo*, 2007 WL 9702742 (S.D. Fla. Dec. 12, 2007)
20. *In re Garcia (Dillworth vs Guerra, et. al.)*, 627 B.R. 923 (Bankr. S.D. Fla. Nov. 13, 2020)
21. *In re: Bertoni Gelato Brickell, LLC,* 2020 WL 1081658 (Bankr. S.D. Fla. March 6, 2020)
22. *In re Estrategias en Volares, S.A.*, 601 B.R. 550 (Bankr. S.D. Fla. 2019)
23. *In re Peter Cura*, 2019 WL 4419234 (Bankr. S.D. Fla. Jan. 8, 2019)
24. *In re Gennaro*, 2018 WL 1896306 (Bankr. S.D. Fla. April 19, 2018)
25. *In re Neves*, 500 B.R. 651 (Bankr. S.D. Fla. 2013)
26. *In re Solodko-Gimenez* (*Barry E. Mukamal vs. Faina Medved*), 2013 WL 3778389 (Bankr. S.D. Fla., July 7, 2013)
27. *In re Cristina Pertierra,* 2012 WL 5431969 (Bankr. S.D. Fla., Nov. 7, 2012)
28. *In re Branam*, 476 B.R. 333 (Bankr. S.D. Fla., Aug. 13, 2012)
29. *In re Trailer Park Acquisition, LLC*, 2012 WL 3042383 (Bankr. S.D. Fla. July 25, 2012)
30. *In re Trailer Park Acquisition, LLC*, 2012 WL 3039348 (Bankr. S.D. Fla. July 25, 2012)
31. *In re Trailer Park Acquisition, LLC*, 2012 WL 3039216 (Bankr. S.D. Fla. July 25, 2012)
32. *In re Village at Dadeland Associates, LLC*, 2012 WL 3013935 (Bankr. S.D. Fla., July 23, 2012)
33. *In re DM 668, LLC*, 2012 WL 2196115 (Bankr. S.D. Fla. June 14, 2012)
34. *In re Petersen*, 2012 WL 1906335, 109 A.F.T.R.2d 2012-2367, 2012-1 USTC P 50,388 (Bankr. S.D. Fla. May 25, 2012)
35. *In re Pichardo*, 2012 WL 292862 (Bankr. S.D. Fla. January 31, 2012)
36. *In re C & C Development Group, LLC*, 2012 WL 171595 (Bankr. S.D. Fla. January 20, 2012)
37. *In re Antonini*, 2012 WL 112978, Bankr. L. Rep. P 82,154 (Bankr. S.D. Fla. January 12, 2012)
38. *In re Luban*, 2011 WL 7711233 (Bankr. S.D. Fla. December 30, 2011)
39. *In re Antonini*, 2011 WL 5593157 (Bankr. S.D. Fla. October 26, 2011)
40. *In re Vieweg*, 2011 WL 5593184 (Bankr. S.D. Fla. October 26, 2011)
41. *In re Alvarez*, 2011 WL 5593176 (Bankr. S.D. Fla. October 25, 2011)
42. *In re Autoclub Body & Paint Service, Inc*., 2011 WL 766972 (Bankr. S.D. Fla. Feb. 23, 2011)
43. *In re Antonini,* 2010 WL 5315568 (Bankr. S.D. Fla. Dec. 20, 2010)
44. *In re Tucker*, 2009 WL 1097488, 22 Fla. L. Weekly Fed. B 37 (Bankr. S.D. Fla., April 21, 2009)
45. *Barry E. Mukamal vs Bank of America, N.A.*, 2008 WL 11333708 (S.D. Fla. Sept. 30, 2008)
46. *In re Falcon Air Express*, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008)
47. *In re Hernandez*, 2008 WL 1711528, 21 Fla. L. Weekly Fed. B 299 (Bankr. S.D. Fla., April 10, 2008)
48. *In re Egidi*, 386 B.R. 884 (Bankr. S.D. Fla., April 04, 2008)
49. *In re Mohammed*, 376 B.R. 38 (Bankr. S.D. Fla., September 06, 2007)
50. *In re Offer*, 2007 WL 1560131, 20 Fla. L. Weekly Fed. B 464 (Bankr. S.D. Fla., May 25, 2007)
51. *In re Bill Hionas*, 361 B.R. 269 (Bankr. S.D. Fla., October 30, 2006)
52. *In re Castro*, 2006 WL 4005571, 20 Fla. L. Weekly Fed. B 148 (Bankr. S.D. Fla., October 24, 2006)
53. *In re Bayshore Yacht & Tennis Club Condominium Ass'n., Inc.*, 336 B.R. 866 (Bankr. S.D. Fla. 2006)
54. *In re Rosacometta, S.r.l*, 336 B.R. 557 (Bankr. S.D. Fla., December 19, 2005)
55. *In re Vazquez*, 325 B.R. 30 (Bankr. S.D. Fla., March 03, 2005)
56. *In re Impact Distributors, Inc.*, 260 B.R. 48 (Bankr. S.D. Fla., February 26, 2001)
57. *In re 239 Worth Ave. Corp.*, 236 B.R. 492 (Bankr. S.D. Fla., August 04, 1999)
58. *In re Arroyo*, 205 B.R. 984 (Bankr. S.D. Fla., January 30, 1997)
59. *In re Ferretti*, 203 B.R. 796 (Bankr. S.D. Fla., September 10, 1996)
60. *In re Willey*, 198 B.R. 1007 (Bankr. S.D. Fla., July 22, 1996)
61. *In re L. Meyer & Son Seafood Corp.*, 188 B.R. 315 (Bankr. S.D. Fla. September 25, 1995)
62. *In re Nelson*, 183 B.R. 972 (Bankr. S.D. Fla., June 10, 1995)

**<u>Memberships:</u>**

The Florida Bar; Dade County Bar; Federal Bar Association; Bankruptcy Bar Association for the Southern District of Florida, Eleventh Circuit Court of Appeals, and U.S. District Court (Southern and Middle Districts of Florida).  Mr. Miller's primary area of practice is bankruptcy law and litigation related thereto.  Mr. Miller regularly represents bankruptcy trustees in litigation matters.  Mr. Miller is a former member of the Local Rules Committee and the *Pro Bono* Committee for the Bankruptcy Bar for the Southern District of Florida, and regularly attends, assists in and prepares materials for, the various seminars and retreats offered by the Bankruptcy Bar for the Southern District of Florida.

**PARA** is the acronym for the paralegals used in this matter by the Applicant, who were Irene Caleca, Amado Sabina, Miriam Jaime, Gabriella Miller and JC Miller; who, together, have in excess of forty (40) years of experience as paralegals.

<u>The Undesirability of the Case</u>:  Representing the <u>Debtor </u>in the Chapter 11 case, though difficult at times, was not undesirable.

<u>The Nature and Length of the Professional Relationship of the Client</u>: JBM routinely represents Debtors in Chapters 7 and 11, as well as Chapter 7 Trustees and creditors in various bankruptcy matters.

<u>Awards in Similar Cases</u>:  The allowance prayed for is commensurate with allowances in similar cases and fees prayed for are entirely reasonable for the quantity and quality of services rendered by Applicant in the case.

**WHEREFORE,** the Applicant seeks an award of fees in the amount of **<u>$227,915.00 (allow immediate application of the funds in Trust of $41,880.00, with the balance paid by Debtor of $186,035.00),</u>** and costs reimbursement in the amount of **<u>$6,311.72.</u>**

Dated: November 29th, 2022.

Debtor's counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250
Email: jbm@title11law.com

By:_____/s/_____
        JAMES B. MILLER
        Florida Bar No.0009164

## CERTIFICATION

1. I have been designated by James B. Miller, Esq. (the "Applicant") as the professional with responsibility in this case for compliance with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: { **NONE** }

By:_____/s/_____
JAMES B. MILLER
Florida Bar No.0009164

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this application, with all exhibits, and was served: *via* CM/ECF by the clerk of the court simultaneously with the filing of same upon those named below on November 29th, 2022 and *via* U.S. Mail (first class postage prepaid) upon Debtor and those named on the attached U.S. Mail Service List.

By:_____/s/_____
JAMES B. MILLER
Florida Bar No.0009164

**ECF SERVICE LIST**:
-Eyal Berger, Esq. on behalf of Defendant Edward Brown eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
-Eyal Berger, Esq. on behalf of Interested Party Edward Brown
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
-Marc E Brandes on behalf of Creditor Marc Brandes mbrandes@kfb-law.com, bvillalobos@kfb-law.com
-John M Brennan, Jr on behalf of Creditor Eric Dore jack.brennan@gray-robinson.com, jessica.rolon@gray-robinson.com
-Jerrell A Breslin on behalf of Creditor FVP Investments, LLC jb@richardbaronlaw.com
-Jerrell A Breslin on behalf of Creditor FVP Opportunity Fund III, LP jb@richardbaronlaw.com
-Jerrell A Breslin on behalf of Creditor FVP Servicing, LLC jb@richardbaronlaw.com
-Jerrell A Breslin on behalf of Plaintiff FVP Investments, LLC jb@richardbaronlaw.com
-Jerrell A Breslin on behalf of Plaintiff FVP Opportunity Fund III, LP jb@richardbaronlaw.com
-Jerrell A Breslin on behalf of Plaintiff FVP Servicing, LLC jb@richardbaronlaw.com
-Alan R Crane on behalf of Creditor Nicole Mehdipour acrane@furrcohen.com, rrivera@furrcohen.com;
ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com
-Patrick R Dorsey on behalf of Creditor Franklin Capital Funding, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
-Patrick R Dorsey on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
-C Craig Eller, Esq on behalf of Creditor Graves Directional Drilling Inc. a/k/a Graves Directional Inc.
celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
-C Craig Eller, Esq on behalf of Creditor Road Rich, LLC d/b/a Road Rich Motors
celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
-C Craig Eller, Esq on behalf of Debtor Auto Wholesale of Boca, LLC

celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
-Jay L Farrow on behalf of Defendant Auto Wholesale of Boca, LLC jay@farrowlawfirm.com
-Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee Heidi.A.Feinman@usdoj.gov
-Scott C Gherman on behalf of Creditor Express Emergency Services, Inc. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Creditor Farache Enterprises, Inc. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Creditor M & M Development Consultants LLC. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Creditor Mazel Tov, Inc. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Creditor Calvin Erbstein sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Creditor Chase Farache sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Creditor Lisa Farache sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Creditor Moshe Farache sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Express Emergency Services, Inc. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Farache Enterprises Inc.  sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party M & M Development Consultants LLC. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party MMS Ultimate Services Inc. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Mazel Tov Inc sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Pompano 2009 LLC sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Chase Farache sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Lisa Farache sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Moshe Farache sgherman@scottghermanpa.com
-Daniel Gielchinsky on behalf of Interested Party Quad Funding Partners, LLC
dan@dgimlaw.com, colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com
-Dana L Kaplan on behalf of Creditor Graves Directional Drilling Inc. a/k/a Graves Directional Inc.
dana@kelleylawoffice.com, cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;scott@kelleylawoffice.com
-Amanda Klopp on behalf of Defendant Edward Brown amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
-Amanda Klopp on behalf of Interested Party Edward Brown
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
-Linda Marie Leali trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net
-Linda Marie Leali on behalf of Interested Party Linda Leali
trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net
-Linda Marie Leali on behalf of Trustee Linda Marie Leali
trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net
-David B Marks on behalf of Interested Party Edward Brown brett.marks@akerman.com, charlene.cerda@akerman.com
-Cory Mauro on behalf of Interested Party Arby Lipman, LLC
cory@maurolawfirm.com, paralegal@maurolawfirm.com;evan@maurolawfirm.com
-Cory Mauro on behalf of Interested Party Arby Lipman
cory@maurolawfirm.com, paralegal@maurolawfirm.com;evan@maurolawfirm.com
-Cory Mauro on behalf of Interested Party Derek Stephens
cory@maurolawfirm.com, paralegal@maurolawfirm.com;evan@maurolawfirm.com
-Nicole Testa Mehdipour on behalf of Creditor Nicole Mehdipour
nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
-James B Miller on behalf of Debtor Auto Wholesale of Boca, LLC bkcmiami@gmail.com
-James B Miller on behalf of Defendant Auto Wholesale of Boca, LLC bkcmiami@gmail.com
-James C. Moon, Esq on behalf of Creditor Chapford Credit Opportunities Fund LP
jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
-James C. Moon, Esq on behalf of Creditor Chapford Specialty Finance LLC
jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
-Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
-John E Page on behalf of Creditor Edvard Dessalines jpage@slp.law,
dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
-Eric S Pendergraft on behalf of Creditor Edvard Dessalines
ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
-Ryan C Reinert on behalf of Creditor Frank A. Evans, III rreinert@shutts.com, jheard@shutts.com
-Jason S Rigoli, Esq. on behalf of Creditor Nicole Mehdipour
jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
-Ezequiel Joseph Romero on behalf of Creditor Hi Bar Capital, LLC romeroe@bryancave.com, zeke.romero30@gmail.com
-Ezequiel Joseph Romero on behalf of Plaintiff Hi Bar Capital, LLC romeroe@bryancave.com, zeke.romero30@gmail.com

9

-Zach B Shelomith on behalf of Creditor Woodside Credit, LLC zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com
-Bradley S Shraiberg on behalf of Creditor Franklin Capital Funding, LLC bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
-Bradley S Shraiberg on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
-Eric J Silver on behalf of Creditor BENIDT INVESTMENTS/SLINGER, LLC esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
-Eric J Silver on behalf of Plaintiff Benidt Investments/Slinger, LLC esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
-David R. Softness on behalf of Creditor FVP Investments, LLC david@softnesslaw.com
-David R. Softness on behalf of Creditor FVP Opportunity Fund III, LP david@softnesslaw.com
-David R. Softness on behalf of Creditor FVP Servicing, LLC david@softnesslaw.com
-David R. Softness on behalf of Plaintiff FVP Investments, LLC david@softnesslaw.com
-David R. Softness on behalf of Plaintiff FVP Opportunity Fund III, LP david@softnesslaw.com
-David R. Softness on behalf of Plaintiff FVP Servicing, LLC david@softnesslaw.com
-Christian Somodevilla on behalf of Creditor Woodside Credit, LLC cs@lss.law, info@lss.law;cs@ecf.courtdrive.com;mch@lss.law
-David M Unseth on behalf of Creditor Hi Bar Capital, LLC dmunseth@bclplaw.com
-David M Unseth on behalf of Plaintiff Hi Bar Capital, LLC dmunseth@bclplaw.com
-Harry Winderman on behalf of Interested Party KARMA OF PALM BEACH, INC. harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Harry Winderman on behalf of Interested Party Karma of Broward, Inc. harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Harry Winderman on behalf of Interested Party Karma of Palm Beach, Inc. harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Harry Winderman on behalf of Interested Party Shaneandninamt, LLC harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Harry Winderman on behalf of Interested Party Omar Periu harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Mark J Wolfson, Esq on behalf of Creditor Hi Bar Capital, LLC mwolfson@foley.com, crowell@foley.com
-Mark J Wolfson, Esq on behalf of Interested Party KARMA OF PALM BEACH, INC. mwolfson@foley.com, crowell@foley.com
-Mark J Wolfson, Esq on behalf of Plaintiff Hi Bar Capital, LLC mwolfson@foley.com, crowell@foley.com

**I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(a).**

By:_____/s/_____
JAMES B. MILLER
Florida Bar No.0009164

Summary of Professional and
Paraprofessional Time
Total per Individual
for this Period Only

**(EXHIBIT "1-A")**

NAME

| | PARTNER, ASSOCIATE PARAPROFESSIONAL | YEAR LICENSED OR EXPERIENCE | TOTAL HOURS | HOURLY RATE | FEE |
|---|---|---|---|---|---|
| JAMES B. MILLER (JBM) | ATTORNEY | 1994 | 370.10 | $550.00 | $203,555.00 |
| PARALEGALS (PARA) | PARAPROFESSIONAL | 20+ YEARS | 162.40 | $150.00 | $24,360.00 |
| | | | 534.0 | | |
| TOTALS: | | | | | |
| **BLENDED AVERAGE HOURLY RATE** | | | **$381.18** | | |
| **TOTAL GROSS FEES:** | | | | | **$227,915.00** |

**Summary of Professional and Paraprofessional Time by**
**Activity Code Category for this Time Period Only**
**(EXHIBIT "1-B")**

Activity Code: **ASSET ANALYSIS:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 135.50 | $74,525.00 |
| Paralegals: | PARA | $150.00 | 55.70 | $8,355.00 |
| | Activity Subtotal: | | 191.20 | **$82,880.00** |

Activity Code: **FEE APP/EMPLOYMENT:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 3.10 | $1,705.00 |
| Paralegals: | PARA | $150.00 | 0 | $0 |
| | Activity Subtotal: | | 3.10 | **$1,705.00** |

Activity Code: **AUST REQUIREMENTS:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 3.30 | $1,815.00 |
| Paralegals: | PARA | $150.00 | 0 | $0 |
| | Activity Subtotal: | | 3.30 | **$1815.00** |

Activity Code: **CASE ADMINISTRATION:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 4.0 | $2,200.00 |
| Paralegals: | PARA | $150.00 | 6.70 | $1,005.00 |
| | Activity Subtotal: | | 10.70 | **$3,205.00** |

Activity Code: **CLAIMS:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 10.60 | $5,830.00 |
| Paralegals: | PARA | $150.00 | 4.80 | $720.00 |
| | Activity Subtotal: | | 15.40 | **$6,550.00** |

Activity Code: **SETTLEMENT:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 39.60 | $21,780.00 |
| Paralegals: | PARA | $150.00 | 8.0 | $1,200.00 |
| | Activity Subtotal: | | 47.60 | **$22,980.00** |

Activity Code: **SALE:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | .30 | $165.00 |
| Paralegals: | PARA | $150.00 | 0 | $0 |
| | Activity Subtotal: | | .30 | **$165.00** |

Activity Code: **ADVERSARY PROCEEDING:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 90.40 | $49,720.00 |
| Paralegals: | PARA | $150.00 | 12.20 | $1,830.00 |
| | Activity Subtotal: | | 102.60 | **$51,550.00** |

Activity Code: **341 MEETING:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 7.60 | $4,180.00 |
| Paralegals: | PARA | $150.00 | 4.50 | $675.00 |
| | Activity Subtotal: | | 12.10 | **$4,855.00** |

Activity Code: **PLAN:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: | James B. Miller | $550.00 | 35.70 | $19,635.00 |
| Paralegals: | PARA | $150.00 | 26.50 | $3,975.00 |
| | Activity Subtotal: | | 62.20 | **$23,610.00** |

Activity Code: **SCHEDULES/SOFA:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: James B. Miller | | $550.00 | 0 | $0 |
| Paralegals: PARA | | $150.00 | 4.0 | $600.00 |
| Activity Subtotal: | | | 4.0 | **$600.00** |

Activity Code: **ANTICIPATED POST FEE APP THROUGH CONFIRMATION:**

| | Name | Rate | Hours | Fees |
|---|---|---|---|---|
| Attorney: James B. Miller | | $550.00 | 40.0 | $22,000.00 |
| Paralegals: PARA | | $150.00 | 40.0 | $6,000.00 |
| Activity Subtotal: | | | 80.0 | **$28,000.00** |

13

**SUMMARY OF REQUESTED REIMBURSEMENT OF EXPENSES
FOR THE TIME PERIOD**

| | | |
|---|---|---|
| 1. | Filing Fees: | $32.00 |
| 2. | Process Service Fees: | $0 |
| 3. | Witness Fees: | $0 |
| 4. | Court Reporter Fees and Transcripts: | $297.50 |
| 5. | Lien and Title Searches (Recording Fees): | $93.99 |
| | (a) In-house copies (17,272 @ $.15/page) | $2,590.80 |
| | (b) outside copies | $498.96 |
| | (c) ANTICIPATED COPIES THROUGH CONFIRMATION (3000 at .15/pg) | $450.00 |
| 7. | Postage | $2,487.76 |
| 8. | ANTICIPATED POSTAGE THROUGH CONFIRMATION | $225.00 |
| 9. | Courier/Messenger Services: | $0 |
| 10. | Long Distance Telephone Charges: | $0 |
| 11. | Fax Transmissions (Long Distance - $1/pg.) | $0 |
| 12. | Computerized Research: | |
| | PACER | $27.20 |
| | LEXIS/Westlaw | $0 |
| 13. | Out-of-Southern-District-of-Florida Travel: | $0 |

(a) Transportation    ($_____)

(b) Lodging          ($_____)

(c) Meals            ($_____)

14. Other Permissible Expenses (must
specify and justify):

| | |
|---|---|
| (a) (Investigation Services – __ x Clear Reports) | $0 |
| (b)_COURT CALL/SOLUTIONS_ | $0 |
| (c) Garnishment Fee | $0 |
| (d) Certified Copies | $0 |

**Total Expense Reimbursement Requested in the Fee Application**          **$6,311.72**