

**ORDERED in the Southern District of Florida on November 30, 2022.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                    **Case No. 22-15627-EPK**
                                                          **Chapter 11**

**AUTO WHOLESALE OF BOCA, LLC,**


            **Debtor.**

_____/


**ORDER SETTING BRIEFING SCHEDULE ON**
**MOTION FOR TURNOVER OF FERRARI 458 SPIDER**

This matter came before the Court for evidentiary hearing on November 28, 2022

upon *Derek Stephens' Motion to Compel Turnover of 2013 Ferrari 458 Spider and to Abandon*

*Title* [ECF No. 114] (the "Motion") filed by Derek Stephens.  Mr. Stephens, Auto Wholesale

of Boca, LLC (the "Debtor"), and the FVP Entities[1] participated in the hearing.

At the close of the evidentiary hearing, the Court requested briefing on two issues:  (1)

considering only the evidence admitted at the evidentiary hearing, assuming that Mr.

Stephens proved that he consigned the Ferrari to Karma of Palm Beach, whether the Debtor

_____

[1] The FVP Entities are FVP Opportunity Fund III, LP; FVP Servicing, LLC; and FVP Investments,
LLC

nonetheless obtained title to the Ferrari superior to any right of Mr. Stephens; and (2) whether Jonathan Martin had authority, apparent or otherwise, to execute the consignment agreement with Mr. Stephens.

With the Court being fully advised in the premises, it is ORDERED and ADJUDGED as follows:

1.     Not later than December 16, 2022, Mr. Stephens, the Debtor, and the FVP Entities may each file and serve a brief, no more than 20 pages in length, addressing only the following two issues:  (1) considering only the evidence admitted at the evidentiary hearing, assuming that Mr. Stephens proved that he consigned the Ferrari to Karma of Palm Beach, whether the Debtor nonetheless obtained title to the Ferrari superior to any right of Mr. Stephens; and (2) whether Jonathan Martin had authority, apparent or otherwise, to execute the consignment agreement with Mr. Stephens.

2.     Not later than January 6, 2023, Mr. Stephens, the Debtor, and the FVP Entities may each file and serve a response, no more than 10 pages in length.

3.     Page limits set by this Order include the page on which the caption appears and the signature page, but do not include any attached certificate of service.  Briefs must be presented in Century Schoolbook font no smaller than 11 point, with footnotes in the same font no smaller than 10 point, and must have margins of at least one inch on all sides.  No page of any brief may contain more than one (1) footnote and no footnote may exceed five (5) lines of text.

###

Copy to:
C. Cory Mauro, Esq.

*C. Cory Mauro, Esq. is directed to serve a copy of this order on all appropriate parties and shall file a certificate of service with the Court.*