UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,  Case No.: 22- 15627-EPK
            Chapter 11 Subchapter V

_____Debtor-in-Possession._____ /

**DEBTOR'S EXPEDITED MOTION TO**
**SELL INVENTORY**

COMES NOW, Debtor, Auto Wholesale of Boca, LLC ("Debtor"), by and through undersigned counsel, and hereby files and serves the instant *Expedited Motion To Sell Inventory*, and states the following in support thereof:

1. The Debtor is a "Debtor-in-Possession" under Title 11, Subchapter V, of the United States Code by virtue of having filed its *Petition* [Parent ECF #1] on July 22nd, 2022, seeking to reorganize itself.

2. As touched upon in the DIP's *Verified Chapter 11 Case Management Summary* [Parent ECF #7] ("Case Management Summary"), the DIP sought relief in bankruptcy based upon the fact that the Debtor had been defrauded out of millions of dollars in assets and monies by other entities and their operators, *i.e.* – Excell Auto Group, Inc. ("Excell"), Karma of Palm Beach ("KPB") and Karma of Broward ("KB") (KPB and KB are collectively "Karma"), operated and owned primarily by Scott and Kristen Zankl (the "Zankls")

3. This fraud by the Zankls and their entities apparently included the unauthorized repeated reselling and financing of automobiles owned by Debtor and/or liened by Debtor.

4. Excell has filed a separate petition in bankruptcy under Chapter 7 in Case No. 22-12790-EPK ("Excell Bankruptcy").

5. The Zankls have falsely led various lenders (and other interested parties) of Karma, and even Excell, to pursue AWB's automobiles and inventory.

6. Based upon the fraud of Zankl, Excell, KPB and KB, the Debtor has been unrelentingly pursued by the creditors of Excell, KPB and KB pre- and post-petition.

7. The Creditors, FVP Opportunity Fund III, LP, FVP Investments, LLC and/or FVP Servicing, LLC (collectively, "FVP") have kept the Debtor tied up in meandering litigation in Adversary Proceeding No. 22-01218-EPK (the "FVP Adversary") – which is on its yet-to-be-filed fifth amended complaint --, as well as discovery overload and feigned settlement overtures.

8. Despite the efforts of FVP to derail this Case, the Debtor has maintained its obligations with the Code, Local Rules and U.S. Trustee requirements, by, among other things, filing its Monthly Operating Reports, Case Management Summary and its Plan of Reorganization.

9.  Furthermore, several parties-in-interest have made claims to various automobiles or titles in the name and/or possession of the Debtor, which the Court, has on a limited basis granted turnover and/or abandonment.

10. The Debtor currently has on hand, after previous court orders, the following automobiles (the "Inventory") in its possession vehicle which it seeks authority to sell as identified on Exhibit "A" hereto (which contains estimates of sale proceeds).

11. Each of these automobiles (Exhibit "A") are currently subject to bona fide dispute in the FVP Adversary.[1]

12. Additionally, Hi Bar Capital LLC ("Hi Bar") and Franklin Capital ("Franklin") also assert claims against the very same automobiles set forth above based upon alleged lien interests arising out of relationships between Hi Bar and Franklin on the one hand and Excell, KPB and/or KB on the other prior to the acquisition by Debtor of these vehicles.[2]

13. However, such disputes do not bar the sale of these automobiles; rather, the same is authorized by the Code itself. *See*, 11 U.S.C. Sect. 363((f)(4).

---

[1] Three (3) separate related pleadings or actions have been filed by the following seeking recovery of automobiles not identified on Exhibit "A", *i.e.* -- Omar Periu [ECF No. 127] as to a certain 2021 Mercedes G Wagon (VIN: W1NYC7HJ0MX390328), Derek Stephens [ECF No. 114] as to a certain 2013 Ferrari 458 (VIN: ZFF68NHA8D0191526) and Benidt Investments/Slinger, LLC [*see* Adv Proc. No. 22-01424-EPK] as to a 2019 Lamborghini Huracan (VIN: ZHWUT4ZF1LLA14316).

[2] FVP, Hi Bar and Franklin all claim, in the FVP Adversary, the same purported lien interests in the subject automobiles. Stephens and Periu claim "ownership" interests in two (2) vehicles (*see* N.1 *supra*), and Benidt claims the right to rescission in regards to one (1) automobile for which Debtor was not a party to the original sale between Benidt and Karma of Palm Beach.

14. Debtor continues to incur expenses on a daily and monthly basis for the maintenance, security, care, insurance and storage of these vehicles, while FVP, Hi Bar and Franklin bear no expense, and otherwise delay the resolution of the FVP Adversary and a ruling on their (FVP, Hi Bar and Franklin) respective interests as purported lienholders (not owners).

15. Debtor is preparing to commence its Plan of Reorganization should it be approved by the Court, and in order to move forward these vehicles must be liquidated, so Debtor can operate and also reduce its costs.

16. However, no one will purchase these vehicles, and the Department of Motor Vehicles will likely not allow the transfer of ownership, absent a court order which authorizes the sale and issuance of necessary documents by Debtor, as well as the appropriate governmental agencies, to the ultimate buyer of the vehicle(s) and further bar any challenge to the sale by FVP, Hi Bar, Franklin, and others – as any such interests, to the extent perfected and unavoidable (as well as priority) would attach to the sale proceeds.

17. Debtor is in the business of selling used high-end and exotic cars and has done so for over a decade.

18. Given that the settlement discussions have ceased between Debtor on the one hand and FVP, Hi bar and Franklin on the other, the ongoing dissipation of the value of the inventory, the continuing monthly expenses incurred by Debtor to maintain, care for and insure the inventory coupled

with the continuing delays of the FVP Adversary it is appropriate to liquidate these automobiles in an orderly fashion by Debtor, who has a successful history of doing so prior to the bankruptcy filing of Excell.

19. Therefore, the Debtor seeks an order which allows Debtor to sell the inventory free and clear of liens, interests, and encumbrances, with the same attaching to the proceeds thereof in like kind, priority, extent, interest and position and directing and/or authorizing the Department of Motor vehicles or other governmental authority to issue title transfers *etc* and other necessary documents to allow for the vehicles to be sold and titles to be issued to the ultimate buyers, deem such buyers to be good faith purchasers and otherwise also authorize the payment, from the sale proceeds, of fees, expenses and costs associated with said sale(s),  i.e. -- cleanup, sale preparation, transportation of said vehicles, the sale of the same, handling fees and costs, the auction (if auctions) or broker fees and costs associated therewith, advertising, sales, and standard costs and fees associated with said sales being deducted from the sale proceeds.

**WHEREFORE** the Debtor respectfully requests entry of an order (a) granting Debtor authority to sell the vehicles, deem buyers thereof to be good faith purchasers, authorize the Department of Motor Vehicles and similar governmental entities to issue new titles to the vehicles to the purchasers; (b) authorizing the Debtor to use cash collateral; (c) finding that the parties-in-interest are adequately protected; (d)

granting replacement liens (if and to the extent such liens are valid, perfected, and unavoidable)  in favor of the parties-in-interest as set forth above; and, (e) granting such other and further relief as this Court deems equitable and appropriate under the circumstances.

Respectfully submitted on December 9th, 2022.

JAMES B. MILLER, P.A.
***Counsel for Debtor-in-Possession***
19 West Flagler St., Suite 416
Miami, Florida 33130
T. 305.374.0200
F.  305.374.0250
EMAIL: BKCMIAMI@GMAIL.COM

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the transmission of Notices of Electronic Filing generated by CM/ECF to all parties entitled to receive electronic notices of filing in this case on December 9th, 2022 and *via* U.S. Mail upon those named on the attached service list this 9th day of December, 2022.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164