UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,          Case No.: 22- 15627-EPK
                                                      Chapter 11 Subchapter V

          Debtor-in-Possession.          /

### *EX PARTE* MOTION TO (1) SHORTEN NOTICE FOR HEARING ON DEBTOR'S EXPEDITED MOTION TO SELL INVENTORY, AND (2) SCHEDULE EMERGENCY HEARING ON OR BEFORE DECEMBER 21, 2022

> **Statement of Exigency**
>
> Debtor's Sale Motion [ECF No. 261] proposes to sell all of Debtor's automobile inventory during the year-end holidays to maximize sale price and likely proceeds. The Hearing [ECF No. 264] on the Sale Motion is currently set for December 28, 2022 at 1:30 p.m., at a time that post-dates the Christmas and Hanukkah holidays (as well as during a time the undersigned had planned time off with his family). For the reasons more particularly set forth below, Debtor respectfully requests that the Court consider the Sale Motion on an emergency basis.

Debtor, Auto Wholesaler of Boca, LLC, is a Debtor-in-Possession as it filed a Petition [ECF No.1] on July 22nd, 2022, under Chapter 11, Subchapter V. Debtor, by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 2002 and 9006, files this *Ex Parte Motion To (1) Shorten Notice or Hearing On Debtor's Expedited Motion To Sell Inventory, And (2) Schedule Emergency Hearing On Or Before Decembrr 21, 2022*, and moves this Court, for entry of an Order (1) shortening the period to notice creditors for the hearing on the *Debtor's Expedited Motion To Sell Inventory* [ECF No. 261] (the "Sale Motion"), and (2) scheduling the hearing on the Sale Motion for (or before) **December 21st, 2022 at 1:30 p.m.** In support of this Motion, the Debtor states as follows:

1.       On December 19th, 2022, the Debtor filed and served the Sale Motion, both via United States mail and electronically via CM/ECF upon filing.

2.      The Court has scheduled the hearing on the Sale Motion for December 28th, 2022, at 1:30 p.m. *See* ECF No. 264. The currently set hearing falls after the December holidays and also at a time when the undersigned had previously planned vacation time with his family.

3.      Fed. R. Bankr. P. 2002(a)(2) requires twenty-one (21) days notice to parties in interest of the Sale Motion.  Fed. R. Bankr. P. 9006(c)(1) provides, in part, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

4.      Typically, in a Chapter 11 proceeding, the Debtor would be allowed to operate and generate income from its inventory in its industry, buying and selling high-end exotic automobiles. However, in the instant matter Debtor has been unable to perform such activity given the Court's injunction against the sale of the inventory; and, instead of selling the inventory in the Debtor's ordinary course of business, the Debtor needs to acquire relief from this Court to sell the vehicles comprising the inventory.

5.      Given that: a) the holidays are rapidly approaching and the Debtor believes it could start the process of preparing and selling the inventory subject of the Sale Motion to generate substantial sale proceeds from the inventory; b) the purported lienholders (FVP, Hi Bar and Franklin) of the inventory subject of the Sale Motion would appear to at least not oppose the sale of the inventory; and, c) the very same parties-in-interest claiming to be lienholders in the inventory are on notice throughout this Case of the recent statements by the Court regarding sale of the inventory,  the time period for notice of the Hearing can and should be shortened as no party-in-interest is prejudiced by such shortening of the time period for the Hearing.

6.      Debtor is prepared to effect service today if the Court grants this Motion.

7.      Therefore, and for the reasons previously stated, Debtor respectfully requests that the Court consider the Sale Motion on an emergency basis, and set this matter for hearing on December 21st, 2022, at or before 1:30 p.m.  Debtor submits that there is good cause for shortening the notice period for the hearing and that no party will be prejudiced by this action.

**WHEREFORE**, Debtor respectfully requests that the Court enter an Order, substantially in the form submitted herewith: (i) granting this Motion; (ii) shortening the notice period for the hearing on the Sale Motion; (iii) setting an emergency hearing on the Sale Motion for December 21, 2022 (or an earlier date of the Court so chooses), at or before 1:30 p.m.; and (iv) granting such other and further relief as the Court deems just and proper.

Dated:  December 13th, 2022.

Respectfully submitted,

ATTORNEY FOR DEBTOR
**JAMES B. MILLER, P.A.**
Biscayne Building, Suite 416
19 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 374-0200
Facsimile:      (305) 374-0250

By:____*/s/ James B. Miller*_____
        JAMES B. MILLER
        Florida Bar No. 0009164
        jbm@title11law.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the transmission of Notices of Electronic Filing generated by CM/ECF to all parties entitled to receive electronic notices of filing in this case on December 13th, 2022 and *via* U.S. Mail upon those named on the attached service list this 13th day of December, 2022.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164