**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC.,[1]          Chapter 11

                              Debtor.        Subchapter V

_____/

**HI BAR CAPITAL, LLC'S LIMITED OBJECTION TO DEBTOR'S EXPEDITED**
**MOTION TO SELL INVENTORY AND RESERVATION OF RIGHTS**

**COMES NOW**, Hi Bar Capital, LLC ("***Hi Bar***") and hereby files this limited objection

and reservation of rights (this "***Limited Objection***") to the *Debtor's Expedited Motion to Sell*

*Inventory* [ECF #261] (the "***Sale Motion***"). In support of this Limited Objection, Hi Bar

respectfully states as follows:

**Preliminary Statement**

1.      By the Sale Motion, the Debtor seeks authority to sell certain vehicles (as identified

on Exhibit A to the Sale Motion, the "***Sale Inventory***"). The Sale Inventory includes vehicles that

are collateral in which Hi Bar maintains a properly perfected, first priority security interest, which

were wrongfully taken and converted by the Debtor.. An adversary proceeding seeking a

determination as to the extent of the Debtor's alleged interest in those "disputed vehicles",

including the Sale Inventory, is pending before the Court at Adv. Pro. No. 22-01218-EPK (the

"***Adversary Proceeding***").

---

[1] The last four digits of the Debtor's taxpayer identification number is 5162.  The Debtor's noticing address in this Chapter 11 case is 6560 West Rogers Circle, Suite B-27, Boca Raton, Florida 33487.

2.     Hi Bar does not object to the proposed sale of the Sale Inventory in principle. Indeed, Hi Bar supports the liquidation of its collateral. But the Sale Motion goes too far – not only does it seek authority to sell vehicles that are very likely not property of the estate, it seeks unfettered use of the proceeds of such sale without any consideration to Hi Bar and other parties that have asserted interests in the vehicles. For these reasons, and the others set forth below, the Sale Motion must be denied.

### Background

3.     The Court is painfully familiar with these proceedings and the dispute as to the Debtor's purported ownership of certain "disputed vehicles", including the Sale Inventory.

4.     With respect to Hi Bar, in October 2021 and the months that followed, Hi Bar and non-debtors Karma of Broward, Inc. ("Karma Broward") and Karma of Palm Beach, Inc. ("Karma Palm Beach" and collectively, "Karma") entered into a series of transactions in which Karma granted Hi Bar a lien against the inventory of its automobile dealership businesses.[2]

5.     Thereafter, between the winter of 2021 and April 2022, unbeknownst to Hi Bar, the Debtor appears to have engaged in a series of transactions with Karma where Karma, which had both possession and ownership of the disputed vehicles (including Sale Inventory Vehicles), allowed agents of the Debtor to control the title application and transfer process that resulted in the name of the Debtor to be eventually added to Certificates of Title for the disputed vehicles in a series of sham transactions.

6.     Very much in summary (and without waiver or concession as to any allegations or claims at issue in the Adversary Proceeding), the Debtor has nothing more than naked possession and bare title to the Sale Inventory, and the Sale Inventory is subject to one or more perfected

---

[2] Copies of the relevant transaction documents are attached hereto as **Exhibits A** through **C**.

security interests that existed at the time the Debtor wrongfully took possession of, and wrongfully transferred title to, the Sale Inventory to itself.

## Limited Objection

7.      The Debtor cannot sell assets in which the estate has no interest. *See* 11 U.S.C. § 363(b)(1) (authorizing the trustee, upon notice and hearing, to sell "*property of the estate*" other than in the ordinary course); *see also, In re Whitehall Jewelers Holdings, Inc.*, 2008 WL 2951974 at *4 (Bankr. D. Del., July 28, 2008) (collecting authorities for the proposition that "[a] bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the property is property of the estate.")

8.      In this case, there is an on-going dispute as to whether the Debtor maintains *any* interest in the Sale Inventory. The Sale Motion does nothing to resolve this dispute. Indeed, in the Sale Motion, the Debtor does not even assert that it owns the Sale Inventory – it merely states that the Debtor "currently has on hand" or "in its possession [the] vehicle[s] which it seeks authority to sell". Sale Motion at ¶ 10.

9.      The Court simply cannot grant the Sale Motion without having first determined whether the Debtor has an interest in the Sale Inventory.

10.      Beyond this threshold issue, Hi Bar objects to the entry of any order that would allow the Debtor use of any proceeds derived from the Sale Inventory. Without any facts, argument or other authority, the Debtor – in its prayer for relief concluding the Sale Motion – requests authority to use cash collateral and a finding that the "parties-in-interest" are adequately protected. *See* Sale Motion at 5-6.

11.     Hi Bar has asserted a valid, senior security interest in the Sale Inventory. *See* Claim No. 20; Adversary Proceeding at Docket Nos. 59 and 121.[3] While the Debtor claims it intends to object to Hi Bar's asserted interest, it has not done so to date. Accordingly, Hi Bar has a *prima facie* valid claim and any proceeds of the Sale Inventory constitute "cash collateral" in which Hi Bar has an interest.

12.     In order to sell or use property in which a non-debtor has an interest, the Debtor must provide that party with "adequate protection" of its interest. The Debtor bears the burden of proving that such interest is adequately protected.  *See, e.g., Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470, 477–78 (S.D.N.Y.2013) (holding that the debtor "bears the initial burden of proof as to the issue of adequate protection"). The Sale Motion does *nothing* to even approach – let alone meet – this burden. Consequently, as with the proposed sale, the Court simply cannot authorize the Debtor to use cash collateral or make any finding that the interests of any party is adequately protected.

13.     In the event that Court somehow determines that it has authority to authorize the Debtor to sell the Sale Inventory, Hi Bar respectfully requests that any such order (i) make clear that all of Hi Bar's rights to, and interests in, the Sale Inventory, including but not limited to any security interests, liens, claims, and encumbrances, shall attach with the same extent, validity, and priority to the Sale Inventory proceeds; (ii) direct that the Debtor maintain any Sale Inventory proceeds in a segregated account; and (iii) bar the Debtor from using the Sale Proceeds without Hi Bar's consent or further order from this Court.

---

[3] The operative pleading in the Adversary Proceeding is now a *Joint Amended Adversary Complaint* in which Hi Bar is named as a defendant. As of the date hereof, Hi Bar's answer to that complaint is not yet due.

14.     These conditions are essential to preserve the Sale Inventory proceeds and adequately protect Hi Bar's interests therein pending a final determination of the Adversary Proceeding. Absent such protections, Hi Bar faces a clear risk that the Debtor will use Hi Bar's property – property in which the Debtor likely has *no* interest – for the Debtor's own purposes.

**Reservation of Rights**

15.     Hi Bar fully reserves all of its rights, claims, defenses, and other interests, including without limitation its security interests and liens in and against the Sale Inventory, other "disputed vehicles", and any other property in which the Debtor asserts an interest. Nothing set forth in, or omitted from, this Limited Objection, is intended to waive or concede such rights, claims, defense or other interests in connection with the Sale Motion, the Adversary Proceeding, the Debtor's bankruptcy case, or any other proceeding whether or not involving the Debtor.

16.     In addition, Hi Bar reserves the right to join, and in fact joins, in any objection (limited or otherwise) to the Sale Motion to the extent consistent with this Limited Objection.

WHEREFORE, Hi Bar respectfully requests that the Court deny the Sale Motion or, in the alternative, provide in any order granting the Sale Motion that (i) all of Hi Bar's rights to, and interests in, the Sale Inventory, including but not limited to any security interests, liens, claims, and encumbrances, shall attach with the same extent, validity, and priority to the Sale Inventory proceeds; (ii) the Debtor maintain any Sale Inventory proceeds in a segregated account; and (iii) the Debtor is barred from using the Sale Proceeds without Hi Bar's consent or further order from this Court.

[*Signature Page Follows*]

Respectfully submitted,

Dated: December 19, 2022

/s/ Ezequiel J. Romero
Ezequiel J. Romero
Florida Bar No. 107216
romeroe@bclplaw.com
Bryan Cave Leighton Paisner, LLP
200 South Biscayne Boulevard, Suite 400
Miami, FL 33131
Telephone:  (786) 322-7500

*Local Counsel for Hi Bar Capital, LLC*

Jason J. DeJonker, Esq.
Illinois Bar No. 6272128
Bryan Cave Leighton Paisner, LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
E-mail: Jason.dejonker@bclplaw.com
Tel: (312) 602-5005

*Admitted Pro Hace Vice*
*Counsel for Hi Bar Capital, LLC*

/s/ Jarret P. Hitchings
Jarret P. Hitchings, Esq.
Delaware Bar No. 5564
Pennsylvania Bar No. 312254
Bryan Cave Leighton Paisner, LLP
One Wells Fargo Center
301 S. College Street, Suite 2150[4]
Charlotte, North Carolina 28202
E-mail: jarret.hitchings@bclplaw.com
Tel: (704) 749-8965
Fax: (704) 749-8990

*Admitted Pro Hac Vice*
*Counsel for Hi Bar Capital, LLC*

---

[4] Application for admission to practice in the State of North Carolina pending. While not currently licensed in North Carolina, practicing in the state pursuant to North Carolina Rule of Professional Conduct 5.5(e), and in compliance therewith.

7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2022, I caused the foregoing *Hi Bar Capital, LLC's Limited Objection to Debtor's Expedited Motion to Sell Inventory and Reservation of Rights* (the "**Limited Objection**") to be electronically filed with the Court using the Court's CM/ECF filing system, which generated an email notice of the filing, linked to this document, to those parties who receive electronic notices in the bankruptcy case captioned above.

I further certify that on this same date, I caused the *Limited Objection* to be served, via electronic mail and United States Mail with postage prepaid, as noted, upon the parties listed below.

| | |
|---|---|
| C. Craig Eller<br>1665 Palm Beach Lakes Boulevard<br>Suite 1000<br>West Palm Beach, FL 33401 | James B. Miller<br>19 West Flagler Street<br>Suite 416<br>Miami, FL 33130 |
| <u>Via electronic mail to</u>:<br>celler@kelleylawoffice.com | <u>Via electronic mail to</u>:<br>bkcmiami@gmail.com |
| *Counsel for the Debtor* | *Counsel for the Debtor* |
| Auto Wholesale of Boca, LLC<br>6560 West Rogers Circle<br>Suite B-27<br>Boca Raton, FL 33487 | Linda Marie Leali<br>2525 Ponce De Leon Boulevard<br>Suite 300<br>Coral Gables, FL 33134 |
| <u>Via United States Mail to</u>: the address listed above | <u>Via electronic mail to</u>:<br>trustee@lealilaw.com |
| *The Debtor* | *The Trustee* |

Heidi A Feinman
Office of the US Trustee
51 SW 1 Avenue
Suite 1204
Miami, FL 33130

<u>Via electronic mail to</u>:
Heidi.A.Feinman@usdoj.gov

8

*Office of the United States Trustee*

Dated: December 19, 2022        **BRYAN CAVE LEIGHTON PAISNER LLP**


    */s/ Ezequiel J. Romero*
Ezequiel J. Romero (Florida Bar No. 107216)
200 South Biscayne Boulevard, Suite 400
Miami, Florida 33131-5354
Telephone     (786) 322-7500
Facsimile:     (786) 322-7501
Email:          ezequiel.romero@bclplaw.com

*Counsel for Hi Bar Capital, LLC*

9