UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

      Debtor.                                                    Chapter 11
                                                                        Subchapter V

_____/

**OBJECTION TO EXPEDITED MOTION TO SELL INVENTORY**

Wing Lake Capital Partners ("Wing Lake") objects to the *Expedited Motion to Sell Inventory* (the "Motion") filed by Auto Wholesale of Boca, LLC (the "Debtor"). ECF No. 261. In support of its objection Wing Lake states:

**BACKGROUND**

1. The Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code on July 22, 2022.

2. Wing Lake and the Debtor, together with eight other persons, are parties to Adv. Proc. No. 22-01218-EPK (the "Adversary Proceeding" or "Adversary").[1] In the Adversary, multiple parties allege that the Debtor obtained an inventory of automobiles via conversion and fraud. In particular, it is alleged that the Debtor falsified paperwork to create scores of sham transactions with third-party automobile dealers, Excell Auto Group, Inc., Karma of Broward, Inc. and Karma of Palm Beach, Inc. (together, the "Zankl Entities"). These transactions were fabricated in an effort to collect on illegal loan transactions. Indeed on April 1, 2022, the principal of the Debtor, Moshe Farache, allegedly obtained all of the cars at the business location of Karma of Palm Beach, Inc. by threat, and the principal of the Zankl Entities, Scott Zankl, surrendered the

_____

[1]     Items docketed in the Adversary Proceeding shall be referred to by the acronym "A.P."
{2425/000/00548997}

1

vehicles in fear of his life. *See* generally A.P. 145 at ¶¶ 51–64 and 77–95 (amended complaint in Adversary Proceeding).

3.      The Debtor filed the Motion on December 9, 2022.  Through the Motion, the Debtor acknowledges that "several parties-in-interest have made claims to various automobiles or titles in [its] name and/or possession," and that the vehicles listed in an exhibit thereto (together, the "Vehicles") are "subject to a bona fide dispute" in the Adversary.  *See* Mot. ¶¶ 9 and 11.

4.      Nonetheless, the Debtor asserts that it is permitted to sell the Vehicles under § 363(f)(4).  *See id.* at ¶ 13.  The Debtor seeks authority to sell the Vehicles and utilize the resulting cash collateral.  *See id.* at p. 5.

5.      The Court should deny the Motion for the reasons set forth below.

**ARGUMENT**

**I.      The Debtor Has Not Established that the Vehicles are Property of the Estate.**

Section 363 of the Bankruptcy Code controls the use, sale or lease of property.  Sections 363(b) and (c) govern sales of property outside and in the ordinary course of business, respectively, while § 363(f) enumerates conditions under which property may be sold free and clear of liens. *See* 11 U.S.C. § 363(b), (c) and (f).

As stated *supra*, the Debtor alleges that it is entitled to sell the Vehicles under § 363(f)(4). *See* Mot. ¶ 13.  This section permits the sale of property subject to a lien or other interest if "such an interest is in bona fide dispute."  11 U.S.C. § 363(f)(4).  Per the Debtor, because it disputes the interests of Wing Lake and other creditors in the Vehicles, it is thus free to sell them.

Crucially, however, § 363(f) sales are limited to "property under subsection (b) or (c) of this section."  Put another way, a trustee or debtor in possession cannot sell property under § 363(f) without first confirming that it is of the type addressed in § 363(b) or (c).  In turn, the property

addressed in § 363(b) and (c) is limited to property of the estate. *See* 11 U.S.C. § 363(b)(1) ("The trustee…may use, sell or lease, other than in the ordinary course of business, property of the estate…") and (c)(1) ("…the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business…") (emphases supplied).   Read in conjunction, therefore, § 363(b) and (f) require property to first be identified as property of the estate before it is sold free and clear of liens.  *See In re Whitehall Jewelers Holdings, Inc.*, 2008 WL 2951974, at *7 (Bankr. D. Del. Jul 28, 2008) ("...the Debtors have not met their burden of establishing that the Consigned Goods are property of the estate under Section 363(b) and therefore are not permitted to sell the goods under Section 363(f)(4).").[2]

*In re Eastman Kodak Co., et al.* in particular illustrates this point.  2012 WL 2255719 (Bankr. S.D.N.Y., Jun. 15, 2012).  In *Kodak*, the debtors filed a motion under § 105(a) seeking a determination that Apple, Inc. and Flashpoint, Inc. lacked ownership interests in disputed patents, which the debtors sought to sell free and clear under § 363(b) and (f).  *Kodak*, 2012 WL 2255719, at *1.  Apple and Flashpoint objected, arguing that the motion was procedurally improper and that "ownership rights cannot be determined summarily in a contested matter in connection with a § 363 sale." *Id.*

The court determined that that the debtors were seeking, for all intents and purposes, a declaratory judgment to determine interests in property, which should be determined in an adversary proceeding. *Id.* at 2.  *Kodak* goes on to note that the debtors had "not cited any authority that a bankruptcy court can determine ownership of property in connection with a sale motion, and

---

[2]    Indeed, the Court would lack jurisdiction to authorize the sale of property that was not property of the estate. *See, e.g.*, *In re Edwards*, 926 F.2d 641, 643 (7th Cir. 1992) (bankruptcy court had no jurisdiction to determine rights to non-estate property).
{2425/000/00548997}

the small amount of authority on point suggests the opposite."  2012 WL 2255719, at *2 (citation

and footnote omitted) (emphasis added).  As *Kodak* elaborates:

> The courts have been reluctant to allow parties' rights to property to be summarily determined as an adjunct to a bankruptcy motion.  For example, in *In re Orion Pictures Corporation*, 4 F.3d 1095 (2d Cir. 1993), the Second Circuit held that a breach of contract determination should not have been made as part of a motion to assume the contract and that the bankruptcy court should merely have decided whether it was likely that a breach could be shown, as that issue bore on the debtor's business judgment in deciding to assume the contract.  The Court noted that a motion to assume should be considered a summary proceeding facilitating swift administration of the bankruptcy estate, not an occasion for a trial on dispositive issues.  Like the standard for assumption of executory contracts, the standard for sales of estate property is one of business judgment.  Thus, in connection with a § 363 sale, the central issue is the reasonableness of the trustee's business judgment to sell property whose ownership may be disputed, and this does not require a definitive determination of ownership rights.

2012 WL 2255719, at *2 (citations omitted).

The case mirrors *Kodak*.  The Adversary Proceeding is pending, implicates almost a dozen

parties, and directly addresses the issue of whether the Debtor owns the Vehicles.  The Debtor

cannot sidestep this litigation via a summary sale process.  *See Whitehall Jewelers*, 2008 WL

2951974, at *4 ("a Section 363(f)(4) sale cannot be had when there is an unresolved issue of

whether the subject property is 'property of the estate'") (quotation omitted); *Darby v. Zimmerman*

*(In re Popp)*, 323 B.R. 260, 266 (B.A.P. 9th Cir. 2005) (even before one gets to Section

363(f), Section 363(b)...requires that the estate demonstrate that the property it proposes to sell is

"property of the estate."); *Anderson v. Conine (In re Robertson)*, 203 F.3d 855, 863 (5th Cir.

2000) (holding that section 363(f) does not permit a trustee to sell the property of a non-debtor

spouse because such property was not "property of the estate"); *In re Coburn,* 250 B.R. 401, 403

(Bankr. M.D. Fla. 1999) (finding it necessary to determine whether an asset is property of the estate in order to decide whether the trustee is entitled to sell the asset pursuant to section 363(f)).

The Debtor cannot sell what it does not own. The Court can and should deny the Motion on this basis alone.

**II.      The Debtor Has Not Met the Requirements of the Bankruptcy Code and Rules to Utilize Cash Collateral.**

Even assuming *arguendo* that the Debtor were permitted to sell the Vehicles, it has not met—or even attempted to meet—the requirements of the Bankruptcy Code and Rules to utilize the resulting cash collateral. Read in conjunction, § 363(c) and (e) prohibit the use of cash collateral absent: (1) the agreement of all entities with interests in the cash, or (2) Court authorization after finding that such entities are adequately protected. Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 impose additional requirements, including a proposed budget and order to be included with a cash collateral motion.

The Debtor has not met any of these requirements. It instead requests, in a hand waving manner, authorization to use cash collateral at the conclusion of the Motion. *See* Mot. 5. The Court should deny that request.

[Remainder of Page Intentionally Left Blank]

{2425/000/00548997}

**WHEREFORE**, Wing Lake respectfully requests that this Court enter an order: (a) denying the Motion, and (b) granting such other and further relief as this Court may deem just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on December 19, 2022.

Respectfully submitted,

**SHRAIBERG PAGE, P.A.**
Attorneys for Wing Lake
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
pdorsey@slp.law

By:   /s/ Patrick Dorsey
      Patrick Dorsey, Esq.
      Florida Bar. No. 0085841

{2425/000/00548997}

6