IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

AUTO WHOLESALE OF BOCA, LLC,
A Florida limited liability company, MMS
ULTIMATE SERVICES, INC., a Florida
Corporation, and MOSHE FARACHE, and
Individual,

                   Plaintiffs,

v.

EXCELL AUTO GROUP, INC., KARMA OF
PALM BEACH, INC., SCOTT ZANKL, and
KRISTEN ZANKL,

                   Defendants.

_____/

CASE NO. 50-2022-CA-003358-XXXXMB

DIVISION: AG

**DEFENDANT KARMA OF PALM BEACH, INC.'S
ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM**
*(For Expedited Relief Under Summary Procedure)*

Defendant KARMA OF PALM BEACH, INC., by and through undersigned counsel,

hereby answers Plaintiffs' Complaint, and states:

**ANSWER**

Defendant is without knowledge and therefor denies all of the allegations of the Complaint

except paragraph 7 which it admits.

**AFFIRMATIVE DEFENSES**

1.     First Affirmative Defense. There is a failure of consideration for the monies

claimed due by Plaintiff, Moshe Farache, thereby barring Plaintiff from enforcing the Notes and

Security Agreement.

2.     Second Affirmative Defense. Plaintiff's action is barred by common law laches

due to Plaintiff's delay in commencing this action and Defendant's reliance that the alleged loan

was not to be repaid.

EXHIBIT A

3. Third Affirmative Defense. There was an accord and satisfaction of the total indebtedness since the parties entered into a new business relationship.

4. Fourth Affirmative Defense. The Notes were executed under the threat of violence to Defendant's person and property.

5. Fifth Affirmative Defense. Defendant detrimentally relied on a promise made by Plaintiff, (2) that the Plaintiff reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the Defendant, and (3) that injustice can be avoided only by enforcement of the promise against the Plaintiff.

6. Sixth Affirmative Defense. Defendant has fully satisfied all of the indebtedness claimed by Plaintiff.

7. Seventh Affirmative Defense. Plaintiff has waived enforcement of the indebtedness claimed by Plaintiff by the acts, conduct, or circumstances relied upon to show Plaintiff waived its rights to enforce the indebtedness claimed.

8. Eighth Affirmative Defense. The Notes are unenforceable until Florida documentary stamps tax are paid.

## COUNTERCLAIM

1. This is an action for damages in excess of $30,000, exclusive of interest, costs, and attorneys' fees against Moshe Farache ("Farache"), individually.

2. Venue is proper in Palm Beach County, Florida, as all of the actions leading up to this matter occurred and continue to occur in this County.

## GENERAL ALLEGATIONS

3. Plaintiff was a major reseller of high-end luxury vehicles in Boca Raton, Florida, for more than 20 years.

4.      On June 22, 2012, Plaintiff entered into a written Lease ("Lease") with 1001 Clint Moore, LLC, as lessor, for the premises described therein, located at 1001 Clint Moore Road, Unit B, Boca Raton, Florida (the "Premises"). A true and correct copy of the Lease and the addenda thereto is attached hereto as **Exhibit "A"**.

5.      The Lease provided for an initial term of ten (10) years and was extended for an additional seven (7) years from the original expiration date. *See*, Exhibit "A".

6.      The Plaintiff was not in default under the Lease until after April 1, 2022.

7.      On April 1, 2022, without Plaintiff's authorization or consent, Defendant entered the Premises and removed Plaintiff's vehicles thereby causing total destruction of Plaintiff's business.

8.      With Mr. Farache's authorization, and at his own hand, all of the vehicles were removed from the Premises.

9.      Defendant has failed and refused to return the vehicles and in recent court filings, Defendant claims to be the owner of the vehicles which contradicts the pleadings filed under oath in this action.

10.      Plaintiff has retained the services of the undersigned and has agreed to pay the undersigned reasonable attorneys' fees.

11.      All conditions to the commencement of this action have been satisfied or waived.

## COUNT I
## UNLAWFUL DETAINER

12.      Plaintiff restates and realleges the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. This is an action for unlawful detainer in summary procedure pursuant to section 51.011, Florida Statutes, as authorized by section 82.03, Florida Statutes. This Court has jurisdiction pursuant to section 34.011(2), Florida Statutes.

14. Defendant, without legal process, unlawfully entered onto and retook possession of the Premises being lawfully occupied by Plaintiff.

9. Without Plaintiff's knowledge or consent, Defendant accessed the Premises in order to remove the vehicles.

10. Defendant continues to hold possession of the Premises against the consent of Plaintiff.

11. As a result of the Defendant's unlawful detainer, Plaintiff has been damaged.

WHEREFORE, Plaintiff, demands judgment against Defendant for: (a) immediate possession of the Premises; (b) compensatory damages; (c) costs of this action pursuant to section 82.091, Fla. Stat.; (d) pre-judgment and post-judgment interest thereon; and (e) any such other relief as this Court deems just and proper.

## COUNT II
### TORTIOUS INTERFERENCE WITH A
### BUSINESS/CONTRACTUAL RELATIONSHIP

12. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. By way of the written Lease, Plaintiff and the Landlord defined in the Lease, have a business and contractual relationship under which Plaintiff is afforded legal rights as a lessee, including the right to exclusive possession of the Premises.

14. Defendant had knowledge of Plaintiff's business relationship with the Landlord, as Defendant is an authorized representative of the Landlord.

15. On or about April 1, 2022, Defendant, without justification, intentionally interfered with the business relationship between Plaintiff and the Landlord by removing the vehicles from the Premises without Plaintiff's consent.

16. As a direct result of Defendant's intentional interference with the business and contractual relationship between Plaintiff and the Landlord, Plaintiff has suffered, and will continue to suffer, significant monetary damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with any further relief as this Court deems just and proper.

**COUNT III**
**CONVERSION**

17. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

18. The vehicles are and continue to be owned by the Plaintiff as evidenced by Farache's verified allegations in this action.

19. Pursuant to the Lease, Plaintiff is entitled to exclusive possession of the Premises.

20. On or about April 1, 2022, without the knowledge or consent of Plaintiff, Defendant wrongfully took possession of the Premises and the vehicles.

21. By taking the vehicles from the Premises, Farache wrongfully asserted an act of dominion over the vehicles that is inconsistent with Plaintiff's exclusive ownership therein.

22. As a direct result of Defendant's conversion of Plaintiff's vehicles, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with any further relief as this Court deems just and proper.

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Defendants*
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Telephone (561) 997-9995

By: _____
    HENRY B. HANDLER, ESQ.
    Florida Bar No. 259284
    hbh@whcfla.com
    jn@whcfla.com
    filings@whcfla.com
    HARRY WINDERMAN, ESQ.
    Florida Bar No. 209562
    hw@whcfla.com
    gg@whcfla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in compliance with Fla. R. Jud. Admin. 2.516 via eService Portal to: Moshe Farache, *pro se*, 6560 West Rogers Circle, Suite B-27, Boca Raton, FL 33487, moshefarache@gmail.com on this _____ day of October 2022.

> WEISS, HANDLER & CORNWELL, PA
> *Attorneys for Defendants*
> 2255 Glades Road, Suite 205E
> Boca Raton, FL 33431
> Telephone: (561) 997-9995
>
> By: _____
> HENRY B. HANDLER, ESQ.
> Florida Bar No. 259284
> hbh@whcfla.com
> jn@whcfla.com
> filings@whcfla.com
> HARRY WINDERMAN, ESQ.
> Florida Bar No. 209562
> hw@whcfla.com
> gg@whcfla.com