UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                      Case No.  22-15627-EPK
                                                            Chapter 11

AUTO WHOLESALE OF BOCA, LLC

        Debtor.

_____/

### NICOLE TESTA MEHDIPOUR'S RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM NO. 18, FILED BY THE DEBTOR [ECF NO. 225]

Nicole Testa Mehdipour (the "***Excell Trustee***"), chapter 7 trustee for the bankruptcy estate of Excell Auto Group, Inc., by and through undersigned counsel, files this response in opposition to the *Debtor's First Omnibus Objection to Claims* [ECF No. 225], wherein the Debtor objected to Proof of Claim No. 18 ("***Excell Claim***") filed by the Excell Trustee, and the Excell Trustee respectfully states:

1.      In sum, the Debtor's objection is  that the Excell Trustee did not provide sufficient documents or factual allegations to support the Excell Claim.  The Debtor also objects based upon purported affirmative defenses, for which the Debtor fails to provide factual support.

### A. Lack of Documentation is Not a Basis for Disallowing a Claim Under 11 U.S.C. § 502(b)

2.      The Debtor's objection based upon lack of documentation is without merit.  Section 502(b) sets forth the exclusive grounds for disallowing a claim, and failure to file the documents required by Fed. R. Bankr. P. 3001(c)(1) is not among those grounds.  *See* 11 U.S.C. § 502(b). *In re Tatro*, Case No. 12-21266-PRW, 2015 Bankr. LEXIS 1648 at *12-13 (Bankr. W.D. N.Y. May 14, 2015) (Adopting the majority view that § 502(b) provides exclusive basis for disallowing a claim and collecting cases).

1

3.      Furthermore, the Excell Trustee attached documentation explaining the basis for the Excell Claim.

**B. The Excell Claim has Sufficient Detail to Allow the Debtor to Substantively Respond to the Excell Claim**

4.      The Excell Claim sets forth the estimated amount along with sufficient factual and legal bases upon which the Proof of Claim is supported, including the statutory bases for avoidance actions relating to "all payments made by Excell to the Debtor," "treble damages for converting certain of the Debtor's high-end luxury vehicles pursuant to Fla. Stat. § 772.11;" "treble damages for the usurious loans [that the Debtor cites to in its objection to the Excell Claim] pursuant to 18 U.S.C. § 1962, Fla. Stat. §§ 895.02, 895.03, [and] 895.05;" "breach of contract," unjust enrichment", and the "administrative fees and costs incurred by the Trustee and her professionals in the estimated amount of $600,000.00" in connection with the administration of the Excell bankruptcy estate.

5.      This language is distinguishable from the mere recitation of statues by the creditor in *In re Rimsat, Ltd.*, 223 B.R. 345 (Bankr. N. Ind. 1998), cited by the Debtor.  *See Rimsat*, at 347 n. 4 (quoting the language in the POC at issue).

6.      The Excell Trustee has been actively investigating the finances of Excell, including all transactions between Excell and the Debtor, but has not yet completed her investigation.

7.      Notwithstanding the Excell Trustee's on-going investigation, FVP and others have been actively litigating an adversary proceeding before this Court to determine whether the high-end luxury cars scheduled by the Debtor are in fact property of this bankruptcy estate.  The basis being that the Debtor through its principals converted or stole the vehicles from the Debtor and related entities. The resolution of this adversary proceeding will ultimately resolve at least one

aspect of the Excell Claim, because to the extent the Court finds in favor of the plaintiffs that the Disputed Assets were in fact taken from Excell, then the Trustee's civil theft claim is substantiated.

**C. The Debtor Sets Forth Affirmative Defenses With No Factual Support Leaving the Excell Trustee Unable to Substantive Respond to Such Claims**

8.      Finally, the Debtor asserts purported affirmative defenses but provides no factual support for its allegations of fraud and claims for damages that it purports could offset the Excell Claim.

**WHEREFORE**, the Excell Trustee, respectfully requests that this Honorable Court enter an order: (i) overruling the Debtor's Objection to the Excell Claim; and (ii) granting the Excell Trustee such other and further relief as this Court deems just and proper.

Submitted on the 21st of December 2022

FURR AND COHEN, P.A.
*Attorneys for Excell Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
(561) 395-0500/Fax: 561-338-7532

By: */s/ Jason S. Rigoli*
    Jason S. Rigoli, Esq.
    Florida Bar No. 091990
    Email: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all parties who are registered CM/ECF users in this case.

By: */s/ Jason S. Rigoli*
    Jason S. Rigoli, Esq.