**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK

      Debtor.

_____/

**MOTION FOR ORDER THAT STAY IS NOT APPLICABLE TO**
**STATE COURT AMENDED COMPLAINT,**
**OR, ALTERNATIVELY,**
**MOTION TO MODIFY THE AUTOMATIC STAY TO THE EXTENT APPLICABLE**

      **COME NOW** FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively, "FVP"), by and through their undersigned counsel and pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. 362, and move that this Court enter an order that the automatic stay:

A. does not apply to the alter ego argument advanced by FVP as Plaintiffs against Moshe Farache, Lisa Farache and Chase Farache (the "Farache Defendants") in the proposed Amended Complaint pending an order of leave in the pending state court action styled *FVP v Karma of Broward, Inc., et al.* and numbered CACE-22-5125 in Broward County, Florida (the "State Court Amended Complaint" which is attached hereto and incorporated herein as **Exhibit A** (the Amended Complaint only for the Court's convenience  - and highlighted as to the paragraphs relevant to the Court's determination on this motion), and as **Exhibit C** (the Motion for Leave to Amend and the Exhibits to the Amended Complaint));

or, alternatively,

B. is modified to the extent necessary to permit FVP to pursue these claims against the Farache Defendants in the State Court Amended Complaint.

## INTRODUCTION

At the time this Bankruptcy was filed, FVP had a pending action filed in the Circuit Court in and for Broward County, Florida, Case No.: CACE 22-5125 against numerous Defendants, including Moshe Farache and Debtor Auto Wholesale of Boca, LLC ("AWB"). The claims against AWB are stayed, but the claims against Moshe Farache and other named Defendants are not.

FVP filed their motion for leave to amend that lawsuit and deem the State Court Amended Complaint filed of record as the operative complaint. The State Court Amended Complaint does *not* include AWB as a defendant or party to that lawsuit.

Counsel for the Debtor has advised the FVP attorneys that the State Court Amended Complaint, and specifically its count for "alter ego," is a "clear violation" of the stay.  *See* **Exhibit B** (providing an Email from Jim Miller, Esq., counsel for the Debtor, which Email is an excerpt from an otherwise longer chain not relevant to this determination).

FVP therefore seeks a ruling from this Honorable Court that the stay would not be violated by the State Court Amended Complaint, or, alternatively, that the stay is modified to the extent necessary to permit FVP to pursue the State Court Amended Complaint against the Farache Defendants under the theories pled therein.

## ARGUMENT AND MEMORANDUM OF LAW

### A. JURISDICTION, VENUE, CORE MATTER, STATUTORY AND PROCEDURAL PREDICATE.

1. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory basis for this Motion is Section 362 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

5. The procedural predicate for the requested relief sought herein is Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local

Rules of the United States Bankruptcy Court for the Southern District of Florida.

**B. THE ALLEGATIONS IN THE STATE COURT AMENDED COMPLAINT SEEK NO CLAIMS AGAINST THE DEBTOR OR THE BANKRUPTCY ESTATE, BUT RATHER SEEK PERSONAL LIABILITY FOR PERSONAL INTENTIONAL TORTS.**

6.      The allegations in the State Court Amended Complaint are against the Farache Defendants and not the Debtor, and do not impact any assets of the Debtor, which is made clear in **Exhibit A** at paragraphs 1 , 8, 37- 40, and 335-336, which make crystal clear that:

   a. AWB is not named as a party and no claims of any description are made against AWB; and

   b. the Farache Defendants are named for their own personal and intentional acts.

**C. THE STAY DOES NOT APPLY TO ALTER EGO OR NON-DEBTOR PARTIES. ALTER EGO THEORY IS A REMEDY, NOT A CAUSE OF ACTION.**

7.      As a preliminary matter, and as a general rule, the automatic stay protection does not apply in all cases; there are statutory exemptions, and there are non-statutory exceptions. *See, e.g.*, *Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012).

8.      Next, it is axiomatic that the automatic stay does not extend to non-debtors. *See Saxby's Coffee Worldwide, LLC v. John Larson et al. (In re Saxby's Coffee Worldwide, LLC)*, 440 B.R. 369, 378 (Bankr. E.D. Pa. 2009) ("The automatic stay of the Bankruptcy Code, 11 U.S.C. § 362(a), applies only to a debtor and may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the ... debtor.") (internal citations and quotations omitted). Nor does the automatic stay prevent actions from proceeding against non-debtor co-defendants of the debtor, either. *See, e.g. Maritime Elect. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1991); *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir.1986) ("The well-established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants.").

9.      Finally, in seeking to pierce the corporate veil against the Farache Defendants, FVP are not bringing a *cause of action* that is subject to the stay but are merely seeking a *remedy* against non-Debtor parties. Under Florida law, there is no independent cause of action for alter ego liability or to pierce corporate veil; rather, a determination that such entity is an alter ego of another entity or person, or that its corporate veil should be pierced, is a remedy and not an affirmative cause of action. *See Dillworth v. Mahecha Diaz* (*In re Bal Harbour Quarzo, LLC*), 634 B.R. 827 (Bankr. S.D. Fla. 2021); *In re Fiddler's Creek, LLC*, 2010 WL 6618876, at *2 (Bankr. M.D. Fla. 2010) (citing *Tara Prods., Inc. v. Hollywood Gadgets, Inc.,* 2010 WL 1531489 at *9 (S.D. Fla. 2010)).

## D.   TO THE EXTENT THAT THE STAY APPLIES, CAUSE EXISTS TO MODIFY IT.

10.     If the stay is implicated, parties may seek relief from the stay for cause. Pursuant to section 362(d) of the Bankruptcy

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest

11 U.S.C. § 362(d).

11.     "Cause" under Section 362 of the Bankruptcy Code is not specifically defined anywhere in the Bankruptcy Code. By not defining the term, Congress charged the courts with determining what constitutes "cause" to grant relief from the automatic stay. "The courts have interpreted the language of § 362(d)(1) to include a broad set of circumstances constituting 'cause' for stay relief." *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006). Moreover, the decision to grant relief from the automatic stay is within the discretion of the courts. *See In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

12.     "Whether cause exists to grant stay relief must be determined on a case-by-case basis based upon the totality of the circumstances in each particular case. [Citations omitted.] The 'decision to lift the stay . . . may be reversed only upon a showing of abuse of discretion." *Mack*, 347 B.R. at 915.

13.     As other Courts have noted, where, as here, an action is pending prepetition, "Congress envisioned circumstances 'where it would be more appropriate to permit proceedings to continue in their original place of origin when no great prejudice to the bankruptcy estate will result.'" *In re Citrus Tower Blvd. Imaging Center, LLC*, 460 B.R. 334, 339 (Bankr. N.D. Ga. 2011) (quoting *In re Makarewicz*, 121 B.R. 262, 264 (Bankr. S.D. Fla. 1990) and citing S.Rep. No. 989, 95TH CONG., 2ND SESS. 50, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5836).

14.     Here, to the extent that the stay is applicable, cause exists to modify the stay to permit FVP to pursue their alter ego and all other remedies and theories against the Farache Defendants in the State Court Amended Complaint. These remedies have no perceivable impact on the Debtor or its estate.

WHEREFORE, FVP asks that this Honorable Court rule that the Automatic Stay does not apply to the State Court Amended Complaint, or modify the stay accordingly to permit FVP to pursue the State Court Amended Complaint against the Farache Defendants, and for such other and further relief as the Court deems to be just and equitable.

December 22, 2022

For FVP

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail: JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com<br><br>By:     s/ Jerrell Breslin<br>Jerrell Breslin, Esq.<br>Fla Bar No: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br>By:     s/  David R. Softness<br>David R. Softness, Esq.<br>Florida Bar No. 513229 |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC | |

| 10200 NW 25th Street, Suite 111<br>Doral, FL 33172<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com | |

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that; a true and correct copy of the instant pleading was filed with the Clerk of the Court using CM/ECF and was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter and also served same upon the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov; upon the Subchapter5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com; upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com and jbm@title11law.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; and upon Hi Bar by serving Steven Wells at Steve@wellspc.com, Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com and Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com and David Unseth, Esq. at dmunseth@bclplaw.com, upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com, upon the Faraches by serving Scott Gherman, Esq. at sgherman@scottghermanpa.com.

/ s/ Jerrell Breslin

Jerrell Breslin, Esq.