UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,                Chapter 11

        Debtor.
_____/

**OMNIBUS RESPONSE IN OPPOSITION TO FIRST OMNIBUS OBJECTION TO CLAIMS FILED BY WING LAKE CAPITAL PARTNERS A/K/A FRANKLIN CAPITAL MANAGEMENT, LLC AND FRANKLIN CAPITAL FUNDING, LLC [ECF #219], FIRST OMNIBUS OBJECTION TO CLAIMS FILED BY DEBTOR [ECF #225], AND SECOND OMNIBUS OBJECTION TO CLAIMS FILED BY FVP OPPORTUNITY FUND III, LP, FVP INVESTMENTS LLC AND FVP SERVICING, LLC [ECF #230]**

Woodside Credit, LLC ("Woodside"), by and through counsel, responds in opposition to the First Omnibus Objection to Claim filed by Wing Lake Capital Partners a/k/a Franklin Capital Management, LLC and Franklin Capital Funding, LLC ("Wing Lake") [ECF #219] (the "Wing Lake Objection"), the First Omnibus Objection to Claim filed by Debtor Auto Wholesale of Boca (the "Debtor") [ECF #225] (the "Debtor's Objection"), and Second Omnibus Objection to Claim filed by FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively, the "FVP Parties") [ECF #230] (the "FVP Objection") (collectively, the "Objections"), and requests that the Objections be denied, and in support thereof, states:

**Preliminary Statement**

1.      On September 29, 2022, Woodside filed its Proof of Claim No. 4 (the "Claim").

2.      Woodside's Claim is a bifurcated claim wherein Woodside asserts a security interest in a 2021 Mercedes-Benz AMG G 63 VIN: W1NYC7HJ0MX390328 (the "Vehicle") in

the amount of $221,205.22 (the "Secured Claim") and an unsecured claim for various tort claims against the Debtor Auto Wholesale of Boca, LLC (the "Debtor") in the amount of $989,861.46 (the "Unsecured Claim").

3. On November 23, 2022, Wing Lake and the FVP Parties filed their Objections to Woodside's claim solely as to the Secured Claim, with no legal basis under bankruptcy law. Instead, Wing Lake and the FVP Parties allege to have secured claims senior to that of Woodside. Woodside disputes the priority of these alleged senior claims and/or whether such claims attached to the Vehicle.

4. On November 23, 2022, the Debtor filed its Objection to both the Secured Claim and the Unsecured Claim. As to the Secured Claim, the Debtor simply piggybacks onto the allegations of Wing Lake and the FVP Parties of those entities having secured claims senior to that of Woodside. As stated above, Woodside disputes the priority of these alleged senior claims and/or whether such claims attached to the Vehicle.

5. As to the Unsecured Claim, the Debtor merely brings up the fact that Woodside voluntarily dismissed the pending litigation in state court against the Debtor and multiple other parties as the bases of its Objection.

**The Secured Claim Objection**

6. The Vehicle is the subject of *Omar Periu's Motion to Compel Turnover of 2021 Mercedes-Benz AMG G 63 and to Abandon Title* [ECF #127] (the "Motion to Compel"). Woodside filed an Amended Joinder to the Motion to Compel [ECF #138].

7. On October 4, 2022, the Court conducted a preliminary hearing on the Motion to Compel. At the preliminary hearing, the Court set the Motion to Compel for evidentiary hearing at a date and time to be determined by the Court.

8. The evidentiary hearing will resolve both the question of whether the Vehicle is property of the bankruptcy estate and the status and/or priority of any secured claims on the Vehicle.

9. As stated within the Debtor's First Amended Plan of Reorganization [ECF #196], should Periu and Woodside succeed at the evidentiary hearing on the Motion to Compel, the Vehicle will be abandoned by the Debtor and the Objections to Claim would be moot.

10. As such, any determination as to any secured claim against the Vehicle would not be ripe until after the Court has adjudicated the Motion to Compel.

## The Unsecured Claim Objection

11. As to the Unsecured Claim Objection, Woodside goes into extensive detail in its attachment to its Proof of Claim laying out the basis of the tort claims against the Debtor and various other parties.

12. In its Objection to Claim, the Debtor does not even bother to deny the allegations made by Woodside against the Debtor. Instead, the Debtor relies on the voluntary dismissal of the complaint in state court by Woodside as its basis to object to the tort claims. What the Debtor does not mention is that the state court litigation was voluntarily dismissed *without prejudice*.

13. To clarify the activities in the state court litigation for the benefit of the Court, following the filing of the Debtor's bankruptcy case, Woodside paused all litigation pending against the Debtor in compliance with the automatic stay. However, Woodside did continue its litigation against the non-Debtor defendants. Woodside was able to resolve various claims with multiple non-Debtor defendants. As such, Woodside decided to voluntarily dismiss the complaint in order to file a new complaint against the remaining defendants to streamline the pending litigation.

14. Specifically as to the Debtor, Woodside maintains all of its tort claims against the Debtor and is prepared to litigate those claims in this Court to establish the Debtor's culpability for same.

WHEREFORE, Woodside requests the Court enter an Order denying the Objections to Proof of Claim No. 4 filed by Woodside, or alternatively allow Woodside to amend its proof of claim in accordance with this Court's findings, and grant such other and further relief as this Court deems just and proper.

Dated: December 23, 2022

**LSS LAW**
Attorneys for Woodside Credit, LLC
2 S Biscayne Boulevard, Suite 2200
Miami, FL 33131
Telephone (305) 894-6163
Facsimile (305) 503-9447

By:_____/s/_____
CHRISTIAN SOMODEVILLA
Florida Bar No. 59539
cs@lss.law

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 23, 2022 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
Christian Somodevilla