**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,             Case No.: 22-15627-EPK

      Debtor.

_____/

**NOTICE OF SUBPOENA**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A**
**BANKRUPTCY CASE**

    **COME NOW**, the Claimants  and Adversary Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively "FVP") and hereby give notice of the issuance of Subpoenas pursuant to Local Rule 2004-1(D) (attached hereto and incorporated herein as Exhibit A).

    Dated: January 2, 2023

**<u>For the FVP Plaintiffs</u>**

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail:  JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
169 East Flagler Street, #700
Miami, Florida 33131

Tel.: (973) 936-2176
E-mails:
    jschwartz@jonschwartzlaw.com
    JNSEsquire@gmail.com

David Softness, Esq.  
David R. Softness, P.A.  
201 S. Biscayne Blvd., Ste 2740  
Miami, Florida 33131  
Phone: (305) 341-3111

E-mail:     david@softnesslaw.com

By:   s/ Jerrell Breslin  
     Jerrell Breslin, Esq.  
     Florida Bar No. 269573

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter 5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com, upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com, upon Karma or Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com, upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com, and upon Hi Bar by serving Jarret P. Hitchings, Esq., atjarret.hitchings@bclplaw.com for Hi Bar.

/ s/ Jerrell Breslin  
Jerrell Breslin, Esq.

.

# EXHIBIT A

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov


In Re:

AUTO WHOLESALE OF BOCA, LLC,          Case No.: 22-15627-EPK

    Debtor.

_____/


**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS, OR TO**
**PERMIT INSPECTION OF PREMISES, IN A BANKRUPTCY CASE**

**To:**  **Gary Scott Dunay, Esq.**
**DUNAY, MISKEL AND BACKMAN, LLP**
**14 SE 4th Street, Ste. 36**
**Boca Raton, Florida 33432**
**(561) 405-3300**
**gdunay@dmbblaw.com**

*Production*: You, or your representatives, must bring with you the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material on **Schedule "A"** attached hereto.

**Place:**

The offices of Jerry Breslin, Esq., The DuPont Building, Suite 700, Miami, Florida 33132, Tel: 305-577-4626, Email: JB@richardbaronlaw.com.

**Date and Time:**

    **Monday, January 23, 2023, at 11 A.M. Eastern Standard Time.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: January 2, 2023.

CLERK OF COURT

Signature of Clerk or Deputy Clerk

OR

Attorney's Signature as follows:

*s/ Jerrell Breslin*

      The name, address, email address, and telephone number of the attorneys representing Claimants FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing LLC who issue or request this subpoena are:

Dated: January 2, 2023.

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 763-8708
E-mail: david@softnesslaw.com

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail: JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
169 East Flagler Street, #700
Miami, Florida 33131
E-mail:    jschwartz@jonschwartzlaw.com

### Notice to the Person who Issues or Requests this Subpoena

      If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## YOU ARE COMMANDED TO PRODUCE ALL DOCUMENTS LISTED IN SCHEDULE "A" ATTACHED TO THIS SUBPOENA

## SCHEDULE "A"

### Definitions:

A.    "Loan Agreement #3" means that certain document affixed hereto as **Exhibit 1**.

B.    "Escrow Agreement #3" means that certain document affixed hereto as **Exhibit 2**.

C.  "Wire Transfer #3" means that certain document affixed hereto as **Exhibit 3**.

D.  "Loan Agreement #4" means that certain document affixed hereto as **Exhibit 4**.

E.  "Escrow Agreement #4" means that certain document affixed hereto as **Exhibit 5**.

F.  "Wire Transfer #4" means that certain document affixed hereto as **Exhibit 6**.

G.  "Document" means all writings, written, printed, typed or graphical matter of any kind or nature, however produced or reproduced, whether sent or received, any paper, writing or record of any type or source of authorship in your possession, custody or control, or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original or copy. By way of illustration and not limitation, the term "document" shall include contracts whether executed or in draft form, computer records, invoices, purchase orders, agreements, contracts, invoices, bills of lading, lawsuits, demands, claims, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved.  Any original or copy containing or having attached thereto any alterations, notes, comments or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

H.  Bank Records shall mean shall refer to balance sheets, bank checks, checks, cancelled or deposited checks, bank deposit or withdrawal slips, bank credit or debit memoranda, monthly bank statements, any company or personal checks, bank deposit or withdrawal slips, bank credit or debit memoranda, notices of wire transfer in or out, or receipt of funds, receipts,  statements of account, and any and all other papers similar to any of the foregoing.

I.  The term "Business Records" shall include "Bank Records" as above defined, and shall also include and mean internal or external physical or electronic records whether on a device, server, application, cloud or internet as to: income, receipts, revenue, costs or expenses, accounting journals, accounting ledgers, QuickBooks or other accounting software records, general ledger, general journal, cash receipts journal, accounts receivable or payable ledger, and any and all other records similar to any of the foregoing.

J.  The term "communications" shall mean records of any correspondence or communications including paper copies of mail, e-mail ("e-mail"), text messages, audio recordings and messages, social media messaging in any format, and any notes of conferences or conversations or meetings.  Any email ("e-mail") shall be provided in its original and unedited PST format by delivery flash drive or thumb drive or other electronic transfer of the data in a format that maintains the unrefined and unedited fidelity of the data.

## Instructions

K.  This request incorporates by reference and is governed by Bankruptcy Rules

7030 and 7034 and the Local Rule 2004-1.

L.    You are to furnish all information available to you, your accountants, agents or other representatives and employees, or any information subject to your custody or control, in answering the document requests herein.

M.    Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business.

N.    All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

O.    These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents, accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

P.    If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please respond as fully as otherwise possible with all nonprivileged documents in whole or part and identify the following with respect to each such document:

    a.  the nature of the privilege which is being claimed;

    b.  the type of document;

    c.  the general subject matter of the document;

    d.  the date of the document;

    e.  the author of the document;

    f.  the addressee of the document; and

    g.  where not apparent, the relationship of the author to the addressee.

    h.  In the case of any document relating in any way to a meeting or to any other conversation, all participants in the meeting or conversation are to be identified

Q.    If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

R.    When producing the documents, please keep all documents segregated by the

file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

**If any of the following documents requested are not in your custody/care, possession and/or control but in the hands of third parties; please provide the name, address and telephone number of the individual/entity having possession of those documents. You are obligated to obtain any documents requested herein that are available to you upon request.**

## SCHEDULE "A"

### Time Period
### January 1, 2016 to Present

### DOCUMENTS REQUESTED

1.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to Loan Agreement #3.

2.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to Escrow Agreement #3.

3.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to Wire Transfer #3.

4.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to any modifications, including forbearances, of the loan referenced in Loan Agreement #3.

5.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to use and/or expenditure of the principal lent by way of Loan Agreement #3.

6.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to any repayment of the loan referenced in Loan Agreement #3.

7.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to Loan Agreement #4.

8.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to Escrow Agreement #4.

9.      All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to Wire Transfer #4.

10.    All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to any modifications, including forbearances, of the loan referenced in Loan Agreement #4.

11.    All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to use and/or expenditure of the principal lent by way of Loan Agreement #4.

12.    All Documents, Communications and Bank Records, as those terms are defined herein, regarding or relating to any repayment of the loan referenced in Loan Agreement #4.

# EXHIBIT 1

**Exhibit 1**

**EXHIBIT 1**

# LOAN AGREEMENT #3

This loan agreement ("Loan #3") is made on the day of October 31st, 2016 by and among **Auto Wholesale of Boca, LLC, (hereinafter known as "Borrower")** and **Calvin Erbstein (hereinafter known as "Lender").** Borrower and Lender shall collectively be known herein as "the Parties". In determining the rights and duties of the Parties under the Loan Agreement, the entire document must be read as a whole.

## LOAN TERMS

The Borrower and Lender, hereby further set forth their rights and obligations to one another under the Loan Agreement and agreed to be legal bound as follows:

I. **Amount of loan**

The Lender hereby agrees to lend the sum of **$250,000 (two-hundred and fifty thousand dollars)** to the Borrower on the terms set out hereunder.

II. **Loan Payment Terms**

The Borrower shall be obligated to pay interest at the rate of **11% (eleven percent)** of the original value of the Loan – payable to Lender on a monthly basis. Furthermore, twelve (12) months after the signing of this document (**"Call Period"**), the loan may be recalled by the Lender and the Borrower must pay the remaining balance of the loan. However, the Loan cannot be recalled during the Call Period unless the Lender has given the Borrower six-months notice, by way of a written or printed document, indicating his intention to call the Loan.

III. **Period of Loan**

This Loan may be renegotiated or rolled over into another loan with the written approval of both Parties. If the Loan is not renegotiated or rolled over, it is to be paid back in its entirety, plus interest, no later than thirty-six (36) months from the date of the signing of this agreement (**"Expiration Date"**). Delivery of written notice by Lender to Borrower via U.S. Postal Service Certified Mail shall constitute prima facie evidence of delivery. Borrower reserves the right to make payment in full prior to the Expiration Date.

IV.    **Method of Loan Payment**
The Borrower shall make all payments called for under this loan agreement by sending check, cash or other negotiable instrument made payable to the following individual or entity at the indicated address:

Villas Victorian - Flamboyant 1
Playa Chiquita
Sosua, Dominican Republic

V.    **Default**
The occurrence of any of the following events shall constitute a Default by the borrower of the terms of this loan agreement:
- Borrower's failure to pay any amount due as principal or interest on the date required under the loan agreement
- Borrower seeks an order of relief under the Federal Bankruptcy laws
- Borrower becomes insolvent

VI.    ***Exceptio Non Numeratae Pecuniae***
The Borrower expressly renounces the benefits of the *exceptio non numeratae pecuniae* and confirms that he understands the meaning of this exception and the extent of its renunciation.

VII.    **Exclusive Jurisdiction for Suit in Case of Breach**
The parties, by entering into this agreement, submit to Jurisdiction in Broward County, FL for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Broward County, FL shall have exclusive jurisdiction over any disputes between the Parties' relatives to this agreement, whether said disputes sound in contract, tort or other areas of the law.

VIII.    **Applicable Law**
This agreement shall be interpreted under, and governed by, the laws of the state of Florida.

IX.    **Waiver**
No delay or failure by the Lender in enforcing his right to payment after the Expiration Date shall amount to waiver of the Lender's rights of payment. Additionally, the Lender has no obligation to notify or remind the Borrower of the Expiration Date.

## X. Integration

The parties confirm that this contract contains the full terms of their agreement and that no addition to or variation of the contract shall be of any force unless done in writing and signed by both parties.

IN WITNESS WHEREOF and acknowledging acceptance and agreement of the foregoing, Borrower and Lender affix their signatures hereto.

**Borrower**

_____ MM _(signature)_

**Auto Wholesale of Boca, LLC**

**Lender**

_____ _(signature)_

**Calvin Erbstein**

Dated: _____, 2016

Dated: _____, 2016

# EXHIBIT 2

**Exhibit 2**

## ESCROW AGREEMENT

Date:

Escrow Agent:    Gary S. Dunay, Esq.

Borrower:    Auto Wholesale of Boca, LLC

Lender:    Calvin Erbstein

Loan Amount:    $250,000.00

In connection with the above referenced matter, Lender and Borrower do hereby authorize Escrow Agent to hold money in escrow according to the following terms and conditions:

1.    The sum to be paid to Escrow Agent by Lender and held in escrow is $250,000.00.

2.    The funds are to be held until written confirmation to Escrow Agent from Lender (which may be by email) that he has received a satisfactory signed promissory note from Borrower in the amount of $250,000.00.

3.    In the event the funds are insufficient, any and all adjustments will be made between Borrower and Lender.

4.    In the event no written notification is received by Escrow Agent within ten (10) days of Borrower delivering the executed to Lender and Escrow agent sending a written request to Lender to confirm the same, Escrow agent at its sole election and discretion, shall pay all remaining funds to Borrower without any recourse or liability to Escrow Agent.

5.    In the event a controversy arises over said funds, Escrow Agent, at its sole discretion, may tender the funds into court for settlement, after deducting its attorney's fees, court costs, and escrow fees, if any, which have accrued, including any attorney's fees and court costs relating to the tender into court.

6.    Lender and Borrower agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that the Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties. Escrow Agent shall not be liable for any interest or other charges on the money held by it.

7.    Lender and Borrower do hereby indemnify and hold harmless Escrow Agent and its gents and representatives from all loss or damage they may sustain in connection with Escrow Agent's performance of these instructions and do hereby jointly and severally release and waive any claims they may have against Escrow Agent and its agents or representatives, which may result from Escrow Agent's performance of these instructions, including but not limited to the following:

a.    impairment of funds while those funds are in the course of collection;

b.    impairment of funds while those funds are on deposit in a financial institution if such loss or impairment arises by reason of the failure, insolvency or suspension of a financial institution;

c.    delay in the electronic wire transfer of funds;

d.    disputes which may arise concerning the funds on deposit; and

e.    consequences, if any, of any bankruptcies of Lender or Borrower.

8.    Borrower and Lender hereby agree that the funds described above shall be vested in Escrow Agent, and Borrower and Lender hereby grant, convey and deposit the funds under the absolute control and possession of Escrow Agent until such time as the funds are disbursed in accordance with the provisions of this Escrow Agreement.

9.    The foregoing terms constitute the entire agreement between the parties, and this agreement shall not be modified, changed or amended by any subsequent written or oral agreement unless agreed to in writing by Escrow Agent.

**AUTO WHOLESALE OF BOCA, LLC**

By: _____          Date: __9-6-16_____

Printed Name: _MOSHE FARACHE_

Title: _MANAGER_

**CALVIN ERBSTEIN**

By:_____          Date:_____

RECEIPT OF ESCROW MONEY

Escrow Agent acknowledges receipt of the money in the amount of $250,000.00 to be held in accordance with the terms of the foregoing agreement. Escrow Agent does not assume and shall not be liable for the performance or nonperformance of any party to this agreement.

ESCROW AGENT:

GARY S. DUNAY, ESQ.

By: _____
         Gary S. Dunay, Esq.

# EXHIBIT 3

**Exhibit 3**

**EXHIBIT 3**



## SunTrust
# View Transaction Printable View

|  |  |
|---|---|
| **Account:** | Select Business Checking – **************0083 |
| **Transaction:** | Credit |
| **Date/Time Cleared:** | 09/07/2016 00:00 |
| **Amount:** | $250,000.00 |
| **Date/Time Initiated:** | 09/07/2016 00:00 |
| **FI Reference Number:** | 418c1f5ef0734a4aa4fd792b0d9a3d72 |
| **Description:** | Wire Transfer 160907011452 |

# EXHIBIT 4

**Exhibit 4**

**EXHIBIT 4**

# LOAN AGREEMENT #4

This loan agreement ("Loan #4") is made on the day of October 31st, 2016 by and among **Auto Wholesale of Boca, LLC (hereinafter known as "Borrower")** and **Calvin Erbstein (hereinafter known as "Lender").** Borrower and Lender shall collectively be known herein as "the Parties". In determining the rights and duties of the Parties under the Loan Agreement, the entire document must be read as a whole.

## LOAN TERMS

The Borrower and Lender, hereby further set forth their rights and obligations to one another under the Loan Agreement and agreed to be legal bound as follows:

I.  **Amount of loan**

   The Lender hereby agrees to lend the sum of **$250,000 (two-hundred and fifty thousand dollars)** to the Borrower on the terms set out hereunder.

II. **Loan Payment Terms**

   The Borrower shall be obligated to pay interest at the rate of **11% (eleven percent)** of the original value of the Loan – payable to Lender on a monthly basis. Furthermore, twelve (12) months after the signing of this document (**"Call Period"**), the loan may be recalled by the Lender and the Borrower must pay the remaining balance of the loan. However, the Loan cannot be recalled during the Call Period unless the Lender has given the Borrower six-months notice, by way of a written or printed document, indicating his intention to call the Loan.

III. **Period of Loan**

   This Loan may be renegotiated or rolled over into another loan with the written approval of both Parties. If the Loan is not renegotiated or rolled over, it is to be paid back in its entirety, plus interest, no later than thirty-six (36) months from the date of the signing of this agreement (**"Expiration Date"**). Delivery of written notice by Lender to Borrower via U.S. Postal Service Certified Mail shall constitute prima facie evidence of delivery. Borrower reserves the right to make payment in full prior to the Expiration Date.

**IV.    Method of Loan Payment**

The Borrower shall make all payments called for under this loan agreement by sending check, cash or other negotiable instrument made payable to the following individual or entity at the indicated address:

Villas Victorian - Flamboyant 1
Playa Chiquita
Sosua, Dominican Republic

**V.    Default**

The occurrence of any of the following events shall constitute a Default by the borrower of the terms of this loan agreement:

- Borrower's failure to pay any amount due as principal or interest on the date required under the loan agreement
- Borrower seeks an order of relief under the Federal Bankruptcy laws
- Borrower becomes insolvent

**VI.    *Exceptio Non Numeratae Pecuniae***

The Borrower expressly renounces the benefits of the *exceptio non numeratae pecuniae* and confirms that he understands the meaning of this exception and the extent of its renunciation.

**VII.    Exclusive Jurisdiction for Suit in Case of Breach**

The parties, by entering into this agreement, submit to Jurisdiction in Broward County, FL for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Broward County, FL shall have exclusive jurisdiction over any disputes between the Parties' relatives to this agreement, whether said disputes sound in contract, tort or other areas of the law.

**VIII.    Applicable Law**

This agreement shall be interpreted under, and governed by, the laws of the state of Florida.

**IX.    Waiver**

No delay or failure by the Lender in enforcing his right to payment after the Expiration Date shall amount to waiver of the Lender's rights of payment. Additionally, the Lender has no obligation to notify or remind the Borrower of the Expiration Date.

## X.   Integration

The parties confirm that this contract contains the full terms of their agreement and that no addition to or variation of the contract shall be of any force unless done in writing and signed by both parties.

IN WITNESS WHEREOF and acknowledging acceptance and agreement of the foregoing, Borrower and Lender affix their signatures hereto.

**Borrower** _____ MM *(signature)*

**Auto Wholesale of Boca, LLC**

**Lender** _____ *(signature)*

**Calvin Erbstein**

Dated: _11/25_____, 2016

Dated: _12/6_____, 2016

# EXHIBIT 5

**Exhibit 5**

**EXHIBIT 5**

## ESCROW AGREEMENT

Date:             September 6, 2016

Escrow Agent:    Gary S. Dunay, Esq.

Borrower:        Auto Wholesale of Boca, LLC

Lender:          Calvin Erbstein

Loan Amount:     $250,000.00

In connection with the above referenced matter, Lender and Borrower do hereby authorize Escrow Agent to hold money in escrow according to the following terms and conditions:

1.      The sum to be paid to Escrow Agent by Lender and held in escrow is $250,000.00.

2.      The funds are to be held until written confirmation to Escrow Agent from Lender (which may be by email) that he has received a satisfactory signed promissory note from Borrower in the amount of $250,000.00.

3.      In the event the funds are insufficient, any and all adjustments will be made between Borrower and Lender.

4.      In the event no written notification is received by Escrow Agent within ten (10) days of Borrower delivering the executed to Lender and Escrow agent sending a written request to Lender to confirm the same, Escrow agent at its sole election and discretion, shall pay all remaining funds to Borrower without any recourse or liability to Escrow Agent.

5.      In the event a controversy arises over said funds, Escrow Agent, at its sole discretion, may tender the funds into court for settlement, after deducting its attorney's fees, court costs, and escrow fees, if any, which have accrued, including any attorney's fees and court costs relating to the tender into court.

6.      Lender and Borrower agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that the Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties. Escrow Agent shall not be liable for any interest or other charges on the money held by it.

7.      Lender and Borrower do hereby indemnify and hold harmless Escrow Agent and its gents and representatives from all loss or damage they may sustain in connection with Escrow Agent's performance of these instructions and do hereby jointly and severally release and waive any claims they may have against Escrow Agent and its agents or representatives, which may result from Escrow Agent's performance of these instructions, including but not limited to the following:

# EXHIBIT 6

**Exhibit 6**

**EXHIBIT 6**



## SUNTRUST
# View Transaction Printable View

| | |
|---:|:---|
| **Account:** | Select Business Checking - **************0083 |
| **Transaction:** | Credit |
| **Date/Time Cleared:** | 09/08/2016 00:00 |
| **Amount:** | $250,000.00 |
| **Date/Time Initiated:** | 09/08/2016 00:00 |
| **FI Reference Number:** | 579f48c59e194eab91f9a52e055b2f02 |
| **Description:** | Wire Transfer 160908011697 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)