UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

    Debtor.                                     Chapter 11
                                                Subchapter V

_____/

## OMNIBUS RESPONSE TO OBJECTIONS TO CLAIM

Franklin Capital Funding, LLC ("Franklin"), hereby responds to the *Debtor's Third Omnibus Objection to Claims* (the "Debtor Objection") and *First Omnibus Objection to Claim by FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC* (the "FVP Objection") (together, the "Objections").  ECF Nos. 227 and 229.  In support of its response Franklin states:

**A.      The Claims.**

1.      Auto Wholesale of Boca, LLC (the "Debtor") is the debtor in this subchapter V bankruptcy case.

2.      Franklin has filed Proof of Claim Nos. 10 and 11 in the case (together, the "Claims").  The Claims are predicated on prepetition loan transactions between *inter alia*: (a) an affiliate of Franklin, Franklin Capital Group, LLC, as the lender, (b) Excell Auto Group, Inc. ("Excell"), as a borrower, and (c) Karma of Broward, Inc. ("Karma of Broward") and Karma of Palm Beach, Inc. ("Karm of Palm Beach" and, together with Karma of Broward, the "Karma Entities"), as guarantors.  The Claims include copies of the loan documents at issue, together with copies of filed UCC financing statements against Excell and the Karma Entities.  Franklin is the assignee of the Excell debt and related claims.

{2425/000/00549157}

3.      For purposes of brevity the Claims are incorporated herein by reference.

4.      Claim No. 10 has been filed as a secured claim.  Specifically, Franklin holds the senior security interest in assets of Excell, and additional security interests in assets of the Karma Entities.  Franklin alleges *inter alia* that property held by the Debtor, including a number of luxury automobiles (together, the "<u>Vehicles</u>"), was transferred either to the Debtor either: (a) directly from Excell, or (b) from Excell first to either Karma of Broward or Karma of Palm Beach, and then to the Debtor.  In either scenario the Debtor did not acquire the Vehicles free and clear of liens because: (a) at a minimum, the Debtor is not a good faith or ordinary course purchaser under the Uniform Commercial Code, and (b) various parties have alleged that the Debtor acquired the Vehicles via fraud and conversion.  *See* Fla. Stat. §§ 671.201(9) (defining "buyer in the ordinary course of business") and 679.320 (stating that buyer in the ordinary course of business takes free of a security interest created by the buyer's seller).  Franklin also alleges that, to any extent it does <u>not</u> hold the senior security interest assets of the Karma Entities, the Karma Entities did not acquire the Vehicles in good faith or in the ordinary course from Excell.  The Karma Entities, like the Debtor, thus acquired the Vehicles from Excell subject to Franklin's senior security interest.  *See id.*

5.      Claim No. 11 alleges an unsecured claim for any deficiency owing to Franklin.  The Claims also allege potential causes of action against the Debtor for tortious interference with contract, tortious interference with business relationships, fraud, civil theft, civil conspiracy and similar remedies.

**B.      The Debtor Objection.**

6.      Through the Debtor Objection, the Debtor seeks to strike and disallow the Claims on the following alleged bases: (a) the Debtor has a security interest in its assets that is senior to

{2425/000/00549157}

Franklin, (b) should the Debtor avoid security interests of creditors other than Franklin, the avoidance would accrue to the benefit of the estate under 11 U.S.C. § 551 and not Franklin; (c) Franklin has other assets from which it can satisfy its claims; and (d) the Debtor is a good faith purchaser and buyer in the ordinary course of business. *See* Debtor Obj. 3–4.

7.      Each of these objections is either meritless or requires an evidentiary hearing.  In particular:

- Franklin asserts the senior security interest in the assets at issue for the reasons stated *supra*.  Again, Franklin holds the senior security interest in assets of Excell.  The Vehicles were transferred to the Debtor either directly from Excell, or indirectly from Excell via the Karma Entities.  Neither the Karma Entities nor the Debtor acquired the Vehicles in good faith and in the ordinary course, and as a result the Vehicles remain subject to the senior lien held by Franklin.  Moreover, any alleged security interest of the Debtor may be predicated on illegal or fraudulent transactions, and should be stricken or equitably subordinated.

- The Debtor has not filed an adversary proceeding to avoid security interests of other creditors, or avoided liens under § 506(d) of the Bankruptcy Code, and its reliance on § 551 is therefore speculative.

- The fact that a creditor has other means of recovery on its claim is not a basis for disallowing the claim in a bankruptcy case.  Thus, irrespective of whether Franklin can recover the Claims from other sources (and Franklin disputes this fact), the Claims should not be disallowed.

- Franklin again disputes that the Debtor is a good faith purchaser and buyer in the ordinary course of business.

**C.      The FVP Objection.**

8.      Through the FVP Objection, FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (together, "FVP") object to the priority of Franklin's secured claim. Specifically, FVP alleges that it holds the senior security interest in assets of the Karma Entities, and that the Debtor acquired the Vehicles from the Karma Entities.  *See* Obj. 2–3.  As such, FVP alleges that its security interest is senior to that of Franklin.

9.      However, assuming arguendo that FVP holds the senior lien against the Karma

{2425/000/00549157}

3

Entities—which Franklin disputes—the Karma Entities first acquired the Vehicles from Excell, subject to the security interest of Franklin. *See* ¶ 3 *supra*. The security interest of Franklin in Excell is again senior to that of FVP, and assets originating from Excell would thus secure the Claims, and not the claims of FVP.

**D.      The Adversary Proceeding.**

10.      Franklin, the Debtor, FVP and various other persons are currently litigating Adv. Proc No. 22-01218-EPK (the "Adversary"). Among other things, FVP and the Karma Entities have filed a joint complaint to determine, *inter alia*: (a) that the Debtor has no ownership interests in the Vehicles, and (b) the validity, priority and extent of various liens and other interests asserted in the Vehicles.

11.      The issues being litigated in the Adversary substantially overlap with those in the Objections. As such, Franklin requests that the Court abate this contested matter, and adjudicate the Adversary through a final judgment. Doing so will preserve the parties' resources and promote judicial economy by consolidating various claims in one proceeding, litigating that proceeding through a final judgment, and then permitting estoppel and preclusion doctrines to be applied to later contested matters.

**E.      Claims Against Other Creditors.**

For the avoidance of doubt, Franklin is filing this response without prejudice to claims against other creditors who may assert competing security interests.

For example, non-party, Spin Capital, LLC ("Spin") is an affiliate of an alleged secured creditor in this case, Hi Bar Capital, LLC ("Hi Bar"). In connection with its loan transactions with Excell and the Karma Entities, Franklin purchased the obligations of Excell and its affiliates owing to Spin, including any security interests that they had granted to Spin in their accounts receivable.

{2425/000/00549157}

The parties also agreed that Spin would not enter into any other agreements with Excell or its affiliates or otherwise interfere with Franklin's collateral.

However, Franklin has learned that, prior to closing on its loan to Excell, Excell had obtained a merchant cash advance from Spin, and Spin was aware that Franklin would not loan funds to Excell if it had an unpaid and outstanding merchant cash advance.

Upon information and belief, a representative of both Spin and Hi Bar—Josh Lubin—therefore advised Excell to transfer the balance on its merchant cash advance from Spin to Hi Bar. Lubin stated that he also had an interest in Hi Bar and that, once the balance was transferred to Hi Bar, Spin could issue a payoff letter to falsely represent to Franklin that the merchant cash advance had been paid off. In addition, after closing on the loan from Franklin, Spin and its related entities threatened Excell and its affiliates to enter into additional merchant cash advance agreements and demanded additional payments.

Despite assigning to Franklin all of the rights under its agreements with Excell and its affiliates, Spin, among other related merchant cash advance companies, including Hi Bar, continued to pursue the purchase of the accounts, future accounts, contract rights, future sales, receipts or other obligations of the Borrowers, and to extend credit to the Borrowers. In doing so, Spin sought to avoid the provision in the its contract with Franklin that prohibited such activity.

Spin and Hi Bar obtained, or sought to obtain, from the accounts of Excell and the Karma Entities, collateral of Franklin. Franklin believes these actions give rise to claims for equitable subordination, among others, against Hi Bar.

**WHEREFORE**, Franklin respectfully requests that this Court enter an order: (a) abating and reserving ruling on the Objections [ECF Nos. 227 and 229] pending resolution of the Adversary; (b) in the alternative, overruling the Objections [ECF Nos. 227 and 229]; and (c)

{2425/000/00549157}

5

granting such other relief the Court deems appropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on January 6, 2023.

Respectfully submitted,

**SHRAIBERG PAGE, P.A.**
Attorneys for Franklin
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
pdorsey@slp.law

By:   /s/ Bradley Shraiberg
      Bradley S. Shraiberg, Esq.
      Florida Bar. No. 121622
      Patrick Dorsey, Esq.
      Florida Bar. No. 0085841

{2425/000/00549157}

6