UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,      Case No.: 22- 15627-EPK
                                  Chapter 11 Subchapter V

    Debtor-in-Possession.      /

**DEBTOR'S LIMITED RESPONSE TO
DEREK STEPHENS POST-TRIAL BRIEF**

Comes Now, the Debtor-in-Possession, Auto Wholesale of Boca, LLC ("Debtor", "AWB" or "DIP"), by and through undersigned counsel and files and serves this instant *Debtor's Limited Response Memorandum On Ferrari 458 Spider* in Response to *Derek Stephens Post-Trial Brief* [ECF No. 284] (the "Stephens Brief") per this Court's *Order Setting Briefing Schedule On Motion For Turnover Of Ferrari 458 Spider* [ECF No. 240] (the "Briefing Order"), wherein the Court directed briefing on the following two (2) issues only:

I.      Considering Only the Evidence Admitted at the Evidentiary Hearing, Assuming that Mr. Stephens Proved That He Consigned the Ferrari to Karma of Palm Beach, Whether the Debtor Nonetheless Obtained Title to the Ferrari Superior to Any Right of Mr. Stephens?

II.     Whether Jonathan Martin Had Authority, Apparent or Otherwise, to Execute the Consignment Agreement With Mr. Stephens?

Thereupon, the Debtor submits as follows:

1. The Stephens Brief is difficult to respond to as it does not appear to address the two (2) issues this Court set forth for briefing purposes in its Briefing Order and is otherwise addressing matters not raised or argued.

2. However, in regards to the Stephens Brief, the argument that the Debtor was on notice of the consignment dispute between Stephens and Karma of Palm Beach ("KPB") is incorrect.

3. The time period of any potential notice would have been after Debtor had already acquired the ownership interest in the vehicle.

4. The endorsed title, bill of sale and power of attorney were all executed and delivered with the key and turnover of the Ferrari Saturday April 2, 2022 – the Ferrari was left for Monday morning physical removal by driving experts for AWB, (days before Stephens purportedly arrived at KPB and only after Farache and AWB staff had already been at the KPB premises). *See* Trial Tr: at pp.45 ll.14-25; p.46 ll.1-4; p.47 ll.12-13, 18-20, 23-25; p.48 l.1; p.97 ll.4-11; p.139 ll.3-25; p.141 ll.6-10; p.213 ll.2-25; p.214 ll.1-13.

5. In other words, the only time AWB could have arguably come into any notice that Stephens was asserting an interest would have been following AWB becoming the owner of the vehicle, (nothing in the duly-endorsed title, bill of sale or power of attorney indicated any need to question the legitimacy of them and all appeared facially legal).[1]

6. Martin's testimony was not clear about any of the dates of what he saw, said or occurred and he apparently did not know that the title and vehicle were already transferred to Debtor as of April 2nd, 2022. *See* Trial TR: p.76 ll.5-18 (Martin testified he was unaware the title and vehicle were already transferred to Debtor until Farache showed it to Martin that Monday, April 4th, 2022).

7. In fact, no testimony was derived which reflected that at the time of the delivery of the Endorsed Title, Bill of Sale, key, Power of Attorney and turnover of the vehicle to Debtor, that Debtor was aware of any dispute.

8. Given that Debtor acquired the subject vehicle as a purchaser for value, Debtor should retain the same for the benefit of the Bankruptcy Estate.

---

[1] As a matter of fact, Stephens has never questioned the legitimacy of the power of attorney executed by him, the title endorsement to KPB and then to Debtor/AWB nor the Bill of Sale to AWB for the Ferrari.

WHEREFORE, Debtor requests that the Court deny all relief to Stephens, determine the automobile is property of this Estate and grant such other and further relief which is equitable and just.

Respectfully submitted on January 6th, 2022.

JAMES B. MILLER, P.A.
***Counsel for Debtor-in-Possession***
19 West Flagler St., Suite 416
Miami, Florida 33130
T. 305.374.0200
F.  305.374.0250
EMAIL: BKCMIAMI@GMAIL.COM

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this pleading was served *via* CM/ECF simultaneously with the filing of the same with the Court this even date upon all parties-in-interest of record who are registered to receive such pleading and filings before this Court.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164