**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*West Palm Beach Division*
www.flsb.uscourts.gov

In re:

**AUTO WHOLESALE OF BOCA, LLC,**

    Debtor.

**CASE NO. 22-15627-EPK**

_____**/**

Chapter 11 - Subchapter 5

**RESPONSE TO EDWARD BROWN'S MOTION TO COMPEL**
**ABANDONMENT AND TURNOVER OF TITLE TO ROLLS CULLINAN, VIN 4097**

COME NOW FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), the Adversary Plaintiffs in Adversary Proceeding Case No. 22-01218-EPK and hereby respond to Edward Brown's Motion for Abandonment and Turnover of Title To 2021 Rolls Royce Cullinan VIN # Ending in 4097 (the "Cullinan") (CP # 252, Edward Brown's "Motion").

It is respectfully suggested that Edward Brown ("Brown") is not entitled to the Cullinan, and that this matter should be heard in the Adversary Proceeding in Case No.: 22-01218-EPK where the FVP Adversary Plaintiffs have already sued both Brown and the Debtor for this vehicle.

In support thereof, it is asserted as follows:

A. THE CULLINAN AND THE OTHER BROWN AUTOMOBILES.

1.    Brown was a very close friend of Scott Zankl and his wife Kristen prior to the events that occurred on April 1, 2022. On that date Moshe Farache and his agents unlawfully seized over 30 automobiles from the lots of Karma of Palm Beach and Karma of Broward (collectively, the "Karma Entities") which caused a cascade of actions and events that led to multiple litigations, this Bankruptcy, and this motion.

2.    In the years prior to the events surrounding April 1, 2022, Brown invested in, and loaned many millions of dollars to, companies owned by the Zankl's including the Karma Entities.

3.    As part of the agreed perquisites and privileges for his investment and loans, it was agreed that Brown could drive any of the vehicles that he desired on the Karma Entities' lots on "dealer plates" and without purchasing the vehicles for as long as he wanted, and then simply return the cars for sale to a customer and take another car of his choosing. This permitted Brown to drive the vehicles of his choice without paying sales tax.

4.    In 2021 under this agreement, Brown took possession of the following vehicles:

    a)    (Vehicle 21) [1]: the 2021 Rolls Royce Cullinan White, VIN # SLATV8C09MU20497, which is currently in the possession of Edward Brown.

    b)    (Vehicle 22): Lamborghini Urus White, VIN # ZPBUA1ZL1MLA12270, which is currently in the possession of Edward Brown.

    (Vehicles 21 and 22 are referred to collectively as the "Karma / Brown Vehicles").

5.    All of the Karma / Brown Vehicles that Brown took possession of were, and at all times remained, dealer inventory of the Karma Entities. [2]

6.    Brown never purchased any of the Karma / Brown Vehicles and indeed, Brown never paid sales tax for any of the Karma / Brown Vehicles.

7.    If Brown wanted a particular vehicle which was not on the lot of the Karma Entities, he would tell Scott Zankl to have one of the Karma Entities purchase

---

[1] As pled in the Adversary Complaint.

[2] There are two additional Karma / Brown vehicles in litigation in Palm Beach County, Circuit Court.

it. If the Karma Entities did not have sufficient funds available at that time, then Brown would wire some or all of the amount needed to the Karma Entities for the Karma Entities to purchase the vehicle as inventory and the vehicle would be placed in the Karma Entities inventory. That is what occurred with the Cullinan.

8.  All of the Karma / Brown Vehicles were registered in "DealerTrack" as dealer inventory, the vehicle registered to one of the Karma Entities, dealer plates issued and Brown free to use the vehicle on dealer plates until such time as he no longer wanted to use it, or wanted a different car, at which time the car would be delivered to the lot and sold as inventory of one of the Karma Entities by the respective one of the Karma Entities. If Brown put up any money toward the purchase, that money would be refunded to him when the vehicle was sold.

9.  Brown and Scott Zankl, for the Karma Entities, followed this format and procedure for numerous vehicles over the years, and this was the arrangement for all of the Karma / Brown Vehicles.

10. At all times, the Karma / Brown Vehicles remained titled to the Karma Entities, were assigned dealer plates and were insured by the Karma Entities and are owned by the Karma Entities and the FVP Parties and the Karma Entities have asked the Court to declare all the Karma / Brown Vehicles to be owned by Karma Entities as part of the adversary complaint [See C. P.  145].

11. All of the Karma / Brown Vehicles that Brown took possession of were, and at all times remained, dealer inventory of the Karma Entities.

12. On April 1, 2022, the titles and registrations to all of the Karma / Brown Vehicles were in the name of the Karma Entities and actual title documents to all of the Karma / Brown Vehicles were physically located at the Karma Entities' location in Palm Beach County, Florida.

B.  FARACHE TAKES THE KARMA ENTITIES' INVENTORY

13.  The FVP Adversary Plaintiffs adopt and incorporate by reference, pursuant to Fed. R. Bankr. P. 7010 and Fed. R. Civ. P. 10, the allegations made in the FVP Adversary Plaintiffs' Adversary Complaint [C. P.  145] as if fully restated herein.

14.  The asserted facts establish that Moshe Farache and his agents unlawfully took every vehicle on the Karma Entities' lots, which comprised over 30 valuable luxury vehicles, on April 1, 2022.

15.  The direct result of these acts by Moshe Farache being that the Karma Entities were put out of business overnight.

C.  BROWN REACTS TO THE FARACHE CONVERSION OF THE KARMA ENTITIES' VEHICLES AND REQUESTS A FALSIFIED BACKDATED DOCUMENT ALLEGING A PURCHASE MONTHS PRIOR.

16.  When Moshe Farache took all of the Karma Entities' inventory, the title documents to the Karma / Brown Vehicles, including the Cullinan, remained in the possession of the Karma Entities in Palm Beach.

17.  When Brown heard of what Moshe Farache did, he went to the Karma Entities' lot in Palm Beach and consulted with Scott Zankl about what Mr. Zankl should do and advised Mr. Zankl to be weary of Farache as he was a dangerous person.

18.  Brown also advised Mr. Zankl that he wanted Mr. Zankl to prepare false paperwork to show that Brown in fact purchased the Karma / Brown Vehicles, including the Cullinan, at different dates in 2021.

19.  To that end, on April 4, 2022, Brown communicated to Scott Zankl and stated:

**Make things right, you owe a lot of bad people.**

**Sale dates:**
**Lambo 8/5/21**
**SF90 11/6/21**

**Roma 11/12/21**

20. On April 4, 2022, Scott Zankl responded:

    **Okay**

    **I have the Roma title in my hand and the SF90**

    On April 4, 2022, Scott Zankl stated to Brown:

    **Alana will do the paperwork on the cars this am and get them filed. [3]**

21. On April 6, 2022, Alana Bailey created the documents and backdated those documents, including the paperwork on the Cullinan.

22. On April 6, 2022, or April 7, 2022, Brown came to the Karma store in Palm Beach and signed those documents.

23. The next day, on April 7, 2022, Alana Bailey texted to Scott Zankl:

    **Gui is bringing you those documents for ed brown to re-sign.**

24. On or about April 7, 2022, Scott Zankl executed those back dated documents. The documents were then returned to the Karma of Palm Beach location.

25. On April 8, 2022, EAG filed for bankruptcy.

26. On April 9, 2022, the EAG Trustee took possession of the business location, including all documents therein. Included in the documents seized were the documents depicted reflected in the Brown Motion.

27. The transaction documents attached to the Brown Motion were falsified and are void, and do not establish that Brown purchased the Cullinan.

---

[3] The FVP Adversary Plaintiffs have indisputable evidence of these communications that will be filed of record, if necessary, if Brown testifies under oath to the allegations made in his Motion at an evidentiary hearing. The FVP Adversary Plaintiffs are hopeful that the Brown Motion will be withdrawn without the necessity of an evidentiary hearing.

Brown Never Purchased the Cullinan

28. The excuse that is put forward in Brown's Motion to explain why he neglected to take title to a very expensive luxury car is folly.

29. Although substantial sums were invested or otherwise loaned to the Karma Entities over the years by Brown, there was no purchase of the Cullinan or any of the other Karma / Brown Vehicles. The purchase price was not paid, taxes were not paid, title was not transferred, and the car was never registered to Brown.

30. The undeniable evidence establishes that the paperwork attached to the Brown Motion was a reaction, after the fact, to Moshe Farache putting the Karma Entities out of business and Brown and Mr. Zankl attempting to falsely create a transaction that never occurred.

31. And it is that false transaction that attempts to thwart the FVP Adversary Plaintiffs' claim to their collateral – the inventory of the Karma Entities, as outlined in the Joint Adversary Complaint.

32. The truth of the matter is that Brown loaned or invested substantial sums to the Karma Entities and in return drove any vehicle he desired on dealer plates for as long as he wanted, and then simply returned it and picked another. Although this arrangement offered no hassle, no purchases, no taxes, no registration and no liability; it also came with no claim to ownership.

Brown's Claim Should Be Litigated in the Adversary as Pled Therein

33. FVP has sued – without limitation – the Debtor and Brown in the adversary proceeding in this Case, pending as Case No. 22-01218-EPK (the "Adversary").

34. Put most simply, the issue(s) in the Adversary is who owns the cars ("generally as to each a "Car" and as to two or more, the "Cars") and who – if anyone – has a lien on the Cars.

35. As Brown is aware, one of the Cars sued upon in the Adversary is the 2021 Rolls Royce Cullinan White, VIN # SLATV8C09MU20497, (identified as Vehicle 21 in the Adversary Complaint) which is the Car at issue in the Motion.  The Brown Motion relegates this fact to a footnote (# 3).

36. For clarity, FVP's pled position is that it has a lien on the 2021 Cullinan and that the Cullinan is owned by the Karma Entities and that no one is entitled to that vehicle other than FVP, including Brown.

37. Discovery in the Adversary is in its nascent stages.

38. Thus, the Motion seeks a finite ruling on the 2021 Cullinan while the Adversary pends on that exact same issue in this same Court. In sum, circumvention of the Adversary Complaint by motion practice.

39. The Motion takes issue – and it appears some  umbrage - with the notion that Brown has previously taken unusual – and byzantine - routes to ownership, possession, and use of various Cars with the Karma Entities.

40. The Motion then invites the Court to view the 2021 Cullinan transaction in a vacuum.

41. Yet, the facts of the 2021 Cullinan are themselves byzantine.  The irony is not subtle.

42. FVP's view is that the Motion be denied, and Brown's rights, if any, in the 2021 Cullinan can and will be determined in the Adversary.

43. The Notice of Hearing for the Motion indicates that the hearing on January 11, 2023 is non-evidentiary.

44. Thus, the other option (if the Motion is not denied) is to begin discovery – and possibly motion practice - on the Motion to run concurrent with the discovery in the Adversary.

45. This last alternative is wasteful of the parties' and the Court's time, energy and

resources.

<u>Conclusion and Requested Relief:</u>

It is requested that this Honorable Court deny the requested relief and rule on this matter as pled in the Adversary Case, where this Honorable Court can make a determination on the facts as to whether Brown was a buyer in the ordinary course and acted in good faith.

Alternatively, it is requested that this Honorable Court schedule this matter for a three hour evidentiary hearing where testimony and evidence can be presented under oath to establish the FVP Adversary Plaintiffs' claim to the Karma / Brown Vehicles.

Dated: January 9, 2023

<u>For the FVP Plaintiffs</u>

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com<br><br>s/ Jerrell Breslin<br>Jerrell Breslin, Esq.<br>FB No.: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br>     /s/ David R. Softness<br>     David R. Softness, Esq. |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on Monday, January 9, 2023 (if not served previously), the foregoing pleading was/were filed electronically - on the date(s) indicated - and served via CM/ECF upon all parties entitled to electronic notice and by email upon: the US Trustee, by serving Heidi Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com; upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com and jbm@title11law.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; and upon Hi Bar by serving Steven Wells at Steve@wellspc.com, Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com and Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com and David Unseth, Esq. at dmunseth@bclplaw.com, upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com, upon the Faraches by serving Scott Gherman, Esq. at sgherman@scottghermanpa.com and upon Woodside Credit by serving Zach Shelomith, Esq. at zbs@lsaslaw.com.

/s/ David R. Softness
David R. Softness, Esq.

.