

**ORDERED in the Southern District of Florida on January 12, 2023.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                            Case No. 22-15627-EPK

**AUTO WHOLESALE OF BOCA, LLC,**                 Chapter 11

      Debtor.
_____/

**ORDER SETTING EVIDENTIARY HEARING**
**AND RELATED DEADLINES IN CONTESTED MATTER**

To secure the just, speedy, and cost effective determination of the *Motion to Compel Abandonment and Turnover of Title to 2021 Rolls Royce Cullinan VIN# Ending 4097* [ECF No. 252 (the "Motion") filed by Edward Brown (the "Movant"), the Court ORDERS as follows:

    1.    **EVIDENTIARY HEARING.**  The Court will hold an evidentiary hearing on the Motion on February 17, 2023, at 9:30 a.m. at the United States Bankruptcy Court, The Flagler Waterview Building, 8th Floor, Courtroom B, 1515 North Flagler Drive, West Palm Beach, Florida 33401.  Although the Court will conduct the hearing in person, any non-participating person may observe the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To observe the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing.  To register, click on or enter the following registration link in a browser:
https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.

If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.

All attendees (whether appearing in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those attendees appearing in person or by video.

2.   **DISCLOSURES**.  Except as otherwise ordered by the Court, Fed. R. Civ. P. 26(d)(1), 26(d)(2), and 26(f), as made applicable by Fed. R. Bankr. P. 9014 and 7026, do not apply to this contested matter.  The parties will address by agreement the disclosures required by Fed. R. Civ. P. 26(a)(1), 26(a)(2), and 26(a)(3)(A), made applicable by Fed. R. Bankr. P. 9014 and 7026, which agreement may involve the informal exchange of appropriate information and documents.  Any party may file a motion asking the Court to set a formal schedule for such disclosures.

3.   **DISCOVERY.**  All discovery must be completed not later than seven (7) days before the evidentiary hearing.  The Court will allow discovery after that date only upon a showing of good cause.

4.   **DISCOVERY DISPUTES**.  If a discovery dispute occurs, as required by Fed. R. Civ. P. 37(a)(1), as incorporated by Fed. R. Bankr. P. 7037, the parties must confer in good faith to attempt to resolve the issues before filing a motion with the Court.

5.   **SUBMISSION AND EXCHANGE OF EXHIBITS**.  All exhibits must be submitted and exchanged pursuant to the requirements of Local Rule 9070-1. The parties are strongly encouraged to use the courtroom information technology equipment to show exhibits at trial.  The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial.

6.   **SUMMARIES TO PROVE CONTENT**.  If any party intends to offer in evidence at the evidentiary hearing a summary, chart or calculation to prove content as permitted by Federal Rule of Evidence 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than seven (7) days before the evidentiary hearing.

7.   **ELECTRONICS PERMITTED AT THE EVIDENTIARY HEARING**.  If the evidentiary hearing is set to take place at the courthouse, not later than seven (7) days prior to the evidentiary hearing, a self-represented party who is not an attorney may request the Court to permit the self-represented party to use mobile phones, laptops, and/or tablets in the courtroom. Absent permission from the Court, a self-represented party is not permitted to bring such

electronic devices into the courtroom.  All expert witnesses are permitted to use cell phones, laptops, and/or tablets in the courtroom without first obtaining permission from the Court.

8.  **FINAL ARGUMENT**.  At the conclusion of the evidentiary hearing, in lieu of final argument, the Court may request that each party file a proposed memorandum opinion with proposed findings of fact and conclusions of law. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded.  Absent prior permission of the Court, submissions may not exceed a total of twenty pages for each party.

9.  **MEDIATION**.  Pursuant to Local Rule 9019-2, the Court may order the assignment of this contested matter to mediation at any time, upon the request of a party or *sua sponte*.

10.  **SETTLEMENT**.  If the contested matter is settled, the parties must submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the evidentiary hearing.  If a stipulation and motion are not submitted to the Court, all parties must be prepared to proceed with the evidentiary hearing.  If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

11.  **SANCTIONS**.  Failure to comply with any provision of this order or failure to appear at the evidentiary hearing may result in appropriate sanctions, including the award of attorney's fees, striking of papers, exclusion of exhibits or witnesses, or the granting or denial of the Motion.

12.  **CONTINUANCES**.  Continuances of the evidentiary hearing or any deadlines set forth in this order must be requested by written motion.  Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of required disclosures, must state the reasons why the party or parties seek a continuance, and must state whether the client or other parties consent to a continuance.  The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

13.  **SERVICE**.  The Movant must serve a copy of this order on all appropriate parties and file a certificate of service thereof as and to the extent required by Local Rule 2002-1(F).

###

Copy to:

Amanda Klopp, Esq.