# PURCHASE AGREEMENT

 **KARMA | PALM BEACH**

1001 CLINT MOORE RD. STE 103 BOCA RATON, FL 33487
**OFFICE** 561.998.5557   **FAX** 561.998.4703

 **KARMA**
BROWARD | PALM BEACH
*Ea* **EXCELL AUTO** GROUP

SALES PERSON: OLEG KOUZNETSOV                         DATE: 3 / 9 / 2022

BUYER SHANEANDNINAMT, LLC                    DRIVER'S LICENSE NO. _____
E-MAIL _____                                DATE OF BIRTH _____
ADDRESS 419 SECOND STREET       CITY & STATE DODSON    MT  ZIP 59624
CO-BUYER _____                              DRIVER'S LICENSE NO. _____
E-MAIL _____                                DATE OF BIRTH _____
ADDRESS _____                               CITY & STATE _____    ZIP _____
HOME PHONE _____  BUSINESS PHONE _____  CELL PHONE (214)577-7801

NEW ☐   YEAR 2018   MAKE LAMBORGHINI   MODEL HURACAN   MILEAGE 6,457
USED ☒   COLOR BLACK   TRIM _____   BODY TYPE PERFORMANTE COUPE
☐   ID NO. ZHWUD4ZF0JLA11207   STOCK NO. A11207

| TRADE-IN DESCRIPTION NO. 1 | STOCK NO. | | |
|---|---|---|---|
| YEAR | MAKE | | COLOR |
| MODEL | | BODY TYPE | |
| I.D. NO. | | MILEAGE | |
| BALANCED OWED TO | | | |
| EST. AMT. OWED | | ALLOW AMT. | |
| **TRADE-IN DESCRIPTION NO. 2** | STOCK NO. | | |
| YEAR | MAKE | | COLOR |
| MODEL | | BODY TYPE | |
| I.D. NO. | | MILEAGE | |
| BALANCED OWED TO | | | |
| EST. AMT. OWED | | ALLOW AMT. | |
| **TRADE-IN DESCRIPTION NO. 3** | STOCK NO. | | |
| YEAR | MAKE | | COLOR |
| MODEL | | BODY TYPE | |
| I.D. NO. | | MILEAGE | |
| BALANCED OWED TO | | | |
| EST. AMT. OWED | | ALLOW AMT. | |

| | | | |
|---|---|---|---|
| TOTAL SELLING PRICE | | $ | 349,502.00 |
| TRADE ALLOWANCE | − | | N/A |
| DIFFERENCE | = | $ | 349,502.00 |
| SERVICE FEES* | + | | 498 00 |
| SUB TOTAL | * | | 350,000.00 |
| SALES TAX | + | | N/A |
| ESTIMATED TAG, TITLE & REG | + | | N/A |
| THIRD PARTY PRIVATE TAG AGENCY'S FEE | + | | N/A |
| EST. BALANCE ON TRADE | + | | N/A |
| TOTAL DELIVERY PRICE | = | $ | 350,000.00 |
| DEPOSIT NON-REFUNDABLE ☐ CAR IN STOCK ☐ SPECIAL ORDER [BUYER] | − | | N/A |
| EXTENDED WARRANTY (taxable) | + | | N/A |
| *BALANCE DUE ON DELIVERY | = | $ | 350,000.00 |
| AMOUNT FINANCED | = | $ | |

LIENHOLDER: NONE

*Service Fee: This charge represents costs and profit to the seller/dealer for items such as inspecting, cleaning and adjusting new and used vehicles and preparing documents related to the sale. Also included is a full tank of gas.

**PLEASE NOTE:**
**ALL CHECKS ARE MADE PAYABLE TO: KARMA PALM BEACH**
Payment on delivery must be cash, cashiers check or money order.
**CURRENT DRIVER'S LICENSE MUST BE PROVIDED BEFORE DELIVERY.**
**CURRENT INSURANCE MUST BE PROVIDED BEFORE DELIVERY.**
Vehicle cannot be delivered without current Driver's License and insurance.
*BALANCE OWED ON TRADE IS AN ESTIMATE. The Buyer is responsible for the difference.

[BUYER]

ESTIMATED DATE OF DELIVERY TO CUSTOMER: 3 / 9 /2022

If this agreement and acceptance is contingent upon the arrangement of financing, then this agreement is not accepted and the transaction is not consummated until (a) approval is in writing from the Dealer and the responsible Bank or Finance Company, (b) all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and (c) purchaser(s) and Dealer have signed an Installment Sales Contract. By signing below, purchaser(s) acknowledge that they have read both sides of this agreement to purchase and hereby accept its terms and conditions.

Buyer Signature _____ 03/09/2022   Date

Accepted By: _____ Dealer Representative

Co-Buyer Signature _____   Date

Please read additional terms and conditions on reverse side, before signing.        352065_07/07/21 MMP

## ADDITIONAL TERMS AND CONDITIONS

1. As used in this offer the terms (a) Retailer shall mean the authorized Retailer to whom this Offer is addressed and who shall become a party hereto by its acceptance hereof, (b) Client shall mean the party executing this offer as such on the face hereof, and (c) manufacturer shall mean the Corporation that manufactured the vehicle or chassis, it being understood by Client and Retailer that Retailer is in no respect the agent of Manufacturer, that Retailer and Client are the sole parties to this Offer and that reference to Manufacturer herein is for the purpose of explaining generally certain contractual relationships existing between Retailer and Manufacturer with respect to new motor vehicles.

2. Manufacturer has reserved the right to change the price to Retailer on new motor vehicles without notice. In the event the price to Retailer of the new motor vehicles of the series and body type ordered hereunder is changed by Manufacturer prior to delivery of the new motor vehicle ordered hereunder to Client, Retailer reserves the right to change the cash delivered price of such motor vehicle to Client accordingly. If such cash delivered price is increased by Retailer, Client may, if dissatisfied therewith, cancel this Offer, in which event if a used motor vehicle has been traded in as a part of the consideration for such new motor vehicle, such used motor vehicle shall be returned to Client upon payment of a reasonable charge for storage and repairs (if any) or, if such used motor vehicle has been previously sold by Retailer, the amount received therefore, less a selling commission of 15% and any expenses incurred in storing, insuring, conditioning or advertising said used motor vehicle for sale, shall be returned to Client.

3. If the used motor vehicle which has been traded in as part of the consideration for the new motor vehicle ordered hereunder is not to be delivered to Retailer until delivery to Client of such motor vehicle, the used motor vehicle shall be reappraised at that time and such reappraised value shall determine the allowance made for such used vehicle. If such reappraised value is lower than the original allowance therefor shown on the front of this Offer, Client may, if dissatisfied therewith, cancel this Offer, provided, however, that such right to cancel is exercised prior to the delivery of the motor vehicle ordered hereunder to the Client and surrender of the used vehicle to Retailer.

4. Purchaser agrees to deliver to Dealer satisfactory evidence of title to any used motor vehicle traded in as a part of the consideration for the motor vehicle ordered hereunder at the time of delivery of such used motor vehicle to Dealer. Purchaser warrants any such used motor vehicle to be his property free and clear of all liens and encumbrances except as otherwise noted herein, and guarantees that his title is good, marketable and free of defects.

5. Unless the order shall have been cancelled by purchaser under and in accordance with the provisions of paragraph 2 or 3 above, Dealer shall have the right, upon failure or refusal of purchaser to accept delivery of the motor vehicle ordered hereunder and to comply with the terms of this Order, to retain as liquidated damages any cash deposit made by the Purchaser, and, in the event a used motor vehicle has been traded in as a part of the consideration for the motor vehicle ordered hereunder, to sell such motor vehicle and reimburse himself out of proceeds of such sale for the expenses specified in paragraph 2 above and for such other expenses and losses as Dealer may incur or suffer as a result of such failure or refusal by Purchaser.

6. Manufacturer has reserved the right to change the design of any new motor vehicle, chassis, accessories or parts thereof at any time without notice and without obligation to make the same or any similar change upon any motor vehicle, chassis, accessories or parts thereof previously purchased by or shipped to Dealer or being manufactured or sold in accordance with Dealer's orders. Correspondingly, in event of any such change by Manufacturer, Dealer shall have no obligation to Purchaser to make the same or any similar change in any motor vehicle, chassis, accessories or parts thereof by this Order either before or subsequent to delivery thereof to Purchaser.

7. Dealer shall not be liable for failure to deliver or delay in delivering the motor vehicle covered by this Order where such failure or delay is due, in whole or in part by any cause beyond the control or without the fault or negligence of Dealer.

8. The price for the motor vehicle specified on the face of this order includes reimbursement for Federal Excise taxes, but does not include sales taxes, use taxes or occupational taxes based on sales volume, (Federal, State or Local) unless expressly so stated. Purchaser assumes and agrees to pay, unless prohibited by law, any such sales, use or occupational taxes imposed to the transaction covered by this Order regardless of which party may have primary tax liability therefore.

9. AS IS - THE ONLY WARRANTIES APPLYING TO THIS VEHICLE ARE THOSE OFFERED BY THE MANUFACTURER. THE SELLING DEALER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THIS VEHICLE. BUYER SHALL NOT BE ENTITLED TO RECOVER FROM THE SELLING DEALER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES. THE PURCHASER HEREBY ACKNOWLEDGES THAT THE SELLER HAS MADE AVAILABLE WARRANTY PRE-SALE INFORMATION AS DISCLOSED IN WARRANTY BINDERS PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT.

10. The Purchaser, before or at the time of delivery of the motor vehicle covered by this Order will execute such other forms of agreement or documents as may be required by the terms and conditions of payments indicated on the front of this Order.

11. Purchaser grants to dealer a security interest in the vehicle described in this Order to secure payment in full therefore and to secure Purchaser's warranty of title to any trade-in. Without limiting the effect and generality of the foregoing, if any check tendered as part or full payment is not paid on presentation or if it appears Purchaser did not have clear title to any trade-in, Dealer may enter into any premises for the purpose of repossessing the vehicle.

12. MEDIATION/ARBITRATION: If a dispute, controversy or claim, involving any Client, Co-Signer, Co-Client, any Retailer or Assignee, or any employee, agent, surety bonding company or insurer of any of the foregoing persons, arises out of or relates to this Contract, or the breach of this Contract, including the negotiation and provisions of the Contract and the sale, financing and purchase of the Vehicle (each a Dispute) and if the Dispute cannot be settled by the direct discussions, the parties agree to first try to settle the Dispute, in an amicable manner by mediation administered by the American Arbitration Association under its Commercial Mediation Rules, before resorting to arbitration. Thereafter any unresolved Disputes, shall be submitted to arbitration in accordance with the procedures specified in this section. Any party may demand arbitration in writing by notice to the other party, which demand shall include the name of the arbitrator appointed by the party demanding arbitration, together with a statement of the matter in controversy. Within 30 days after such demand, the other party shall name the arbitrator, or if the other party does not name an arbitrator, such arbitrator shall be named immediately by the Arbitrator Committee of the American Arbitration Association, and the two arbitrators so selected shall name a third arbitrator within 15 days or, in lieu of such agreement on the third arbitrator by the two arbitrators so appointed, a third arbitrator shall be appointed by the Arbitration Committee of the American Arbitration Association. The non-prevailing party shall pay, and the arbitrator shall award, to the prevailing party all of the arbitration costs and expenses incurred by the prevailing party. The arbitration hearing shall be held in the country in which the Seller is located, on 30 days notice to the parties, under the Commercial Arbitration Rules of the American Arbitration Association. The arbitration hearing shall be concluded within 120 days unless otherwise ordered by the arbitrators and the award shall be made within 30 days after the close of the submission of evidence. An award rendered by a majority of the arbitrators shall be final and binding on all parties to the proceedings and judgement on such award may be entered by either party in the highest court, state or federal, state or local court or before any administrative tribunal with respect to any Dispute. These arbitration provisions shall, with respect to such Dispute, survive the termination or expiration of this Contract. Nothing in this Contract shall be deemed to give the arbitrators any authority, power or right to alter, change, amend, modify, add or subtract from any of the provisions of the Contract. The provisions of this Section are made pursuant to the provisions of the Florida Arbitration Code (Chapter 682, Florida Statutes as in effect on the date of this Contract) and shall be governed by such code. **I AGREE TO THE JURY TRIAL WAIVER AND MEDIATION/ARBITRATION PARAGRAPHS.**

13. PURCHASER ACKNOWLEDGES that THIS is a NEW/USED CAR ORDER and REPRESENTS merely AN OFFER WHICH SHALL NOT BECOME BINDING UNTIL ACCEPTED: (1) in the case of a cash transaction, by Dealer or his Authorized Representative; or (2) in case of a financed transaction, by Dealer or his Authorized Representative and a responsible Bank or Finance Company and all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and purchaser(s) and Dealer have signed an Installation Sale Contract: if purchase of this vehicle is financed by a third party who requires use of its own Installment Sale Contract Purchaser agrees that the language of this Order shall control over any conflicting provisions relating to representatives, warranties expressed or implied, or any other obligations or liabilities on the part of the manufacturer of this vehicle or the seller; any provision in said Installment Sale Contract to the contrary notwithstanding.

14. Purchaser agrees that this order includes all of the terms and conditions on both the face and reverse side hereof, that this order cancels and supercedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby. ANY AND ALL REPRESENTATIONS, PROMISES, WARRANTIES OR STATEMENTS BY SELLER'S AGENT THAT DIFFER IN ANY WAY FROM THE TERMS OF THE WRITTEN AGREEMENT SHALL BE GIVEN NO FORCE OF EFFECT.

FL806571 Q

# PURCHASE AGREEMENT

## KARMA | PALM BEACH



1001 CLINT MOORE RD. STE 103 BOCA RATON, FL 33487
OFFICE 561.998.5557    FAX 561.998.4703

KARMA
BROWARD | PALM BEACH
EXCELL AUTO GROUP

SALES PERSON: OLEG KOUZNETSOV                          DATE: 3 / 9 / 2022

BUYER SHANEANDNINAMT, LLC                    DRIVER'S LICENSE NO. _____

E-MAIL _____                           DATE OF BIRTH _____

ADDRESS 419 SECOND STREET      CITY & STATE DODSON      MT  ZIP 59624

CO-BUYER _____                         DRIVER'S LICENSE NO. _____

E-MAIL _____                           DATE OF BIRTH _____

ADDRESS _____            CITY & STATE _____      ZIP _____

HOME PHONE _____  BUSINESS PHONE _____  CELL PHONE (214)577-7801

NEW ☐   YEAR 2018   MAKE LAMBORGHINI   MODEL HURACAN   MILEAGE 5,457

USED ☐   COLOR BLACK   TRIM _____   BODY TYPE PERFORMANTE COUPE

☐   ID NO. ZHWUD4ZF0JLA11207                   STOCK NO. A11207

| TRADE-IN DESCRIPTION NO. 1 | STOCK NO. |
|---|---|
| YEAR          MAKE | COLOR |
| MODEL | BODY TYPE |
| I.D. NO. | MILEAGE |
| BALANCED OWED TO | |
| EST. AMT. OWED | ALLOW AMT. |
| TRADE-IN DESCRIPTION NO. 2 | STOCK NO. |
| YEAR          MAKE | COLOR |
| MODEL | BODY TYPE |
| I.D. NO. | MILEAGE |
| BALANCED OWED TO | |
| EST. AMT. OWED | ALLOW AMT. |
| TRADE-IN DESCRIPTION NO. 3 | STOCK NO. |
| YEAR          MAKE | COLOR |
| MODEL | BODY TYPE |
| I.D NO. | MILEAGE |
| BALANCED OWED TO | |
| EST. AMT. OWED | ALLOW AMT. |

| | | | |
|---|---|---|---|
| TOTAL SELLING PRICE | | $ | 349,502.00 |
| TRADE ALLOWANCE | − | | N/A |
| DIFFERENCE | = | $ | 349,502.00 |
| SERVICE FEES* | + | | 498 00 |
| SUB TOTAL | * | | 350,000.00 |
| SALES TAX | + | | N/A |
| ESTIMATED TAG, TITLE & REG | + | | N/A |
| THIRD PARTY PRIVATE TAG AGENCY'S FEE | + | | N/A |
| EST. BALANCE ON TRADE | + | | N/A |
| TOTAL DELIVERY PRICE | = | $ | 350,000.00 |
| DEPOSIT NON-REFUNDABLE ☐ CAR IN STOCK ☐ SPECIAL ORDER [BUYER] | − | | N/A |
| EXTENDED WARRANTY (taxable) | + | | N/A |
| *BALANCE DUE ON DELIVERY | = | $ | 350,000.00 |
| AMOUNT FINANCED | = | $ | |

LIENHOLDER: NONE

*Service Fee: This charge represents costs and profit to the seller/dealer for items such as inspecting, cleaning and adjusting new and used vehicles and preparing documents related to the sale. Also included is a full tank of gas.

**PLEASE NOTE:**
**ALL CHECKS ARE MADE PAYABLE TO: KARMA PALM BEACH**
Payment on delivery must be cash, cashiers check or money order.
**CURRENT DRIVER'S LICENSE MUST BE PROVIDED BEFORE DELIVERY.**
**CURRENT INSURANCE MUST BE PROVIDED BEFORE DELIVERY.**
Vehicle cannot be delivered without current Driver's License and insurance.
*BALANCE OWED ON TRADE IS AN ESTIMATE. The Buyer is responsible for the difference.

[BUYER]

ESTIMATED DATE OF DELIVERY TO CUSTOMER: 3 / 9 / 2022

If this agreement and acceptance is contingent upon the arrangement of financing, then this agreement is not accepted and the transaction is not consummated until (a) approval is in writing from the Dealer and the responsible Bank or Finance Company, (b) all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and (c) purchaser(s) and Dealer have signed an Installment Sales Contract. By signing below, purchaser(s) acknowledge that they have read both sides of this agreement to purchase and hereby accept its terms and conditions.

Buyer Signature _____   Date 03/09/2022

Co-Buyer Signature _____   Date

Accepted By: _____   Dealer Representative

Please read additional terms and conditions on reverse side, before signing.                352065_07/07/21 MMP

## ADDITIONAL TERMS AND CONDITIONS

1. As used in this offer the terms (a) Retailer shall mean the authorized Retailer to whom this Offer is addressed and who shall become a party hereto by its acceptance hereof, (b) Client shall mean the party executing this offer as such on the face hereof, and (c) manufacturer shall mean the Corporation that manufactured the vehicle or chassis, it being understood by Client and Retailer that Retailer is in no respect the agent of Manufacturer, that Retailer and Client are the sole parties to this Offer and that reference to Manufacturer herein is for the purpose of explaining generally certain contractual relationships existing between Retailer and Manufacturer with respect to new motor vehicles.

2. Manufacturer has reserved the right to change the price to Retailer on new motor vehicles without notice. In the event the price to Retailer of the new motor vehicles of the series and body type ordered hereunder is changed by Manufacturer prior to delivery of the new motor vehicle ordered hereunder to Client, Retailer reserves the right to change the cash delivered price of such motor vehicle to Client accordingly. If such cash delivered price is increased by Retailer, Client may, if dissatisfied therewith, cancel this Offer, in which event if a used motor vehicle has been traded in as a part of the consideration for such new motor vehicle, such used motor vehicle shall be returned to Client upon payment of a reasonable charge for storage and repairs (if any) or, if such used motor vehicle has been previously sold by Retailer, the amount received therefore, less a selling commission of 15% and any expenses incurred in storing, insuring, conditioning or advertising said used motor vehicle for sale, shall be returned to Client.

3. If the used motor vehicle which has been traded in as part of the consideration for the new motor vehicle ordered hereunder is not to be delivered to Retailer until delivery to Client of such motor vehicle, the used motor vehicle shall be reappraised at that time and such reappraised value shall determine the allowance made for such used vehicle. If such reappraised value is lower than the original allowance therefor shown on the front of this Offer, Client may, if dissatisfied therewith, cancel this Offer, provided, however, that such right to cancel is exercised prior to the delivery of the motor vehicle ordered hereunder to the Client and surrender of the used vehicle to Retailer.

4. Purchaser agrees to deliver to Dealer satisfactory evidence of title to any used motor vehicle traded in as a part of the consideration for the motor vehicle ordered hereunder at the time of delivery of such used motor vehicle to Dealer. Purchaser warrants any such used motor vehicle to be his property free and clear of all liens and encumbrances except as otherwise noted herein, and guarantees that his title is good, marketable and free of defects.

5. Unless the order shall have been cancelled by purchaser under and in accordance with the provisions of paragraph 2 or 3 above, Dealer shall have the right, upon failure or refusal of purchaser to accept delivery of the motor vehicle ordered hereunder and to comply with the terms of this Order, to retain as liquidated damages any cash deposit made by the Purchaser, and, in the event a used motor vehicle has been traded in as a part of the consideration for the motor vehicle ordered hereunder, to sell such motor vehicle and reimburse himself out of proceeds of such sale for the expenses specified in paragraph 2 above and for such other expenses and losses as Dealer may incur or suffer as a result of such failure or refusal by Purchaser.

6. Manufacturer has reserved the right to change the design of any new motor vehicle, chassis, accessories or parts thereof at any time without notice and without obligation to make the same or any similar change upon any motor vehicle, chassis, accessories or parts thereof previously purchased by or shipped to Dealer or being manufactured or sold in accordance with Dealer's orders. Correspondingly, in event of any such change by Manufacturer, Dealer shall have no obligation to Purchaser to make the same or any similar change in any motor vehicle, chassis, accessories or parts thereof by this Order either before or subsequent to delivery thereof to Purchaser.

7. Dealer shall not be liable for failure to deliver or delay in delivering the motor vehicle covered by this Order where such failure or delay is due, in whole or in part by any cause beyond the control or without the fault or negligence of Dealer.

8. The price for the motor vehicle specified on the face of this order includes reimbursement for Federal Excise taxes, but does not include sales taxes, use taxes or occupational taxes based on sales volume, (Federal, State or Local) unless expressly so stated. Purchaser assumes and agrees to pay, unless prohibited by law, any such sales, use or occupational taxes imposed to the transaction covered by this Order regardless of which party may have primary tax liability therefore.

9. AS IS - THE ONLY WARRANTIES APPLYING TO THIS VEHICLE ARE THOSE OFFERED BY THE MANUFACTURER. THE SELLING DEALER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THIS VEHICLE. BUYER SHALL NOT BE ENTITLED TO RECOVER FROM THE SELLING DEALER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES. THE PURCHASER HEREBY ACKNOWLEDGES THAT THE SELLER HAS MADE AVAILABLE WARRANTY PRE-SALE INFORMATION AS DISCLOSED IN WARRANTY BINDERS PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT.

10. The Purchaser, before or at the time of delivery of the motor vehicle covered by this Order will execute such other forms of agreement or documents as may be required by the terms and conditions of payments indicated on the front of this Order.

11. Purchaser grants to dealer a security interest in the vehicle described in this Order to secure payment in full therefore and to secure Purchaser's warranty of title to any trade-in. Without limiting the effect and generality of the foregoing, if any check tendered as part or full payment is not paid on presentation or if it appears Purchaser did not have clear title to any trade-in, Dealer may enter into any premises for the purpose of repossessing the vehicle.

12. MEDIATION/ARBITRATION: If a dispute, controversy or claim, involving any Client, Co-Signer, Co-Client, any Retailer or Assignee, or any employee, agent, surety bonding company or Insurer of any of the foregoing persons, arises out of or relates to this Contract, or the breach of this Contract, including the negotiation and provisions of the Contract and the sale, financing and purchase of the Vehicle (each a Dispute) and if the Dispute cannot be settled by the direct discussions, the parties agree to first try to settle the Dispute, in an amicable manner by mediation administered by the American Arbitration Association under its Commercial Mediation Rules, before resorting to arbitration. Thereafter any unresolved Disputes, shall be submitted to arbitration in accordance with the procedures specified in this section. Any party may demand arbitration in writing by notice to the other party, which demand shall include the name of the arbitrator appointed by the party demanding arbitration, together with a statement of the matter in controversy. Within 30 days after such demand, the other party shall name the arbitrator, or if the other party does not name an arbitrator, such arbitrator shall be named immediately by the Arbitrator Committee of the American Arbitration Association, and the two arbitrators so selected shall name a third arbitrator within 15 days or, in lieu of such agreement on the third arbitrator by the two arbitrators so appointed, a third arbitrator shall be appointed by the Arbitration Committee of the American Arbitration Association. The non-prevailing party shall pay, and the arbitrator shall award, to the prevailing party all of the arbitration costs and expenses incurred by the prevailing party. The arbitration hearing shall be held in the country in which the Seller is located, on 30 days notice to the parties, under the Commercial Arbitration Rules of the American Arbitration Association. The arbitration hearing shall be concluded within 120 days unless otherwise ordered by the arbitrators and the award shall be made within 30 days after the close of the submission of evidence. An award rendered by a majority of the arbitrators shall be final and binding on all parties to the proceedings and judgement on such award may be entered by either party in the highest court, state or federal, state or local court or before any administrative tribunal with respect to any Dispute. There arbitration provisions shall, with respect to such Dispute, survive the termination or expiration of this Contract. Nothing in this Contract shall be deemed to give the arbitrators any authority, power or right to alter, change, amend, modify, add or subtract from any of the provisions of the Contract. The provisions of this Section are made pursuant to the provisions of the Florida Arbitration Code (Chapter 682, Florida Statutes as in effect on the date of this Contract) and shall be governed by such code. I AGREE TO THE JURY TRIAL WAIVER AND MEDIATION/ARBITRATION PARAGRAPHS.

13. PURCHASER ACKNOWLEDGES that THIS is a NEW/USED CAR ORDER and REPRESENTS merely AN OFFER WHICH SHALL NOT BECOME BINDING UNTIL ACCEPTED: (1) in the case of a cash transaction, by Dealer or his Authorized Representative; or (2) in case of a financed transaction, by Dealer or his Authorized Representative and a responsible Bank or Finance Company and all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and purchaser(s) and Dealer have signed an Installation Sale Contract: if purchase of this vehicle is financed by a third party who requires use of its own installment Sale Contract Purchaser agrees that the language of this Order shall control over any conflicting provisions relating to representatives, warranties expressed or implied, or any other obligations or liabilities on the part of the manufacturer of this vehicle or the seller; any provision in said Installment Sale Contract to the contrary notwithstanding.

14. Purchaser agrees that this order includes all of the terms and conditions on both the face and reverse side hereof, that this order cancels and supersedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby. ANY AND ALL REPRESENTATIONS, PROMISES, WARRANTIES OR STATEMENTS BY SELLER'S AGENT THAT DIFFER IN ANY WAY FROM THE TERMS OF THE WRITTEN AGREEMENT SHALL BE GIVEN NO FORCE OF EFFECT.

FL808671 Q