**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK

     Debtor.

_____/

FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company; and HI BAR CAPITAL,
LLC, a New York Limited Liability
Company,

     Adversary Plaintiffs,

vs.                                             Adversary Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

     Adversary Defendant.

_____/

**NOTICE OF SERVICE OF SUBPOENA DUCES TECUM FOR DEPOSITION**
**AND**
**NOTICE OF DEPOSITION**

     **COME NOW**, the Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively "FVP") and hereby give notice of the issuance of Subpoenas pursuant to Local Rule 2004-1(D) (attached hereto and incorporated herein as Exhibit A).

     Dated: January 19, 2023.

**For the FVP Plaintiffs**

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail:  JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111
Doral, FL 33172
Tel.: (973) 936-2176
E-mails:
        jschwartz@jonschwartzlaw.com
                JNSEsquire@gmail.com

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 341-3111
E-mail:        david@softnesslaw.com

By:     s/ David R. Softness
        David R. Softness, Esq.
        Florida Bar No. 513229

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter 5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com, upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com, upon Karma or Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com, upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com, and upon Hi Bar by serving Jarret P. Hitchings, Esq., atjarret.hitchings@bclplaw.com for Hi Bar.

/ s/ Jerrell Breslin
Jerrell Breslin, Esq.

.

# EXHIBIT A

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK

      Debtor.

_____/

FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company; and HI BAR CAPITAL,
LLC, a New York Limited Liability
Company,

      Adversary Plaintiffs,

vs.                                             Adversary Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

      Adversary Defendant.

_____/

**SUBPOENA DUCES TECUM TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY**
**CASE ADVERSARY PROCEEDING**

**To:**    **Michele Martin**
       **6560 West Rogers Circle**
       **Suite B27**
       **Boca Raton, FL 33487**
       **c/o Scott Gherman, Esq.**

      YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate another person who consents to testify on your behalf about the following matters, or those set forth in Exhibit "A" attached hereto.

**Date and Time: February 7, 2023 commencing at 10:00 A.M.**

THIS DEPOSITION WILL BE CONDUCTED VIA ZOOM WITH THE COURT REPORTER INFORMATION TO BE PROVIDED IN ADVANCE

 ***Production*:** You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material on **Schedule "A"** attached hereto.

 The following provisions of Fed. R. Civ. P. 45 made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: January 19, 2023.

CLERK OF COURT

Signature of Clerk or Deputy Clerk

OR

Attorney's Signature as follows:

*s/ Jerrell Breslin*

The name, address, email address, and telephone number of the attorney representing the adversary Plaintiffs who issues or requests this subpoena, are:

Dated: January 19, 2023.

| | |
|---|---|
| David Softness, Esq. | Jerrell A. Breslin, Esq. |
| David R. Softness, P.A. | Baron, Breslin & Sarmiento |
| 201 S. Biscayne Blvd., Ste 2740 | 169 East Flagler Street, #700 |
| Miami, Florida 33131 | Miami, Florida 33131 |
| Phone: (305) 763-8708 | Phone: (305) 577-4626 |
| E-mail: david@softnesslaw.com | E-mail: JB@RichardBaronLaw.com |
| | EService@RichardBaronLaw.com |

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111, Doral, FL
E-mail: jschwartz@jonschwartzlaw.com

<u>Notice to the Person who Issues or Requests this Subpoena</u>

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**YOU ARE COMMANDED TO PRODUCE AND BRING WITH YOU ALL DOCUMENTS LISTED IN SCHEDULE "A" ATTACHED TO THIS SUBPOENA**

Please provide all documents via email 48 hours in advance of your deposition to the above-named counsel.

**<u>SCHEDULE "A"</u>**

*These Requests, Except Where Otherwise Noted,*
*Pertain to the Period Beginning January 1, 2020 to the Present*

**<u>Definitions:</u>**

A.     "You" shall mean Michele Martin.

B.     "AWB" shall mean Auto Wholesale of Boca, LLC.

C.     The "FVP Plaintiffs" shall collectively mean FVP Opportunity Fund III, LP, FVP Investments LLC and FVP Servicing, LLC.

D.     The "Members" shall collectively mean Moshe Farache, Lisa Farache and Chase Farache.

E.     Farache companies shall include:

1)  MMS Ultimate Services, Inc., a Florida corporation.

2)  Pompano 2009 LLC, a Florida limited liability company.

3)  Mazel Tov Inc., a Florida corporation.

4)  Farache Enterprises, Inc., a Florida corporation.

5)  M & M Development Consultants LLC, a Florida limited liability company.

F.     The "Karma Entities" shall collectively mean Karma of Broward, Inc. and Karma of Palm Beach, Inc.

G.     "EAG" shall mean Excell Auto Group, Inc.

H.     The "Cars Taken by Farache" shall mean any cars physically taken during

March and/or April of 2022, by or at the direction of Moshe Farache and/or any other of the Members, from the possession, custody and/or control of any business owned by Scott Zankl and/or Kristen Zankl. However, any request involving the Cars Taken by Farache shall expressly pertain to the time frame beginning in March of 2022 and continuing through the present time.

I. "Document" means all writings, written, printed, typed or graphical matter of any kind or nature, however produced or reproduced, whether sent or received, any paper, writing or record of any type or source of authorship in your possession, custody or control, or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original or copy. By way of illustration and not limitation, the term "document" shall include contracts whether executed or in draft form, contracts, employment contracts, payment receipts, notes, documents showing wages or compensation in any form including, without limitation, W2's, 1099's, powers of attorney, grans of authority, computer records, invoices, purchase orders, agreements, invoices, demands, claims, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved.  Any original or copy containing or having attached thereto any alterations, notes, comments or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

J. Bank Records shall mean shall refer to balance sheets, bank checks, checks, cancelled or deposited checks, bank deposit or withdrawal slips, bank credit or debit memoranda, monthly bank statements, any company or personal checks, bank deposit or withdrawal slips, bank credit or debit memoranda, notices of wire transfer in or out, or receipt of funds, receipts,  statements of account, and any and all other papers similar to any of the foregoing.

K. The term "Business Records" shall include "Bank Records" as above defined, and shall also include and mean internal or external physical or electronic records whether on a device, server, application, cloud or internet as to: income, receipts, revenue, costs or expenses, accounting journals, accounting ledgers, QuickBooks or other accounting software records, general ledger, general journal, cash receipts journal, accounts receivable or payable ledger, and any and all other records similar to any of the foregoing.

L. The term "Communications" shall mean records of any correspondence or communications including paper copies of mail, e-mail ("e-mail"), text messages, audio recordings and messages, social media messaging in any format, and any notes of conferences or conversations or meetings.  Any email ("e-mail") shall be provided in its original and unedited PST format by delivery flash drive or thumb drive or other electronic transfer of the data in a format that maintains the unrefined and unedited fidelity of the data.

### Instructions

M.    This request incorporates by reference and is governed by Bankruptcy Rules 7030 and 7034 and the Local Rule 2004-1.

N.    You are to furnish all information available to you, your accountants, agents or other representatives and employees, or any information subject to your custody or control, in answering the document requests herein.

O.    All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

P.    These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents, accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

Q.    If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please respond as fully as otherwise possible with all nonprivileged documents in whole or part and identify the following with respect to each such document:

    a.  the nature of the privilege which is being claimed;

    b.  the type of document;

    c.  the general subject matter of the document;

    d.  the date of the document;

    e.  the author of the document;

    f.  the addressee of the document; and

    g.  where not apparent, the relationship of the author to the addressee.

    h.  In the case of any document relating in any way to a meeting or to any other conversation, all participants in the meeting or conversation are to be identified

R.    If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not

destroyed, the reason why the document is incapable of production.

S.      When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

**If any of the following documents requested are not in your custody/care, possession and/or control but in the hands of third parties; please provide the name, address and telephone number of the individual/entity having possession of those documents. You are obligated to obtain any documents requested herein that are available to you upon request.**

**If any of the documents to be produced apply to more than one request, you need only produce it once and direct which requests they apply to.**

## DOCUMENTS REQUESTED

1.      All documents regarding your employment with, or services provided for, AWB, any Farache company as above defined, or any other entity owned in whole or in part by Moshe Farache, Lisa Farache and/or Chase Farache.

2.      All documents or communications regarding your authority to sign documents for AWB regarding or relating to the purchase, sale or title to any vehicles that AWB claims to have purchased or sold in 2021 and 2022.

3.      All documents regarding your compensation, or funds received directly or indirectly from AWB, any Farache company as above defined, or any other entity owned in whole or in part by Moshe Farache, Lisa Farache and/or Chase Farache, including W2's, 1099's or similar documents for the years 2020, 2021 and 2022.

4.      All Communications between You and Moshe Farache, or any of his attorneys, regarding or relating to the lawsuit that was filed in the Circuit Court of Broward County, Case No.: CACE-22-5125, or this bankruptcy proceeding or the adversary proceeding. Include all communications with Jay Farrow, Esq., Will Dilley, Esq., James Miller, Esq., or any of their employees or persons working for them or on their behalf in 2022 and 2023 up to the date that you respond to this subpoena.

5.      All Communications between You and AWB or any of its attorneys, regarding or relating to the lawsuit that was filed in the Circuit Court of Broward County, Case No.: CACE-22-5125, or this bankruptcy proceeding or the adversary proceeding. Include all communications with Jay Farrow, Esq., Will Dilley, Esq.,

James Miller, Esq., or any of their employees or persons working for them or on their behalf in 2022 and 2023 up to the date that you respond to this subpoena.

6.    Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to the purchase or sale of automobiles by AWB in 2021 and 2022.

7.    Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to the Cars Taken by Farache as above defined including title transfer documents.

8.    Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined above, regarding or relating to any loans by AWB, or any Farache company as above defined, to Excell or the Karma Entities or Scott and Kristen Zankl.

9.    Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to any loan by the FVP Plaintiffs to the Karma Entities.

10.    Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to any loan made by AWB and/or any of its members to EAG, Scott Zankl and/or Kristen Zankl or to any business owned or operated by Scott Zankl and/or Kristen Zankl.

11.    Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to Scott Zankl and/or Kristen Zankl, including any entities owned by Scott Zankl and/or Kristen Zankl.

12.    All Communications between You and Scott Zankl or on which you copied Scott Zankl. Include any exhibits to those emails.

13.    All Communications between any person or entity, including You or the Members, and Scott Zankl, Kristen Zankl, Teddi Soful, or Nidia Leiva or the Karma Entities of which you sent, received or were copied with the communication in 2021 and 2022.

14.    All Communications between You and Kristen Zankl or on which you were copied. Include any exhibits to those emails.

15.    All Communications between You and any person working for any entity owned by Scott Zankl and/or Kristen Zankl, including the Karma Entities.

16. All Communications between You and Frank O'Donnell, or communications with Frank O'Donnell in which you copied.

17. Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to the Karma Entities.

18. Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to EAG.

19. Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to any vehicles financed by AWB with EAG or the Karma Entities in 2021 and 2022.

20. Any and all Documents, Bank Records, Communications, and Business Records, as those terms are defined herein, regarding or relating to any vehicles owned by AWB.

21. All Communications between You and Moshe Farache regarding or relating to AWB's possession, purchase, or sale of any vehicles claimed by AWB as collateral or inventory in 2021 and 2022.

22. All Communications between You and Moshe Farache or anyone eles regarding or relating inventory reports you created for Farache or AWB and emailed to Zankl or the Karma Entities.

23. All Communications between You and Moshe Farache regarding or relating to your execution of any documents on behalf of AWB's regarding the title of any vehicles claimed by AWB as collateral or inventory in 2021 and 2022.

24. All Communications between You and any Member regarding or relating to Scott Zankl in 2021 and 2022.

25. All Communications between You and any Members regarding or relating to Kristen Zankl.

26. All Communications between You and any Members regarding or relating to the Karma Entities.

27. All Communications between You and any Members regarding or relating to EAG.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)