**EXHIBIT "A"**

# LOAN AGREEMENT #1

This loan agreement ("Loan #1") is made on the day of October 31st, 2016 by and among **Auto Wholesale of Boca, LLC (hereinafter known as "Borrower")** and **Calvin Erbstein (hereinafter known as "Lender").** Borrower and Lender shall collectively be known herein as "the Parties". In determining the rights and duties of the Parties under the Loan Agreement, the entire document must be read as a whole.

## LOAN TERMS

The Borrower and Lender, hereby further set forth their rights and obligations to one another under the Loan Agreement and agreed to be legal bound as follows:

I. **Amount of loan**
   The Lender hereby agrees to lend the sum of **$250,000 (two-hundred and fifty thousand dollars)** to the Borrower on the terms set out hereunder.

II. **Loan Payment Terms**
   The Borrower shall be obligated to pay interest at the rate of **11% (eleven percent)** of the original value of the Loan – payable to Lender on a monthly basis. Furthermore, twelve (12) months after the signing of this document (**"Call Period"**), the loan may be recalled by the Lender and the Borrower must pay the remaining balance of the loan. However, the Loan cannot be recalled during the Call Period unless the Lender has given the Borrower six-months notice, by way of a written or printed document, indicating his intention to call the Loan.

III. **Period of Loan**
   This Loan may be renegotiated or rolled over into another loan with the written approval of both Parties. If the Loan is not renegotiated or rolled over, it is to be paid back in its entirety, plus interest, no later than thirty-six (36) months from the date of the signing of this agreement (**"Expiration Date"**). Delivery of written notice by Lender to Borrower via U.S. Postal Service Certified Mail shall constitute prima facie evidence of delivery. Borrower reserves the right to make payment in full prior to the Expiration Date.

**IV.    Method of Loan Payment**

The Borrower shall make all payments called for under this loan agreement by sending check, cash or other negotiable instrument made payable to the following individual or entity at the indicated address:

Villas Victorian - Flamboyant 1
Playa Chiquita
Sosua, Dominican Republic

**V.    Default**

The occurrence of any of the following events shall constitute a Default by the borrower of the terms of this loan agreement:

- Borrower's failure to pay any amount due as principal or interest on the date required under the loan agreement
- Borrower seeks an order of relief under the Federal Bankruptcy laws
- Borrower becomes insolvent

**VI.    *Exceptio Non Numeratae Pecuniae***

The Borrower expressly renounces the benefits of the *exceptio non numeratae pecuniae* and confirms that he understands the meaning of this exception and the extent of its renunciation.

**VII.    Exclusive Jurisdiction for Suit in Case of Breach**

The parties, by entering into this agreement, submit to Jurisdiction in Broward County, FL for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Broward County, FL shall have exclusive jurisdiction over any disputes between the Parties' relatives to this agreement, whether said disputes sound in contract, tort or other areas of the law.

**VIII.    Applicable Law**

This agreement shall be interpreted under, and governed by, the laws of the state of Florida.

**IX.    Waiver**

No delay or failure by the Lender in enforcing his right to payment after the Expiration Date shall amount to waiver of the Lender's rights of payment. Additionally, the Lender has no obligation to notify or remind the Borrower of the Expiration Date.

**X.   Integration**

The parties confirm that this contract contains the full terms of their agreement and that no addition to or variation of the contract shall be of any force unless done in writing and signed by both parties.

IN WITNESS WHEREOF and acknowledging acceptance and agreement of the foregoing, Borrower and Lender affix their signatures hereto.

**Borrower**                                               **Lender**

_____ *(signature)*          _____ *(signature)*

**Auto Wholesale of Boca, LLC**                **Calvin Erbstein**

**Dated:** _11/25_____, 2016                **Dated:** _____, 2016

**ESCROW AGREEMENT**

Date:              August 1, 2016

Escrow Agent:   Scott C. Gherman, P.A.

Borrower:        Auto Wholesale of Boca, LLC

Lender:           Calvin Erbstein

Loan Amount:    $250,000.00

In connection with the above referenced matter, Lender and Borrower do hereby authorize Escrow Agent to hold money in escrow according to the following terms and conditions:

1.      The sum to be paid to Escrow Agent by Lender and held in escrow is $250,000.00 (Received on July 26, 2016.

2.      The funds are to be held until written confirmation to Escrow Agent from Lender (which may be by email) that he has received a satisfactory signed promissory note from Borrower in the amount of $250,000.00 (promissory note dated 7-2016).

3.      In the event the funds are insufficient, any and all adjustments will be made between Borrower and Lender.

4.      In the event no written notification is received by Escrow Agent within ten (10) days of Borrower delivering the executed to Lender and Escrow agent sending a written request to Lender to confirm the same, Escrow agent at its sole election and discretion, shall pay all remaining funds to Borrower without any recourse or liability to Escrow Agent.

5.      In the event a controversy arises over said funds, Escrow Agent, at its sole discretion, may tender the funds into court for settlement, after deducting its attorney's fees, court costs, and escrow fees, if any, which have accrued, including any attorney's fees and court costs relating to the tender into court.

6.      Lender and Borrower agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that the Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties. Escrow Agent shall not be liable for any interest or other charges on the money held by it.

7.      Lender and Borrower do hereby indemnify and hold harmless Escrow Agent and its gents and representatives from all loss or damage they may sustain in connection with Escrow Agent's performance of these instructions and do hereby jointly and severally release and waive any claims they may have against Escrow Agent and its agents or representatives, which may result from Escrow Agent's performance of these instructions, including but not limited to the following:

a.      impairment of funds while those funds are in the course of collection;

b.      impairment of funds while those funds are on deposit in a financial institution if such loss or impairment arises by reason of the failure, insolvency or suspension of a financial institution;

c.      delay in the electronic wire transfer of funds;

d.      disputes which may arise concerning the funds on deposit; and

e.      consequences, if any, of any bankruptcies of Lender or Borrower.

8.      Borrower and Lender hereby agree that the funds described above shall be vested in Escrow Agent, and Borrower and Lender hereby grant, convey and deposit the funds under the absolute control and possession of Escrow Agent until such time as the funds are disbursed in accordance with the provisions of this Escrow Agreement.

9.      The foregoing terms constitute the entire agreement between the parties, and this agreement shall not be modified, changed or amended by any subsequent written or oral agreement unless agreed to in writing by Escrow Agent.

**AUTO WHOLESALE OF BOCA, LLC**

By: _____                Date: _8-2-16_____

Printed Name: _Mostle Farache_

Title: _Manager_

**CALVIN ERBSTEIN**

By:_____                Date:_____

RECEIPT OF ESCROW MONEY

Escrow Agent acknowledges receipt of the money in the amount of $250,000.00 to be held in accordance with the terms of the foregoing agreement. Escrow Agent does not assume and shall not be liable for the performance or nonperformance of any party to this agreement.

ESCROW AGENT:

SCOTT C. GHERMAN, P.A.

By: _____
        Scott C. Gherman, Esquire





Close Window    Print Screen

# View Transaction Printable View

|  |  |
|---|---|
| **Account:** | Select Business Checking - **************0083 |
| **Transaction:** | Credit |
| **Date/Time Cleared:** | 08/03/2016 00:00 |
| **Amount:** | $250,000.00 |
| **Date/Time Initiated:** | 08/03/2016 00:00 |
| **FI Reference Number:** | 5eb4f065b2634f49b59a360b56a6064b |
| **Description:** | Wire Transfer 160803003924 |

# LOAN AGREEMENT #2

This loan agreement ("Loan #2") is made on the day of October 31tst, 2016 by and among **Auto Wholesale of Boca, LLC (hereinafter known as "Borrower")** and **Calvin Erbstein (hereinafter known as "Lender").** Borrower and Lender shall collectively be known herein as "the Parties". In determining the rights and duties of the Parties under the Loan Agreement, the entire document must be read as a whole.

## LOAN TERMS

The Borrower and Lender, hereby further set forth their rights and obligations to one another under the Loan Agreement and agreed to be legal bound as follows:

I.   **Amount of loan**
     The Lender hereby agrees to lend the sum of **$250,000 (two-hundred and fifty thousand dollars)** to the Borrower on the terms set out hereunder.

II.  **Loan Payment Terms**
     The Borrower shall be obligated to pay interest at the rate of **11% (eleven percent)** of the original value of the Loan – payable to Lender on a monthly basis. Furthermore, twelve (12) months after the signing of this document (**"Call Period"**), the loan may be recalled by the Lender and the Borrower must pay the remaining balance of the loan. However, the Loan cannot be recalled during the Call Period unless the Lender has given the Borrower six-months notice, by way of a written or printed document, indicating his intention to call the Loan.

III. **Period of Loan**
     This Loan may be renegotiated or rolled over into another loan with the written approval of both Parties. If the Loan is not renegotiated or rolled over, it is to be paid back in its entirety, plus interest, no later than thirty-six (36) months from the date of the signing of this agreement (**"Expiration Date"**). Delivery of written notice by Lender to Borrower via U.S. Postal Service Certified Mail shall constitute prima facie evidence of delivery. Borrower reserves the right to make payment in full prior to the Expiration Date.

**IV.    Method of Loan Payment**

The Borrower shall make all payments called for under this loan agreement by sending check, cash or other negotiable instrument made payable to the following individual or entity at the indicated address:

Villas Victorian - Flamboyant 1
Playa Chiquita
Sosua, Dominican Republic

**V.    Default**

The occurrence of any of the following events shall constitute a Default by the borrower of the terms of this loan agreement:

- Borrower's failure to pay any amount due as principal or interest on the date required under the loan agreement
- Borrower seeks an order of relief under the Federal Bankruptcy laws
- Borrower becomes insolvent

**VI.    *Exceptio Non Numeratae Pecuniae***

The Borrower expressly renounces the benefits of the *exceptio non numeratae pecuniae* and confirms that he understands the meaning of this exception and the extent of its renunciation.

**VII.    Exclusive Jurisdiction for Suit in Case of Breach**

The parties, by entering into this agreement, submit to Jurisdiction in Broward County, FL for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Broward County, FL shall have exclusive jurisdiction over any disputes between the Parties' relatives to this agreement, whether said disputes sound in contract, tort or other areas of the law.

**VIII.    Applicable Law**

This agreement shall be interpreted under, and governed by, the laws of the state of Florida.

**IX.    Waiver**

No delay or failure by the Lender in enforcing his right to payment after the Expiration Date shall amount to waiver of the Lender's rights of payment. Additionally, the Lender has no obligation to notify or remind the Borrower of the Expiration Date.

**X. Integration**

The parties confirm that this contract contains the full terms of their agreement and that no addition to or variation of the contract shall be of any force unless done in writing and signed by both parties.

IN WITNESS WHEREOF and acknowledging acceptance and agreement of the foregoing, Borrower and Lender affix their signatures hereto.

**Borrower**

_____ MM _ *(signature)*

**Auto Wholesale of Boca, LLC**

**Lender**

_____ *(signature)*

**Calvin Erbstein**

**Dated:** _11/25_____ , 2016

**Dated:** _____ , 2016

## <u>ESCROW AGREEMENT</u>

Date:

Escrow Agent:   Scott C. Gherman, P.A.

Borrower:        Auto Wholesale of Boca, LLC

Lender:          Calvin Erbstein

Loan Amount:    $250,000.00

In connection with the above referenced matter, Lender and Borrower do hereby authorize Escrow Agent to hold money in escrow according to the following terms and conditions:

1.      The sum to be paid to Escrow Agent by Lender and held in escrow is $250,000.00.

2.      The funds are to be held until written confirmation to Escrow Agent from Lender (which may be by email) that he has received a satisfactory signed promissory note from Borrower in the amount of $250,000.00.

3.      In the event the funds are insufficient, any and all adjustments will be made between Borrower and Lender.

4.      In the event no written notification is received by Escrow Agent within ten (10) days of Borrower delivering the executed to Lender and Escrow agent sending a written request to Lender to confirm the same, Escrow agent at its sole election and discretion, shall pay all remaining funds to Borrower without any recourse or liability to Escrow Agent.

5.      In the event a controversy arises over said funds, Escrow Agent, at its sole discretion, may tender the funds into court for settlement, after deducting its attorney's fees, court costs, and escrow fees, if any, which have accrued, including any attorney's fees and court costs relating to the tender into court.

6.      Lender and Borrower agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that the Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties. Escrow Agent shall not be liable for any interest or other charges on the money held by it.

7.      Lender and Borrower do hereby indemnify and hold harmless Escrow Agent and its gents and representatives from all loss or damage they may sustain in connection with Escrow Agent's performance of these instructions and do hereby jointly and severally release and waive any claims they may have against Escrow Agent and its agents or representatives, which may result from Escrow Agent's performance of these instructions, including but not limited to the following:

    a.      impairment of funds while those funds are in the course of collection;

    b.      impairment of funds while those funds are on deposit in a financial institution if such loss or impairment arises by reason of the failure, insolvency or suspension of a financial institution;

    c.      delay in the electronic wire transfer of funds;

    d.      disputes which may arise concerning the funds on deposit; and

    e.      consequences, if any, of any bankruptcies of Lender or Borrower.

8.     Borrower and Lender hereby agree that the funds described above shall be vested in Escrow Agent, and Borrower and Lender hereby grant, convey and deposit the funds under the absolute control and possession of Escrow Agent until such time as the funds are disbursed in accordance with the provisions of this Escrow Agreement.

9.     The foregoing terms constitute the entire agreement between the parties, and this agreement shall not be modified, changed or amended by any subsequent written or oral agreement unless agreed to in writing by Escrow Agent.

**AUTO WHOLESALE OF BOCA, LLC**

By: _____        Date: _8-8-16_____

Printed Name: _MOSHE FARACHE_

Title: _MANAGER_

**CALVIN ERBSTEIN**

By: _____        Date: _____

RECEIPT OF ESCROW MONEY

Escrow Agent acknowledges receipt of the money in the amount of $250,000.00 to be held in accordance with the terms of the foregoing agreement. Escrow Agent does not assume and shall not be liable for the performance or nonperformance of any party to this agreement.

ESCROW AGENT:

SCOTT C. GHERMAN, P.A.

By: _____
      Scott C. Gherman, Esquire



Close Window   Print Screen

# View Transaction Printable View

|  |  |
|---|---|
| **Account:** | Select Business Checking - ***************0083 |
| **Transaction:** | Credit 0 |
| **Customer Reference Number:** | 0 |
| **Date/Time Cleared:** | 08/11/2016 00:00 |
| **Amount:** | $250,000.00 |
| **Date/Time Initiated:** | 08/11/2016 00:00 |
| **FI Reference Number:** | 20160811000000250000000000000000002 |
| **Description:** | WIRE TRANSFER INCOMING FEDWIRE CR TRN #014428 |

# LOAN AGREEMENT #3

This loan agreement ("Loan #3") is made on the day of October 31st, 2016 by and among **Auto Wholesale of Boca, LLC, (hereinafter known as "Borrower")** and **Calvin Erbstein (hereinafter known as "Lender").** Borrower and Lender shall collectively be known herein as "the Parties". In determining the rights and duties of the Parties under the Loan Agreement, the entire document must be read as a whole.

## LOAN TERMS

The Borrower and Lender, hereby further set forth their rights and obligations to one another under the Loan Agreement and agreed to be legal bound as follows:

I.  **Amount of loan**
    The Lender hereby agrees to lend the sum of **$250,000 (two-hundred and fifty thousand dollars)** to the Borrower on the terms set out hereunder.

II. **Loan Payment Terms**
    The Borrower shall be obligated to pay interest at the rate of **11% (eleven percent)** of the original value of the Loan – payable to Lender on a monthly basis. Furthermore, twelve (12) months after the signing of this document (**"Call Period"**), the loan may be recalled by the Lender and the Borrower must pay the remaining balance of the loan. However, the Loan cannot be recalled during the Call Period unless the Lender has given the Borrower six-months notice, by way of a written or printed document, indicating his intention to call the Loan.

III. **Period of Loan**
     This Loan may be renegotiated or rolled over into another loan with the written approval of both Parties. If the Loan is not renegotiated or rolled over, it is to be paid back in its entirety, plus interest, no later than thirty-six (36) months from the date of the signing of this agreement (**"Expiration Date"**). Delivery of written notice by Lender to Borrower via U.S. Postal Service Certified Mail shall constitute prima facie evidence of delivery. Borrower reserves the right to make payment in full prior to the Expiration Date.

**IV.   Method of Loan Payment**

The Borrower shall make all payments called for under this loan agreement by sending check, cash or other negotiable instrument made payable to the following individual or entity at the indicated address:

Villas Victorian - Flamboyant 1
Playa Chiquita
Sosua, Dominican Republic

**V.   Default**

The occurrence of any of the following events shall constitute a Default by the borrower of the terms of this loan agreement:

- Borrower's failure to pay any amount due as principal or interest on the date required under the loan agreement
- Borrower seeks an order of relief under the Federal Bankruptcy laws
- Borrower becomes insolvent

**VI.   *Exceptio Non Numeratae Pecuniae***

The Borrower expressly renounces the benefits of the *exceptio non numeratae pecuniae* and confirms that he understands the meaning of this exception and the extent of its renunciation.

**VII.   Exclusive Jurisdiction for Suit in Case of Breach**

The parties, by entering into this agreement, submit to Jurisdiction in Broward County, FL for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Broward County, FL shall have exclusive jurisdiction over any disputes between the Parties' relatives to this agreement, whether said disputes sound in contract, tort or other areas of the law.

**VIII.   Applicable Law**

This agreement shall be interpreted under, and governed by, the laws of the state of Florida.

**IX.   Waiver**

No delay or failure by the Lender in enforcing his right to payment after the Expiration Date shall amount to waiver of the Lender's rights of payment. Additionally, the Lender has no obligation to notify or remind the Borrower of the Expiration Date.

**X.    Integration**

The parties confirm that this contract contains the full terms of their agreement and that no addition to or variation of the contract shall be of any force unless done in writing and signed by both parties.

IN WITNESS WHEREOF and acknowledging acceptance and agreement of the foregoing, Borrower and Lender affix their signatures hereto.

**Borrower**

_____ MM _ (signature)

**Auto Wholesale of Boca, LLC**

**Dated:** _____, 2016

**Lender**

_____ (signature)

**Calvin Erbstein**

**Dated:** _____, 2016

ESCROW AGREEMENT

Date:

Escrow Agent:     Gary S. Dunay, Esq.

Borrower:         Auto Wholesale of Boca, LLC

Lender:           Calvin Erbstein

Loan Amount:      $250,000.00

In connection with the above referenced matter, Lender and Borrower do hereby authorize Escrow Agent to hold money in escrow according to the following terms and conditions:

1.      The sum to be paid to Escrow Agent by Lender and held in escrow is $250,000.00.

2.      The funds are to be held until written confirmation to Escrow Agent from Lender (which may be by email) that he has received a satisfactory signed promissory note from Borrower in the amount of $250,000.00.

3.      In the event the funds are insufficient, any and all adjustments will be made between Borrower and Lender.

4.      In the event no written notification is received by Escrow Agent within ten (10) days of Borrower delivering the executed to Lender and Escrow agent sending a written request to Lender to confirm the same, Escrow agent at its sole election and discretion, shall pay all remaining funds to Borrower without any recourse or liability to Escrow Agent.

5.      In the event a controversy arises over said funds, Escrow Agent, at its sole discretion, may tender the funds into court for settlement, after deducting its attorney's fees, court costs, and escrow fees, if any, which have accrued, including any attorney's fees and court costs relating to the tender into court.

6.      Lender and Borrower agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that the Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties. Escrow Agent shall not be liable for any interest or other charges on the money held by it.

7.      Lender and Borrower do hereby indemnify and hold harmless Escrow Agent and its gents and representatives from all loss or damage they may sustain in connection with Escrow Agent's performance of these instructions and do hereby jointly and severally release and waive any claims they may have against Escrow Agent and its agents or representatives, which may result from Escrow Agent's performance of these instructions, including but not limited to the following:





# View Transaction Printable View

|  |  |
|---|---|
| **Account:** | Select Business Checking - ***************0083 |
| **Transaction:** | Credit |
| **Date/Time Cleared:** | 09/07/2016 00:00 |
| **Amount:** | $250,000.00 |
| **Date/Time Initiated:** | 09/07/2016 00:00 |
| **FI Reference Number:** | 418c1f5ef0734a4aa4fd792b0d9a3d72 |
| **Description:** | Wire Transfer 160907011452 |

# LOAN AGREEMENT #4

This loan agreement ("Loan #4") is made on the day of October 31st, 2016 by and among **Auto Wholesale of Boca, LLC (hereinafter known as "Borrower")** and **Calvin Erbstein (hereinafter known as "Lender").** Borrower and Lender shall collectively be known herein as "the Parties". In determining the rights and duties of the Parties under the Loan Agreement, the entire document must be read as a whole.

## LOAN TERMS

The Borrower and Lender, hereby further set forth their rights and obligations to one another under the Loan Agreement and agreed to be legal bound as follows:

I.   **Amount of loan**

   The Lender hereby agrees to lend the sum of **$250,000 (two-hundred and fifty thousand dollars)** to the Borrower on the terms set out hereunder.

II.  **Loan Payment Terms**

   The Borrower shall be obligated to pay interest at the rate of **11% (eleven percent)** of the original value of the Loan – payable to Lender on a monthly basis. Furthermore, twelve (12) months after the signing of this document (**"Call Period"**), the loan may be recalled by the Lender and the Borrower must pay the remaining balance of the loan. However, the Loan cannot be recalled during the Call Period unless the Lender has given the Borrower six-months notice, by way of a written or printed document, indicating his intention to call the Loan.

III. **Period of Loan**

   This Loan may be renegotiated or rolled over into another loan with the written approval of both Parties. If the Loan is not renegotiated or rolled over, it is to be paid back in its entirety, plus interest, no later than thirty-six (36) months from the date of the signing of this agreement (**"Expiration Date"**). Delivery of written notice by Lender to Borrower via U.S. Postal Service Certified Mail shall constitute prima facie evidence of delivery. Borrower reserves the right to make payment in full prior to the Expiration Date.

**IV.    Method of Loan Payment**

The Borrower shall make all payments called for under this loan agreement by sending check, cash or other negotiable instrument made payable to the following individual or entity at the indicated address:

Villas Victorian - Flamboyant 1
Playa Chiquita
Sosua, Dominican Republic

**V.    Default**

The occurrence of any of the following events shall constitute a Default by the borrower of the terms of this loan agreement:

- Borrower's failure to pay any amount due as principal or interest on the date required under the loan agreement
- Borrower seeks an order of relief under the Federal Bankruptcy laws
- Borrower becomes insolvent

**VI.   *Exceptio Non Numeratae Pecuniae***

The Borrower expressly renounces the benefits of the *exceptio non numeratae pecuniae* and confirms that he understands the meaning of this exception and the extent of its renunciation.

**VII.   Exclusive Jurisdiction for Suit in Case of Breach**

The parties, by entering into this agreement, submit to Jurisdiction in Broward County, FL for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Broward County, FL shall have exclusive jurisdiction over any disputes between the Parties' relatives to this agreement, whether said disputes sound in contract, tort or other areas of the law.

**VIII.  Applicable Law**

This agreement shall be interpreted under, and governed by, the laws of the state of Florida.

**IX.    Waiver**

No delay or failure by the Lender in enforcing his right to payment after the Expiration Date shall amount to waiver of the Lender's rights of payment. Additionally, the Lender has no obligation to notify or remind the Borrower of the Expiration Date.

## X.   Integration

The parties confirm that this contract contains the full terms of their agreement and that no addition to or variation of the contract shall be of any force unless done in writing and signed by both parties.

IN WITNESS WHEREOF and acknowledging acceptance and agreement of the foregoing, Borrower and Lender affix their signatures hereto.

**Borrower**

_____ MM *(signature)*

**Auto Wholesale of Boca, LLC**

**Lender**

_____ *(signature)*

**Calvin Erbstein**

**Dated:** 11/25 _____, 2016

**Dated:** 12/6 _____, 2016

## ESCROW AGREEMENT

Date:               September 6, 2016

Escrow Agent:    Gary S. Dunay, Esq.

Borrower:        Auto Wholesale of Boca, LLC

Lender:          Calvin Erbstein

Loan Amount:    $250,000.00

In connection with the above referenced matter, Lender and Borrower do hereby authorize Escrow Agent to hold money in escrow according to the following terms and conditions:

1.      The sum to be paid to Escrow Agent by Lender and held in escrow is $250,000.00.

2.      The funds are to be held until written confirmation to Escrow Agent from Lender (which may be by email) that he has received a satisfactory signed promissory note from Borrower in the amount of $250,000.00.

3.      In the event the funds are insufficient, any and all adjustments will be made between Borrower and Lender.

4.      In the event no written notification is received by Escrow Agent within ten (10) days of Borrower delivering the executed to Lender and Escrow agent sending a written request to Lender to confirm the same, Escrow agent at its sole election and discretion, shall pay all remaining funds to Borrower without any recourse or liability to Escrow Agent.

5.      In the event a controversy arises over said funds, Escrow Agent, at its sole discretion, may tender the funds into court for settlement, after deducting its attorney's fees, court costs, and escrow fees, if any, which have accrued, including any attorney's fees and court costs relating to the tender into court.

6.      Lender and Borrower agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that the Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties. Escrow Agent shall not be liable for any interest or other charges on the money held by it.

7.      Lender and Borrower do hereby indemnify and hold harmless Escrow Agent and its gents and representatives from all loss or damage they may sustain in connection with Escrow Agent's performance of these instructions and do hereby jointly and severally release and waive any claims they may have against Escrow Agent and its agents or representatives, which may result from Escrow Agent's performance of these instructions, including but not limited to the following:

a.    impairment of funds while those funds are in the course of collection;

b.    impairment of funds while those funds are on deposit in a financial institution if such loss or impairment arises by reason of the failure, insolvency or suspension of a financial institution;

c.    delay in the electronic wire transfer of funds;

d.    disputes which may arise concerning the funds on deposit; and

e.    consequences, if any, of any bankruptcies of Lender or Borrower.

8.    Borrower and Lender hereby agree that the funds described above shall be vested in Escrow Agent, and Borrower and Lender hereby grant, convey and deposit the funds under the absolute control and possession of Escrow Agent until such time as the funds are disbursed in accordance with the provisions of this Escrow Agreement.

9.    The foregoing terms constitute the entire agreement between the parties, and this agreement shall not be modified, changed or amended by any subsequent written or oral agreement unless agreed to in writing by Escrow Agent.

**AUTO WHOLESALE OF BOCA, LLC**

By: _____    Date:____9-6-16_____

Printed Name: _MOSHE FARACHE_

Title: _MANAGER_

**CALVIN ERBSTEIN**

By:_____    Date:_____

RECEIPT OF ESCROW MONEY

Escrow Agent acknowledges receipt of the money in the amount of $250,000.00 to be held in accordance with the terms of the foregoing agreement. Escrow Agent does not assume and shall not be liable for the performance or nonperformance of any party to this agreement.

ESCROW AGENT:

GARY S. DUNAY, ESQ.

By: _____
          Gary S. Dunay, Esq.



**Close Window**  **Print Screen**

# View Transaction Printable View

|  |  |
|---|---|
| **Account:** | Select Business Checking - **************0083 |
| **Transaction:** | Credit |
| **Date/Time Cleared:** | 09/08/2016 00:00 |
| **Amount:** | $250,000.00 |
| **Date/Time Initiated:** | 09/08/2016 00:00 |
| **FI Reference Number:** | 579f48c59e194eab91f9a52e055b2f02 |
| **Description:** | Wire Transfer 160908011697 |