UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,              Chapter 11

      Debtor.

_____/

**MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER
SUSTAINING-IN-PART DEBTOR'S FIRST OMNIBUS OBJECTION TO CLAIMS**

Woodside Credit, LLC ("Woodside"), by counsel, pursuant to Fed. R. Civ. P. 59 and 60, made applicable herein pursuant to Fed. R. Bank. P. 9023 and 9024, respectively, respectfully requests that the Court rehear and/or reconsider, and vacate, its Order Sustaining-in-Part Debtor's First Omnibus Objection to Claims [ECF No. 347] (the "Claims Order"), as it relates to Woodside, and in support thereof, states as follows:

1. On September 29, 2022, Woodside filed its Claim # 4-1 (the "Woodside Claim"), in the amount of $1,211,066.68, which includes a secured claim in the amount of $221,205.22, relating to a 2021 Mercedes Benz AMG G 63 (the "Mercedes").

2. On September 15, 2022, interested party Omar Periu ("Periu") filed a Motion to Compel Turnover of 2021 Mercedes-Benz AMG G 63 and to Abandon Title [ECF No. 127] (the "Motion for Turnover"). The Court's determination of the ownership of the Mercedes at the hearing on the Motion for Turnover will have a direct impact on the determination of the validity of the secured portion of the Woodside Claim.

3. A Status Hearing relating to the Motion to Turnover has been scheduled for March 8, 2023 at 9:30 a.m. [ECF No. 368].

4. On November 23, 2022, eight (8) different Objections to Claims were filed by various parties in this proceeding.

5. Three (3) of those Objections to Claims related to the Woodside Claim: (a) the First

Omnibus Objection to Claims [ECF No. 219] (the "Franklin Capital Objection to Claims"), filed by Wing Lake Capital Partners, a/k/a Franklin Capital Management, LLC and Franklin Capital Funding, LLC;  (b) the First Omnibus Objection to Claims [ECF No. 225] (the "Debtor's Objection to Claims"), filed by Auto Wholesale of Boca, LLC (the "Debtor"); and (c) the Second Omnibus Objections to Claims [ECF No. 230] (the "FVP Objection to Claims"), filed by FVP Opportunity Fund III, LP, FVP Investments LLC and FVP Servicing, LLC (collectively, the "Objections to the Woodside Claim").

6.      All three (3) Objections to the Woodside Claim were filed on negative notice, pursuant to Local Rule 3007-1, requiring a response by December 23, 2023.

7.      On December 20, 2022, Karma of Broward, Inc., one of the creditors whose claim was the subject of the Debtor's Objection to Claims, filed a response to the Debtor's Objection to Claim [ECF No. 292] (the "Karma Response").

8.      That same day, on December 20, 2022, a Notice of Hearing was filed by the Clerk of Court, scheduling the Debtor's Objection to Claims and the Karma Response for hearing on January 11, 2023 at 1:30 p.m. [ECF No. 295] (the "January 11th Hearing").

9.      On December 23, 2022, Woodside timely filed its Omnibus Response to the Objections to the Woodside Claim [ECF No. 307 (the "Omnibus Response").

10.     Thereafter, on January 3, 2023, a Notice of Hearing was filed by the Clerk of Court, scheduling the Franklin Capital Objection to Claims (and the Omnibus Response) for hearing on January 18, 2023 at 1:30 p.m. [ECF No. 321], and on that same day, a Notice of Hearing was filed by the Clerk of Court, scheduling the FVP Objection to Claims (and the Omnibus Response) for hearing on January 18, 2023 at 1:30 p.m. [ECF No. 325] (the "January 18th Hearing").

11.     Due to the fact that: (a) the Notice of Hearing scheduling the January 11th Hearing was filed on the same day as the Karma Response; (b) that Notice of Hearing specifically referenced the Karma Response; (c) that Notice of Hearing was filed before Woodside filed its

Omnibus Response, and therefore did not specifically reference the Omnibus Response; (d) the Notice(s) of Hearing scheduling the January 18th Hearing did, on the other hand, specifically reference the Omnibus Response; and (e) the Notice(s) of Hearing scheduling the January 18th Hearing were filed after, and not before (unlike the prior Notice of Hearing), the filing of the Omnibus Response, Woodside believed that the hearing to determine *ALL* of the Objections to the Woodside Claim was scheduled for January 18, 2023 at 1:30 p.m.

12.    As a result, undersigned counsel did not attend the January 11th Hearing.

13.    As a result, on January 12, 2023, the Court entered the Claims Order, which disallowed and stuck the Woodside Claim in its entirety.

14.    Undersigned counsel did not become aware that the Court heard the Debtor's Objection to Claims at the January 11th Hearing until after the Claims Order was entered.

15.    Undersigned counsel appeared at the January 18th Hearing.

16.    On January 23, 2023, the Court entered an Order Abating Objections to Claims [ECF No. 375], which abated the Franklin Capital Objection to Claims and the FVP Objection to Claims, pending the resolution of the adversary proceeding bearing Adv. Pro. No. 22-01218-EPK and related motions for turnover.  Although not expressly stated in the order, this includes the Motion for Turnover filed by Periu, relating to the Mercedes.

### Relief Requested

17.    Given the above circumstances, Woodside requests that the Court rehear and/or reconsider, and vacate, its Claims Order, as to the Woodside Claim, to allow the Court to determine the Debtor's Objection to Claims and Woodside's Omnibus Response on the merits.

18.    The sequence of events described above gave Woodside the impression that the hearing on the Objections to the Woodside Claim and the Omnibus Response would all occur at the January 18th Hearing, rather than over the course of two hearings.

19.    Therefore, mistake and/or excusable neglect exists with respect to Woodside's

failure to attend the January 11th Hearing.

20.     As with the Franklin Capital Objection to Claims and the FVP Objection to Claims, it would be premature for the Court to determine the Debtor's Objection to Claims, as to the Woodside Claim, on the merits, until the Court determines the Motion for Turnover, filed by Periu, relating to the Mercedes.  As stated above, the Court's determination of that issue will have a direct impact on the determination of the validity of the secured portion of the Woodside Claim.

21.     Woodside respectfully submits that it would be appropriate for the Court to abate the Debtor's Objection to Claim, as to the Woodside Claim, as it did in its Order Abating Objections to Claims.

22.     Absolutely no prejudice whatsoever would result to the Debtor, if this Court were to vacate the Claims Order.  The Woodside Claim would simply remain pending, subject to the various Objections to the Woodside Claim.

### Applicability of Fed. R. Bankr. P. 9023 and 9024

23.     Woodside brings this Motion pursuant to Fed. R. Bank. P. 9023 and 9024, which provide that Fed. R. Civ. P. 59 and 60, respectively, apply in bankruptcy cases.

24.     "A motion to alter or amend a judgment under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice".  *In re Tribune Co.*, 464 B.R. 208, 213 (Bankr. D. Del. 2011).

25.     Woodside respectfully asserts that this Motion is grounded on the need to correct manifest injustice, for the reasons stated above.  The Debtor's Objection to Claim, as to the Woodside Claim, should be heard on the merits and given the above circumstances, it would be manifestly unjust if the Woodside Claim was disallowed and stricken in its entirety.

26.     This Motion is also timely pursuant to Fed. R. Civ. P. 60(b) because it is filed within a reasonable time (and within a year) after entry of the Claims Order.

27.      Fed. R. Civ. P. 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

28.      Woodside respectfully requests that the Court rehear and/or reconsider, and vacate, the Claims Order, as set forth above, based on: (a) mistake, inadvertence and/or excusable neglect; and (b) any other reason that justifies relief, as set forth above.

29.      Undersigned counsel attempted to confer with the Debtor's counsel regarding the relief requested herein, but was unable to reach Debtor's counsel prior to the filing of this Motion.

WHEREFORE, Woodside respectfully requests that the Court rehear and/or reconsider, and vacate, the Claims Order, and abate the Debtor's Objection to Claim, as to the Woodside Claim, or otherwise reschedule the hearing on same, and grant such other and further relief as the Court deems just and proper.

Dated: January 26, 2023

LSS LAW
Counsel for Woodside
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
     ZACH B. SHELOMITH
     Florida Bar No. 0122548
     zbs@lss.law
     CHRISTIAN SOMODEVILLA
     Florida Bar No. 59539
     cs@lss.law

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 26, 2023 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
     Zach B. Shelomith