**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

IN RE:                                                    Case No.: 22-15627-EPK

AUTO WHOLESALE OF BOCA, INC,            Chapter 11, Subchapter V

    Debtor.

_____/

**OMAR PERIU'S NOTICE OF ISSUING RULE 2004 EXAMINATION DUCES TECUM**
**OF DEBTOR WITHOUT EXAMINATION**

Party-in-interest, OMAR PERIU ("Mr. Periu"), by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1 and Fed. R. Civ. P. 34 as made applicable to this contested matter by Fed. R. Bankr. P. 7034, hereby gives notice of issuing Rule 2004 examination duces tecum of Debtor, AUTO WHOLESALE OF BOCA, INC., without examination, for documents requested in the attached Exhibit A:

| Examinee | Date/Time | Location |
|---|---|---|
| Auto Wholesale of Boca, Inc c/o James Miller, Esq. James B. Miller, P.A. 19 W. Flagler St., Suite 416 Miami, FL 33130 | March 1, 2023 5:00 p.m. EST | Sardi Law, PLLC 225 Alcazar Avenue Coral Gables, FL 33134 |

The examination is being taken for purposes of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue day to day until completed.

1

**Reservation of Rights**

Mr. Periu hereby reserves the right to take the *viva voce* examination of the corporate representative of the Debtor at a mutually agreeable date and time after receiving production of the documents requested in attached **Exhibit A**.

Dated on this 31st day of January, 2023.

SARDI LAW, PLLC
*Counsel for Party-in-Interest*
  *Omar Periu*
225 Alcazar Avenue
Coral Gables, FL 33134
Tel.: (305) 697-8690
Fax.: (305) 697-8691

By: /s/ Carlos E. Sardi
    Carlos E. Sardi, Esq.
    Florida Bar No. 781401
    Email: carlos@sardilaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document on this 31st day of January, 2023 with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to Debtor's counsel, James Miller, Esq., James B. Miller, P.A., 19 W. Flagler St., Suite 416, Miami, FL 33130, Woodside Credit, LLC's counsel, Zach Shelomith, LSS Law, 2699 Stirling Road, Suite C401, Ft. Lauderdale, Florida 33312 and all those parties registered to receive electronic notices of filing in this case.

/s/ Carlos E. Sardi
Carlos E. Sardi, Esq.

2

**EXHIBIT A**

**I.     Instructions**

Subject to the Definitions set forth in Part II below, the following instructions shall apply to this Request for Production:

A.     This document request is continuing in nature.  When new knowledge or information comes to your attention, you shall supplement the information supplied in the answers to the document request forthwith.

B.     For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person (as defined below). The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.     If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

    1.     The name(s) of the author(s) of the document;

    2.     The name(s) of the person(s) to whom the documents or copies were sent;

    3.     The date of the document;

    4.     The date on which the document was received by each addressee, copyee, or its recipients;

    5.     A complete description of the nature and subject matter of the document;

    6.     The date on which the document was lost, discarded, or destroyed; and

    7.     The manner in which the document was lost, discarded, or destroyed.

D.     With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall

provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1. The name(s) of the sender(s) or the document;

2. The name(s) of the author(s) of the document;

3. The name(s) of the person(s) to whom the document or copies were sent;

4. The job title of every person named in subparagraphs 1, 2 and 3 above;

5. The date of the document;

6. The date on which the document was received by each addressee, copyee, or its recipient;

7. A brief description of the nature and subject matter of the document; and

8. The statute, rule, or decision which is claimed to give rise to the privilege.

E. If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person (as defined below) who has possession, custody, or control of the requested document(s).

F. All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H. The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I. "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K. The use of the singular form of any word includes the plural and vice versa.

L. All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

-2-

M.    Unless otherwise stated herein, the time period encompassed by this Request shall be from <u>January 1, 2022</u> to the present.

## II.    <u>Definitions</u>

Unless otherwise specified, and subject to the Instructions set forth in Part I above, the below words and terms shall have the following meaning when used in this Request for Production:

A.    "Debtor", "AWB", "You," "your," and "yourself" shall mean the party upon whom this request is being served and all those acting for or on behalf of that party, including the party's affiliates, parents, subsidiaries, assigns, authorized officers and directors, employees, agents, and others purporting to act on its behalf and for its customers.

B.    "Woodside" shall mean Woodside Credit, LLC, its agents, officers, directors, employees and all others acting for or on behalf of Woodside.

C.    PERIU" shall mean Omar Periu its agents, officers, directors, employees and all others acting for or on behalf of Periu.

D.    "KPB" shall mean Karma of Palm Beach its agents, officers, directors, employees and all others acting for or on behalf of KPB.

E.    "KB" shall mean Karma of Broward its agents, officers, directors, employees and all others acting for or on behalf of KB.

F.    "EAG" shall mean Excell Auto Group its agents, officers, directors, employees and all others acting for or on behalf of KB.

G.    "Scott Zankl" shall mean and refer to Scott Zankl, his agents, officers, directors, employees and all others acting for or on behalf of Scott Zankl.

H.    "Kristen Zankl" shall mean and refer to Kristen Zankl, her agents, officers, directors, employees and all others acting for or on behalf of Kristen Zankl.

I.    "Zankls" shall mean and refer to both Scott Zankl and Krsten Zankl.

J.    "Contracts" means all contracts or other types of agreements, in whatever form.

K.    "Bank Records" shall refer to balance sheets, bank checks, checks, cancelled or deposited checks, bank deposit or withdrawal slips, bank credit or debit memoranda, monthly bank statements, personal checks, notices of wire transfers or receipt of funds, receipts, statements of account, and any and all other papers similar to any of the foregoing.

L.    "Entities" means any person or entity with which or in which AWB or any of its principals has an ownership interest, directly or indirectly, or other relationship or position of control, be it formally or informally, of any kind or nature.

-3-

M.    "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostats, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include documents evidencing correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained, along with all ESI (defined below) and other electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, SMS or MMS text messages, cellular phone based text communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Talk, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas. All electronically stored information produced shall be produced in its native format, and all requests expressly include requests for all metadata associated with the files to be produced. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

N.    "ESI" shall mean any electronically stored information, including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations; stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules of Court and Rules of Evidence.

O.    "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons (as defined below) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., WhatsApp, Facebook, MySpace, Twitter, etc.).

P.    The terms "support," "evidence," "evidencing," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to," "involving" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any

manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

Q.      "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether *sui juris* or otherwise, and includes both the singular and plural.

R.      The conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

S.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

T.      The term "Motion" shall refer to Omar Periu's Motion to Compel Turnover of 2021 Mercedes-Benz AMG G 63 and to Abandon Title [ECF No. 127] filed in this case.

U.      The term "Mercedes-Benz AMG G 63" shall refer to the white sport utility vehicle particularly described in the Motion.

V.      The "State Court Action" shall mean the lawsuit filed by Woodside in Palm Beach County Circuit Court Case No.: 50-2022-CA-004086 XXXXMB against AWB, Periu, and KB.

## III.     **DOCUMENTS REQUESTED**[1]

1.      Any and all Documents, Contracts and Communications relating to AWB's alleged purchase of the 2021 Mercedes-Benz AMG G 63 from KB.

2.      Any and all Documents, including Bank Records, reflecting payments made by or for AWB to KB, KPB, EAG, Scott Zankl and/or Kristen Zankl for ABW's alleged purchase of the 2021 Mercedes-Benz AMG G 63.

3.      Any and all Documents, including Bank Records, reflecting payment of any fees or taxes related to the alleged purchase and transfer of the 2021 Mercedes-Benz AMG G 63.

4.      Any and all Documents, Contracts and Communications by and between AWB including any Entities, and EAG, KB, KPB, Scott Zankl and/or Kristen Zankl, including any other Entities the Zankls are known or believed to have an interest

---

[1] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the undersigned to arrange for their production.#

in.

5. Any and all Documents, including Bank Records, reflecting payments from AWB, including from any Entities, to EAG, KB, KPB, Scott Zankl or Kristen Zankl.

6. Any and all photos and/or video showing AWB with vehicles known to be owned by Periu, EAG, KB, KPB, Scott Zankl and/or Kristen Zankl, or taken at 1001 Clint Moored Rd., Boca Raton, FL 33487.

7. Any and all documents AWB intends to rely on or utilize at the evidentiary hearing on the Motion.

8. Any and all documents reflecting Periu's alleged knowledge of any floor financing of, or lien interests in or by any party in the inventory of EAG, KB, or KPB.

9. All documents, communications and/or correspondence between AWB and any third party relating to AWB's alleged purchase and transfer of the 2021 Mercedes-Benz AMG G 63.

10. All documents referring or relating to AWB's funding of AWB's alleged purchase of the 2021 Mercedes-Benz AMG G 63.

11. All documents referring or relating to AWB's possession of the 2021 Mercedes-Benz AMG G 63.