# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re AUTO WHOLESALE OF BOCA, LLC  
                Debtor.

Case No. 22-15627-EPK  
Chapter 11, Subchapter V

## SUBPOENA FOR RULE 2004 EXAMINATION
### (*DUCES TECUM ONLY*)

To:    **Department of Highway Safety & Motor Vehicles**  
        **By Serving: Records Custodian / Motor Vehicle Records**  
        **2900 Apalachee Parkway, A432, Tallahassee, Florida 32399**

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination): **SEE EXHIBIT "A"**

| PLACE<br>**Sardi Law, PLLC**<br>**225 Alcazar Ave., Coral Gables, FL 33134** | DATE AND TIME<br>**February 17, 2023**<br>**5:00 p.m. (EST)** |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2023

CLERK OF COURT

                                        OR

_____         _____  
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing **OMAR PERIU**, a party in interest in the above bankruptcy case, who issues or requests this subpoena, is: **Carlos E. Sardi, Esq., Fla. Bar No. 781401, Sardi Law, PLLC 225 Alcazar Ave., Coral Gables, FL 33134, Tel: 305-697-8690**

---

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

2

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**I.** **Instructions**

Subject to the Definitions set forth in Part II below, the following instructions shall apply to this Request for Production of Documents:

A.    This document request is continuing in nature.  When new knowledge or information comes to your attention, you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person (as defined below). The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.    The name(s) of the sender(s) or the document;

2.    The name(s) of the author(s) of the document;

3.    The name(s) of the person(s) to whom the document or copies were sent;

4.    The job title of every person named in subparagraphs 1, 2 and 3 above;

5.    The date of the document;

1

6.      The date on which the document was received by each addressee, copyee, or its recipient;

7.      A brief description of the nature and subject matter of the document; and

8.      The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person (as defined below) who has possession, custody, or control of the requested document(s).

F.      All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.      "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.      The use of the singular form of any word includes the plural and vice versa.

L.      All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.      Unless otherwise stated herein, the time period encompassed by this Request shall be from January 1, 2021 to the present.

## II.    Definitions

Unless otherwise specified, and subject to the Instructions set forth in Part I above, the below words and terms shall have the following meaning when used in this Request for Production:

A.      "You," "your," and "yourself" shall mean the party upon whom this request is being served and all those acting for or on behalf of that party, including the party's affiliates, parents, subsidiaries, assigns, authorized officers and directors, employees, agents, and others purporting to act on its behalf and for its customers.

B.      "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless

of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostats, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include documents evidencing correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained, along with all ESI (defined below) and other electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, SMS or MMS text messages, cellular phone based text communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Talk, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas. All electronically stored information produced shall be produced in its native format, and all requests expressly include requests for all metadata associated with the files to be produced. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

C.  "ESI" shall mean any electronically stored information, including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations; stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules of Court and Rules of Evidence.

D.  "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons (as defined below) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., WhatsApp, Facebook, MySpace, Twitter, etc.).

E.  The terms "support," "evidence," "evidencing," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to," "involving" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

F.  "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether *sui juris* or otherwise, and includes both the singular and plural.

G.  The conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

H. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

## III. DOCUMENTS REQUESTED[1]

1. All documents related to any internal investigation conducted by Department of Highway Safety & Motor Vehicles in connection with title 2021 Mercedes-Benz AMG G 63, white sport utility vehicle with VIN W1NYC7HJ0MX390328.

2. All documents related to the Department of Highway Safety & Motor Vehicles' cancellation of title of the 2021 Mercedes-Benz AMG G 63, white sport utility vehicle with VIN W1NYC7HJ0MX390328 reflected in attached Exhibit 1.

3. All documents maintained by the Department of Highway Safety & Motor Vehicles in connection with a 2021 Mercedes-Benz AMG G 63, white sport utility vehicle with VIN W1NYC7HJ0MX390328, including, but not limited to any registration, title, transfer of title, applications for transfer of title, and any other similar records from January 1, 2022 to date.

---

[1] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the undersigned to arrange for their production.#

4

EXHIBIT 1

## Vehicle Information Check

There is an administrative vehicle stop on the record found for the title or vehicle identification number that was entered. For more information, please contact the Customer Service Center at 850/617-2000. Hours of operation are Monday through Friday, 8 a.m. - 5 p.m. Eastern Standard Time. Please have the title or vehicle identification number available when you call.

### Vehicle Information:

| | | | |
|---|---|---|---|
| **Vehicle Identification Number:** | W1NYC7HJ0MX390328 | **Year/Make:** | 2021 MERCEDES-BENZ FOR PASSENER AND COMMERCIAL VEHICLES |
| **Previous Title State:** | CALIFORNIA | **Registration Expiration Date:** | |
| **Title:** | 146177994 | **Title Issue Date:** | 3/29/2022 |
| **Title Status:** | CANCELLED | **Title Print Date:** | |
| **Odometer Reading/Status:** | 8,649 ACTUAL MILEAGE | **Odometer Date:** | 1/25/2022 |
| **Color:** | WHITE | **Vehicle Type:** | AUTO |
| **Net Weight:** | 5,845 | **Owner Information:** | 1 owner |
| Paper Title | | **Salvage:** | |
| **Brands:** | | | |

### Lien Information

There is no lien on this vehicle.

**If any of the information on this record needs to be corrected**, please contact your tax collector and complete appropriate paperwork to update the record.

**If you have lost or misplaced your title** and need to apply for a duplicate, click here for the form and instructions.