**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**                    Case No.: 22-15627-EPK

     Debtor.
_____/

**FVP OPPORTUNITY FUND III, LP**, a                   **ADVERSARY PROCEEDING**
Delaware limited partnership; **FVP**                 **CASE NO.: 22-01218-EPK**
**INVESTMENTS, LLC,** a Delaware
limited liability company; and **FVP**
**SERVICING, LLC**, a Delaware limited
liability company, **and HI BAR**
**CAPITAL, LLC**, a New York Limited
Liability Company,

     Plaintiffs,
vs.

**AUTO WHOLESALE OF BOCA, LLC**,

     Defendant.
_____/

**MOTION FOR AN ORDER**
**SHORTENING NOTICE PERIOD RELATIVE TO FVP'S MOTION**
**TO DISMISS OR CONVERT AND HOLDING A HEARING ON FEBRUARY 13, 2023**

     **COME NOW** FVP Opportunity Fund III, LP, a Delaware limited partnership (the

"FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP

Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP

Servicing") (collectively, "FVP"), and hereby move that this Honorable Court (the

"Motion"), pursuant to Rules 2002, 9006(c), 9014, and 1019 of the Bankruptcy Rules,

along with Local Rule 9013-1, for an Order shortening the notice period under Rule

2002(a) of the Bankruptcy Rules with respect to the Motion of FVP to Dismiss or Convert

to Chapter 7 filed on January 31, 2023 (CP # XX, FVP's "Motion to Dismiss or Convert").

In support of this Motion, FVP asserts as follows:

1.      Federal Rule of Bankruptcy Procedure 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period required for a hearing.

2.      That rule expressly provides that a bankruptcy court "for cause shown may in its discretion with or without motion or notice" reduce the time period for notice in all but several bankruptcy matters, none of which are applicable to the present case.

3.      In the exercise of its discretion under Bankruptcy Rule 9006(c)(1), a court must consider, primarily, the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening this period. *See, e.g.*, *In re Kings Falls Power Corp.*, 185 B.R. 431, 441 (Bankr. N.D.N.Y. 1995) (allowing shortened notice period because resolution of dispositive motions was necessary prior to "blow-up" date of global settlement and was in the estate's best interests); *In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (Bankr. S.D.N.Y. 1990) (shortening notice because ten days could impose "severe hardship on parties in interest and six days would not prejudice the defendant). Furthermore, Section 102 of the Bankruptcy Code specifically indicates that "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. 102(1)(A).

4.      Here, FVP believe their Motion to Dismiss or Convert should be granted for the reasons stated in the motion, and that a shortened notice period will reduce the ongoing depletion of the resources of the estate on unnecessary litigation and  attorneys'

fees, where said resources are essentially being deployed for the sole benefit of the Debtor's owners and other insiders.

5. For that reason, FVP respectfully requests that this Court reduce the notice period and hold a hearing on FVP's Motion to Dismiss or Convert on February 13, 2023.

6. No prejudice would befall any interested party if this Motion were granted, and it is suggested that the Motion benefits the estate and its creditors.

**WHEREFORE**, it is respectfully requested that this Honorable Court shorten the notice period relative to FVP's Motion to Dismiss or Convert and hold a hearing on same on February 13, 2023.

Dated January 31, 2023.

### For the FVP Plaintiffs

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail:  JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111
Doral, FL 33172
Tel.: (973) 936-2176
E-mails:
    jschwartz@jonschwartzlaw.com
      JNSEsquire@gmail.com

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 341-3111
E-mail:        david@softnesslaw.com

By:    s/ David R. Softness
     David R. Softness, Esq.
     Florida Bar No. 513229

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that; I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon: upon: the Subchapter5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com; upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com and jbm@title11law.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; and upon Hi Bar by serving Steven Wells at Steve@wellspc.com, Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com, Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com, David Unseth, Esq. at dmunseth@bclplaw.com, and James Moon, Esq., at Jmoon@melandbudwick.com; upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com, and upon Moishe, Lisa and Chase Farache by serving Scott Gherman, Esq. at sgherman@scottghermanpa.com.

.

/ s/ David R. Softness
David R. Softness, Esq.