**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                                    Chapter 11

AUTO WHOLESALE OF BOCA, INC.

Case No. 22-15627-EPK

        Debtor.

_____/

**NOTICE OF INTENT TO SERVE SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, that Edward Brown ("Brown"), by and through his undersigned counsel, intends on serving the attached subpoena upon **Scott Thomas Zankl** on February 3, 2023, or as soon thereafter as service can be effected.

Dated: February 3, 2023                    Respectfully submitted,

By:    /s/ *Eyal Berger*
D. Brett Marks, Esq.
Florida Bar Number: 099635
Email: brett.marks@akerman.com
Eyal Berger, Esq.
Florida Bar Number:  011069
Email:  eyal.berger@akerman.com
Amanda Klopp, Esq.
Florida Bar Number: 124156
Email: amanda.klopp@akerman.com
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL  33301-2999
Tel:: 954-463-2700
Fax: 954-463-2224
*Counsel for Edward Brown*

{40351782;1}

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on February 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case or via U.S. mail as listed below.

By: */s/ Eyal Berger*
Eyal Berger, Esq.

**22-15627-EPK Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Defendant Edward Brown
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party Edward Brown
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Marc E Brandes on behalf of Creditor Marc Brandes
mbrandes@kfb-law.com, bvillalobos@kfb-law.com

John M Brennan, Jr on behalf of Creditor Eric Dore
jack.brennan@gray-robinson.com,
jessica.rolon@gray-robinson.com

Jerrell A Breslin on behalf of Counter-Defendant FVP Investments, LLC
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Counter-Defendant FVP Opportunity Fund III, LP
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Counter-Defendant FVP Servicing, LLC
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Creditor FVP Investments, LLC
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Creditor FVP
Opportunity Fund III, LP
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Creditor FVP Servicing, LLC
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Plaintiff FVP Investments, LLC
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Plaintiff FVP Opportunity Fund III, LP
jb@richardbaronlaw.com

Jerrell A Breslin on behalf of Plaintiff FVP Servicing, LLC
jb@richardbaronlaw.com

Alan R Crane on behalf of Creditor Nicole Mehdipour
acrane@furrcohen.com,
rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com

Patrick R Dorsey on behalf of Creditor Franklin Capital Funding, LLC
pdorsey@slp.law,
dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com

Patrick R Dorsey on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC
pdorsey@slp.law,

{40351782;1}

dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com

C Craig Eller, Esq on behalf of Creditor Graves Directional Drilling Inc. a/k/a Graves Directional Inc.
celler@kelleylawoffice.com,
bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com

C Craig Eller, Esq on behalf of Creditor Road Rich, LLC d/b/a Road Rich Motors
celler@kelleylawoffice.com,
bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com

Jay L Farrow on behalf of Defendant Auto Wholesale of Boca, LLC
jay@farrowlawfirm.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Scott C Gherman on behalf of Creditor Express Emergency Services, Inc.
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Creditor Farache Enterprises, Inc.
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Creditor M & M Development Consultants LLC.
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Creditor Mazel Tov, Inc.
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Creditor Calvin Erbstein
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Creditor Chase Farache
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Creditor Lisa Farache
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Creditor Moshe Farache
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party Express Emergency Services, Inc.

sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party Farache Enterprises Inc.
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party M & M Development Consultants LLC.
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party MMS Ultimate Services Inc.
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party Mazel Tov Inc
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party Pompano 2009 LLC
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party Chase Farache
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party Lisa Farache
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party Moshe Farache
sgherman@scottghermanpa.com

Scott C Gherman on behalf of Interested Party SCOTT C. GHERMAN
sgherman@scottghermanpa.com

Daniel Gielchinsky on behalf of Interested Party Quad Funding Partners, LLC
dan@dgimlaw.com,
colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com

Travis A Harvey on behalf of Attorney BAL INVESTMENTS, LLC
tharvey@bakerdonelson.com

Michael J. Harwin on behalf of Plaintiff Benidt Investments/Slinger, LLC
mharwin@stearnsweaver.com

Dana L Kaplan on behalf of Creditor Graves Directional Drilling Inc. a/k/a Graves Directional Inc.
dana@kelleylawoffice.com,
cassandra@kelleylawoffice.com;bankruptcy@kelleyl

- 3 -

awoffice.com;kelleycr75945@notify.bestcase.com;sc
ott@kelleylawoffice.com

Amanda Klopp on behalf of Counter-Claimant
Edward Brown
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Cross-Claimant Edward
Brown
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Defendant Edward
Brown
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party Edward
Brown
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Philip J Landau on behalf of Interested Party Michael
Halperin
phil@landau.law,
plandau@ecf.courtdrive.com;diane@landau.law;dloc
ascio@ecf.courtdrive.com

Linda Marie Leali
trustee@lealilaw.com,
F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLe
aliPA@jubileebk.net

Linda Marie Leali on behalf of Interested Party Linda
Leali
trustee@lealilaw.com,
F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLe
aliPA@jubileebk.net

Linda Marie Leali on behalf of Trustee Linda Marie
Leali
trustee@lealilaw.com,
F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLe
aliPA@jubileebk.net

David B Marks on behalf of Interested Party Edward
Brown
brett.marks@akerman.com,
charlene.cerda@akerman.com

Cory Mauro on behalf of Interested Party Arby
Lipman, LLC
cory@maurolawfirm.com,
paralegal@maurolawfirm.com;evan@maurolawfirm.
com

Cory Mauro on behalf of Interested Party Arby
Lipman
cory@maurolawfirm.com,
paralegal@maurolawfirm.com;evan@maurolawfirm.
com

Cory Mauro on behalf of Interested Party Derek
Stephens
cory@maurolawfirm.com,
paralegal@maurolawfirm.com;evan@maurolawfirm.
com

Nicole Testa Mehdipour on behalf of Creditor Nicole
Mehdipour
nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@
bluestylus.com;cmecfservice@gmail.com;mehdipour
nr85783@notify.bestcase.com

Nicole Testa Mehdipour on behalf of Creditor Nicole
Mehdipour
Trustee@ntmlawfirm.com,
TRUSTEE_CMECF_Service@ntmlawfirm.com;FL8
0@ecfcbis.com;ntm@trustesolutions.net;BCasey@nt
mlawfirm.com

James B Miller on behalf of Debtor Auto Wholesale
of Boca, LLC
bkcmiami@gmail.com

James B Miller on behalf of Defendant Auto
Wholesale of Boca, LLC
bkcmiami@gmail.com

James C. Moon, Esq on behalf of Counter-Defendant
Hi Bar Capital, LLC
jmoon@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo
.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.c
ourtdrive.com;phornia@ecf.courtdrive.com

James C. Moon, Esq on behalf of Creditor Hi Bar
Capital, LLC
jmoon@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo
.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.c
ourtdrive.com;phornia@ecf.courtdrive.com

James C. Moon, Esq on behalf of Plaintiff Hi Bar
Capital, LLC
jmoon@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo
.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.c
ourtdrive.com;phornia@ecf.courtdrive.com

{40351782;1}

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

John E Page on behalf of Creditor Edvard Dessalines
jpage@slp.law,
dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com

Eric S Pendergraft on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC
ependergraft@slp.law,
dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law

Eric S Pendergraft on behalf of Creditor Edvard Dessalines
ependergraft@slp.law,
dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law

Ryan C Reinert on behalf of Creditor Frank A. Evans, III
rreinert@shutts.com, jheard@shutts.com

Jason S Rigoli, Esq. on behalf of Creditor Nicole Mehdipour
jrigoli@furrcohen.com,
rrivera@furrcohen.com;staff1@furrcohen.com

Ezequiel Joseph Romero on behalf of Creditor Hi Bar Capital, LLC
romeroe@bryancave.com,
zeke.romero30@gmail.com

Ezequiel Joseph Romero on behalf of Plaintiff Hi Bar Capital, LLC
romeroe@bryancave.com,
zeke.romero30@gmail.com

Carlos E. Sardi, Esq on behalf of Interested Party Omar Periu
carlos@sardilaw.com,
carlos@ecf.courtdrive.com;sardi.carlose.b110401@notify.bestcase.com

Zach B Shelomith on behalf of Creditor Woodside Credit, LLC
zbs@lss.law,
info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com

Bradley S Shraiberg on behalf of Creditor Franklin Capital Funding, LLC
bss@slp.law,
dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC
bss@slp.law,
dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Eric J Silver on behalf of Creditor BENIDT INVESTMENTS/SLINGER, LLC
esilver@stearnsweaver.com,
jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com

Eric J Silver on behalf of Plaintiff Benidt Investments/Slinger, LLC
esilver@stearnsweaver.com,
jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com

David R. Softness on behalf of Creditor FVP Investments, LLC
david@softnesslaw.com

David R. Softness on behalf of Creditor FVP Opportunity Fund III, LP
david@softnesslaw.com

David R. Softness on behalf of Creditor FVP Servicing, LLC
david@softnesslaw.com

David R. Softness on behalf of Plaintiff FVP Investments, LLC
david@softnesslaw.com

David R. Softness on behalf of Plaintiff FVP Opportunity Fund III, LP
david@softnesslaw.com

David R. Softness on behalf of Plaintiff FVP Servicing, LLC
david@softnesslaw.com

Christian Somodevilla on behalf of Creditor Woodside Credit, LLC
cs@lss.law,
info@lss.law;cs@ecf.courtdrive.com;mch@lss.law

David M Unseth on behalf of Creditor Hi Bar Capital, LLC
dmunseth@bclplaw.com

David M Unseth on behalf of Plaintiff Hi Bar Capital, LLC

{40351782;1}

- 6 -

dmunseth@bclplaw.com

Harry Winderman on behalf of Defendant Karma of Palm Beach, Inc.
harry4334@hotmail.com,
lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

Harry Winderman on behalf of Interested Party KARMA OF PALM BEACH, INC.
harry4334@hotmail.com,
lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

Harry Winderman on behalf of Interested Party Karma of Broward, Inc.
harry4334@hotmail.com,
lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

Harry Winderman on behalf of Interested Party Karma of Palm Beach, Inc.
harry4334@hotmail.com,
lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

Harry Winderman on behalf of Interested Party Shaneandninamt, LLC
harry4334@hotmail.com,
lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

**22-15627-EPK Notice will not be electronically mailed to:**

ACE Insurance Company of the Midwest a/s/o Richard Greenberg
Kramer, Green, Zuckerman, Greene & Buchs
4000 Hollywood Boulevard
Suite 485-S
Hollywood, FL 33021

Chapford Credit Opportunities Fund LP
c/o Scott Rose
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131

Chapford Specialty Finance LLC
c/o Scott Rose
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131

Jason J. DeJonker
161 North Clark Street, Suite 4300
Chicago, IL 60601

Jarret Hitchings
301 S. College Street, Suite 2150
Charlotte, NC 28202

Alan Lester Raines on behalf of Defendant Chad Scott Zakin
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431

John R. Schreiber on behalf of Plaintiff Benidt Investments/Slinger, LLC
111 E. Wisconsin Ave. Suite 1400
Milwaukee, WI 53202

Vanessa Dawn Sloat-Rogers on behalf of Defendant U.S. Bank National Association
6409 Congress Ave., Suite 100
Boca Raton, FL 33487

Steven William Wells
229 Warner Road
Lancaster, NY 14086

Harry Winderman on behalf of Defendant Karma of Palm Beach, Inc.
One Boca Place, Suite 218A
2255 Glades Road
Boca Raton, FL 33431

Ryan Mitchell Wolis on behalf of Plaintiff Benidt Investments/Slinger, LLC
200 E Las Olas Blvd Suite 2100
Fort Lauderdale, FL 33301

{40351782;1}

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

IN RE:

AUTO WHOLESALE OF BOCA, INC.,                       Case No.: 22-15627-EPK

                                Chapter 11

        Debtor.

_____/

### SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

To:    SCOTT THOMAS ZANKL
       c/o Harry Winderman, Esq.
       Weiss, Handler & Cornwell, P.A.
       2255 Glades Road, Suite 205E
       Boca Raton, FL 33431

[ **X** ] *Testimony:*

| PLACE : **ZOOM PLATFORM WILL BE USED TO CONDUCT THE EXAMINATION BY VIDEOCONFERENCE ZOOM LINK – TO BE PROVIDED**<br><br>The examination will be recorded by transcription. | DATE AND TIME: **FEBRUARY 9, 2023 AT 8:00 A.M. EST.** |
| --- | --- |

[ **X** ] *Production:* You, or your representatives, must also produce to Akerman LLP, 201 E. Las Olas Blvd., Suite 1800, Fort Lauderdale, Florida 33301, **by February 7, 2023 at 10:00 a.m.** the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### **ALL DOCUMENTS ON THE ATTACHED EXHIBIT A**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 3, 2023

                CLERK OF COURT

_____    OR    */s/ Eyal Berger*
  Signature of Clerk or Deputy Clerk                   Attorney's signature

The name, address, email address, and telephone number of the attorney representing **Edward Brown**, who issues or requests this subpoena is **Eyal Berger, Esq., 201 E. Las Olas Blvd. Suite 1800, Fort Lauderdale, FL 33301,** **eyal.berger@akerman.com, (954) 463-2700**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____

on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

| For Access to Subpoena Materials |
|---|
| Fed. R. Civ. P. 45(a) Committee Note (2013) |
| • Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access. |
| • The party serving the subpoena should make reasonable provisions for prompt access. |
| • The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them. |

## SCHEDULE A

## DEFINITIONS

1.      The term "**Excell**" shall include EXCELL AUTO GROUP, INC., and any person acting on behalf of Excell.

2.      The term "**Karma PB**" shall mean or refer to Karma of Palm Beach, Inc. and to its agents, directors, officers, managers, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on its behalf.

3.      The term "**Karma Broward**" shall mean or refer to Karma of Broward, Inc. and to its agents, directors, officers, managers, representatives, employees, attorneys, accountants and all other persons acting or purporting to act on his behalf.

4.      The term "**AWB**" shall include AUTO WHOLESALE OF BOCA, INC. and any person acting on behalf of AWB.

5.      "**You**" and "**Your**" shall mean Scott Zankl.

6.      "**Brown**" shall mean Edward Brown.

7.      "**Vehicles**" shall mean the following vehicles:

   a.      2021 Ferrari Roma, Vin # ZFF98RNA3M0263662;

   b.      2021 Rolls Royce, Vin # SLATV8C09MU204907;

   c.      2021 Lamborghini Urus, Vin # ZPBUA1ZL1MLA12270; and

   d.      2021 Ferrari SF90 Stradela, Vin # ZFF95NLA7M0265077

8.      The term "**document**" or "**documents**" shall mean any page(s) or file(s) produced manually or by a software application constituting any storage or communication of information including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings,

images, or any other data or data compilations. A draft or non-identical copy is a separate "document" within the meaning of this term.

9. The term "**communication**" means each and every disclosure, transfer or exchange of information, whether oral or in writing, and whether in person, by telephone, by mail, by electronic mail, or otherwise, including, but not limited to, letters, emails, electronic mail messages, discussions, statements, negotiations, inquiries, requests, notices, responses, demands or complaints, and messages in any messaging app (including but not limited to WhatsApp, Telegram, and Signal), in your actual or constructive possession, custody or control, or of which you have knowledge.

10. The terms "**relating to**" or "**concerning**" mean constituting or evidencing or directly or indirectly mentioning, describing, concerning, relating to, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

11. The singular shall include the plural and vice versa; the terms "**and**" or "**or**" shall both be conjunctively and disjunctively as necessary to bring within the scope of this Request any documents, or communications, that might otherwise be construed to be outside the scope of this Request; and the term "**including**" means "including without limitation."

12. As used herein, the term "**document**" and "**documents**" means any written, recorded, printed, typed or photographed material, or other demonstrative material however produced or reproduced, of any kind or description, whether or not sent or received, including originals, copies and drafts and both sides thereof in your actual or constructive possession, custody or control, or of which you have knowledge. The term includes, but is not limited to originals where available, or otherwise a copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of each item of papers, books, letters, emails, correspondence, telegrams, computer programs, source codes, object codes, specifications, computer print-outs, data processing outputs, flow charts, program structure charts,

bulletins, reports, notices, announcements, instructions, orders, confirmations, charts, manuals, photographs, sketches, plans, periodicals, publications, brochures, pamphlets, schedules, cables, telex messages, memoranda, notes, notations, invoices, accounts, ledgers, checks, check stubs, drafts, indexes, data sheets, commercial paper, wires, transcripts, minutes, agendas, affidavits, statements, summaries, opinions, reports, surveys, studies, work papers, analyses, evaluations, printings, graphs, charts, tables, prospectuses, tabulations, compilations, lists, diagrams, contracts, offers, agreements, journals, statistical records, desk calendars, appointment books, diaries, studies, sound recordings, recording disks or other records of oral communications, films, microfilms, microfiche, slides, other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing and any other materials discoverable under the Florida Rules of Civil Procedure.  Moreover, the term "document" includes reports and records of telephone or other conversations or messages, or interviews, conferences or other meetings.

13.	The term "**transaction**" includes, but is not limited to, any loan, purchase, sale, consignment, transfer (as such term is defined by 11 U.S.C. § 101), or conveyance of any interest in property.

14.	If not expressly stated otherwise, "**control**" means in your actual or constructive possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountants, consultants, experts, affiliated entities, and any person purporting to act on your behalf.

## **INSTRUCTIONS**

1.	This request incorporates by reference and is governed by Bankruptcy Rules 7030 and 7034 and the Local Rule 2004-1.

2.      You are to furnish all information available to you, and to Debtor's attorneys, accountants, agents or other representatives and employees, or any information subject to Debtor's custody or control, in answering the document requests herein.

3.      Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business.

4.      If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a)  the nature of the privilege which is being claimed;

(b)  the type of document;

(c)  the general subject matter of the document;

(d)  the date of the document;

(e)  the author of the document;

(f)  the addressee of the document; and

(g)  where not apparent, the relationship of the author to the addressee.

5.      In the event that any document called for by this schedule has been (i) destroyed, discarded, and/or (iii) removed from the requested files prior to production on grounds other than privilege, please identify the following with respect to each such document:

(a)  the name and current address of the person who prepared the document and the person to whom it was addressed;

(b)  any indicated or blind copies;

(c)  the document's date, subject matter, number of pages, and attachments; and

(d)  the person(s) who authorized and/or carried out such destruction and/or removal.

6.      This request is continuing, and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the time period relevant to these requests is April 1, 2018 to the present.

## DOCUMENT REQUESTS

1.      All documents relating to the Vehicles, including, but not limited to, contracts, title documents, title transfer documents, powers of attorney, financing documents, sale consideration/proceeds documents, Florida Department of Motor Vehicles documents, and deal jackets.

2.      All documents relating to the sale, consignment, or lease, by Excell or Karma PB, of any automobile to Brown, including but not limited to, contracts, title documents, title transfer documents, powers of attorney, financing documents, sale consideration /proceeds documents, Florida Department of Motor Vehicles documents, and deal jackets.

3.      All documents received by you relating to agreements and/or contracts between, on the one hand, Excell and/or Karma PB and, on the other hand, Brown.

4.      All communications between you, Excell or Karma PB, on the one hand, with Brown, on the other hand.

5.      All communications between you, Excell or Karma PB regarding Brown.

6.      All communications between you, Excell or Karma PB, on the one hand, and any third party, on the other hand, regarding Brown.

7.      All communications between you, Excell or Karma PB, on the one hand, and any third party, on the other hand, regarding the Vehicles.

8. All documents concerning any transactions between you, Excell and/or Karma PB, on the one hand, with Brown, on the other hand.

9. All documents relating to the receipt of loan proceeds by you, Excell or Karma PB from Brown.

10. All documents relating to the receipt of loan proceeds from Brown by you, Excell or Karma PB.

11. All documents evidencing or relating to any consideration that Brown provided to you, Excell or Karma PB for any of the Vehicles.

12. All documents evidencing or relating to any consideration that AWB provided to you, Excell or Karma PB for any of the Vehicles.

13. All documents evidencing or relating to any consideration that any other third party besides Brown provided to you, Excell or Karma PB for any of the Vehicles.

14. All documents evidencing that you, Excell or Karma PB told Brown that Excell or Karma PB had any other lenders besides Brown or Seaside National Bank Trust.

15. All documents evidencing that you, Excell or Karma PB told Brown that the Vehicles were in the inventory of Excell or Karma PB, or being held out for sale by these dealerships.

16. All documents evidencing that you, Excell or Karma PB told Edward Brown that Excell or Karma PB was holding the titles to the Vehicles for his benefit.

17. All documents evidencing that you, Excell or Karma PB paid sales taxes on the sale of any of the Vehicles to Brown.