UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                          Case No. 22-15627-EPK

    Debtor.                                                      Chapter 11
                                                                       Subchapter V

_____/

**JOINDER TO MOTIONS TO DISMISS OR CONVERT CASE**

Franklin Capital Funding, LLC ("Franklin"), hereby joins in the arguments set forth in

*FVP's Motion to Dismiss or Convert to Chapter 7* and *Nicole Testa Mehdipour's Expedited (i)*

*Motion to Convert Case Under Chapter 7, or, in the Alternative, Motion to Dismiss* (together, the

"Motions").  ECF Nos. 390 and 403.  In addition to so joining the Motions, Franklin states as

follows:

1.      Without more, the Motions demonstrate that "cause" exists to dismiss or convert

this case to chapter 7 under 11 U.S.C. § 1112.

2.      Additionally, however, on February 10, 2023, the Court issued a memorandum

*Order Denying Motion for Turnover* (the "Order").  ECF No. 422.  Among other findings and

conclusions, the Order establishes that:

- In early April 2022, the business of Scott and Kirsten Zankl "were collapsing," and Mrs. Zankl "agreed to transfer all Karma vehicles to the Debtor to protect [its principal] Mr. Farache."  Order 6.

- On April 2, 2022, "Mr. Farache went to Karma and executed paperwork transferring various titles to the Debtor[.]"  *Id.*

- On April 4, 2022, Mr. Farache returned to Karma.  "Mr. Farache…removed many cars [and] Karma's employees huddled outside not knowing what to do."  *Id.* at 6–7.

3.      As the Court is aware, the Debtor has no ongoing business.  Its assets consist almost

{2425/000/00550945}

1

entirely of a collection of automobiles subject to the claims of various creditors. *See generally* Adv. Proc. No. 22-01218-EPK. Throughout the pendency of this case, the Debtor has alleged that its automobiles were acquired in the ordinary course of business such that they are not subject to creditors' claims. *See* Fla. Stat. §§ 671.201(9) (defining "buyer in the ordinary course of business") and 679.320 (stating that buyer in the ordinary course of business takes free of a security interest created by the buyer's seller). In light of the Order, however, and its findings that the Debtor acquired multiple automobiles from a "collapsing" business while its "employees huddled outside," the position of the Debtor is untenable. The Debtor has no business, no cash flow, and no assets that are not subject to the claims of secured creditors. There is no realistic possibility for confirming a chapter 11 plan, and conversion is therefore appropriate.

4.      Finally, Franklin requests that the case be converted to chapter 7, rather than dismissed, for the reasons set forth in *Nicole Testa Mehdipour's Expedited (i) Motion to Convert Case Under Chapter 7, or, in the Alternative, Motion to Dismiss*. ECF No. 403.

[Remainder of Page Intentionally Left Blank]

{2425/000/00550945}

2

**WHEREFORE**, Franklin respectfully requests that this Court enter an order: (a) converting this case to chapter 7, and (b) granting such other and further relief as this Court may deem just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on February 13, 2023.

Respectfully submitted,

**SHRAIBERG PAGE, P.A.**
Attorneys for Franklin
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
pdorsey@slp.law

By:    /s/ Patrick Dorsey
Patrick Dorsey, Esq.
Florida Bar. No. 0085841

{2425/000/00550945}

3