UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,               Case No.: 22- 15627-EPK
                                            Chapter 11 Subchapter V

_____Debtor-in-Possession._____/
FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.                                         Adv Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.
_____/

## DEBTOR'S/DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DUCES TECUM REQUESTS IN ECF 371

Comes Now, Auto Wholesale of Boca LLC ("Debtor" or "Defendant"), by and through undersigned counsel and serves this instant *Debtor's/Defendant's Responses and Objections to Plaintiffs' Duces Tecum Requests In ECF 371*,[1] and states -

1. Plaintiffs (FVP) have noticed the examination of Michele Martin, an employee/independent contractor of the Debtor who has been active in the defense of the various lawsuits commenced against Debtor by, among others, FVP.

---

[1] The Plaintiff continues to, in bad faith, seek discovery of attorney-client privilege and work product in relation to this litigation and outside the scope of the issues in this Adversary Proceeding.

2. The Plaintiffs have once again attempted to go around the rules and seek attorney client communications and litigation (work product) information, despite the limits imposed by the rules of civil procedure.

3. FRCP 34 provides for discovery as follows –

(a) IN GENERAL. **A party may serve on any other party a request within the scope of Rule 26(b)**:

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

[…]

(b) PROCEDURE.

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

[….]

*See* FRCP 34 (emphasis added).

4. However, as set forth above, Rule 34 is limited by Rule 26(b), which provides --

(b) DISCOVERY SCOPE AND LIMITS.

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain **discovery regarding any nonprivileged matter that is relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See* FRCP 26(b) (emphasis added).

5. Given the breadth and depth of the scope of the definitions of "Communications" and "documents" and other defined terms set forth in the *Duces Tecum* Notice [ECF No. 371], Debtor objects to the extent such information sought is subject of/to attorney-client and/or work product/deliberative process privilege, including the agency exception. A separate privilege log will be generated.

6. Any production of a matter that is covered under a privilege will continue to be protected as the same would have been produced by mistake and/or inadvertence given the sheer volume of the request by Plaintiff and the Debtor's efforts to comply and gather such information.

7. In the matter at bar, Debtor further responds --

**<u>Specific Responses</u>**:

8. As to each request wherein the defined terms could be used by FVP to assert a claim to documents subject to attorney-client and/or work-product, then objections are made herein to such requests. Aside from communications with and/or among various counsel representing Debtor (regarding legal advice, litigation preparation, defense, and formulation and the like), and Debtor's officers, directors, principals, managers, employees and contractors, these communications for litigation matters are also claimed as privileged

9. As to Requests Numbered 4 and 5, Objection, these Requests are facially objectionable as they intentionally seek attorney-client and/or work product communications, information and documents.

10. To the extent privileged information is disclosed, it is inadvertent and unintentional and Debtor intends to retain such privilege.

11. Debtor/Defendant reserves the right to amend these responses.

Dated: February 14th, 2023.

JAMES B. MILLER, P.A.
James B. Miller, Esq.
Counsel to Debtor
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

 /s/ James B. Miller_____
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of this Response has been served on this 14th day of February, 2023, *via* email upon: David Softness and Jerry Breslin at their respective email addresses on file with the Bankruptcy Court and all others who are CM/ECF compliant as of this date and time of filing.

 /s/ James B. Miller_____
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## Certificate of Admission

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am duly-qualified to practice before this Court as set forth in Local Rule 2090-1(A).

 /s/ James B. Miller_____
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164