**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**

     Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP**, a Delaware limited partnership; **FVP INVESTMENTS, LLC,** a Delaware limited liability company; **FVP SERVICING, LLC**, a Delaware limited liability company; **and HI BAR CAPITAL, LLC**, a New York Limited Liability Company,

     Plaintiffs,

vs.

**AUTO WHOLESALE OF BOCA, LLC**,

     Defendant.

_____/

<u>**FVP REPLY TO DEBTOR'S RESPONSE TO MOTION TO DISMISS OR CONVERT**</u>

**COME NOW** the FVP Opportunity Fund III, LP, a Delaware limited partnership, FVP Investments LLC, a Delaware limited liability company, and FVP Servicing, LLC, a Delaware limited liability company (collectively, "FVP" or the "FVP Parties"), having filed its Motion to Dismiss or Convert (CP # 390, the "MTD") hereby files this reply to the Response [to the MTD] [DE 426, the "Response"] filed by the Debtor-in-Possession, Auto Wholesale of Boca, LLC (the "Debtor"), and states as follows:

The Debtor seems to be unable to figure out whether it is going right, left or straight in its Response, veering in different directions at different points; and routinely failing to address the substance of the facts set forth by FVP and the Excell Trustee. *See, e.g.*, Response at ¶ 5 ("Th[e] multiplication of litigation . . . has also effectively shut down AWB's operations."); *contra id.* at ¶ 70 ("The Debtor has, despite the assertions of both FVP and Excell Trustee, to (sic) actually purchase a vehicle and sold (sic) it for a substantial profit

post-petition . . . ."); *see also id.* at ¶¶ 60-61 (disputing the facts set forth by FVP and the Excell Trustee but failing to explain why they are disputed). Indeed, the Debtor accuses "FVP and the Excell Trustee [of] seek[ing] dismissal or conversion of the instant case by making hyperbolic and inflammatory allegations as to the purported impropriety of the Debtor at different points in time – none of which are accurate, material, agreed to, or otherwise based in fact[,]" *id.* at ¶ 59; yet the Debtor then uses paragraphs 60 and 61 of its Response to list the facts FVP and the Excell Trustee set forth in furtherance of dismissal or conversion, and, again, fails to address the substance of how or why these facts are in dispute.

Most startling, is the Debtor's "response" regarding the Excell Auto Group Trustee and her proof of claim ("POC") (the Trustee also brings her own Motion to Dismiss or Convert [DE 403]).  Paragraphs 50 through 58 of the Debtor's Response contain a smattering of facts and innuendoes, but the Debtor never denies the crushing allegation of the POC [DE 390 Ex 1] which is that the Debtor <u>netted</u> $24,128,964.66 (Twenty-Four Million One Hundred Twenty Eight Thousand Nine Hundred and Sixty Four Dollars and 66/xx) in its ping-pong transactions with Excell Auto Group in the four (4) years prior to the bankruptcy, with no apparent consideration therefore.

FVP takes the allegations against it, paragraphs 39 through 44, in turn.

<u>**Paragraphs 39-40, 43**</u>: "FVP purports to have entered into a lending arrangement with KPB and KB (but not Excell) in early 2022. FVP claims to have lent upwards of $7.5 million dollars to the Karma entities" *Id.* at ¶¶ 39-40. FVP's lending activity to KPB and KB is extensively documented by way of the exhibits filed of record by FVP in the operative Adversary Complaint, and four (4) paragraphs later the Debtor literally, itself, admits that "FVP did ultimately lend, (in early 2022), to the Karma entities and executed a series of documents to evidence the same[.]" *Id.* at ¶ 43.

<u>**Paragraph 41**</u>: "FVP was in the market to lend to cash-strapped enterprises, such as the Karma entities, and decided to take a risk with lending to the Karma entities (notably carving out Excell from any loans)." *Id.* at ¶ 41. First, this irrelevant. Second, all lenders lend to cash-strapped enterprises.  However, FVP did not take any unusual risk relative to the Cars taken by Farache, as that term has been defined in filings of record

by FVP, considering that their loan was overcollateralized, including by vehicles acknowledged by the principals of the Debtor to be FVP's collateral in the Landlord Waiver and Consent filed of record as an exhibit to the operative Adversary Complaint.[1]

**Paragraph 42**: "FVP did little to investigate and certify the accuracy of the Karma inventories, records and finances." *Id.* at ¶ 42. This is also irrelevant; and further the Debtor knows that this is not a true statement because FVP's borrowers pledged sufficient collateral until it was stolen by the Debtor and its principals.

**Paragraph 44**: "Of import for purposes of this Response, is the fact that the FVP Loan Documents, when read together, amounted to no more than a standard loan for specific automobiles, whereby FVP would have needed to place a lien on the titles to the vehicles acquired with the FVP loan proceeds, rather than recording a UCC1. This is because the FVP Loan Documents contained exclusionary liens, wherein it was agreed between FVP and the Karma entities that FVP would not obtain a lien on any pre-existing inventory of Karma nor any vehicles which were not acquired with the FVP loan proceeds, and had not been approved for acquisition by FVP." *Id.* at ¶ 44. FVP stands on its lending filed of record as attachments to the operative Adversary Complaint.

This is simply wrong and the FVP had, and has, a blanket lien on all the inventory of the Karma Entities, which includes the vehicles taken by the Debtor. FVP stands on its loan transactional documents filed of record as attachments to the operative Adversary Complaint.

Simply put, the Debtor's allegations regarding FVP's lien are both wrong and a red herring. These allegations have nothing whatsoever to do with the factual and legal issues before this Honorable Court in assessing the Motion to Dismiss or Convert, which Motion should thus be granted.

**WHEREFORE**, FVP respectfully requests that this Honorable Court grant its Motion to Dismiss or Convert, as well as any and all other relief deemed just and proper.

---

[1]     The Landlord's Waiver and consent is a significant document as it establishes without equivocation that the Debtor and its principals were aware of the FVP Loan before it was made.

Dated February 14, 2023.

For the FVP Adversary Plaintiffs

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br>By: /s/ David Softness, Esq.<br>David Softness, Esq.<br>Fla. Bar No. 513229 |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>169 E. Flagler St., Ste. 700<br>Miami, FL 33131<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com<br><br>By:      s/ Jonathan Schwartz<br>Jonathan Schwartz, Esq.<br>Fla Bar No: 1014596 | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing via EM/ECF and that same was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: The Subchapter5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com; upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com and jbm@title11law.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; and upon Hi Bar by serving Steven Wells at Steve@wellspc.com, Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com, Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com, David Unseth, Esq. at dmunseth@bclplaw.com, and James Moon, Esq., at Jmoon@melandbudwick.com; upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com, upon Moishe, Lisa and Chase Farache by serving Scott Gherman, Esq. at Sgherman@Scottghermanpa.Com and upon Michael Halperin by serving Phil Landau, Esq. at phil@landaulaw.com.

/ s/ David Softness

David Softness, Esq.