UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                                                    Case No. 22-15627-EPK
                                                          Chapter 11 Subchapter V

AUTO WHOLESALE OF BOCA, LLC,

_____Debtor._____/
FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.                                                       Adv Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.

_____/

### DECLARATION OF JOEL D. GLICK ON BEHALF OF BERKOWITZ POLLACK ADVISORS AND CPAs AFFIDAVIT OF DISINTERESTEDNESS

1.      I am a certified public accountant and financial consultant admitted to practice in the State of Florida and am a principal of Berkowitz Pollack Brant Advisors and CPAs (the "Firm" or "BPB"), having its principal place of business at 200 South Biscayne Blvd, Seventh Floor, Miami, Florida 33131. I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify competently thereto.

2.      The Debtor has selected the Firm as its forensic accountant to provide forensic accounting services including, among other things, investigatory accounting services, advice on the accounting or financial aspects of litigation matters, and other services as required.

3.      The Debtor has selected BPB as its forensic account because of the Firm's diverse experience and extensive knowledge in the fields of forensic accounting and bankruptcy.

**EXHIBIT**

"1"

4.      The Debtor needs assistance in collecting and analyzing financial and other information in relation to this Chapter 11 case. The professionals of BPB have considerable experience with rendering such services to committees and other parties in similar type matters. As such, BPB is well-qualified to perform the work required in these cases.

5.      To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, other than in connection with this Chapter 11 case, neither I, nor BPB, nor any of its partners, principals, employees, agents or affiliates, have any connection with the Debtors, their creditors, the United States Trustee, or any other party with an actual or potential interest in this Chapter 11 case, or their respective attorneys or accountants, except as set forth below:

(a)      As described below, BPB has undertaken a detailed search to determine, and to disclose, whether it is providing or has provided, services to any significant creditor, equity security holder, insider or other party-in-interest in such unrelated matters.

(b)      BPB provides services in connection with numerous cases, proceedings and transactions unrelated to this Chapter 11 case. Those unrelated matters involve numerous attorneys, financial advisors and creditors, some of which may be claimants or parties with actual or potential interests in this Chapter 11 case, or may represent such parties.

(c)      BPB's personnel may have business associations with certain creditors of the Debtor unrelated to this Chapter 11 case. In addition, in the ordinary course of its business, BPB may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other interested parties in this Chapter 11 case.

6.      BPB searched its client database to determine whether BPB had any relationships with the following (collectively, the "Interested Parties"):

(a)      the Debtors and their affiliates;

(b)     the Debtors' current members, partners (general and limited), directors and officers (to the extent applicable) and certain of their most significant business affiliations, as provided to BPB by the Debtors;

(c)     the Debtors' largest secured creditors, as provided to BPB by the Debtors;

(d)     each of the Debtor's 20 largest unsecured creditors, as provided to BPB by the Debtors;

(e)     each of the Debtor's creditors and interested parties, as provided to BPB by the Debtors; and

(f)     various other potential parties-in-interest, as identified by the Debtors.

7.     A search of the Firm's client database did not reveal any matters/clients that would impair my or the Firm's disinterestedness or constitutes any conflict of interest:

8.     Based on that search, BPB represents that, to the best of its knowledge, BPB knows of no fact or situation that would represent a conflict of interest for BPB with regard to the Debtors and the proposed retention by the Debtor in this Chapter 11 case.

9.     BPB submits that it holds no adverse interest as to the matters for which it has been employed by the Debtors. BPB submits that there are no simultaneous or prospective engagements existing, including that on behalf of the Debtors, which would constitute a conflict or adverse interest as to the matters for which it has been employed by the Debtors, nor would BPB staff such part-time temporary staff on any future matter that would constitute a conflict or adverse interest to these matters.

10.     BPB consists of advisors and crisis managers providing services and advice specifically in the areas of restructuring and distressed debt. As a result, BPB has represented and may in the future represent certain Interested Parties in matters wholly unrelated to this Chapter 11 case, either individually or as part of representation of a committee of creditors or interest holders.

11.     BPB is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, BPB:

a.     is not a creditor, an equity security holder, or an insider of the Debtors;

b.      is not and was not, within two years before the commencement of these  Chapter 7 cases, a director, officer or employee of the Debtors; and

c.      does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

12.     Despite the efforts described above to identify and disclose BPB's connections with parties in interest in this Chapter 11 case, BPB is unable to state with certainty that every client relationship or other connection has been disclosed. In that regard, if BPB discovers additional information that requires disclosure, BPB will file a supplemental disclosure with the Court.

13.     BPB reserves the right to supplement this Declaration in the event that BPB discovers any facts bearing on matters described in this Declaration regarding BPB's employment by the Debtor.

14.     This concludes my Declaration.

<u>28 U.S.C 1746 Declaration</u>

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 22, 2023.

_____

Joel D. Glick