**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**                    **Case No. 22-15627-EPK**

     Debtor.                                                  Chapter 11/Subchapter 5
_____/

### FVP'S OBJECTION TO DEBTOR'S MOTION(S) TO EMPLOY BERKOWITZ POLLACK BRANT

**COME NOW** the FVP Opportunity Fund III, LP, a Delaware limited partnership, FVP Investments LLC, a Delaware limited liability company, and FVP Servicing, LLC, a Delaware limited liability company (collectively, "FVP" or the "FVP Parties"), and files this objection ("Objection") to the "Debtor's Emergency Application for Employment of Joel Glick ("Glick") and the accounting firm of Berkowitz Pollack Brant ("BPB") as forensic and accounting expert for the Debtor and Debtor-in-Possession, Auto Wholesale of Boca, LLC (the "Debtor") (the "Motion")[1], and states as follows:

1.     The Motion is wrong on several fundamental levels.

2.     First, what is the emergency?  The Debtor's finances have been a central issue in these cases since they were filed, and before.

3.     Second, the Court's standard pre-trial order had deadlines to disclose experts, which expired long ago.

---

[1]     The Motion was filed in the main Bankruptcy Case at CP # 448 (the "Main Case"), and an identical motion was filed in the adversary proceeding (22-01218-EPK) at CP # 281 (the "Adversary").  A copy of this Objection will be filed in the Adversary.

4.      Third, the Motion to Dismiss (CP # 390 the "MTD") was filed a month or so ago and is now set for trial in just another month.  Thus, the Motion (past being prologue) appears to be just another tactic to obfuscate and delay.

5.      Fourth, as FVP has consistently noted, this Main Case (and the Adversary) are being run solely for the benefit of the insiders of the Debtor, not the Debtor itself, or its "creditors".

6.      Fifth, the expense will be enormous, for an expert to start - from scratch - to review all that has gone on in these cases, with little time left on the clock to do so.

7.      Sixth, why does the Debtor even need an expert, it has full access to all those who created the books which we are struggling to understand?

8.      The Motion contains desultory argument for an emergency setting, to which FVP objects.

9.      This Objection is being provided on a hurry up basis hopefully prior to any action by the Court on the Motion.  If and to the extent that the Court is inclined to consider the Motion, FVP asks that it be done in the ordinary course, and that it be given leave to provide a more fulsome opposition.

10.     Last, given the history, it would seem more appropriate to consider this Motion after the Court considers the MTD.

**WHEREFORE**, FVP respectfully requests that this Honorable Court deny the Motion outright, or, consider it in the ordinary course, or, consider it after the MTD if completed, as well as any and all other relief deemed just and proper.

Dated February 24, 2023.

For FVP

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br>By: /s/ David Softness, Esq.<br>David Softness, Esq.<br>Fla. Bar No. 513229 |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>169 E. Flagler St., Ste. 700<br>Miami, FL 33131<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com<br><br>By:      s/ Jonathan Schwartz<br>Jonathan Schwartz, Esq.<br>Fla Bar No: 1014596 | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing via EM/ECF and that same was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: The Subchapter5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com; upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com and jbm@title11law.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; and upon Hi Bar by serving Steven Wells at Steve@wellspc.com, Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com, Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com, David Unseth, Esq. at dmunseth@bclplaw.com, and James Moon, Esq., at Jmoon@melandbudwick.com; upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com, upon Moishe, Lisa and Chase Farache by serving Scott Gherman, Esq. at Sgherman@Scottghermanpa.Com and upon Michael Halperin by serving Phil Landau, Esq. at phil@landaulaw.com.

/ s/ David Softness

David Softness, Esq.