UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 22-15627-EPK
                                                          Chapter 11
                                                          Subchapter V

AUTO WHOLESALE OF BOCA, LLC,

                Debtor.                    /

**DEBTOR'S NOTICE OF TAKING CHAPTER 7 TRUSTEE OF THE ESTATE OF EXCELL
AUTO GROUP, INC. ("EXCELL TRUSTEE") EXAMINATION *(DUCES TECUM)*
PURSUANT TO FRBP 7030**

NOTICE IS HEREBY GIVEN that Debtor Auto Wholesale of Boca, LLC, by and through undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 7030 in regards to that certain *Motion to Dismiss* [ECF No. 403], will conduct an examination, *duces tecum*, of:

EXAMINEE:   **Nicole Testa Mehdipour as Chapter 7 Trustee of the Bankruptcy
            Estate of Excell Auto Group, Inc.**

PLACE:      James Miller, P.A.
            19 West Flagler Street, Suite 416
            Miami, FL 33130

            *Via* Zoom technology (to be provided to attendees before the
            commencement of the Examination

DATE:       **March 16th, 2023 at 10:00 A.M.**

This examination may continue from day to day until completed.  If the Examinee receives this Notice less than seven (7) days prior to the scheduled examination (or less than 10 days if the examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.  The examination is pursuant to FRBP 7030 and applicable Local Rules, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in FBRP 7030.

The Examinee is further requested to produce **on or before March 10th, 2023**, prior to the examination, all of the documents described on the attached Schedule "A".

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of this Notice has been served *via* CM/**ECF Service** this 24th day of February 2023 upon all parties of record with CM/ECF (including Alan Crane, Esq., Nicole Testa Mehdipour) as of the date and time of filing this Notice, and *via* US Mail upon Nicole Testa Mehdipour, Trustee of Excell Auto Group, Inc., 6278 N. Federal Hwy., Suite 408, Ft. Lauderdale, FL 33308.

**<u>CERTIFICATE OF ADMISSION</u>**

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am duly qualified to practice before this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted this 24th day of February 2023.

Debtor's Counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250
jbm@title11law.com

_____/s/_____
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

cc:     Ouellette & Mauldin Court Reporter

## EXHIBIT "A"

### INSTRUCTIONS AND DEFINITIONS

1.  The term "**Debtor**" shall mean the Debtor in Bankruptcy Case No. 22-15627-EPK.

**2.    The terms "Excell Trustee", "Trustee", "You" and "Your" shall mean and refer to the** Chapter 7 Trustee of Excell Auto Group, Inc. in Bankruptcy Case No. 22-12790-EPK, along with said Trustee's representatives, agents, employees, vendors, accountants and attorneys.

3.  Unless otherwise instructed, the **"relevant time period"** for all responsive documents shall be the time period commencing the first date of the filing of the Chapter 7 Bankruptcy Petition by Excell auto Group, inc. through the date of production hereunder.

4.  The term **"Representative"** shall mean any and all agents, employees, servants, officers, directors, accountants, attorneys, or other persons acting or purporting to act on behalf of the Trustee.

5.  The term "**Person(s)**" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency, and every other form of entity cognizable at law.

6.  The term **"Document"** shall mean the original and any copy whether different from the original by reason of any notation made on such copies or otherwise, regardless of the origin or location, of any written, recorded, transcribed, punched, taped, e-mailed, scanned, downloaded, filmed or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, notes, logs, journals, e-mail, reports, letter, memoranda, notes, diaries, statistics, minutes, contracts, studies, checks, statements, receipts, returns, summaries, pamphlets, prospectuses, interoffice and intraoffice telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telecopies, telefax, invoices, worksheets (and all drafts, alterations, modifications or changes to any of the foregoing); graphic and oral record or representations of any kind, including without limitation, photographs, charts, graphs, diagrams, illustrations, drawings, microfiche, microfilm, video tape recordings, motion pictures, electronic, mechanical or electrical records or representations of any kind, including without limitation, tapes, cassettes, discs and recordings.

7.  The term **"All Documents"** shall mean any document as above-defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

8.  The term **"Communication"** shall mean any oral or written utterance, notation or statement of any nature whatsoever, by and to whosoever made, including, but not limited to, correspondence, e-mail, blogs, conversations, dialogues, discussions, interviews, conferences, meetings, consultations, agreements and the understandings between or among two or more people.

9.  The terms **"Identification," "Identify,"** and/or **"Identity,"** when used is reference to (a) a natural individual, require you to state his or her full name and residential and business addresses: (b) a corporation, require you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of businesses, and the addresses of all of its offices in the State of Florida; (c) a business, require you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it

3

conducts those business, and the identity of the person or persons who own, operate, and control the business; (d) a document, require you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication.

10.     The term **"Describe in Detail"** shall mean to recite the information in your possession for each separate and distinct act, instance, occurrence, or communication, including the date, location and identity of each and every person present or involved, and the identity of each and every communication and each and every document which related to the act, instance, occurrence or communication.

11.     The term **"Referring to"** or **"Relating to"** means in any way directly or indirectly, concerning, referring to, disclosing, describing, confirming, supporting, evidencing or representing.

12.     The term **"And"** and **"Or"**, as used herein, are both conjunctive and disjunctive.

13.     All singular words include the plural, and all plural words include the singular.

14.     All works in the present tense include the past, and all works in the past tense include the present.

15.     Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

<u>**CONTINUING REQUEST**</u>

This is a continuing request for the production of documents.  At such time as you become aware of the existence of any additional documents responsive to this Request, you are hereby requested to produce such documents.

<u>**DESTROYED DOCUMENTS**</u>

If any document responsive to this Request was at one time in existence but has been lost or destroyed, a list should be provided of the document(s) so lost or destroyed stating the following information for each such document: (a) the type of document; (b) the date on which it ceased to exist; (c) the circumstances of its loss or destruction, (d) the identity of all persons having knowledge of the reasons for its loss or destruction, and (e) the identity of all persons having knowledge of its contents.

<u>**DOCUMENTS AND INFORMATION TO BE PRODUCED (*DUCES TECUM*)**</u>

1. All analysis and documents regarding your in ECF#403 (the "Motion to Dismiss"), including but not limited to:

    a. "the financial fraud in which the Debtor was engaged"

    b. "the complete absence of any business operations since the filing of the bankruptcy"

    c. "The Debtor, through its principal Moshe Farache, has falsely testified in this Court"

    d. The Debtor has "omitted interests in assets and transfers of assets from the Debtor's schedules and statement of financial affairs"

    e. The Debtor "has taken numerous steps to hide, conceal, and secret the Debtor's assets from the Creditors"

    f. "Debtor's plan is materially incomplete or otherwise insufficient"

    g. Debtor's plan "contains inaccuracies"

    h. The calculation of usurious interest purportedly claimed by Auto Wholesale of Boca *viz-a-viz* Excell Auto Group Inc.

2. All communications, along with any and all documents and information from, to and/or exchanged by and/or between FVP Opportunity Fund III LP, FVP Investments LLC, FVP Servicing LLC (collectively, "FVP") and their representatives, and Excell Auto Group, Inc.'s Trustee and said Trustee's representatives regarding Auto Wholesale of Boca, LLC.

3. All analyses, documents and information provided by B Riley (Excell Trustee's accountant) and its representatives to the Trustee, her agents, attorneys, and representatives regarding Auto Wholesale of Boca, LLC along with any and all communications relating thereto.

4. All analyses, documents and information provided by Richard Grey, Brian Rohl andor Fiske & Company to the Trustee, her agents, attorneys, and representatives regarding Auto Wholesale of Boca, LLC along with any and all communications relating thereto.

5. All documents and information you intend to use at an evidentiary hearing on the Motion to Dismiss [ECF 403].

6. Excluding responses to number 2 above, all text messages, electronic communications and all forms of communication between, from, or on behalf of Scott Zankl, Kristen Zankl, Harry Winderman, FVP (FVP Opportunity Fund III, LP, FVP Servicing LLC and FVP Investments, LLC), Franklin Capital, Spin Capital and/or Hi Bar Capital during the relevant time period.

7. All documents relating to the allegations in the Amended Proof of Claim filed by the

Trustee in the Auto Wholesale of Boca, LLC bankruptcy case, as to "Fraudulent Transfer of Vehicles".

8. All documents relating to the allegations in the Amended Proof of Claim filed by the Trustee in the Auto Wholesale of Boca, LLC bankruptcy case, as to "Civil Theft"

9. All documents reflecting what Excell received in money, money-like, credits, vehicles and any other form of value from Auto Wholesale of Boca, LLC between December 3, 2018 and March 1, 2022.

10. All documents relating to the allegations in the Amended Proof of Claim filed by the Trustee in the Auto Wholesale of Boca, LLC bankruptcy case, as to the "civil rico" claims asserted therein

11. All documents relating to the allegations in the Amended Proof of Claim filed by the Trustee in the Auto Wholesale of Boca, LLC bankruptcy case, as to the calculation of damages set forth therein

12. All documents relating to the allegations in the Amended Proof of Claim filed by the Trustee in the Auto Wholesale of Boca, LLC bankruptcy case, as to "Unjust Enrichment"

13. All documents relating to the allegations in the Amended Proof of Claim filed by the Trustee in the Auto Wholesale of Boca, LLC bankruptcy case, as to "Breach of Contract"

14. All documents relating to the allegations in the Amended Proof of Claim filed by the Trustee in the Auto Wholesale of Boca, LLC bankruptcy case, as to the entitlement to, basis for and calculation of the "administrative and professional fees incurred" as identified in paragraph 28 of said proof of claim.

6