UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,          Case No.: 22-15627-EPK
                                       Chapter 11 / Subchapter V

_____Debtor._____ /

**DEBTOR'S EXPEDITED MOTION PURSUANT TO 11 U.S.C. §364(c) FOR AUTHORIZATION TO ENTER INTO INSURANCE AGREEMENT AND ENTER INTO AND MAKE PAYMENTS UNDER INSURANCE PREMIUM <u>FINANCE AGREEMENT</u>**

**<u>Statement of Exigent Circumstances</u>**

> **The above-captioned Debtor in Possession ("DIP") requests an expedited hearing as the Debtor is compelled by sound business judgment and US Trustee guidelines to maintain insurance on its inventory of high-end automobiles at its premises. DIP's current Auto Dealer policy (#QCA 4AA0005352-15) expires March 13, 2023; and, Debtor has received the attached quote (Ex. "A") with a proposed financing for the same at a reduced sum. The Debtor risks irreparable harm should its insurance policy fail to be renewed, and therefore requests that this Motion be heard as soon as practicable to ensure that the coverage does not lapse and ensure timely payments thereunder. Additionally, the Debtor respectfully requests that the Court waive the provisions of Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which require an affirmative statement that a *bona fide* effort was made to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.**

Debtor-in-Possession, Auto Wholesale of Boca LLC ("<u>AWB</u>" or the "<u>Debtor</u>"), by and through proposed undersigned counsel, moves the Court for entry of an order, pursuant to section 364(c) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), requests the entry of an order authorizing the Debtor to enter into an insurance premium financing agreement with Stonemark Royal Premium Budget Inc. and/or Royal Premium Budget for the

financing of a portion of the premiums required to enter into the contract of insurance with Amguard Insurance as identified on the attached Exhibit "A" (the "Motion"). In support of this Motion, the Debtor relies upon the *Verified Chapter 11 Case Management Summary* (the "Case Management Summary"), and respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This is a core proceeding as defined in 28 U.S.C. § 157(b).

## BACKGROUND

3.     On July 22, 2022, the Debtor commenced this Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Subchapter V [ECF# 1] (the "Petition Date").

4.     No trustee (other than the Sub Chapter V trustee), examiner, or statutory committee has been appointed in this Case.

5.     The Debtor is a small business debtor as defined in section 101(51D) of the Bankruptcy Code and is managing its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     For additional background facts on the Debtor, including an overview of the Debtor's business, its liabilities, and the events precipitating its Chapter 11 filing, the Debtor respectfully refers the Court and parties in interest to the Case Management Summary.

7.     Debtor is a duly-licensed and authorized Automobile Dealer in the State of Florida, and buys and sells high-end luxury automobiles.

8. The Debtor is located in Boca Raton, Florida and maintains its operations at two (2) locations, one warehouse (5471 N. Dixie Hwy, Boca Raton, FL 33487) and one office (6560 West Rogers Circle, Suite B27, Boca Raton, FL 33487).

9. As of the Petition date, Debtor had a physical inventory (owned automobiles) of nineteen (19) high-end luxury automobiles.

10. Subsequently, *via* various orders of this Court, the Debtor has relinquished possession of some of the original petition-date inventory [*see* ECF No. 73 (2020 Lamborghini Urus, VINZPBUA1ZLXLLA06529 – Eric Dore) and ECF No. 131 (2020 Black 812 Superfast Ferrari, VIN ZFF83CLA1L0254693 – Arby Lipman)] and now maintains an inventory of 17 automobiles in its possession as of even date.

## RELIEF REQUESTED

11. Previously, on May 17th, 2022, the Debtor entered into an insurance premium financing agreement with Stonemark, Royal Premium Budget Inc. and Royal Premium Budget Inc. (collectively "Royal Premium") in order to finance the premium payments on certain insurance policies that the Debtor maintained:

| Policy# | Type | Annual Premium Due | Expires | Insurance Company |
|---|---|---|---|---|
| TBD93470512 GP8526496 | Comm'l Auto, Garage, Bus Auto, Prop, Crime Inland Marine | $48,676.95 | 05/13/2023 | Colony Insurance Company |
| QCA 4AA0005352-15 | Auto Dealer | $13,269.90 | 03/13/2023 | Berkley Specialty Insurance Company |

(collectively, the "Insurance Policies").

8. All premiums are current.

9.      The Debtor sought this Court's approval to enter into the premium finance agreements for the Insurance Policies [*see* ECF No. 6], and the Court granted such relief [*see* ECF No. 59].

10.     The Berkley Specialty Insurance Company Policy ("Berkley") under Policy Number **QCA 4AA0005352-15** (the "Berkley Auto Dealer Policy") expires effective March 13, 2023; and, Debtor is in need of obtaining a new policy to replace the Berkley Auto Dealer Policy.

11.     Debtor has obtained the insurance quote (attached hereto as Exhibit "A") from its insurance agent (Ewing Insurance Services of 14312 Home Trail, Roanoke, TX 76262) wherein Amguard Insurance ("Amguard") would be providing the same or similar coverage as previously provided by Berkely at the reduced annual sum of $11,911.00 ("Amguard Policy") -- reduced from the prior Berkely premium of $13,269.90.

12.     The proposed financing of the Amguard Policy would require an initial payment of $3,730.80 ("Initial Payment") followed by ten (10) equal monthly payments of $1,104.05 ("Monthly Payments") by way of financing the same through Royal Premium.   See Exhibit "B" hereto, a true and correct copy of the proposed Financing Agreement

13.     The Debtor is unable to obtain unsecured credit as an administrative expense under Section 503(b)(1) to obtain the Insurance Policies. Therefore, the Debtor seeks authority to enter into the premium finance agreement (Exhibit "B") to finance the premium required for the Amguard Policy out of proceeds on-hand or otherwise earned during post-petition operations; and, granting a secured interest in the assets of the Debtor for purposes of the payments under the finance agreements pursuant to 11 USC Sect. 364(c)(2).

## BASIS FOR RELIEF AND POST-PETITION FINANCING UNDER 11 U.S.C. §364(C)

14. In the ordinary course of their businesses, the Debtor must maintain various insurance policies, including the Insurance Policies. Although the Debtor has sufficient funds on hand to pay the premium in full, it is wiser, under Debtor's business judgment, for the Debtor finance its policy at this time.

15. Royal Premium is extending financing in good faith within the meaning of 11 U.S.C. §364(c), and as such, the Debtor seeks to enter into the finance agreement with Royal Premium and issue the Initial Payment and subsequent Monthly Payments required to maintain the Amguard Insurance.

16. The insurance coverage identified in the Amguard Policy is necessary and crucial to the operation of the Debtor's business. The relief sought herein is, therefore, in the best interests of the estate and its creditors, as it protects potential lapse of a critical policy of insurance.

**WHEREFORE**, the Debtor respectfully requests that the Court, after a hearing, (a) grant this Motion, (b) enter an order authorizing the Debtor to enter into the finance agreement with Royal Premium as secured debt under Section 364(c)(2), (c) enter into the Amguard Policy, (d) timely pay the Initial Payment and all subsequent Monthly Payments, (e) with Debtor assigning, as security, to Royal Premium any loss payments under the Amguard Policy which reduce the unearned premiums, with Royal Premium's lien and security interest in such loss payments being senior to the rights of the Debtor's Estate in this or any subsequent proceeding under the Bankruptcy Code and deeming said lien interest of Royal Premium duly-

perfected without further action by Royal Premium,  (f) that upon any default by Debtor in payment, after ten (10) days notice with right to cure, Royal Premium may then cancel the Amguard Policy and apply the unearned premium or returned premium and dividend or any loss payments which reduce the unearned premium, (g) direct Debtor to, within one (1) business day notice of default under the finance agreement file a notice of default with the Court and email a copy of said notice to the Office of the United States Trustee, (h) rule that the order arising out of this Motion effective immediately upon entry, and (i) grant such other and further relief as is just and proper.

Respectfully submitted on March 3rd, 2023.

JAMES B. MILLER, P.A.
***Counsel for Debtor-in-Possession***
19 West Flagler St., Suite 416
Miami, Florida 33130
T. 305.374.0200
F.  305.374.0250
EMAIL: BKCMIAMI@GMAIL.COM

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164

### CERTIFCATE OF SERVICE

Notice of this Motion (with Exhibits "A" and "B") has been given by CM/ECF electronic notice upon all parties entitled to receive electronic notices and *via* US Mail upon Royal Premium at 8501 Wade Blvd., Suite 620, Frisco, TX 75034, and Ewing Insurance Services, 14312 Home Trail, Roanoke, TX 76262.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164