UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627
                                                Chapter 11
          Debtor.                               Subchapter V

_____ /

**DEBTOR'S EMERGENCY APPLICATION FOR (I) APPROVAL, ON AN INTERIM
AND FINAL BASIS, FOR EMPLOYMENT OF JONATHAN S. FELDMAN AND
PHANG & FELDMAN, P.A. AS SPECIAL LITIGATION COUNSEL FOR THE
DEBTOR-IN-POSSESSION, EFFECTIVE AS OF MARCH 3, 2023 AND
APPROVAL OF CONTINGENCY FEE AGREEMENT**

**Statement of Exigent Circumstances**

> **The above-captioned Debtor in Possession requests an emergency hearing (preferably on March 8th, 2023 – when other hearings are currently scheduled) pursuant to Bankruptcy Rule 6003 in this matter as soon as possible as the first part of a two-part trial in the FVP Adversary Proceeding (#22-01218-EPK) is currently proposed to commence the week of March 13, 2023, per the Pretrial Order therein.**

AUTO WHOLESALE OF BOCA, LLC, (the "Debtor"), requests entry of an order of the Court (i) authorizing the employment of Jonathan S. Feldman and the law firm of Phang & Feldman, P.A. (collectively, "Applicant") pursuant to 11 U.S.C. §§ 327€ and 328(a) as special litigation counsel to the Debtor in Adversary Case No. 22-1218 (the "Application"). In support thereof, the Debtor states as follows:

**JURISDICTION**

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.       This is a core proceeding as defined in 28 U.S.C. §§157(b)(2)(A).

## BACKGROUND

4.     On July 22, 2022, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code (the "Petition Date").  The Debtor is managing its affairs as a debtor-in-possession.

5.     No trustee (other than a Subchapter V Trustee), examiner, or statutory committee has been appointed in this Case.

6.     Debtor is a duly-licensed automobile dealer, which buys and sells high-end luxury automobiles.  The Debtor is located in Boca Raton, Florida, with leased premises for both a main business office and an air-conditioned warehouse – which currently houses on the property nineteen high-end luxury automobiles.

7.     The Debtor is a party to a multi-party adversary commenced by FVP Opportunity Fund III, LP, Adv. Case No. 22-1218 ("Adversary Case").

8.     As set forth in the operative pleading and answers thereto, FVP asserts that certain vehicles in the possession of the Debtor are not property of the estate, but even if considered property of the estate, are subject to significant liens in its favor.

9.     Other parties in the Adversary Case are similarly contesting the Debtor's interest in its vehicle inventory and their entitlement to liens in the event the vehicle inventory is deemed to be property of the Debtor's bankruptcy estate.

## RELIEF REQUESTED

8.     The Debtor desires to employ Applicant as its special litigation counsel in the Adversary Case on a contingency basis.

9.     The Debtor believes that Applicant is qualified to practice in this Court and is qualified to represent the Debtor in the Adversary Case.  Specifically, Applicant has meaningful trial experience and bankruptcy background to assist the Debtor in the Adversary Case.

10.     The Debtor seeks to retain Applicant on a contingency basis pursuant to 11 U.S.C. § 328(a).  Specifically, Debtor proposes that Applicant be paid 10% (ten-percent) of the gross sales proceeds realized from the sale of any vehicle that is determined to be property of the Debtor and not subject to any lien interest asserted by any party in the Adversary Case.

11.     Except as disclosed in the Affidavit of Jonathan S. Feldman, to the best of the Debtor's knowledge, Applicant does not hold or represent any interest adverse to the estate, and

the Debtor believes that the employment of Applicant would be in the best interests of the Estate. Applicant does not represent any interest adverse to the Debtor.  Attached as **Exhibit "A"** to this Application is the Affidavit of Jonathan S. Feldman, which demonstrates that Applicant is disinterested as required by 11 U.S.C. § 327(a) & (e).

15.     Successful resolution of the Adversary Case is critical to the Debtor's ability to successfully reorganize.  Retention of Applicant is thus warranted.

**WHEREFORE**, the Debtor requests an order authorizing retention of Applicant and approval of the contingency fee.

Submitted on March 6, 2023.

> JAMES B. MILLER, P.A.
> *Counsel for Debtor-in-Possession*
> 19 West Flagler St., Suite 416
> Miami, Florida 33130
> T. 305.374.0200
> F.  305.374.0250
> EMAIL: BKCMIAMI@GMAIL.COM
>
> _____/s/_____
> JAMES B. MILLER, ESQ.
> Fla. Bar No. 0009164

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing (with attached Affidavit) was served *via* transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and *via* US Mail upon Debtor, the Office of the United States Trustee and Jonathan Feldman, Esq. this 6th day of March, 2023.

> ____/s/_____
> JAMES B. MILLER, ESQ.
> Fla. Bar No. 0009164