

**ORDERED in the Southern District of Florida on March 8, 2023.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK
                                                                         Chapter 11/Subchapter V

⎯⎯⎯⎯⎯⎯⎯Debtor.⎯⎯⎯⎯⎯⎯⎯⎯ /

**ORDER GRANTING**
**DEBTOR'S EXPEDITED MOTION PURSUANT TO 11 U.S.C. §364(c) FOR**
**AUTHORIZATION TO ENTER INTO INSURANCE AGREEMENT AND**
**ENTER INTO AND MAKE PAYMENTS UNDER INSURANCE PREMIUM**
**<u>FINANCE AGREEMENT</u>**

This matter came on before the Court on March 8th, 2023 at 9:30 a.m., for

hearing on the Debtor's-in-Possession, Auto Wholesale of Boca LLC ("<u>AWB</u>" or the

"<u>Debtor</u>"), ***Expedited Motion Pursuant to 11 U.S.C. §364(c) For Authorization***

***to Enter Into Insurance Agreement And Enter Into And Make Payments***

***Under Insurance Premium Finance Agreement*** [ECF No. 477] (the "**Motion**"), and the Court, having considered the **Motion**, and attachments thereto, heard argument of counsel, having found that the relief requested in the **Motion** is in the best interests of the Debtor, its Estate and its creditors, that proper and adequate notice of the **Motion** and instant Hearing thereon has been given and that no other or further notice of hearing on the **Motion** is necessary, and based upon the record, having found good cause shown, does hereby

**ORDER** and **ADJUDGE** that:

1.  The **Motion** [ECF No. 477] is **GRANTED**.

2.  The Debtor is authorized to enter the proposed insurance agreement (Exhibit "A" to the **Motion**) with Amguard Insurance and enter into the proposed Finance Agreement (attached as Exhibit "B" to the **Motion**) with Stonemark, Royal Premium ("Royal Premium"), and is authorized to make all required payments due under the Finance Agreement with Royal Premium, as set forth in the **Motion**.

3.  The Debtor is further authorized to enter into an agreement with Royal Premium to finance the premiums required for the Insurance Policy (as set forth in the **Motion**) as secured debt under Section 364(c)(2), as of the Petition Date.

4.  Royal Premium shall have a first-priority lien and security interest in all unearned or return premiums and dividends which may become payable under the policies identified in the Agreements. Royal Premium's lien and

security interest in such premiums and dividends shall be senior to the rights of the Debtor's Estate in this or any subsequent proceeding under the Bankruptcy Code and to the rights of any person claiming a lien or security interest in any assets of the Debtor.

5. The Debtor assigns to Royal Premium, as security, any loss payments under the policies which reduce the unearned premiums. Royal Premium's lien and security interest in such loss payments shall be senior to the rights of the Debtor's Estate in this or any subsequent proceeding under the Bankruptcy Code, but shall be subject to the interest of any mortgagees or other payees.

6. The liens and security interests of Royal Premium shall be deemed duly perfected without further action by Royal Premium.

7. In the event of default by the Debtor in making the monthly payments due under the Agreements, but subject to a ten (10) day notice with a right to cure period, Royal Premium may then cancel the insurance policies identified in the Agreements and apply to the Debtor's account the unearned or returned premiums and dividends and, subject to the rights of mortgagees or other loss payees, any loss payments which reduce the unearned premiums.

8. Within one (1) business day of an event of default under the finance agreements with Royal Premium, the Debtor shall file a notice of default

with the Court and shall email a copy of the notice of default to the United States Trustee's office.

9.  This *Order* shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this *Order* in accordance with the **Motion**.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this *Order*, as well as over the relief granted in this *Order*.

###

Submitted by:
JAMES B. MILLER, P.A.
***Counsel for Debtor-in-Possession***
19 West Flagler St., Suite 416
Miami, FL 33130
Tel. (305) 374-0200
Fax. (305) 374-0350
Email: bkcmiami@gmail.com

(Attorney **James B. Miller** is directed to serve a copy of this *Order* upon those parties-in-interest not receiving a copy *via* CM/ECF, within the timeframe established by Local Rule 5005-1 (G)(1)(c), and to file a certificate of service conforming with the requirements of Local Rule 2002-1(f))