UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                   Case No.: 22- 15627-EPK
                                                               Chapter 11 Subchapter V

                Debtor-in-Possession.          /

**DEBTOR'S *EX PARTE* MOTION TO
SHORTEN TIME FOR INTERROGATORY RESPONSES**

COMES NOW, Auto Wholesale of Boca, LLC ("Debtor"), by and through undersigned counsel, and hereby files and serves the instant *Debtor's Ex Parte Motion To Shorten Time For Interrogatory Responses* and states the folloing in support thereof:

1.  The Debtor is a "Debtor-in-Possession" under Title 11, Subchapter V, of the United States Code by virtue of having filed its *Petition* [Parent ECF #1] on July 22nd, 2022, seeking to reorganize itself under the Bankruptcy Code.

2.  On January 31, 2023, FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (collectively, "FVP") filed their Motion To Dismiss Or Convert To Chapter 7 [ECF No. 390] (the "FVP Motion"); and, on February 6th, 2023, the Chapter 7 Trustee (Nicole Testa Mehdipour) of the Bankruptcy Estate of Excell Auto Group, Inc ("EAG Trustee") filed a separate Motion to Dismiss or Convert [ECF No.403] (the "EAG Motion") this case.

3.  The Court has entered an order setting an evidentiary hearing on the FVP Motion and the EAG Motion for March 27-28, 2023 ("Hearing Dates"). *See* ECF No. 439.

4.  After the Court's hearings in this matter, (and the related adversary proceedings), on Wednesday, March 8th, 2023, the Debtor requested of both the FVP Counsel and the EAG counsel the names and availability of witnesses both FVP and the EAG Trustee intended to call for the evidentiary hearings on the dismissal motions [ECF No's 390 and 403]. *See* Exhibit "1" hereto, true and correct copies of the emails to the respective counsels.

5.  Having heard nothing from either FVP nor the EAG Trustee's counsel, the undersigned drafted and served limited (numbered 1 through 5) interrogatories (attached as "Composite Exhibit "2" hereto [ECF No.'s 491 and 492]) to both the FVP and EAG Trustee to obtain information of the proposed fact witnesses and any expert witnesses (if any), the substance of their testimony and basis for the same.

6.  The undersigned thereupon served the interrogatories *via* email upon the respective counsels (FVP and EAG Trustee) and requested if they (FVP and EAG Trustee) could agree to respond to the interrogatories by this coming Monday (March 13th, 2023). Such response deadline would allow Debtor to timely notice the depositions, if any, of these witnesses.

7.  However, as of even date and time of the filing of this Motion, EAG Trustee's counsel(s) have yet to respond; and, FVP's counsel has issued a short response that they will not agree, without providing a proposed agreed date to respond. *See* Exhibit "3", a composite exhibit of the emails to respective counsel, and the response by FVP's counsel.

8.  It is imperative that Debtor obtain the requested information to be able to prepare for the hearing; and I assumed that at the time of the filing of the respective motions to dismiss, that said movants had already identified their likely witnesses.

9.  Therefore, it is requested that the Court shorten the time for response to the interrogatories, which number five in total, and direct the responses to be served by FVP and the EAG Trustee by no later than Monday, March 13th, 2023.[1]

10. Fed. R. Bankr. P. 9006(c) authorizes the Court to shorten the time for response to a discovery request. Local Rule 9013-1(C)(7) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida provides that the

---

[1] In the interim, the Debtor has obtained confirmation from the respective counsels for Franklin Capital, Hi Bar Capital, Karma of Palm Beach and Karma of Broward that they will not be tendering witnesses nor evidence at the hearing on the motions to dismiss (although they may "participate"), and the Debtor will therefore not need to depose them nor obtain discovery from them.

Court may enter an order shortening the time to respond to discovery without a hearing.  No party in interest will be prejudiced by the granting of this request.

WHEREFORE, DEBTOR requests entry of an order, substantially in the form submitted herewith, reducing the response time, and for such other and further relief this Court deems equitable and just.

I HEREBY CERTIFY THAT I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am in compliance with the additional qualifications as set forth in Local Rule 2090-1(A).

By: ___/s/James B. Miller_____
Debtor's counsel
James Miller, Esquire
Fla. Bar No. 0009164

416 Biscayne Building
19 West Flagler Street
Miami, FL 33130
Tel. 305-374-0200
email: jbm@title11law.com

I HEREBY CERTIFY that a true and correct copy of this Motion and proposed order  were served this 9th day of March, 202 *via* email, in pdf format, upon: David Softness, Esq. (david@softnesslaw.com), Jerrell A. Breslin, Esq. (jb@richardbaronlaw.com), Jason Rigoli, Esq. (jrigoli@furrcohen.com), Alan Crane, Esq. (acrane@furrcohen.com) and those of record with CM/.ECF as of the date of the filing of this Motion.

Dated: March 9th, 2023.

By: ___/s/James B. Miller_____
James Miller, Esquire
Fla. Bar No. 0009164