**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**       Case No.: 22-15627-EPK

     Debtor.
_____/

**NOTICE OF SUBPOENA**

**SUBPOENA TO APPEAR AT EVIDENTIARY HEARING**

     **COME NOW**, the Claimants  and Adversary Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively "FVP") and hereby give notice of the issuance of Subpoenas pursuant to Local Rule 2004-1(D) (attached hereto and incorporated herein as Exhibit A Composite).

     Dated: March 27, 2023

**For the FVP Plaintiffs**

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail:  JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.        E-mails:jschwartz@jonschwartzlaw.com
Florida Bar No. 1014596                    JNSEsquire@gmail.com
Jonathan Schwartz Law PLLC
169 East Flagler Street, #700
Miami, Florida 33131
Tel.: (973) 936-2176

David Softness, Esq.  
David R. Softness, P.A.  
201 S. Biscayne Blvd., Ste 2740  
Miami, Florida 33131  
Phone: (305) 341-3111

E-mail:     david@softnesslaw.com

By:   s/ Jerrell Breslin  
Jerrell Breslin, Esq.  
Florida Bar No. 269573

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon:

- **Eyal Berger**, eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Patrick R Dorsey** pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
- **Scott C Gherman** sgherman@scottghermanpa.com
- **Amanda Klopp** amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Linda Marie Leali** trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net
- **James B Miller** bkcmiami@gmail.com
- **James C. Moon** jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Eric S Pendergraft** ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Ezequiel Joseph Romero** romeroe@bryancave.com, zeke.romero30@gmail.com
- **Bradley S Shraiberg** bss@slp.law,

dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

- **David R. Softness** david@softnesslaw.com

- **David M Unseth** dmunseth@bclplaw.com

- **Harry Winderman** harry4334@hotmail.com,
  lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

- **Brett Marks**, Esq., at brett.marks@akerman.com,

- **Jarret P. Hitchings**, Esq., at jarret.hitchings@bclplaw.com

/ s/ Jerrell Breslin
Jerrell Breslin, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**        Case No.: 22-15627-EPK

      Debtor.

_____/

### SUBPOENA TO APPEAR AND TESTIFY AT A HEARING
### OR TRIAL IN A CIVIL ACTION

**To:**  Nicole Testa Mehdipour
     Law Office of Nicole Testa Mehdipour, PA
     c/o Alan Crane, Esq.
     Alan R. Crane
     Attorney At Law
     Furr Cohen
     2255 Glades Road, Suite 419A
     Boca Raton, Florida 33431

YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. Time and Place.

**FVP's Motion to Dismiss or Convert to Chapter 7 [ECF No. 390] and Nicole Testa Mehdipour's Expedited (I) Motion to Convert to a Case under Chapter 7, or, in the Alternative, Motion to Dismiss [ECF No. 403] March 27 and 28, 2023 commencing at 9:30 a.m. on each day. The hearing will be held at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.**

The following provisions of Fed. R. Civ. P. 45 made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: March 27, 2023.

CLERK OF COURT

Signature of Clerk or Deputy Clerk

OR

Attorney's Signature as follows:

**s/ Jerrell Breslin**,

The name, address, email address, and telephone number of the attorney representing the adversary Plaintiffs who issues or requests this subpoena, are:

<u>Notice to the person who issues or requests this subpoena</u>

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Dated: March 26, 2023

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 763-8708
E-mail: david@softnesslaw.com

Jerrell Breslin, Esq.
Baron, Breslin & Sarmiento
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail: JB@RichardBaronLaw.com
          EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111, Doral, FL
E-mail: jschwartz@jonschwartzlaw.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)