UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                    Case No.  22-15627-EPK
                                                          Chapter 11
AUTO WHOLESALE OF BOCA, LLC

        Debtor.

_____/

**<u>EMERGENCY MOTION TO QUASH SUBPOENAS [ECF NO. 555 AND 556]</u>**

**Exigent Circumstances**

**The Evidentiary Hearing in which Mr. Barbee has been subpoenaed to testify is currently on-going. The attempted service was made late in the day on March 27, 2023 and the second day of the Evidentiary Hearing is March 28, 2023. Accordingly, the Excell Trustee requests that this Honorable Court hear this motion today or March 28, 2023, prior to the 9:30 a.m. hearing start time.**

Nicole Testa Mehdipour (the "***Excell Trustee***"), chapter 7 trustee for the bankruptcy estate of Excell Auto Group, Inc. and creditor in this bankruptcy case, by and through undersigned counsel, files this motion to quash (the "**Motion**") to the *Subpoena*s *to Appear and Testify at Trial* [ECF Nos. 555 and 556] filed by the FVP Parties, and states:

1.      A process server attempted to serve Mr. Barbee through Mr. Barbee's wife.  It is unclear at this moment whether service has been made at all and there is a split of authority on whether substitute service is proper under Fed. R. Civ. P. 45. However, in an abundance of caution the Excell Trustee is filing this Motion.

1

2.      The FVP Parties are seeking to have Mr. Barbee testify as an unretained expert witness.

3.      Fed. R. Civ. P. 45(d)(3)(A)(i) requires that the Court quash the Subpoenas because the subpoenas "fail[] to allow reasonable time to comply."

4.      Fed. R. Civ. P. 45(d)(3)(B)(ii)[1], quashing or modifying a subpoena, sets forth the following:

> To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> ***
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(B)(ii).

5.      "When considering whether a subpoena impermissibly seeks expert testimony, a court should examine whether the subpoena is designed to take the deponent's intellectual property without compensation. See Fed. R. Civ. P. 45(c)(3)(B)(ii) advisory committee's note ("[C]ompulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services."). If it does, the court may quash the subpoena. Fed. R. Civ. P. 45(d)(3)(B)(ii)." *In re Arkansas Safe Foods Patent Infringement Litig.*, Misc. No. 3:22-mc-3993-ECM-SMD, 2022 U.S. Dist. LEXIS 221551 at *4-5; 2022 WL 18110012 (M.D. Ala., Dec. 8, 2022).

---

[1] Made applicable to this proceeding by Rules 7001, 7002, and 9016 of the Federal Rules of Bankruptcy Procedure.

6.      The Rule seeks to "provide[] appropriate protection for the intellectual property of the ***non-party*** witness" in light of "[a] growing problem [of] the use of ***subpoenas*** to compel the giving of evidence and information by unretained ***experts***." *Fed. R. Civ. P. 45(c)(3)(B)(ii)* [sic] advisory note. The decision to quash a ***subpoena*** as improperly seeking ***expert*** testimony "should be informed by the degree to which the ***expert*** is being called because of his knowledge of the facts relevant to the case rather than in order to give opinion testimony." *Id.*

7.      Mr. Barbee was retained by Nicole Testa Mehdipour (the "**Excell Trustee**"), Chapter 7 trustee of the Excell Auto Group, Inc. estate.  Mr. Barbee has not been retained by the FVP Parties.

8.      Mr. Barbee is a retained professional for the Excell Auto Group, Inc. estate.  Mr. Barbee has not done an analysis as to whether the Excell Auto Group, Inc. has potential claims against the FVP Parties.  Mr. Barbee is concerned that being retained by the FVP Parties could cause Mr. Barbee to no longer being disinterested.

9.      Further, the Excell Trustee is no longer a party to the contested matter in which the subpoenas were issued.  The Excell Auto Group Inc. estate would not be in a position to compensate Mr. Barbee for his appearance and providing of expert testimony on behalf of the FVP Parties where the Excell Trustee is no longer a party in interest.

10.     Accordingly, the Excell Trustee requests that this Court enter an order quashing the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(B)(ii).

**WHEREFORE**, Excell Trustee, respectfully requests that this Honorable Court enter an order: (i) granting this Motion; (ii) quashing the Subpoenas of Alan Barbee issued by the FVP Parties; and (v) granting such other an further relief as this Court deems just and proper.

Respectfully submitted this 27th day of March 2023.

FURR AND COHEN, P.A.
*Special Counsel to the Excell Trustee*
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
(561) 395-0500
(561) 338-7532 - facsimile

By */s/ Jason S. Rigoli*
    Alan R. Crane, Esq.
    Florida Bar No. 963836
    E-mail: acrane@furrcohen.com
    Jason S. Rigoli, Esq.
    Florida Bar No. 91990
    E-mail:  jrigoli@furrcohen.com