

**ORDERED in the Southern District of Florida on May 1, 2023.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                             **Case No. 22-15627-EPK**
                                                                       **Chapter 11**

**AUTO WHOLESALE OF BOCA, LLC,**

      Debtor.

_____/

**ORDER CONVERTING CASE UNDER CHAPTER 11**
**TO CASE UNDER CHAPTER 7**

This matter came before the Court for evidentiary hearing on March 27 and 28, 2023 and for closing arguments on May 1, 2023 upon *FVP's Motion to Dismiss or Convert to Chapter 7* [ECF No. 390] and the *Joinder to Motions to Dismiss or Convert Case* [ECF No. 428] filed by Franklin Capital Funding, LLC.  For the reasons stated on the record at the May 1, 2023 hearing, it is ORDERED and ADJUDGED as follows:

    1.    *FVP's Motion to Dismiss or Convert to Chapter 7* [ECF No. 390] and the *Joinder to Motions to Dismiss or Convert Case* [ECF No. 428] filed by Franklin Capital Funding, LLC are GRANTED.

    2.    This chapter 11 case is converted to a case under chapter 7.

3. If applicable, the debtor shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the debtor). Failure to pay this fee may result in sanctions.

4. The debtor shall:

a. Forthwith turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

b. Within 30 days of the date of this order, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

c. File, within 14 days of the date of this order, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B). The debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

d. File, within 14 days of the date of this order, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B).

5. Pursuant to Local Rule 2016-1(C)(2), the debtor's attorney, any examiner or trustee appointed by the court, or any other professional person employed under 11 U.S.C. §327 or 1103 shall, file within 90 days after the date of the post-conversion meeting, an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which has not been approved by a prior award. Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee. The attorney for the debtor in possession, or

the chapter 11 trustee (if one was appointed) shall notify all such professionals of this deadline by serving them with a copy of this order.

6. The debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

7. Failure of the debtor to comply with the provisions of this order may result in sanctions.

###

Copy to:
All interested parties