**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                                        CASE NO.:  22-15627-EPK
                                                                                      Chapter 7

**AUTO WHOLESALE OF BOCA, LLC,**

      **Debtor.**

_____/

### *EXPEDITED* MOTION FOR ENTRY OF AN ORDER:

(A)    **AUTHORIZING THE SALE BY AUCTION OF ALL VEHICLES IN THE ESTATE'S POSSESSION, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f)(4);**

(B)    **APPROVING ONLINE AUCTION, BIDDING PROCEDURES, AND SALE PROCESS;**

(C)    **APPROVING FORM AND MANNER OF NOTICES;**

(D)    **APPROVING TRUSTEE'S RETENTION OF AUCTION AMERICA, INC., AS AUCTIONEER;**

(E)    **SHORTENING THE NOTICE PERIOD REQUIRED FOR GIVING NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST OF A SALE OF PROPERTY;**

(F)    **APPROVING OF A MINIMUM AMOUNT TO BE RECEIVED BY THE ESTATE CONSISTING OF A SURCHARGE TO THE ESTATE PURSUANT TO 11 U.S.C. §506(c), IN THE EVENT THE COURT FINDS THE ESTATE HAS NO INTEREST OR EQUITY IN THE VEHICLES;**

    **OR**

(G)    **IF THIS COURT DOES NOT PERMIT THE TRUSTEE'S SALE OF THE VEHICLES, PERMITTING THE IMMEDIATE ABANDONMENT OF THE VEHICLES AND REJECTION OF THE WAREHOUSE LEASE;**

    **AND**

(H)    **GRANTING RELATED RELIEF.**

**(Hearing on this Motion Requested as soon as this Court
is available, or on May 11, 2023, or May 16, 2023)**

**The Trustee seeks a hearing on the Motion as soon as this Court is available. The Trustee moves on an expedited basis because the Debtor's insurance on the subject vehicles expires on May 13, 2023 and the Trustee is advised that the Debtor's existing insurance carrier will not insure a chapter 7 estate. The Trustee is also advised that any renewal or replacement insurance will cost tens of thousands of dollars. The Trustee is currently working with multiple insurance agents in an effort to obtain insurance on the Vehicles, however, has not yet been successful. As such, the estate's continued possession of the vehicles is costly, and poses a significant risk of the loss in value to the estate if the sale process proposed herein is not approved. Alternatively, if the sale process proposed herein is not approved, the Trustee seeks to abandon the vehicles and the Warehouse lease effective immediately.**

**Because the administrative expenses associated with this Chapter 7 case are quickly eroding the estate's cash and rendering the maintenance of the estate's property more difficult, the Trustee requests an expedited hearing on this matter as soon as the Court is available. There are, however, too many parties in these cases, and too much dissent among the alleged lienholders or those asserting ownership, to gain universal consent to the relief requested herein. Accordingly, the Trustee requests that the Court waive the requirements of Local Rule 9075-1.**

Michael R. Bakst, the duly appointed, authorized, qualified and acting Chapter 7 Trustee (the "**Trustee**", or "**Seller**") for the Debtor, Auto Wholesale of Boca, LLC ("**AWB**" or the "**Debtor**"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105 and 363, Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 and Local Rule 2002-1, 6004-1, 6006-1 and 9014-1, moves the Court ("**Motion**") for the entry of an order granting the relief described in the title of this Motion. In support of the Motion, the Trustee states as follows:

I.      **INTRODUCTION AND REQUEST FOR EXPEDITED HEARING**

In order to maximize the value of the Debtor's assets for this estate and its creditors, the Trustee seeks to sell all of the vehicles in the Debtor's possession, as listed on the attached Exhibit "A" (the "**Vehicles**"), pursuant to separate auctions of each to be conducted online at

2bid4stuff.com thoughout the month of May with bidding to close May 30, 2023 at 6:00 p.m.. The Trustee believes that a public auction of each individual Vehicle will yield the highest and best offers for the estate and creditors. Concurrently with the filing of this Motion, the Trustee seeks to employ Auction America, Inc. (the "Auctioneer"), as auctioneer to auction the Vehicles online through its website 2bid4stuff.com pursuant to the bidding procedures and sale process described below and within Auctioneer's policies and procedures and the Auction and Marketing Agreement attached hereto as Exhibit "B" (the "Agreement").

The sale will be "as-is," "where-is," "what is", without any warranties of any kind, free and clear of all liens, claims, encumbrances and interests. Expedited attention to this matter is necessary to permit the Trustee to promptly sell the Vehicles and/or to reduce the administrative expenses associated with their continued maintenance in Chapter 7. Further, the auction will also permit the Trustee to keep administrative expenses such as insurance and administrative rent to a minimum. The Trustee seeks to close on the transactions contemplated by this Motion within ten (10) days after the conclusion of the auction. To meet these target dates, and to avoid tens of thousands of dollars in administrative carrying costs in the event that the Court does not approve of the Trustee's sale of the Vehicles (in which case the Vehicles must be abandoned immediately), the Trustee respectfully requests a hearing on this motion **as soon as this Court is available** so as to expeditiously initiate the sale process contemplated herein.

**II.      JURISDICTION, VENUE AND STATUTORY AND PROCEDURAL BASIS**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the requested relief are sections 105(a), 363(b), (f), (k), and (m), and 365(a) of the Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. ("**Bankruptcy Code**"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy

Procedure ("**Fed. R. Bankr. P.**"), and Local Rules 2002-1, 6004-1, 6006-1 and 9014-1.

### III.       BACKGROUND

#### A.       The Debtor's Business and Bankruptcy Filing

2.       On July 22, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter Subchapter V of Chapter 11 of the Bankruptcy Code.  Auto Wholesale of Boca, LLC, is a Florida limited liability company with its principal address located at 6560 West Rogers Circle, Suite B27, Boca Raton, Florida.

3.       On May 1, 2023, the Court entered its *Order Converting Case Under Chapter 11 to Case Under Chapter* 7 [ECF No. 584].   Michael R. Bakst was appointed as Chapter 7 Trustee on May 2, 2023 [ECF No. 589].

4.       Prior to the Petition Date and prior to the conversion of this case, the Debtor was a licensed automobile dealer under Florida Law, and maintained two separate premises – one being the main office and the other being a warehouse facility located at 5471 N. Dixie Hwy, Boca Raton, Florida 33487 (the "Warehouse"), at which the Vehicles have been stored, among others.

5.       To obtain the most value for the Vehicles, the Trustee seeks approval of a sale pursuant to an auction, conducted online by Auctioneer, on 2bid4stuff.com.

### IV.       PROPOSED SALE TRANSACTION, BIDDING PROCEDURES AND SALE PROCESS

#### A.       Terms of the Proposed Auction

6.       The Trustee intends to sell the Vehicles listed on the attached Exhibit "A" hereto, through the auction process described in this Motion and in compliance with Auctioneer's policies and procedures and the Agreement, and consistent with the due process requirements of the Bankruptcy Code and Fed. R. Bankr. P.. The Agreement attached hereto as Exhibit "B"

contemplates, inter alia, and the Trustee proposes an auction ("**Auction**") including the following:

Seller:  Michael R. Bakst, Trustee in Bankruptcy for Auto Wholesale of Boca, LLC

Auctioneer: Auction America, Inc.

Auctioneer's Fee: 10% Buyer's Premium, with the Trustee to pay only Auctioneer's promotional costs from the sale proceeds, as set forth more specifically in the Agreement.

Assets: The Trustee is selling the Vehicles listed on the Exhibit "A" attached hereto.

**B.        Sale Process and Bidding Procedures**

7.        Due to the administrative drain concomitant with continued maintenance and storage of the Debtor's Vehicles in Chapter 7, the Trustee seeks to close on the sale of the Vehicles within ten (10) days of the conclusion of the Auction, and no later than the closing time provided for within the Auctioneer's bidder terms and conditions, which will also permit the Trustee to remove all property from the Warehouse and eliminate that administrative expense.  Accordingly, Trustee seeks to implement the following time frame for the sale process:

a.        the hearing on this Motion would take place preferably on the afternoon of May 11, 2023, or Tuesday, May 16, 2023 at the latest;

b.        the deadline for objections to this Auction/sale contemplated by this Motion would be required to be filed and served no later than 12:00 p.m. on May 11, 2023 if the hearing on this Motion is set for that date, or by 5:00 p.m. on May 12, 2023 if the hearing on this Motion is set for May 16, 2023;

c.        The Trustee seeks to foster a competitive bidding process and will accept the highest bid at the auction for each Vehicle, subject to the Trustee's Confirmation as defined below. Accordingly, the Trustee seeks approval and implementation of the following auction and bid procedures, which were incorporated into the Agreement attached hereto as Exhibit "B" ("**Auction Procedures**"):

5

i.     **Auctioneer's Fee.** The Trustee will employ the Auctioneer as auctioneer (subject to this Court's approval as requested in this Motion and pursuant to the auctioneer Agreement attached as Exhibit "B") to market and auction the Vehicles listed on the attached Exhibit "A", each in a separate, individual lot or auction. The Trustee would authorize Auctioneer to sell each Vehicle online through its website 2bid4stuff.com.

    The Trustee proposes that Auctioneer be compensated through a ten percent (10%) buyer's premium on the proceeds derived from sale of the Vehicles, which will be added to each final bid price and paid by each purchaser ("Buyer's Premium"). The Trustee shall only be responsible for reimbursement of the Auctioneer's promotional costs to adequately expose the Vehicles for auction purposes, as well as storage/handling/security of the Vehicles and other costs and expenses associated with the Auction (excluding insurance) (the "Expenses"), estimated to total approximately $20,375.00 plus the costs of insurance, as set forth on the Exhibit "C-2" attached. Such Expenses (including the Auctioneer's insurance costs) will also be paid from the Auction proceeds.

ii.     **Auction Sale Terms**:  For purposes of marketing and sale of the Vehicles through 2bid4stuff.com, the terms and procedures for the Auction shall comply with the Auctioneer's terms and conditions for bidders set forth on its website ("**Bid Procedures**"). Notwithstanding, the following terms shall control to the extent they conflict with the Bid Procedures:

iii.     **Sale Prices Subject to Final Confirmation by the Trustee.**  All final sale prices are subject to final confirmation ("**Trustee's Confirmation**") by the Trustee, and the Trustee reserves the right, in his sole discretion, to determine that the highest and/or Successful Bid (as defined below) price is insufficient, and to remove a Vehicle from the Auction or decline to accept the Successful Bid (as defined below).

iv.     **Auction Date:**  The Vehicles on the Exhibit "A" shall be auctioned on 2bid4stuff.com via an auction that runs for a period of time beginning immediately after the Court approves of the Trustee's ability to sell the Vehicles through the sale process described herein, and ending on <u>May 30, 2023 at 6:00 p.m.</u>. The date on which the auction ends shall be the auction date  ("**Auction Date**").

6

v.  **Successful Bidder and Successful Bid**. The highest bid at the end of the Auction for each respective Vehicle shall be deemed the "**Successful Bid**" for that Vehicle. The bidder responsible for placing the Successful Bid shall be deemed the "**Successful Bidder**."

vi.  **Back-Up Bidder and Back-Up Bid**.  Upon the failure of the Successful Bidder for any Vehicle to consummate the Closing (as defined below) of the purchase of any particular Vehicle as a result of a breach or failure on the part of the Successful Bidder, then the Trustee may elect in his business judgment to close with the next highest or otherwise best bidder (the "**Backup Bidder**") with their next highest bid (the "**Backup Bid**"). Through approval of this Motion the Trustee would  be authorized to consummate the sale with the Backup Bidder after a default under the Successful Bid without further order of the Court, immediately after the Successful Bidder's failure to close.

vii.  **Deposits.** In order to bid at the Auction, each potential bidder is required to register and pay a deposit of one thousand dollars ($1,000.00) (the "**Deposit**"), which shall be credited toward the Successful Bid (or one Successful Bid, if a single person or entity is the Successful Bidder on more than one Vehicle) amount at Closing. The Deposit shall only be refundable to the Successful Bidder if the Seller fails to comply with the provisions set forth in this Motion and the Successful Bidder is not in breach of and/or default under the terms of this Motion and the Bid Procedures.  The Deposit shall be non-refundable for the Successful Bidder, and, as set forth above, shall instead be credited toward the Successful Bid price at Closing. The Deposit paid by each bidder who is not the Successful Bidder will be refunded to each respective bidder, except for the Successful Bidder and the Backup Bidder.  The Successful Bidder's Deposit will be applied to the Successful Bidder's Successful Bid at the Closing. As set forth below, the Backup Bidder's Deposit will be held until the Closing with the Successful Bidder is complete, at which time it will be returned, or otherwise, if the Successful Bidder fails to close on the sale of any Vehicle in accordance with this Motion and with the terms of the Auctioneer's Bid Procedures, the Backup Bidder will be expected to Close at the Back-up Bid and the Backup Bidder's Deposit will be applied to the Backup Bidder's Backup Bid at a Closing.

viii.  **Closing**. The Successful Bidder for each Vehicle at Auction shall pay the Successful Bid for that Vehicle in full (less a credit for the $1,000 Deposit), no later than twenty-four (24) hours after the end of the auction ("**Closing**"). At the Closing, Seller shall deliver to Buyer, a Bill of Sale and/or such other instruments of transfer and

7

conveyance as may be necessary (e.g., copies of title), to transfer to and vest in Buyer all of Seller's right, title, and interest in, to, and under the respective Vehicle purchased. The date the Closing occurs is the "**Closing Date**."

ix.     **Free and Clear Conveyance.**     The sale of any Vehicle shall be "as is" "where is" "what is", with all faults, without any representations or warranties whatsoever, and free and clear of all interests, liens, claims (as defined by 11 U.S.C. § 101(5)), encumbrances, mortgages, security interests, charges, debts, liabilities, obligations, interests, commitments, responsibilities and/or obligations of any kind whatsoever, direct or indirect, absolute or contingent, matured or unmatured, whether accrued, vested or otherwise, known or unknown, foreseen or unseen (collectively "Liens and Interests"), with Liens and Interests, if any, to attach to the proceeds of the sale pursuant to 11 U.S.C. § 363(f).

8.      To ensure that the Trustee is able to derive maximum value from the Vehicles, in addition to the Auctioneer's marketing, he intends to provide notice of the Auction, through a separate Notice of Sale, to all parties on the Creditor Matrix in this case, all parties in interest, as well as all parties whom have filed a notice of appearance in this case and any other parties that have made offers or expressed interest in the Vehicles during the Trustee's tenure in this case.

9.      The foregoing procedures attempt to create a competitive sale process to achieve the highest and/or best offer for the Vehicles.

**C.      Form and Manner of Notice of Bidding Procedures and Sale**

10.     Pursuant to Fed. R. Bankr. P. 6004(a), notice of the proposed sale of the Vehicles outside the ordinary course of business is to be provided in accordance with Fed. R. Bankr. P. 2002(a)(2), (c)(1), and (k). These provisions of Fed. R. Bankr. P. 2002 provide that all creditors are to receive at least 21 days' notice of a sale of estate assets outside the ordinary course of business, unless the court, for cause, shortens the time or directs another method of giving notice. Fed. R. Bankr. P. 2002(a)(2). Here, the Trustee will serve this Motion and auction/sale notice on the entire creditor matrix in this case as well as all parties in interest, parties whom have filed a

8

notice of appearance in this case, and any other parties that have made offers or expressed interest in the Vehicles during the Trustee's tenure in this case.   The Trustee requests through this Motion that the Court shorten the 21 day notice period required to be given to creditors and parties in interest of a sale of assets, despite that the Trustee submits 21 days notice of the Auction Date will have been given through the filing of this Motion.

11.     Fed. R. Bankr. P. 2002(c)(1) provides that the notice of the proposed sale of assets is to include a general description of the assets, the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections. This motion satisfies Fed. R. Bankr. P. 2002(c)(1).

12.     Contemporaneously herewith, the Trustee is filing a Motion to Shorten the Notice for the approval of this Motion. As explained in that motion, cause exists to shorten time because each day the Trustee remains in possession of the Vehicles in Chapter 7 erodes the assets available for distribution to creditors.

## V.       AUTHORITY FOR RELIEF

### A.       The Bankruptcy Code permits the Trustee to sell the Vehicles outside of the ordinary course of business.

13.     Property of the estate may be sold outside the ordinary course of business. Bankruptcy Code § 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts have held that transactions should be approved under Bankruptcy Code § 363(b)(1) when: (a) they are supported by the sound business judgment of the trustee; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith. *See, e.g, Meyers v. Martin (In re Martin)*, 933 F.3d 513, 515 (7th Cir. 1991); *In re Abbott Dairies of Penn, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Comm.*

*of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (D. Del. 1987); *In re General Motors Corp.*, 407 B.R. 463, 498 Bankr. S.D.N.Y. 2009); *In re Chrysler LLC*, 405 B.R. 84, 94 (Bankr. S.D.N.Y. 2009). Here, each of these factors is met.

14.    The Trustee, in the sound exercise of his business judgment, concluded that the sale of the Vehicles pursuant to the terms and conditions set forth in this Motion and the Auctioneer Agreement attached presents the best option for maximizing the value of the Vehicles. If the Trustee does not sell the Vehicles expeditiously he will incur further  fixed administrative expenses (and potential liability) associated with storing, insuring, and maintaining the Vehicles, as well as diminishing the distribution to creditors based upon the liquidation of those assets, and risking loss of those assets. Selling the Vehicles will permit the Trustee to realize the value of the Vehicles and eliminate the administrative expenses associated with continued storage and maintenance.

15.    Despite the amount of time in Chapter 11, the Trustee has not yet received any offer for the bulk sale of the Vehicles.  Accordingly, the Trustee believes that the highest and best offers for the quickest sale of the Vehicles will be obtained through an auction of each Vehicle, individually.  On the other hand, if the Court does not permit the Trustee to sell the Vehicles, the Trustee's only alternative is to abandon the Vehicles immediately, in which case, they would likely be abandoned back to the Debtor.

16.    Accordingly, the Trustee respectfully submits that ample business justification exists for the sale of the Vehicles pursuant to the auction/sale process proposed in this Motion.

**B.    The sale of the Vehicles will be free and clear of liens, claims, encumbrances, and other interests**.

10

17.   Pursuant to Bankruptcy Code § 363(f), the Trustee will sell the Vehicles free and clear of all Liens and Interests. Any Liens and Interests will attach to the proceeds of the sale pending a resolution by the parties or by this Court of the validity any disputed lien or ownership interests, or the priority or extent thereof.

18.   The only Liens and Interests of which the Trustee is aware are those asserted by the parties to Adversary Proceeding 22-15627, being FVP Opportunity Fund III, LP, FVP Investments, LLC, FVP Servicing, LLP, Hi Bar Capital, LLC, Edward Brown, Franklin Capital Funding, LLC, Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC, Benidt Investments/Slinger, LLC, Karma of Broward, Inc., Karma of Palm Beach, Inc. (with the Debtor, the "Parties").

19.   This Court has the statutory authority to authorize the sale free and clear of Liens and Interests. Pursuant to Bankruptcy Code 363(f), the Trustee may sell all or any part of property of the estate, free and clear of any and all liens, claims, liabilities, encumbrances, or other interests if:

> (i)   applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (ii)   each entity holding a lien, claim or interest consents;
>
> (iii)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (iv)   such interest is in bona fide dispute, or
>
> (v)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f*); In re Smart World Tech., LLC*, 423 F.3d 166, 169 n. 3 (2d Cir. 2005); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (determining Bankruptcy Code § 363(f) is written in the disjunctive; the court may approve a sale "free and clear" provided at least one of the subsections

11

is met).

20.    A bona fide dispute (or disputes) exists among the Parties to the Adversary Proceeding, over, among other things, the validity, priority, and extent of the various Parties' interests in the Vehicles.  Accordingly, this Court has the authority to allow the Trustee to sell the Vehicles free and clear of any Liens and Interests asserted by any of the Parties to the Adversary Proceeding, with any alleged Liens or Interests of any such Parties to attach to the proceeds pending a determination by this Court of the extent, validity, and priority, of such Liens and Interests, if any, and an adjudication of the Adversary Proceeding.

21.    To the extent there are any other Liens and Interests, other than those of the Parties to the Adversary Proceeding, the Trustee is selling the Vehicles free and clear of all successor liability claims, in addition to all Liens and Interests. *See e.g., In re Trans World Airlines, Inc.*, 322 F.3d 283, 288-90 (3d Cir. 2003); *In re Chrysler, LLC*, 576 F.3d 108, 126 (2d Cir. 2009); *Am. Living Sys. V. Bonapfel (In re All Am. Of Ashburn, Inc*.), 56 B.R. 186, 189-90 (Bankr. N.D. Ga. 1986), *aff'd* 805 F.2d 1515 (11th Cir. 1986).

> **C.    The Successful Bidder or Backup Bidder, as the case may be, for each Vehicle is entitled to the protections afforded by Bankruptcy Code §363(m) because the sale to it is in good faith.**

22.    Bankruptcy Code § 363(m) provides that reversal or modification on appeal of a transaction authorized under Bankruptcy Code § 363(b) does not affect the validity of the sale to an entity that acquired the property in good faith. See 11 U.S.C. § 363(m); *In re Stadium Management Corp.*, 895 F.2d 845 (1st Cir. 1990); *In re Adamson Co., Inc*., 159 F.3d 896 (4th Cir. 1998).

23.    Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between purchasers and other offerors, or an attempt to take grossly unfair advantage of other offerors. *In*

*re Abbott Dairies of Pa., Inc.*, 788 F.2d at 147; *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997).

24.     As set forth above and as will be discussed in more detail below, the Trustee believes that, absent evidence of any collusion, the Successful Bidder or Backup Bidder, as the case may be, for each Vehicle, deserves the protections afforded by Bankruptcy Code § 363(m). Specifically, the Auction will be an online auction, allowing bidding by thousands of bidders from potentially every state and multiple countries; a broad group and demographic that likely would not attend a traditional in-person onsite auction at the Debtor's Warehouse premises.  The Auction will take place over the total course of approximately two weeks (presuming the Court approves this Motion without a continuance).  Accordingly, absent evidence of collusion or fraud among any online bidders, the Trustee requests that the Successful Bidder(s), and Backup Bidder(s), as the case may be, be found to be good-faith purchasers entitled to the protections of Bankruptcy Code § 363(m).

**D.     The Auction Procedures and Bid Procedures are appropriate and will maximize the value received for the Vehicles.**

25.     Courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy sales. *See, e.g., In re Montgomery Ward Holding Corp.*, Case No. 97-1409 (PJW) (Bankr. D. Del. Aug. 6, 1997); *In re Integrated Resources, Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992); *In re Financial News Network, Inc.*, 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) (stating "court-imposed rules for the disposition of assets ... [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates.").

26.     The proposed procedures set forth herein, including the Auction Procedures and Bid Procedures, will allow the Trustee to conduct the Auction in a controlled, fair and open fashion

13

that will encourage participation by financially capable bidders, thereby increasing the likelihood

he will receive the best and highest possible consideration for the Vehicles. They also allow the

Trustee to undertake the Auction process in as expeditious a manner as possible, which the Trustee

believes is essential to maintaining and maximizing the value of the estate, and the Vehicles.

27.    The Trustee believes that the Auction Procedures and Bid Procedures will

encourage bidding for the Vehicles and are appropriate under the relevant standards governing

auction proceedings and bidding incentives in bankruptcy proceedings. *See Integrated Resources*,

147 B.R. at 659; *In re 995 Fifth Avenue Assocs.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989).

**E.    Waiver or reduction of the time periods required by Fed. R. Bankr. P. 6004(h) and 6006(d) is proper.**

28.    Fed. R. Bankr. P. 6004(h) provides: "An order authorizing the use, sale, or lease of

property other than cash collateral is stayed until the expiration of 14 days after entry of the order,

unless the court orders otherwise." Fed. R. Bankr. P. 6004(h)(emphasis added).

29.    Courts have waived the stay provided for by these rules. *See In re Second Grand

Traverse Sch.*, 100 Fed. Appx. 430 (6th Cir. 2004); *In re Perry Hollow Mgmt. Co., Inc.*, 297 F.3d

34, 41 (1st Cir. 2002); In *In re Perry Hollow*, 297 F.3d at 41, the First Circuit Court of Appeals

affirmed the bankruptcy court's decision to waive the stay where, in support of the waiver, the

trustee presented evidence that: (i) the sale price was reasonable; (ii) the buyer was ready to close

on the transaction the next day; and (iii) the debtor would incur expenses due to the stay.

30.    Here, the Trustee has shown cause sufficient to satisfy the prevailing legal standard

concerning the need for the Court to waive the stay, and this Court should grant that request. The

Trustee believes that he will be able to satisfy the standards to waive the stay because the

administrative expenses are rapidly increasing in this case. Each day that the Trustee continues in

possession of the Vehicles deteriorates the value of the Vehicles available for distribution to

creditors or otherwise those asserting an interest in them. Thus, the Trustee submits he has established cause to waive the 14 day stay under Fed. R. Bankr. P. 6004 and 6006.

**F.      The Court should shorten the time for notice of the sale contemplated by this Motion**.

31.      In accordance with Fed. R. Bankr. P. 2002(a)(2), the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least "21 days notice by mail" of the hearing on a proposed sale of property of the estate other than in the ordinary course of business, unless the court, for cause, shortens the time. Pursuant to Fed. R. Bankr. P. 9006(c)(1), the Court may, in its discretion, order the period reduced.

32.      The Trustee seeks to shorten the notice period in order to allow the Auction and sale to take place as quickly as possible in order to expedite the implementation of the transaction of the Vehicles to the Successful Bidder(s). Given the substantial administrative expenses accruing for administrative rent, insurance, a guard or security for the Vehicles, as well as potential loss, cause exists to shorten the time required for approving the sale of the Vehicles.

**G.      Basis of Request for Expedited Relief**

33.      It is critical that the Trustee be able to conduct the Auction and close on a sale as quickly as possible due to the substantial ongoing administrative expenses associated with maintenance of the Vehicles and the potential for loss and depreciation. Accordingly, a sale of the Vehicles on an expedited basis is essential.

**VI.      APPLICATION TO RETAIN AUCTION AMERICA, INC., AS AUCTIONEER**

34.      The Trustee, Michael R. Bakst, pursuant to 11 U.S.C. §327(a) and Local Rule 6005-1 applies for the entry of an order approving the retention of Auction America, Inc., ("Auctioneer") subject to the terms and conditions herein and in the attached Exhibit "B", to auction the Vehicles listed on the attached Exhibit "A" and Exhibit "B-1".

15

35. As set forth above, the Trustee believes that the highest and best value for these Vehicles will be generated pursuant to an online auction and that an Auction is in the best interest of the estate and creditors and parties-in-interest.

36. The proposed Auctioneer is disinterested within the meaning of 11 U.S.C. §101(14) and §327(a). Attached hereto as Exhibit "C" is the Auctioneer's Affidavit of distinterestedness.

37. The Trustee believes that the retention of the Auctioneer is in the best interest of the estate as the terms upon which they have agreed to handle this sale are the terms which are common throughout this district, i.e., a 10% Buyer's Premium. The Trustee has spoken to other auctioneers within the area and believes that the Auctioneer is the best prospective party for handling the sale of these particular assets. In addition, as discussed above, the online auction will expose the sale to hundreds of thousands of potential purchasers, potentially in all states and many different countries, who otherwise might not travel to attend a traditional in-person auction at the Debtor's Warehouse premises, and will allow for bidding over the period of at least a week, potentially close to two weeks.

38. The Auctioneer estimates that its advertising and labor costs will be approximately $20,375.00, plus the costs of insurance. Expenses, including the Auctioneer's insurance costs, will be paid from the proceeds of sale after submission to the Trustee of an Expense Invoice reflecting the actual sale expenses.

39. The Auctioneer has agreed to be compensated by a 10% Buyer's Premium. The 10% Buyer's Premium shall be included in Auctioneer's Report of Sale, but Auctioneer shall be authorized to deduct its Buyer's Premium from the sale proceeds and remit the net balance to Trustee.

40.     The auctioneer is licensed and bonded as an auctioneer and is authorized to conduct auctions in the State of Florida pursuant to Florida Statute §463.381 et seq §468.387 for out-of-state auctioneers.  In addition, the auctioneer has obtained an annual state bond which is in place which is greater than the revenues expected to be generated by the auction of the Vehicles.  A copy of the licenses and bonds are attached hereto as Exhibit "D".  The bond is issued by a federally approved surety company.

41.     The Trustee will serve copies of the order together with the Auction notice in accordance with B.R. 2002(a)(2), and 2002(c)(1) and 6004.

42.     Upon completion of the Auction, the Auctioneer will file a report summarizing the results of the Auction and stating the fees to be paid to the Auctioneer in accordance with the order approving the retention.  The report shall be served only on the Assistant U.S. Trustee, the Trustee, and any other interested parties who specifically request a copy.  The fees and expenses will be paid without the necessity of further notice or hearing unless any party in interest files an objection within fourteen (14) days from the filing of the report.

**VI.     REQUEST FOR MINIMUM AMOUNT TO BE RETAINED BY THE ESTATE IN THE FORM OF A SURCHARGE OF 20% OF GROSS AUCTION PROCEEDS PURSUANT TO 11 U.S.C §506(c)**

43.     The Trustee was appointed in this case some six days ago.  During this time, the Trustee has inspected and secured the Debtor's premises, the Warehouse and the Vehicles, met with the Auctioneer, and he and his counsel have reviewed the docket and spent a significant amount of time meeting and conferring with the various Parties involved and their counsel.

44.     The Trustee is still becoming acquainted with the Parties in this case and familiarizing himself with the assets and complex facts and claims asserted.

17

45. The Trustee is aware that as part of the Adversary Proceeding, certain of the Parties argue that the Debtor has no ownership interest in any of the Vehicles.

46. It was not feasible for the Trustee to reach an agreement with all of the Parties-in-interest involved in the Adversary Proceeding, all asserting competing claims to the Vehicles, prior to being forced to preserve and secure the Vehicles, and either sell or abandon them.

47. The Trustee cannot be forced to incur the administrative time, expense, and risk of storing and maintaining the Vehicles, and to conduct an Auction of the Vehicles, where the Estate may receive no benefit for unsecured creditors, but instead only to benefit the Parties to the Adversary Proceeding.

48. Accordingly, through this Motion, the Trustee requests that the Court determine that if it is ultimately concluded through the Adversary Proceeding or otherwise, that the estate has no interest in the Vehicles, or otherwise that the estate owns the Vehicles but has no or minimal equity, the Trustee will be entitled to a minimum amount from the gross proceeds of the sale of the Vehicles, consisting of a surcharge to the Estate in the amount of 20% of the gross proceeds of the Auction, which shall be for the benefit of unsecured creditors of the estate (and shall not be distributed to any claims made on behalf of entities determined to have ownership of any of the Vehicles, or a first position lien on any of the Vehicles).

## VI. ALTERNATIVE REQUEST TO ABANDON THE VEHICLES AND REJECT WAREHOUSE LEASE EFFECTIVE IMMEDIATELY

49. Finally, the Trustee requests that if the Court does not permit the Trustee to sell the Vehicles pursuant to a sale substantially in the form of the relief requested herein, that the Trustee be alternatively permitted to abandon the Vehicles back to the Debtor or its principal, pursuant to

11 U.S.C. §554, and reject the Warehouse lease pursuant to 11 U.S.C. §365, effective immediately, where they would then provide no benefit to the Estate.

WHEREFORE, the Trustee respectfully requests the entry of an Order:

A.     Authorizing the Trustee to sell the Vehicles pursuant to the auction sale and bidding process set forth herein;

B.     Approving the procedures, including the Bidding Procedures and Auction Procedures, set forth herein;

C.     Shortening the time required for Notice of the sale;

D.     Waiving the 14 day stay under Fed. R. Bankr. P. 6004 and 6006;

E.     Setting the hearing on this Motion as quickly as possible or no later than May 11, 2023, or May 16, 2023, upon this Court's availability;

F.     Approving the form and manner of notice of the Bidding Procedures, Auction Procedures, and the sale as set forth herein;

H.     Approving the retention of the Auctioneer, the Buyer's Premium, and payment of the Auctioneer's expenses set forth herein;

I.     Approving of a minimum amount to be retained by the Estate in the form of a surcharge to the Estate under section 506(c) for the benefit of unsecured creditors (not to be distributed to any claim by any individual or entity obtaining a determination of ownership of or first position lien on any Vehicle);

J.     Alternatively permitting the Trustee to abandon the Vehicles pursuant to 11 U.S.C. §554, and to reject the Warehouse lease pursuant to 11 U.S.C. §365, effective immediately, and

K.      Granting such other and further relief as may be just and proper.

Dated : May 9, 2023                          GREENSPOON MARDER, LLP


                                              */s/ Rilyn Carnahan*
                                             MICHAEL R. BAKST, ESQ.
                                             Florida Bar No.: 866377
                                             RILYN A. CARNAHAN, ESQ.
                                             Florida Bar No.: 0614831
                                             Attorneys for the Trustee
                                             525 Okeechobee Blvd., Suite 900
                                             West Palm Beach FL 33401
                                             Telephone: (561) 838-4557
                                             Facsimile: (561) 514-3457

# EXHIBIT "A"

1. 2020 McClaren CV SBM14FCA5LW004229
2. 2019 McClaren CV SBM14FCA9KW003714
3. 2018 McClaren CV SBM14DCA9JW000606
4. 2020 Mercedes UT W1NYC7HJ6LX362080
5. 2019 Aston Martin CV SCFRMFCW6KGM07671
6. 2017 Ferrari 2D ZFF74UFA7H0221036
7. 2020 Mercedes UT WDCYC7HJ9LX334940
8. 2020 Mercedes UT W1NYC7HJ6LX346462
9. 2013 Ferrari 2D ZFF68NHA8D0191526
10. 2019 BMW UT 5UXCX4C56KLS39222
11. 2008 Porsche 2D WP0AD29978S783176
12. 2021 Jeep PK 1C6HJTAG1ML571540
13. 2018 Cadillac UT 1GYS4BKJXJR261612
14. 2016 Ford UT 1FDUF4HT8GEB18666
15. 2019 GMC UT 1GKS1CKJ8KR354378
16. 2019 Lamborghini 2D ZPBUA1ZLXKLA01961
17. 2020 Lamborghini 2D ZHWUT4ZF1LLA14316

**EXHIBIT A**

# EXHIBIT "B"

|

# Auction America

### *Serving the American Marketplace*

### *(561) 682-3191*

# *Auctions & Appraisals*

#### *Business, Bankruptcy, Estate & Real Estate*

**AUCTION AND MARKETING AGEEMENT**

This Auction and Marketing Agreement dated May 4th, 2023, is by and between Auction America, Inc. ("AAI") as auctioneer and Michael Bakst in -*his capacity as the Chapter 7 trustee ("Trustee") of the bankruptcy estate of Auto Wholesale of Boca, LLC case number 22-15627 ("Bankruptcy Estate") and the parties agree as follows:

<u>**Scope of Services:**</u>   Auction America, Inc. ("AAI") proposes to conduct a public on-line auction of the referenced vehicles at one auction event. AAI shall provide the Trustee asset and bidder information at anytime during and after the auction. AAI shall provide to the Trustee final sales reports promptly following the auction, but no later than ten days after the auction has concluded. AAI shall provide all the necessary equipment and personnel to set up and conduct the auction with licensed auctioneer, clerks and support staff. AAI shall handle everything from start to finish, including coordinating any move of the inventory, storage and security needs

<u>**Auction Date and Location:**</u>   The proposed on-line auction would take place during the month of May, with bidding close on Tuesday, May 30th, 2023. Live preview of the vehicles will be by scheduled appointments arranged on our website, with alternative appointments available. Prospective bidders will make appointments on the AAI website for live preview times. All vehicles will remain in the current debtor location, 5471 N Dixie Hwy, Boca Raton, FL. Inspection and transfers will take place at that location.

<u>**Marketing Strategy:**</u>   AAI shall conduct a marketing campaign with high impact advertising. The marketing strategy will be to promote the auction to auto dealers, car collectors, re-sellers and the general public. The auction will be exposed on a local, regional and national level. AAI will feature the auction via internet advertising on social media including numerous social media groups, collector auto related websites and newspaper ads. Additionally, AAI shall utilize strategic signage, text alerts, phone calls, multiple internet websites and personal solicitations. We have a large following from almost 30 years in business, and a strong network with auction companies throughout the US. We have a track record of successful auctions, including high end collector cars like Ferrari, Rolls Royce, Lamborghini, Maybach and others.

**Auction Methodology:** AAI will offer the automobile inventory and any related items at public auction selling to the highest bidder. AAI works directly with Bankruptcy Trustees on a regular basis. AAI understands the unique needs that certain cases may have such as liens, shared equity sales, lender approvals and other factors. AAI may add other autos or related items from other sellers to this auction in an effort to enhance this event.

**Auction Deposit(s):** All bidders must register at the auction providing adequate identification with full name, address, telephone number, email address, and may be required to tender a refundable deposit in order to be authorized to bid. This is customary at all of AAI's events. No item will be turned over to a winning bidder until and unless good and available funds are actually received in full by AAI.

**Auction Guarantees:** **Everything will be sold in "As Is" condition and with all faults**, **with no warrantees expressed or implied.** The only guarantee is that the Trustee/Seller provides title free and clear of all liens or encumbrances. AAI shall assist in obtaining any lost titles and lost keys, at the expense of the bankruptcy estate.

**Seller's Expense:** Trustee is obligated for the promotional costs to adequately expose the assets for auction purposes, as well as storage/handling of the inventory. AAI has prepared a detailed line by line marketing campaign and expense budget for the Trustee which is attached hereto as **Schedule-2** and will provide a complete itemized expense portfolio following the auction, with copies of all invoices verifying each expense. These expenses will be invoiced at the conclusion of the auction.

**Auction Commission:** AAI utilizes the technique known as the buyer's premium. AAI will add a 10% buyer's premium to each final bid price. This buyer's premium is not payable to the Trustee AAI asserts that this is a proven and successful method in the auction industry.

**Final Settlement:** The buyer's premium of 10% will be deducted from the auction proceeds. Final settlement of the auction will take place within ten days after the conclusion of the auction, with payment to Trustee and detailed reports. The detailed reports must include (i) the number of all registered bidders and their identity, (ii) an inventory of the items offered at auction (iii) the gross auction proceeds total and for each item; (iv) the buyers' premiums, (v) all itemized expenses (vi) the amounts collected, (vii) identity of unsold items and any amounts not collected and (viii) any other information reasonably requested by the Trustee that he believes is necessary for reporting to the Bankruptcy Court. Expenses will be invoiced at the time of settlement and the Trustee will make payment of expenses after receiving auction proceeds.

|

**To Be Sold:**                                    See vehicles on the list attached hereto as **Schedule-1**.

Please affix signature and date of acceptance of this Auction Proposal / Contract below:


_____                          _____

STAN L. CROOKS                                                        Date
Auction America, Inc.


_____                          _____

MICHAEL BAKST                                                       Date
Bankruptcy Trustee

**SCHEDULE-1**

1.  2020 McClaren CV SBM14FCA5LW004229
2.  2019 McClaren CV SBM14FCA9KW003714
3.  2018 McClaren CV SBM14DCA9JW000606
4.  2020 Mercedes UT W1NYC7HJ6LX362080
5.  2019 Aston Martin CV SCFRMFCW6KGM07671
6.  2017 Ferrari 2D ZFF74UFA7H0221036
7.  2020 Mercedes UT WDCYC7HJ9LX334940
8.  2020 Mercedes UT W1NYC7HJ6LX346462
9.  2013 Ferrari 2D ZFF68NHA8D0191526
10. 2019 BMW UT 5UXCX4C56KLS39222
11. 2008 Porsche 2D WP0AD29978S783176
12. 2021 Jeep PK 1C6HJTAG1ML571540
13. 2018 Cadillac UT 1GYS4BKJXJR261612
14. 2016 Ford UT 1FDUF4HT8GEB18666
15. 2019 GMC UT 1GKS1CKJ8KR354378
16. 2019 Lamborghini 2D ZPBUA1ZLXKLA01961
17. 2020 Lamborghini 2D ZHWUT4ZF1LLA14316

## SCHEDULE-2

### ESTIMATED MARKETING AND EXPENSE SCHEDULE

| Media | Total Cost |
|---|---|
| **Miami Herald**<br>Classified Ads | **$1000.00** |
| **Sun Sentinel**<br>Classified Ads | $1000.00 |
| **Palm Beach Post, Palm Beach Daily News**<br>Classified Display Ads | $2500.00 |
| **Internet Advertising** | |
| Hemmings Listings | $1575.00 |
| 2bid4stuff.com | N/C |
| Florida Auctioneers Assoc. | N/C |
| National Auction List | N/C |
| Mass Email Notices | $300 |
| Social Media Marketing | $4000 |
| **Security services** | $6500.00 |
| Change locks, secure building, cameras, open locked doors | |
| **Auto Clean-up** | $3500.00 |
| **Warehouse Storage/Insurance Rider (Through June 6th)** | $ PENDING |
| **ESTIMATED MARKETING & EXPENSES TOTAL** | $ |

The Marketing and Promotional Schedule is merely an estimate and is not intended as a term or condition of the Auction Contract, unless expressly identified as such. The above cost projections are based on current advertising rates and are subject to increase. Advertising expenses will be reimbursed after proceeds are transferred to Trustee.

EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:                                                    CASE NO.: 22-15627-EPK
                                                          Chapter 7

AUTO WHOLESALE OF BOCA, LLC,

            Debtor.
_____/

### AFFIDAVIT OF AUCTIONEER

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME, the undersigned authority, this date personally appeared Stan L. Crooks of Auction America, Inc., who, being first duly sworn, deposes and says:

1.      That I am an Auctioneer with, and am the president of Auction America, Inc., located at 9645 Lantana Road, Lake Worth, FL 33467.

2.      I am authorized to make this declaration pursuant to Bankruptcy Rule 2014 and Local Rule 6005-1, and I am over the age of eighteen.

3.      That neither I nor Auction America, Inc., have any connection to the Debtor, the Debtor's estate, the Trustee or the U.S. Trustee, and we are disinterested persons within the meaning of 11 U.S.C. §327(a).

4.      That I am duly licensed and bonded as an Auctioneer and am authorized to conduct auctions in the State of Florida pursuant to Florida Statute §468.381 et seq.  True copies of said license and bond are attached hereto.

5.      That in addition to the foregoing, I have attached hereto a copy of a state bond in the amount of $100,000.00, which is an amount greater than the revenues expected to be generated by the auction of the property.  The bonds are issued by a federally approved surety company.

6.      That I have read the application of the Trustee regarding the retention and compensation of Auction America, Inc., and agree to be bound by the terms and conditions represented therein.

7.      The property subject to this proposed auction will not be sold together with any non-bankruptcy property.

8.      That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation as it deems appropriate.

This concludes my Declaration.

**28 U.S.C § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct; executed on May ___, 2023

STAN L. CROOKS

**EXHIBIT "D"**



# CERTIFICATE OF GARAGE INSURANCE

**DATE (MM/DD/YYYY)** 4/4/2023

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: JEFF KERZER |
|---|---|
| JK PERSONAL SALE INC<br>5720 Washington St<br>Hollywood, FL 33023 | PHONE (A/C, No. Ext): (954)987-8797  FAX (A/C, No): (954)967-6781 |
| | E-MAIL ADDRESS: jkpers@gmail.com |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| **INSURED**<br>AUCTION AMERICA INC.<br>1696 OLD OKEECHOBEE RD 2H<br><br>WEST PALM BEACH          FL  33409 | INSURER A : ATLANTIC CASUALTY INSURANCE COMP | 42846 |
| | INSURER B : | |
| | INSURER C : | |
| | INSURER D : | |
| | INSURER E : | |
| | INSURER F : | |

**COVERAGES**   PROD / CUSTOMER ID:          CERTIFICATE #:          REVISION #:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GARAGE LIABILITY**<br>☐ ANY AUTO<br>☒ OWNED AUTOS ONLY<br>☒ PIP $10,000 LIMIT<br>☐ HIRED AUTOS ONLY<br>☐ NON-OWNED AUTOS USED IN GARAGE BUSINESS | | | ACI5547612PC | 4/4/2023 | 4/4/2024 | AUTO ONLY (Ea accident) | $ 100,000 |
| | | | | | | | OTHER THAN AUTO ONLY  EA ACCIDENT | $ 100,000 |
| | | | | | | | AGGREGATE | $ 100,000 |
| | **GARAGE KEEPERS LIABILITY**<br>☐ LEGAL LIABILITY<br>☐ DIRECT BASIS<br>☐ PRIMARY  ☐ EXCESS | | | | | | COMP / OTC  LOC | $ |
| | | | | | | | SPECIFIED PERILS  LOC | $ |
| | | | | | | | COLLISION  LOC | $ |
| | | | | | | | LOC | $ |
| | **COMMERCIAL GENERAL LIABILITY**<br>☐ CLAIMS-MADE  ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY  ☐ PRO-JECT  ☐ LOC<br>☐ OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | **UMBRELLA LIAB**  ☐ OCCUR<br>**EXCESS LIAB**  ☐ CLAIMS-MADE<br>☐ DED  ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? Y / N<br>(Mandatory in NH)<br>If yes, describe under REMARKS below | N / A | | | | | ☐ PER STATUTE  ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | U.M.<br>PHYSICAL DAMAGE | | | ACI5547612PC | 4/4/2023 | 4/4/2024 | | $20,000<br>$100,000 |

REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

USED AUTO DEALER
5 DEALER TAGS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES<br>2900 APALACHEE PARKWAY<br>NEIL KIRKMAN BLDG MS 65 RM A312<br>TALLAHASSEE, FL 32399 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE |

© 2010-2015 ACORD CORPORATION. All rights reserved.

ACORD 30 (2016/03)          The ACORD name and logo are registered marks of ACORD

# EXHIBIT B

# TRAVELERS

**Travelers Casualty and Surety Company of America**

## CONTINUATION CERTIFICATE
## FIDELITY OR SURETY BONDS/POLICIES

License No. _____

In consideration of **$500** _____ dollars renewal premium, the term of Bond/Policy No. **106943053** _____ in the

amount of **$100,000** _____ . issued on behalf of **Auction America, Inc.** _____ .

whose address is **9645 Lantana Rd., Lake Worth, FL  33467** _____ .

in favor of **United States of America - District of Florida** _____ .

whose address is **Flagler Waterview Bldg., 1515 North Flagler Dr., 8th Foor, West Palm Beahc, FL  33401** ___ .

in connection with **Bankruptcy Court Auction Performance Bond** ___ is hereby extended to ___ **6/20/2023** ___ .

subject to all covenants and conditions of said bond/policy.

This certificate is designed to extend only the term of the bond/policy. It does not increase the amount which may be

payable thereunder. The aggregate liability of the Company under the said bond/policy together with this certificate shall

be exactly the same as, and no greater than it would have been, if the said bond/policy had originally been written to

expire on the date to which it is now being extended.

Signed, sealed and dated _____ **6/27/2022** _____    Auction America, Inc.

By: _____

**Travelers Casualty and Surety Company of America**

By: *Carolyn F. Smith* _____

**Carolyn F. Smith**    Attorney-in-Fact

F-59-M (8 06)

ANNE M. GANNON
CONSTITUTIONAL TAX COLLECTOR
Serving Palm Beach County
Serving you.

P.O. Box 3353, West Palm Beach, FL 33402-3353
www.pbctax.com Tel: (561) 355-2264

**LOCATED AT**

1696 OLD OKEECHOBEE RD STE 2H
WEST PALM BEACH, FL 33409

| TYPE OF BUSINESS | OWNER | CERTIFICATION # | RECEIPT #/DATE PAID | AMT PAID | BILL # |
|---|---|---|---|---|---|
| 56-0036 AUCTIONEER | CROOKS STAN | AU1794 | B22.602237 - 07/12/22 | $33.00 | B40101206 |

This document is valid only when receipted by the Tax Collector's Office.

**STATE OF FLORIDA**
**PALM BEACH COUNTY**
**2022/2023 LOCAL BUSINESS TAX RECEIPT**

## LBTR Number: 199911797
## EXPIRES: SEPTEMBER 30, 2023



AUCTION AMERICA INC
AUCTION AMERICA INC
9645 LANTANA RD
LAKE WORTH FL 33467-6114

This receipt grants the privilege of engaging in or managing any business profession or occupation within its jurisdiction and MUST be conspicuously displayed at the place of business and in such a manner as to be open to the view of the public.

---

ANNE M. GANNON
CONSTITUTIONAL TAX COLLECTOR
Serving Palm Beach County
Serving you.

P.O. Box 3353, West Palm Beach, FL 33402-3353
www.pbctax.com Tel: (561) 355-2264

**LOCATED AT**

1696 OLD OKEECHOBEE RD STE 2H
WEST PALM BEACH, FL 33409

| TYPE OF BUSINESS | OWNER | CERTIFICATION # | RECEIPT #/DATE PAID | AMT PAID | BILL # |
|---|---|---|---|---|---|
| 81-0499 AUCTION BUSINESS | CROOKS STAN | AB1298 | B22.602339 - 07/12/22 | $33.00 | B40122595 |

This document is valid only when receipted by the Tax Collector's Office.

**STATE OF FLORIDA**
**PALM BEACH COUNTY**
**2022/2023 LOCAL BUSINESS TAX RECEIPT**

## LBTR Number: 200818131
## EXPIRES: SEPTEMBER 30, 2023

AUCTION AMERICA INC
AUCTION AMERICA INC
9645 LANTANA RD
LAKE WORTH FL 33467-6114

This receipt grants the privilege of engaging in or managing any business profession or occupation within its jurisdiction and MUST be conspicuously displayed at the place of business and in such a manner as to be open to the view of the public.