**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                    CASE NO.:  22-15627-EPK
                                                          Chapter 7

**AUTO WHOLESALE OF BOCA, LLC,**

        Debtor.

_____/

**TRUSTEE'S *EX PARTE* MOTION TO SHORTEN TIME FOR**
**PROVIDING NOTICE OF SALE OF VEHICLES AND FOR**
**NOTICING THE HEARING ON TRUSTEE'S *EXPEDITED***
**MOTION FOR ENTRY OF AN ORDER:**

**(A)**    **AUTHORIZING THE SALE BY AUCTION OF ALL VEHICLES IN THE ESTATE'S POSSESSION, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f)(4);**

**(B)**    **APPROVING ONLINE AUCTION, BIDDING PROCEDURES, AND SALE PROCESS;**

**(C)**    **APPROVING FORM AND MANNER OF NOTICES;**

**(D)**    **APPROVING TRUSTEE'S RETENTION OF AUCTION AMERICA, INC., AS AUCTIONEER;**

**(E)**    **SHORTENING THE NOTICE PERIOD REQUIRED FOR GIVING NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST OF A SALE OF PROPERTY;**

**(F)**    **APPROVING OF A MINIMUM AMOUNT TO BE RECEIVED BY THE ESTATE CONSISTING OF A SURCHARGE TO THE ESTATE PURSUANT TO 11 U.S.C. §506(c), IN THE EVENT THE COURT FINDS THE ESTATE HAS NO INTEREST OR EQUITY IN THE VEHICLES;**

    **OR**

**(G)**    **IF THIS COURT DOES NOT PERMIT THE TRUSTEE'S SALE OF THE VEHICLES, PERMITTING THE IMMEDIATE ABANDONMENT OF THE VEHICLES AND REJECTION OF THE WAREHOUSE LEASE;**

    **AND**

**(H)**    **GRANTING RELATED RELIEF [ECF NO. 618]**

**The Trustee seeks a hearing on the Sale Motion as soon as this Court is available, or May 11, 2023. The Trustee moves on an expedited basis because the Debtor's insurance on the subject vehicles expires on May 13, 2023 and the Trustee is advised that the Debtor's existing insurance carrier will not insure a chapter 7 estate. The Trustee is also advised that any renewal or replacement insurance will cost tens of thousands of dollars. The Trustee is currently working with multiple insurance agents in an effort to obtain insurance on the Vehicles, however, has not yet been successful. As such, the estate's continued possession of the vehicles is costly, and poses a significant risk of the loss in value to the estate if the sale process proposed herein is not approved. Alternatively, if the sale process proposed herein is not approved, the Trustee seeks to abandon the vehicles and the Warehouse lease effective immediately.**

**Because the administrative expenses associated with this Chapter 7 case are quickly eroding the estate's cash and rendering the maintenance of the estate's property more difficult, the Trustee requests an expedited hearing on this matter as soon as the Court is available. There are, however, too many parties in these cases, and too much dissent among the alleged lienholders or those asserting ownership, to gain universal consent to the relief requested herein.**

Michael R. Bakst, the duly appointed, authorized, qualified and acting Chapter 7 Trustee ("**Trustee** ") for Debtor, Auto Wholesale of Boca, LLC ("**AWB**" or the "**Debtor**"), by and through undersigned counsel, moves pursuant to Fed. R. Bankr. P. 2002(a) and 9006(c) and Local Rule 9013-1 on an *ex-parte* basis (the "**Motion**"), for entry an order, substantially in the form attached as Exhibit A, shortening the time to provide notice of the hearing on the *Trustee's Expedited Motion for Entry of an Order: (A) Authorizing the Sale by Auction of all Vehicles in the Estate's Possession, Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§363(b) and 363(f)(4); (B) Approving Online Auction, Bidding Procedures, and Sale Process; (C) Approving Form and Manner of Notices; (D) Approving the Trustee's Retention of Auction America, Inc., as Auctioneer; (E) Shortening the Notice Period Required for giving Notice to Creditors and Other Parties in Interest of a Sale of Property; (F) Approving of a Minimum Amount to be Received by the Estate Consisting of a Surcharge to the Estate Pursuant to 11 U.S.C. §506(c),*

*in the Event the Court Finds the Estate has no Interest or Equity in the Vehicles; or (G) if this Court Does not Permit the Trustee's Sale of the Vehicles, Permitting the Immediate Abandonment of the Vehicles and Rejection of the Warehouse Lease; and (H) Granting Related Relief* (the "Sale Motion") [ECF No. 618][1]. In support of this Motion, the Trustee states as follows:

1.      Bankruptcy Rule 2002(a)(2) provides for twenty-one days notice by mail of a proposed sale of property other than in the ordinary course of business.

2.      Bankruptcy Rule 9006(c) authorizes this Court, for cause shown, to reduce the period of time, and the manner, for giving such notice.

3.      The Trustee has filed his Sale Motion on an expedited basis as the result of significant carrying costs, eroding the Estate's cash position and the value to the Estate of the Vehicles, as well as the potential expiration of the Debtor's insurance.

4.      Expedited attention to this matter is necessary to permit the Trustee to promptly sell the Vehicles to maximize their value while reducing the administrative expenses and risk associated with continued maintenance of the Vehicles in Chapter 7, and to maximize the value of the estate for the benefit of unsecured creditors.

5.      The Trustee requests approval to conduct an online Auction which would end on May 30, 2023 at 6:00 p.m. and hopes to have the Vehicles in the Auction quickly and be exposed to bidding for as long as possible.

6.      To meet this target date with as much bidding as possible, while reducing administrative rent and insurance, and potentially avoiding such expenses and risk if the Court does not allow the sale (by abandonment of the Vehicles and rejection of the Warehouse Lease), the Trustee respectfully requests a hearing on the Sale Motion **as soon as this Court is available,**

---

[1] All capitalized terms shall have the same meaning ascribed to them in the Sale Motion, unless otherwise defined herein.

**or May 11, 2023** so as to expeditiously initiate the sale process contemplated therein, and so that the Trustee may avoid administrative expenses to the Estate of carrying Vehicles that this Court may determine have no benefit to the Estate.

7.      Accordingly, the Trustee seeks to shorten the time for the hearing on the *Sale Motion* so that if this Court approves of the proposed sale, the Trustee may take actions necessary to preserve the Vehicles and prepare for the Auction, or, in the alternative, if the Court will not permit the Trustee to sell the Vehicles, the Trustee may take actions to avoid unnecessary and significant expenses and risk to the Estate and the Vehicles.  Securing the consent of every party in interest in this case to the shortened time for the hearing on the *Sale Motion* is impractical.

8.      The Trustee requests that the Court shorten the time for the hearing on the *Sale Motion* and for notice of a sale of property pursuant to pursuant to Fed. R. Bankr. P. 9006(c) and 2002(a)(2).

9.      The Trustee submits that good cause is shown for the requested relief, and such relief will benefit the estate's creditors and other parties in interest.

10.      An Order granting the relief requested herein will be uploaded via CM/ECF.

WHEREFORE, the Trustee respectfully requests the entry of an order, substantially in the form attached as Exhibit A, on an *ex parte* basis, shortening the applicable periods under Fed. R. Bankr. P. 2002 to two days (May 11, 2023, or such other date on which this court may schedule the hearing on the Sale Motion) so that the hearing on the Sale Motion may be scheduled as quickly as possible.

Dated:  May 9, 2023

Respectfully Submitted,

**GREENSPOON MARDER LLP**

/s/ *Rilyn A. Carnahan*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar Number: 614831
Attorneys for the Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T:  (561) 838-4557
F:   (561) 514-3457
Email: rilyn.carnahan@gmlaw.com

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:

CASE NO.:  22-15627-EPK
Chapter 7

**AUTO WHOLESALE OF BOCA, LLC,**

      Debtor.

_____/

**ORDER GRANTING TRUSTEE'S _EX PARTE_ MOTION TO SHORTEN TIME FOR**
**PROVIDING NOTICE OF SALE OF VEHICLES AND FOR**
**NOTICING THE HEARING ON TRUSTEE'S _EXPEDITED_**
**MOTION FOR ENTRY OF AN ORDER:**

(A)    **AUTHORIZING THE SALE BY AUCTION OF ALL VEHICLES IN THE ESTATE'S POSSESSION, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f)(4);**

(B)    **APPROVING ONLINE AUCTION, BIDDING PROCEDURES, AND SALE PROCESS;**

(C)    **APPROVING FORM AND MANNER OF NOTICES;**

(D)    **APPROVING TRUSTEE'S RETENTION OF AUCTION AMERICA, INC., AS AUCTIONEER;**

(E)     **SHORTENING THE NOTICE PERIOD REQUIRED FOR GIVING NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST OF A SALE OF PROPERTY;**

(F)     **APPROVING OF A MINIMUM AMOUNT TO BE RECEIVED BY THE ESTATE CONSISTING OF A SURCHARGE TO THE ESTATE PURSUANT TO 11 U.S.C. §506(c), IN THE EVENT THE COURT FINDS THE ESTATE HAS NO INTEREST OR EQUITY IN THE VEHICLES;**

       **OR**

(G)     **IF THIS COURT DOES NOT PERMIT THE TRUSTEE'S SALE OF THE VEHICLES, PERMITTING THE IMMEDIATE ABANDONMENT OF THE VEHICLES AND REJECTION OF THE WAREHOUSE LEASE;**

       **AND**

(H)     **GRANTING RELATED RELIEF.**


**THIS MATTER** came before the Court *ex parte* on *Trustee's Ex Parte Motion to Shorten the Time to Provide Notice of Sale of Vehicles and for Noticing the Hearing on the Trustee's Expedited Motion for Entry of an Order: (A) Authorizing the Sale by Auction of all Vehicles in the Estate's Possession, Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§363(b) and 363(f)(4); (B) Approving Online Auction, Bidding Procedures, and Sale Process; (C) Approving Form and Manner of Notices; (D) Approving the Trustee's Retention of Auction America, Inc., as Auctioneer; (E) Shortening the Notice Period Required for giving Notice to Creditors and Other Parties in Interest of a Sale of Property; (F) Approving of a Minimum Amount to be Received by the Estate Consisting of a Surcharge to the Estate Pursuant to 11 U.S.C. §506(c), in the event the Court Finds the Estate has no Interest or Equity in the Vehicles; or (G) if this Court Does not Permit the Trustee's Sale of the Vehicles, Permitting the Immediate Abandonment of the Vehicles and Rejection of the Warehouse Lease; and (H) Granting Related Relief* (the "Motion") [ECF No. 620]. The Court, having reviewed the Motion, and finding good cause for granting the requested relief, hereby

**ORDERS and ADJUDGES** that:

1.    The time period required for notice of a sale of the Vehicles under Fed.R.Bankr.P. 2002(a) and for notice of the hearing on the *Expedited Motion for Entry of an Order: (A) Authorizing the Sale by Auction of all Vehicles in the Estate's Possession, Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§363(b) and 363(f)(4); (B) Approving Online Auction, Bidding Procedures, and Sale Process; (C) Approving Form and Manner of Notices; (D) Approving the Trustee's Retention of Auction America, Inc., as Auctioneer; (E) Shortening the Notice Period Required for giving Notice to Creditors and Other Parties in Interest of a Sale of Property; (F) Approving of a Minimum Amount to be Received by the Estate Consisting of a Surcharge to the Estate Pursuant to 11 U.S.C. §506(c), in the event the Court Finds the Estate has no Interest or Equity in the Vehicles; or (G) if this Court Does not Permit the Trustee's Sale of the Vehicles, Permitting the Immediate Abandonment of the Vehicles and Rejection of the Warehouse Lease; and (H) Granting Related Relief* [ECF No. 618] (the "Sale Motion") is shortened to two days.

2.    The Hearing on the Sale Motion will be held on **May 11, 2023, at 11:00 a.m.** in the United States Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, Room 801, Courtroom B, West Palm Beach, Florida 33401

# # #

Submitted by:
Rilyn A. Carnahan, Esq.
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
(561) 838-4557
(561) 514-3457 (facsimile)
rilyn.carnahan@gmlaw.com

**[Rilyn A. Carnahan, Esq. is directed to serve copies of this order on all interested parties and file a certificate of service with the Court]**