UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                  Case No. Case No. 9:22-bk-15627
                                                        Chapter 11
AUTO WHOLESALE OF BOCA, LLC

     Debtor.

_____/

**<u>DEREK STEPHENS' MOTION TO STAY PENDING APPEAL AND
RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION (DE 618)</u>**

Derek Stephens ("Stephens") hereby files his Motion to Stay pursuant to Fed.

R. Bankr. P. 8007 and response in opposition to the Bankruptcy Trustee's Motion

Authorizing The Sale Of Vehicle's In The Estate's Possession (DE 618)(the "Auction

Motion") as follows:

1.      On September 18, 2022, Stephens filed a motion to compel turnover of a

2013 Ferrari 458 Spider, VIN ZFF68NHA8D0191526 (the "Vehicle").

2.      After an evidentiary hearing was held on November 28, 2023, the Court

entered an order denying Stephens' motion (DE 422)(the "Turnover Order").

3.      On February 24, 2023, Stephens filed a notice of appeal of the Turnover

Order (DE 449).

4.      The appeal is now pending in the Southern District of Florida, Case No.

23-cv-80281-WPD.  At issue in the appeal is:

    a) Whether the District Court erred in denying Stephens' Motion to
       Compel Turnover of 2013 Ferrari 458 Spider and to Abandon Title;

    b) Whether the District Court erred in concluding that a consignment
       relationship did not coalesce between Stephens and Karma;

1

    c) Whether the District Court erred in concluding that Martin lacked authority to bind Karma to the consignment agreement;

    d) Whether the District Court erred in relying on the testimony of Scott Zankl in reaching the decision under review, having stated at the conclusion of trial that his testimony was not believable; and

    e) Whether the District Court erred by ruling in direct contradiction with its oral pronouncements at the conclusion of trial relative to witness credibility and apparent authority.

*See*, DE 495.

5.    In the Auction Motion, the Trustee asks the Court for approval to sell several cars currently held by the debtor, Auto Wholesale of Boca, LLC, including the Vehicle. *See*, DE 618 at Exhibit A.

6.    This request to sell the Vehicle was made despite the fact that the owner of the Vehicle has not been determined.  In its Turnover Order, the Court noted that even though it did not find that Stephens owned the Vehicle, it also made "no finding regarding the existence or extent of any party's interest in the Ferrari."  (DE 422 at p. 13).

7.    This Court also noted its doubts regarding the debtor's ownership interest in any of the vehicles it possesses, including the Vehicle.  *See*, DE 610, Ex A. at 15:18-20. ("Does the debtor rightly own all of the vehicles it has held hostage for more than a year?  Probably not").

8.    Thus, there was no immediate concern that the Vehicle would be sold by the debtor or that any stay pending appeal was necessary until the Auction Motion was filed.

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

9.      If Stephens prevails on his pending appeal, and the Vehicle is sold at auction or by other means, Stephens may be permanently dispossessed of the Vehicle and may be without recourse against any subsequent purchaser.

10.     It would be inequitable and premature for the Trustee to sell the Vehicle at auction given that the issues on appeal will likely be dispositive as to whether or not Stephens will obtain possession and/or ownership of the Vehicle.

11.     Until ownership of the Vehicle is determined through the appellate process or other judicial proceedings, the Vehicle should not be sold to any third party at auction or otherwise.

12.     As a result, a stay should be issued pending appeal pursuant to Fed. R. Bankr. P. 8007(a)(1), and the Trustee's Auction Motion should be denied as it relates to the Vehicle.

WHEREFORE, Stephens respectfully requests that: 1) any adjudication related to the ownership or possession of the Vehicle be stayed pending appeal,  2) the Auction Motion be denied as it relates to the Vehicle, 3) the Court preclude the Vehicle from being sold or otherwise transferred to any third party during the pendency of the appeal, 4) the Court grant any other relief it deems just and proper.

Respectfully submitted,

**MAURO LAW P.A.**

/s/  C. Cory Mauro
C. Cory Mauro
Florida Bar No.:  384739
Evan D. Appell
Florida Bar No.:  58146
1001 Yamato Road, Suite 401

Boca Raton, FL 33431
cory@maurolawfirm.com
service@maurolawfirm.com
evan@maurolawfirm.com
Telephone: (561) 202-1992
*Counsel for Derek Stephens*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed with the Court by using the Notice of Electronic Mail through the Case Management/Electronic Case Filing to those parties registered to receive electronic notices of filing in this case on May 10, 2023.

**MAURO LAW P.A.**

*By: /s/ C. Cory Mauro*
        C. Cory Mauro

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM