UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                          Case No. 22-15627-EPK

    Debtor.                                            Chapter 11
                                                     Subchapter V

_____/

**RESPONSE IN OPPOSITION TO *EXPEDITED* SALE MOTION**

Franklin Capital Funding, LLC ("Franklin") responds in opposition to the expedited sale

motion (the "Motion" or "Sale Motion") filed by the chapter 7 trustee, Michael Bakst (the

"Trustee").  ECF No. 618.  In support of its response Franklin states:

**A.      Procedural Background.**

1.      Auto Wholesale of Boca, LLC (the "Debtor") filed a petition for relief under

subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the

"Bankruptcy Code"), on July 22, 2022.  ECF No. 1.[1]

2.      On May 1, 2023, following a two-day trial, the Court entered an order converting

the case to chapter 7.  ECF No. 584.

3.      Franklin is a secured creditor of the estate via prepetition loan documents entered

into with third parties, Excell Auto Group, Inc. ("Excell"), Karma of Broward, LLC and Karma of

Palm Beach, LLC (together, "Karma"), and filed UCC financing statements.  Franklin is also an

unsecured creditor by virtue of any deficiency claims arising under § 506, and causes of action

including tortious interference and unjust enrichment.  *See generally* Proof of Claim Nos. 10–11.

4.      The Trustee filed the Sale Motion on May 9, 2023.  Through the Sale Motion the

---

[1]      Section cites herein refer to sections of the Bankruptcy Code.
{2425/000/00555692}

Trustee requests the following relief:

- Authorization to sell by certain bidding procedures and auction the cars listed on the Exhibit "A" attached to the Motion (together, the "Vehicles").

- Approving the bidding and auction procedures set forth in the Motion (together, the "Procedures"). The Procedures contemplate an auction to occur on the website 2bid4stuff.com, with a ten percent (10.0%) buyer's premium from the proceeds of the sale being paid to the auctioneer described *infra* (the "Buyer's Premium"). The Procedures further contemplate the auction ending on May 30, 2023 at 6:00 P.M.

- Shortening any applicable notices periods and waiving the 14-day stay set forth in Fed. R. Bankr. P. 6004 and 6006.

- Approving the retention of Auction America, Inc. as an auctioneer (the "Auctioneer").

- Approving a minimum surcharge to the bankruptcy estate in the amount of twenty percent (20.0%) of the gross proceeds of the auction, irrespective of any later determinations of ownership and lien positions on the Vehicles.

- In the alternative, permitting the Trustee to immediately abandon the Vehicles pursuant to § 554, and to reject the lease of the warehouse where the Vehicles are being stored pursuant to § 365.

5.    Secured creditors, FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (together, "FVP") filed an objection to the Sale Motion on May 10, 2023. ECF No. 625. Through its objection, FVP argues *inter alia* that: (a) it expects to be in possession of a $2.7 million offer for the Vehicles, and (b) it does not oppose a consensual carveout to the estate of the greater of (i) seven- and one-half percent (7.5%) of the gross proceeds of the Vehicles' sale, or (ii) $200,000. FVP makes it clear, however, that it opposes the twenty precent surcharge and Buyer's Premium requested by the Trustee. *See* ECF No. 625 at ¶¶ 5–8.[2]

6.    The Court conducted a preliminary hearing on May 11, 2023, in which it approved the retention of the Auctioneer but reserved ruling on any other aspect of the Sale Motion.

---

[2]    FVP filed an amended response at ECF No. 630 in which it now requests abandonment.

{2425/000/00555692}

**B.** **Objections to the Sale of the Vehicles.**

7. The sale of the Vehicles can only be approved with the consent of secured creditors, including FVP and Franklin, for the following reasons:

8. First, the estate lacks equity in the Vehicles. Prior to conversion, the Debtor alleged that it was a good faith, ordinary course purchaser of the Vehicles from Excell and/or Karma, such that it acquired the Vehicles free and clear of the liens of creditors of those entities. By definition, however, a good faith, ordinary course purchaser cannot acquire property in satisfaction of an antecedent debt. *See* Fla. Stat. §§ §§ 671.201(9) and 679.320(1). In converting the case, the Court made explicit findings that the automobile sales business of the Debtor was "minimal compared to its real enterprise, which was lending money," and that the Debtor "received very substantial sums from [Excell and Karma] over a period of years, and it is clear that those payments arose from a lending relationship." *See* May 1, 2023 Hr'g Tr., 8:5–9:11. Given these and other findings, there is almost no likelihood that the Debtor was a good faith, ordinary course purchaser of the Vehicles. It acquired the Vehicles in an effort to satisfy a debt, and thus took them subject to the liens of creditors. The Trustee is attempting to sell fully encumbered assets. Sales of assets in which the estate lacks equity are disfavored absent a carveout or similar agreement with secured creditors. *See, e.g.*, *In re KVN Corp., Inc.*, 514 B.R. 1 (9th Cir. B.A.P. 2014) (vacating and remanding bankruptcy court denial of sale with carveout agreement).

9. Second, Franklin objects to the Procedures and Buyer's Premium. The website referenced in the Sale Motion, 2bid4stuff.com, appears to be a general interest website. As of the afternoon of May 16, 2023, the website advertises sales for e.g. furniture, rugs, home appliances, coins, jewelry and antiques. The website does not appear to specialize in the sale of high-end automobiles, and Franklin does not believe it is appropriate forum for an auction. Moreover,

{2425/000/00555692}

Franklin objects to the Buyer's Premium. In light of the $2.7 million offer referenced by FVP, Franklin does not believe that the Auctioneer will provide additional value to the estate via an auction process with a *de facto* ten percent surcharge to bidders.

10. Third, Franklin objects to the surcharge proposed by the Trustee. Section 506(c) permits a trustee to surcharge "the reasonable, necessary costs and expensing of preserving, or disposing of, [collateral] to the extent of any benefit to the holder of [a secured] claim." 11 U.S.C. § 506(c). Case law is clear that a trustee seeking surcharge "must make more than generalized statements about hypothetical benefits resulting from the services provided by the trustee. The trustee must [instead] articulate with specificity how the services rendered improved the position of the secured creditor or enhanced the value of its collateral and identify the specific amount of benefit realized by the secured creditor." *In re Chariots of Palm Beach, Inc.*, 2019 WL 4744900, at *3 (Bankr. S.D. Fla., Sep. 27, 2019) (citations omitted). There is in other words no basis, either in the language of § 506(c) itself or relevant caselaw, to award the Trustee the percentage-based surcharge sought in the Motion.

11. For the reasons stated *supra*, the Court should not permit the sale of the Vehicles absent agreement between the Trustee and lienholders.

**C. Limited Objection to Abandonment.**

12. Finally, Franklin objects in a limited manner to the alternative relief requested in the Motion, that of abandoning the Vehicles to the Debtor and rejecting the lease of the warehouse at which they are stored.

13. Section 554(a) permits the trustee to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Vehicles are neither.

{2425/000/00555692}

4

14.     In particular, at the initial hearing on the Motion, FVP confirmed that it would pay the accruing insurance and storage fees for the Vehicles.  The adversary proceeding in which the ownership and lien priority of the Vehicles was being litigated, Adv. Proc. No. 22-01218-EPK, has also been abated pending further order of the Court.  *See* ECF No. 425 in Adv. Proc No. 22-01218-EPK (the "Adversary").  Given these developments, the estate is not coming out of pocket to maintain the Vehicles, and is not incurring litigation expenses over their ownership or secured status.  The Vehicles are not burdensome to the estate.

15.     The Vehicles also possess value to the estate.  The Debtor, as the predecessor in interest to the Trustee, attended a judicial settlement conference with FVP, Franklin and other parties in an effort to settle its claims to the Vehicles.  The parties have litigated the Adversary for the better part of one year.  As recently as May 10, 2023, FVP supported a carveout to the estate in a minimum amount of $200,000 in connection with a sale of the Vehicles.  In light of these matters of record, the estate's claims to the Vehicles possess substantial value.

16.     Absent a business justification for abandoning assets that: (a) are being maintained at no expense to the estate, and (b) have clear settlement value, abandonment is not appropriate under § 554.  This is particularly the case under the shortened timeframe proposed in the Sale Motion.

17.     For the avoidance of doubt, the position on abandonment articulated by Franklin is based on the dynamics present at this particular point in time, including: (a) the abatement of the Adversary, (b) the payment of insurance and storage expenses by FVP, and (c) the offer by FVP of a $200,000 carveout.  This response is being filed without prejudice to Franklin altering or amending its position on abandonment as circumstances in the case to develop.

WHEREFORE, Franklin respectfully requests the entry of an order: (a) denying the

{2425/000/00555692}

Motion, and (b) granting such other relief the Court deems appropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on May 16, 2023.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for Franklin
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
pdorsey@slp.law

By:   /s/ Patrick Dorsey
      Bradley S. Shraiberg, Esq.
      Florida Bar No. 121622
      Patrick Dorsey, Esq.
      Florida Bar No. 0085841

{2425/000/00555692}