**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                      CASE NO.:  22-15627-EPK
                                                            Chapter 7

**AUTO WHOLESALE OF BOCA, LLC,**

      **Debtor.**

_____/

**TRUSTEE'S EXPEDITED MOTION FOR ORDER AUTHORIZING**
**ASSUMPTION AND ASSIGNMENT OF WAREHOUSE LEASE AGREEMENT**
**AND WAIVING THE FOURTEEN (14) DAY STAY OF EFFECTIVENESS**
**PURSUANT TO BANKRUPTCY RULE 6006(D)**

**(Expedited Hearing Requested)**

**Reason for Request for Expedited Hearing**

The Trustee requests an expedited hearing on this Motion, on or
before **May 24, 2023**, because the Trustee expects to abandon all of
the property located at the leased premises and having determined
that this assumption and assignment is the best way to monetize the
lease for the benefit of the estate, seeks to avoid any further liability
or administrative rent for such premises or the Vehicles[1] located
there and, absent this assumption and assignment, the Trustee would
otherwise be required to immediately reject the Lease (resulting in
no benefit to the Estate).

Michael R. Bakst, Trustee (the "Trustee") in Bankruptcy for the estate ("Estate") of

Auto Wholesale of Boca, LLC (the "Debtor" or "AWB"), by and through undersigned counsel,

pursuant to 11 U.S.C. §365 seeks the entry of an order, on an expedited basis, authorizing the

assumption and assignment of the unexpired Warehouse Lease Agreement for the Debtor's storage

premises and waiving the fourteen (14) day stay of effectiveness pursuant to Federal Rule of

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion
[ECF No. 618].

Bankruptcy Procedure 6006(d) ("Motion"). In support of the Motion, the Trustee respectfully represents as follows:

### I. Summary of Requested Relief

Pursuant to 11 U.S.C. §365, the Trustee is seeking authority from the Court to assume and assign the Lease ("Lease"), attached hereto as Exhibit "1", dated November 12, 2021 for the Debtor's warehouse storage premises located at 5471 North Dixie Highway, Boca Raton, Florida 33487 (the "Premises"), to an entity to be formed on June 1, 2023 by Moshe Farache (the Debtor's principal)(the "Assignee").   Upon information and belief, the Lease is current and not in default. The Trustee is also seeking to waive the fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 6006(d) to accomplish the assignment as quickly as possible.

### II.  Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

2.      Venue is proper in this Court and jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.  Factual Background

3.      This bankruptcy proceeding was commenced on July 22, 2022 (the "Petition Date") pursuant to the filing of a voluntary petition under subchapter V of chapter 11 of the Bankruptcy Code by the Debtor, Auto Wholesale of Boca, LLC [ECF No. 1] (the "Petition").  Prior to the Petition Date, and prior to the conversion of this case, the Debtor was a licensed automobile dealer under Florida Law, and maintained two separate premises – one being the main office and the other being a warehouse facility located at 5471 N. Dixie Hwy, Boca Raton, Florida 33487 – the

Premises- at which the Vehicles have been stored.

4. Michael R. Bakst is the duly appointed and acting Chapter 7 Trustee.

5. As of the Petition Date, the Debtor was lessee under a Lease for rental of the Premises from 5471, LLC, a Florida limited liability company (the "Landlord"). The Lease commenced January 1, 2022, and has a termination date of December 31, 2026.

6. In addition, the Debtor lists on its Schedule A/B, Part 2, question 7, an asset consisting of its security deposit with the Landlord, in the amount of $21,289.29 (the "Deposit").

7. In anticipation of the abandonment of the Vehicles located at the Premises (and previously, the immediate rejection of the Lease and the Premises), the Trustee has received an offer from the Assignee, affiliated with the principal of the Debtor, to assume the Lease, including the rights to the Deposit thereunder, in exchange for a payment to the Estate of $21,289.29.

8. The Landlord consents to the proposed assumption and Assignment sought herein, subject to a one-year personal guaranty by Moshe Farache, which the Trustee understands Mr. Farache will give.

### IV. Relief Requested-Assumption and Assignment, and Applicable Authority

9. The Trustee seeks to monetize the Lease for the benefit of the Estate through its assumption and assignment pursuant to 11 U.S.C. §365.

10. Pursuant to 11 U.S.C. §365, a Trustee may assume and assign executory contracts and unexpired leases, provided certain statutory requirements are met. Specifically, 11 U.S.C. §365 provides that a Trustee, "subject to the Court's approval, may…assume any executory contract or unexpired lease of the Debtor. *See generally*, 11 U.S.C. §365(a).

11. Moreover, 11 U.S.C. §365 provides that the Trustee may assign any executory contract or unexpired lease subject to the assumption of the contract or lease and the adequate

3

assurance of future performance by the assignee of such contract or lease. *See generally,* 11 U.S.C. §365(f).

12.    The assignment of executory contracts and unexpired leases is governed by 11 U.S.C. § 365(f), which provides:

> (2)    The trustee may assign an executory contract or unexpired lease of the debtor only if –
>
> (A)    the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B)    adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

13.    Typically, however, if there has been a default on an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of assumption, the trustee (a) cures, or provides adequate assurance that it will promptly cure, such default; (b) compensates, or provides adequate assurance that it will promptly compensate, the non-debtor party to the agreement for any pecuniary loss resulting from such default; and (c) provides adequate assurance of future performance under the agreement  11 U.S.C. § 365(b)(1).

14.    As discussed above, though, upon information and belief, the Lease has been kept current and is not in default.

15.    In addition, as set forth herein, the Assignee will provide the Landlord with more than adequate assurance of future performance through the Guaranty.  *See Cinicola v. Scharfeenberger*, 248 F.3d 110, 210 (3d Cir. 2001) (*quoting In re Carlisle Homes, Inc.*, 103 B.R. 524 (Bankr. D.N.J. 1988)("the required assurance will fall considerably short of an absolute guarantee of performance.")

16.    Regardless, however, the Landlord consents to the assumption and Assignment

subject only to Mr. Farache's one-year personal guaranty.

17.     A decision to assume or reject a lease pursuant to § 365 must be based on the Trustee's business judgment. *See In re Gardinier, Inc*., 831 F.2d 974, 975 n.2 (11th Cir. 1987); *Richmond Leasing Co. v. Capital Bank, N.A*., 762 F.2d 1303, 1309 (5th Cir. 1985); *In re Taylor*, 913 F.2d 102 (3d Cir. 1990); *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp*., 872 F.2d 36 (3d Cir. 1989). The business judgment test is not a strict standard, and merely requires a showing that either assumption of rejection of the contract at issue will benefit the estate. *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd sub nom, NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984); *In re Chira,* 367 B.R. 888, 898 (S.D. Fla. 2007) ("Under the 'business judgment rule,' assumption is appropriate if the trustee can demonstrate that it will benefit the estate."), *aff'd* 567 F.3d 1307 (11th Cir. 2009).

18.     On a finding that a Trustee has exercised his sound business judgment in determining that assumption of an agreement is in the best interests of its estate, the court should approve the assumption under § 365(a). *See, e.g., In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); *In re TS Indus., Inc*., 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990); *In re Ionosphere Clubs, Inc*., 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989).

19.     The Trustee's assumption and assignment of the Lease to the Assignee is the only way to monetize the Estate's interest in the Lease, resulting in a benefit to the Estate of $21,289.29, which equals the amount of the Deposit.   Accordingly, the proposed assumption and Assignment represents a sound exercise of the Trustee's business judgment and should be approved as in the best interests of the Estates and parties in interest.

**REQUEST FOR IMMEDIATE RELEIF AND WAIVER OF STAY**

20.     Pursuant to Bankruptcy Rule 6006(d), the Trustee seeks a waiver of any stay of the effectiveness of an order granting this Motion.  Bankruptcy Rule 6006(d) provides that "an order authorizing the trustee to assign an executory contract or unexpired lease under §365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  The relief requested herein is essential to avoid any risk associated with property at the Premises, the potential accrual of unnecessary administrative expenses, and to monetize the Lease for the benefit of the Estate since the Trustee anticipates that he will be abandoning the Vehicles stored there to the Debtor.  Accordingly, the Trustee submits that ample cause exists to justify a waiver of the fourteen-day stay.

**RESERVATION OF RIGHTS**

21.     Notwithstanding anything herein, this Motion only seeks to assume and assign the Lease, attached hereto as Exhibit "1", and does not, nor shall it, nor any of the Exhibits, be deemed or otherwise construed as (a) an admission as to the validity of any claim within or against the Estate; (b) a waiver of the Trustee's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; or (d) a waiver, release, discharge, assignment, or settlement of any claim, action, cause of action, damages, compensation, as against any individual or entity, including, without limitation, Moshe Farache or the Assignee.

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested herein and authorize the Trustee to assume and assign the Lease to the Assignee, approve of the assignment subject to the reservation of rights herein,  waive the fourteen day stay, and grant any other or further relief that this Court deems just and proper.

Dated: May 18, 2023

GREENSPOON MARDER, LLP

/s/ *Rilyn A. Carnahan, Esq.*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar Number: 614831
Attorneys for the Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T: (561) 838-4557
F: (561) 514-3457
Email: rilyn.carnahan@gmlaw.com

## CERTIFICATE OF SERVICE

I certify that on May 18, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated on the Manual Service List below.

/s/ *Rilyn A. Carnahan*
Rilyn Carnahan

**Mailing Information for Case 22-15627-EPK**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael R Bakst**   efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386 @gmlaw.com;efileu1857@gmlaw.com;efileu3163@gmlaw.com;efileu3214@gmlaw.co m;efileu3291@gmlaw.com
- **Michael R. Bakst**   efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386

@gmlaw.com;Melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3214@gmlaw.com

- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Marc E Brandes**    mbrandes@kfb-law.com, bvillalobos@kfb-law.com
- **John M Brennan**    jack.brennan@gray-robinson.com, jessica.rolon@gray-robinson.com
- **Jerrell A Breslin**    jb@jsjb.law, eservice@jsjb.law
- **Melissa A. Campbell**    mcampbell@bakerdonelson.com, achentnik@bakerdonelson.com;cranderson@bakerdonelson.com;bkcts@bakerdonelson.com
- **Rilyn A Carnahan**    rilyn.carnahan@gmlaw.com, efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1094@gmlaw.com;melissa.bird@gmlaw.com;efileu2831@gmlaw.com
- **Alan R Crane**    acrane@furrcohen.com, rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com
- **Patrick R Dorsey**    pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
- **C Craig Eller**    celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Jay L Farrow**    jay@farrowlawfirm.com
- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **Jonathan S. Feldman**    feldman@katiephang.com, service@katiephang.com
- **Scott C Gherman**    sgherman@scottghermanpa.com
- **Daniel Gielchinsky**    dan@dgimlaw.com, colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com
- **Travis A Harvey**    tharvey@butler.legal
- **Michael J. Harwin**    mharwin@stearnsweaver.com
- **Michael S Hoffman**    Mshoffman@hlalaw.com, hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com;mkennady@hlalaw.com
- **Dana L Kaplan**    dana@kelleylawoffice.com, cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Amanda Klopp**    amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Philip J Landau**    phil@landau.law, plandau@ecf.courtdrive.com;diane@landau.law;dlocascio@ecf.courtdrive.com
- **Linda Marie Leali**    trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net
- **Michael D Lessne**    michael@lessne.law
- **David B Marks**    brett.marks@akerman.com, charlene.cerda@akerman.com
- **Cory Mauro**    cory@maurolawfirm.com, paralegal@maurolawfirm.com;evan@maurolawfirm.com

8

- **Nicole Testa Mehdipour**    nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**    Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
- **James B Miller**    bkcmiami@gmail.com
- **James C. Moon**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **John E Page**    jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
- **Eric S Pendergraft**    ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Patricia A Redmond**    predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com
- **Ryan C Reinert**    rreinert@shutts.com, jheard@shutts.com
- **Jason S Rigoli**    jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
- **Ezequiel Joseph Romero**    romeroe@bryancave.com, zeke.romero30@gmail.com
- **Carlos E. Sardi**    carlos@sardilaw.com, carlos@ecf.courtdrive.com;sardi.carlose.b110401@notify.bestcase.com
- **Zach B Shelomith**    zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com
- **Bradley S Shraiberg**    bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Eric J Silver**    esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R. Softness**    david@softnesslaw.com
- **Christian Somodevilla**    cs@lss.law, info@lss.law;cs@ecf.courtdrive.com;mch@lss.law
- **David M Unseth**    dmunseth@bclplaw.com
- **Harry Winderman**    harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
- **Ryan Mitchell Wolis**    rwolis@stearnsweaver.com, valfonso@stearnsweaver.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

9

**ACE Insurance Company of the Midwest a/s/o Richard Greenberg**
Kramer, Green, Zuckerman, Greene & Buchs
4000 Hollywood Boulevard
Suite 485-S
Hollywood, FL 33021

**Chapford Credit Opportunities Fund LP**
c/o Scott Rose
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131

**Chapford Specialty Finance LLC**
c/o Scott Rose
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131

**Jason J. DeJonker**
161 North Clark Street, Suite 4300
Chicago, IL 60601

**Joel D. Glick**
Berkowitz Pollack Advisors and CPA
200 S Biscayne Blvd., 7 floor
Miami, FL 33131

**Jarret Hitchings**
301 S. College Street, Suite 2150
Charlotte, NC 28202

**Soneet Kapila**
1000 S Federal Hwy #200
Fort Lauderdale, FL 33316

**Alan Lester Raines**
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431

**John R. Schreiber**
111 E. Wisconsin Ave. Suite 1400
Milwaukee, WI 53202

**Vanessa Dawn Sloat-Rogers**
6409 Congress Ave., Suite 100
Boca Raton, FL 33487

**Steven William Wells**

229 Warner Road
Lancaster, NY 14086

**Harry Winderman**
One Boca Place, Suite 218A
2255 Glades Road
Boca Raton, FL 33431

**5471, LLC**
509 N.W 55th Terrace
Boca, Raton FL 33487

**Mary D. Lafuente, Trustee**, as registered agent for
5471, LLC
509 N.W. 55th Terrace
Boca Raton, FL  33487

**Auto Wholesale of Boca, LLC**
6560 West Rogers Circle, Suite B-27
Boca Raton, FL 33487

**Auto Wholesale of Boca, LLC**
6560 West Rogers Circle, Suite B-27
Boca Raton, FL 33487

**Franklin Capital Funding, LLC**
c/o Shraiberg Page, PA
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431

**Hi Bar Capital, LLC**
c/o Bryan Cave LLP
200 South Biscayne Boulevard
Suite 400
Miami, FL 33131

**Karma of Palm Beach, Inc.**
c/o Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431

**Jerrell A Breslin**
169 East Flagler St., Ste. 700
Miami, FL 33131

**David R. Softness**
201 South Biscayne Blvd
Suite 2740
Miami, FL 33131

**Ezequiel Joseph Romero**
Bryan Cave LLP
200 South Biscayne Boulevard
Suite 400
Miami, FL 33131

**David M Unseth**
211 N. Broadway, Suite 3600
St. Louis, MO 63102

**Alan Lester Raines**
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431

**Vanessa Dawn Sloat-Rogers**
6409 Congress Ave., Suite 100
Boca Raton, FL 33487

**FVP Servicing, LLC**
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131

**Benidt Investments/Slinger, LLC**
c/o Eric J Silver
150 West Flagler Street
Miami, FL 33130

**Auto Wholesale of Boca, LLC**
c/o Moshe Farache, Managing Member
6560 West Rogers Circle
Suite B27
Boca Raton, FL 33487

**All Creditors on the Court's Official Mailing Matrix attached hereto**

Label Matrix for local noticing
113C-9
Case 22-15627-EPK
Southern District of Florida
West Palm Beach
Thu May 18 10:39:16 EDT 2023

ACE Insurance Company of the Midwest a/s/o R
Kramer, Green, Zuckerman, Greene & Buchs
4000 Hollywood Boulevard
Suite 485-S
Hollywood, FL 33021-6786

Arby Lipman, LLC
c/o C. Cory Mauro
1001 Yamato Road, Suite 401
Boca Raton, FL 33431-4445

Auto Wholesale of Boca, LLC
6560 West Rogers Circle, Suite B-27
Boca Raton, FL 33487-2746

BAL INVESTMENTS, LLC
Baker Donelson, et al.
200 S. Orange Ave., Ste. 2900
Orlando, FL 32801-3448

BAL INVESTMENTS, LLC
c/o Travis Harvey, Esq.
Baker Donelson, et al.
100 S.E> Third Ave., Ste 1620
Fort Lauderdale, FL 33394

BENIDT INVESTMENTS/SLINGER, LLC
c/o Eric J. Silver, Esq.
150 West Flagler Street
Suite 2200
Miami, FL 33130-1545

Chapford Credit Opportunities Fund LP
c/o Scott Rose
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

Chapford Specialty Finance LLC
c/o Scott Rose
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

Express Emergency Services, Inc.
Scott C Gherman P.A.
c/o Scott C Gherman P.A.
902 Clint Moore Rd. Ste 120
Boca Raton, FL 33487-2846

FVP Investments, LLC
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131-4332

FVP Opportunity Fund III, LP
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131-4332

FVP Servicing, LLC
c/o David R. Softness, Esq.
201 South Biscayne Boulevard #2740
Miami, FL 33131-4332

Farache Enterprises, Inc.
c/o Scott C Gherman P.A.
902 Clint Moore Rd., Ste 120
Boca Raton, FL 33487-2846

Franklin Capital Funding, LLC
c/o Shraiberg Page, PA
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431-8530

Graves Directional Drilling Inc. a/k/a Grave
c/o Kelley, Fulton, Kaplan & Eller PL
1665 Palm Beach Lakes Blvd.,Ste. 1000
West Palm Beach, FL 33401-2109

Hi Bar Capital, LLC
c/o Ezequiel J. Romero
200 South Biscayne Boulevard, Suite 400
Miami, FL 33131-5354

KARMA OF PALM BEACH, INC.
c/o Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7391

Karma of Broward, Inc.
c/o Weiss Handler & Cornwell, PA
2255 Glades Road
Suite 205-E
Boca Raton, FL 33431-7391

M & M Development Consultants LLC.
c/o Scott C Gherman P.A.
902 Clint Moore Road
Suite 120
Boca Raton, FL 33487-2846

Mazel Tov, Inc.
c/o Scott C Gherman P.A.
902 Clint Moore Rd., Ste 120
Boca Raton, FL 33487-2846

Quad Funding Partners, LLC
c/o Eric Nicholsberg
3303 W. Commercial Blvd.
Suite 190
Fort Lauderdale, FL 33309-3412

Road Rich, LLC d/b/a Road Rich Motors
c/o Kelley, Fulton, Kaplan & Eller PL
1665 Palm Beach Lakes Blvd., Ste. 1000
West Palm Beach, FL 33401-2109

Shaneandninamt, LLC
c/o Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7391

Wing Lake Capital Partners f/k/a Franklin Ca
c/o Shraiberg Page, PA
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431-8530

Woodside Credit, LLC
c/o Zach B. Shelomith, Esq.
2699 Stirling Rd # C401
Fort Lauderdale, FL 33312-6598

40 Financial Services
1000 Vereda Del Ciervo Goleta
Goleta, CA 93117-5304

5471, LLC
5471 North Dixie Highway
Boca Raton, FL 33487-4905

A Car Leasing LTD Inc.
PO Box 9000
Lutherville Timonium, MD 21094-9000

Allie Bank
4515 N. Santa Fe Ave. Dept APS
Oklahoma City, OK 73118-7901

Ally Financial
PO Box 8110
Cockeysville, MD 21030-8110

Amir Robert Wasiullah
5662 NW. 30th Ave.,
Boca Raton, FL 33496

Anthony Linden Burnham
24204 Calvert Street
Woodland Hills, CA 91367-1111

Antonio Batista
1961 Brandywine Road
West Palm Beach, FL 33409-8001

Apple 3 Investments, Inc.
1001 Clint Moore Road, Suite 101
Boca Raton, FL 33487-2830

Arby Lipman, LLC and Arby Lipman
c/o C. Cory Mauro, Esq.
Mauro Law, P.A.
1001 Yamato Road, Suite 401
Boca Raton, FL 33431-4445

Augusta Audatte
1254 NW. 102nd Way
Coral Springs, FL 33071-3908

Auto Sport Group
141 NW 20th St., H-13
Boca Raton, FL 33431-7965

Automotive Service Systems, Inc.
6023 Town Colony Dr, Suite 223
Boca Raton, FL 33433-1957

Bal Investments
1114 Ashton Trace
Atlanta, GA 30319-2681

Bassem Boutris Maximos
2909 N Island Dr.,
Seabrook, TX 77586-1637

Benidt Investments/Slinger, LLC
c/o Michael J. Harwin, Esq.,
Stearns Miller Weissler Alhadeff
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, FL 33301-2238

C & K Auto Import South
1210 S. Andrews Ave.,
Pompano Beach, FL 33069-4617

Calvin Erbstein
4318 El Mar Drive
Lauderdale By The Lakes, FL 33308-5143

Carrio Motorcars
2300 North State Rd. 7
Fort Lauderdale, FL 33313-3722

Chad Scott Zankin
9098 Pintura Way
Boca Raton, FL 33496-1059

Chapford Credit Opportunities Fund LP
c/o Scott Rose, Esq.
201 Broad Street, Suite 500
Stamford, CT 06901-2004

Chapford Specialty Finance LLC
c/o Scott Rose, Esq.
201 Broad Street, Suite 500
Stamford, CT 06901-2004

Chase Farache
270 S Silver Palm Road
Boca Raton, FL 33432-7936

Daimler Trust LSR Rico Brothers Inc.
4911 Mason St.,
South Gate, CA 90280-3518

David Amsel
9712 Palma Vista Way
Boca Raton, FL 33428-3500

Dealer Souq USA LLC
1001 Clint Moore RD, Suite 101
Boca Raton, FL 33487-2830

Derek Clayton Stevens
1221 Hillsboro Mile 17 C
Hillsboro, FL 33062

Derek Stephens
c/o Allison B. Duffie, Esq.
Darin Wade Mellinger, Esq.,
12020 N. Federal Hwy, Suite 200
Boca Raton, FL 33432-2000

Derek Stephens
c/o C. Cory Mauro, Esq.
1001 Yamato Road, Suite 401
Boca Raton, FL 33431-4445

Driv Inc
1617 W. McNab Rd.,
Pompano Beach, FL 33069-4705

EAG Wholesale, LLC
1001 Clint Moore Rd, Suite 101
Boca Raton, FL 33487-2830

EEP Investments LLC
c/o David R Softness, Esq.
20 one S. Biscayne Blvd., Suite 2740
Miami, FL 33131

Ed Brown
152 Bears Club Dr.,
Jupiter, FL 33477-4203

Edward Brown
c/o Eyal Berger, Esq.
Akerman LLP
201 E Las Olas Blvd Ste 1800
Fort Lauderdale, FL 33301-4442

Elite Motorcars of Miami LLC
5700 NW. 27th Ave.,
Miami, FL 33142-2202

Elite Motors
1887 Whitney Mesa Dr., #4095
Henderson, NV 89014-2069

Eric Dore
c/o Jack Brennan, Esq.
Gray Robinson, P.A.
301 East Pine Street, Suite 1400
Orlando, FL 32801-2798

Excell Auto Finance, LLC
N/K/A Columbus Day Finance, LLC
1699 S Federal Highway, Suite 300
Boca Raton, FL 33432-7410

Excell Auto Group, Inc.
c/o Nicole Testa Mehdipour, Trustee
Law Office of Nicole Testa Mehdipour, PA
6278 North Federal Highway, Suite 408
Fort Lauderdale, FL 33308-1916

Excell Auto Sport and Service, Inc.
5471 N. Dixie Hwy, Suite 5
Boca Raton, FL 33487-4905

Express Emergency Services Inc
5050 W Rogers Circle, Suite B27
Boca Raton, FL 33487

Express Emergency Services, Inc
c/o Scott C Gherman P.A.
902 Clint Moore Rd.,
Ste 120
Boca Raton, FL 33487-2846

FVP Investments, LLC
1201 Broadway, FL 7
New York, NY 10001-5656

FVP Opportunity Fund III, LP
325 Hudson Street, 4th Floor
New York, NY 10013-1045

FVP Servicing, LLC
777 Third Avenue, 17th Floor
New York, NY 10017-1304

Farache Enterprises Inc
6560 W Rogers Circle, Suite B27
Boca Raton, FL 33487-2746

Farache Enterprises, Inc.
902 CLINT MOOR RD, STE 120
Boca Raton, FL 33487-2846

Farache Enterprises, Inc.
902 CLINT MOORE RD, STE 120
Boca Raton, FL 33487-2846

Florida Department of Revenue
5050 W Tennessee Street
Tallahassee, FL 32399-0100

Frank Arthur Evans III
1800 Northwest Corporate Blvd., #31
Boca Raton, FL 33431-7336

Frank Arthur Evans III
4501 N Ocean Blvd, TH #3
Boca Raton, FL 33431-5310

Frank Arthur Evans III
c/o Howard Poznanski, Esq.
PO Box 970094
Coconut, FL 33097-0094

Franklin Capital
c/o Schraiberg Page, PA
Schraiberg Page, Suite 300
Boca Raton, FL 33431

Franklin Capital Funding, LLC
c/o Bradley S. Shraiberg, Esq.
Shraiberg Page, P.A.
2385 NW Executive Center Dr., #300
Boca Raton, FL 33431-8530

Franklin Capital Group, LLC
One Market Square Center
151 N. Delaware Street, Suite 1510
Indianapolis, IN 46204-2522

Franklin Capital Management, LLC
P.O. Box 7642
Jupiter, FL 33468-7642

Frederick Hall
c/o Richard Corey, Esq.
The Law Offices of Richard Corey, PLLC
915 Middle Rover Drive, Suite 414
Fort Lauderdale, FL 33304-3561

Genco Auto Sales
7436 NW. 55th St.,
Miami, FL 33166-4218

Graves Directional Drilling Inc.
7670 Circle Dr.,
Young Harris, GA 30582-1531

Gustavo Henrique Sampson Couto
22312 Whistling Pines Ln.,
Boca Raton, FL 33428-3842

Hi Bar Capital, LLC
c/o Mark J. Wolfson, Esq.
Foley & Larder, LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810

Hitfigure, LLC dba iLusso (Hitfigure)
2115 Harbor Blvd.,
Costa Mesa, CA 92627-2528

Internal Revenue Service
51 S.W. First Ave.
Miami, FL 33130-1699

Internal Revenue Service
P.O. Box 1302
Charlotte, NC 28201-1302

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

Israel Hechter
16699 Collins Ave., Apt. 2303
Sunny Isles, FL 33160-5418

Jay L Farrow, Esq.
Farrow Law, P.A.
4801 S University Dr Ste 260
Davie, FL 33328-3836

KURKIN FOREHAND BRANDES LLP
18851 NE 29th Avenue, Suite 303
Aventura, Florida 33180
E-mail:  mbrandes@kfb-law.com 33180-2813

KZ Consultants, Inc.
16937 Pierre Cir
Delray Beach, FL 33446-3693

Karma of Broward, Inc.
1717 SE 17th St
Fort Lauderdale, FL 33316-3013

Karma of Broward, Inc.
c/o Weiss, Handler & Cornwell, PA
2255 Glades Road, Suite 205E
Boca Raton, FL 33431-7391

Karma of Palm Beach, Inc.
1001 Clint Moore Rd, Suite 101
Boca Raton, FL 33487-2830

Kimberly Siobhan Edwards and
Gregory di Maria
9938 Equys Circle
Boynton Beach, FL 33472-4320

Kristen Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Kukin Forehand Brandes LLP
18851 NE 29th Ave Suite 303
Aventura, FL 33180-2813

Lavish Hero Fund, Inc.
1001 Clint Moore Road
Boca Raton, FL 33487-2830

Leslie Ramsammy Jr
8 Jareds Path
Brookhaven, NY 11719-9437

Lisa Farache
270 S Silver Palm Road
Boca Raton, FL 33432-7936

Luxury Lease Company
c/o Mark Brandes, Esq.
Kukin Forehand Brandes LLP
18851 NE 29th Avenue, Suite 303
Aventura, FL 33180-2813

Luxury Lease Partners LLC
c/o Chris Moscatello
210 Summit Ave, Suite C4
Montvale, NJ 07645-1500

M & M Development Consultants LLC
6560 W Rogers Circle, Suite B27
Boca Raton, FL 33487-2746

Mazel Tov Inc
6560 W Rogers Circle, Suite B27
Boca Raton, FL 33487-2746

Michael Halperin
c/o Phillip Landau, Esq.
3010
N Military Trail, Suite 318
Boca Raton, FL 33432

Milko Atwater
c/o D Brett Marks, Esq.
201 E. Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301-4442

Miss Kriss, LLC
7349 Serrano Terrance
Delray Beach, FL 33446-2215

Moshe Farache
270 S Silver Palm Road
Boca Raton, FL 33432-7936

NY Restoration & Remodeling
1501 NW 22nd Ct #21-22
Pompano Beach, FL 33069-1301

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Omar Peru
6178 NW. 31st Ave.,
Boca Raton, FL 33496-3374

Osvaldo Marin Delgado & Nicole Ramir
220 Cypress Bayou Lane
Kenner, LA 70065-6600

Phil Gorey
195 W. Alexander Palm Rd.,
Boca Raton, FL 33432-8602

Porsche Financial Services, Inc.
One Porsche Drive
Atlanta, GA 30354-1654

Premier Financial Services LLC
47 Sherman Hill Rd.,
Woodbury, CT 06798-3649

Presidential Leasing Inc.
3201 S. Federal Highway
Delray Beach, FL 33483-3223

Prestige Luxury Cars LLC
70 SE. 4th Ave.,
Delray Beach, FL 33483-4514

Prestige Luxury Cars LLC
c/o Thomas Zeichmann, Esq.
2385 Executive Center Drive
Boca Raton, FL 33431-8579

Richard Applegate
c/o Jordan L Rappaport, Esq.
Squires Building
1300 N. Federal Highway, Suite 203
Boca Raton, FL 33432-2848

Richard Scott Greenberg
7120 Lionshead Ln.,
Boca Raton, FL 33496-5937

Road Rich LLC d/b/a Road Rich Motors
c/o Kelley, Fulton & Kaplan, PL
1665 Palm Beach Lakes Blvd., Ste 1000
West Palm Beach, FL 33401-2109

Road Rich Motors
770 W 17th St, Unit 3
Costa Mesa, CA 92627-4374

Robert O'Connell, Jr.
1160 SW. 20th Ave
Boca Raton, FL 33486-8509

Roman Temkin & Natalia Vlasova
16901 Collins Ave., Apt. 4601
Sunny Isles Beach, FL 33160-5356

Royal Premium Budget Inc
8501 Wade Blvd, Suite 620
Frisco, TX 75034-6268

SC&J II, LLC
6560 West Rogers Circle, Suite 27
Boca Raton, FL 33487-2746

SC&J II, LLC
6560 West Rogers Circle, Suite B27
Boca Raton, FL 33487-2746

Samuel Stephen Pany
1251 SW. 17th St.,
Boca Raton, FL 33486-6628

Santander Bank
101N Melville
Melville, NY 11747

Savannah Row A.k.a. Steven Gelb
30 S. E. 15th Ave.,
Boca Raton, FL 33432

Scott Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

Shrayber Land
15700 Dallas Parkway, Suite 11
Dallas, TX 75248-3306

Stephane Wmile Charles Haddad
480 N. E. 31st St., PH 5402
Miami, FL 33137-5224

Stephen Graves
7670 Circle Dr.,
Young Harris, GA 30582-1531

Stephen Mark Stoliker Jr.
21849 Cypress Palm Court
Boca Raton, FL 33428-2938

Stratford Specialty Finance LLC
c/o James C Moon, Esq.
200 South Biscayne Blvd. Suite 3200
Miami, FL 33131-5323

Tavere St Michael Johnson
10940 Moore Dr.,
Parkland, FL 33076-4849

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Wells Fargo
PO Box 9000
Lutherville Timonium, MD 21094-9000

William John MacFarlane
6780 NW. 81st Terrace
Parkland, FL 33067-1054

William Perry Dilley II, Esq.
Dilley Trial Law, PLLC
401 E Las Olas Blvd Ste 1400
Fort Lauderdale, FL 33301-2218

Woodside Credit, LLC
895 Dove St, Suite 100
Newport Beach, CA 92660-2944

Woodside Credit, LLC
c/o Christian Somodevilla
2 South Biscayne Boulevard,
Suite 2200
Miami, FL 33131-1804

Woodside Credit, LLC
c/o Zach B. Shelomith, Esq.
2699 Stirling Rd #C401
Ft. Lauderdale, FL 33312-6598

World Imports USA Inc.
11650 Beach Blvd.,
Jacksonville, FL 32246-6605

Zachary Scott Nelson
19542 Estuary Dr.,
Boca Raton, FL 33498-6201

Zhao Min Duan
18558 Gale Ave., #338
Rowland Heights, CA 91748-1394

Calvin Erbstein
c/o Scott C Gherman P.A.
902 Clint Moore Road
Suite 120
Boca Raton, FL 33487-2846

Chase Farache
c/o Scott C Gherman P.A.
902 CLINT MOOR RD, STE 120
Boca Raton, FL 33487-2846

Derek Stephens
c/o C. Cory Mauro
1001 Yamato Road, Suite 401
Boca Raton, FL 33431-4445

Edvard Dessalines
c/o John E. Page
2385 NW Executive Center Dr, Suite 300
Boca Raton, FL 33431-8530

Edward Brown
c/o D. Brett Marks
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301-4442

Eric Dore
GrayRobinson
301 E. Pine Str
Suite 1400
Orlando, FL 32801-2798

Frank A. Evans, III
c/o Ryan C. Reinert
4301 W. Boy Scout Blvd., Suite 300
Tampa, FL 33607-5716

James B Miller
19 W Flagler St #416
Miami, FL 33130-4419

Jarret Hitchings
301 S. College Street, Suite 2150
Charlotte, NC 28202-6000

Jason J. DeJonker
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315

Joel D. Glick
Berkowitz Pollack Advisors and CPA
200 S Biscayne Blvd., 7 floor
Miami, FL 33131-2310

Jonathan S. Feldman
Phang & Feldman, P.A.
2 South Biscayne Blvd., Ste. 1600
One Biscayne Tower
Miami, FL 33131-1803

Lisa Farache
c/o Michael Lessne
100 S.E. 3rd Ave., 10th Floor
Fort Lauderdale, FL 33394-0002

Marc Brandes
Kurkin Forehand Brandes LLP
18851 NE 29 Avenue
Suite303
Suite303
Aventura, FL 33180-2808

Michael Halperin
c/o Philip Landau
Landau Law, PLLC
3010 N. Military Trail
Suite 318
Boca Raton, FL 33431-6300

Michael R Bakst
P. O. Box 407
West Palm Beach, FL 33402-0407

Michael S Hoffman
909 North Miami Beach Blvd #201
Miami, FL 33162-3712

Moshe Farache
c/o Michael Lessne
100 S.E. 3rd Ave., 10th Floor
Fort Lauderdale, FL 33394-0002

Nicole Mehdipour
6278 N Federal Hwy
1110
Fort Lauderdale, FL 33308-1916

Omar Periu
c/o Carlos E. Sardi
225 Alcazar Avenue
Coral Gables, FL 33134-4401

SCOTT C. GHERMAN
Scott C Gherman P.A.
902 CLINT MOOR RD, STE 120
Boca Raton, FL 33487-2846

Soneet Kapila
1000 S Federal Hwy #200
Fort Lauderdale, FL 33316-1237

Steven William Wells
229 Warner Road
Lancaster, NY 14086-1040

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Bank National Association
425 Walnut Street
Cincinnati, OH 45202

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

(d)Express Emergency Services, Inc.
c/o Scott C Gherman P.A.
902 Clint Moore Rd., Ste 120
Boca Raton, FL 33487-2846

(d)FVP Investments, LLC
c/o David R. Softness, Esq.
201 South Biscayne Boulevard, #2740
Miami, FL 33131-4332

(d)FVP Opportunity Fund III, LP
c/o David R. Softness, Esq.
201 South Biscayne Boulevard, #2740
Miami, FL 33131-4332

(d)FVP Servicing, LLC
c/o David R. Softness, Esq.
201 South Biscayne Boulevard, #2740
Miami, FL 33131-4332

(d)Mazel Tov Inc.
c/o Scott C Gherman P.A.
902 Clint Moore Rd.
Ste 120
Boca Raton, FL 33487-2846

(d)Mazel Tov Inc.
c/o Scott C Gherman P.A.
902 Clint Moore Rd., Ste 120
Boca Raton, FL 33487-2846

(d)Quad Funding Partners, LLC
c/o Eric Nicholsberg
3303 W. Commercial Blvd.
Suite 190
Fort Lauderdale, FL 33309-3412

(d)Woodside Credit, LLC
c/o Zach B. Shelomith, Esq.
2699 Stirling Rd # C401
Fort Lauderdale, FL 33312-6598

(d)Arby Lipman
c/o C. Cory Mauro
1001 Yamato Road, Suite 401
Boca Raton, FL 33431-4445

(d)Moshe Farache
c/o Michael Lessne
100 S.E. 3rd Ave., 10th Floor
Fort Lauderdale, FL 33394-0002

(d)Scott Zankl
16937 Pierre Circle
Delray Beach, FL 33446-3693

End of Label Matrix
Mailable recipients   173
Bypassed recipients    12
Total                 185

# EXHIBIT "1"

## COMMERCIAL LEASE

**THIS LEASE** is made and executed by and between **5471, LLC, a Florida limited liability company** (hereinafter, the "LANDLORD"), and **AUTO WHOLESALE OF BOCA, LLC, a Florida Corporation** (hereinafter, the "TENANT").

1. **DESCRIPTION OF PREMISES.** **LANDLORD** hereby leases to **TENANT**, and **TENANT** hereby hires from **LANDLORD**, the premises identified in Exhibit "A" attached hereto and made a part hereof, having an approximate total square footage of 10,220 SF feet (the "Premises"), which is located at 5471 North Dixie Highway, Boca Raton, Florida 33487 (the "Building"), under the terms and conditions that follow.

2. **TERM.** The "Initial Term" of this Lease shall commence on **1/1/2022** (the "Commencement Date"), and end on **12/31/2026** (the "Termination Date").

3. **RENT.** The "Rent" which includes the "Minimum Base Rent" as set forth hereinbelow, is due throughout the Term of this Lease shallbe as follows:

| Months | Base Monthly Rent | Taxes | Total Rent |
|--------|-------------------|-------|------------|
| 1 to 12 | $9,682.82 | $629.38 | $10,312.20 |
| 13 to 24 | $9,973.01 | $648.24 | $10,621.25 |
| 25 to 36 | $10,272.50 | $667.71 | $10,940.21 |
| 37 to 48 | $10,580.67 | $687.74 | $11,268.41 |
| 49 to 60 | $10,898.10 | $708.37 | $11,606.47 |

The base rent is based on rent of $11.36 per/sf and does not include sales tax. In addition to the base rent, Tenant shall pay sales tax to Landlord on a monthly basis at a rate of 6.5% on the base monthly rent due, as may be amended from time to time. The base monthly rent and sales tax is due on the **First** day of each month. Rent payments shall be made out to: **5471, LLC** and delivered or mailed to Mary Lafuente at 509 N.W. 55th Terrace, Boca Raton, Florida 33487.

Tenant acknowledges the total monthly rent is due and payable on the first of each month, and that 5% late fee will be charges for all rents received after the fifth of the month, due and payable automatically as additional rent, without necessity of notice to TENANT.

4. **RENT INCREASES.** Commencing on the second year of the initial five (5) year term, and any subsequent term the lease may be extended, the rent shall increase by 3% yearly.

5. **RENEWAL.** Provided TENANT is not in default under any term of this Lease, TENANT shall have the option to extend this lease for one (1) additional term of five (5) years. If TENANT chooses to exercise this Option, TENANT shall provide to LANDLORD notice of its intent by certified mail, no less than ninety (90) days prior to the end of the original term of the lease.

6. **RIGHT OF FIRST REFUSAL.** In addition to the Option to Renew contained in Paragraph 5, the Landlord hereby grants Tenant the first right of refusal to

execute a new lease for the Premises after this Lease and renewal term shall expire. The additional will be available only if Landlord elects to lease the Premises again. The annual rent in effect at the expiration of Tenants lease shall be adjusted to reflect the current fair market value for comparable space in Boca Raton, Florida and/or Palm Beach County, Florida and at Landlords sole and absolute discretion. Landlord shall advise Tenant of the new annual rent for the Premises no later than thirty (30) days after receipt of Tenant's written request, therefore.

7.    **SECURITY DEPOSIT AND PRE-PAID RENT.** TENANT acknowledges that on or before execution of this Lease, the **TENANT** shall deliver the following payments to the **LANDLORD**:

A.    Tenant hereby waives the requirement that all sums paid as advanced rent shall be held in a separate bank account for the benefit of Tenant and acknowledges that all sums be delivered to Landlord without any restrictions whatsoever except as otherwise provided in this Lease.

B.    Upon execution of this Lease, **TENANT** deliver to **LANDLORD** a Security Deposit in the amount of **TWENTY-ONE THOUSAND TWO HUNDRED EIGHT-NINE AND 29/100   ($21,289.29)[1] DOLLARS**, less any applicable credits, which **LANDLORD** shall retain under the terms of this Lease as a security deposit herein, subject to the terms of this paragraph, as security for **TENANT**'s faithful and timely performance of this Lease. **LANDLORD** is not obligated to apply the Security Deposit to Rent or other charges in arrears, or to damages for **TENANT**'s failure to perform the Lease. However, **LANDLORD** may so apply the Security Deposit, at its sole option, and its right to possession of the Premises for nonpayment of Rent or for any other reason shall not, in that event, be affected by reason of the fact that it holds this Security Deposit. The Security Deposit, if not otherwise applied toward payment of arrearages or damages as herein provided, shall be returned to **TENANT** when this Lease Term expires, after **TENANT** has vacated the Premises and delivered possession thereof to **LANDLORD** in the same condition as of the Commencement Date, reasonable wear and tear excepted.

C.    Upon execution of this Lease, **TENANT** shall pay **LANDLORD** the sum of **TEN THOUSAND THREE HUNDRED TWELVE AND  20/100 ($10,312.20.) DOLLARS**, which includes applicable Florida Sales and Use Tax (the "Pre-Paid Rent"), which **LANDLORD** shall apply towards the payment of the Rent (the Minimum BaseRent and Additional Rent) for the first month of the Term of this Lease.

If **LANDLORD** repossesses the Premises because of **TENANT**'s default or breach, it may apply the Security Deposit to any damages suffered by **LANDLORD** by reason of such default or breach.

---

[1] Security Deposit shall equal one months' base rent ($9,682.82, excluding tax) and the last months' rent and applicable taxes ($11,606.47.)

Page **2** of **16**

8.    **ADDITIONAL RENT**. In addition to the Rent and all other charges specified herein, **TENANT** agrees to pay the following, as "Additional Rent" (plus all applicable sales, use or other taxes due thereon):

    A.    **TAXES**. **TENANT** shall pay before delinquency any and all taxes levied or assessed on **TENANT**'s fixtures, equipment and personal property located in and/or placed at the Premises, whether or not affixed to the realproperty.

9.    **GUARANTY**. Upon execution of this Lease, **LANDLORD** shall cause **MOSHE FARACHE** (the "Guarantor") to execute that certain Guaranty in favor of **TENANT** in the form attached as Exhibit "B" hereto and made a part hereof (the "Guaranty").

10.    **USE OF PREMISES - GENERALLY**. The Premises are leased to be used only and exclusively as an **AUTOMOTIVES SALES SERVICE AND REPAIR facility**, and for no other purpose. **TENANT** agrees to restrict its use to such purposes, and not to use, or permit the use of the Premises for any other purpose, without first obtaining the consent in writing of **LANDLORD**. On its part, **LANDLORD** expressly covenants and agrees that such consent shall not be unreasonably or arbitrarily refused, but one consent by **LANDLORD** shall not be deemed to be consent to a subsequent, different use of the Premises. **TENANT** agrees not to store any materials, supplies, pallets or unlicensed vehicles or auto parts in parking area of the building. All business and service activities are to be confined to the interior of Premises. If **TENANT** fails to comply with the above, **LANDLORD** shall have the right comply at the expense of **TENANT**, and the same shall be deemed to be a material default under the terms of this Lease.

11.    **NO USE THAT INCREASES INSURANCE RISK**. **TENANT** shall not use the Premises in any manner, even in its use for the purposes for which the Premises are leased, that will increase risks covered by insurance on the Premises and/or increase the rate of insurance on the Premises, and/or to cause cancellation of any insurance policy covering the Premises. **TENANT** further agrees not to keep on the Premises, or permit to be kept, used, or sold thereon, anything prohibited by applicable law and/or **LANDLORD**'s policy of hazard insurance covering the Premises. **TENANT** shall comply, at its own expense, with all requirements of **LANDLORD**'s insurers, necessary to keep in force the hazard and public liability insurance covering the Premises.

12.    **NO WASTE, NUISANCE OR UNLAWFUL USE**. **TENANT** shall not commit, or allow to be committed, any waste on the Premises, create or allow any nuisance to exist on the Premises, or use orallow the Premises to be used for any unlawful purpose.

13.    **DELAY IN DELIVERING POSSESSION**. This Lease shall not be rendered void or voidable by **LANDLORD**'s inability to deliver possession to **TENANT** at the Commencement Date; nor shall such inability to deliver render **LANDLORD** liable to **TENANT** for loss or damage suffered thereby. If **LANDLORD** cannot deliver the Premises at such time, the Rent for the period between the Commencement Date and the time when **LANDLORD** actually delivers possession shall be deducted from the total Rent of the Lease. No extension of the Lease shall result from a delay in delivering possession.

14. **DELIVERY, ACCEPTANCE AND SURRENDER OF PREMISES; COMPLIANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990.** TENANT agrees to accept the Premises on possession "AS IS", and further agrees to surrender the Premises to **LANDLORD** at the end of the Lease term, or of extension thereof, in at least the same condition as when **TENANT** took possession, allowing for reasonable use and wear. In addition, it shall be the exclusive responsibility of **TENANT** to assure that the Premises, the immediately adjacent exterior areas, and all approaches and accesses to the Premises, comply with the requirements of the Americans with Disabilities Act of 1990.

**TENANT** acknowledges that prior to the execution of this Lease, it has had the opportunity to inspect the Premises, and to, among other things, verify **LANDLORD's** calculation of the square footage of the Premises. Accordingly, the square footage of the Premises has been conclusively determined by the parties. **TENANT** further acknowledges and agrees that notwithstanding any variance which might ultimately be determined to exist in the size or dimension of the Premises, **TENANT's** Rent and Additional Rent shall not vary from the amounts specified herein, said amounts being based upon the nature, configuration and location of the Premises, and not based upon the actual rentable square footage of the Premises.

**TENANT** agrees that any and all equipment installed in or on, or operating in the Premises, including, but not limited to the air conditioning system, is taken and accepted by **TENANT** in its "As-Is" condition and state of repair as of the inception of this Lease. **TENANT** agrees further that it shall be solely responsible for all repairs to said equipment, as well as to replace said equipment in the event that it cannot be repaired.

**TENANT** shall remove all business signs or symbols placed on the Premises by **TENANT**, before redelivery of the Premises to **LANDLORD**, and shall restore the portion of the Premises on which they were placed to the same condition as before their placement.

15. **ENVIRONMENTAL LAWS.** TENANT shall strictly comply with all local, state and federal environmental laws and regulations. In the event TENANT violates any such laws, the LANDLORD may terminate this Lease. TENANT shall remain liable for the cleanup of any such violation and for any other costs, fines or penalties based upon such violation. TENANT shall take precautions customary to the automotive repair industry to protect property from contamination caused by hazardous materials. Tires, batteries, and similar items shall be disposed of properly and shall not be stored outside.

16. **REPAIRS, MAINTENANCE, HURRICANE PREPARATIONS.** TENANT, at its sole cost and expense, shall maintain and keep the Premises, including, without limitation, air conditioning systems, windows, doors, skylights, and interior walls, in good and sanitary condition and repair. In particular, **TENANT** shall keep the front and the adjacent sidewalks and areas in front of, and behind the Premises, free from dirt and debris. **TENANT** shall ensure that no citations are issued from the applicable governmental agencies as a result of **TENANT's** failure to comply with this provision of the Lease. In addition, in the event of a tropical storm or hurricane affecting the area where the Premises are located, **TENANT** shall be responsible for protecting the Premises against all damage,

including, but not limited to, covering all window openings and all plate glass with properly installed hurricane-proof materials. LANDLORD, at its sole cost and expense, shall maintain the roof, building structure and parking lot.

17. **PAYMENT OF UTILITIES**. **TENANT** shall pay for all utilities furnished tothe Premises throughout the Term of this Lease and any extension thereof, including all electricity, gas, water, telephone service, internet services and trash collection.

18. **PARTIAL DESTRUCTION OF PREMISES**. Partial destruction of the Premises shall not render this Lease void or voidable, or terminate it, except as expressly provided herein.

If the Premises is partially destroyed during the Term of this Lease (through no fault or negligence of **TENANT**), **LANDLORD** shall repair the same to the extent **LANDLORD**'s insurance shall cover such damage or destruction and provided such repairs can be made in conformity with local, state and federal laws and regulations within 180 days of the partial destruction. **LANDLORD** agrees that, within 30 days after said partial destruction, **LANDLORD** shall determine whether such repairs can be made as aforesaid at **LANDLORD**'s sole and absolute discretion. Provided, however, that **LANDLORD** may make such determination within a reasonable time thereafter, in the event that circumstances beyond **LANDLORD**'s control do not allow **LANDLORD** to make such determination within said 30 day period. Provided further that, in the latter event, the parties agree that any additional time beyond said initial 30 day determination period, resulting from said circumstances, shall not be computed in determining said 180 day repair period, should **LANDLORD** decide to make such repairs. Rent for the Premises will be reduced proportionally to the extent to which the repair operations interfere with the normal conduct of **TENANT**'s business on the Premises.

If the building in which the Premises are located is more than one third (1/3) destroyed, **LANDLORD** may, at its sole option, terminate the Lease, whether the Premises are affected or not.

19. **LANDLORD'S ENTRY FOR INSPECTION AND MAINTENANCE**. **LANDLORD** reserves the right to enter the Premises at all reasonable times to inspect them, to perform required maintenance and repair, or to make additions or alterations to any part of the building in which the Premises are located, and **TENANT** agrees to permit **LANDLORD** to do so. **LANDLORD** may, in connection with such alterations, additions orrepairs, erect scaffolding, fences and similar structures, post relevant notices and place moveable equipment, without any obligation to reduce **TENANT**'s Rent for the Premises during such period, and without incurring liability to **TENANT** for disturbance of quiet enjoyment of the Premises, or loss of occupation thereof.

20. **POSTING OF SIGNS BY LANDLORD**. **LANDLORD** reserves the right to place "For Sale" signs at any time during the Term of the Lease, or "For Lease", or "For Rent" signs on the Premises at any time within ninety (90) days from the Termination Date, or at any time following **TENANT**'s breach or default under this Lease.

21. **POSTING OF SIGNS, AWNINGS, OR MARQUEES BY TENANT**. Tenant shall have the right to install and maintain, at Tenant's own expense, a storefront sign subject to written approval of LANDLORD as to dimensions, location, and design, which approval shall not be unreasonably withheld. TENANT shall not install any exterior awnings, banners, or lighting without the written consent of LANDLORD. Any signage must meet any City of Boca Raton ordinances and requirements.

22. **TENANT TO CARRY LIABILITY INSURANCE**. TENANT shall procure and maintain in force and effect, at its expense, during the Term of this Lease and any extension thereof, public liability insurance with companies approved by **LANDLORD**, adequate to protect against liability for damage claims and broken glass through public use of, or arising out of accidents or incidents occurring in or around the Premises, in a minimum amount of **ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS** for each person injured and **TWO MILLION AND NO/100 ($2,000,000.00) DOLLARS** for any one accident or incident. Such insurance policies shall provide primary coverage, shall provide coverage for **LANDLORD**'s contingent liability on such claims or losses and shalllist **LANDLORD** as additional insured. The policies or copies of them shall be delivered to **LANDLORD** for keeping. **TENANT** agrees to obtain a written obligation from the insurers to notify **LANDLORD** in writing at least thirty (30) days prior to cancellation or refusal to renew any such policies. **TENANT** agrees that if such insurance policies are not kept in force during the entire Term of this Lease and any extension of it, **LANDLORD** may procure the necessary insurance and pay the premium, and that such premium shall be repaid to**LANDLORD** as Additional Rent for the month following the date on which such premiums are paid.

23. **ASSIGNMENT, OR SUBLEASE**. TENANT agrees not to assign or sublease the Premises, any part thereof, or any right or privilege connected therewith, orto allow any other person, except **TENANT**'s agents and employees to occupy the Premises or any part of them, without first obtaining **LANDLORD**'s express and written consent. **LANDLORD** expressly covenants and agrees that such consent may be withheld, conditioned or denied by **LANDLORD** at **LANDLORD's** sole and absolute discretion. One consent by **LANDLORD** shall not be consent to a subsequent assignment, sublease or occupation by other persons. **TENANT**'s unauthorized assignment, sublease or license to occupy shall be void, and shall terminate the Lease at **LANDLORD**'s option. **TENANT**'s interest in this Lease is not assignable by operation of law, nor is any assignment of **TENANT**'s interest in this Lease valid without written consent.

24. **ACT OF DEFAULT DEFINED**. Each of the following shall be deemed a default by **TENANT** and a breach of this Lease:

A. Failure to timely pay a Rent installment, or any Additional Rent, or charges owed to **LANDLORD** for a period of five (5) days after the same is due.

B. Failure to do, observe, keep, and perform any of the other terms, covenants, conditions, agreements, and provisions in this Lease contained on the part of **TENANT** to be done, observed, kept and performed, for a period of seven

(7) days after said performance is due under the terms of this Lease.

C.     Appointment of a Receiver to take possession of **TENANT**'s assets; **TENANT**'s general assignment for the benefit of creditors; or **TENANT**'s insolvency or taking or suffering action under the Bankruptcy Act, is a breach of this Lease; or the taking possession of the property of **TENANT** by any governmental office or agency pursuant to statutory authority for the dissolution or liquidation of **TENANT**.

D.     Vacation or desertion of the Premises or permitting the same to be empty and unoccupied for more than ten (10) business days.

E.     **TENANT**'s removal or attempt to remove or manifesting an intention to remove **TENANT**'s goods or property from or out of the Premises otherwise than in the ordinary and usual course of business without having first paid and satisfied **LANDLORD** for all Rent which may become due during the entire Term of this Lease.

F.     **TENANT**'s failure to conduct its business in the Premises in accordance with all applicable governmental laws, ordinances, rules and regulations, as may be amended from time to time.

For the purposes of this paragraph, if the default complained of be a default other than one which may be cured by the payment of money, **LANDLORD** shall not exercise any remedies against **TENANT** if steps shall have been commenced in good faith by **TENANT** within ten (10) days' notice from **LANDLORD**, within the time period set forth in this paragraph, to rectify the same, and shall be prosecuted to completion in good faith, with due diligence and continuity.

25.     **LANDLORD'S AND TENANT'S REMEDIES IN EVENT OF DEFAULT**. In the event of any default specified in paragraph 23 hereof by **TENANT** and after the period to cure by **TENANT** has expired, **LANDLORD** may serve a written notice upon **TENANT** that **LANDLORD** elects to terminate this Lease upon a specified date not less than seven (7) days after the date of serving such notice.

In the event of a default by **LANDLORD**, **TENANT** shall notify LANDLORD in writing and provide **LANDLORD** with clear details specifying any alleged default. **LANDLORD** shall have a reasonable opportunity to evaluate any alleged default and shall have a reasonable opportunity to cure the same. Under no circumstances shall **TENANT** have any "set-off" rights with respect to any default by **LANDLORD**.

26.     **LANDLORD'S REMEDIES ON TENANT'S BREACH**. If **TENANT** breaches this Lease, **LANDLORD** shall have the following remedies, in addition to its other rights and remedies in such event:

A.     **Termination and Acceleration**. **LANDLORD** may declare **TENANT** in default and immediately terminate the Lease and accelerate all Rent

Page 7 of 16

and all otherpayments obligations due under the Lease.

**Reentry**. **LANDLORD** may reenter the Premises immediately and remove all of **TENANT**'s personnel and property. **LANDLORD** may store the property in a public warehouse or at another place of its choosing, at **TENANT**'s expense or to **TENANT**'s account. After reentry, LANDLORD may terminate the Lease by giving seven (7) days' written notice of such termination to TENANT. Reentry only, without notice of termination, will not terminate the Lease. After reentry, **LANDLORD** may terminate the Lease on giving seven (7) days' written notice of such termination to **TENANT**. Reentry only, without notice of termination, will not terminate the Lease.

27.  **HOLDOVER**. If TENANT holds over and continues possession of the Premises, or any part thereof, after the expiration of the Lease without LANDLORD's permission, or at any time TENANT is no longer legally entitled to possession, LANDLORD may recover double the amount due for each day TENANT holds over and refuses to surrender possession. TENANT shall be considered to be in possession of the Premises so long as it remains or any of its personal property remains in the Premises or TENANT has not returned all keys to LANDLORD.

28.  **EXCULPATION**. TENANT agrees that, notwithstanding anything in this Lease agreement to the contrary, it shall look solely to the estate and property of the **LANDLORD** in the land and building comprising Premises are a part for the collection of any judgment (or any other judicial process) requiring the payment of money by **LANDLORD** in the event of any default or breach by **LANDLORD** with respect to any of the terms, covenants and conditions of this Lease to be observed and performed by **LANDLORD**, and no other property or estates of **LANDLORD** shall be subject to levy, execution or other enforcement procedures for the satisfaction of **TENANT**'s remedies.

29.  **EFFECT OF EMINENT DOMAIN PROCEEDINGS**. Eminent domain proceedings resulting in the condemnation of a part of the Premises that leave the rest usable by **TENANT** for purposes of the business for which the Premises are leased, will not terminate this Lease unless **LANDLORD**, at its option, terminates it by giving written notice of termination to **TENANT**. The effect of such condemnation, should such option not be exercised, will be to terminate the Lease as to the portion of the Premises condemned, and leave it in effect as to the remainder of the Premises. **TENANT**'s rental for the remainder of the Lease Term shall, in such case, be reduced by the amount that the usefulness of the Premises to **TENANT** for such business purposes is reduced. All compensation awarded in the eminent domain proceedings as a result of such condemnation, shall be **LANDLORD**'s. **TENANT** hereby assigns and transfers to **LANDLORD** any claim that **TENANT** may have to compensation for damages as a result of such condemnation.

30.  **FIRE OR CASUALTY**. In the event the Premises are partially damaged by fire or other casualty, **LANDLORD** shall repair same within ninety (90) days of **LANDLORD's** notice of same. In the event the Premises are destroyed and are untenable, the rent shall abate, and **LANDLORD** may rebuild the Premises within one hundred eighty (180) days or **TENANT** may terminate the Lease if the term of the Lease has not already

expired. In such event, the **LANDLORD** shall return **TENANT** last month rent and security deposit.

31.    **MECHANICS' LIENS PRECLUDED**. **TENANT** and all persons with whom the **TENANT** may deal, are hereby put upon notice that the **TENANT** has no power to subject **LANDLORD**'s interest to any claim for mechanics' or materialmen's liens and all persons dealing with **TENANT** must look to the credit of **TENANT** and its assets and not to **LANDLORD** or its assets.

32.    **ATTORNEYS' FEES AND COSTS**. In the event that any litigation or other dispute resolution proceeding (the proceeding) is commenced involving, arising out of, or relating to this agreement, the prevailing party shall be entitled to an award of its taxable Court costs, other related, but nontaxable costs and expenses and reasonable attorneys' fees, from the time that the proceeding is commenced, through any and all appeals, until any judgment or other final order becomes final and nonappealable. This paragraph shall apply whether the proceeding seeks a legal or an equitable remedy.

33.    **PRESUIT MEDIATION**. Prior to bring any lawsuit under this Lease, the parties hereto agree to submit any and all disputes to pre-suit mediation under the Florida Rules of Civil Procedure. Accordingly, the parties agree to strictly follow said rules and abide by any agreement made as the result of mediation. Good faith compliance with this provision shall be a condition precedent to the right of any party hereto to bring a lawsuit under this Lease. This provision shall survive termination of this Lease.

34.    **WAIVER OF JURY TRIAL**. TO THE EXTENT PERMITTED BY LAW, IT IS MUTUALLY AGREED BY AND BETWEEN LANDLORD AND TENANT THAT THE RESPECTIVE PARTIES HERETO SHALL, AND THEY DO HEREBY, WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BETWEEN THE PARTIES HERETO OR THEIR SUCCESSORS OR ASSIGNS ON ANY MATTERS ARISING OUT OF, OR IN ANY WAY CONNECTED WITH, THIS LEASE, THE RELATIONSHIP OF LANDLORD AND TENANT, AND/OR TENANT'S USE OF, OR OCCUPANCY OF, THE PREMISES (INCLUDING AN ACTION OR PROCEEDINGBETWEEN LANDLORD AND THE TRUSTEE OR DEBTOR IN POSSESSION WHILE TENANT IS A DEBTOR IN POSSESSION WHILE TENANT IS A DEBTOR IN A PROCEEDING UNDER ANY BANKRUPTCY LAW). THIS WAIVER IS MADE FREELY AND VOLUNTARILY, WITHOUT DURESS AND ONLY AFTER EACH OF THE PARTIES HERETO HAS HAD THE BENEFIT OF ADVICE FROM LEGAL COUNSEL ON THIS SUBJECT. **LANDLORD** and **TENANT** agree that this paragraph  constitutes  a written consent to waiver of trial by jury, and **TENANT** does hereby authorize andempower **LANDLORD** to file this paragraph and/or this Lease, as required, with the clerk or judge of any court of competent jurisdiction as a written consent to waiver of jury trial.

35.    **TRANSFER OF LANDLORD'S INTEREST**. In the event of any transfer or transfers of **LANDLORD**'s interest in the Premises or in the Commercial Units, the transferor shall be automatically relieved of any and all obligations and liabilities on the

part of **LANDLORD** accruing from and after the date of such transfer. All of the provisions of this Lease shall bind and inure to the benefit of the parties hereto, and their respective heirs, legal representatives, successors and assigns.

36. **INTEREST ON PAST DUE OBLIGATIONS**. Any amount due from **TENANT** to **LANDLORD** hereunder which is not paid when due shall bear interest at the highest rate of interest allowed by law (but not to exceed eighteen percent (18%) per annum) from the date due until paid unless otherwise specifically provided herein, but the payment of such interest shall not excuse or cure any default by **TENANT** under this Lease.

37. **MANNER OF GIVING NOTICE**. Notices given pursuant to the provisions of this Lease, or necessary to carry out its provisions, shall be in writing, and delivered personally to the person to whom the notice is to be given, or mailed postage prepaid, addressed to such person. **LANDLORD**'s address for this purpose shall be 509 NW 55th Terrace, Boca Raton, Florida 33487 or such other address as **LANDLORD** may subsequently designate to **TENANT** in writing. Notices to **TENANT** may be addressed to **TENANT** at the Premises.

38. **EFFECT OF LANDLORD'S WAIVER**. **LANDLORD**'s waiver of breach of one covenant or condition of this Lease is not a waiver of breach of others, or of subsequent breach of the one waived.

39. **RECORDING**. **LANDLORD** shall have the right to record this Lease or any memorandum of this Lease and, at the request of **LANDLORD, TENANT** agrees to execute a memorandum of lease, or the necessary acknowledgment required to record the Lease. **TENANT** shall not record this Lease without the prior written consent of **LANDLORD**. Any recording of the Lease by **TENANT** without first having obtained the express and prior written approval of **LANDLORD** shall be deemed to be a material breach of this Lease.

40. **RADON GAS**. Radon gas is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, it may present health risks to persons who are exposed to it over a period of time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county public health unit.

41. **BINDING EFFECT AND ENTIRE AGREEMENT**. The agreements set forth in this Lease contain the entire understanding of the parties and no modification of this Lease shall be valid unless it is set forth in writing, and is executed by all parties hereto, or their successors or assigns. The covenants and conditions herein contained shall apply to and bind the heirs, legal representatives and assigns of the parties hereto, and all covenants are to be construed as conditions of this Lease.

42. **RIGHT OF FIRST REFUSAL TO PURCHASE**. If at any time Landlord shall receive a bona fide written offer to purchase the Premises or any portion thereof or a direct controlling interest in Landlord's ownership (whether stock, partnership interest or

membership interests) from a third party which is not affiliated with Landlord, which offer Landlord or its ownership is willing to accept, ("Outside Contract"), Landlord shall give written notice ("Sale Notice") thereof, together with a copy of such Outside Contract, to Tenant. Tenant shall have a right of first refusal ("Refusal Right") to purchase the Premises or the controlling interest therein or the portion of Landlord's ownership interests that is subject to the Outside Contract in accordance with the terms and provisions thereof. If Tenant desires to exercise the Refusal Right, Tenant shall deliver written notice to that effect to Landlord within Twenty (20) days after receipt of the Sale Notice ("Refusal Period"). If Tenant exercised the Refusal Right by the time and in the manner set forth in this subsection, Landlord and Tenant shall promptly execute a contract which includes the same material terms and conditions as the Outside Contract "(Sale Contract") and Tenant shall deposit when due any earnest money deposit required thereunder. If Tenant does not execute a Sale Contract within Fifteen (15) days after Tenant's receipt of such Sale Contract from Landlord, signed on behalf of Landlord, or if Tenant defaults in its obligations under such Sale Contract, then Landlord shall be free to consummate the sale pursuant to the Outside Contract.

43. **ADDITIONAL CLAUSES**. Tenant is responsible for waste disposal and any expense related to dumpsters on the Premises. In addition, Tenant shall pay pro-rated share of any increase in insurance and real estate taxes. Such payment is due within 15 days of receipt of written bill from Landlord.

44. **TIME OF ESSENCE**. Time is of the essence of this Lease.

**EXECUTED** at _Boca Raton_____, Palm Beach, Florida this _12th_ day of November, 2021.

WITNESSES:

_____
As to Landlord  Antonette Leidy

_____
As to Landlord  BRIAN LEIDY

WITNESSES:

_____
As to Tenant  MICHELE MARTIN

_____
As to Tenant  Scott CGHERMAN

LANDLORD:
5471, LLC

_____
By: Mary Lafuente
Title:

TENANT:
Auto Wholesale of Boca, LLC

_____
By: Moshe Farache
Title: Manager

Page **11** of **16**

EXHIBIT "A"

The Premises

A parcel of land lying in Section 5, Township 47 South, Range 43, East, Boca Raton, Palm Beach County, Florida, being more particularly described as follows:

Beginning at the intersection of the North line of the N.W. ¼ of the S.W. ¼ of the S.E. ¼ and the West right-of-way line of Old Dixie Highway; thence along the aforesaid right-of-way line of Old Dixie Highway with a curve to the right, in the southeasterly direction, having a radius of 1859.86 feet, a chord of 302.58 feet, an angle of 9 degrees 19'54" an arc distance of 302.92 feet; thence in a westerly direction with an included angle of 100 degrees 00'56" as measured from the chord of the aforesaid curve a distance of 142.70 feet to a point on the East right-of-way line, with an included angle of 81 degrees 28'00", 110.10 feet to a point; thence West parallel with an aforesaid North line, 35.65 feet to a point on the North-South ¼ line of Section 5; thence North along said ¼ line, 60.00 feet to a point; thence East parallel with the aforementioned North line 43.97 feet to a point; thence North along the right-of-way line of said railroad, 131.30 feet to a point on the aforementioned North line; thence East along the said North line 150.71 feet more or less to the Point of Beginning.

LESS AND EXCEPT THE SOUTH 100 FEET OF THE ABOVE DESCRIBED PROPERTY.

## EXHIBIT "B"

GUARANTY

This Guaranty is made and entered into by **MOSHE FARACHE** (hereinafter referred toas "Guarantor") in favor of **5471, LLC a Florida limited liability company** (hereinafter, referred to as "LANDLORD")

WITNESSETH:

WHEREAS, **AUTO WHOLESALE OF BOCA, LLC** ("TENANT") negotiated a Commercial Lease by and between the TENANT and the LANDLORD (the "Lease") for the Premises, as defined in the Lease; and

WHEREAS, the undersigned has induced LANDLORD to execute and deliver the Leaseby executing this Agreement as Guarantor; and

WHEREAS, Guarantor has a financial interest in TENANT and will benefit fromLANDLORD entering into the Lease with TENANT.

NOW THEREFORE, inconsideration of the execution and delivery of the Lease by LANDLORD, and for other valuable consideration, receipt of which is acknowledged by Guarantor, it is agreed as follows:

1.      Guarantor absolutely, unconditionally and irrevocably guarantees to LANDLORD and to any mortgagee holding a mortgage upon the interest of LANDLORD in the Premises, the due and punctual payment of each installment of Rent payable under the Lease, as well as the full, prompt, and complete performance by TENANT of all TENANT's covenants, conditions, and provisions in the Lease, for the full term and any extensions of the Lease including during a hold over, with no less force and effect than if the undersigned were named as TENANT in the Lease. **This Guaranty shall be absolute, continuing, and unlimited for a period of three (3) years**. Guarantor shall, on demand, pay all amounts at any time in arrears or accelerated, and will make good any and all defaults by TENANT under the Lease including but  not limited to reasonable attorney's fees and costs incurred by LANDLORD through the appellate level in connection with the enforcement of this Guaranty, whether or not suit is brought. Guarantor irrevocably appoints TENANT as its agent for service of process related to this Guaranty. Notwithstanding this provision, LANDLORD must also serve Guarantors simultaneously with service to TENANT.

Page 13 of 16

2.  Guarantor does hereby further assent, covenant and agree that LANDLORD may from time to time before or after any default by TENANT under the Lease, with or without further notice or assent from Guarantor, enter into, approve or consent to the following (and this Guaranty shall remain and continue in full force and effect, notwithstanding): (a) any amendment or modification of the Lease, whether or not Guarantor has approved same and whether or not Guarantor has any knowledge of same, (b) any assignment of the rights and obligations in any other document, instrument, or writing executed in connection with the transactions contemplated under the Lease, (c) any extension or indulgence granted with respect to TENANT's payment or performance under the Lease, (d) any release, sale, surrender, impairment, exchange, substitution of any property of any nature held by or which may create a part of any security available to LANDLORD for the payment or performance of any of TENANT's obligations to LANDLORD, and (e) any settlement, release, adjustment, or compromise of any claim of LANDLORD against TENANT or any other person otherwise liable (including, without limitation, any other guarantor) for any indebtedness, liability, or obligation of TENANT guaranteed hereby, provided said change does not further obligate Guarantor beyond the scope or dollar amount contemplated by this Guaranty. In the event said change further obligates Guarantor in any way or manner, LANDLORD shall give notice of proposed change or amendment to Guarantor prior to any such change.

3.  Guarantor hereby waives: (a) demand, Presentment, notice, protest, and all suretyship defenses at law and in equity including, without limitation, waste or impairment of the collateral, if any, and notice of sale for consideration; (b) any right to have TENANT or any other guarantor, if any, joined in any suit in which LANDLORD and Guarantor are parties; (c) any right to require LANDLORD to sue TENANT on any obligations guaranteed hereby as a prerequisite to any action by LANDLORD against Guarantor; (d) any right to have Guarantor joined in any suit against TENANT and the bringing of such suit against TENANT by LANDLORD shall not waive any rights that LANDLORD may have against Guarantor pursuant to this Guaranty; (e) the lack of authority, death of disability of any other party or revocation hereof by any other guarantor or by any other party; (f) any defense arising by virtue of the failure of LANDLORD to file or enforce a claim of any kind of any defense based upon an election of remedies by LANDLORD which destroys or otherwise impairs the subrogation rights, if any, of Guarantor to proceed against TENANT for reimbursement or both; and (g) any duty on the part of LANDLORD to disclose to Guarantor any facts which LANDLORD many now or hereafter knows about TENANT, it being understood and agreed that Guarantor is fully responsible for being and keeping informed of the financial condition of TENANT and all the circumstances bearing on the risk of nonpayment and nonperformance of any and all obligations hereby guaranteed.

4.  Any indebtedness of TENANT now or hereafter held by Guarantor is herebysubordinated to any obligations of TENANT under the Lease to LANDLORD; any such indebtedness of TENANT to Guarantor, if LANDLORD so requests, shall be collected, enforced and received by guarantor as Trustee for LANDLORD and shall be paid over to LANDLORD on

account of the indebtedness of TENANT to LANDLORD, but without reducing or affecting in anymanner the remaining liability of Guarantor under the provisions of this Guaranty.

5.    The obligations of Guarantor hereunder are independent to the obligations of TENANT and upon any default under the Lease or this Guaranty, separate action or actions may be brought and prosecuted against Guarantor whether or not action is brought against TENANT, but only after LANDLORD has reasonably complied with the notice and cure provisions set forth in the Lease. No delay on the part of LANDLORD in exercising any rights hereunder or failure to exercise same shall operate as a waiver of such rights. All of the rights, powers and remedies of LANDLORD hereunder under the Lease and any other agreement entered into between Guarantor and LANDLORD shall be cumulative and nonexclusive and shall be in addition to all rights, remedies and powers available to LANDLORD hereunder, by law or otherwise.

6.    No action or proceeding brought or instituted under this guaranty against the undersigned, and no recovery had in pursuance thereof shall be any bar or defense to any further actions or proceeding which may be brought under this Guarantyby reason of any further default or defaults of TENANT.

7.    The liability of Guarantor shall not be deemed to be waived, released, discharged, impaired or affected by reason of the release or discharge of TENANT in any creditors, receivership, bankruptcy (including Chapter X or Chapter XI bankruptcy proceedings or other reorganization proceedings under the Bankruptcy Act) or other proceedings, or the rejection or disaffirmance of the Lease in any proceedings.

8.    There shall be no modification of the provisions of this Guaranty unless the modification is in writing and signed by the undersigned and LANDLORD. All terms utilized in this Guaranty shall have the same meaning as defined in the Lease except as otherwise expressly provided.

9.    All of the terms, agreements and conditions of this Guaranty shall be joint and several, and shall extend to and be binding upon Guarantor, their heirs, executors, administrators, and assigns, and shall inure to the benefit of LANDLORD, its successors and assigns, and to any future owner of the fee of the Premises and to any mortgage on the fee interest of LANDLORD in the Premises. This Guaranty shall not be construed more strictlyby one party than the other, merely because it may have been prepared by counsel for one of the  parties, it being recognized that Guarantor has review and approved the terms hereof.

10.    In the event any provision hereof is determined to be invalid or unenforceable, the remaining provisions shall and do remain in full force and effect.

11.    Guarantor agrees that in any action or proceeding brought on, under  orby virtue of this Guaranty, the undersigned shall and does waive all present and future rights to trial by jury, and the undersigned agrees that the applicable courts of Florida may have jurisdiction over the undersigned upon appropriate service upon the undersigned in any state of the United States in a manner in accordance with the laws ofFlorida. Further, if

Guarantor is the "head of family," as defined by §222.11(2)(c), Florida Statutes, as a natural person who provides more than one-half of the support for a dependent, than Guarantor hereby voluntarily, expressly, and specifically agrees that all Guarantor's disposable earnings greater than Five Hundred Dollars ($500.00) per week may be attached or garnished to the fullest extent permitted by §222.11(2), Florida Statutes. Venue in any suit brought under this Guaranty shall be in Palm Beach County, Florida.

WITNESSES:

_____

_____
As to GUARANTOR  Scott C Gherman

_____
MOSHE FARACHE, Individually
GUARANTOR

STATE OF FLORIDA            )
                                       :
ss.COUNTY OF PALM
BEACH )

I HEREBY CERTIFY that on this date before me, an Officer duly authorized in the State and County named above to take acknowledgments, personally appeared MOSHE FARACHE, personally known to me, or who produced the following identification: and known to me to be the person described in and who executed the foregoing instrument individually and as Guarantor, and who acknowledged before me that he executed the foregoing instrument individually.

SWORN TO AND SUBSCRIBED before me at Boca Raton Palm Beach County, Florida, this 11ᵗʰ day of November 2021

_____
Notary Public, State of Florida
My Commission expires:

Notary Public State of Florida
Scott C. Gherman
My Commission GG 951287
Expires 01/27/2024