**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**          **CASE NO.: 22-15627-EPK**

        Debtor.                                              Chapter 7

_____/

**FVP'S RESPONSE – AND LIMITED OBJECTION - TO TRUSTEE'S**
**MOTION TO ASSUME AND ASSIGN WAREHOUSE LEASE [CP # 652]**

**COME NOW** FVP Opportunity Fund III, LP, a Delaware limited partnership, FVP Investments LLC, a Delaware limited liability company, and FVP Servicing, LLC, a Delaware limited liability company (collectively, "FVP"), and file this response and limited objection to the motion filed by Michael Bakst, the chapter 7 trustee ("Trustee") seeking various forms of relief relating – generally – pursuant to Section 365 of the Bankruptcy Code, to the assumption and assignment of that certain Warehouse Lease Agreement (as identified in the motion – the "Lease") (CP # 652, the "365 Motion") and states as follows:

1.      As the Court is aware, FVP was the moving party which resulted in the Court's converting this bankruptcy (the "Case") to chapter 7 leading to the appointment of the Trustee.  The Court is also aware that in FVP's view, the *raison d'etre* for the filing of the Case was the Debtor's desire to hold the Cars hostage.

2.      At present, the Trustee has filed a motion to sell the cars by auction or abandon them (CP # 618).

3.      The 365 Motion seeks to assume and assign the Lease on an expedited basis and to have the Order avoid the "stay" of Rule 6006(d).

Limited Objection to the 365 Motion

4.      FVP does not necessarily object to the assumption and assignment of the Lease to the related party (to the Debtor").

5.      FVP does object to the timing sought in the 365 Motion both as to having it heard on an expedited basis, and to waiving the stay of Rule 6006(d).

6.      Although not stated in the 365 Motion, it is akin to a back-up plan.  Neither the Trustee nor this Court have made a determination that the Cars will be abandoned. The Court is aware that the parties continue to negotiate a resolution which may not include abandonment.

7.      Even if the Court orders the abandonment, it is startlingly unfair to FVP and other interest (lien) holders to have the Cars abandoned and the Lease assigned to the Debtor in the same day essentially without any further recourse.

8.      The Court is aware of the sordid history relating to the Cars.  The Court is also aware that FVP has agreed to foot the bill for the Lease and insurance (of the Cars) at the property subject of the Lease.

9.      Thus, even if there were a legitimate basis to hurry the 365 Motion, it is ameliorated by FVP's shouldering of those expenses.

FVP therefore requests:

1.      The Court deny the 365 Motion insofar as it seeks an expedited hearing and the waiver of the stay of Rule 6006(d).

2.      Any other relief that the Court deems to be just and appropriate.

Dated May 24, 2023.                        Respectfully submitted;

For the FVP Parties

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Jonathan Noah Schwartz, Esq.<br>Schwartz Breslin PLLC<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail: JB@JSJB.Law<br>EService@JSJB.law<br><br>By:   s/ Jerrell Breslin<br>      Jerrell Breslin, Esq.<br>      Fla Bar No: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br><br><br>By:   s/ David R. Softness<br>      David R. Softness, Esq.<br>      Fla Bar No: 513229 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the following parties were served with the foregoing electronic service via EM/ECF and by email at the addresses indicated: Chapter 7 Trustee by serving Michael R Bakst, efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com; efileu1084@gmlaw.com; efileu1086@gmlaw.com; efileu386@gmlaw.com; efileu1857@gmlaw.com; efileu3163@gmlaw.com; efileu3214@gmlaw.com; efileu3291@gmlaw.com; upon the Debtor Auto Wholesale of Boca by serving Michael Lessne, Esq. at Michael@lessnelaw.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; upon Hi Bar by serving Steven Wells at Steve@wellspc.com, Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com, Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com, David Unseth, Esq. at

dmunseth@bclplaw.com; upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com and Evan Appell, Esq. at evan@edalegal.com, upon Moishe, Lisa and Chase Farache by serving Scott Gherman, Esq. at Sgherman@Scottghermanpa.com and Michael Hoffman, Esq. at mshoffman@hlalaw.com; upon Michael Halperin by serving Phil Landau, Esq. at phil@landaulaw.com; and upon Benidt Investments by serving Patricia Redmond, Esq. at predmond@swmwas.com and Michael Harwin at mharwin@stearnsweaver.com.

/ s/ David R. Softness
David R. Softness, Esq