**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                        Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC.,[1]            Chapter 7

                          Debtor.
_____/

**HI BAR CAPITAL, LLC'S LIMITED OBJECTION
TO THE TRUSTEE'S ABANDONMENT OF VEHICLES TO THE DEBTOR**

Hi Bar Capital, LLC ("*Hi Bar*"), by and through undersigned counsel, hereby objects on a limited basis (this "Limited Objection") to the alternative relief sought by Michael R. Bakst (the "Chapter 7 Trustee"), the chapter 7 trustee for the above-captioned debtor ("AWB" or the "Debtor") in his *Expedited Motion* [Docket No. 618] (the "Trustee Sale Motion"), and in support thereof states as follows:[2]

**Background**

1.      By the Trustee Sale Motion, the Trustee seeks authority to sell certain Vehicles "free and clear" pursuant to section 363 of the Bankruptcy Code. If the Court does not authorize such sale, the Trustee seek in the alternative to abandon the Vehicles to the Debtor or its principal under section 554 of the Bankruptcy Code

2.      Hi Bar has asserted valid, perfected, senior security interests and liens with respect to the Vehicles (generally, the Hi Bar Liens). *See, e.g.,* Docket No. 33 (motion for relief from stay); Docket No. 34 (motion to dismiss case); Claim No. 20. Hi Bar and others have also asserted that

_____

[1] The last four digits of the Debtor's taxpayer identification number is 5162. The Debtor's noticing address in this Chapter 11 case is 6560 West Rogers Circle, Suite B-27, Boca Raton, Florida 33487.

[2] Capitalized terms not otherwise defined herein are intended to have the meaning set forth in the Trustee Sale Motion.

the Debtor (and thus the estate and Trustee) has no valid interest in any of the Vehicles. The extent of the Debtor's interest in the Vehicles (if any), as well as the extent, validity, and priority of liens thereon – including the Hi Bar Liens – are the subject of Adversary Proceeding No. 22-01218-EPK (the "*Adversary Proceeding*") pending before this Court.

3.    Hi Bar does not object to the Trustee's sale of the Vehicles as described in the Trustee Sale Motion, *provided that* the Hi Bar Liens attach to the sale proceeds. For the avoidance of doubt, however, by not objecting to the proposed sale by the Trustee, Hi Bar is not admitting or conceding that the Debtor, the estate or the Trustee have (or at any time had) an interest in such Vehicles, nor waiving any right to contest or challenge such matters in any proceeding in any forum, such rights being specifically reserved.

**Limited Objection**

4.    Hi Bar does object to the alternative relief sought by the Trustee: the Vehicles should not be abandoned to the Debtor nor any of its principals.

5.    Sections 554(a) and (b) of the Bankruptcy Code give the Court discretion to order abandonment of burdensome property, but does not specify to whom such property may be abandoned. *Compare* 11 U.S.C. § 554(a) and (c) *with* 11 U.S.C. § 554(c) (providing that scheduled but unadministered property is abandoned *to the debtor*). Accordingly, several courts have held that property should be abandoned only to a holder of a possessory interest in such property. *See Miller v. Generale Bank Nederland, N.V. (In re Interpictures Inc.)*, 217 F.3d 74, 76 (2d Cir. 2000) (collecting cases).

6.    In this case, there is a material factual dispute as to whether the Debtor had a valid possessory interest in any of the Vehicles on the Petition Date. Indeed, Hi Bar and others have alleged that, to the extent the Debtor had possession of the Vehicles, it did so through fraud,

intimidation or coercion. *See, e.g.,* Adversary Proceeding Docket No. 145 (FVP and Karma entities' amended complaint); Adversary Proceeding Docket No. 163 (Hi Bar's answer and counterclaims). The Debtor thus lacks a true possessory interest in the Vehicles and should not receive the Vehicles if abandoned by the Trustee. Instead, the Vehicles should be abandoned to Hi Bar (or is designee), as the party holding the senior security interests and liens asserted in the Vehicles.

7.      In the event the Court determines that the Trustee's abandonment of the Vehicles to any party other than Hi Bar is required under the Bankruptcy Code, the Court should condition such abandonment on the Vehicles being subject to a judicial process or other agreement such as a state court receivership or entry of an order or injunction barring disposition of the Vehicles until the various lien priority disputes are resolved. Absent such protections maintaining the *status quo*, all parties asserting interests in the Vehicles face the very real risk that the Debtor will once again seek to wrongfully deprive them of their collateral.

## Joinder

8.      To the extent applicable and not contrary to this Limited Objection, Hi Bar joins in any other response or objection to the Trustee Sale Motion. For the avoidance of doubt, Hi Bar does not join, agree with, or concede any allegation made by any party that contradicts or challenges the validity, extent, priority or position of the Hi Bar Liens in the subject Vehicles. Moreover, Hi Bar reserves its rights with respect to all other matters, including with respect to the subject Vehicles and all other issues presently before the Count in this matter or the Adversary Proceeding.

WHEREFORE, Hi Bar respectfully requests this Court deny the Trustee's alternative requested relief to abandon the estate's purported interests in any vehicle to the Debtor.

Respectfully submitted,

Dated: June 7, 2023

/s/ Ezequiel J. Romero
Ezequiel J. Romero
Florida Bar No. 107216
romeroe@bclplaw.com
Bryan Cave Leighton Paisner, LLP
200 South Biscayne Boulevard, Suite 400
Miami, FL 33131
Telephone:  (786) 322-7500

Local Counsel for Hi Bar Capital, LLC

Jason J. DeJonker, Esq.
Illinois Bar No. 6272128
Bryan Cave Leighton Paisner, LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
E-mail: Jason.dejonker@bclplaw.com
Tel: (312) 602-5005

Admitted Pro Hace Vice
Counsel for Hi Bar Capital, LLC

/s/ Jarret P. Hitchings
Jarret P. Hitchings, Esq.
Delaware Bar No. 5564
Pennsylvania Bar No. 312254
North Carolina Bar No. 60085
Bryan Cave Leighton Paisner, LLP
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, North Carolina 28202
E-mail: jarret.hitchings@bclplaw.com
Tel: (704) 749-8965
Fax: (704) 749-8990

Admitted Pro Hac Vice
Counsel for Hi Bar Capital, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 7, 2023, I caused the foregoing *Limited Objection* to be electronically filed with the Court using the Court's CM/ECF filing system, which generated an email notice of the filing, linked to this document, to those parties who receive electronic notices in the bankruptcy case captioned above.

Dated: June 7, 2023

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Ezequiel J. Romero*
Ezequiel J. Romero (Florida Bar No. 107216)
200 South Biscayne Boulevard, Suite 400
Miami, Florida 33131-5354
Telephone     (786) 322-7500
Facsimile:    (786) 322-7501
Email:        ezequiel.romero@bclplaw.com

*Counsel for Hi Bar Capital, LLC*