UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                          CASE NO.:  22-15627-EPK
                                                                Chapter 7
AUTO WHOLESALE OF BOCA, LLC,

            Debtor.
_____/

### NOTICE OF FILING PROPOSED AGREED ORDER GRANTING IN PART EXPEDITED MOTION TO AUTHORIZE SALE [ECF NO. 618]

Michael R. Bakst, Trustee in Bankruptcy for Auto Wholesale of Boca, LLC, by and through undersigned counsel, hereby files this *Notice of Filing Proposed Agreed Order Granting in Part Expedited Motion to Authorize Sale [ECF No. 618]*, to which the Trustee, FVP Opportunity Fund III, LP, FVP Servicing, LLC, FVP Investments, LLC, and Franklin Capital Funding, LLC agree.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:  June 9, 2023                        Respectfully Submitted,
                                            **GREENSPOON MARDER LLP**

                                            /s/ *Rilyn A. Carnahan*
                                            MICHAEL R. BAKST, ESQ.
                                            Florida Bar No.: 866377
                                            RILYN A. CARNAHAN, ESQ.
                                            Florida Bar Number: 614831
                                            Attorneys for Trustee
                                            CityPlace Tower
                                            525 Okeechobee Blvd., Suite 900
                                            West Palm Beach, FL 33401
                                            T:  (561) 838-4557    F:  (561) 514-3457
                                            Email: rilyn.carnahan@gmlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Rilyn A. Carnahan*
Rilyn A. Carnahan, Esq.

**Mailing Information for Case 22-15627-EPK**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael R Bakst**    efilemrb@gmlaw.com,
  ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386@gmlaw.com;efileu1857@gmlaw.com;efileu3163@gmlaw.com;efileu3214@gmlaw.com;efileu3291@gmlaw.com
- **Michael R. Bakst**    efileu1094@gmlaw.com,
  ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3214@gmlaw.com
- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Marc E Brandes**    mbrandes@kfb-law.com, bvillalobos@kfb-law.com
- **John M Brennan**    jack.brennan@gray-robinson.com, jessica.rolon@gray-robinson.com
- **Jerrell A Breslin**    jb@jsjb.law, eservice@jsjb.law
- **Melissa A. Campbell**    mcampbell@bakerdonelson.com,
  achentnik@bakerdonelson.com;cranderson@bakerdonelson.com;bkcts@bakerdonelson.com
- **Rilyn A Carnahan**    rilyn.carnahan@gmlaw.com,
  efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1094@gmlaw.com;melissa.bird@gmlaw.com;efileu2831@gmlaw.com
- **Alan R Crane**    acrane@furrcohen.com,
  rrivera@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com
- **Patrick R Dorsey**    pdorsey@slp.law,
  dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
- **C Craig Eller**    celler@kelleylawoffice.com,
  bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Jay L Farrow**    jay@farrowlawfirm.com

- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Jonathan S. Feldman**   feldman@katiephang.com, service@katiephang.com
- **Scott C Gherman**   sgherman@scottghermanpa.com
- **Daniel Gielchinsky**   dan@dgimlaw.com, colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com
- **Travis A Harvey**   tharvey@butler.legal
- **Michael J. Harwin**   mharwin@stearnsweaver.com
- **Michael S Hoffman**   Mshoffman@hlalaw.com, hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com;mkennady@hlalaw.com
- **Dana L Kaplan**   dana@kelleylawoffice.com, cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Amanda Klopp**   amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Philip J Landau**   phil@landau.law, plandau@ecf.courtdrive.com;diane@landau.law;dlocascio@ecf.courtdrive.com
- **Linda Marie Leali**   trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net
- **Michael D Lessne**   michael@lessne.law
- **David B Marks**   brett.marks@akerman.com, charlene.cerda@akerman.com
- **Cory Mauro**   cory@maurolawfirm.com, paralegal@maurolawfirm.com;evan@maurolawfirm.com
- **Nicole Testa Mehdipour**   nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com
- **Nicole Testa Mehdipour**   Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com
- **James B Miller**   bkcmiami@gmail.com
- **James C. Moon**   jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **John E Page**   jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com
- **Eric S Pendergraft**   ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Patricia A Redmond**   predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com
- **Ryan C Reinert**   rreinert@shutts.com, jheard@shutts.com
- **Jason S Rigoli**   jrigoli@furrcohen.com, rrivera@furrcohen.com;staff1@furrcohen.com
- **Ezequiel Joseph Romero**   romeroe@bryancave.com, zeke.romero30@gmail.com

- **Carlos E. Sardi**  carlos@sardilaw.com, carlos@ecf.courtdrive.com;sardi.carlose.b110401@notify.bestcase.com
- **Zach B Shelomith**  zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com
- **Bradley S Shraiberg**  bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Eric J Silver**  esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **David R. Softness**  david@softnesslaw.com
- **Christian Somodevilla**  cs@lss.law, info@lss.law;cs@ecf.courtdrive.com;mch@lss.law
- **David M Unseth**  dmunseth@bclplaw.com
- **Harry Winderman**  harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
- **Ryan Mitchell Wolis**  rwolis@stearnsweaver.com, valfonso@stearnsweaver.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

CASE NO.: 22-15627-EPK
Chapter 7

AUTO WHOLESALE OF BOCA, LLC,

Debtor.

_____/

### ORDER GRANTING IN PART *EXPEDITED* MOTION TO AUTHORIZE SALE [ECF NO. 618]

THIS MATTER came before the Court for continued hearing on June 14, 2023 (the "Continued Hearing"), pursuant to the Trustee's *Expedited Motion for Entry of an Order: (A) Authorizing the Sale by Auction of all Vehicles in the Estate's Possession, Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§ 363(b) and 363(f)(4); (B) Approving Online Auction, Bidding Procedures, and Sale Process; (C) Approving Form and Manner of Notices; (D) Approving the Trustee's Retention of Auction America, Inc., as Auctioneer; (E) Shortening the Notice Period Required for giving Notice to Creditors and Other Parties in Interest of a Sale of Property; (F) Approving of a Minimum Amount to be Received by the Estate*

{2425/000/00556953}

*Consisting of a Surcharge to the Estate Pursuant to 11 U.S.C. §506(c), in the Event the Court Finds the Estate has no Interest or Equity in the Vehicles; or (G) if this Court Does not Permit the Trustee's Sale of the Vehicles, Permitting the Immediate Abandonment of the Vehicles and Rejection of the Warehouse Lease; and (H) Granting Related Relief* (the "Sale Motion") [ECF No. 618][1]. By prior orders the Court (a) approved the employment of Auction America, Inc. as auctioneer for the Trustee (the "Auctioneer"), subject to the Trustee being authorized by the Court to sell the Vehicles, and (b) scheduled the Continued Hearing. *See* ECF Nos. 634 and 667.

The Court has reviewed the Sale Motion and subsequent briefing filed by FVP, Karma, Franklin, Benidt, the Excell Trustee and Hi Bar, has heard the statements of counsel and is otherwise duly informed. ECF Nos. 630, 631, 632, 638, 639, 640, 641, 642, 644 and 650. Upon the agreement of the Trustee, FVP and Franklin, and for the reasons stated on the record, which are incorporated by reference, the Court

**FINDS AND DETERMINES THAT**:

A.  The Court has jurisdiction over the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Sale Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. 1408 and 1409.

B.  The notice of the Sale Motion was adequate and sufficient under the circumstances, and no further notice is required.

C.  The Trustee has articulated good and sufficient reasons for, and the best interest of the Debtor's estate will be served by, the Court granting the relief requested in the Sale

---

[1] All capitalized terms shall have the same meaning ascribed to them in the Sale Motion, unless otherwise defined or modified herein. For the avoidance of doubt, the terms "Auction Procedures" and "Vehicles" are each modified as set forth hereinbelow.

{2425/000/00556953}                                         2

Motion.

**ACCORDINGLY, IT IS ORDERED AND ADJUDGED** as follows:

1.      The Sale Motion is **GRANTED IN PART** as follows.

2.      The list of Vehicles attached to Exhibit "A" of the Sale Motion, which Vehicles are to be included in the Trustee's sale, is **MODIFIED** as follows:

(A)      The following Vehicle is being abandoned by the Trustee and shall be removed and not included in the list of Vehicles to be sold by the Trustee:

(i)      a silver 2020 Lamborghini 2D, VIN # ZHWUT4ZF1LLA14316

(B)      The following Vehicles shall be added to the list of Vehicles to be sold by the Trustee:

(i)      a 2017 Lamborghini Huracan, red, VIN # ZHWUR2ZF8HLA08121(currently located at the Karma of Broward facility in Ft. Lauderdale, Florida), and

(ii)      a 2018 McLaren 720s, black, VIN # SBM14DCA7JW001804 (currently in the possession of Excell Auto Sport and Service, Inc., either actually or constructively).

3.      The Trustee is authorized to sell the Vehicles pursuant to 11 U.S.C. §§ 363(b) and (f), pursuant to the terms and conditions of this Order.

4.      The following auction and bid procedures (together, the "Auction Procedures") are **APPROVED**:

- **Buyer's Premium and Expenses.** The Auctioneer shall market and auction the Vehicles, each in a separate, individual lot or auction, online through the website 2bid4stuff.com, or such other online forums as are agreed to by the Trustee, FVP and Franklin. The Auctioneer shall be compensated through a seven and one-half percent (7.5%) buyer's premium on the proceeds derived from the sale of the Vehicles, which will be added to each final bid price and paid by each purchaser (the "Buyer's Premium"). The Auctioneer shall be reimbursed from the gross auction proceeds for its promotional costs to adequately expose the Vehicles for auction purposes, as well as storage/handling/security of the Vehicles and other costs and expenses associated with the Auction (excluding insurance) (together, the

{2425/000/00556953}                              3

"Expenses"), estimated to total approximately $20,375.00 plus the costs of insurance, as set forth on the Exhibit "C-2" to the Sale Motion. The Expenses (including the Auctioneer's insurance costs) will be paid from the gross Auction proceeds. For the avoidance of doubt, to the extent Expenses were paid by a party other than the Trustee or Auctioneer, such party shall be reimbursed for such Expenses from the gross Auction proceeds, provided such Expenses have been approved by the Trustee and/or the Court.

- **Bid Procedures.** For purposes of marketing and sale of the Vehicles through 2bid4stuff.com, the terms and procedures for the Auction shall comply with the Auctioneer's terms and conditions for bidders set forth on its website (together, "Bid Procedures"). Notwithstanding the foregoing, the terms of this Order shall control to the extent they conflict with the Bid Procedures.

- **Trustee's Confirmation.** All final sale prices are subject to final confirmation ("Trustee's Confirmation") by the Trustee, and the Trustee reserves the right, in his reasonable discretion, to determine that the highest and/or Successful Bid (as defined below) price is insufficient, and to remove a Vehicle from the Auction or decline to accept the Successful Bid (as defined below).

- **Auction Date:** The Vehicles shall be auctioned on 2bid4stuff.com with the Auction to end on _____, 2023, at 6:00 P.M. E.S.T., or such other date as is determined by the Trustee in consultation with Franklin and FVP. The date on which the Auction ends shall be referred to herein as the "Auction Date." The Vehicles must be marketed for at least 14 days prior to the date that the Auction begins (the "Minimum Marketing Period"). After the Minimum Marketing Period has run, the Auction of the Vehicles, with live bidding, shall begin on 2bid4stuff.com, and shall continue for a period of at least 14 days prior to the Auction Date.

- **Successful Bid and Successful Bidder**. The highest bid at the end of the Auction for each respective Vehicle shall be deemed the "Successful Bid" for that Vehicle. The bidder responsible for placing the Successful Bid shall be deemed the "Successful Bidder."

- **Back-Up Bid and Back-Up Bidder**. Upon the failure of the Successful Bidder for any Vehicle to consummate the Closing (as defined below) of the purchase of any particular Vehicle as a result of a breach or failure on the part of the Successful Bidder, then the Trustee may elect in his business judgment to close with the next highest or otherwise best bidder (the "**Backup Bidder**") with their next highest bid (the "**Backup Bid**"). Through approval of this Motion the Trustee would be authorized to consummate the sale with the Backup Bidder after a default under the Successful Bid without further order of the Court, immediately after the Successful Bidder's failure to close.

{2425/000/00556953}                                    4

- **Deposits.** In order to bid at the Auction, each potential bidder is required to register and pay a deposit of one thousand dollars ($1,000.00) (the "**Deposit**"), which shall be credited toward the Successful Bid (or one Successful Bid, if a single person or entity is the Successful Bidder on more than one Vehicle) amount at Closing. The Deposit shall only be refundable to the Successful Bidder if the Seller fails to comply with the provisions set forth in the Sale Motion and the Successful Bidder is not in breach of and/or default under the terms of the Sale Motion and the Bid Procedures. The Deposit shall be non-refundable for the Successful Bidder, and, as set forth above, shall instead be credited toward the Successful Bid price at Closing. The Deposit paid by each bidder who is not the Successful Bidder will be refunded to each respective bidder, except for the Successful Bidder and the Backup Bidder. The Successful Bidder's Deposit will be applied to the Successful Bidder's Successful Bid at the Closing. As set forth below, the Backup Bidder's Deposit will be held until the Closing with the Successful Bidder is complete, at which time it will be returned, or otherwise, if the Successful Bidder fails to close on the sale of any Vehicle in accordance with the Sale Motion and with the terms of the Auctioneer's Bid Procedures, the Backup Bidder will be expected to Close at the Back-up Bid and the Backup Bidder's Deposit will be applied to the Backup Bidder's Backup Bid at a Closing.

- **Closing**. The Successful Bidder for each Vehicle at Auction shall pay the Successful Bid for that Vehicle in full (less any credits for Deposits), no later than twenty-four (24) hours after the end of the auction ("**Closing**"). At the Closing, Seller shall deliver to Buyer, a Bill of Sale and/or such other instruments of transfer and conveyance as may be necessary (e.g., copies of title), to transfer to and vest in Buyer all of Seller's right, title, and interest in, to, and under the respective Vehicle purchased. The date the Closing occurs is the "**Closing Date**."

- **Free and Clear Conveyance.** The sale of any Vehicle shall be "as is" "where is" "what is", with all faults, without any representations or warranties whatsoever, and free and clear of all interests, liens, claims (as defined by 11 U.S.C. § 101(5)), encumbrances, mortgages, security interests, charges, debts, liabilities, obligations, interests, commitments, responsibilities and/or obligations of any kind whatsoever, direct or indirect, absolute or contingent, matured or unmatured, whether accrued, vested or otherwise, known or unknown, foreseen or unseen (collectively "Liens and Interests"), with Liens and Interests, if any, to attach to the Net Proceeds (as defined below) of the sale pursuant to 11 U.S.C. § 363(f).

5. The form and manner of notice of the Sale Motion, including the Auction Procedures, Bid Procedures and Auction Date, each as modified herein, is **APPROVED**.

{2425/000/00556953}                                5

6.      The notice of the sale provided for in the Sale Motion is sufficient and adequate under the circumstances, is in the best interest of the Debtor's estate and is **APPROVED**.

7.      The estate shall be entitled to receive from the proceeds of the sale(s) of the Vehicles, the greater of: (a) nine and one-half percent (9.5%) of the gross sale proceeds, or (b) the total amount of $200,000.00 (the "Carveout").  For the avoidance of doubt, the Expenses will be paid from the gross auction proceeds, and will not be paid from the Carveout.  Also for the avoidance of doubt, the Carveout shall be free and clear of all Liens and Interests.  To be clear, the parties to the Adversary Proceeding *FVP Opportunity Fund III, LP, et al. v. Auto Wholesale of Boca, LLC, et al.*, Adv. Proc No. 22-01218-EPK (the "Adversary Proceeding") agree not to assert that they own, or are secured in any way, or have any lien on or against, the Carveout funds.

8.      The proceeds of the auction, net of the Buyer's Premium, Expenses and Carveout (such net proceeds shall be referred to herein as the "Net Proceeds"), shall be held in the escrow account of _____, pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds.

9.      The Trustee, as the duly appointed chapter 7 trustee of the bankruptcy estate of Auto Wholesale of Boca, LLC, hereby waives all Liens and Interests, including any lien, ownership interest, property interest, security interest, or any other claim (as such term is defined in 11 U.S.C. § 101(5)) or interest of any kind whatsoever in the Net Proceeds and Vehicles.  For the avoidance of doubt, the waiver includes any allegation that Auto Wholesale of Boca, LLC was a good faith purchaser of the Vehicles in the ordinary course under Fla. Stat. §§ 671.201(9) and 679.320(1).

10.     The waiver of the Liens and Interests by the Trustee, as set forth in the preceding paragraph, is binding on Auto Wholesale of Boca, LLC in any future controversy, litigation, or

{2425/000/00556953}                                6

any other dispute arising from or concerning the Net Proceeds.  Auto Wholesale of Boca, LLC does not possess any Liens or Interests in the Net Proceeds, including any lien, security interest, or ownership or property interest whatsoever.

11.    Following the sale of all of the Vehicles in accordance with this Order, the Court will dismiss the Adversary Proceeding, without prejudice for lack of subject matter jurisdiction by separate order.

12.    Except to the extent expressly granted herein, the Sale Motion is **DENIED WITHOUT PREJUDICE**.

13.    The Court reserves jurisdiction to interpret and enforce the provisions of this Order, and to hold any subsequent hearings or make any findings, including, without limitation, to consider final approval of the sale, to the extent necessary, or to make findings that any purchaser or purchasers at the sale are good faith purchasers entitled to the protections of 11 U.S.C. §363(m).

# # #

Submitted by:
Rilyn A. Carnahan, Esq.
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T. (561) 838-4557
rilyn.carnahan@gmlaw.com

**[Rilyn A. Carnahan, Esq. is directed to serve a copy of this order on all interested parties and to file a certificate of service with the Court.]**

{2425/000/00556953}                                    7