UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                         Case No. 22-15627-EPK

      Debtor.                                              Chapter 11
                                                     Subchapter V

_____/

## JOINT MOTION TO CLARIFY AND RECONSIDER IN PART ORDER GRANTING EXPEDITED MOTION TO AUTHORIZE SALE

Michael Bakst, as the chapter 7 trustee of Auto Wholesale of Boca, LLC (the "Trustee"), together with FVP Opportunity Fund III, LP, a Delaware limited partnership, FVP Investments LLC, a Delaware limited liability company, and FVP Servicing, LLC, a Delaware limited liability company (collectively, "FVP" or the "FVP Parties"), ("FVP Parties", with the Trustee the "Movants"), pursuant to Fed. R. Civ. P. 59(e), respectfully request that the Court clarify, and reconsider in part the *Order Granting in Part Expedited Motion to Authorize Sale* (the "Order" or "Sale Order") [ECF No. 694]. In support of this request the Movants state:

### BACKGROUND

**A.     The McLaren.**

1.     Auto Wholesale of Boca, LLC (the "Debtor") filed a petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on July 22, 2022 [ECF No. 1].

2.     On May 1, 2023, the Court converted the case to one under chapter 7 [ECF No. 584].

3.     The Court entered the Sale Order on June 16, 2023 [ECF No. 694]. The Sale Order provides in relevant part for the Trustee to sell various automobiles, including a 2018 McLaren,

{2425/000/00558262}

VIN SBM14DCA7JW001804 (the "McLaren"), and to escrow the Net Pproceeds (as defined in the Sale Order).  *See* Sale Order ¶ 2(B)(ii) (including McLaren in list of vehicles to be sold).

4.    The McLaren was originally purchased for $280,000 by Excell Auto Group, Inc. ("Excell"), and was owned by either Karma of Broward, LLC or Karma of Palm Beach, LLC (together, "Karma") as of May 2021.

5.    Upon information and belief, the principal of Excell and Karma, Scott Zankl, intended the McLaren to be a showpiece for his entities, who all operated car dealerships.  Towards that end, Mr. Zankl caused the McLaren to be installed with various custom parts, including an engine, exhaust, transmission, upgraded turbos and custom cooling (together, the "Custom Parts"). His intent was to make the McLaren the fastest of its type in the world in running a quarter mile and half mile.  The customization costs exceeded $150,000 and substantially increased the value of the McLaren.

6.    Title to the McLaren was transferred to the Debtor prepetition, and the Trustee alleges that the McLaren is property of the bankruptcy estate.  Upon the agreement of the Trustee and various secured creditors, including the FVP Parties, the Sale Order provides for the Trustee to sell the McLaren via auction and escrow its Net Proceeds.  *See* Sale Order ¶¶ 2–8.

**B.    The Partial Destruction of the McLaren.**

7.    Robert O'Connell ("O'Connell") is the manager and part owner of third-party, Excell Auto Sport & Service, Inc. ("Excell Sport").

8.    Upon information and belief, in or around June 2023—i.e. substantially the same time the Sale Order was being negotiated and entered into and at a time when FVP and the Trustee were inquiring of Excell Sport as to the location and turnover of the McLaren to the Trustee— O'Connell directed several mechanics to strip the Custom Parts from the McLaren.  The Trustee

{2425/000/00558262}

suspects that O'Connell intends to separately sell or keep the Custom Parts for his individual benefit or that of Excell Sport.

9.      On or about June 19, 2023, the McLaren was turned over to the Trustee's auctioneer by O'Connell and Excell Sport, completely stripped of the Custom Parts and inoperable.

10.      The removal of the Custom Parts from the McLaren is a violation of the automatic stay and has had an obvious, substantial, and destructive effect on the value of property claimed by the Trustee.  While the Trustee is still investigating the matter he believes at present that the market value of the McLaren may have been reduced from six figures (several hundred thousand dollars) to tragically as low as $50,000.00 in its current condition.

11.      Given this precipitous decline, the Trustee does not believe that selling the McLaren in its current condition will benefit the estate.  Rather, the Trustee is investigating claims that may be brought against the persons responsible for removing the Custom Parts, damaging property of the estate, and otherwise determining how to restore the value of the McLaren.

12.      In light of these dynamics the movants request that the Court partially reconsider the Sale Order as set forth *infra*.

<u>**ARGUMENT**</u>

The decision to alter or amend judgment is committed to the sound discretion of the Court. *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985) (citations and footnote omitted).  "Reconsideration of an order under Rule 59(e) 'is an extraordinary remedy to be employed sparingly.'" *In re Continuum Care Services, Inc.*, 398 B.R. 708, 710 (Bankr. S.D. Fla. 2008).  Grounds for relief under Rule 59(e) include "an intervening change in controlling law. . .newly available evidence. . .and [to] correct clear error or prevent manifest injustice." *Continuum*, 398 B.R. at 711.

{2425/000/00558262}

3

First, the Trustee seeks to modify the Sale Order so as to clarify that the Trustee's waiver of any interest in each of the Vehicles (including the McLaren) is to take effect after the sale of each Vehicle and after the transfer of title to each respective purchaser, such that the waiver is of any interest in the Net Proceeds, and such that the Trustee retains whatever right, title, or interest he has or had in the Vehicles through any sale and conveyance.   The Trustee believes that this is implicit in the Sale Order already because, for the Trustee have the ability to sell the Vehicles and convey good title to any purchaser, he must have good title to convey.  Accordingly, the Trustee wishes to clarify the Sale Order to this effect.

Secondly, the Movants believe the extraordinary facts in this case—i.e. the partial destruction of the McLaren in violation of the automatic stay—warrant partial relief from the Sale Order to prevent manifest injustice.  Compelling the Trustee to sell the McLaren for a drastically reduced price will harm creditors of the estate and benefit O'Connell, Excell Sport and any other persons implicated in removing the Custom Parts and destroying the McLaren.  By contrast, removing the McLaren from the sale process for the present will enable the Trustee to pursue appropriate remedies, including prosecuting automatic stay violations and bankruptcy crimes, attempting to recover the Custom Parts, and otherwise restoring the value of the McLaren prior to an eventual sale.  Accordingly, the Trustee seeks to modify the Sale Order (as well as the above clarification) to allow the Trustee to remove the McLaren from the sale (and from the Carveout provisions), continue to store and hold the McLaren, and retain any and all interest in the McLaren and its proceeds, and/or in any claim or cause of action (or the proceeds of same) for damage to the McLaren and/or its parts, including the Custom Parts, or their value.

The Trustee, and FVP, and (and potentially Franklin Capital Funding, LL) have agreed to split the ultimate proceeds (after payment of legal fees) of the McLaren or of any claim or cause

{2425/000/00558262}

of action for damage to the McLaren and its part, and for violation of the automatic stay with respect to the damage to the McLaren.

For the avoidance of doubt, the Trustee is not seeking to alter or amend any other part of the Sale Order other than to clarify it as set forth above and other than to make the provisions of the Sale Order inapplicable to the McLaren, as set forth therein, and to modify the Sale Order to the extent requested herein.  All other Vehicles (as such term is defined in the Sale Order) will be timely sold pursuant to the terms thereof and the clarification set forth above herein.

WHEREFORE, the FVP Parties and the Trustee respectfully request the entry of an order: (a) clarifying the Sale Order with respect to the Vehicles as set forth herein, (b) reconsidering the Sale Order only with respect to the McLaren and as set forth herein, pending further Order of the Court, and (c) granting such other relief the Court deems appropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on June 30, 2023.

Dated:  June 30, 2023                         Respectfully Submitted,

For the FVP Parties

| | |
|---|---|
| Jerrell A. Breslin, Esq. | David Softness, Esq. |
| Jonathan Noah Schwartz, Esq. | David R. Softness, P.A. |
| Schwartz Breslin PLLC | 201 S. Biscayne Blvd., Ste 2740 |
| The DuPont Building | Miami, Florida 33131 |

{2425/000/00558262}

| 169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@JSJB.Law<br>EService@JSJB.law<br><br><br>By:     s/ Jerrell Breslin<br>Jerrell Breslin, Esq.<br>Fla Bar No: 269573 | Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br>s / David Softness<br>David Softness, Esq. |

For the Trustee:

**GREENSPOON MARDER LLP**

/s/ *Rilyn A. Carnahan*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar Number: 614831
Attorneys for the Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T:  (561) 838-4557
F:  (561) 514-3457
Email: rilyn.carnahan@gmlaw.com

{2425/000/00558262}