**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC.,[1]          Chapter 7

                    Debtor.
_____/

**HI BAR CAPITAL, LLC'S LIMITED OBJECTION**
**TO THE JOINT MOTION TO CLARIFY AND RECONSIDER IN PART ORDER**
**GRANTING EXPEDITED MOTION TO AUTHORIZE SALE**

Hi Bar Capital, LLC ("Hi Bar"), by and through undersigned counsel, hereby objects on a limited basis (this "Limited Objection") to certain relief sought by Michael R. Bakst (the "Chapter 7 Trustee"), the chapter 7 trustee for the above-captioned debtor ("AWB" or the "Debtor"), and FVP Investments LLC and FVP Servicing, LLC (collectively "FVP") in their *Joint Motion to Clarify and Reconsider in Part Order Granting Expedited Motion to Authorize Sale* [Docket No. 711] (the "Joint Reconsideration Motion"), and in support thereof states as follows:[2]

**Background**

1.      On May 9, 2023, the Trustee filed an *Expedited Motion* [Docket No. 618] (the "Trustee Sale Motion") seeking authority to sell certain Vehicles "free and clear" pursuant to section 363 of the Bankruptcy Code. Hi Bar objected to the Trustee Sale Motion on a limited basis.

2.      On June 16, 2023, the Court entered an order granting the Trustee Sale Motion [Docket No. 694] (the "Sale Order").

---

[1] The last four digits of the Debtor's taxpayer identification number is 5162.  The Debtor's noticing address in this Chapter 11 case is 6560 West Rogers Circle, Suite B-27, Boca Raton, Florida 33487.

[2] Capitalized terms not otherwise defined herein are intended to have the meaning set forth in the Joint Reconsideration Motion or the Trustee Sale Motion (itself defined below).

3.      On June 30, 2023, the Trustee and FVP filed the Joint Reconsideration Motion which seeks to modify the Sale Order to remove a certain McLaren from the list of Vehicles the Trustee was authorized by the Sale Order to sell at auction. The Trustee states that this relief is necessary because he has discovered that certain parties stripped customer parts from the McLaren which, in turn has substantially impaired the sale value of that Vehicle.

4.      In addition to this modification of the Sale Order, the Joint Reconsideration Motion also appears to seek approval of an agreement between the Trustee and FVP to fund litigation relating to the McLaren in exchange for any ultimate proceeds recovered therefrom.

5.      Hi Bar has asserted valid, perfected, senior security interests and liens (generally, the Hi Bar Liens) with respect to the vehicles subject to the Sale Order – including the McLaren. *See, e.g.,* Docket No. 33 (motion for relief from stay); Docket No. 34 (motion to dismiss case); Claim No. 20. Hi Bar and others have also asserted that the Debtor (and thus the estate and Trustee) has no valid interest in any of the Vehicles. The extent of the Debtor's interest in the Vehicles (if any), as well as the extent, validity, and priority of liens thereon – including the Hi Bar Liens – are the subject of Adversary Proceeding No. 22-01218-EPK (the "***Adversary Proceeding***") pending before this Court.

### Limited Objection

6.      Hi Bar does not object to the modification of the Sale Order to remove the McLaren from the sale process, provided that the Trustee continues to maintain possession of the McLaren subject to the Hi Bar Liens. For the avoidance of doubt, Hi Bar is not admitting or conceding that the Debtor, the estate or the Trustee have (or at any time had) an interest in the McLaren, nor waiving any right to contest or challenge such matters in any proceeding in any forum, such rights being specifically reserved.

7.      Hi Bar *does* object, however, to any modification of the Sale Order that would grant FVP – or any other party – an interest in proceeds of the McLaren (which is Hi Bar's collateral) that would prime the senior Hi Bar Liens.

8.      Other than providing a "carve-out" from the sale proceeds in favor of the Trustee, the Sale Order does not alter or modify any existing or asserted interests in any of the subject Vehicles. Indeed, upon the Vehicle sale closings, the Net Proceeds are to be held until a court of competent jurisdiction adjudicates the validity, priority and extent of interests asserted in and against the Vehicles and the Net Proceeds. *See* Sale Order at ¶ 8.

9.      Through the Joint Reconsideration Motion, the Trustee and FVP seek to remove the McLaren from the list of Vehicles being sold, but then also grant to FVP an apparent senior right to receive the proceeds of litigation relating to the Vehicle. This grant is, apparently, in exchange for an agreement by FVP (and potentially Franklin Capital Funding, LLC) to pay the Trustee's legal fees incurred pursuing any related litigation.

10.     A motion for reconsideration is not an appropriate mechanism to modify (or determine) the priority of interests in contested collateral proceeds. It is also not the appropriate mechanism to approve litigation funding agreements between non-debtors and the estate. But that is apparently what the Trustee and FVP are attempting to do.

11.     To be clear, Hi Bar does not object to the Trustee pursuing claims to recover damages or to return the value of the McLaren. But any funding arrangement or contingent recovery cannot be negotiated behind closed doors or be employed to subordinate the priority of the Hi Bar Liens.

WHEREFORE, Hi Bar respectfully requests this Court deny the Joint Reconsideration Motion to the extent it seeks to modify any party's interests in the McLaren or any proceeds thereof or obtained in connection therewith.

Respectfully submitted,

Dated: July 10, 2023

/s/ Ezequiel J. Romero
Ezequiel J. Romero
Florida Bar No. 107216
romeroe@bclplaw.com
Bryan Cave Leighton Paisner, LLP
200 South Biscayne Boulevard, Suite 400
Miami, FL 33131
Telephone: (786) 322-7500

Local Counsel for Hi Bar Capital, LLC

Jason J. DeJonker, Esq.
Illinois Bar No. 6272128
Bryan Cave Leighton Paisner, LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
E-mail: Jason.dejonker@bclplaw.com
Tel: (312) 602-5005

Admitted Pro Hace Vice
Counsel for Hi Bar Capital, LLC

/s/ Jarret P. Hitchings
Jarret P. Hitchings, Esq.
Delaware Bar No. 5564
Pennsylvania Bar No. 312254
North Carolina Bar No. 60085
Bryan Cave Leighton Paisner, LLP
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, North Carolina 28202
E-mail: jarret.hitchings@bclplaw.com
Tel: (704) 749-8965
Fax: (704) 749-8990

Admitted Pro Hac Vice
Counsel for Hi Bar Capital, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, I caused the foregoing *Limited Objection* to be electronically filed with the Court using the Court's CM/ECF filing system, which generated an email notice of the filing, linked to this document, to those parties who receive electronic notices in the bankruptcy case captioned above.

Dated: July 10, 2023                   **BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Ezequiel J. Romero*
Ezequiel J. Romero (Florida Bar No. 107216)
200 South Biscayne Boulevard, Suite 400
Miami, Florida 33131-5354
Telephone    (786) 322-7500
Facsimile:    (786) 322-7501
Email:       ezequiel.romero@bclplaw.com

*Counsel for Hi Bar Capital, LLC*