UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,                              Chapter 7

           Debtor.

_____/

**RESPONSE IN OPPOSITION TO MOTION FOR ORDER THAT STAY IS NOT APPLCIABLE TO STATE COURT AMENDED COMPLAINT, OR, ALTERNATIVELY, MOTION TO MODIFY THE AUTOMATIC STAY TO THE EXTENT APPLICABLE**

Moshe Farache and Lisa Farache (the "**Respondents**") respond in opposition to the *Motion for Order that Stay is Not Applicable to State Court Amended Complaint, or, Alternatively, Motion to Modify the Automatic Stay to the Extent Applicable* (ECF No. 700) (the "**Stay Relief Motion**") filed by FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC (collectively, "**FVP**" or the "**Movants**"), and states:

1.      As pleaded, the proposed amended complaint[1], if asserted by FVP, would violate the automatic stay, by asserting claims that, if viable, (a) would be property of the bankruptcy estate, at a minimum as to the alter ego claim (Count XXII), *see Baillie Lumber Company, LB v. Thompson*, 413 (F.3d 1293 (11th Cir. 2005) and *Sigma-Tech Sales, Inc.* 2016 WL 4225090 (Bankr. S.D. Fla. Aug. 1, 2016), *infra*, and (b) that <u>not</u> truly independent causes of action against the Respondents and others but rather are really claims against the Debtor, *see In re Fiddler's Creek, LLC*, 2010 WL 6618876 (Bankr. M.D. Fla. Sept. 15, 2010), *infra*.

_____

[1] **Exhibit A** to the Stay Relief Motion, proposed to be filed in CACE-22—01125 (Cir. Ct., 17th Jud. Cir., Broward Cty., Fla.).

1

2.      In the proposed amended complaint, the Movants assert certain claims that are predicated on conduct[2] that is, where cognizable, attributable to the debtor Auto Wholesale of Boca, LLC ("**AWB**" or the "**Debtor**").

3.      FVP seek to hold the Respondents and other non-Debtor defendants liable as alter egos of AWB (Count XXII Pierce the Corporate Veil against Moshe Farache and Lisa Farache) and under other theories (for conspiracy (Count XIII and Count XVII), tortious interference (Count XIV and Count XIX), fraud (Count XV), and conversion (Count XVI). However, FVP has not alleged any separate or independent acts of the Respondents (or other non-Debtor defendants) to these counts.

4.      FVP has not met its burden to establish cause under 11 U.S.C. § 362(d)(1) to lift the automatic stay to bring the claims, and the Respondents request that the Court deny the Stay Relief Motion.

### With Respect to the Claims at Issue, the Amended Complaint is About the Actions of the Debtor

5.      Counts XIII, XIV, XV, XVI, XVII, XIX, and XXII are generally based on AWB's transactions with Excell Auto Group, Inc. ("Excel Auto"). The conduct is alleged in conclusory fashion and does not separate any actions of AWB with actions of the named defendants of those claims[3].

6.      To illustrate, the acts alleged in Count XIX (Tortious Interference with Advantageous Business Relationship against Moshe Farache and Lisa Farache) (see paragraph 485) are wholly conclusory and based on unspecified statements and acts that allegedly interfered

---

[2] The conduct alleged in the amended complaint as to the Counts at issue are generally conclusory and unsupported by allegations of ultimate fact.

[3] Except, perhaps, with respect to 1001 Clint Moore, LLC in Count XIII.

with business relationships by making unspecified misrepresentations, creating false financial transactions to show a false claim to the collateral, making threats, demanding vehicles and titles to vehicles, engaging in conspiracies and schemes to defraud and convert collateral, converting collateral, fraudulently transferring funds, and disrupting financial benefits. To the extent that these acts are identifiable, they can only be based on AWB's transactions with Excell Auto and in taking possession of the vehicles.

7.      Similarly, the claims in Count XVII (Civil Conspiracy) are based on AWB actions in taking possession of the vehicles (see paragraph 469); the claims in Count XVI (Conversion of the FVP Parties Collateral) are based on unspecified acts that appear to ostensibly be AWB taking possession of the vehicles; the claims in Count XV (Fraud after the FVP Loan) are based on unspecified and conclusory representations (paragraph 443) that relate to AWB's transactions and vehicles; Count XIV (Tortious Interference with Business Relationship) is based on unspecified, conclusory acts (paragraph 435) and ostensibly how AWB kept its books and records for its transactions with Excell Auto (paragraph 437); and the claims in Count XIII (Conspiracy to Commit Fraud to Induce the FVP Loan) alleged to be in pursuit of the conspiracy relate to AWB acts.[4]

8.      Finally, Count XXII (Pierce the Corporate Veil against Moshe Farache and Lisa Farache) is entirely conclusory and seeks to hold the Faraches liable for the conduct and debt of

---

[4] As set forth in paragraph 423, these acts include: (a) the sending of a January 18, 2022 email, which is attached as Exhibit DD to the amended complaint, and is an email from moshefarache@gmail.com to scott@excellauto.com that attached AWB inventory reports and a list of the outstanding amounts due (attachments: AUTO WHOLESALE INVENTORY REPORT 01.18.22.xlsx; MMS LOAN AW.EES LOAN 01.18.22.docx; SHORT TERM LOAN INVENTORY REPORT 01.18.22.xlsx; EXCELL INVENTORY REPORT 01.18.22.xlsx; OUTSTANDING LOANS AS OF 1.18.22 545.docx); (b) the execution of a document by Scott and Kristin Zankl, which is included in Exhibit DD and that appears to provide for payment of amounts due to AWB; and (c) unspecified intentional material misrepresentations to FVP, referencing only Exhibit W to the amended complaint, which appears to be a letter from 1001 Clint Moore, LLC to FVP Servicing LLC from January 2022 regarding access to the premises.

AWB. In the count, FVP simply alleges that the Faraches used AWB for improper purposes (without stating the improper purpose) and that there was a complete lack of separateness between AWB and the Faraches (without setting forth any ultimate facts that would support that conclusion).

**Claims Seeking to Impose Liability for AWB's Debts are Property of the Estate;**
**FVP Bringing Such Claims Would Violate the Automatic Stay**

9.      In *Baillie Lumber Co., LP v. Thompson (In re Icarus Holding, LLC)*, 413 F.3d 1293, 1295 (11th Cir. 2005), the Eleventh Circuit held that an alter ego claim asserted under Georgia Law against the debtor corporation's principal is property of the bankruptcy estate and subject to the automatic stay. "[I]n order for the alter ego action to be property of the bankruptcy estate, the 'claim should (1) be a general claim that is common to all creditors and (2) be allowed by state law.' " (the "**Icarus Test**") *Id.* (quoting the Eleventh Circuit's earlier holding in *Baillie Lumber Co. v. Thompson (In re Icarus Holding, LLC)*, 391 F.3d 1314 (11th Cir. 2004).

10.     In *In re Sigma-Tech Sales, Inc.*, Judge Olson held that a trustee's action asserting successor liability and alter ego claims satisfied the Icarus Test as they were general claims common to all creditors and claims that the estate would own under 11 U.S.C. § 541 if the trustee were to prevail in proving alter ego liability and thus allowed by Florida law. *In re Sigma-Tech Sales, Inc.*, 2016 WL 4224090, at *3 (Bankr. S.D. Fla. Aug. 1, 2016) ("This Court holds that the line of cases standing for the proposition that a trustee does have standing to bring an alter ego claim on behalf of a corporate debtor properly references applicable Florida law thus satisfying the second prong of the Icarus Test. Granting a trustee standing not only aligns with the equitable principles rationalizing an alter ego claim, but also supports the purpose of the bankruptcy code by permitting the trustee the ability to recover assets belonging to the estate."); see also *In re Ortega T.*, 562 B.R. 538 (Bankr. S.D. Fla. 2016) (holding that Chapter 7 trustee had authority to

bring alter ego claim to pierce the corporate veil under Florida law) and *In re Charles Edwards Enterprises, Inc.*, 344 B.R. 788, 790 (Bankr. N.D.W. Va. 2006) ("Alter ego theories, however, are the exclusive property of the bankruptcy estate and cannot be pursued by any party other than the Chapter 7 trustee in the absence of abandonment or the grant of derivative standing."[5]).

11.     Here, FVP is attempting through Count XXII to pierce the corporate veil against Moshe Farache and Lisa Farache and hold them liable for the debts of AWB. The Faraches deny that any such claim is viable, but *assuming arguendo* that it is, the claim is not one that "can only be brought by FVP," as FVP claims in paragraph 9 of the Stay Relief Motion, but rather is one that satisfies the Icarus Test and would be property of the bankruptcy estate to be administered by the bankruptcy trustee.

### None of the Claims at Issue That Are Based on the Actions of the Debtor Are Independent Causes of Action; They are Barred by the Automatic Stay

12.     In *Fiddler's Creek*, *LLC,* 2010 WL 6618876 (Bankr. M.D. Fla. Sept. 15, 2010) (J. May), a case cited by FVP, the principal of the corporate debtor was sued for breach of contract, civil conversion, and to pierce the corporate veil. *Id.* at *1. The plaintiffs in the action asserted that the principal was the alter ego of the debtors and that the principal caused the debtors to breach certain golf membership contracts and used the debtors as a vehicle to convert initiation deposits. *Id.*

---

[5] Citing to: "*E.g., Baillie Lumber Co., LP v. Thompson,* 413 F.3d 1293, 1295 (11th Cir.2005) ('[W]e conclude that the alter ego action by the corporation against the principal is allowed under state law. Thus, the alter ego action here is property of the bankruptcy estate and is subject to an automatic stay.'); *Cent. Vt. PSC v. Herbert,* 341 F.3d 186, 192 (2nd Cir.2003) ('[T]he trustee is 'the proper person to assert claims .... against the debtor's alter ego or others who have misused the debtors property in some fashion,' .... As long as state law permits alter ego tort claims or similar actions, such actions are core proceedings because they 'relate[ ] to the property of the estate,' and 'bring[ ] property into the estate of the debtor,' particularly as a proceeding to 'recover fraudulent conveyances' ....') (citations omitted); *Steyr–Daimler–Puch of America Corp. v. Pappas,* 852 F.2d 132, 136 (4th Cir.1988) (holding that a corporation has an equitable interest in assets of alter ego entity; consequently, the alter ego claim is property of the bankruptcy estate)." 344 B.R. at 790.

13.      In the case, the Court explained:

The automatic stay under section 362 of the Bankruptcy Code does not act as a stay against a creditor pursuing truly independent causes of action against the Debtors' officers, directors or shareholders. However, it is black letter law in Florida that seeking a determination that a shareholder is the "alter ego" of a corporation and therefore liable for the corporation's debts, or similarly **seeking to pierce the corporate veil of a corporation to impose liability on the shareholder for the corporation's debts**, **is** *not* **an independent claim or cause of action**. *See Tara Productions, Inc. v. Hollywood Gadgets, Inc.,* 2010 WL 1531489 at *9 (S.D.Fla. Apr.16, 2010)("[a]lter ego is not a separate cause of action for which relief can be granted...."). **Rather, it is a means of imposing liability on the shareholder based on an underlying cause of action for which the corporation is liable, including tort liability** or liability for breach of contract.

*In re Fiddler's Creek, LLC*, 2010 WL 6618876, at *2 (Bankr. M.D. Fla. Sept. 15, 2010) (emphasis added).

14.      As a result, the Court determined that to succeed in their lawsuit, the plaintiffs would first be required to establish the debtors' alleged liability for breach of contract or civil conversion *before* pursuing the remedy of alter ego or veil piercing against the principal for the same damages. *Id.* The Court noted that the principal was not a party to any contract with the plaintiffs, and as such found and concluded that the substantive claims in the lawsuit are causes of action against the debtor for allegedly breaching the agreements and converting the deposits, and that as a result, the commencement and prosecution of the lawsuit violated the automatic stay. *Id.*

15.      Similarly, in FVP's amended complaint, the claims center on the actions of the Debtor, such that AWB is the real party in interest, not Mr. Farache or any other of the non-Debtor defendants in the claims at issue for whom no separate or independent action has been alleged by FVP. As such, it is clear that FVP is really seeking in the amended complaint to establish AWB's liability for conversion, tortious interference, fraud, etc., which should not be permitted to occur outside of this bankruptcy proceeding. *See id.* at *3 (expressing concern over the potential for the debtors to be collaterally estopped from re-litigating issues regarding the debtors' liability).

6

16.     The Movants have not asserted independent claims in Counts XIII, XIV, XV, XVI, XVII, XIX, and XXII. These claims are based on the Debtor's alleged conduct, they are barred by the automatic stay.

### No Cause Exists to Lift Stay

17.     The Movants have not established cause to lift the stay to bring any of the claims.

18.     FVP claims that "cause exists to modify the stay to permit FVP to pursue their alter ego and all other remedies and theories against the Farache Defendants in the State Court Amended Complaint"…because "[t]hese remedies have no perceivable impact on the Debtor or its estate." *Stay Relief Motion, Par. 15.*

19.     This is not the case. As set forth above, any viable alter ego or other claims to impose liability for the Debtor's debts would be property of the estate, and all of the claims at issue are really claims based on conduct against the Debtor. All of these claims should be determined by the bankruptcy court after the trustee has completed his investigation and has decided how to proceed (and whether to bring claims against third parties and whether and how to defend claims brought against the Debtor).

**WHEREFORE**, the Respondents request that the Court deny the Stay Relief Motion and for such other relief as is just and proper.

July 17, 2023                              **LESSNE LAW**
                                          *Counsel for Respondents*
                                          100 S.E. 3rd Ave., 10th Floor
                                          Fort Lauderdale, FL 33394
                                          Telephone: 954-372-5759
                                          Email: michael@lessne.law

                                          By: */s/ Michael Lessne*
                                                  Michael Lessne
                                                  Florida Bar No. 73881

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing notice has been filed with the Court and furnished via transmission of Notices of Electronic Filing on all counsel of record or pro se parties identified on the CM/ECF service list maintained by the Court in this case on this 17th day of July, 2023.

/s/ *Michael D. Lessne*
Michael D. Lessne