UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 9:23-cv-80281-WPD

DEREK STEPHENS,

     Appellant,

v.

AUTO WHOLESALE OF BOCA, LLC, et al.,

     Appellees,

_____/

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

THIS CAUSE is before the Court, pursuant to 28 U.S.C. §158(a), on an appeal by Derek Stephens ("Appellant"). The Court has carefully considered Appellant's Initial Brief [DE 12], Appellees FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC ("FVP")'s Brief [DE 27], Appellee Michael R. Bakst, Trustee in Bankruptcy for Auto Wholesale of Boca, LLC ("Trustee")'s Brief and Notice of Joinder [DE 28], and notes that no Reply brief was filed and the time for such filing has passed. The Court has also reviewed the entire record on appeal and is otherwise fully advised in the premises.

### I.     BACKGROUND

On July 22, 2022, Auto Wholesale of Boca, LLC ("AWB") filed a Voluntary Petition for Chapter 11 Bankruptcy. *See In re Auto Wholesale of Boca, LLC*, 22-bk-15627-EPK (hereinafter, "Bankruptcy Action"). On September 6, 2022, Appellant filed a Motion to Compel Turnover of 2013 Ferrari 458 Spider and to Abandon Title, seeking an order directing AWB to turn over and abandon title to a 2014 Ferrari 458 Spider (the "Vehicle"). *See* [DE 114] in Bankruptcy Action. Therein, Appellant argued that he is the legal owner of the Vehicle pursuant to a consignment

1

agreement he purportedly entered into with Karma of Palm Beach, Inc. ("Karma"). *See id.* Following a one-day evidentiary hearing, the Bankruptcy Court entered an Order Denying Motion for Turnover on February 10, 2023, finding, *inter alia*, that the Karma salesperson with whom Appellant transacted did not have actual or apparent authority to execute the consignment agreement. *See* [DE 422] in Bankruptcy Action (the "Turnover Order"). As a result, the Bankruptcy Court found that Appellant had relinquished the Vehicle in trade for another vehicle, and therefore had no right to the Vehicle. *Id.*

On February 23, 2023, Appellant filed a Notice of Appeal of the Turnover Order. *See* [DE 449] in Bankruptcy Action. The appeal was transmitted to the District Court on February 24, 2023 and assigned to the Undersigned. *See* [DE 1]. The appeal is now ripe for review. *See* [DE's 12, 27, 28].

## II.     STANDARD OF REVIEW

District courts function as appellate courts in reviewing bankruptcy courts' decisions. *In re Williams*, 216 F. 3d 1295, 1296 (11th Cir. 2000).  The bankruptcy court's findings of fact will not be set aside unless clearly erroneous.  Fed. R. Bankr. P. 8013; *In re Bush*, 62 F.3d 1319, 1322 (11th Cir. 1995); *Green Tree Acceptance, Inc. v. Clavert* (*In re Clavert*), 907 F.2d 1069, 1071 (11th Cir. 1990). A finding of fact is not clearly erroneous unless "this court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been committed." *In re Int'l Admin. Serv., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005) (citations omitted).

Conclusions of law are reviewed by the district court *de novo*.  *In re Bush*, 62 F.3d at 1322; *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990); *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990). Evidentiary rulings are reviewed for abuse of discretion. *Bhogaita*

*v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014); *In re Cabot*, No. 11-80316-CIV, 2011 WL 3844079, at *4 (S.D. Fla. Aug. 30, 2011).

### III.    DISCUSSION

In his appeal, Appellant argues that the Bankruptcy Court erred in holding that the Karma salesperson lacked actual or apparent authority to enter into the consignment agreement on behalf of Karma.

Agents may bind principals when they act with actual or apparent authority.  Actual authority "exists when a principal delegates authority to an agent by expressly authorizing the agent to do a delegable act." *Fla. Power & Light Co. v. McRoberts*, 257 So. 3d 1023, 1026 (Fla. 4th DCA 2018) (citations omitted). Apparent agency requires "a representation by the principal, reliance on the representation by a third person, and a change in position by the third party in reliance on the representation." *Moran v. Cameron*, 362 F. App'x 88, 95 (11th Cir. 2010) (citing *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 124 (Fla. 1995)). "Apparent authority does not arise from the subjective understanding of the person dealing with the purported agent or from appearances created by the purported agent himself." *Rosseler v. Novak*, 858 So. 2d 1158, 1162 (Fla. 2d DCA 2003). "Rather, apparent authority exists only where the principal creates the appearance of an agency relationship." *Id.*

Whether an agent acts with actual or apparent authority is generally a question of fact. *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1318 (M.D. Fla. 2017) (citing *Almerico v. RLI Ins.*, 715 So. 2d 774, 781 (Fla. 1998)); *Robbins v. Hess*, 659 So. 2d 424, 427 (Fla. 1st DCA 1995); *Dreggors v. Wausau Ins. Co.*, 995 So. 2d 547, 551 (Fla. 5th DCA 2008). "Resolving factual issues depends upon the credibility of witnesses and the Bankruptcy Judge's opportunity

to view and hear the testimony is of paramount importance." *In re Garfinkle,* 672 F.2d 1340, 1348 (11th Cir.1982) (citation omitted).

Upon careful consideration of the parties' briefs and the relevant case law, the Court finds that the Bankruptcy Court did not err in applying the principles of agency law in this case and holding that the Karma salesperson lacked actual or apparent authority to enter into the consignment agreement.

Regarding actual authority, the Bankruptcy Court found that Karma's principal "credibly testified that Karma's salespersons did not have authority to bring in vehicles on consignment." *See* [DE 422] at p. 12 in Bankruptcy Action; *see also id.* at p. 5. While Appellant challenges the propriety of these findings, he fails to cite to any record evidence demonstrating that these findings were clearly erroneous. Contrary to Appellant's suggestion, the evidence does support the Bankruptcy Court's conclusion that Karma's salespersons lacked authority to bring in vehicles on consignment without approval. *See, e.g.*, [DE 277-1] at pp. 250, 252 in Bankruptcy Action.

As to apparent authority, the Bankruptcy Court found that no reasonable person would believe the Karma salesperson had authority to sign the consignment agreement because: (1) Karma's principal did not represent in any way that the salesperson could bind Karma to consignments; (2) the salesperson did not sign any transactions documents other than the consignment agreement; and (3) the consignment agreement contradicts the agreement Appellant negotiated directly with Karma's principal. *See* [DE 422] at p. 12 in Bankruptcy Action; *see also id.* at p. 5. Appellant argues that the record evidence supports the conclusion that Karma created the appearance of an agency relationship with the salesperson, and therefore the Turnover Order should be reversed. Upon review of the evidence, however, the Court is not left with a definite

4

and firm conviction that a mistake has been made. While Appellant disagrees with the factual findings of the Bankruptcy Court, there are adequate facts in the record to support the Bankruptcy Court's findings of no apparent authority. And "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (citations omitted).

In addition, the Bankruptcy Court identified and applied principles of agency law correctly in finding no actual or apparent authority. The Court finds no error in the Bankruptcy Court's summary of applicable law, or its application of the law to the facts presented by the evidence.

Finally, Appellant argues that the Bankruptcy Court made certain oral pronouncements during the evidentiary hearing which contradict the findings of fact set forth in the Turnover Order. According to Appellant, the Court should therefore reverse or, at minimum, give no deference to the Bankruptcy's Court's findings of fact. Appellant's argument is without merit. As this Court stated in its June 12, 2023 Order Denying Motion to Stay Pending Appeal:

> . . . Appellant's reliance on case law regarding conflicts between a trial court's oral pronouncements and its written order are not persuasive. Those cases all appear to address discrepancies between oral rulings and written judgments in the context of family law or criminal matters. *See, e.g., Saucier v. Nowak*, 200 So. 3d 1298, 1298 (Fla. 5th DCA 2016) (reversing and remanding for written judgment regarding child timesharing to conform to oral ruling regarding videoconferencing); *United States v. Williams*, No. 21-12101, 2022 WL 3449567, at *1 (11th Cir. Aug. 17, 2022) ("The general rule is that, when the oral pronouncement of a sentence and the written judgment unambiguously conflict, the oral pronouncement controls."). Appellant points to no analogue bankruptcy cases nor offers any argument to suggest that the Bankruptcy Judge's commentary at the evidentiary hearing equated to an oral ruling. *See, e.g., Billingsley v. Jefferson Cnty.*, 953 F.2d 1351, 1354 (11th Cir. 1992) (finding that "comments and . . . tentative findings by the court were not decisions that would bind the court when it made its findings and conclusions of law" in its final order and judgment). To the contrary, at the close of the evidentiary hearing the Bankruptcy Court requested briefing on the parties' relative rights to

5

the Vehicle and the Karma salesperson's authority to execute the consignment agreement. *See* [DE 240] in the Bankruptcy Action. Only after receipt of the briefing, and upon careful review of the evidence, did the Bankruptcy Court issue its findings of fact and conclusions of law.

[DE 22] at pp. 4–5. The Court notes that, by failing to file a timely Reply belief, Appellant has not even attempted to come forward with any legal authority to persuade the Court to find any differently.

Accordingly, the Court concludes that the Bankruptcy Court's February 10, 2023 Turnover Order is due to be affirmed.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Bankruptcy Court's February 10, 2023 Order Denying Motion for Turnover, [DE 422] in Bankruptcy Action, is **AFFIRMED**; and

2. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida, this 9th day of August, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record

6