UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,                              Chapter 7


                    Debtor.

_____/

**MOSHE FARACHE, M&M DEVELOPMENT CONSULTANTS, LLC, FARACHE
ENTERPRISES, INC., AND EXPRESS EMERGENCY SERVICES, INC.'S
OBJECTION TO FINAL FEE APPLICATION OF CHAPTER 11
(SUBCHAPTER V) DEBTOR'S-IN-POSSESSION COUNSEL, JAMES B. MILLER**

Moshe Farache, M&M Development Consultants, LLC, Farache Enterprises, Inc., and Express Emergency Services, Inc. (the "Movants") object to the Final Fee Application of Chapter 11 (Subchapter V) Debtor's-In-Possession Counsel (ECF No. 750) filed on July 27, 2023, by James B. Miller and James B. Miller P.A. (collectively, the "Former Counsel"), the former Chapter 11 counsel to Auto Wholesale of Boca, LLC ("AWB" or the "Debtor"), and in support state as follows:

**INTRODUCTION**

1.    AWB has paid the Former Counsel more than $252,000 to date. Prepetition, it paid $82,500.00 for prepetition services related to the Excell bankruptcy case from April 8, 2022 through July 19, 2022, and an additional $14,858.00 for prepetition services in preparing for this bankruptcy filing over the three-day period from July 19, 2022 through July 22, 2022, for all of which services the Former Counsel provided <u>no</u> invoices.

2.    Following the petition date on July 22, 2023, AWB paid an additional $159,932.00 for interim compensation from July 23, 2022 through November 29, 2022 (and

$6,311.92 for expenses over that same period). In his Final Fee Application, the Prior Counsel now seeks what appears to be an additional $298,045.50 in fees and $4,856.88 in costs from November 11, 2022 through May 21, 2023.[1] In total, the Former Counsel's Fee Applications seek **$457,977.50** in attorneys' fees and reimbursement of costs of $10,168.80.

3.      The Movants object to the Former Counsel's requests for compensation. Under the circumstances of this case—where the Former Counsel's services were ineffective, AWB's reorganization efforts were unsuccessful, and the Court converted the case to Chapter 7—a fee approaching a half a million dollars is **not** reasonable compensation to the Former Counsel for actual, necessary services.

## BRIEF BACKGROUND

4.      On July 22, 2022, Auto Wholesale of Boca, LLC (the "Debtor") commenced this bankruptcy case by filing a voluntary Chapter 11 Petition (ECF No. 1).

5.      On July 26, 2022, the Court entered its Interim Order Approving the Employment of James B. Miller and James B. Miller P.A. as Counsel for the Debtors-In-Possession Effective as of the Petition Date and Setting Final Hearing Thereon (ECF No. 26), and on September 20, 2022 the Court entered its Final Order Granting Debtor's Emergency Application for Approval, on an Interim and Final Basis, For Employment of James B. Miller and James B. Miller, P.A. as General Counsel for the Debtor-In-Possession, Effective as of the Petition Date (ECF No. 130).

6.      On November 29, 2022, the Former Counsel filed their interim Fee Application seeking an interim fee and costs award in the amount of $234,226. (ECF No. 237) (the "Interim Fee Application", and on December 8, 0223, the Court entered an Order Approving First Interim Application for Compensation for Counsel to Debtor-In-Possession (ECF No. 259) awarding

---

[1] The Former Counsel does not separately seek approval of the amount awarded on an interim basis in the Interim Fee Application, and the Movants object on that basis as well.

interim compensation of $159,932 (reflecting a 20% holdback of fees requested) and $6,311.92 for expenses/costs, and permitting the Former Counsel to apply $41,880.00 from its trust account and authorizing the Debtor to remit the balance of $124,363.92 to the Former Counsel.

7. The Court conducted an evidentiary hearing on March 27 and 28, 2023, and heard closing arguments on May 1, 2023 upon FVP's Motion to Dismiss or Convert to Chapter 7 (ECF No. 390) and the Joinder (ECF No. 428), the Court.

8. On May 1, 2023, entered its Order Converting Case Under Chapter 11 to Case Under Chapter 7 (ECF No. 584).

9. On May 2, 2023, the Former Counsel filed their Motion to Withdraw as Attorney (ECF No. 591), which was granted by Court Order (ECF No. 656) on May 19, 2023.

10. On July 22, 2023, the Former Counsel filed their Final Fee Application (ECF No. 750) (the "Final Fee Application" and together with the Interim Fee Application, the "Fee Applications") seeking $298,045.50 in attorneys' fees and $4,856.88 in costs.

11. The Movants timely filed proofs of claim for general unsecured claims in the total amount of $4,623,001.10, as follows: claim nos. 13 (Express Emergency Services, Inc. for $3,000.00), 14 (Farache Enterprises, Inc. for $9,059.87), 15 (Moshe Farache for $3,321,772.46), and 17 (M&M Development Consultants LLC for $1,289,168.77).

## OBJECTION TO FORMER COUNSEL'S FEE APPLICATIONS

The Movants object to the Former Counsel's Fee Applications, for the following reasons:

**First**, the fee requested by the Former Counsel in this case, considered in its entirety, is excessive and unreasonable. Due to the manner in which the Former Counsel has billed, with substantial hours dedicated to reviewing various documents and filings, it is difficult to determine what work was performed. What is clear is that the Former Counsel and his paralegal spent far too much time billing in this case, including tasks that did not advance this case to

confirmation. This is reflected in the time spent in the different activities (reflected in the chart below), as the Former Counsel seeks between the Fee Applications a total of $112,047.50 in the plan category (for a case that was converted prior to the confirmation hearing), $161,835.00 for adversary proceedings, and $101,995.00 on asset analysis, which are extraordinary amounts for this converted case. These categories stand in contrast to the $32,110.00 requested for settlement and $15,070 for sale, areas in which additional time may have better served the Debtor if the Debtor had been able to reach a global resolution or sell the vehicles. For the first four months of the case, the Former Counsel billed only 21 minutes to the sale category. An example included in the amounts that appear excessive is the time spent by the Former Counsel preparing for and attending the hearing on the motion to convert that was argued by special counsel Jonathan Feldman (while the Former Counsel and his paralegal observed the hearing). Many of the Former Counsel's time entries relate to review and Further highlighting the unreasonableness of the Former Counsel's request are the expectations set out in the Interim Fee Application, where the Former Counsel included anticipated additional fees through confirmation of $28,000.00. In the Final Fee Application through conversion, the Former Counsel seeks an award that is 10 times more than the expectations he originally set.

| | Interim Fee Application | | Final Fee Application | | Total Hrs | Total Amount |
|---|---|---|---|---|---|---|
| | Hours | Amount | Hours | Amount | | |
| Asset Analysis | 191.20 | $ 82,880.00 | 66.90 | $ 19,115.00 | 258.10 | $ 101,995.00 |
| Adversary Proceedings | 102.60 | $ 51,550.00 | 215.50 | $ 110,285.00 | 318.10 | $ 161,835.00 |
| Plan | 62.20 | $ 23,610.00 | 210.70 | $ 88,437.50 | 272.90 | $ 112,047.50 |
| Settlement | 47.60 | $ 22,980.00 | 16.60 | $ 9,130.00 | 64.20 | $ 32,110.00 |
| Sale | 0.30 | $ 165.00 | 27.10 | $ 14,905.00 | 27.40 | $ 15,070.00 |
| Anticipated Post Fee App through Confirmation | 80.0 | $ 28,000.00 | | | 80.0 | $ 28,000.00 |

**Second**, the total of $69,755.00 in entries of the Former Counsel are block billed (as shown on Exhibit A (taken from the First Interim Fee Application) and Exhibit B (taken from the

Final Fee Application), in violation of the guidelines for fee applications for professionals in the Southern District of Florida Bankruptcy Cases (the "Guidelines")[2].

"Records which 'lump together all the tasks performed by an attorney on a given day without breaking out the time spent on each task' at least 'makes it difficult, if not impossible,' for a court 'to calculate with any precision the number of hours an attorney devoted to a particular task.'" *Machado v. Da Vittorio, LLC*, 2010 WL 2949618, at *3 (S.D. Fla. July 26, 2010) (J. Altonaga) (quoting *ACLU of Ga. V. Barnes*, 168 F.3d 428, at 1303 (11th Cir. 1999)). "…'[C]ounsel [seeking fees] bears the burden…of supplying the court with specific and detailed evidence' so the court can evaluate the reasonableness of the requested fees." *Id.* (quoting *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). "As the Supreme Court said in *Hensley [v. Eckerhart*, 461 U.S. 424 (1983)]*, '[a] request for attorney's fees should not result in a second major litigation.' " *Norman*, 836 F.2d at 1303 (quoting *Hensley*, 461 U.S. at 437).

With respect to the $69,755.00 in block-billed entries, the Movants cannot ascertain how much time was spent on a task and whether the time spent was reasonable.

**Third**, the Movants object to the extent that the Former Counsel has not applied unearned amounts to the amounts he seeks for attorneys' fees and costs. Prepetition, on April 8, 2022, the Debtor entered into an engagement agreement with the Debtor, Mr. Farache, and two

---

[2] See Local Rule 2016-1(B)(1) ("Applications for compensation of attorneys…submitted pursuant to Bankruptcy Rule 2016 shall comply with the court's 'Guidelines for Fee Applications for Professionals in the Southern District of Florida' [the "Guidelines"] and the local forms described in the guidelines.") "The Guidelines are mandatory guidelines to which an applicant for compensation must certify the Application complies." Guidelines, pg. 1. Section C. 3 of the Guidelines states that "[i]n recording time, each professional and paraprofessional may, subject to Section C(4), describe in one entry the nature of the services rendered during that day and the aggregate time expended for that day in an Activity Code Category (as herein defined) without delineating the actual time spent on each discrete activity in an Activity Code Category, <u>provided, however,</u> single time entries of more than an hour in an Activity Code Category that include two or more activates must include a notation of the approximate time spend on each activity within the Activity Code Category." Guidelines, Sec. C. 3.

other entities "in regards to Bankruptcy Case(s), yet-to-be-filed as of this date [] wherein Excell Auto Group, Inc. [and/or others] is the named Debtor…" The Debtor subsequently paid the Former Counsel, as follows:

| Check Date | Amount | Check No. | Check Memo |
|---|---|---|---|
| 4/11/2022 | $12,500.00 | 2106 | AUTO WHOLESALE RETAINER |
| 5/3/2022 | $10,000.00 | 2121 | EXCELL |
| 6/23/2022 | $10,000.00 | 2137 | EXCELL |
| 7/19/2022 | $50,000.00 | 2152 | EXCELL CASE |
| | Total: $82,500.00 | | |

On July 19, 2022, the Debtor entered into a separate Retainer Agreement with the Former Counsel in connection with its Chapter 11 Bankruptcy and on the same day paid the Former Counsel a $55,000.00 retainer (Check No. 2153) and $1,738.00 for costs (Check No. 2154).

The Disclosure of Compensation for Attorney for Debtor (ECF No. 4) provides that the Former Counsel was paid $55,000 for legal services and $1,738 in costs and that the unused balance of the prepetition retainer to be applied to post petition fees and costs was $41,880.00. Despite multiple requests, the Former Counsel did not provide invoices for the work he performed prior to the July 22, 2022 petition date under the April 8, 2022 engagement agreement, for which he was paid $82,500.00 or for the $14,858.00 he was paid out of the $55,000 retainer for the three days between July 19, 2022 and the July 22, 2022 petition date. Accordingly, the Movants do not know the extent of the services the Former Counsel provided for the Debtor prepetition. The Former Counsel should be required to substantiate the work he performed prepetition, and the Movants request that any unearned fee should be set off against any amount that is awarded to the Former Creditor in this bankruptcy case.

**WHEREFORE**, for these reasons, the Movants seek the entry of an Order sustaining this objection to the Interim Fee Application and Final Fee Application and disallowing and reducing

the requested compensation to the Former Counsel based on these objections, and for such other relief as is just and proper.

Dated: August 28, 2023

**CATHERINE H.Y. GLEASON, PLLC**
*Counsel for Movants*
912 NW 56th Terr., Suite A
Gainesville, FL 32605
Telephone: 352-327-2220
Email: ktgleasonlegal@gmail.com

By: */s/ Catherine H.Y. Gleason*
      Catherine H.Y. Gleason
      Florida Bar No. 11014
      *(Admitted Pro Hac Vice)*

**LESSNE LAW**
*Local Counsel as to this Objection for Movants*
100 S.E. 3rd Ave., 10th Floor
Fort Lauderdale, FL 33394
Telephone: 954-372-5759
Email: michael@lessne.law

By: */s/ Michael D. Lessne*
      Michael Lessne
      Florida Bar No. 73881

## ATTORNEY CERTIFICATION

I CERTIFY that I am admitted, *pro hac vice,* to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: */s/ Catherine H.Y. Gleason*
      Catherine H.Y. Gleason
      Florida Bar No. 11014

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was, on August 28, 2023, furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case.

By: */s/ Catherine H.Y. Gleason*
        Catherine H.Y. Gleason
        Florida Bar No. 11014

# EXHIBIT "A"

## BLOCK BILLING

**7/25/2022**     JBM          550.00                    6.70                    $3,685.00 Billable
Asset Analysis
Review of Dore Motion; conference with Client reps re: same. Review of file re: same. Conferences with Client reps re: adversary proceeding filed by FVP and emergency motion, effects and issues. Reviewing documents, deal jackets and materials re: same. Continue review of adv filed by     and initiate research on injunctive relief, effect of non-final state court order.

**8/16/2022**     JBM          550.00                    2.00                    $1,100.00 Billable
Asset Analysis
Exchange correspondence with Leali re: facts in matter; exchange correspondence with Craig Eller for Graves; exchange correspondence with John Brennan re: Dore order and pickup; t/c i s with Client reps re: same; draft proposed release form for Dore; exchange correspondence with Jay Farrow.

**10/24/2022**    JBM    550.00                    2.90                    $1,595.00 Billable
Asset Analysis
Review of motions by Road Rich and Shanandninamt; review our files and materials; exchange correspondence with Client; t/c's with Client reps;    draft objections.

**11/18/2022**    JBM    550.00                    320                    $1 ,760.00 Billable
Asset Analysis
(vs Derek Stephens #144) Reviewing materials to designate as exhibits,  conferences and exchange correspondence with Client reps re: same; draft Exhibit Register for AWB; review of Exhibit Register of FVP and of  Stephens and their proposed Exhibits.

**7/31/2022**    JBM    550.00                    4.90                    $2,695.00 Billable
Adversary 1
Reviewing research analysis and pleadings, drafting of Verified Response, corresponding and conference with Client Reps and State Court Counsel.

**10/6/2022**    JBM    550.00                    2.90                    $1,595.00 Billable
Adversary 1
Finalizing response to Req Prod; correspond with client reps re: same;  conferences with Atty Gherman re: discovery documents; review multiple correspondences with attachments form client rep in response to discovery.

**8/17/2022**    JBM          550.00          2.40                    $1,320.00 Billable
Settlement
Settlement conference with Shraiberg re: Franklin Capital; research various

Liens historically against Karma and Excell.

| 9/12/2022 | JBM | 550.00 | 3.90 | $2,145.00 Billable |
|---|---|---|---|---|

Settlement

Reviewing files and materials, drafting Settlement Statement, conferences with Client Reps re: same.

| 10/14/2022 | JBM | 550.00 | 5.00 | $2,750.00 Billable |
|---|---|---|---|---|

PLAN

Reviewing files, pleadings, dockets and documents for plan; conferences with Client Reps.

| 10/18/2022 | JBM | 550.00 | 4.20 | $2,310.00 Billable |
|---|---|---|---|---|

PLAN

Plan research, document review, outline: conferences re: same.  Conferences with Linda Leali.

**SUBTOTAL**       **$20,955.00**

# EXHIBIT "B"

## BLOCK BILLING

**12/5/2022**          Sabina          150.00          3.20          $480.00 Billable
Asset Analysis
Meet with JBM, drafting Request for Production on ShaneandNinaMT,
drafted Subpoenas upon Itzhak Nakash, Kenney Goodman and Karma of
Palm Beach, Karma of Broward.


**1/9/2023**          Jaime, Miriam   150.00          3.00          $450.00 Billable
Asset Analysis
Assist JBM in hearing preparation; discovery request and production; meet
with JBM and discuss same.


**11/30/2022**          JBM          550.00          1.00          550.00 Billable
Adversary 1
(Benidt) Review of referral by Fed Dist Court; t/c with Eric Silver re: same;
appear at Status Conf; post conference with Silver.


**1/8/2023**          JBM          550.00          4.10          $2,255.00 Billable
Adversary 1
(vs FVP) Reviewing notice of deposition and draft objections and
responses; draft correspondence to Breslin re: same; review production for depo with Client Reps


**2/3/2023**          JBM          550.00          3.20          $1,760.00 Billable
Adversary 1
(vs FVP) Conferences with Gherman and Martin re: discovery, facts alleged and affirmative defenses;
finalize research on defenses; finalize edits and draft of Answer/Aff Defenses.


**2/7/2023**          Sabina          150.00          4.90          $735.00 Billable
Adversary 1
Meet with JBM regarding duces tecum subpoenas upon Hi Bar and
Franklin, reviewed file, production and request for production. drafted duces
tecum subpoenas and forwarded to JBM for review.


**2/25/2023**          JBM          550.00          2.70          $1,485.00 Billable
Adversary 1
(vs FVP) Review of M-Compel and attachments by FVP; conference with
Cient Reps; reviewing file and exhibits

**2/27/2023**  JBM  550.00  3.30  $1,815.00 Billable
Adversary 1
(vs FVP) Research re: category privilege and work product issues; review
of M2-Compel by FVP, review RFP's and responses and privilege log; draft
Response.

**3/14/2023**  JBM  550.00  6.00  $3,300.00 Billable
Adversary 1
Discovery review and meetings with Feldman; conferences with Eyal
Berger, Feldman, Redmond and Shraiberg.

**3/29/2023**  JBM  550.00  2.40  $1,320.00 Billable
Adversary 1
Draft Initial Disclosures P2; review Expert Disclosure of FVP as to P2;
exchange correspondence with Feldman and with Glick re: same; t/cs with
Feldman.

**4/18/2023**  JBM  550.00  1.00  $550.00 Billable
Adversary 1
(vs FVP) Exchange correspondence with Breslin et al; re: production of
cooperating agreement with Zankls; conference with Feldman; draft
Second Request for Production

**4/20/2023**  JBM  550.00  1.40  770.00 Billable
Adversary 1
(vs FVP) Review of ECF 386 (M Confirm Non Adjudication) and 385
(Reponse M Shorten Time); conference with Client Reps.

**4/12/2023**  JBM  550.00  2.10  $1,155.00 Billable
Settlement
Review of draft of settlement agreement between AWB and Excell Trustee;
conferences with client reps.

**2/2/2023**  JBM  550.00  1.80  $990.00 Billable
PLAN
Review of Motion to Convert/Dismiss; conferences with Client Reps and
separately with Trustee.

**2/10/2023**          JBM          550.00          3.20          $1,760.00 Billable
PLAN
Conference with Moshe Farache, Linda Leali, BRAD Shariberg and Scott
Gherman re: Plan amendment, continuance, plan components, discovery
in Adv proc with FVP, settlement attempts with Franklin, and dismissal
motion and Stephens' order.

**2/13/2023**          JBM          550.00          2.30          $1,265.00 Billable
PLAN
Review of multiple motions to dismiss, joiners and exhibits thereto; finalize
research, draft proposed response to MTD's.

**2/15/2023**          JBM          550.00          9.00          4,950.00 Billable
PLAN
Prepare for, travel to and from, and attend hearings on M's To Dismiss in
Parent Case, M Rehrg on Woodside Credit Claim, Motion to Extend by
Woodside, and M-Compel Discovery From FVP in Adv Proc. Conferences
with Client Reps.

**3/15/2023**          JBM          550.00          1.90          $1,045.00 Billable
PLAN
Reviewing interrogatory responses, conferences with Feldman;
conferences with Jason Rigoli re: depositions, discovery and document
dump by Mehdipour.

**3/26/2023**          JBM          550.00          8.20          $4,510.00 Billable
PLAN
(M Dismiss) Preparing fro hearings, exhibit review, editing opening, conferences, meetings and trial
Preparation and assembly of with Client Reps and witnesses; settlement negotiations with Alan Crane for
Excell Trustee; researching issues for testimony; conferences with witnesses and co-counsel.

**4/11/2023**          JBM          550.00          2.60          $1,430.00 Billable
PLAN
Conferences re: dismissal hearing and motion; plan changes and
settlement with Franklin and FVP.

**4/28/2023**          JBM          550.00          6.70          $3,685.00 Billable
PLAN
Preparing for closing argument, reviewing exhibits and materials.
Conferences with Gherman, Client Reps a, Glick and Feldman.


**4/30/2023**          JBM          550.00          6.80          $3,740.00 Billable
PLAN
Closing Argument Preparation, conferences with Client reps and
co-counsel; meeting with Feldman and preparation for closing


**5/1/2023**          JBM          550.00          8.00          $4,400.00 Billable
PLAN
Travel to and from, attend closing arguments, and conferences with
Feldman, Trustee Leali, and with Client reps. (8.0)


**12/6/2022**          JBM          550.00          2.90          $1,595.00 Billable
Sale
Research and review transcripts; draft Motion to Sell and Use Cash
Collateral. Conf with Gherman.


**12/20/2022**          JBM          550.00          5.10          $2,805.00 Billable
Sale
Separate t/c's with Shraiberg, Leali, Softness, Breslin, Gherman and Clients re: sale motion. Review of
Objections, research objections,property of Debtor/Estate and "ownership" under Florida law.


**SUBTOTAL          $48,800.00**