**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**        Case No.: 22-15627-EPK

      Debtor.

_____/

**FVP PARTIES' OBJECTION TO FINAL FEE APPLICATION OF CHAPTER 11
(SUBCHAPTER V) DEBTOR IN-POSSESSION'S COUNSEL, JAMES B. MILLER**

**COME NOW** the FVP Opportunity Fund III, LP, a Delaware limited partnership, FVP Investments LLC, a Delaware limited liability company, and FVP Servicing, LLC, a Delaware limited liability company (collectively, "FVP" or the "FVP Parties"), and hereby object to the Final Fee Application of Chapter 11 (Subchapter V) Debtor's-in-Possession Counsel [ECF 750] (the "Fee Application"), as well as to all prior interim fee applications filed in this case by James B. Miller, Esq. ("Prior Debtor's Counsel"), as follows.

The FVP Parties object to the Fee Application, and respectfully request that all fees sought by Prior Debtor's Counsel during the pendency of this proceeding should be denied for lack of benefit to the estate, including because "[t]he value of the services in the chapter 11 case are zero." *In re Latham*, 131 B.R. 238 (Bankr. S.D. Fla. 1991).

This Court did not mince its words; it found that "this entire bankruptcy case was filed and is being pursued in bad faith. This case is not about realizing the best recovery for creditors. This case is about protecting a number of high-end vehicles that Mr. Farache absconded with, knowing of the various claims of others."  (quoting this Court's Order Converting Case at ECF 610 - at 17:9-14 – the "Conversion Order").

It is axiomatic that "Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award the debtor's counsel the reasonable compensation for *actual, necessary* services based upon the extent, and value of services, and the cost of comparable services." *Id.* "Fees should not be allowed for services that benefit the debtor but not the estate." *Id.* at 239 (citing *In re Jesse*, 77 B.R. 59, 61 (Bankr. W.D. Va. 1987); *In re Chapel Gate Apts.*, 64 B.R. 569, 576 (Bankr. N.D. Tex. 1986); *In re Spencer*, 48 B.R. 168, 171 (Bankr. E.D.N.C. 1985). "To allow a debtor to dissipate the estate by paying attorney fees for services of no benefit to the estate is contrary to the concept of equitable distribution of the estate." *Id.*

"Examples of services that do not benefit the estate are . . . services rendered to benefit the debtor personally [] . . . ." *In re Sugarloaf Ctr.*, Case No. 15-58442-WLH, at *15 (Bankr. N.D. Ga. Nov. 17, 2020) (citing *In re Watervliet Paper Co.*, 109 B.R. 733, 735 (Bankr. W.D. Mich. 1989)). "'Accordingly, fees are not awarded for services performed for the benefit of the debtor's principals.'" *In re AVN Corporation*, Case No. 98-20098-L, at *5 (Bankr. W.D. Tenn. Nov. 10, 1998) (quoting *In re Woodward East Project, Inc.*, 195 B.R. 372, 374 (Bankr. E.D. Mich. 1996)).

In the Conversion Order, in rhetorically asking "[w]hat is this bankruptcy case really about?", 15:12, it concluded that "[t]his case is about protecting the interests of the debtor's principal and his family and no one else." ECF 610 at 15:22-23.

"[S]ervices that benefit other entities such as the debtor's officers, directors, principals, or shareholders are not compensable from estate assets." *In re Ogden Modulars, Inc.*, 207 B.R. 198, 200 (Bankr. E.D. Mo. 1997) (citing *In re Pine Valley*

*Machine, Inc.*, 172 B.R. 481, 488 (Bankr. D. Mass. 1994)).

Here, Prior Debtor's Counsel rendered his services for the benefit of the debtors' principal, "and took positions throughout all the proceedings that were adverse to the interests of the estate rather than for its benefit. These services [are] not compensable under section 330 of the Bankruptcy Code." *Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 104 (9th Cir. 1990).

Prior Debtor's Counsel should be denied the fees he seeks relative to the Chapter 11 filing because it was intentionally designed, filed and pursued solely to protect Mr. Farache. In sum, Prior Debtor's Counsel's services did not benefit the estate. *See* ECF 610 at 15:20-21 ("Who is this case designed to protect? Mr. Farache."); *id.* at 15:22-23 ("This case is about protecting the interests of the debtor's principal and his family and no one else.").

FVP did not object to the first fee application of Prior Debtor's Counsel because of the interim nature of interim fees generally. All objections were and are preserved for final applications (such as the instant Fee Application).  Additionally, and needless to say, FVP asks that any fees ultimately not awarded, but already be paid, be disgorged.

WHEREFORE, FVP respectfully requests that this Honorable Court sustain their objections to Prior Debtor's Counsel's Fee Application and all prior interim fee applications, as well as grant all other relief deemed just and proper.

Dated August 28, 2023.

For the FVP Parties

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Schwartz \| Breslin PLLC<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail: JB@JSJB.LAW<br><br>By:    s/ Jerrell Breslin<br>Jerrell Breslin, Esq.<br>Fla Bar No: 269573 | Jonathan Noah Schwartz, Esq.<br>Schwartz \| Breslin PLLC<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail: JS@JSJB.LAW<br><br>By:    s/ Jonathan Schwartz<br>Jonathan Schwartz, Esq.<br>Fla Bar No: 1014596 |

## ATTORNEY CERTIFICATION

I Jerrell Andrew Breslin, certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

/ s/ Jerrell Breslin

Jerrell Breslin, Esq.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was, on August 28, 2023, furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case as follows: Chapter 7 Trustee by serving Michael R Bakst, efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com; efileu1084@gmlaw.com; efileu1086@gmlaw.com; efileu386@gmlaw.com; efileu1857@gmlaw.com; efileu3163@gmlaw.com; efileu3214@gmlaw.com; efileu3291@gmlaw.com; upon the Debtor Auto Wholesale of Boca by serving Michael Lessne, Esq. at Michael@lessnelaw.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at

amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; upon Hi Bar by serving Steven Wells at Steve@wellspc.com, Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com, Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com, David Unseth, Esq. at dmunseth@bclplaw.com; upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com and Evan Appell, Esq. at evan@edalegal.com, upon Moishe, Lisa and Chase Farache by serving Scott Gherman, Esq. at Sgherman@Scottghermanpa.com and Michael Hoffman, Esq. at mshoffman@hlalaw.com; upon Michael Halperin by serving Phil Landau, Esq. at phil@landaulaw.com; and upon Benidt Investments by serving Patricia Redmond, Esq. at predmond@swmwas.com and Michael Harwin at mharwin@stearnsweaver.com.

/ s/ Jerrell Breslin

Jerrell Breslin, Esq.