**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,              Case No.: 22-15627-EPK

     Debtor.

_____/

**_EXPEDITED_ MOTION**

**TO DETERMINE THAT THE FVP PARTIES' ALTER EGO CLAIMS ARE NOT PART OF THE BANKRUPTCY ESTATE,**

**OR, ALTERNATIVELY,**

**FOR RELIEF FROM THE AUTOMATIC STAY TO LITIGATE STATE COURT LAWSUITS, THROUGH AND INCLUDING FINAL JUDGMENT.**

**\*\* Expedited Hearing Requested \*\***

**The movants, the FVP Parties, as defined _infra_, are parties to litigation pending in the Seventeenth Judicial Circuit, in and for Broward County, Florida bearing case number CACE-22-005125 [hereinafter, the "Litigation"]. The Litigation is active, and a trial is currently scheduled for a trial calendar period beginning in the Spring of 2025.**

**Through this Motion, the FVP Parties request a finding that the FVP Parties' alter ego claims are not part of the bankruptcy estate _sub judice_; or alternatively, relief from the automatic stay to the extent it is applicable, to pursue the Litigation, through and including the entry of a final judgment.**

**In light of the amendment deadlines in the Litigation, the FVP Parties respectfully request that this matter be scheduled for hearing on an expedited basis.**

FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively, the "FVP Parties"), by and through their undersigned counsel and pursuant to 11 U.S.C. §§ 362(d)(1) and (2), respectfully request that the Court rule that the FVP Parties' alter ego claims, as detailed herein, against the owners of the Debtor, Auto Wholesale of Boca LLC (the "Debtor"), are not a part of the Debtor's bankruptcy estate *sub judice*, or, alternatively, respectfully request that the Court grant relief from the automatic stay, to the extent it is applicable, for the FVP Parties to pursue these alter ego claims in the Litigation.

<u>Background</u>

At the time the instant Bankruptcy action was filed, the FVP Parties had pending the Litigation against numerous Defendants, including the Debtor and Moshe Farache, an owner of it. The claims against the Debtor are currently stayed, and therefore not included in the currently operative complaint pending in the Litigation, but the claims against Moshe Farache and Lisa Farache, another owner of the Debtor (collectively, Moshe Farache and Lisa Farache are the "Faraches"), and other named Defendants are not.

The case *sub judice* has changed since the FVP Parties sought relief from the stay in July of 2023, and were granted same. [D.E. 741]. The converted Chapter 7 Trustee has waived any interest in the vehicles or any claims regarding the vehicles, [D. E. 694], and the Trustee has settled his claims against the Faraches, [D.E. 827], and has sought his final compensation, [D.E. 863].

The FVP Parties seek to bring alter ego claims against the Faraches that the FVP Parties, and only the FVP Parties, possess. The current claims raised against the Faraches in the operative complaint in the Litigation are not claims which could be raised by the Trustee, and the injured victims are only the FVP Parties. Likewise, if these alter ego claims are permitted, those claims are exclusive to the FVP Parties.

The FVP Parties seek a ruling from this Honorable Court that the bankruptcy estate *sub judice* has no right to the FVP Parties' claims against the Faraches, as any alter ego claims would allege injury to the FVP Parties and not the Debtor, and therefore the stay would not be violated by the FVP Parties bringing alter ego claims against the Faraches in the Litigation, or, alternatively,

that the stay is modified to the extent necessary to permit the FVP Parties to pursue these alter ego claims.

## ARGUMENT AND MEMORANDUM OF LAW

**A.    STATUTORY AND PROCEDURAL PREDICATE.**

1.    The statutory basis for this Motion is 11 U.S.C. §§ 105, 541(a) and 362(d)(1) and (2) of the "Bankruptcy Code".

2.    The procedural predicate for the requested relief sought herein is Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida.

**B.    THE FVP PARTIES' ALTER EGO CLAIMS AGAINST THE FARACHES ARE NOT PROPERTY OF THE BANKRUPTCY ESTATE *SUB JUDICE*.**

3.    As a preliminary matter, as the Eleventh Circuit explained in *Baillie Lumber Co. v. Thompson (In re Icarus Holding, LLC),* 391 F.3d 1315, 1321 (11th Cir. 2004), an alter ego claim is "general"—and therefore belongs to the estate—if (1) state law allows alter ego claims; and (2) the alter ego claim is a "general claim that is common to all creditors."

4.    As the bankruptcy court explained in *In re Xenerga*, 449 B.R. 594 (Bankr. M.D. Fla. 2011), an alter ego claim is "common to all creditors" when the injury is to the debtor and therefore suffered by all creditors:

> An alter ego claim is a general one when liability extends "to all creditors of the corporation without regard to the personal dealings between such officers and such creditors." In other words, if the injury alleged in the alter ego action is an injury to the corporation and thus suffered generally by all creditors, and is not an injury inflicted directly on any one creditor, the trustee has exclusive standing to bring such an alter ego action. Conversely, a trustee may not bring an alter ego claim if the alleged injury is specific to one creditor and not to the debtor corporation and creditors generally.

*Id.* at 598-99 (citing *In re Icarus Holding*, 391 F.3d at 1321).

5.    Accordingly, the FVP Parties are entitled to bring their alter ego claims against the Faraches, as the injured party. *See also In re Tampa Hyde Park Café Properties, LLC*, 8:23-bk-00448-CED, B.R. 322133 A.F.T.R.2d 2024-1701 (Bankr. M.D. Fla. June 5, 2024).

6.      Here, the FVP Parties' claims are specific to the FVP Parties, and the FVP Parties only. The FVP Parties attach their current motion for leave to amend their operative complaint in the Litigation to file a fourth amended complaint that has not yet been ruled on in the Litigation. **Exhibit A**.

7.      If the relief requested by the FVP Parties is granted, the FVP Parties will amend its filing only to the extent to add alter ego claims against the Faraches.

## C.      TO THE EXTENT THAT THE STAY APPLIES, CAUSE EXISTS TO MODIFY IT.

8.      If, after reviewing the law and proposed filing, this Honorable Court deems that the stay is still implicated, the FVP Parties seek relief from the stay for cause. Pursuant to section 362(d) of the Bankruptcy Code,

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest

11 U.S.C. § 362(d).

9.      "Cause" under Section 362 of the Bankruptcy Code is not specifically defined anywhere in the Bankruptcy Code. By not defining the term, Congress charged the courts with determining what constitutes "cause" to grant relief from the automatic stay. "The courts have interpreted the language of § 362(d)(1) to include a broad set of circumstances constituting 'cause' for stay relief." *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006). Moreover, the decision to grant relief from the automatic stay is within the discretion of the courts. *See In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

10.      "Whether cause exists to grant stay relief must be determined on a case-by-case basis based upon the totality of the circumstances in each particular case. [Citations omitted.] The 'decision to lift the stay . . . may be reversed only upon a showing of abuse of discretion." *Mack*, 347 B.R. at 915.

11.      As other Courts have noted, where, as here, an action is pending prepetition, "Congress envisioned circumstances 'where it would be more appropriate to permit proceedings to continue in their original place of origin when no great prejudice to the bankruptcy estate will

result.'" *In re Citrus Tower Blvd. Imaging Center, LLC*, 460 B.R. 334, 339 (Bankr. N.D. Ga. 2011) (quoting *In re Makarewicz*, 121 B.R. 262, 264 (Bankr. S.D. Fla. 1990); citing S.Rep. No. 989, 95TH CONG., 2ND SESS. 50, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5836).

12.     Here, to the extent that the stay is applicable, cause exists to modify the stay to permit the FVP Parties to pursue their alter ego, and all other remedies and theories, against the Faraches in the Litigation. These remedies have no perceivable impact on the Debtor or its estate.

WHEREFORE, the FVP Parties ask that this Honorable Court rule that the automatic stay does not apply to any potential alter ego claims that that the FVP Parties may seek against the Faraches in the Litigation for injury only to the FVP Parties, or modify the stay accordingly to permit the FVP Parties to pursue alter ego claims against the Faraches, and for such other and further relief as the Court deems to be just and equitable.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing CM/ECF to those parties registered to receive electronic noticing in this case on September 4, 2024.

Respectfully submitted,

**Schwartz | Breslin PLLC**
**Fl. Rule of Jud. Admin. 2.516 Notice**
**Primary email: EService@JSJB.LAW**
**Secondary Email: JB@JSJB.LAW**

**s/ Jerry Breslin**
Jerry Breslin Esq.
Florida Bar No. 269573
Email: JB@JSJB.Law
Schwartz | Breslin, Attorneys at Law
The DuPont Building
169 East Flagler Street

CASE NO. 22-15627-EPK
Page 6 of 6

Suite 700
Miami, Fl 33131
Tel.: 305-577-4626
Fax.: 305-577-4630

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the following parties were served with the foregoing electronic service via EM/ECF and by email: Chapter 7 Trustee by serving Michael R Bakst, efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com; efileu1084@gmlaw.com; efileu1086@gmlaw.com; efileu386@gmlaw.com; efileu1857@gmlaw.com; efileu3163@gmlaw.com; efileu3214@gmlaw.com; efileu3291@gmlaw.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; and upon Hi Bar by serving Steven Wells at Steve@wellspc.com Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com David Unseth, Esq. at dmunseth@bclplaw.com; upon Derek Stephens by serving Cory Mauro, Esq. at cory.mauro@maurolaw.com upon Moishe, Lisa and Chase Farache by serving Scott Gherman, Esq. at Sgherman@Scottghermanpa.Com and upon Michael Halperin by serving Phil Landau, Esq. at phil@landaulaw.com and upon and upon Benidt Investments by serving Patricia Redmond, Esq. at predmond@swmwas.com.

/ s/ Jerrell Breslin
Jerrell Breslin, Esq