UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,                              Chapter 7

        Debtor.

_____/

**SETTLING PARTIES' OPPOSITION RESPONSE TO *FVP PARTIES' EXPEDITED
MOTION TO DETERMINE THAT THE FVP PARTIES' ALTER EGO CLAIMS ARE
NOT PART OF THE BANKRUPTCY ESTATE, OR, ALTERNATIVELY,
FOR RELIEF FROM THE AUTOMATIC STAY TO LITIGATE STATE COURT
LAWSUITS, THROUGH AND INCLUDING FINAL JUDGMENT* (ECF NO. 866)**

Moshe Farache, Lisa Farache, Farache Enterprises, Inc., M&M Development Consultants, LLC, Express Emergency Services, Inc., Mazel Tov, Inc., and 1001 Clint Moore, LLC (collectively, the "**Settling Parties**")—who have been released by Michael Bakst, as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Auto Wholesale of Boca, LLC (the "**Debtor**"), of "*any and all* claims, casus of action, actions, rights, debts, charges, demands, contracts, covenants, representations, warranties, accounts, setoffs, obligations, damages, and any other liability whatsoever, whether at law or equity, known or unknown, liquidated or unliquidated, contingent or fixed, direct or indirect that the Trustee, the Debtor, and the Estate, separately and collectively, have or may have against each and every of the Farache Parties [which includes the Settling Parties" by that certain Stipulation last dated May 21, 2024 attached as Exhibit A to ECF No. 827 (the "**Settlement Stipulation**") (emphasis added), which was approved by Court Order (ECF No. 833) (the "**Order Granting Motion to Approve Settlement Stipulation**") on July 3, 2024—**oppose** the *Expedited Motion to Determine that the FVP Parties' Alter Ego Claims are Not Part of the Bankruptcy Estate, or Alternatively, for Relief from the Automatic Stay to Litigate State Court Lawsuits, Through and Including Final Judgment* (ECF No. 866) (the "**Motion**") filed

1

by FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC (collectively, the "**FVP Parties**," and state:

### Any "Alter Ego" Claims Sought to Be Pursued by the FVP Parties<br>Were Property of the Estate That Have Been Released

1.      Through the Motion, the FVP Parties seek to assert purported "alter ego claims"[1] against the Debtor's principals Moshe and Lisa Farache (the "**Faraches**") in an effort to hold them liable for the Debtor's obligations.[2] The FVP Parties seek a determination by the Court that the purported alter ego claims are not property of the estate or alternatively to modify the stay to permit them to pursue the claims.

---

[1] An alter ego claim is not an independent claim or cause of action but rather a remedy or theory of liability:

> [I]t is black letter law in Florida that seeking a determination that a shareholder is the "alter ego" of a corporation and therefore liable for the corporation's debts, or similarly seeking to pierce the corporate veil of a corporation to impose liability on the shareholder for the corporation's debts, is *not* an independent claim or cause of action. *See Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 2010 WL 1531489 at 9 (S.D. Fla. Apr. 16, 2010)("[a]lter ego is not a separate cause of action for which relief can be granted"). Rather, it is a means of imposing liability on the shareholder based on an underlying cause of action for which the corporation is liable, including tort liability or liability for breach of contract.

*In re Haisfield*, 2014 WL 12951417, at *3 (Bankr. M.D. Fla. Apr. 23, 2014) (citing In re Fiddler's Creek, LLC, 2010 WL 6618876, at 2 (Bankr. M.D. Fla.)(Emphasis in original)). Thus, the alter ego doctrine is a means of imposing liability with respect to an underlying cause of action, and not an independent claim. *In re CLK Energy Partners, LLC*, 2011 WL 1312275, at 9 (Bankr. W.D. La.).

[2] The FVP Parties did not attach a copy of the proposed amended complaint that includes the purported alter ego claims they seek to pursue in state court. However, in June of 2023, they filed a draft complaint that did include an objectionable court to pierce the corporate veil of the Debtor through the acts of its owners as part of their *Motion for Order That Stay Is No Applicable to State Court Amended Complaint, or, Alternatively, Motion to Modify the Automatic Stay to the Extent Applicable* (ECF No. 700) to pursue an amended state court complaint against the Faraches, *et al*., in Case No. CACE-22015125 (Cir. Ct. 17th Jud. Cir. Broward Cty., Fla.). The draft complaint is Exhibit A to ECF No. 700 (starting at page 13 of ECF No. 700), and the objectionable count starts at page 23 of ECF No. 700. In opposition to that motion, the Faraches filed a response (ECF No. 730), which included an objection to the FVP Parties bringing such a piercing the corporate veil claim to hold the Faraches responsible for the Debtor's debts because the potential claims were property of the estate. On July 17, 2024, the FVP Parties filed a *Supplement* (ECF Nos. 732) that contained an amended version of the draft complaint that removed the objectionable piercing the corporate veil count. ECF No. 733 is the redlined version of that amended draft complaint, and page 13 of ECF No. 733 shows where that count was removed. In removing the count, the FVP Parties acknowledged that they could not bring such a claim (as the claim was an estate claim for the Trustee to bring). On July 25, 2023, the Court entered its *Order Granting Motion That Stay Is No Applicable to State Court Amended Complaint, or, Alternatively, Motion to Modify the Automatic Stay to the Extent Applicable* (ECF No. 741) that permitted the FVP Parties to file the redlined amended draft complaint that did not include the count to pierce the corporate veil against the Faraches.

2

2.      The Court must deny the Motion. Notwithstanding that there is no basis to impose any alter ego liability against the Faraches, any and all potential alter ego claims *are* property of the estate that were released[3] by the Trustee under the Court-approved Settlement Stipulation.

3.      The FVP Parties correctly cited the Eleventh Circuit law on whether or not alter ego claims are property of the estate. However, they do not properly apply the law to the facts of this case.

4.      As explained by Judge Jenneman in *In re Xenerga*, 440 B.R. 594 (Bankr. M.D. Fla. 2011), which is on all fours with this case: "The Eleventh Circuit Court of Appeals has held an alter ego action belongs to the bankruptcy estate under § 541 if (1) it is 'a general claim that is common to all creditors,' and (2) state law allows the corporate entity to bring an alter ego action against its principal." *Xenerga*, 440 B.R. at 598 (citing *Baillie Lumber Co. v. Thompson (In re Icarus Holding, LLC)*, 391 F.3d 1315, 1321) (11th Cir. 2004)). "An alter ego claim is a general one when liability extends 'to all creditors of the corporation without regard to the personal dealings between such officers and such creditors." *Id.* (*citing Icarus*, 391 F.3d at 1321). "In other words, if the injury alleged in the alter ego action is an injury to the corporation and thus suffered generally by all creditors, and is not an injury inflicted directly on any one creditor, the trustee has exclusive standing to bring such an alter ego action." *Id.* at 599. "Conversely, a trustee may not bring an alter ego claim if the alleged injury is specific to one creditor and not to the debtor corporation and creditors generally." *Id.* (internal citation omitted).

5.      In the *Xenerga* case, Judge Jenneman ruled that two customer creditors of the corporate debtor could <u>not</u> do exactly what the FVP Parties are seeking to do here: assert claims based on alter ego allegations against the debtor's principals to hold them liable for the debtor's

---

[3] The releases became effective on June 13, 2024, when the Order Granting Motion to Approve Settlement Stipulation became final and nonappealable.

debts. *Id.* at 599 ("The alter ego allegations raised in NTAE's [i.e., the creditors'] complaint raise a general claim that is common to all creditors…NTAE thus alleges the Principals should be liable for *all* of Xenerga's corporate debts because their actions wrongfully depleted its assets. NTAE's alter ego allegations describe a harm suffered by *all* of Xenerga's creditors, not just NTAE, and therefore are general to all of Xenerga's creditors. The trustee is the proper party to assert such an alter ego action. NTAE's alter ego claims belong to the estate under § 541".) The *Xenerga* court found that "Florida law allows a Chapter 7 trustee to bring an alter ego action against a debtor's principals if they manipulated the corporation specifically to injure the corporation's creditors" (*id*. at 600), that "*only* the Chapter 7 trustee may bring an alter ego claim on behalf of the general creditor body of a debtor corporation…" (*id.*), that "only the trustee can prosecute and settle (or not)" claims that are derivative of the alter ego claims (*id.*), and that the automatic stay applied to such claims (*id.*); *see also In re Ortega*, 562 B.R. 538 (Bankr. S.D. Fla.) (J. Isicoff) (denying a motion to dismiss of the trustee's alter ego claims); *see also In re Sigma-Tech Sales, Inc.*, 2016 WL 4224090, at *1 (Bankr. S.D. Fla. Aug. 1, 2016) (Judge Olson held that a trustee's action asserting successor liability and alter ego claims as they were general claims common to all creditors and claims that the estate would own under 11 U.S.C. § 541 if the trustee were to prevail in proving alter ego liability and thus allowed by Florida law).

6.      In this case, as was the case in *Xenergy*, the purported alter ego claims that the FVP Parties seek to assert against the corporate Debtor's principals are general claims, for purported harm to the estate borne by *all* creditors (whose debts would extend to the purported alter ego), not just for a specific creditor. (And notably, the FVP Parties are <u>not</u> even creditors of the estate,

as all of their claims have been either withdrawn or stricken[4], which also serves to bar alter ego liability on the Debtor's Faraches —as the FVP Parties have no claims against the Debtor).

7.      The facts in this case are distinguishable from those in the case of *In re Tampa Hyde Park Café Properties, LLC*, 660 B.R. 322 (Bankr. M.D. Fla. 2024), which the FVP Parties cite in support of—but which does <u>not</u> support—the relief they seek in the Motion. In that case, Judge Delano denied the debtor's summary judgment motion on the debtor's objection to the IRS's claim against the Chapter 7 debtor estate. *Id.* at 324. Through its claim, IRS sought to hold the debtor's bankruptcy estate liable for the debt of alleged alter ego third party Tampa Hyde Park Café, LLC. *Id.* In its analysis, the *Tampa Hyde Park Café Properties* court distinguished the facts of *Xenerga*—i.e., in which two creditors of a corporate debtor sought to assert alter ego and derivative claims *against alleged alter ego third parties* to hold them liable for the debtor's debts— from the facts in *Tampa Hyde Park Café Properties*—i.e., in which the IRS sought to assert alter ego liability *against the bankruptcy estate* for the amount owed to the IRS by the third party alleged alter ego. *Id.* at 328-329. The court explained that "…[t]he alleged alter ego claims here do not seek to hold a non-debtor—Hyde Park Café—liable for the Debtor's debts. Rather, the IRS seeks the exact opposite—to hold Debtor liable for the debts of Hyde Park Café." *Id.* at 328. "Although the IRS may not be able to prove its alter ego claim, on the facts alleged, it is the IRS—not Debtor—that is the injured party." *Id.* "Therefore, under the rationale of *Icarus Holding and Xenerga*, the IRS's alter ego claim is not a general claim that is common to all creditors and thus the property of the bankruptcy estate, but rather a personal claim belonging to the IRS." *Id.* 328-329.

---

[4] The FVP Parties filed four proofs of claim (Claim Nos. 7, 8, 9, and 22), all of which have been stricken or withdrawn. *See Order Sustaining Trustee's Objection's to Claim No. 7-1* (ECF No. 855), *Order Sustaining Trustee's Objection's to Claim No. 8-1* (ECF No. 853), *Order Sustaining Trustee's Objection's to Claim No. 9-1* (ECF No. 854); and *Notice of Withdrawal of Claim # 22-1* (ECF No. 856)

8.    Here, whether the estate is the target of the claims or the actor bringing the claims dictates the outcome. The FVP Parties are <u>not</u> seeking to impose liability *on or against the bankruptcy estate* for a third party's debt (like in *Tampa Hyde Park Café Properties*). Rather, the FVP Parties are seeking to impose liability on the Faraches for the Debtor's debts (like in *Xenerga*). Any action to impose alter ego liability on a corporate debtor's principal for the debtor's debts is a claim that belongs to the bankruptcy estate because it is in the nature of a general claim that is common to all creditors for an injury to the debtor suffered by all creditors. And in this case, the Trustee has settled with the Settling Parties and released all claims against them, including any potential liability to impose the debts of the Debtors on any of the Settling Parties.

9.    Accordingly, there is no basis for the relief sought by the FVP Parties. The Settling Parties request that the Court make clear that any potential alter ego claims against the Faraches were property of the estate and have been released (and that there is no ability for the FVP Parties to pursue (or obtain stay relief to pursue) any such claims). The Motion must be denied.

**WHEREFORE**, for all of these reasons, the Settling Parties request that the Court determine that the claims sought to be asserted by the FVP Parties are property of the estate that have been released and deny the Motion, and for such other relief as is just and proper.

September 9, 2024

**LESSNE LAW**
*Counsel for Settling Parties*
100 S.E. 3rd Ave., 10th Floor
Fort Lauderdale, FL 33394
Telephone: 954-372-5759
Email: michael@lessne.law

By: */s/ Michael Lessne*
      Michael Lessne
      Florida Bar No. 73881

6

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing notice has been filed with the Court and furnished via transmission of Notices of Electronic Filing on all counsel of record or pro se parties identified on the CM/ECF service list maintained by the Court in this case on this 9th day of September, 2024.

/s/ *Michael D. Lessne*
Michael D. Lessne