UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,                                    Chapter 7
        Debtor.

_____/

**AUTO WHOLESALE OF BOCA, LLC (AS TO ABANDONED MALPRACTICE CLAIMS ONLY) MOSHE FARACHE, M&M DEVELOPMENT CONSULTANTS, LLC, FARACHE ENTERPRISES, INC., AND EXPRESS EMERGENCY SERVICES, INC.'S MOTION TO STAY OR ABATE PROCEEDINGS ON FINAL FEE APPLICATION OF CHAPTER 11  (SUBCHAPTER V) DEBTOR'S-IN-POSSESSION COUNSEL, JAMES B. MILLER AND JAMES B. MILLER, P.A.**

Auto Wholesale of Boca, LLC ("AWB")[1], Moshe Farache ("Farache"), M&M Development Consultants, LLC ("M&M"), Farache Enterprises, Inc. ("FEI"), and Express Emergency Services, Inc. ("EES"), by and through undersigned counsel, hereby file this Motion to Abate the proceedings on the Final Fee Application for Compensation filed by the Debtor's prior counsel, James B. Miller and James B. Miller, P.A., and in support thereof state as follows:

## I.      MOTION

This Court should stay or abate any proceeding seeking a final order on the Final Fee Application pending resolution of a legal malpractice claim recently filed in state court. The Debtor's Chapter 11 Trustee stipulated that the malpractice claim can proceed in state court and has been removed from the bankruptcy estate.  In an Order of July 3, 2024, this Court approved the stipulation thereby relinquishing jurisdiction to determine a legal malpractice claim.  For the following reasons, this Court's resolution of the Final Fees Application should not be heard until after completion of the state court action.

---

[1] AWB as a business with authority to file a state court malpractice action as a movant, not AWB the debtor.

1

## II. FACTUAL BACKGROUND

1. On June 22, 2022, AWB filed for relief under Chapter 11 Subsection V of the Bankruptcy Code.

2. On May 1, 2023 the case was converted to a case under Chapter 7 of the Bankruptcy Code.

3. The Debtor's prior counsel, James B. Miller ("Miller") and James B. Miller, P.A. ("Miller P.A.") filed a Final Fee Application for Compensation in connection with services rendered to AWB during the course of the bankruptcy proceedings. (ECF No. 750).

4. A hearing on the Application for Compensation is scheduled for September 18, 2024 at 9:30AM. (ECF No. 819).

5. On June 5, 2024, the Chapter 7 Trustee filed a Notice of Abandonment to abandon "[a]ny and all legal malpractice causes of action, which existed, accrued, and/or are based upon acts, conducts or omissions, occurring prior to or as of the Date of Conversion of this case to one under Chapter 7." (ECF No. 828).

6. The Notice of Abandonment followed a "Stipulation to Compromise Between Trustee, Moshe Farache, Lisa Farache, Chase Farache, Michele Martin, Farache Enterprises, Inc., M&M Development Consultants, LLC, Express Emergency Services, Inc., Mazel Tov, Inc., and 1001 Clint Moore, LLC" in which the parties stipulated and agreed that the Trustee and the Estate abandoned any legal malpractice claims and such claims were removed from the bankruptcy estate and may be pursued by the debtor in any court of competent jurisdiction (the "Stipulation"). [ECF No. 827]. After a Motion by the Chapter 11 Trustee filed on May 29, 2024 [ECF No. 827], this Court entered an Order on July 3, 2024 approving the Stipulation and incorporating by reference its terms into the Order, including the abandonment of any malpractice claims. [ECF No. 833].

7. On July 17, 2024, counsel for Farache and AWB (as to the abandoned legal malpractice claim only) made letter inquiry to Miller and Miller P.A. to determine whether they would agree to enter into a tolling if they would agree to enter into a tolling agreement as to the legal malpractice claim. During a later follow-up telephone call, they refused.

8. A subsequent search of court records revealed that Miller P.A. filed a lawsuit against Farache based on a personal guarantee for payment of attorneys' fees

2

arising from the instant action on July 22, 2024, in the Circuit Court of Miami-Dade County, Florida, Case Number 132024CA013632. At no time has Miller P.A. informed this Court that Farache was a guarantor of Miller P.A.'s fees.

9. To date, Miller and Miller P.A. have not attempted to execute service and upon review of the court file, a state court summons has not even been issued.

10. On August 30, 2024, Farache and AWB entered a general appearance in the state court action by filing an Answer, Affirmative Defenses and Counterclaim, as well as a Third Party Claim for Legal Malpractice. The Third Party Claim is out for service of the summons. A copy of this pleading is attached as Exhibit "A."

11. Persuasive precedent indicates a substantial likelihood that any ruling by this Court granting the Final Fee Application for Compensation filed by Miller and Miller P.A., would have a dispositive preclusive effect on the state court malpractice action due to the doctrines of res judicata, collateral estoppel and/or judicial estoppel. Specifically, a determination on the reasonableness and necessity of prior counsel's fees in this proceeding would bar AWB's and Farache's ability to pursue their claims in state court.

### III. LEGAL ARGUMENT

12. If this Court enters an Order approving the Final Fee Application, the doctrines of res judicata, collateral estoppel and/or judicial estoppel bar AWB and Farache from litigating the Counterclaim and Third Party Claim in state court. This is because both the final fees proceeding before this Court, and the state court claims and defenses, relate to the "nature and quality of the legal services provided to the debtor by the defendant law firm in connection with the bankruptcy case." *In re: Blair*, 319 B.R. 420, 434 (D. Md. 2005)(citing, *Grausz, M.D. v. Englander*, 321 F. 3d 467, 471-475 4th Cir. 2003)). "When making a determination on the firm's fee application in the bankruptcy case, the bankruptcy court was required to 'consider the nature, the extent, and the value of such services' before awarding fees . . .." *Id.* In *Grausz*, the Fourth Circuit reasoned that by granting the law firm's fee application, the bankruptcy court impliedly found that the firm's services were acceptable throughout the representation of the debtor thereby satisfying the standard of care which is an element of a legal malpractice action. 312 F. 3d 471-475. *See also, Iannochino v. Rodolakis*, 242 F. 3d 36, 46, 47 (1st Cir. 2001)(same as *Grauscz*). No Eleventh Circuit authority governs. However, based on the precedent in

*Grauscz* and *Iannochinio,* this Court should not rule on the fee application until after the state court action concludes.

13. Courts have the inherent authority to manage their dockets and, when necessary, to stay or abate proceedings to avoid conflicting outcomes or prejudice to the parties. *See, e.g., Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *Clinton v. Jones,* 520 U.S. 681, 706 (1997).   In a more recent Eleventh Circuit case, district courts reaffirmed their inherent authority to manage dockets, which includes the ability to stay or abate proceedings to prevent conflicting outcomes or unfair prejudice to parties. *Lambert v. Austin Indus.,* 544 F.3d 1192 (11th Cir. 2008).

14. Given the pending state court legal malpractice action, AWB and Farache respectfully state that it is in the best interests of justice and judicial economy to stay or abate the proceedings on the Application for Final Compensation until the state court malpractice action is resolved.  The Trustee abandoned the legal malpractice claim and this Court, by adopting the abandonment language in the stipulation, essentially relinquished jurisdiction over the claim.

15. Allowing the malpractice action to proceed first will ensure that there are no conflicting rulings and will preserve the Debtor's right to fully litigate its claims against the prior counsel without the risk of preclusion.

## IV. CONCLUSION

**WHEREFORE**, Auto Wholesale of Boca, Moshe Farache, an interested party, M&M Development Consultants, LLC, Farache Enterprises, Inc., and Express Emergency Services, Inc., respectfully request that this Court enter an order:

a.    Staying or Abating the proceedings on the Final Fee Application for Compensation filed by the Debtor's prior counsel, James B. Miller and James B. Miller, P.A.  until the resolution of the malpractice action; and

b.    Granting such other and further relief as the Court deems just and proper.

Dated: September 10, 2024

**CATHERINE H.Y. GLEASON, PLLC**
*Counsel for Movants, specifically AWB the business, not AWB the debtor*
912 NW 56th Terr., Suite A
Gainesville, FL 32605
Telephone: 352-327-2220
Email: ktgleasonlegal@gmail.com

By: *s/Catherine H.Y. Gleason*
Catherine H.Y. Gleason
Florida Bar No. 11014

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was, on September 9, 2024, furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case.

By: *s/Catherine H.Y. Gleason*
Catherine H.Y. Gleason
Florida Bar No. 11014

Filing # 205969410 E-Filed 08/30/2024 03:46:49 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CIVIL DIVISION

JAMES B. MILLER, P.A.,
     Plaintiff,

v.                                                                      CASE NO.: 132024CA013632

MOSHE FARACHE,
     Defendant,
_____/

MOSHE FARACHE,
individually, and
AUTO WHOLESALE OF BOCA LLC,
a Florida Limited Liability Company,

     Counter Plaintiffs/Third Party Plaintiff,

vs.

JAMES B. MILLER, P.A.,
a Florida Professional Association, and
JAMES MILLER,
individually,
     Counter Defendants/Third Party Defendants.
_____/

**ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND THIRD PARTY COMPLAINT**

Defendant/Counter Plaintiff Moshe Farache files his Answer, Affirmative Defenses

and Counterclaim and alleges as follows, and Third Party Plaintiff Auto Wholesale of Boca

Inc. files its Third Party Complaint and alleges as follows:

EXHIBIT
"A"

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

## ANSWER BY FARACHE

## JURISDICTION & VENUE

1.    Admitted for jurisdictional purposes.

2.    Denied that Plaintiff James B. Miller PA ("Miller PA") had "business dealings" with Third Party Plaintiff Auto Wholesale of Boca, LLC ("AWB"). Admitted that Miller PA entered into a contract to provide professional legal services to AWB.

3.    Admitted.

4.    Admitted.

5.    Denied.

6.    Denied.

7.    Admitted.

## COUNT I – ACCOUNT STATED

8.    Farache adopts and incorporates by reference his answers to paragraphs 1 through 7 as if fully incorporated herein.

9.    Denied. Specifically denied that Miller PA has a statutory or contractual entitlement to attorneys' fees for bringing this action.

10.    Denied.

2

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

## COUNT II – OPEN ACCOUNT

11.     Farache adopts and incorporates by reference his answers to paragraphs 1 through 7 as if fully incorporated herein.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Without knowledge and therefore denied.

17.     Denied.  Specifically denied that Miller PA has a statutory or contractual entitlement to attorneys' fees for bringing this action.

## COUNT III – BREACH OF CONTRACT

18.     Farache adopts and incorporates by reference his answers to paragraphs 1 through 7 as if fully incorporated herein.

19.     Admitted.

20.     Admitted.

21.     Denied.

22.     Denied.

23.     Denied.

3

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

24. Denied. Specifically denied that Miller PA has a statutory or contractual entitlement to attorneys' fees for bringing this action.

25. Farache denies all of the relief sought in the Wherefore Clauses of Counts I, II and III specifically including, without limitation, the claim for attorneys' fees. Miller PA does not have a statutory or contractual right to recover attorneys' fees.

## FARACHE'S AFFIRMATIVE DEFENSES

As and for his first affirmative defense, Farache alleges that Miller PA was the first to materially breach AWB's July 19, 2022 engagement agreement with Miller PA (the "AWB Retainer Agreement"). Miller PA failed to use reasonable care when rendering professional legal services to AWB. As consideration for Farache's guaranty of payment of attorneys' fees and costs pursuant to the AWB Retainer Agreement, Miller PA had an implied contractual duty to Farache as guarantor to perform legal services to the required standard of care expected for those services. Miller PA did not provide professional legal services which satisfied the standard of care and for which services Farache guaranteed payment. The services provided and the fees charged failed to benefit the bankruptcy estate. These failures resulted in Farache being relieved of any obligation to pay Miller PA. With respect to Miller PA failing to use reasonable care, Farache adopts and incorporates by reference the

4

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

allegations of breach of contract in Farache's counterclaim and the allegations of legal malpractice in AWB's Third Party Complaint.

As and for his second affirmative defense, Farache asserts set off. As alleged in the below counterclaim and third party complaint, Miller PA's conduct as AWB's attorney fell below the standard of care when rendering professional legal services and therefore constitutes legal malpractice. Any amount of attorneys' fees and costs which allegedly remain due and owing to Miller PA (whether owed by Farache or AWB or AWB's bankruptcy estate) have not been earned because of the malpractice. Therefore any such unearned amount of attorneys' fees and costs should be set off against any damages claimed by Miller PA. Farache adopts and incorporates by reference the allegations of breach of contract in his below counterclaim and the allegations of legal malpractice in AWB's Third Party Complaint.

As and for his third affirmative defense, Farache alleges payment. On July 19, 2022, Miller PA was paid a $55,000.00 retainer fee as required by the AWB Retainer Agreement. Exhibit "2" to the Complaint does not state a credit for this payment. Pursuant to its first fee application to the Bankruptcy Court, Miller PA was paid interim fees in the amount of $199,915.00 and $6311.12 in costs by the bankruptcy estate. This amount also is not stated as a credit on Exhibit "2" to the Complaint. Pursuant to its second fee application which is

5

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

pending before the Bankruptcy Court, Miller PA now seeks another $258,062.50 in fees and $4586.88 in costs. To date under the AWB Retainer Agreement, Miller PA's total fees are $512,977.50 and total costs are $11,168.00. In this action Miller PA seeks yet another $302,902.28 from Farache individually. Despite providing no legal services for the fees paid, Miller PA was also paid another unearned amount of $82,500.00 pursuant to an April 8, 2022 retainer agreement for representing Farache and AWB as to the Excell bankruptcy filing and other bankruptcies yet to be filed at the time.

As and for his fourth affirmative defense, Farache alleges that any recovery of fees and costs should be set off by any fees and costs Miller PA has been awarded as a result of an approved fee application or may be awarded as a result of a pending application for fees and expenses from the AWB bankruptcy estate.

As and for his fifth affirmative defense, Farache alleges waiver and estoppel. Miller PA is estopped and barred from collecting from Farache because Miller PA never disclosed Farache's personal guarantee to the Bankruptcy Court. Pursuant to Federal Rule of Bankruptcy Procedure 2014 and Local Rule 2014-1 of the United States Bankruptcy Court for the Southern District of Florida: "Applications [for the employment of an attorney by a debtor in possession] shall also include a copy of any executed Engagement Letter or Retention Agreement." In their fee application to the Bankruptcy Court, Miller PA and

6

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

Miller never submitted the AWB Retainer Agreement to the Court. Further, in paragraph 8 of an affidavit filed in the Bankruptcy Court on July 22, 2022 and signed by attorney James B. Miller ("Miller") on behalf of Miller PA in support of an emergency fee application, Miller PA and Miller stated: "Neither I nor JBMPA [Miller PA] will accept any fee from any other party or parties in this case, unless otherwise authorized by the Court." In paragraph 11 of the affidavit, Miller PA and Miller further stated to the Court: "The debtor, subject to Court approval, **shall** be responsible for **all** fees and expenses incurred by JBMPA" (emphasis added). Miller PA and Miller never sought, and the Bankruptcy Court never approved, Miller PA to seek recovery of fees and expenses from Farache as guarantor. Miller PA waived any right to now do so. Miller PA is estopped and barred by the Bankruptcy Court local rule and the language in the affidavit from recovering fees and costs from Farache as guarantor.

As and for his sixth affirmative defense, Miller PA's time entries in the invoices attached to the Complaint as Exhibit "2" contain impermissible block billing such that AWB and Farache cannot determine the amount of billing for each service allegedly provided. The invoices also incorrectly charge for services provided to AWB under the Excell bankruptcy which is the subject of a different engagement agreement.

7

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

As and for his seventh affirmative defense, Farache alleges that Counts I, II and III are duplicative resulting in an improper pleading that seeks the same damages for the same alleged conduct and debt.

As and for his eighth affirmative defense, Farache alleges that the demand for attorneys' fees in the Wherefore clauses of Counts I, II and III should be stricken because Miller PA has no statutory or contractual right to attorneys' fees.

## COUNTERCLAIM AND
## THIRD PARTY COMPLAINT

Counterplaintiff Moshe Farache, individually and Third Party Plaintiff Auto Wholesale of Boca LLC sue Counter Defendant/Third Party Defendant James B. Miller, PA and Third Party Defendant James B. Miller Esq., individually, and allege:

## PARTIES, JURISDICTION, AND VENUE

1.      This is an action for damages which exceed $50,000.00, exclusive of interest, attorneys' fees and costs.

2.      Counterplaintiff Moshe Farache ("Farache") is an individual residing in Palm Beach County, Florida.

3.      Third Party Plaintiff Auto Wholesale of Boca LLC ("AWB") is a Florida Limited Liability Company with its principal place of business located in Boca Raton, Palm Beach County, Florida.

8

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

4.      Counter Defendant/Third Party Defendant James B. Miller, P.A. ("Miller PA") is a Florida professional association engaged in the practice of law with its principal place of business located in Miami-Dade County, Florida.

5.      Third Party Defendant James B. Miller Esquire ("Miller") is an individual residing in Miami-Dade County, Florida. He is an attorney licensed to practice law in the state of Florida and is the shareholder of Miller PA. At all times pertinent to these proceedings Miller acted as an agent of Miller PA within the scope of his duties as an attorney at Miller PA. Therefore Miller PA is liable for Miller's tortious acts and omissions.

6.      Pursuant to an engagement for legal services dated July 19, 2022, venue is proper in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

7.      AWB was formed by Farache in 2012 to engage in the business of buying and selling high-end vehicles on the wholesale market. AWB was solely managed and operated by Farache. At approximately the same time when AWB started business operations, Farache met non-party Scott Zankl ("Zankl"). Zankl was also in the business of buying and selling high-end vehicles through his entity non-party Excell Auto Group ("Excell"). An entity owned by Farache's wife Lisa, non-party 1001 Clint Moore LLC, owned a building suited for Zankl's business needs. Consequently Excell leased the building from the LLC.

9

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

Excell then moved its dealership and housed its cars at the leased building located at 1001

Clint Moore Road in Boca Raton, Florida ("1001").

8.      Over time Farache and AWB built a professional relationship with Zankl, his

wife non-party Kristin Zankl (collectively the "Zankls"), and Excell.  The relationship

between Excell, and later Karma of Palm Beach and Karma of Broward also owned and

operated by the Zankls (the "Karma Entities"), began when through their respective entities,

Farache and the Zankls engaged in the business of buying and selling cars, swapping and

trading cars, and engaging in loan transactions with AWB as lender for Excell's business

transactions.  At all times pertinent to these proceedings, both AWB and Excell had cars

located at 1001.

9.      In late 2021 the Zankls' businesses experienced major cash flow issues.  This

resulted in a series of delays in payments of money owed to AWB, dishonored checks made

to AWB, excuses for non-payment, and calls from outside sources in the industry that Excell

and the Karma Entities were having mounting financial troubles and looming legal problems.

10.      In mid to late March of 2022, the financial problems of the Zankls and their

entities continued.  The Zankls and their entities were in arrears to AWB in excess of $2.2

million dollars. Over 25 cars that were located or supposed to be located at 1001 were either

owned by AWB or AWB had a security interest in them.  Calls were coming in from various

10

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

individuals seeking to obtain possession of other cars located at 1001. Consequently on March 31, 2022 Farache engaged non-party attorney Marc Brandes ("Brandes") and his law firm, non-party Kurkin, Forehand and Brandes, LLP ("KFB"), to represent AWB and Farache and provide legal advice as to the ongoing business issues with the Zankls and their entities, and the right to possession of the vehicles at 1001.

11. Based on legal advice from Brandes and KFB, and through a series of transactions, conversations, and agreements with the Zankls, between April 1, 2022 and April 7, 2022, AWB retrieved and took possession of over 20 cars located at 1001.

12. Due to its financial issues, on or about April 8, 2022 Excell filed for bankruptcy in the Southern District of Florida. At the time, Excell owed AWB and other Farache owned businesses millions of dollars.

13. Seeking legal advice from Brandes on how to proceed after the Excell bankruptcy filing, Brandes referred AWB and Farache to Miller.

14. AWB and Farache engaged the legal services of Miller PA and Miller through a retainer agreement dated April 8, 2022 (the "Excell Retainer Agreement") for representation as creditors and other advice and recommendations in Excell's bankruptcy proceedings and other yet to be filed bankruptcy proceedings.

11

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

15.     Because of Excell's bankruptcy, various people were seeking possession of what they claimed were their cars.  This resulted in numerous state court cases being filed over disputed ownership of the vehicles.  In one of the cases, *FVP Opportunity Funding III, LP et. al. v. Karma of Broward Inc. et.al.* in the Circuit Court of Broward County, the Court entered an Order on April 14, 2022 freezing the transfer of AWB's vehicles and consequently temporarily putting AWB out of business.

16.     With assets frozen and AWB unable to conduct its business, AWB and Farache turned to Miller PA and Miller for advice, recommendations, and guidance as to reorganization under Chapter 11, subpart V of the Bankruptcy Code.

17.     Miller PA and Miller held themselves out to AWB and Farache to be highly experienced in bankruptcy practice.  They advised and recommended to Farache that AWB should file for bankruptcy protection under Chapter 11, Subchapter V of the Bankruptcy Code so that business could continue pending a reorganization approved by the Bankruptcy Court.  Consequently on July 19, 2022, AWB entered into another retainer agreement with Miller PA and Miller (the "AWB Retainer Agreement") engaging them to file a Chapter 11 proceeding which, according to Miller, would "stop the bleeding."  On July 22, 2022 Miller PA and Miller filed the Chapter 11 proceeding.  AWB and Farache totally relied on, and placed confidence and trust in, Miller PA and Miller for advice, recommendations and

12

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

strategies on how to proceed in the Chapter 11 reorganization proceeding and any subsequently filed adversary proceedings.

18. From about July 22, 2022 and continuing to the Bankruptcy Court's May 1, 2023 oral rulings and subsequent May 1, 2023 written order converting the matter to a Chapter 7 liquidation under the control of a bankruptcy trustee, Miller PA and Miller repeatedly assured AWB and Farache that the Chapter 11 proceeding "would never" be converted to a Chapter 7 liquidation. Consequently, Miller PA and Miller never advised, disclosed and explained to AWB and Farache the business and financial consequences to AWB of such a conversion should the Court so order.

19. On July 24, 2022, non-party FVP Opportunity Fund, III filed an Adversary Proceeding (the "FVP Adversary") in AWB's bankruptcy proceeding for judicial determination of priority of liens, replevin, injunctive and declaratory relief against creditor claimants non-parties Franklin Capital Funding, LLC ("Franklin") and Hi-Bar Capital LLC ("Hi-Bar"), two entities which also claimed a security interest in the vehicles.

20. As early as August 3, 2022, the Bankruptcy Court stated its concern about the complexity of the FVP Adversary and suggested to Miller that AWB file its own adversary proceeding with respect to the ownership of vehicles. In addition to the suggestion, the Court specifically ordered that AWB timely seek relief in the form of a motion to determine ownership of, and for permission to sell, the vehicles in its possession. Miller PA and Miller

13

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

ignored the Court's Order and did not timely file a motion to determine ownership and for permission to sell the vehicles. It was not until over four months later on December 21, 2022 that Miller PA and Miller brought before the Bankruptcy Court for hearing an Expedited Motion to Sell Inventory. On December 27, 2022, the Court denied the motion without prejudice because Miller PA and Miller failed to include in the motion sufficient detail and particularity as to the process, arrangements and related expenses of the sales when asking the Court to approve private sales of vehicles. At the hearing, the Court orally pointed out the specifics and particularities which would be required for the Court to further consider the motion. Despite the Court providing specific direction to Miller PA and Miller as to the process and particulars to include in another motion, Miller PA and Miller failed to file another motion seeking an Order that AWB, as debtor, owned the vehicles and had the power to sell them.

21.    On January 31, 2023 FVP Opportunity Fund III ("FVP") filed a Motion to Dismiss or Convert AWB's Chapter 11 bankruptcy proceeding to a Chapter 7. The Motion was joined by Franklin, HI-Bar, the Karma Entities, and Excell's Trustee. The Motion was heard at a two-day evidentiary hearing on March 27 and March 28, 2023. Closing argument occurred on May 1, 2023. The Bankruptcy Court orally granted the motion after oral argument and entered a written Order later that day. The Court stated on the record that Miller PA and Miller did not submit a viable plan of reorganization to the Court. The

14

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

Bankruptcy Court specifically stated in its May 1, 2023 oral ruling that Miller PA and Miller failed to pursue the sale of AWB's existing inventory by obtaining rulings that the debtor owned the vehicles and had the power to sell them. These failures resulted in AWB having no ability to rehabilitate its business and was a substantial factor in the Court converting the Chapter 11 reorganization into a Chapter 7 liquidation resulting in a total loss of AWB's business. The Court ruled that AWB's Chapter 11 proceeding was "filed" and "pursued" by Miller PA and Miller "in bad faith."

22. On May 2, 2023 the day after the Court ruled that the Chapter 11 proceeding was filed and pursued in bad faith, Miller PA and Miller moved to withdraw from representation of AWB in the bankruptcy proceeding. The Court granted the motion on May 19, 2023.

23. On July 18, 2023, AWB's vehicles were sold at auction by AWB's Chapter 7 Trustee. The auction was caused by Miller PA's and Miller's negligence in filing an insufficient motion to determine ownership and for authorization to sell the vehicles which was denied by the Bankruptcy Court, and then Miller PA's and Miller's subsequent failure to file another motion to sell the vehicles with the sufficient particularity required by the Court. Miller PA and Miller were advised by the Bankruptcy Court as early as December of 2022 to re-file a proper and sufficient motion to sell the vehicles. Miller PA and Miller never did so.

15

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

24. Following the conversion to Chapter 7 and after reviewing the potential claims, AWB's Chapter 7 Trustee elected to abandon any and all malpractice claims which AWB had at the time thereby releasing such claims from the bankruptcy estate. In a Trustee's Notice of Abandonment filed on June 5, 2024, the Chapter 7 Trustee abandoned:

> Any and all legal malpractice causes of action, which existed, accrued, and/or are based upon acts, conducts [sic] or omissions, occurring prior to or as of the Date of Conversion of this case to one under Chapter 7.

The Bankruptcy Court entered an Order approving the abandonment of any legal malpractice claims on July 3, 2024. As a result of the Trustee's abandonment and the Court Order approving it, and according to the venue terms of the AWB Retainer Agreement, AWB is pursuing its malpractice claim as a Third Party Claim before this Court. Farache is also pursuing his breach of contract claim as a counterclaim in response to Miller PA's Complaint for unpaid fees filed before this Court on July 22, 2024 (the "Complaint").

25. AWB's Chapter 7 proceeding remains before the Bankruptcy Court. AWB has new bankruptcy counsel.

26. All conditions precedent to the filing of these actions have been satisfied or otherwise been waived.

16

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

## FARACHE'S COUNTERCLAIM
## COUNT I - BREACH OF CONTRACT
(against Miller PA only)

27.    Farache re-alleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.  Farache also re-alleges and incorporates by reference paragraphs 32, 33 (including all of its subparts), and 34 in AWB's Third Party Complaint below as if fully set forth herein.

28.    In the AWB Retainer Agreement attached to the Complaint, AWB employed Miller PA for professional legal services in the AWB Chapter 11 bankruptcy proceeding. In the agreement, Farache personally guaranteed payment of Miller PA's legal fees and costs incurred in representing AWB.  As consideration for agreeing to serve as the guarantor of payment of Miller PA's attorneys' fees and costs, Farache expected that Miller PA would provide legal services which satisfied the standard of care expected of Miller PA and Miller when representing AWB in a Chapter 11 bankruptcy proceeding.  As to Farache's guaranty of payment of attorneys' fees and costs pursuant to the engagement agreement, Miller PA had an implied contractual duty to Farache as guarantor to provide legal services to AWB which satisfied the required standard of care expected for those services.  Miller PA failed to provide professional legal services which satisfied the standard of care and for which legal services Farache guaranteed payment.

17

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

29.    As more specifically set forth in paragraphs 33 and 34 (and its subparts), Miller PA materially breached the terms of the AWB Retainer Agreement.  Miller PA and Miller provided legal services to AWB which fell below the standard of care.  This was a material breach of an implied contractual duty by Miller PA to Farache as guarantor to provide legal services to AWB which satisfied the required standard of care.

30.    As a consequence of Miller PA's breach of contract, Farache has been damaged.

WHEREFORE, Counter Plaintiff Moshe Farache demands judgment against Counter Defendant James B. Miller, P.A. for breach of contract in an amount to be determined at trial, pre-judgment and post-judgment interest, attorneys' fees to the extent this Court would determine that such an entitlement exists under the AWB Retainer Agreement or otherwise, litigation costs, and for such other relief as this Court determines to be just and proper.

**AWB'S THIRD PARTY CLAIM**
**COUNT I - LEGAL MALPRACTICE**
**(against Miller PA and Miller)**

31.    Farache re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

32.    As set forth in the AWB Retainer Agreement, AWB employed Miller PA for professional legal services in the AWB Chapter 11 bankruptcy proceeding.  Miller was the

18

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

responsible attorney providing the legal services.

33.    As AWB's attorneys, Miller PA and Miller owed AWB a duty to use

reasonable care when rendering professional legal services.

34.    Miller PA and Miller failed to exercise reasonable care when representing

AWB. Miller PA's and Miller's conduct fell below the standard of care by:

    a.    filing a Chapter 11 Subsection V Bankruptcy Petition on behalf of AWB without conducting sufficient due diligence to obtain full and complete knowledge of the business, financial and asset situation of AWB, and without having prepared a confirmable Subchapter V plan of reorganization resulting in a conversion to Chapter 7;

    b.    filing and pursuing the Chapter 11 proceeding in a manner which resulted in AWB as debtor having no ability to rehabilitate and which the Bankruptcy Court described as being "filed and pursued in bad faith;"

    c.    repeatedly advising and assuring AWB and Farache that the Chapter 11 reorganization proceeding would never be converted to a Chapter 7 liquidation proceeding. Consequently, Miller PA and Miller never advised, disclosed and explained to AWB and Farache the business and financial consequences to AWB of such a conversion should the Bankruptcy Court so order and which the Court did order in May 2023;

    d.    failing to present evidence and make argument to the Bankruptcy Court such that the Court understood what AWB, as debtor: (1) planned to achieve by initially filing a Chapter 11 reorganization proceeding in July 2022; and (2) planned to achieve by remaining in a Chapter 11 proceeding when challenged by FVP's January 21, 2023 Motion to Dismiss or Convert to a Chapter 7 proceeding;

19

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

e. failing to file an adversary proceeding on behalf of AWB or otherwise timely seek relief in the form of a motion for permission to sell the vehicles in its possession. On behalf of AWB, Miller PA and Miller did not file an adversary proceeding and did not move the Court for permission to sell the vehicles until over four months later on December 21, 2022. The Court denied the motion because Miller PA and Miller failed to include in the motion sufficient detail and particularity as to the process, arrangements and related expenses of the sales when asking the Court to approve private sales of vehicles;

f. despite the Bankruptcy Court at the December 21, 2022 hearing informing Miller PA and Miller of the process and particulars to include in the motion for authorization to sell inventory, Miller PA and Miller failed to file another motion seeking a determination that AWB, as debtor, owned the vehicles and had the authority to sell them;

g. ignoring the Bankruptcy Court's repeated suggestions that an adversary case would have been best filed by AWB as debtor to avoid the confusing and unnecessary litigation created by the other adversary filings;

h. during an evidentiary hearing in Bankruptcy Court on November 28, 2022, failing to assert the attorney-client privilege thereby opening the door to cause Farache to disclose confidential attorney-client communications he had with Brandes which confidential communications were later used to AWB's detriment in the bankruptcy proceedings and later formed a partial basis for the Bankruptcy Court to grant a motion to convert the Chapter 11 proceeding to a Chapter 7 proceeding;

i. during evidentiary hearings in Bankruptcy Court on November 28, 2022, March 27, 2023, and March 28, 2023, failing to offer into evidence material and relevant evidence;

20

j.   inadequately preparing Farache to provide testimony and directing Farache to answer "no" when asked if he signed a certain document when in fact Farache had printed his name on that document - this answer and others directed by Miller caused Farache to lose credibility with the Court;

k.   failing to obtain a detailed forensic accounting or other expert testimony that would have allowed the financial records of AWB as debtor to be sufficiently explained to the Bankruptcy Court during the March 27 and March 28, 2023 evidentiary hearing;

l.   failing to communicate to AWB and Farache settlement offers from FVP attorney Jerry Breslin which offers were made prior to the May 1, 2023 oral order thereby depriving AWB of being in a position to settle.

35. As a direct and proximate result of Miller's and Miller PA's negligence, AWB suffered general, compensatory and special damages including, without limitation, the loss of the value of the vehicles which AWB had in its inventory, attorneys' fees paid to Miller PA and Miller for the unsuccessful Chapter 11 reorganization representation, and damages in the form of the total loss of AWB's business.

WHEREFORE, Third Party Plaintiff Auto Wholesale of Boca LLC demands judgment against Third Party Defendants James B. Miller, P.A. and James B. Miller Esquire for actual and compensatory damages in an amount to be determined at trial, special damages in the amount of the inventory of AWB's automobiles, attorneys' fees paid to Miller PA and Miller for the unsuccessful Chapter 11 reorganization representation, and total loss of

21

*Miller v. Farache, et al.*
Case No. 132024CA013632
Answer, Affirmative Defenses, Counterclaim
and Third Party Complaint

AWB's business, pre-judgment and post-judgment interest, litigation costs, and for such

other relief as this Court determines to be just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing counterclaim
has been filed and served via e-mail and through the e-Portal on this 30th day of August, 2024
to: James B. Miller, Esq., JAMES B. MILLER, P.A., 19 West Flagler St., Suite 416, Miami,
Florida 33130, jbm@title11law.com. The Third Party Complaint is being served by formal
summons process.

> KATZMAN WASSERMAN
> BENNARDINI & RUBINSTEIN, P.A.
> *Defendant/Counter Plaintiff and Third Party Plaintiff*
> 7900 Glades Road, Suite 140
> Boca Raton, Florida 33434
> Tel.: (561) 477-7774
> Fax:  (561) 477-7447
>
>
> By:_____
> STEVEN M. KATZMAN
> Fla. Bar No.: 375861
> smk@kwblaw.com, mrm@kwblaw.com
> CHARLES J. BENNARDINI
> Fla. Bar No.: 694241
> cjb@kwblaw.com, jam@kwblaw.com

K:\Farache_Moshe\Pleadings\FINAL VERSION Answer AD 3rd Party Complaint clean without cites.wpd