UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                Case No. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,                          Chapter 7


                    Debtor.

_____/

**MOSHE FARACHE, M&M DEVELOPMENT CONSULTANTS, LLC, FARACHE ENTERPRISES, INC., AND EXPRESS EMERGENCY SERVICES, INC.'S AMENDED OBJECTIONS TO FINAL FEE APPLICATION OF CHAPTER 11 (SUBCHAPTER V) DEBTOR-IN-POSSESSION COUNSEL, JAMES B. MILLER**

Moshe Farache, M&M Development Consultants, LLC, Farache Enterprises, Inc., and Express Emergency Services, Inc. ("Movants") object to the Final Fee Application of Chapter 11 (Subchapter V) Debtor-In-Possession Counsel (ECF No. 750) filed on July 27, 2023 by James B. Miller ("Miller") and James B. Miller P.A. ("Miller PA")(collectively, the "Former Chapter 11 Counsel") and in support state:

**INTRODUCTION**

1.      AWB's bankruptcy estate paid the Former Chapter 11 Counsel more than $252,000 to date. Prepetition, AWB paid $82,500.00 to the same counsel for services related to the Excell bankruptcy case from April 8, 2022 through July 19, 2022, and an additional $14,858.00 for prepetition services in preparing for this bankruptcy filing over the three-day period from July 19, 2022 through July 22, 2022, for all of which services the Former Chapter 11 Counsel provided <u>no</u> invoices.

2.      Following the petition date, AWB paid an additional $159,932.00 for interim compensation from July 23, 2022 through November 29, 2022 (and $6,311.92 for expenses over that same period). In his Final Fee Application, the Former Chapter 11 Counsel now seeks what

appears to be an additional $298,045.50 in fees and $4,856.88 in costs from November 11, 2022 through May 21, 2023.[1]  In total, the Former Chapter 11 Counsel's Fee Applications seek **$457,977.50** in attorneys' fees and reimbursement of costs of $10,168.80.

3.     Movants object to the Former Chapter 11 Counsel's requests for compensation. Under the circumstances of this case—where the nature and quality of Former Chapter 11 Counsel's services were ineffective and constitute legal malpractice resulting in AWB's reorganization efforts being unsuccessful, and the Court converting this case to Chapter 7—a fee approaching a half a million dollars is **not** reasonable earned compensation to the Former Chapter 11 Counsel for actual, necessary services.

### BRIEF BACKGROUND

4.     On July 22, 2022, Auto Wholesale of Boca, LLC (the "Debtor") commenced this bankruptcy case by filing a voluntary Chapter 11 Petition (ECF No. 1).

5.     On July 26, 2022, the Court entered its Interim Order Approving the Employment of James B. Miller and James B. Miller P.A. as Counsel for the Debtors-In-Possession Effective as of the Petition Date and Setting Final Hearing Thereon (ECF No. 26), and on September 20, 2022 the Court entered its Final Order Granting Debtor's Emergency Application for Approval, on an Interim and Final Basis, For Employment of James B. Miller and James B. Miller, P.A. as General Counsel for the Debtor-In-Possession, Effective as of the Petition Date (ECF No. 130).

6.     On November 29, 2022, the Former Chapter 11 Counsel filed their interim Fee Application seeking an interim fee and costs award in the amount of $234,226. (ECF No. 237) (the "Interim Fee Application", and on December 8, 0223, the Court entered an Order Approving

---

[1] The Former Chapter 11 Counsel does not separately seek approval of the amount awarded on an interim basis in the Interim Fee Application, and the Movants object on that basis as well.

First Interim Application for Compensation for Counsel to Debtor-In-Possession (ECF No. 259) awarding interim compensation of $159,932 (reflecting a 20% holdback of fees requested) and $6,311.92 for expenses/costs, and permitting the Former Chapter 11 Counsel to apply $41,880.00 from its trust account and authorizing the Debtor to remit the balance of $124,363.92 to the Former Chapter 11 Counsel.

7. The Court conducted an evidentiary hearing on March 27 and 28, 2023, and heard closing arguments on May 1, 2023 upon FVP's Motion to Dismiss or Convert to Chapter 7 (ECF No. 390) and the Joinder (ECF No. 428).

8. On May 1, 2023, the Court entered an Order Converting Case Under Chapter 11 to Case Under Chapter 7 (ECF No. 584).

9. On May 2, 2023, the Former Chapter 11 Counsel filed their Motion to Withdraw as Attorney (ECF No. 591), which was granted by Court Order (ECF No. 656) on May 19, 2023.

10. On July 27, 2023, the Former Chapter 11 Counsel filed their Final Fee Application (ECF No. 750) (the "Final Fee Application" and together with the Interim Fee Application, the "Fee Applications") seeking $298,045.50 in attorneys' fees and $4,856.88 in costs.

11. The Movants timely filed proofs of claim for general unsecured claims in the total amount of $4,623,001.10, as follows: claim nos. 13 (Express Emergency Services, Inc. for $3,000.00), 14 (Farache Enterprises, Inc. for $9,059.87), 15 (Moshe Farache for $3,321,772.46), and 17 (M&M Development Consultants LLC for $1,289,168.77).

12. On June 5, 2023 the Trustee for the Debtor abandoned any legal malpractice claims. Consequently on August 30, 2024 in response to Miller and Miller PA's complaint in state court to recover legal fees from Farache as guarantor (the "collections action"), Farache filed a

counterclaim for breach of the engagement agreement.  AWB filed a Third Party Complaint for legal malpractice against Miller and Miller PA.

**OBJECTION TO FORMER CHAPTER 11 COUNSEL'S FEE APPLICATIONS**

Movants object to the Former Chapter 11 Counsel's Fee Applications for the following reasons:

**First**, Farache objects to the fees and costs requested because AWB has a legal malpractice action against Miller and Miller PA pending in state court.  Farache's affirmative defenses to Miller PA's collection action in state court and Firache's counterclaim incorporate by reference and rely upon allegations of legal malpractice by Miller PA and Miller.  Miller PA's and Miller's conduct fell below the standard of care when representing AWB as debtor in the Chapter 11 bankruptcy proceeding.  See state court pleading attached to AWB's Motion to Stay or Abate.  As argued in detail in AWB's Motion to Stay or Abate filed contemporaneously herewith, this Court should not issue an order on Miller PA's and Miller's fee application until the state court case, which includes Farache's defenses and counterclaim, concludes on its merits or otherwise.

**Second,** Former Chapter 11 Counsel violated Local Rule 2014-1 which states: "Applications seeking approval to employ an attorney for a debtor in possession or trustee will be considered only upon submission of the Local Form "Debtor in Possession's Application for Employment of Attorney" or "Trustee's Application for Employment of Attorney" accompanied by the Local Forms "Affidavit of Proposed Attorney for Debtor in Possession/Trustee" and "Order Approving Employment of [Debtor in Possession's/Trustee's] Attorney".  Applications shall also include a copy of any executed Engagement Letter or Retention Agreement. If an Engagement Letter or Retention Agreement is supplemented or modified in writing, applicant shall timely file a copy of the supplement or modification." Former Chapter 11 Counsel never attached its

executed engagement agreement to his Application to Employ and never disclosed to this Court the personal guarantee under which he sued Farache in state court.

Further, in paragraph 8 of an affidavit filed in this Court on July 22, 2022 and signed by attorney Miller on behalf of Miller PA in support of an emergency fee application, Miller PA and Miller stated: "Neither I nor JBMPA [Miller PA] will accept any fee from any other party or parties in this case, unless otherwise authorized by the Court." In paragraph 11 of the affidavit, Miller PA and Miller further stated to the Court: "The debtor, subject to Court approval, shall be responsible for all fees and expenses incurred by JBMPA" (emphasis added). Miller PA and Miller never sought, and this Court never approved, Miller PA to seek recovery of fees and expenses from Farache as guarantor.

**Third**, the fee requested by the Former Chapter 11 Counsel in this case, considered in its entirety, is excessive and unreasonable. Due to the manner in which the Former Chapter 11 Counsel has billed, with substantial hours dedicated to reviewing various documents and filings, it is difficult to determine what work was performed. What is clear is that the Former Chapter 11 Counsel and his paralegal spent far too much time billing in this case, including tasks that did not advance this case to confirmation. This is reflected in the time spent in the different activities (reflected in the chart below), as the Former Chapter 11 Counsel seeks between the Fee Applications a total of $112,047.50 in the plan category (for a case that was converted prior to the confirmation hearing), $161,835.00 for adversary proceedings, and $101,995.00 on asset analysis, which are extraordinary amounts for this converted case. These categories stand in contrast to the $32,110.00 requested for settlement and $15,070 for sale, areas in which additional time may have better served the Debtor if the Debtor had been able to reach a global resolution or sell the vehicles. For the first four months of the case, the Former Chapter 11 Counsel billed only 21

minutes to the sale category. An example included in the amounts that appear excessive is the time spent by the Former Chapter 11 Counsel preparing for and attending the hearing on the motion to convert that was argued by special counsel Jonathan Feldman (while the Former Chapter 11 Counsel and his paralegal observed the hearing). Many of the Former Chapter 11 Counsel's time entries relate to review and Further highlighting the unreasonableness of the Former Chapter 11 Counsel's request are the expectations set out in the Interim Fee Application, where the Former Chapter 11 Counsel included anticipated additional fees through confirmation of $28,000.00. In the Final Fee Application through conversion, the Former Chapter 11 Counsel seeks an award that is 10 times more than the expectations he originally set.

| | Interim Fee Application | | Final Fee Application | | | |
|---|---|---|---|---|---|---|
| | Hours | Amount | Hours | Amount | Total Hrs | Total Amount |
| Asset Analysis | 191.20 | $ 82,880.00 | 66.90 | $ 19,115.00 | 258.10 | $ 101,995.00 |
| Adversary Proceedings | 102.60 | $ 51,550.00 | 215.50 | $ 110,285.00 | 318.10 | $ 161,835.00 |
| Plan | 62.20 | $ 23,610.00 | 210.70 | $ 88,437.50 | 272.90 | $ 112,047.50 |
| Settlement | 47.60 | $ 22,980.00 | 16.60 | $ 9,130.00 | 64.20 | $ 32,110.00 |
| Sale | 0.30 | $ 165.00 | 27.10 | $ 14,905.00 | 27.40 | $ 15,070.00 |
| Anticipated Post Fee App through Confirmation | 80.0 | $ 28,000.00 | | | 80.0 | $ 28,000.00 |

**Fourth**, the total of $69,755.00 in entries of the Former Chapter 11 Counsel are block billed (as shown on Exhibit A (taken from the First Interim Fee Application) and Exhibit B (taken from the Final Fee Application), in violation of the guidelines for fee applications for professionals in the Southern District of Florida Bankruptcy Cases (the "Guidelines")[2].

---

[2] See Local Rule 2016-1(B)(1) ("Applications for compensation of attorneys…submitted pursuant to Bankruptcy Rule 2016 shall comply with the court's 'Guidelines for Fee Applications for Professionals in the Southern District of Florida' [the "Guidelines"] and the local forms described in the guidelines.") "The Guidelines are mandatory guidelines to which an applicant for compensation must certify the Application complies." Guidelines, pg. 1. Section C. 3 of the Guidelines states that "[i]n recording time, each professional and paraprofessional may, subject to Section C(4), describe in one entry the nature of the services rendered during that day and the aggregate time expended for that day in an Activity Code Category (as herein defined) without delineating the actual time spent on each discrete

"Records which 'lump together all the tasks performed by an attorney on a given day without breaking out the time spent on each task' at least 'makes it difficult, if not impossible,' for a court 'to calculate with any precision the number of hours an attorney devoted to a particular task.'" *Machado v. Da Vittorio, LLC*, 2010 WL 2949618, at *3 (S.D. Fla. July 26, 2010) (J. Altonaga) (quoting *ACLU of Ga. V. Barnes,* 168 F.3d 428, at 1303 (11th Cir. 1999)). "…'[C]ounsel [seeking fees] bears the burden…of supplying the court with specific and detailed evidence' so the court can evaluate the reasonableness of the requested fees." *Id.* (quoting *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). "As the Supreme Court said in *Hensley [v. Eckerhart*, 461 U.S. 424 (1983)], '[a] request for attorney's fees should not result in a second major litigation.'" *Norman*, 836 F.2d at 1303 (quoting *Hensley*, 461 U.S. at 437).

With respect to the $69,755.00 in block-billed entries, the Movants cannot ascertain how much time was spent on a task and whether the time spent was reasonable.

**Fifth**, the Movants object to the extent that the Former Chapter 11 Counsel has not applied unearned amounts to the amounts he seeks for attorneys' fees and costs. Prepetition, on April 8, 2022, the Debtor entered into an engagement agreement with the Debtor, Mr. Farache, and two other entities "in regards to Bankruptcy Case(s), yet-to-be-filed as of this date [] wherein Excell Auto Group, Inc. [and/or others] is the named Debtor…" The Debtor subsequently paid the Former Chapter 11 Counsel, as follows:

---

activity in an Activity Code Category, <u>provided, however,</u> single time entries of more than an hour in an Activity Code Category that include two or more activates must include a notation of the approximate time spend on each activity within the Activity Code Category." Guidelines, Sec. C. 3.

| Check Date | Amount | Check No. | Check Memo |
|---|---|---|---|
| 4/11/2022 | $12,500.00 | 2106 | AUTO WHOLESALE RETAINER |
| 5/3/2022 | $10,000.00 | 2121 | EXCELL |
| 6/23/2022 | $10,000.00 | 2137 | EXCELL |
| 7/19/2022 | $50,000.00 | 2152 | EXCELL CASE |
| **Total: $82,500.00** | | | |

On July 19, 2022, the Debtor entered into a separate Retainer Agreement with the Former Chapter 11 Counsel in connection with its Chapter 11 Bankruptcy and on the same day paid the Former Chapter 11 Counsel a $55,000.00 retainer (Check No. 2153) and $1,738.00 for costs (Check No. 2154).

The Disclosure of Compensation for Attorney for Debtor (ECF No. 4) provides that the Former Chapter 11 Counsel was paid $55,000 for legal services and $1,738 in costs and that the unused balance of the prepetition retainer to be applied to post petition fees and costs was $41,880.00. Despite multiple requests, the Former Chapter 11 Counsel did not provide invoices for the work he performed prior to the July 22, 2022 petition date under the April 8, 2022 engagement agreement, for which he was paid $82,500.00 or for the $14,858.00 he was paid out of the $55,000 retainer for the three days between July 19, 2022 and the July 22, 2022 petition date. Accordingly, the Movants do not know the extent of the services the Former Chapter 11 Counsel provided for the Debtor prepetition. The Former Chapter 11 Counsel should be required to substantiate the work he performed prepetition, and the Movants request that any unearned fee should be set off against any amount that is awarded to the Former Creditor in this bankruptcy case.

**WHEREFORE**, for these reasons, Movants seek the entry of an Order sustaining their objections to the Interim Fee Application and Final Fee Application and disallowing and reducing

the requested compensation to the Former Chapter 11 Counsel based on these objections, and for such other relief as is just and proper.

Dated: September 10, 2024      **CATHERINE H.Y. GLEASON, PLLC**
*Counsel for Movants*
912 NW 56th Terr., Suite A
Gainesville, FL 32605
Telephone: 352-327-2220
Email: ktgleasonlegal@gmail.com

By: */s/ Catherine H.Y. Gleason*
Catherine H.Y. Gleason
Florida Bar No. 11014

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was, on September 10, 2024, furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case.

By: */s/ Catherine H.Y. Gleason*
Catherine H.Y. Gleason
Florida Bar No. 11014

K:\Farache_Moshe\Pleadings\Amended Objection - Farache.docx