# EXHIBIT 1

**Exhibit 1**

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


IN RE:

AUTO WHOLESALE OF BOCA, LLC,   Case No. 22-15627-EPK

        Debtor.
_____/









                    EXCERPT

                    RULING

                  ECF # 866

              September 11, 2024




        The above-entitled cause came on for hearing before the HONORABLE ERIK P. KIMBALL, Chief Judge of the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, Palm Beach County, Florida, on Wednesday, September 11, 2024, commencing at or about 11:00 a.m., and the following proceedings were had:

        Transcribed from a digital recording by:
              Helayne Wills, Court Reporter

APPEARANCES:

    GREENSPOON MARDER, P.A., by
    RILYN A. CARNAHAN, ESQ.,
    on behalf of the Trustee

    LESSNE LAW, by
    MICHAEL D. LESSNE, ESQ.,
    on behalf of Farache, et al.

    SCHWARTZ BRESLIN PLLC, by
    JERRELL A. BRESLIN, ESQ., (via telephone)
    on behalf of FVP Parties

    ALSO PRESENT:
    ECRO:  Electronic Court Reporting Operator

    LISTEN ONLY:
    CATHERINE GLEASON, ESQ. - for FVP
    JONATHAN SCHWARTZ, ESQ. - for FVP
    DAVID SOFTNESS, ESQ. - for FVP
    JAMES MILLER, ESQ. - for James B. Miller, P.A.
    ALAN CRANE, ESQ. - for Trustee

Page 3

* * * * *

THE COURT: This is the Court's ruling on a motion filed by FVP Opportunity Fund III LP and related parties. That's on the docket at ECF #866.

I reviewed the response filed by Mr. and Ms. Farache and related parties. That's in the docket at ECF #868. And also notices of filing by FVP in the docket at ECF #869 and 872. The document filed at ECF #872 is a red line of the existing state court complaint, showing proposed changes to present the alter ego claims at issue in today's motion. I've also considered the arguments presented at the hearing today.

In the motion the movants ask the Court to rule that the automatic stay in effect in this case does not apply to any claims the movants have against Moshe Farache and Lisa Farache, based on alter ego under Florida law, arising as a result of their actions in connection with the debtor, Auto wholesale of Boca. If the Court rules that the automatic stay does apply, FVP seeks relief from the stay for cause.

The Farache parties object. They argue that the trustee settled with them, releasing all claims held by the bankruptcy estate, and that any

Page 4

such alter ego claims were property of the bankruptcy estate and were released.  So first the Court must determine whether the alter ego claims proposed by the movants against Mr. and Ms. Farache are property of this bankruptcy estate.  Both parties cite the proper standard derived from the 11th Circuit's 2004 decision in Icarus Holding, reported at 391 F.3d 1315.

Under Bankruptcy Code Section 541, the bankruptcy estate includes a state law alter ego claim when it is a general claim common to all creditors, and the claim is something the debtor could pursue under state law.  An alter ego claim is personal to a creditor, and thus not property of the bankruptcy estate, when the injury is to that creditor and not to all creditors generally.

The movant's claims against Mr. and Ms. Farache, and indeed against all the defendants in the state court action, are based on specific alleged acts aimed at and resulting in harm solely to the movant.  The movants' claims against Mr. and Ms. Farache, based in alter ego or otherwise, are excellent examples of claims based on injury to a specific party, and not based on generalized harm to the debtor and its creditor body.

Page 5

Among other things the movants allege that Mr. and Ms. Farache used the corporate form of the debtor to entice the movants to make loans so that Mr. and Ms. Farache could divert the loan proceeds and the movants' collateral for their personal benefit.  The movants seek to remedy harm alleged to them alone, and not to the debtor's creditors generally.

The movants' claims against Mr. and Ms. Farache and their related entities are not property of the estate in this bankruptcy case. Those claims were not released by the estate as a result of the settlement approved by this Court by the order entered at ECF #833.

Because the movants' claims against Mr. and Ms. Farache, including any claims relying on alter ego theories, were never property of this bankruptcy estate, and were not released by the trustee on behalf of the bankruptcy estate, there's nothing to stop the movants from pursuing those claims in the state court action, including as proposed in the document on file here at ECF #872.

For these reasons, the motion at ECF #866 will be granted.  I ask that, Mr. Breslin, that you tender a proposed order, incorporating this oral

Page 6

ruling, and also send a copy of the proposed order to the chambers e-mail box in Word format.

Any questions?

MR. BRESLIN:  No, Your Honor.  Thank you, Your Honor.

THE COURT:  Very good.  Thank you very much.

(Thereupon, the hearing was concluded.)

Page 7

CERTIFICATION

STATE OF FLORIDA:

COUNTY OF DADE:

I, HELAYNE F. WILLS, Shorthand Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were taken by electronic recording at the date and place as stated in the caption hereto on Page 1; that the foregoing computer-aided transcription is a true record of an excerpt of my stenographic notes taken from said electronic recording.

WITNESS my hand this 16th day of September, 2024.

_____
HELAYNE F. WILLS
Court Reporter and Notary Public
In and For the State of Florida at Large
Commission No:  HH157788 Expires 8/2/2025