**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:      Auto Wholesale of Boca LLC                    §   Case No. 22-15627-EPK
                                                          §
                                                          §
Debtor(s)                                                 §

---

**NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Michael R. Bakst, Trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk, U S Bankruptcy Court
The Flagler Waterview Building
1515 North Flagler Drive #801
West Palm Beach, FL  33401

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, together with a request for a **telephonic** hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed:   11/06/2024            By:   /s/ Michael R. Bakst
                                                           Trustee

Michael R. Bakst, Trustee
P.O. BOX 407
West Palm Beach, FL  33402
(561) 838-4539
baksttrustee@gmlaw.com

UST Form 101-7-NFR (10/1/2010)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:    Auto Wholesale of Boca LLC                    §   Case No. 22-15627-EPK
                                                        §
                                                        §
                                                        §
Debtor(s)                                               §

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATION FOR COMPENSATION**

*The Final Report shows receipts of*          $          2,950,082.73

*and approved disbursements of*               $          2,162,758.09

*leaving a balance on hand of* [1]            $            787,324.64

**Balance on hand:**                          $            787,324.64

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 4 | Woodside Credit, LLC | 221,205.22 | 0.00 | 0.00 | 0.00 |
| 7 | FVP Investments, LLC | 7,500,000.00 | 0.00 | 0.00 | 0.00 |
| 8 | FVP Opportunity Fund III, LP | 7,500,000.00 | 0.00 | 0.00 | 0.00 |
| 9 | FVP Servicing, LLC | 7,500,000.00 | 0.00 | 0.00 | 0.00 |
| 11 | Franklin Capital Funding, LLC | 6,535,055.13 | 0.00 | 0.00 | 0.00 |
| 19 | Edward Brown | 919,870.76 | 0.00 | 0.00 | 0.00 |
| 20 | Hi Bar Capital, LLC | 3,125,000.00 | 0.00 | 0.00 | 0.00 |
| 22 | FVP OPPORTUNITY FUND III, LP, FVP INVESTMENTS LLC and FVP SERVICING, LLC | 0.00 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors:     $            0.00
Remaining balance:                          $      787,324.64

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Michael R. Bakst, Trustee | 111,752.48 | 0.00 | 111,752.48 |
| Trustee, Expenses - Michael R. Bakst, Trustee | 2,124.50 | 0.00 | 2,124.50 |
| Attorney for Trustee, Fees - GREENSPOON MARDER, LLP | 384,811.40 | 0.00 | 384,811.40 |
| Attorney for Trustee, Expenses - GREENSPOON MARDER, LLP | 12,201.22 | 0.00 | 12,201.22 |
| Accountant for Trustee, Fees - KAPILAMUKAMAL, LLP | 105,872.84 | 0.00 | 105,872.84 |

Total to be paid for chapter 7 administration expenses: $ 616,762.44
Remaining balance: $ 170,562.20

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Accountant for Trustee , Fees - BERKOWITZ POLLACK BRANT ADVISORS AND ACCOUNTANTS, LLP | 148,718.92 | 0.00 | 74,634.35 |
| Other, Fees - James B. Miller, P.A. | 445,154.13 | 159,932.00 | 64,315.72 |
| Other, Fees - LINDA LEALI, P.A. | 51,382.50 | 24,437.50 | 26,789.13 |
| Other, Expenses - James B. Miller, P.A. | 11,168.80 | 6,311.92 | 4,823.00 |

Total to be paid for prior chapter administration expenses: $ 170,562.20
Remaining balance: $ 0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | **NONE** | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-NFR (10/1/2010)**

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $145,591,541.05 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.000 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2-2 | Karma of Broward, Inc. | 20,000,000.00 | 0.00 | 0.00 |
| 3-2 | Road Rich LLC d/b/a Road Rich Motors | 0.00 | 0.00 | 0.00 |
| 4 | Woodside Credit, LLC | 0.00 | 0.00 | 0.00 |
| 5 | Derek Stephens | 0.00 | 0.00 | 0.00 |
| 6 | KURKIN FOREHAND BRANDES LLP | 23,740.00 | 0.00 | 0.00 |
| 10 | Franklin Capital Funding, LLC | 6,535,055.13 | 0.00 | 0.00 |
| 12 | Mazel Tov Inc. | 77,838.77 | 0.00 | 0.00 |
| 13 | Express Emergency Services, Inc | 3,000.00 | 0.00 | 0.00 |
| 14 | Farache Enterprises, Inc. | 11,000.00 | 0.00 | 0.00 |
| 15 | Moshe Farache | 3,321,772.46 | 0.00 | 0.00 |
| 16 | Calvin Erbstein | 1,000,000.00 | 0.00 | 0.00 |
| 17 | M & M Development Consultants LLC | 11,000.00 | 0.00 | 0.00 |
| 18-2 | Excell Auto Group, Inc. | 114,608,134.69 | 0.00 | 0.00 |
| 21 | Prestige Luxury Cars LLC | 0.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims:  $_____0.00

Remaining balance:  $_____0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

UST Form 101-7-NFR (10/1/2010)

Total to be paid for tardy general unsecured claims:     $_____0.00
Remaining balance:                                       $_____0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $882.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1-3 | Internal Revenue Service | 882.00 | 0.00 | 0.00 |

Total to be paid for subordinated claims:     $_____0.00
Remaining balance:                            $_____0.00

Prepared By:  /s/ Michael R. Bakst, Trustee _____
                             Trustee

Michael R. Bakst, Trustee
P.O. BOX 407
West Palm Beach, FL  33402
(561) 838-4539
baksttrustee@gmlaw.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**