

**ORDERED in the Southern District of Florida on December 3, 2024.**



**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                        Case No. 22-15627-EPK

Auto Wholesale of Boca LLC                                    Chapter 7 Proceeding


                        Debtor.
_____/

## ORDER AWARDING FINAL TRUSTEE AND PROFESSIONAL FEES AND EXPENSES

THIS MATTER came before the court upon the final application for compensation and expenses [ECF #865] filed by Trustee, Michael R. Bakst, the final application for compensation and expenses [ECF #706] and the Notice of Agreement to Reduction in Amount of Fees Requested [ECF #864] filed by BERKOWITZ POLLACK BRANT ADVISORS AND ACCOUNTANTS, LLP, Accountant for Trustee (Ch. 11) (Firm), the final application for compensation and expenses [ECF #861] filed by KAPILAMUKAMAL, LLP, Accountant for Trustee, the final application for compensation and expenses [ECF #863] filed by GREENSPOON MARDER, LLP, Attorney for Trustee, the final application for compensation and expenses [ECF #750] and the Notice of Agreement to Reduction in Amount of Fees

Requested [ECF #862] filed by JAMES B. MILLER, P.A., Other Professionals (Ch. 11), and the final application for compensation and expenses [ECF #614] filed by LINDA LEALI, P.A., Subchapter V Trustee (Ch. 11).

After notice to all creditors (if applicable), the court has considered the applications and finds that the following allowances are reasonable under the applicable provisions of the Bankruptcy Code.

In allowing the foregoing fees, this court has considered the criteria specified in 11 U.S.C. §§ 326, 328 and 330, and the requirements of Bankruptcy Rule 2016, in light of the principles stated in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); and *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Therefore, it is **ORDERED** as follows:

1.      The Trustee, Michael R. Bakst, is allowed total final fees of $111,752.48 and total final expenses of $2,124.50, which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

2.      BERKOWITZ POLLACK BRANT ADVISORS AND ACCOUNTANTS, LLP, Accountant for Trustee (Ch. 11) (Firm), is allowed total final fees of $148,718.92 and total final expenses of $0.00 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

3.      KAPILAMUKAMAL, LLP, Accountant for Trustee, is allowed total final fees of $105,298.60 and total final expenses of $574.24 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

4.      GREENSPOON MARDER, LLP, Attorney for Trustee, is allowed total final fees of $384,811.40 and total final expenses of $12,201.22 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

5.      JAMES B. MILLER, P.A., Other Professionals (Ch. 11), is allowed total final fees of $445,154.13 and total final expenses of $11,168.80 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

6.      LINDA LEALI, P.A., Subchapter V Trustee (Ch. 11), is allowed total final fees of $51,382.50 and total final expenses of $0.00 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

7.      The Trustee is authorized to make the balance of payments set forth in this order or to pay the awards pro rata if there are insufficient funds.

# # #

Copies furnished to:
Chapter 7 Trustee

The Trustee shall serve a copy of this order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).