

**ORDERED in the Southern District of Florida on June 13, 2025.**

**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                        **Case No. 22-15627-EPK**
                                                                 **Chapter 7**

**AUTO WHOLESALE OF BOCA, LLC,**

      Debtor.

_____/

### ORDER TO SHOW CAUSE WHY CERTAIN FUNDS HELD BY THE CLERK SHOULD NOT ESCHEAT TO THE UNITED STATES TREASURY AND SETTING HEARING THEREON

This matter came before the Court *sua sponte*.

The debtor, Auto Wholesale of Boca, LLC, was a licensed automobile dealer.  The debtor filed a voluntary chapter 11 petition on July 22, 2022.  On May 1, 2023, the Court converted this case to chapter 7.  ECF No. 584.

The chapter 7 trustee sought permission to sell via auction certain vehicles in the debtor's inventory.  ECF No. 618, as modified by ECF No. 650.  Several parties asserted liens on or interests in the vehicles to be sold.  The trustee reached agreement with the parties claiming liens on and interests in the vehicles.  Consistent with that agreement, the Court authorized the trustee to sell the vehicles and to retain a portion of the sale proceeds, free

and clear of liens and interests, for the benefit of unsecured creditors in this case.  ECF Nos. 694 and 738.

The Court ordered that the proceeds of the auction net of expenses of the sale and net of the portion to be retained by the trustee for the benefit of unsecured creditors (defined as the "Net Proceeds" in the Court's sale orders) would be held pending the agreement of the affected parties or the adjudication elsewhere of competing claims of liens on or interests in the vehicles.  The Court ordered that only parties to the adversary proceeding captioned *FVP Opportunity Fund III, LP, et al. v. Auto Wholesale of Boca, LLC, et. al.*, Adv. Proc. No. 22-01218-EPK (now dismissed) and parties that appeared in the debtor's bankruptcy case and asserted an interest in the vehicles could make a claim against the Net Proceeds.  The Court directed the trustee to file a further motion requesting direction from the Court as to the appropriate repository for the Net Proceeds.  ECF No. 694.

Consistent with the Court's sale order, the trustee filed a motion asking the Court to designate a repository for the Net Proceeds.  ECF No. 727.  The trustee stated that parties who had expressed liens on and interests in the Net Proceeds had not reached agreement on where the Net Proceeds should be held, so the trustee asked the Court to permit the Net Proceeds to be deposited with the registry of the Court.  By order entered July 27, 2023, the Court directed the trustee to "deposit the Net Proceeds of the Trustee's Auction sale into the court registry of the Bankruptcy Court for the Southern District of Florida . . . until further order of this Court."  ECF No. 749.  The Court later directed the trustee to deposit the specific sum of $2,107,548.61.  ECF No. 807.  That latter order provided, among other things, that "[t]he Court shall retain jurisdiction over the Net Proceeds held in the Court Registry for purposes of any disputes that may arise out of the Auction or its conduct, the condition of the Vehicles, or out of any alleged actions or omissions by the Trustee's Court-approved Auctioneer."  In other words, the Court's jurisdiction over the Net Proceeds was limited to

claims relating to the auction procedure itself, not claims among those expressing a lien on or an interest in the Net Proceeds. On December 18, 2023, the trustee deposited the Net Proceeds with the clerk as directed. *See* Receipt of Registry Deposit [Receipt Number 800114].

The Court authorized the deposit of the Net Proceeds into the registry of the Court solely to facilitate the sale of vehicles partly for the benefit of the debtor's unsecured creditors. No person ever challenged the auction or its conduct, the condition of the vehicles sold, or the actions of the Court's approved auctioneer, and any such challenge was long ago waived. This Court has no subject matter jurisdiction over any disputes among those claiming liens on or interests in the Net Proceeds. The bankruptcy estate has no interest at all in the Net Proceeds.

It was never the Court's intention to retain the Net Proceeds for an extended period of time, but only to permit the parties claiming a lien on or interest in the Net Proceeds to resolve their disputes or to provide an alternative escrow agent pending litigation elsewhere. The Court has held the Net Proceeds for nearly a year and a half. Parties claiming liens on or interests in the Net Proceeds have had ample time to resolve their competing claims or to make alternate arrangements for deposit of the Net Proceeds other than with the registry of this Court.

The Court will set a show cause hearing on extended notice, directing all parties claiming liens on or interests in the Net Proceeds to attend the hearing or waive any right to be heard. If the parties who attend the show cause hearing are unable to reach agreement with regard to the disbursement of the Net Proceeds, the Court will direct that the Net Proceeds escheat to the Treasury of the United States and order the Clerk to take appropriate action to accomplish the same.

Accordingly, it is ORDERED and ADJUDGED as follows:

1. Any party claiming a lien on or interest in the Net Proceeds must appear at a show cause hearing to be held at **10:00 a.m. on August 27, 2025** at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.  Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser: https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.  If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.

2. Any party who claims a lien on or interest in the Net Proceeds who does not attend the show cause hearing shall be deemed to waive any right to be heard.

3. If the parties claiming a lien on or interest in the Net Proceeds who attend the show cause hearing reach agreement with regard to the disbursement of the Net Proceeds, and such agreement is announced on the record at the show cause hearing, the Court will consider an agreed proposed order effectuating the agreement.  Such agreement may take the form of a direction to disburse the Net Proceeds to specific parties in specific amounts, an agreement to disburse the Net Proceeds to an escrow agent who has agreed to accept the Net Proceeds, or a combination of these.  If the parties claiming a lien on or interest in the Net Proceeds who attend the show cause hearing fail to reach agreement as provided in this paragraph, the Court will order that the Net Proceeds escheat to the Treasury of the United States, will direct the Clerk to take appropriate action to accomplish the same, and will order

that this Court and the Clerk are relieved of any and all obligations under appliable law with

regard to, or in any way relating to, the Net Proceeds.

###

Copy to:

Rilyn Carnahan, Esq.

*Rilyn Carnahan, Esq. is directed to serve a copy of this order on all appropriate parties and file a certificate of service.*