UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

　　Debtor.                                      Chapter 7

_____/

## EMERGENCY *EX PARTE* MOTION FOR ORDER TO SHOW CAUSE WHY AVRUMI 'JOSH' LUBIN SHOULD NOT BE HELD IN CONTEMPT OF COURT

**\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**As set forth *infra*, Avrumi 'Josh' Lubin has fraudulently caused a state court to issue a writ of garnishment on the Clerk of the bankruptcy court, in an effort to seize funds that he does not hold an interest in.**

**In light of the risk of irreparable harm should the funds be released to Mr. Lubin, Franklin respectfully requests that the Court consider this matter on an emergency basis.**

Franklin Capital Funding, LLC, ("Franklin"), pursuant to 11 U.S.C. § 105(a), respectfully requests that the Court: (1) find that a state court writ of garnishment was issued in violation of an earlier federal order, and (2) issue an order to show cause why Avrumi 'Josh' Lubin ("Lubin") should not be held in contempt of Court. In support of this request Franklin states:

**A.　　The Vehicle Sales.**

1.　　Auto Wholesale of Boca, LLC ("AWB") initially filed this case under subchapter v of chapter 11 of the Bankruptcy Code on July 22, 2022.

2.　　A primary issue in the case was a fleet of some twenty automobiles in the possession of AWB as of the petition date. AWB alleged that it was a legitimate car dealer and that the vehicles were part of its inventory. In contrast, other parties, including

{2425/000/00549705}

Franklin, argued that the cars were seized by AWB from their legitimate owners, including Excell Auto Group, Inc. ("Excell"), Karma of Broward, Inc. and/or Karma of Palm Beach, Inc. (together, the "Karma Entities").[1]

3.　The Court converted the case to chapter 7 on May 1, 2023, after concluding *inter alia* that the principal of AWB, Moshe Farache, had illegally seized vehicles owned by *inter alia* Excell or the Karma Entities.  *See* ECF No. 610 (transcript of oral ruling).

4.　Thereafter, in or around June 2023, the chapter 7 trustee, Michael Bakst (the "Trustee") sold most of the vehicles still in the possession of AWB.  The order authorizing the sale (the "Sale Order") provides in relevant part for the Trustee to sell the vehicles, waive any interest in certain net proceeds of the sale (the "Net Proceeds"), and deposit the Net Proceeds into escrow pending adjudication of the competing interests therein by a court of competent jurisdiction.  ECF No. 618 at ¶¶ 7–9.

5.　In accordance with the Sale Order, the Trustee conducted the sale and has deposited $2,107,548.61 into the Court registry.  ECF No. 807 at ¶ 5.

**B.　Limitations on Who May Assert an Interest in the Net Proceeds.**

6.　Numerous parties have asserted interests in the vehicles that were held by AWB, and by extension, the Net Proceeds.

7.　For example, an adversary proceeding regarding competing liens in the vehicles (the "Adversary Proceeding") included the following parties: (a) FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (together, "FVP"), (b) Hi Bar Capital, LLC ("Hi Bar"), (c) AWB, (d) Edward Brown, (e) Franklin, (f) Benidt Investments/Slinger, LLC and (g) the Karma Entities.  *See* Adv. Proc. No. 22–01218–EPK.

---

[1]　Excell is a chapter 7 debtor in this Court, Case No. 22–12790–EPK.

8.    Importantly, the Sale Order finds that Lubin and an affiliated entity, True Business Funding, LLC, did <u>not</u> assert any interest in the vehicles despite being on notice of the AWB bankruptcy case:

> True Business Funding, LLC, and Avrumi "Josh" Lubin, in his individual capacity, have been on notice of this bankruptcy case and have not appeared in this case, asserted any interest in the Vehicles or their proceeds, or objected to the Sale Motion or the entry of this Order.  Accordingly, True Business Funding, LLC, and Avrumi "Josh" Lubin, in his individual capacity, are not entitled to further notice, including negative notice, of the sale, the Sale Motion, or the entry of this Order, nor will they be heard to later object to this Order.

Sale Order ¶ D.

9.    The Sale Order adds that persons who did not assert an interest in the vehicles or the proceeds—including Lubin—are barred from making any claim against the Net Proceeds:

> The proceeds of the Auction, net of the Buyer's Premium, Expenses and Carveout (such net proceeds shall be referred to herein as the "Net Proceeds"), shall be held pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds or consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein. <u>Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds</u>.

Sale Order ¶ 8 (emphasis supplied).

### C.    Lubin Fraudulently Causes the State Court to Issue a Writ of Garnishment.

10.    Various parties asserting interests in the Net Proceeds, including FVP, Hi Bar and Franklin, are litigating that issue in the Circuit Court in and for Broward County, Florida, Case Nos. CACE–22–05125 and CACE-22-06401 (the "<u>Broward Litigation</u>").

{2425/000/00549705}

11.    Lubin and an entity he owns and controls, Spin Capital, LLC ("Spin"), are named defendants to various *inter alia* fraud and tort claims in the Broward Litigation. However, neither Lubin nor Spin has asserted counts against the Net Proceeds or otherwise sought affirmative relief in the Broward Litigation.  (Spin also did not appear in the AWB bankruptcy case.)

12.    On April 14, 2025, Lubin domesticated a New York judgment that Hi Bar obtained against various persons, including Excell and the Karma Entities.  The judgment was domesticated in the Circuit Court in and for Palm Beach County, Florida (the "State Court").

13.    A copy of the domestication paperwork filed by Lubin is attached as **EXHIBIT "A"**.  The paperwork includes (a) an affidavit executed by Lubin (the "Affidavit"), (b) a copy of the New York judgment entered in favor of Hi Bar (the "Judgment"), (c) a common interest and joint litigation agreement between Spin and Hi Bar (the "Common Interest Agreement" or "Agreement"), and (d) an assignment from Spin to Lubin (the "Assignment").

14.    The Affidavit asserts that—even though the Judgment was entered in favor of Hi Bar—Lubin, individually, is the Judgment holder via Common Interest Agreement and Assignment.  Lubin Aff. ¶¶ 6–8.

15.    However, this position is nonsensical.  The Common Interest Agreement defines "Hi Bar Claims" as claims held by Hi Bar regarding *inter alia* Excell, the Karma Entities and alleged security interests in the assets of those borrowers.  Common Interest Agreement ¶¶ A, E and F.[2]  The Agreement defines the "Spin Claims" as certain litigation claims held by Spin, and the "Litigation Claims" as the Hi Bar Claims and Spin Claim

---

[2]    The Hi Bar Claims include claims in the "NY Litigation."  This is the litigation that resulted in the Judgment in favor of Hi Bar.  *See* Common Interest Agreement ¶¶ A, E and F (the NY Litigation is the litigation initiated by Hi Bar in New York state court, Index No. 502846/2022); *see generally* Judgment (Index No. 502846/2022 in header).

combined. *Id.* at ¶ G. The Agreement states unequivocally that the Litigation Claims—which includes rights arising from the Judgment—shall be prosecuted by <u>Hi Bar</u>:

> Spin Capital and Hi Bar agree that, with respect to the Litigation Claims, Hi Bar will continue to be the plaintiff or claimant for purposes of pursuing recoveries against Litigation Parties. Hi Bar shall execute all pleadings and affidavits/declarations as requested by Spin Capital with respect to either the Litigation Claims or the Counterclaims.

*Id.* at ¶ 2(e).

16. As such, Hi Bar never assigned the Judgment to Spin, and any purported assignment from Spin to Lubin is not effective.

17. Counsel for Hi Bar in the Broward Litigation has also averred that Lubin has no current authority over that entity.

18. Despite this, Lubin domesticated the Judgment in the State Court. Subsequently, on May 29, 2025, Lubin caused the State Court to issue a writ of garnishment against the Clerk of this Court. A copy of the writ is attached as **EXHIBIT "B"**.

19. It is apparent that Lubin perpetuated a fraud on the State Court in causing the writ to be issued. Lubin has also violated the Sale Order in attempting to seize the Net Proceeds via the writ, when he is estopped from asserting an interest in them.

20. In light of the foregoing Franklin requests the entry of an order directing Lubin to show cause why he should not be held in contempt. Franklin will separately upload such an order to the Court.

WHEREFORE, Franklin respectfully requests the entry of an order (1) finding that the State Court writ was issued in violation of the Sale Order, (2) directing Lubin to show cause why he should not be held in contempt, and (3) granting such other relief as the Court deems appropriate.

{2425/000/00549705}

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing on June 13, 2025.

> **SHRAIBERG PAGE, P.A.**
> Attorneys for Franklin
> 2385 NW Executive Center Drive, #300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
>
> By:   /s/ Patrick R. Dorsey
>         Patrick R. Dorsey, Esq.
>         Fla. Bar. No. 0085841

{2425/000/00549705}

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

AVRUMI LUBIN, Assignee of SPIN CAPITAL, LLC,

      Plaintiff,

v.

KARMA OF PALM BEACH, INC.,
AUTOMOTIVE SERVICE SYSTEMS, INC.,
KZ CONSULTANTS, INC.,
MISS KRISS, LLC,
EXCELL AUTO LEASING, INC.,
EXCELL AUTO WHOLESALE, INC.,
DEALER SOUQ USA, LLC,
EAG WHOLESALE, LLC,
KARMA OF BROWARD, INC.,
LAVISH HERO FUND, INC.,
APPLE 3 INVESTMENTS, INC.,
KZ CONSULTANTS, INC.,
EXCELL AUTO SPORT AND SERVICE, INC.,
KRISTEN ZANKL, and
SCOTT THOMAS ZANKL,

      Defendants.

_____/

CFN 20250115943
OR BK 35630 PG 1057
RECORDED 4/3/2025 12:40 PM
Palm Beach County, Florida
Joseph Abruzzo, Clerk
Pgs 1057 - 1086; (30pgs)

NOT A CERTIFIED COPY

## AFFIDAVIT OF AVRUMI LUBIN IN SUPPORT OF
## THE FILING OF FOREIGN JUDGMENT

STATE OF FLORIDA     )
                          )SS:
COUNTY OF BROWARD   )

      **BEFORE ME**, this day personally appeared Avrumi Lubin as assignee of Spin Capital,

LLC, who after being duly sworn, deposes and says:

1. My name is Avrumi Lubin, assignee of Spin Capital, LLC, Plaintiff and judgment creditor ("Plaintiff").

2. My address is 1276 50th Street, Brooklyn, New York, 11219.

3. I make this affidavit pursuant to Fla. Stat. §55.503 in support of filing the attached Judgment[1] dated September 13, 2023 ("Judgment") on the record of the instant case. – *see* ***"Exhibit A" attached hereto***

4. After a summary judgment was entered against the Defendants in the New York Case, the Judgment was entered and docketed, jointly and severally, in the aggregate amount of $3,136,071.44 against all of the Defendants, to wit: KARMA OF PALM BEACH, INC., AUTOMOTIVE SERVICE SYSTEMS, INC., KZ CONSULTANTS, INC., MISS KRISS, LLC, EXCELL AUTO LEASING, INC., EXCELL AUTO WHOLESALE, INC., DEALER SOUQ USA, LLC, EAG WHOLESALE, LLC, KARMA OF BROWARD, INC., LAVISH HERO FUND, APPLE 3 INVESTMENTS, INC., KZ CONSULTANTS, INC., EXCELL AUTO SPORT AND SERVICE, INC., KRISTEN ZANKL, and SCOTT THOMAS ZANKL (collectively, the "Defendants" or "Judgment Debtors").

5. Upon and information and belief, the last known addresses of the Defendants are as follows:

    a. KARMA OF PALM BEACH, INC. with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

    b. AUTOMOTIVE SERVICE SYSTEMS, INC. with a last known address of 6023 Town County Drive, Suite #223, Boca Raton, FL 33433;

---

[1] State of New York, County of Kings, index number 502846/2022 ("New York Case")

NOT A CERTIFIED COPY

c. KZ CONSULTANTS, INC. with a last known address of 16937 Pierre Circle, Delray Beach, FL 33446;

d. MISS KRISS, LLC with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

e. EXCELL AUTO LEASING, INC. with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

f. EXCELL AUTO WHOLESALE, INC. with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

g. EXCELL AUTO WHOLESALE, INC. with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

h. DEALER SOUQ USA, LLC with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

i. EAG WHOLESALE, LLC with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

j. KARMA OF BROWARD, INC. with a last known address of 22255 Blades Road, Suite 205E, Boca Raton, FL 33431;

k. LAVISH HERO FUND, INC. with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

l. APPLE 3 INVESTMENTS, INC., with a last known address of 1001 Clint Moore Road, Suite 103, Boca Raton, FL 33487;

m. KZ CONSULTANTS, INC., with a last known address of 16937 Pierre Circle, Delray Beach, FL 33446;

NOT A CERTIFIED COPY

n. EXCELL AUTO SPORT AND SERVICE, INC., with a last known address of 5471 North Dixie Hwy., Suite 5, Boca Raton, FL;

o. KRISTEN ZANKL with a last known address of 16937 Pierre Circle, Delray Beach, FL 33446; and

p. SCOTT THOMAS ZANKL with a last known address of 16937 Pierre Circle, Delray Beach, FL 33446.

6. Pursuant to The Common Interest and Joint Litigation Agreement by and between Spin Capital, LLC and Hi Bar Capital, LLC ("Hi Bar"), the latter assigned certain rights and claims (subject to the parties' agreement), including, without limitation, Hi Bar's rights and claims in the New York Case. - *see "Exhibit B" attached hereto*

7. The Defendants' time to appeal the Judgement has expired, and neither the Supreme Court of the State of New York, Kings County, nor any other court of the State of New York has granted a stay of execution of the Judgment. No part of the Judgment has been satisfied by the Defendants.

8. By way of an Absolute Assignment of Interests and Rights, Plaintiff is the owner and holder of the Judgment against the Defendants, which remains in full force and effect. -- *see "Exhibit C" attached hereto*

9. Deponent respectfully requests on behalf of Plaintiff that the Judgment entered and docketed in the Supreme Court of the State of New York, Kings County, index number 502846/2022 against the Defendants in the amount of $3,136,071.44, plus post-judgment interest, be accepted and filed by the Clerk of this Court.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
**Avrumi Lubin, Assignee of Spin Capital, LLC**

**I HEREBY CERTIFY** that on this 25ᵗʰ day of March, 2025, before me, an officer duly authorized to administer oaths and take acknowledgments, appeared Avrumi Lubin in whose name the foregoing instrument was executed, and that he severally acknowledged executing the same, freely and voluntarily.

_✓_ Appeared In Person
_____ Appeared Virtually

_____
**NOTARY PUBLIC**

Alexander Alvarez
_____
Printed name of Notary Public

My Commission Expires: 11/7/25



ALEXANDER ALVAREZ
Notary Public · State of Florida
Commission # HH '95871
My Comm. Expires Nov 7, 2025
Bonded through National Notary Assn.

_____ Personally known
_✓_ Produced identification
_____ Type of identification produced  State Drivers license

**Notice - Recording of Foreign Judgment**
This notice is pursuant to provisions under F.S. Chapter 55.
The foregoing reflects the name & address of the Judgment
Creditor & their attorney, if any.  Mailed by Registered
Mail # RF 292 124 137 US          on
this 3 day of April                      2025.
JOSEPH ABRUZZO
Clerk of the Circuit Court & Comptroller
By _____ D.C.

✱ RF 292 124 145 US
✱ RF 292 124 154 US
✱ RF 292 124 168 US    ✱ RF 292 124 273 US
✱ RF 292 124 171 US    ✱ RF 292 124 287 US
✱ RF 292 124 185 US
✱ RF 292 124 199 US
✱ RF 292 124 208 US
✱ RF 292 124 211 US
Page 5 of 5 ✱ RF 292 124 225 US
✱ RF 292 124 239 US
✱ RF 292 124 242 US
✱ RF 292 124 250 US
✱ RF 292 124 260 US

NOT A CERTIFIED COPY

EXHIBIT "A"

No. 4770497

## Certification

STATE OF NEW YORK, COUNTY OF KINGS, SS:

I, Nancy T. Sunshine, County Clerk and Clerk of Supreme Court Kings County,

do hereby certify that on November 19, 2024 I have compared

the document attached hereto,

Index# 502846/2022, Judgment, Filed 09/14/2023 page(s) 1-7

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

NANCY T. SUNSHINE
KINGS COUNTY CLERK

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM

NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| HI BAR CAPITAL, LLC<br><br>Plaintiffs,<br><br>-against-<br>EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC.; AUTOMOTIVE SERVICE SYSTEMS, INC.: KZ CONSULTANTS, INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC: KARMA OF BROWARD, INC.; LAVISH HERO FUND: KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC.; and KRISTEN ZANKL, SCOTT THOMAS ZANKL.<br><br>Defendants | Index No.: 502846/2022<br><br>**JUDGMENT**<br><br><br>**Plaintiff's Address:**<br>1825 65th Street<br>Brooklyn NY 11204 |

WHEREAS, this action this action having been commenced by the filing of a Summons and Verified Complaint on January 28, 2022 (NYSCEF Doc. No. 1);

WHEREAS, the Summons and Verified Complaint in the above-entitled action have been served upon defendants, EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC.; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS. INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD. INC.; LAVISH HERO FUND: KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC.; and KRISTEN ZANKL, SCOTT THOMAS ZANKL, on January 31, 2022;

1

NOT A CERTIFIED COPY

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM

NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

WHEREAS, the Summons and Verified Complaint in this action have been served upon Defendants and proofs of service thereof have been filed with the Court and additional copies of the Summons and Verified Complaint have been mailed;

WHEREAS, on March 18, 2022, and EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC.; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC.; and KRISTEN ZANKL, SCOTT THOMAS ZANKL ("Defendants") filed an Amended Answer and Counterclaims (NYSCEF Doc. Nos. 30-36);

WHEREAS, pursuant to a Stipulation Regarding Discontinuance this action was discontinued without prejudice as against Defendant Excell Auto Group, Inc. on October 26, 2022 on account of Excell Auto Group, Inc. having filed for bankruptcy relief (NYSCEF Doc. No. 133);

WHEREAS, on April 6, 2022, Plaintiff made a motion for summary judgment (the "Motion for Summary Judgment") pursuant to CPLR § 3212 (NYSCEF Doc. Nos. 57-70) seeking judgment against Defendants KARMA OF PALM BEACH INC., AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC., KRISTEN ZANKL & SCOTT THOMAS ZANKL (collectively, the "Remaining Defendants"), and dismissing the Remaining Defendants' Counterclaims;

NOT A CERTIFIED COPY

2

. 2 of 7

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM

NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

WHEREAS, the Remaining Defendants submitted opposition to the Motion for Summary Judgment on September 14, 2022 (NYSCEF Doc. Nos. 108-122) and Plaintiff submitted its reply to the Remaining Defendants' opposition to the Motion for Summary Judgment on September 19, 2022 (NYSCEF Doc. Nos. 123-137);

WHEREAS, pursuant to a Decision and Order dated January 13, 2023 (NYSCEF Doc. No. 149), the Court granted the Motion for Summary Judgment to the extent of dismissing the Remaining Defendants' Counterclaims for breach of contract, fraudulent inducement, criminal usury and unjust enrichment, but otherwise denied the motion;

WHEREAS, on February 10, 2023, Plaintiff filed a motion to reargue the Court's denial of Plaintiff's Motion for Summary Judgment (NYSCEF Doc. Nos. 153-155);

WHEREAS, on April 17, 2023, the Remaining Defendants filed their opposition to the Motion to Reargue (NYSCEF Doc. No. 164) and a cross-motion to reargue the dismissal of the Remaining Defendants' counterclaims against Plaintiff (NYSCEF Doc. Nos. 165-166) and Plaintiff filed its reply in further support of the Motion for Reargument and opposition to the Remaining Defendants' Cross-Motion for Reargument on May 3, 2023 (NYSCEF Doc. No. 175);

WHEREAS, pursuant to a Decision and Order entered on May 11, 2023 (NYSCEF Doc. No. 177), Plaintiff's Motion to Reargue was granted, and upon reargument, the Court granted the Motion for Summary Judgment and directed Plaintiff to submit a judgment on notice within 30 days itemizing the outstanding balance due on the Stipulation, accrued interest, any fees, and Plaintiff's request for attorneys' fees, and the Remaining Defendants' Cross-Motion to Reargue the dismissal of their Counterclaims was denied.

WHEREAS, the itemization of the amounts for which Plaintiff seeks judgment pursuant to the Stipulation (NYSCEF Doc. No. 61) are as follows:

NOT A CERTIFIED COPY

3

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM

NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

| | |
|---|---|
| Unpaid Settlement Amount | $2,500,000.00 (Settlement Amount less $1,300,000) |
| Interest at 16% (2/11/22-09/13/23) | $   635,616.44 (Section 3 of Stipulation) |
| Costs and Disbursements | $        455.00 (Bill of Costs) |
| **TOTAL** | **$3,136,071.44** |

Now, on motion of Steven Zakharyayev, Esq. attorney for HI BAR CAPITAL, LLC, it is

ADJUDGED that HI BAR CAPITAL, LLC, located at 1825 65th Street Brooklyn NY 11204, have judgment and recover from Defendants, (i) KARMA OF PALM BEACH INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ii) AUTOMOTIVE SERVICE SYSTEMS, INC., with an address at 6023 Town Country Drive, Suite #223, Boca Raton, FL 33433; (iii) KZ CONSULTANTS, INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (iv) MISS KRISS, L.L.C. with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (v) EXCELL AUTO LEASING INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vi) EXCELL AUTO WHOLESALE INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vii) DEALER SOUQ USA LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (viii) EAG WHOLESALE LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ix) KARMA OF BROWARD, INC., with an address at 1699 SE 17th Street, Fort Lauderdale, FL 33316; (x) LAVISH HERO FUND, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xi) KARMA OF PALM BEACH, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xii) APPLE 3 INVESTMENTS, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xiii) KZ CONSULTANTS INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (xix) EXCELL AUTO SPORT AND SERVICE, INC., with an address at 5471 N. Dixie Hwy., Suite 5, Boca Raton, FL 33487, (xx) KRISTEN ZANKL, who

4

4 of 7

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM
NYSCEF DOC. NO. 216

INDEX NO. 502846/2022
RECEIVED NYSCEF: 09/14/2023

resides at 16937 Pierre Cir., Delray Beach, FL 33446; and (xxi) SCOTT THOMAS ZANKL, who resides at 16937 Pierre Cir., Delray Beach, FL 33446, jointly and severally, the sum of $2,500,000.00, plus interest at the rate of 16% per annum from interest from February 11, 2022, in the amount of $ **635,616.44** , plus $455 in costs and disbursements as taxed by the Clerk, amounting in all to the sum of $ **3,136,071.44** , and the Plaintiff have execution therefore; *and it is further*

ADJUDGED that the Counterclaims against Plaintiff HI BAR CAPITAL, LLC, located at 1825 65th Street Brooklyn NY 11204, by Defendants (i) KARMA OF PALM BEACH INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ii) AUTOMOTIVE SERVICE SYSTEMS, INC., with an address at 6023 Town Country Drive, Suite #223, Boca Raton, FL 33433; (iii) KZ CONSULTANTS, INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (iv) MISS KRISS, LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (v) EXCELL AUTO LEASING INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vi) EXCELL AUTO WHOLESALE INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vii) DEALER SOUQ USA LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (viii) EAG WHOLESALE LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ix) KARMA OF BROWARD, INC., with an address at 1699 SE 17th Street, Fort Lauderdale, FL 33316; (x) LAVISH HERO FUND, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xi) KARMA OF PALM BEACH, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xii) APPLE 3 INVESTMENTS, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xiii) KZ CONSULTANTS INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (xix) EXCELL AUTO SPORT AND SERVICE, INC., with

NOT A CERTIFIED COPY

5

an address at 5471 N. Dixie Hwy., Suite 5, Boca Raton, FL 33487, (xx) KRISTEN ZANKL, who resides at 16937 Pierre Cir., Delray Beach. FL 33446; and (xxi) SCOTT THOMAS ZANKL, who resides at 16937 Pierre Cir., Delray Beach, FL 33446, are dismissed.

ENTER

Date: 9/13/23

_____
Hon. Reginald A. Boddie, J.S.C.

HON. REGINALD A. BODDIE
J.S.C.

CLERK

FILED

2023 SEP 14 PM 12:05

KINGS COUNTY CLERK

FEE _____

NOT A CERTIFIED COPY

6

FILED: KINGS COUNTY CLERK 08/04/2023 08:45 PM

NYSCEF DOC. NO. 236

INDEX NO. 502846/2022

RECEIVED NYSCEF: 08/04/2023

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS

|  |  |
|---|---|
| HI BAR CAPITAL, LLC | |
| -against- Plaintiffs, | |
| EXCELL AUTO GROUP, INC, et al. | |
| Defendants | |

Index No.: 502846/2022

**BILL OF COSTS**

Costs and Disbursements:

Cost by Statue                                                    $200.00

Filing Fee (CPLR 8018[a]):                                 $210.00

Entering and Docketing Judgment                     $45.00
CPLR 8301(a)(7), 8016(a)(2)

Total:                                                                   $455.00

<u>Attorney Affirmation</u>

The undersigned, an attorney admitted to practice law in the State of New York, affirms under penalty of perjury that I am the Managing Attorney at **WELLS LAW P.C.**, attorneys for HI BAR CAPITAL, LLC, and that the disbursements specified above are true, correct, and have been or will necessarily be incurred herein and are reasonable in amount.

Dated: June 1, 2023
        New York, New York

/s/ Steven W. Wells
Steven W. Wells
WELLS LAW P.C.
229 Warner Road
Lancaster, New York 14086
(716) 983-4750
steve@wellspc.com

**FILED**

2023 SEP 14 PH 12:05

**KINGS COUNTY CLERK**

FEE _____

NOT A CERTIFIED COPY

1 of 1

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

**EXHIBIT "B"**

EXECUTION COPY

## COMMON INTEREST AND JOINT LITIGATION AGREEMENT

This COMMON INTEREST AND JOINT LITIGATION AGREEMENT (this "Agreement") is effective as of January 28, 2022 (the "Effective Date"), by and among SPIN CAPITAL, LLC, a New Jersey limited liability company ("Spin Capital"), and HI BAR CAPITAL, LLC, a New York limited liability company ("Hi Bar"). Spin Capital and Hi Bar shall be referred to each as a "Party" and collectively as "Parties."

## RECITALS

A. On January 28, 2022, Hi Bar initiated an action captioned *Hi Bar Capital, LLC v. Excell Auto Group, Inc., et al.*, in the Supreme Court of the State of New York, County of Kings (the "NY Court"), as Index No. 502846/2022 (the "NY Litigation").

B. On May 2, 2022, Hi Bar initiated an action captioned *Hi Bar Capital, LLC v. Karma of Palm Beach Inc., et al.*, in The Circuit Court of The Seventeenth Judicial Circuit, Broward County, Florida (the "Florida Court"), as Case No. 22-006401 (the "FL Litigation").

C. In addition to Excell Auto Group, Inc. and Karma of Palm Beach Inc., the defendants in the FL Litigation include each of the following (collectively with Excell Auto Group, Inc. and Karma of Palm Beach Inc., "Defendants"): Automotive Service Systems, Inc.; Kz Consultants, Inc.; Miss Kris, LLC; Excell Auto Leasing Inc.; Excell Auto Wholesale Inc.; Dealer Souq USA LLC; Eag Wholesale LLC; Karma of Broward, Inc.; Lavish Hero Fund Inc.; Apple 3 Investments, Inc.; KZ Consultants Inc.; Excell Auto Sport And Service, Inc.; FVP Opportunity Fund III, LP; FVP Investments, LLC; FVP Servicing, LLC; Franklin Capital Group, LLC; Franklin Capital Management, LLC; Auto Wholesale of Boca, LLC; MMS Ultimate Services, Inc.; and Moshe Farache.

D. In addition to the NY Litigation and the FL Litigation, one of the initial Defendants in the FL Litigation, Auto Wholesale of Boca, LLC ("AWB Debtor"), has filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Case No. 22-15627-EPK (the "Bankruptcy Case"). In connection with the Bankruptcy Case, Hi Bar, along with FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC (collectively, "FVP Entities"), initiated an adversary proceeding against AWB Debtor in the Bankruptcy Case, Adversary Case No. 22-01218-EPK (the "Adversary Proceeding," collectively with the Bankruptcy Case, the "Bankruptcy Proceedings").

E. In conjunction with the NY Litigation, FL Litigation and the Bankruptcy Proceedings, (1) some or all of Defendants were indebted and liable to Hi Bar in the aggregate amount of $3,227,739.73 (the "Hi Bar MCA/Obligation") as of April 28, 2022, and (2) certain Defendants granted to Hi Bar a lien and security interest in certain vehicles, including those described on Schedule 1 hereto (the "Vehicle Collateral"), which secured the Hi Bar MCA/Obligation (the "Hi Bar Secured Claim").

F. Hi Bar possesses or may possess claims, causes of action, and can seek certain relief against Defendants, and any entities affiliated with or owned by Defendants (collectively, "Litigation Parties") resulting or related to the Hi Bar MCA/Obligation, the Hi Bar Secured Claims, and the Vehicle Collateral, including, *inter alia*, claims, causes of action, and motion practice seeking relief for foreclosure, replevin, fraudulent transfer and avoidance claims arising under the

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and applicable state and federal law. The foregoing claims, causes of action, and motion practice seeking relief against Litigation Parties that Hi Bar may have or may be able to assert against Litigation Parties in the NY Litigation, the FL Litigation, the Bankruptcy Proceedings, shall collectively be referred to as the "Hi Bar Claims."

G.      In addition, as the holder of a portion of the Hi Bar MCA/Obligation and the Hi Bar Secured Claim, Spin Capital possesses or may possess certain claims and causes of action against certain of Litigation Parties resulting or related to the Hi Bar MCA/Obligation and the Hi Bar Secured Claims, including, *inter alia*, claims, causes of action, and motion practice seeking relief for foreclosure, replevin, fraudulent transfer and avoidance claims arising under the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and applicable state and federal law (collectively, the "Spin Capital Claims," with Hi Bar Claims, the "Litigation Claims").

H.      In the NY Litigation, on or about March 18, 2022: (x) Excell Auto Group, Inc. filed a verified third-party complaint against Spin Capital asserting certain claims and causes of action against Spin Capital; and (y) certain Defendants filed counterclaims against Hi Bar. On or about March 25, 2022, Franklin Capital Group, LLC ("FCG LLC") initiated an action captioned *Franklin Capital Group, LLC v. Spin Capital, LLC and Hi Bar Capital, LLC*, in the United States District Court for the Eastern District of Michigan (the "MI Court"), as Case No. 2022-193300-CB (the "Michigan Litigation").[1] Consequently, as part of and in conjunction with the NY Litigation and the Michigan Litigation (and potentially in the FL Litigation and Bankruptcy Proceedings ), certain Defendants and FCG LLC have asserted, and may assert in the future,  claims, causes of action, and counterclaims against one or both Parties (collectively, the "Counterclaims").

I.      Parties have had discussions and negotiations regarding an agreement providing for the collective pursuit of the Litigation Claims and the defense of the Counterclaims for the benefit of both Parties. In light of Spin Capital's interest in the Hi Bar MCA/Obligation and the Hi Bar Secured Claim and its willingness to fund the litigation to recover against Litigation Parties (and to defend Parties against Counterclaims), Parties have determined that (x) the collective pursuit of the Litigation Claims by Hi Bar with the assistance and participation of Spin Capital and (y) the collective defense by Parties against the Counterclaims is in Parties' best interests. Parties have now reached an agreement regarding the pursuit of the Litigation Claims and the defense of the Counterclaims, subject to the terms and conditions set forth herein.

J.      Each Party has concluded that the execution of this Agreement is in its respective best interest, and acknowledges that the terms and provisions hereof are fair and reasonable, that each has had the opportunity to consult with legal counsel, and that each is receiving a substantial and valuable benefit if the transactions contemplated herein are consummated.

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      **Recitals**. The recitals hereinbefore set forth constitute an integral part of this Agreement, evidencing the intent of the parties in executing this Agreement, and describing the

---

[1]      FGC LLC initially filed the Michigan Litigation in the Sixth Judicial Circuit Court of Oakland County, Michigan. Thereafter, Parties removed the Michigan Litigation to the MI Court.

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

circumstances surrounding its execution.  Accordingly, said recitals are, by express reference, made a part of this Agreement, and this Agreement shall be construed in the light thereof. Nothing contained in the recitals shall limit the scope of or damages sought with respect to the Bankruptcy Proceedings Hi Bar Claims.

2.   **Prosecution and Settlement of Litigation Claims and Defense of Counterclaims**.

(a)   From and after the Effective Date, Hi Bar hereby assigns to Spin Capital any and all Hi Bar Claims, subject to the terms and conditions of this Agreement, including but not limited to, Spin Capital's obligation to assign all Hi Bar Claims back to Hi Bar in the event it exercises its rights pursuant to Section 2(f) hereof.

(b)   From and after the Effective Date, Spin Capital will have full authority to prosecute and settle the Litigation Claims, and may settle such Litigation Claims in whole or in part against some or all of Litigation Parties, in its discretion.  Nothing contained in this Agreement is intended or shall be deemed in any manner whatsoever to govern the manner in which Spin Capital pursues (or elects not to pursue) the Litigation Claims related to Litigation Parties. Notwithstanding the foregoing, Spin Capital will cooperate with Hi Bar and keep Hi Bar abreast of the status of its pursuit of Litigation Claims and potential recoveries therefrom.  Any settlement of the Litigation Claims will be subject to Hi Bar's written consent (which consent it shall not unreasonably withhold).

(c)   From and after the Effective Date, Spin Capital will have full authority to defend the Counterclaims and will use commercially reasonable efforts to defend the Counterclaims on advice of counsel for the benefit of Parties.  Notwithstanding the foregoing, Spin Capital will cooperate with Hi Bar and keep Hi Bar abreast of the status of its defense of the Counterclaims.  Spin Capital may settle Counterclaims in conjunction with a global settlement of the Litigation Claims, but any eventual settlement may not result in Hi Bar being required to make any out of pocket payments to any Defendants, and any settlement of any Counterclaim must be paid from recoveries collected in the Litigation Claims.  Any settlement of the Counterclaims will be subject to Hi Bar's written consent (which consent it shall not unreasonably withhold).

(d)   Until termination of this Agreement (as provided in Section 2(f) hereof), Spin Capital shall pay all past, present, and future Professional Fee Claims (as defined below) as they become due.  For purposes hereof, "Professional Fee Claims" shall mean all legal and professional fees owed to counsel (and any expert witnesses and consultants retained by counsel), which professionals are retained to represent Hi Bar and the interests of Spin Capital in the prosecuting the Litigation Claims and defense of the Counterclaims.  For purposes hereof, Professional Fee Claims shall include fees owed to those counsel identified on **Schedule 2** hereof, with all such retained professionals referred to hereinafter as "Retained Professionals".

(e)   Spin Capital and Hi Bar agree that, with respect to the Litigation Claims, Hi Bar will continue to be the plaintiff or claimant for purposes of pursuing recoveries against Litigation Parties.  Hi Bar shall execute all pleadings and affidavits/declarations as requested by Spin Capital with respect to either the Litigation Claims or the Counterclaims.

(f)   **Termination Provisions:**

3

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

(i)      In the event that Spin Capital in its absolute discretion determines that it no longer wishes to actively pursue the recovery of any Litigation Claims, it will inform Hi Bar in writing of such decision, whereupon (and thereafter), Hi Bar shall be entitled to take the lead in pursuing the Hi Bar Claims and shall be entitled to make any decisions as to any matter relating to such pursuit (or non-pursuit) of such Hi Bar Claims.  Spin Capital shall provide written notice of such decision, which shall result in a termination of this Agreement as of the date of such notice ("SC Termination Date").  If, on or before the one (1) year anniversary of the SC Termination Date (and provided Hi Bar has not theretofore breached the terms of this Agreement), Spin Capital settles or obtains recovers on any Litigation Claims, then either Spin Capital or escrow agent (if applicable) shall provide payments to Hi Bar as provided in Section 3(a) hereof.

(ii)      In the event Hi Bar in its absolute discretion is not satisfied with Spin Capital's management of defense of Counterclaims against Hi Bar, then Hi Bar shall provide written notice of such decision, which shall result in a termination of this Agreement as of the date of such notice ("HB Termination Date"), and Hi Bar shall be entitled to continue pursuing its Hi Bar Claims and Spin Capital shall be entitled to continue pursuing Spin Capital Claims.  If, on or before the one (1) year anniversary of the HB Termination Date (and provided Spin Capital has not theretofore breached the terms of this Agreement), Hi Bar settles or obtains recovers on any of its Litigation Claims, then either Hi Bar or escrow agent (if applicable) shall provide payments to Spin Capital as provided in Section 3(a) hereof.

(g)      To the extent that Counterclaims continue to be asserted against Parties after either SC Termination Date or the HB Termination Date, then each Party shall be required to defend itself against such Counterclaims, and no Party shall have an obligation to other Party to defend such Counterclaims after the termination of this Agreement.

3.      **Agreement of Priority of Distribution**.

(a)      Parties shall direct Litigation Parties to pay any cash or other recoveries obtained from Litigation Parties (including any judgment recoveries from or settlements of any claims against Litigation Parties and the liquidation of any Vehicle Collateral) as a result of any Litigation Claims  (collectively, "Litigation Proceeds") to an escrow account designated by Parties, which shall be subject to an escrow agreement between Parties.  Escrow agent of such escrow account shall pay and distribute Litigation Proceeds as provided below:

(i)      First, all funds necessary to reimburse Spin Capital for all Professional Fee Claims;

(ii)      Second, subject to Section 3(d) hereof, all funds (if any) necessary to resolve or settle all Counterclaims;

(iii)      Third, the balance if any, after payment of the Professional Fee Claims and the Counterclaims ("Net Litigation Proceeds"), shall be paid as follows: (x) thirty percent (30%) shall be paid to Hi Bar; and (y) seventy percent (70%) shall be paid to Spin Capital of the first $1,100,000 in net Litigation Proceeds (i.e., up to $330,000 to be paid to Hi Bar and up to $770,000 to be paid to Spin Capital from the first $1,100,000 in net Litigation Proceeds);

4

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

(iv)    Fourth, fifteen percent (15%) shall be paid to Hi Bar and eighty-five percent (85%) shall be paid to Spin Capital of the next $900,000 in net Litigation Proceeds (*i.e.*, up to $135,000 to be paid to Hi Bar and up to $765,000 to be paid to Spin Capital from the next $900,000 in net Litigation Proceeds); and

(v)    Fifth, ten percent (10%) shall be paid to Hi Bar and ninety percent (90%) shall be paid to Spin Capital of all net Litigation Proceeds after the recovery by Parties of the first $2,000,000 in total net Litigation Proceeds.

By way of example only, payouts from total Net Litigation Proceeds would be as follows (assuming net Litigation Proceeds (after payment of Professional Fee Claims and Counterclaims) in the amounts set forth below):

| Total net Litigation Proceeds | Aggregate Amount to Hi Bar | Aggregate Amount to Spin Capital |
|---|---|---|
| $500,000 | $150,000 | $350,000 |
| $1,000,000 | $300,000 | $700,000 |
| $1,500,000 | $390,000 | $1,110,000 |
| $2,000,000 | $465,000 | $1,535,000 |
| $2,500,000 | $515,000 | $1,985,000 |
| $3,000,000 | $565,000 | $2,435,000 |
| $3,500,000 | $615,000 | $2,885,000 |
| $4,000,000 | $665,000 | $3,335,000 |

(b)    Notwithstanding the provisions of Section 3(a) hereof, to the extent any Party breaches this Agreement before the recovery of any Litigation Proceeds by the other Party, then breaching Party shall not be entitled to recoveries as provided in Section 3(a) to the extent of damages incurred by non-breaching Party relating to the breach, and non-breaching Party shall be entitled to direct any Litigation Parties to transfer so much of the recoveries as required to cover damages relating to the breach, directly to non-breaching Party for its own account.

(c)    Nothing contained herein is intended or shall be deemed to obligate or otherwise compel either Party to accept any non-cash payment or other non-cash distribution of any Litigation Proceeds in partial or full satisfaction of any of Litigation Claims.

(d)    To the extent all Counterclaims are not resolved at the time of the receipt of Litigation Proceeds, then the escrow agent shall hold all Litigation Proceeds until all such Counterclaims are either (x) resolved in favor of Parties or (y) liquidated or settled to an amount certain owed by Parties.  Notwithstanding the foregoing, Parties may order escrow agent to release Litigation Proceeds in advance of resolution of all Counterclaims subject to a further written agreement between them.

(e)    To the extent insufficient Litigation Proceeds are recovered to pay any damages awarded with respect to all Counterclaims, then Parties agree that such damages in excess of the Litigation Proceeds shall be paid seventy percent (70%) by Spin Capital and thirty percent (30%) by Hi Bar.

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

(f)      For all Professional Fees Claims incurred through the earlier of (x) the SC Termination Date, (y) the HB Termination Date, and/or (z) the resolution and settlement of all Litigation Claims and Counterclaims, and to the extent sufficient Litigation Proceeds are not recovered to pay Spin Capital in full for all Professional Fee Claims paid through such date, then Parties agree that: (i)

(i)      Hi Bar paid or must pay thirty (30%) of such amounts;

(ii)      Spin Capital paid or must pay seventy (70%) of such amounts; and

(iii)      Hi Bar shall pay Spin Capital for its proportion of these legal fees on submission of a written request by Spin Capital, provided that Spin Capital may only make such a written request on the termination of this Agreement or resolution in full of all Litigation Claims and Counterclaims (and the receipt by Parties of insufficient Litigation Proceeds to pay all Professional Fee Claims in full after resolution of all Counterclaims).

On or before the one (1) year anniversary of the date of such written request, Hi Bar shall make payment in full to Spin Capital.  To the extent Hi Bar fails to pay Spin Capital for any amounts owed pursuant to this Section 3(f), Spin Capital may initiate litigation to recover such amounts, but may not pursue litigation until the one (1) year anniversary of the date in which Spin Capital provides written notice to Hi Bar as provided in Section 3(f)(iii).

4.      **Further Assurances and Clawbacks**.  Parties shall reasonably cooperate with each other and shall coordinate their activities in respect of all actions reasonably necessary to consummate or obtain orders approving this Agreement.  Hi Bar shall deliver such other documents, instruments or agreements as Spin Capital may reasonably request in order to effect fully the grant of authority to prosecute the Hi Bar Claims.  Spin Capital, in its sole discretion, shall advance monies and funds for payment of fees and expenses of Retained Professionals, as incurred by Hi Bar in conjunction with the prosecution of the Litigation Claims and defense of Counterclaims against Litigation Parties.  In the event that any of the Litigation Proceeds paid out to any of the parties hereto are subsequently disgorged by any Party, or in the event that after Parties are paid Net Litigation Proceeds, either Party incurs further liability relating to a Counterclaim, then each Party shall fund any clawback/disgorgement or Counterclaim liability in the same proportions as their receipt of the Net Litigation Proceeds as set forth in Section 3. Parties' obligations to pay back Net Litigation Proceeds to fund any clawback/disgorgement or liability relating to counterclaims shall survive termination of this Agreement.

5.      **Relationship of Parties**. Nothing contained herein shall be construed to impose any fiduciary duty on either Party in favor of the other Party or any other person or entity. Except as expressly set forth herein, neither Party shall have any duty or obligation to the other Party by virtue of this Agreement, and without limiting the generality of the foregoing, there are no implicit duties or obligations imposed on either Party in favor of the other Party or any other person or entity by virtue of this Agreement.

6.      **Representations and Warranties**.  Each Party hereby represents and warrants to the other Party that its execution, delivery, and performance of this Agreement are within its respective powers, have been duly authorized by all necessary corporate action, and that this Agreement, when so executed and delivered shall constitute its legal, valid, and binding obligations, enforceable against it in accordance with its terms, subject to applicable bankruptcy,

6

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

insolvency and similar laws and general equitable principles. Neither Party makes any representations or warranties to the other party regarding the recoverability, existence, or value of the Litigation Claims. Except as expressly set forth in this Section 6, neither Party makes any representations or warranties, express or implied, to the other Party by virtue of this Agreement.

7.  **Effectiveness of This Agreement**. This Agreement shall be effective as of the date hereof conditioned only upon the execution and delivery of this Agreement by all Parties.

8.  **Common Interest**.

(a)  In order to pursue the Litigation Claims and defend the Counterclaims effectively, Parties have determined that their common interests may be best served by sharing documents, factual material, mental impressions, memoranda, interview reports, and other information, including the confidences of each of them, pursuant to this Agreement (collectively, the "Common Interest Materials") *provided, however,* that no Party shall be obligated to share or disclose any Common Interest Materials with or to any other Party solely by virtue of entering into this Agreement. Any document produced as Common Interest Materials shall be stamped or otherwise labeled as "privileged" or "confidential." Parties agree that Common Interest Materials obtained from any of them shall remain confidential and shall be protected from disclosure to any third party except as provided herein. Parties further agree that they will not disclose Common Interest Materials received from each other to anyone except, as applicable, their respective attorneys, representatives, employees, or agents involved in the Litigation Claims, without first obtaining the express consent of one or more of the parties who produced such Common Interest Materials. It is understood that all work performed and to be performed has been and shall be accomplished by the law firms, their attorneys, employees and agents with regard to their representations shall be accomplished pursuant to the work product and the attorney client privileges and to the "common interest doctrine" and all other applicable rights and privileges, including those recognized in *United States v. Evans,* 113 F.3d 1457 (7th Cir. 1997); *United States v. McPartlin,* 595 F.2d 1321 (7th Cir. 1979); *Hunydee v. United States,* 355 F.2d 183 (9th Cir. 1965); and *Continental Oil Co. v. United States,* 330 F.2d 347 (9th Cir. 1964).

(b)  No Waiver. The joint interest and defense effort undertaken by Parties, by virtue of its purpose, operation and use, is attorney work product and has required, and may in the future require, the exchange of Common Interest Materials subject to work product protection, attorney-client, joint defense and/or other privileges. Parties do not, by virtue of entering into this Agreement, waive any privilege as to any communication or as to any sharing of work product.

(c)  Permissive, Not Mandatory. This Agreement is intended to allow, but not require, each party to this Agreement, in its sole and exclusive discretion, to exchange with the other Parties Common Interest Materials, which are subject to work product protection, attorney-client, joint defense and/or other privileges. Parties are not required to agree to any particular litigation strategy or position taken before any court by virtue of having entered into this Agreement.

(d)  Use. It is further agreed that any Common Interest Materials exchanged among Parties shall be used solely in connection with the Litigation Claims and the defense of the Counterclaims. Each Party specifically agrees that, in any subsequent litigation or action that

7

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

may be brought, they will not attempt to discover or offer as evidence any Common Interest Materials exchanged between them relating to the foregoing absent court order or written consent by one or more of Parties producing such Common Interest Materials.

(e)    Joint Experts.  Parties may jointly retain one or more experts in furtherance of the Litigation Claims and in the defense of the Counterclaims.  All Common Interest Materials transmitted to the joint experts, as well as any work product generated by the joint experts in any form whatsoever shall be subject to this Agreement.   No joint expert shall publish or disseminate any information, theories, opinions, or conclusions based upon Common Interest Materials in any way other than in furtherance of the Litigation Claims and in the defense of the Counterclaims without advance written approval by all of Parties by whom the expert is retained.

(f)    Individual Experts.  Nothing herein shall preclude any of Parties from individually retaining an expert.  Any Common Interest Materials or work product related to or generated by the individually retained expert shall be subject to this Agreement.

(g)    Joinder of Experts to Agreement.   No Common Interest Materials exchanged pursuant to this Agreement shall be disclosed or distributed in any way to any joint or individually retained expert until (i) such person shall have read a copy of this Agreement and shall have signed a Confidentiality Agreement agreeing to be bound by the terms of this Agreement, and (ii) advance written approval is obtained from the party whose information is to be given, shown, made available or communicated to the expert in furtherance of the Litigation Claims.

(h)    Discovery of Common Interest Materials.  If any person or entity requests or demands, by subpoena or otherwise, any Common Interest Materials received by any Party pursuant to this Agreement, the recipient of the demand shall immediately notify all other Parties. Each Party against whom the request or demand of said Common Interest Materials is directed shall take all steps necessary to permit the assertion of all applicable rights and privileges with respect to said Common Interest Materials, and shall cooperate fully with Parties in any judicial or other proceeding relating to the disclosure of said Common Interest Materials.

(i)    Withdrawal from Agreement.  Parties also agree that, if any Party to this Agreement no longer has interests in common with the other Parties, such party shall immediately notify, in writing, attorneys for the other Parties and promptly withdraw from this Agreement. Withdrawal from this Agreement shall not terminate Parties' mutual obligation to hold confidential all Common Interest Materials previously exchanged among the same.   At the request of a withdrawing party, documents furnished by such withdrawing party shall be returned to the same; *provided, however*, that such withdrawing party also returns all Common Interest Materials disclosed to it pursuant to this Agreement, and, further, destroys any internal notes, memoranda, analyses or other work product based upon or relating to Common Interest Materials produced by another party; *provided, however*, if a withdrawing party has received a subpoena or similar legal demand that would require production of any Common Interest Materials, the obligations imposed by this sentence shall be deferred until the discovery demand is resolved in accordance with the procedures outlined in this Agreement.

(j)    Electronic Communications.    Parties further agree that electronic communication (via the internet or other network) among themselves may involve the

8

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

communication of Common Interest Materials.  By engaging in electronic communications during the course of the Litigation Claims, Parties do not intend to waive or in any way weaken any statutory, common law or other privileges or protections to which the Common Interest Materials would otherwise be entitled.

(k)     Continuation of Agreement.  This Agreement is not terminated by the conclusion through trial (including appeals) or settlement or other resolution of the Litigation Claims, and Parties shall keep all Common Interest Materials confidential as directed by the terms of this Agreement, unless all Parties consent in writing to the disclosure of said Common Interest Materials.  Nothing in this Agreement, however, shall preclude any Party from disclosing their own privileged or work product materials at any time.

9.     **Provisions Solely to Define Relative Rights**.

(a)     The provisions of this Agreement are intended solely for the purpose of defining the rights of Parties. Without limiting the generality of the provisions hereof, there are no third party beneficiaries of this Agreement.  Without limiting the generality of the foregoing, no other person or entity, including any Litigation Party or any affiliate or creditor thereof, shall have any rights or benefits hereunder or shall otherwise be entitled in any manner whatsoever to rely on any of the provisions hereof.  Nothing contained herein is intended to or shall impair the rights of either Party against any non-party, including any Litigation Party.

(b)     This Agreement, including, *inter alia*, Section 3(f) hereof, shall not waive, release, or impair the rights of either Party against any other Party with respect to separate business relationships or other claims or causes of action any Party may have against other Party unrelated to the Litigation Claims, Counterclaims, Defendants, or any of the proceedings described in the Recitals hereto.  Any and all current or future claims or causes of actions of one Party against other Party are expressly preserved, and Parties do not intend to effect or impair such claims or causes of action as part of their Agreement hereunder.

10.    **General Terms**.

(a)     Time is of the Essence.  Parties agree that time is of the essence with respect to each of the terms and conditions of this Agreement.

(b)     Waivers, Amendments, Etc.  The provisions of this Agreement may from time to time be amended, modified or waived, if such amendment, modification or waiver is in writing and consented to by each Party.  No waiver or approval by any Party under this Agreement shall, except as may be otherwise stated in such waiver or approval, be applicable to subsequent transactions.  No waiver or approval hereunder shall require any similar or dissimilar waiver or approval thereafter to be granted hereunder.

(c)     Notices.  All notices and other communications provided to any Party hereto under this Agreement shall be in writing (except as otherwise specifically provided in this Agreement) and sent by first class mail, by overnight delivery service, or by facsimile and addressed, delivered or transmitted to such Party at its address or facsimile number set forth below its signature hereto or at such other address or facsimile number as may be designated by such Party in a notice to the other Parties.  Any notice, if mailed and properly addressed with

9

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

postage prepaid or if properly addressed and sent by pre-paid courier service, shall be deemed given when received; any notice, if transmitted by facsimile, shall be deemed given when transmitted and the Party giving such notice shall have received (including either through telephonic communication initiated by it or telephonic communication received by it) telephonic, machine, or other confirmation that such notice has been received by the intended recipient.

(d)     No Implied Right to Notice; Nonwaiver; Cumulative Remedies. No notice to or demand on any of the parties hereto in any case shall entitle them to any notice or demand in similar or other circumstances. No failure to exercise, no delay in exercising, and no single or partial exercising, on the part of either Party, of any right, power or privilege hereunder shall operate as a waiver thereof or otherwise preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies of Parties herein provided are cumulative and not exclusive of any rights or remedies provided by law.

(e)     Successors; Survival of Agreements. All agreements, representations, warranties, and covenants made herein shall survive the consummation of this Agreement.

(f)     No Third Party Beneficiaries. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, Parties and their respective successors and assigns. No other person or entity shall be entitled to claim or assert (including as a defense to any liability) any right or benefit hereunder, including the status of being an express or implied third party beneficiary of this Agreement.

(g)     Captions. Captions in this Agreement are for convenience of reference only and shall not define or limit any of the terms or provisions hereof. References herein to Sections or provisions without reference to the document in which they are contained are references to this Agreement.

(h)     Counterparts; Signatures. This Agreement may be executed by Parties on any number of separate counterparts, and by each Party on separate counterparts; each counterpart shall be deemed an original instrument; and all of the counterparts taken together shall be deemed to constitute one and the same instrument. To facilitate execution of this Agreement, Parties may execute and exchange facsimile or electronic mail (e-mail) executed counterparts of this Agreement. Facsimile signatures and signatures exchanged by electronic mail (e-mail) shall be deemed valid and binding to the same extent as the original.

(i)     Expenses. Without limiting the right of any Party to apply any Litigation Proceeds received by it in accordance with the provisions of this Agreement in satisfaction of any such expenses, each Party hereto shall be responsible for the payment of its own fees and expenses, unless otherwise set forth herein.

(j)     Entire Agreement.   This Agreement, together with the exhibits and schedules hereto, contains the entire agreement between Parties with respect to the matters addressed herein. There are no agreements, restrictions, promises, representations, warranties, covenants or undertakings, written or oral, other than those expressly set forth herein.  This Agreement supersedes all prior agreements and understandings between Parties (if any) with respect to the matters addressed herein.

10

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

(k)     <u>Interpretation</u>. The use of the masculine, feminine or neuter gender or the singular or plural form of words herein shall not limit any provision of this Agreement. The use of the terms "including" or "include" shall in all cases herein mean "including, without limitation" or "include, without limitation," respectively. Reference to any person or entity includes such person's or entity's successors and assigns to the extent such successors and assigns are permitted by the terms of this Agreement, and reference to a person or entity in a particular capacity excludes such person or entity in any other capacity or individually. Reference to any agreement (including this Agreement), document or instrument means such agreement, document or instrument as amended or modified and in effect from time to time in accordance with the terms thereof and, if applicable, the terms hereof. Reference to any law means such law as amended, modified, codified, replaced or re-enacted, in whole or in part, and in effect on the date hereof, including rules, regulations, enforcement procedures and any interpretations promulgated thereunder. Underscored references to Sections, clauses, Exhibits or Schedules shall refer to those portions of this Agreement, and any underscored references to a clause shall, unless otherwise identified, refer to the appropriate clause within the same Section in which such reference occurs. The use of the terms "hereunder", "hereof", "hereto" and words of similar import shall refer to this Agreement as a whole and not to any particular Section or clause of or Exhibit or Schedule to this Agreement. All terms defined in this Agreement shall have the above-defined meanings when used in any certificate, report or other document made or delivered pursuant to this Agreement, unless the context therein shall clearly otherwise require. In the computation of periods of time in this Agreement from a specified date to a later specified date, the word "from" means "from and including" and the words "to" and "until" each means "to, but not through." This Agreement and the other documents relating to this Agreement are the result of negotiations among and have been reviewed by counsel to Parties, and are the products of all Parties. Accordingly, they shall not be construed against (or in favor of) either Party merely because of such Party's involvement (or non-involvement, as the case may be) in their preparation.

(l)     <u>APPLICABLE LAW</u>. THIS AGREEMENT AND ANY OTHER WRITING EXECUTED IN CONNECTION HEREWITH SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED THEREIN WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAW. COURTS SITTING IN NEW YORK STATE SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY AND ALL ACTIONS BROUGHT BY THE PARTIES RELATING IN ANY WAY TO THIS AGREEMENT.

(m)     <u>WAIVER OF RIGHT TO JURY TRIAL</u>. EACH OF THE PARTIES IRREVOCABLY HEREBY WAIVES ANY RIGHT IT MAY HAVE TO TRIAL BY JURY IN ANY AND ALL SUITS, ACTIONS OR OTHER PROCEEDINGS THAT ARISE FROM, OR CONSIST OF, A CLAIM FOR DAMAGES UNDER, A CLAIM OF A BREACH OF, OR A DECLARATORY JUDGMENT ACTION FOR THE INTERPRETATION OF, THIS AGREEMENT.

**[Signature Pages Follows]**

11

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

IN WITNESS WHEREOF, the parties hereto have caused this Common Interest and Joint Litigation Agreement to be executed by their respective officers thereunto duly authorized as of the day and year first above written.

HI BAR CAPITAL, LLC

By: _____
Name: Yisroel Herbst
Its: Owner

Contact Address:
HI Bar Capital, LLC
1825 65th Street
Brooklyn, NY 11204
ATTN: Yisroel Herbst
       Mordi Herbst
Email: ymherbst@gmail.com
       mordi@hibarcapital.com

*With a copy to:*
Law Office of Michael Ehrenreich PLLC
555 Willow Avenue, Suite 105
Cedarhurst, NY 11516
Attention: Michael Ehrenreich
Email: me@ehrenreichlaw.com

NOT A CERTIFIED COPY

[Signature Page to Common Interest and Joint Litigation Agreement]

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

SPIN CAPITAL, LLC

By: _Josh Lubin_

Name: Arvumi Lubin

Its: President

Contact Address:
Spin Capital, LLC
1460 Arboretum Parkway
Lakewood, NJ 08701
ATTN: Josh Lubin
Email: josh@spincapital.com

*With a copy to:*
Bryan Cave Leighton Paisner LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
ATTN: Jason J. DeJonker
Email: Jason.Dejonker@bclplaw.com

NOT A CERTIFIED COPY

[Signature Page to Common Interest and Joint Litigation Agreement]

DocuSign Envelope ID: 62C6B345-12AC-4E5A-A100-EED467629F92

## Schedule 2

- Bryan Cave Leighton Paisner LLP

- Feldman Law Group, P.A.

- Wells Law P.C.

- Foley & Lardner LLP

- Proskauer Rose LLP

- Law Office of Michael Ehrenreich

- Law Offices of Steven Zakharyayev

NOT A CERTIFIED COPY

EXHIBIT "C"

## ABSOLUTE ASSIGNMENT OF INTERESTS AND RIGHTS

This ABSOLUTE ASSIGNMENT is entered into this _17_ day of _MARCH_, 20_25_, is between SPIN CAPITAL, LLC, a New Jersey limited liability company (hereinafter "SPIN") and AVRUMI LUBIN a/k/a JOSH LUBIN, an individual, and/or his assigns (hereinafter "LUBIN"), together, hereinafter called the "Parties".

### RECITALS

WHEREAS, SPIN is the current and sole owner of that certain rights, title and interest under that certain Common Interest And Joint Litigation Agreement dated January 28, 2022 between SPIN and Hi-Bar Capital, LLC (hereinafter "JLA"), including any and all claims, rights or actions SPIN may have (whether known or unknown, contingent, collateral or otherwise) to SPIN as of the date hereof) against any third party arising in connection with, or otherwise related to the JLA and the underlying claims contemplated under the JLA (altogether "Rights");

WHEREAS, Lubin is a person desirous of acquiring the Rights from SPIN and asserting such rights in an action captioned *Hi Bar Capital, LLC v. Karma of Palm Beach Inc., et al.*, in The Circuit Court of The Seventeenth Judicial Circuit, Broward County, Florida (the "Florida Court"), as Case No. 22-006401 (the "FL Litigation") and in the United States Bankruptcy Court for the Southern District of Florida, Case No. 22-15627-EPK (the "Bankruptcy Case") and in the Bankruptcy Case, Adversary Case No. 22-01218-EPK (the "Adversary Proceeding," collectively with the Bankruptcy Case, the "Bankruptcy Proceedings") or any other action or court proceeding anywhere deemed necessary by Lubin to assert such rights.

NOW THEREFORE, that SPIN, for and in consideration of TEN DOLLARS ($10.00) and other good and valuable consideration to SPIN, in hand and paid for by Lubin, the receipt and sufficiency whereof is hereby acknowledged and bestows upon SPIN a benefit which is material and acknowledged as such by SPIN, has GRANTED to, bargained, transferred, sold, conveyed, and assigned over exclusively to Lubin any and all rights, title, interest, possession, privileges or any other interests of any kind, whatsoever, SPIN may possess in the JLA, or any derivative thereof, along with any rights or privileges SPIN may have under, in law or equity.

SPIN has agreed and contemplated the contents of this Assignment and has given up his rights in a bargained for exchange as contained herein and has done so willfully, freely without duress or coercion and has acted with a reasonable understanding of the consequences of surrendering said rights and interests.

SPIN GRANTS any and all rights, powers, interests, privileges, whether executory or not, available or not, and conveys such ability to Lubin to use, deploy, exercise, commence, or otherwise perform as if SPIN was executing it itself, in the complete and sole discretion of Lubin, without reserve.

SPIN represents and warrants that it owns or otherwise is seized of all ownership interests, in law or equity, of any and all interests, or any derivative thereof, in the JLA and has full right and privilege to dispose of such in any manner it deems appropriate and proper, in its sole discretion. Further, SPIN represents and warrants that no other person, party or parties have, possess, maintain or otherwise maintains a valid claim or interest, recorded or unrecorded, in the JLA or any and all rights, privileges or claims which SPIN may personally have by virtue of said ownership thereof, other than such claims, interests or rights which have already been previously disclosed to Lubin or are a matter of public record.

SPIN has entered into this Assignment voluntarily and in good faith with the full intent that this Assignment be binding between the Parties. SPIN has been advised to seek review of this Assignment with competent legal counsel and has either pursued or waived such right. This Assignment shall be governed by New York law and subject thereto. Any portion hereof not compliant is to be severed without effect on any remainder.

In any and all events, interpretation should be given to this instrument to accomplish the intent to perform a complete assignment from SPIN to Lubin of any and all rights, title, interest, possession, privileges or any other interests of any kind, whatsoever, SPIN may possess in the JLA, and no other.

It is the intention of the Parties that this arrangement is to be confidential and does not require recordation in any public record to be binding, obligatory and effective between the Parties as to the Parties themselves, to the fullest extent permitted under law and SPIN waives any challenge or contest as to the intent of this instrument. No third-party witness or official is necessary to witness or otherwise authenticate this instrument for it to be binding upon and between the Parties.

**EXECUTED AS OF THE DATE LISTED ABOVE**

FOR SPIN CAPITAL, LLC, a New Jersey limited liability company:

/s/_____
By: Arvumi Lubin,
    Its Manager and Managing Member

EFFECT IS TO BE GIVEN TO THIS INSTRUMENT TO ACCOMPLISH THE INTENT OF THE PARTIES AND ANY OMISSION, DEFECT, ERROR, MISAPPLICATION OR LEGAL DEFICIENCY OF ANY KIND SHOULD BE INTERPRETED TO GIVE LEGAL EFFECT TO THE INTENTION OF THE PARTIES UNDER THIS INSTRUMENT WHICH IS TO GRANT TO, TRANSFER, SALE, CONVEY, OR OTHERWISE ASSIGN OVER EXCLUSIVELY TO LUBIN ANY AND ALL RIGHTS, TITLE, INTEREST, POSSESSION, PRIVILEGES OR ANY OTHER INTERESTS OF ANY KIND, WHATSOEVER, SPIN MAY POSSESS IN THE JLA, OR ANY DERIVATIVE THEREOF, ALONG WITH ANY RIGHTS OR PRIVILEGES SPIN MAY HAVE UNDER, IN LAW OR EQUITY.

**NOTORIAL ACKNOWLEDGEMENT**

State/Country of _NEW YORK_ }
County/Province of _NEW YORK_ }
City/Municipality of _____ }

The foregoing instrument is acknowledged before me on this _17_ day of _MARCH_, 20_25_ by Arvumi Lubin, the duly authorized person for SPIN CAPITAL, LLC, who is [ ] personally known to me or [ ] who has/have produced a valid [ ] drivers license or [ ] state issued identification card as identification and had physically appeared before me.

Witness my signature and official seal in the aforesaid state and county.

/s/ _____
Notary Public

[SEAL]

My Comm. Expires:_____

NOT A CERTIFIED COPY

BRET SABLOSKY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6382823
Qualified in New York County
Commission Expires August 7, 2025

No. 4770497

CFN 20250115944
OR BK 35650 PG 1087
RECORDED 4/3/2025 12:40 PM
Palm Beach County, Florida
Joseph Abruzzo, Clerk
Pgs: 1087 - 1093; (7pgs)

## Certification

**STATE OF NEW YORK, COUNTY OF KINGS, SS:**

I, Nancy T. Sunshine, County Clerk and Clerk of Supreme Court Kings County,

do hereby certify that on November 19, 2024 I have compared

the document attached hereto,

Index# 502846/2022, Judgment, Filed 09/14/2023 page(s) 1-7

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

NANCY T. SUNSHINE
KINGS COUNTY CLERK



FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM
INDEX NO. 502846/2022

NYSCEF DOC. NO. 216
RECEIVED NYSCEF: 09/14/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| HI BAR CAPITAL, LLC<br><br>                Plaintiffs,<br><br>-against-<br>EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC.; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC.; and KRISTEN ZANKL, SCOTT THOMAS ZANKL<br><br>                Defendants. | Index No.: 502846/2022<br><br>**JUDGMENT**<br><br><br>**Plaintiff's Address:**<br>1825 65th Street<br>Brooklyn NY 11204 |

WHEREAS, this action this action having been commenced by the filing of a Summons and Verified Complaint on January 28, 2022 (NYSCEF Doc. No. 1);

WHEREAS, the Summons and Verified Complaint in the above-entitled action have been served upon defendants, EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC.; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC.; and KRISTEN ZANKL, SCOTT THOMAS ZANKL, on January 31, 2022;

1

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM

NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

WHEREAS, the Summons and Verified Complaint in this action have been served upon Defendants and proofs of service thereof have been filed with the Court and additional copies of the Summons and Verified Complaint have been mailed;

WHEREAS, on March 18, 2022, and EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC.; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC.; and KRISTEN ZANKL, SCOTT THOMAS ZANKL ("Defendants") filed an Amended Answer and Counterclaims (NYSCEF Doc. Nos. 30-36);

WHEREAS, pursuant to a Stipulation Regarding Discontinuance this action was discontinued without prejudice as against Defendant Excell Auto Group, Inc. on October 26, 2022 on account of Excell Auto Group, Inc. having filed for bankruptcy relief (NYSCEF Doc. No. 133);

WHEREAS, on April 6, 2022, Plaintiff made a motion for summary judgment (the "Motion for Summary Judgment") pursuant to CPLR § 3212 (NYSCEF Doc. Nos. 57-70) seeking judgment against Defendants KARMA OF PALM BEACH INC., AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRISS, LLC; EXCELL AUTO LEASING INC.; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC., KRISTEN ZANKL & SCOTT THOMAS ZANKL (collectively, the "Remaining Defendants"), and dismissing the Remaining Defendants' Counterclaims;

NOT A CERTIFIED COPY

2

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM

NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

WHEREAS, the Remaining Defendants submitted opposition to the Motion for Summary Judgment on September 14, 2022 (NYSCEF Doc. Nos. 108-122) and Plaintiff submitted its reply to the Remaining Defendants' opposition to the Motion for Summary Judgment on September 19, 2022 (NYSCEF Doc. Nos. 123-137);

WHEREAS, pursuant to a Decision and Order dated January 13, 2023 (NYSCEF Doc. No. 149), the Court granted the Motion for Summary Judgment to the extent of dismissing the Remaining Defendants' Counterclaims for breach of contract, fraudulent inducement, criminal usury and unjust enrichment, but otherwise denied the motion;

WHEREAS, on February 10, 2023, Plaintiff filed a motion to reargue the Court's denial of Plaintiff's Motion for Summary Judgment (NYSCEF Doc. Nos. 153-155);

WHEREAS, on April 17, 2023, the Remaining Defendants filed their opposition to the Motion to Reargue (NYSCEF Doc. No. 164) and a cross-motion to reargue the dismissal of the Remaining Defendants' counterclaims against Plaintiff (NYSCEF Doc. Nos. 165-166) and Plaintiff filed its reply in further support of the Motion for Reargument and opposition to the Remaining Defendants' Cross-Motion for Reargument on May 3, 2023 (NYSCEF Doc. No. 175);

WHEREAS, pursuant to a Decision and Order entered on May 11, 2023 (NYSCEF Doc. No. 177), Plaintiff's Motion to Reargue was granted, and upon reargument, the Court granted the Motion for Summary Judgment and directed Plaintiff to submit a judgment on notice within 30 days itemizing the outstanding balance due on the Stipulation, accrued interest, any fees, and Plaintiff's request for attorneys' fees, and the Remaining Defendants' Cross-Motion to Reargue the dismissal of their Counterclaims was denied.

WHEREAS, the itemization of the amounts for which Plaintiff seeks judgment pursuant to the Stipulation (NYSCEF Doc. No. 61) are as follows:

3

NOT A CERTIFIED COPY

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM

.NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

| | |
|---|---|
| Unpaid Settlement Amount | $2,500,000.00 (Settlement Amount less $1,300,000) |
| Interest at 16% (2/11/22-09/13/23) | $ 635,616.44 (Section 3 of Stipulation) |
| Costs and Disbursements | $ 455.00 (Bill of Costs) |
| **TOTAL** | **$3,136,071.44** |

Now, on motion of Steven Zakharyayev, Esq. attorney for HI BAR CAPITAL, LLC, it is

ADJUDGED that HI BAR CAPITAL, LLC, located at 1825 65th Street Brooklyn NY 11204, have judgment and recover from Defendants, (i) KARMA OF PALM BEACH INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ii) AUTOMOTIVE SERVICE SYSTEMS, INC., with an address at 6023 Town Country Drive, Suite #223, Boca Raton, FL 33433; (iii) KZ CONSULTANTS, INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (iv) MISS KRISS, LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (v) EXCELL AUTO LEASING INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vi) EXCELL AUTO WHOLESALE INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vii) DEALER SOUQ USA LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (viii) EAG WHOLESALE LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ix) KARMA OF BROWARD, INC., with an address at 1699 SE 17th Street, Fort Lauderdale, FL 33316; (x) LAVISH HERO FUND, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xi) KARMA OF PALM BEACH, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xii) APPLE 3 INVESTMENTS, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xiii) KZ CONSULTANTS INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (xix) EXCELL AUTO SPORT AND SERVICE, INC., with an address at 5471 N. Dixie Hwy., Suite 5, Boca Raton, FL 33487, (xx) KRISTEN ZANKL, who

NOT A CERTIFIED COPY

4

FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM
NYSCEF DOC. NO. 216

INDEX NO. 502846/2022

RECEIVED NYSCEF: 09/14/2023

resides at 16937 Pierre Cir., Delray Beach, FL 33446; and (xxi) SCOTT THOMAS ZANKL, who resides at 16937 Pierre Cir., Delray Beach, FL. 33446, jointly and severally, the sum of $2,500,000.00, plus interest at the rate of 16% per annum from interest from February 11, 2022, in the amount of $ **635,616.44**, plus $455 in costs and disbursements as taxed by the Clerk, amounting in all to the sum of $ **3,136,071.44**, and the Plaintiff have execution therefore; *and it is further*

ADJUDGED that the Counterclaims against Plaintiff HI BAR CAPITAL, LLC, located at 1825 65th Street Brooklyn NY 11204, by Defendants (i) KARMA OF PALM BEACH INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ii) AUTOMOTIVE SERVICE SYSTEMS, INC., with an address at 6023 Town Country Drive, Suite #223, Boca Raton, FL 33433; (iii) KZ CONSULTANTS, INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (iv) MISS KRISS, LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (v) EXCELL AUTO LEASING INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vi) EXCELL AUTO WHOLESALE INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (vii) DEALER SOUQ USA LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (viii) EAG WHOLESALE LLC, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (ix) KARMA OF BROWARD, INC., with an address at 1699 SE 17th Street, Fort Lauderdale, FL 33316; (x) LAVISH HERO FUND, with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xi) KARMA OF PALM BEACH, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xii) APPLE 3 INVESTMENTS, INC., with an address at 1001 Clint Moore Road #101, Boca Raton, FL 33487; (xiii) KZ CONSULTANTS INC., with an address at 16937 Pierre Cir., Delray Beach, FL 33446; (xix) EXCELL AUTO SPORT AND SERVICE, INC., with

NOT A CERTIFIED COPY

5



FILED: KINGS COUNTY CLERK 09/14/2023 12:11 PM
NYSCEF DOC. NO. 216

INDEX NO. 502846/2022
RECEIVED NYSCEF: 09/14/2023

an address at 5471 N. Dixie Hwy., Suite 5, Boca Raton, FL 33487, (xx) KRISTEN ZANKL, who resides at 16937 Pierre Cir., Delray Beach, FL 33446; and (xxi) SCOTT THOMAS ZANKL, who resides at 16937 Pierre Cir., Delray Beach, FL 33446, are dismissed.

ENTER

Date: 9/13/23

_____
Hon. Reginald A. Boddie, J.S.C.

HON. REGINALD A. BODDIE
J.S.C.

CLERK

**FILED**

2023 SEP 14 PM 12:05

**KINGS COUNTY CLERK**

FEE _____

NOT A CERTIFIED COPY

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I hereby certify that the foregoing is a true and correct copy of the original on file in this office 3/25 AD, 20 25
JUAN FERNANDEZ-BARQUIN, Clerk of the Court and Comptroller, Miami-Dade County
Deputy Clerk _____

Miriam Perdomo #311459

6

# EXHIBIT B

Filing # 224127013 E-Filed 05/29/2025 01:31:47 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 50-2025-CA-003581-XXXA-MB

AVRUMI LUBIN, Assignee of SPIN CAPITAL, LLC,

     Plaintiff,

v.

KARMA OF PALM BEACH, INC.,
AUTOMOTIVE SERVICE SYSTEMS, INC.,
KZ CONSULTANTS, INC.,
MISS KRISS, LLC,
EXCELL AUTO LEASING, INC.,
EXCELL AUTO WHOLESALE, INC.,
DEALER SOUQ USA, LLC,
EAG WHOLESALE, LLC,
KARMA OF BROWARD, INC.,
LAVISH HERO FUND, INC.,
APPLE 3 INVESTMENTS, INC.,
KZ CONSULTANTS, INC.,
EXCELL AUTO SPORT AND SERVICE, INC.,
KRISTEN ZANKL, and
SCOTT THOMAS ZANKL,

     Defendants.

_____/

**WRIT OF GARNISHMENT**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to summon the garnishee, Clerk of the Bankruptcy Court, Joseph Falzone, Flagler Waterview Building 1515 North Flagler Drive, Suite 801 West Palm Beach, FL 33401 (561) 514-4100, to serve an answer to this writ on Plaintiff, whose address is 1460 Arboretum Pkwy., Lakewood, NJ 08701-1607, within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to Defendants, Karma of Palm Beach Inc; Automotive Service Systems Inc; KZ Consultants Inc;

Miss Kriss LLC; Excell Auto Leasing Inc; Excell Auto Wholesale Inc; Dealer Souq USA LLC; EAG Wholesale LLC; Karma of Broward Inc.; Lavish Hero Fund; Apple 3 Investments Inc; Excell Auto Sport and Service Inc.; Kristen Zankl; Scott Thomas Zankl; at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the defendant or who may be in possession or control of any of the property of the Defendants. The amount set in Plaintiff's motion is $3,136,071.44.

DATED this day of 2025. **06/02/2025**

Joseph Abruzzo
As Clerk of the Court

By _____
As Deputy Clerk
**CAITLYN WOLLMAN**

NOT A CERTIFIED COPY

2



Circuit Civil Court
P.O. Box 4667
West Palm Beach, FL 33402

County Civil Court
P.O. Box 3406
West Palm Beach, FL 33402



**JOSEPH ABRUZZO**
CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY

# NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY, AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST F I L E THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AF T ER T HE DAT E YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT. NOTE THAT THE FORM REQUIRES YOU TO COMPLETE A CERTIFICATION THAT YOU MAILED OR HAND DELIVERED COPIES TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within 8 business days if you hand delivered to the plaintiff or the plaintiff's attorney a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

IF YOU HAVE A VALID EXEMPTION, YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

(F.S. 77.041) (11/22)

**IN THE COUNTY/CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA**

Case No: 50-2025-CA-003581-XXXA-MB

AVRUMI LUBIN, Assignee of SPIN CAPITAL, LLC,
_____
### Plaintiff(s)

-vs-

KARMA OF PALM BEACH, INC., et al.,
_____
### Defendant(s)

Clerk of the Bankruptcy Court, Joseph Falzone, Flagler Waterview Building 1515 North Flagler Drive, Suite 801 West Palm
_____
### Garnishee

### CLAIM OF EXEMPTION AND REQUEST FOR HEARING PURSUANT TO F.S. 77.041

I claim exemptions from garnishment under the following categories as checked:

_____1.  Head of family wages. (You must check a. or b. below.)

_____a.  I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week.

_____b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

_____2.  Social Security benefits.

_____3.  Supplemental Security Income benefits.

_____4.  Public assistance (welfare).

_____5.  Workers' Compensation.

_____6.  Reemployment assistance or unemployment compensation.

_____7.  Veterans' benefits.

_____8.  Retirement or profit-sharing benefits or pension money.

_____9.  Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

_____10.  Disability income benefits.

_____11.  Prepaid College Trust Fund or Medical Savings Account.

_____12.  Other exemptions as provided by law.
         (explain)_____

_____

Claim of Exemption and Request for Hearing
(F.S. 77.041) (01/21), Page 1 of 2

NOT A CERTIFIED COPY

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: _____

Telephone number: _____

**I CERTIFY UNDER OATH AND PENALTY OF PERJURY** that a copy of this CLAIM OF EXEMPTION AND REQUEST FOR HEARING has been furnished by ◯ United States mail or ◯ e-mail or ◯ hand delivery on *{date}*_____.

**I FURTHER CERTIFY UNDER OATH AND PENALTY OF PERJURY that the statements made in this request are true to the best of my knowledge and belief.**

*{Name and Address of Plaintiff or Plaintiff's attorney and of Garnishee or Garnishee's attorney to whom this document was furnished}*

Name: _____     Name: _____

Address: _____     Address: _____

City, State, Zip: _____     City, State, Zip: _____

Fax Number: _____     Fax Number: _____

Date _____          _____
                                                                    Defendant's signature

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to (or affirmed) and subscribed before me by means of ◯physical presence or ◯online notarization, this_____day of_____,_____, by _____

[Notary Seal]                                    _____
                                                            Notary Public or Deputy Clerk


                                                            _____
                                                            Name typed, printed, or stamped
                                                            My Commission Expires: _____

◯ Personally Known OR ◯ Produced Identification
Type of Identification Produced: _____

NOT A CERTIFIED COPY