UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:
AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK
Debtor. Chapter 7
_____/

### AVRUMI 'JOSH' LUBIN RESPONSE IN OPPOSITION ECF 912
### EMERGENCY EX PARTE MOTION FOR ORDER TO SHOW CAUSE
### WHY AVRUMI 'JOSH' LUBIN SHOULD NOT BE HELD IN CONTEMPT OF COURT

Avrumi 'Josh' Lubin  (Lubin) responds in opposition to ECF 912 Emergency Ex Parte Motion For Order To Show Cause Why Avrumi 'Josh' Lubin Should Not Be Held In Contempt Of Court, and respectfully represents the following to the court:

1.      There is no personal jurisdiction. The motion at bar admits in paragraph 8 and quotes the ECF 618 "Sale Order" that Lubin in his individual capacity has not appeared in this case. The motion evidences no service of process of Lubin, and no due process. It only shows service to parties registered to receive electronic noticing. This court therefore has no personal jurisdiction over Lubin.

2.       There is no emergency. The motion at bar requests an emergency hearing pursuant to local rule 9075-1, but does not follow the rule. The motion does not contain the certification required by 9075-1 (B) that the proponent has made a bona fide effort to resolve the matter without hearing.

3.      Also Rule 9071-1 specifies "Emergency hearings shall be held only where direct, immediate and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, or to the debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of any dispute."

4.      The service of the writ of garnishment does not present direct, immediate or substantial harm to anyone. The writ itself can not result in the funds being released to Lubin without the due process afforded to all interested parties pursuant to Florida Statute 77. The funds are meanwhile not going anywhere.

5.      There is no subject matter jurisdiction. Motions concerning the writ should belong in the state court which granted the writ. The Anti-injunction act 28 U.S.C.A. § 2283, Stay of State court proceedings, says "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Also the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), holds that federal courts other than the Supreme Court should not sit in direct review of state court decisions unless Congress has specifically authorized such relief.

Wherefore Lubin requests the motion be denied, and that because the motion is not well founded, that costs and attorneys' fees for the defense of this motion be awarded to  Lubin.

We certify that a copy of the foregoing is being transmitted to all interested parties registered to receive electronic filings in this case

Dated this: 6/16/25

Respectfully submitted,

Joel M. Aresty, Esq.
Joel M. Aresty P.A.
Board Certified Business
Bankruptcy Law
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail: Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483