UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                     Case No. 22-15627-EPK

      Debtor.                                    Chapter 7

_____/

**SUPPLEMENT TO EMERGENCY *EX PARTE* MOTION**
**FOR ORDER TO SHOW CAUSE**
**WHY AVRUMI 'JOSH' LUBIN SHOULD**
**NOT BE HELD IN CONTEMPT OF COURT**

Franklin Capital Funding, LLC, ("Franklin") hereby supplements the *Emergency Ex Parte Motion for Order to Show Cause Why Avrumi "Josh" Lubin Should Not be Held in Contempt of Court* (the "Motion").  ECF No. 912.

1.      As set forth in the Motion, Avrumi "Josh" Lubin ("Lubin") has improperly attempted to seize funds in the Court registry.  Lubin is fraudulently alleging to be the holder of a judgment issued in the name of a separate entity, Hi Bar Capital, LLC ("Hi Bar"), and has caused the issuance of a state court writ of garnishment to this Court to obtain funds in the registry.  *See generally* Mot.

2.      Lubin, appearing in this case through counsel, filed a response on June 16, 2025 (the "Response").  ECF No. 919.  The arguments in the Response are addressed below.

3.      First, the Response argues that there is no personal jurisdiction over Lubin, or related service or due process.  However, the Motion was served on Lubin via email and U.S. mail, and Lubin is indeed appearing in the case through counsel to contest the Motion. *See* ECF No. 916 (certificate of service).  The process arguments raised by Lubin are thus nonsensical—indeed, the Response is self-refuting in this regard.

4.      Second, the Response argues that there is "[t]here is no emergency," and the funds at issue cannot be "released to Lubin without the due process afforded to all

{2425/000/00549705}

interested parties pursuant to Florida Statute 77." To reiterate the Motion, Lubin is falsely alleging to be the holder of a third-party judgment. Under these false pretenses, Lubin has caused a state court to issue a writ of garnishment to this Court, in an effort to seize over $2 million in the Court registry. Franklin, together with the creditors who have joined the Motion, does regard that as an emergency. *See* ECF Nos. 917–18 (FVP and Hi Bar joinders). Moreover, Franklin was never noticed of the garnishment proceeding by Lubin and learned of the proceeding from a third-party. It is therefore dubious what due process, if any, Lubin intended to afford legitimate creditors in the garnishment proceeding.

5.      Third, Lubin argues that the Court lacks subject matter jurisdiction under the Anti-Injunction Act, 28 U.S.C. § 2283, and the Rooker Feldman Doctrine. This argument is spacious for several reasons. In broad terms, the Anti-Injunction Act limits the ability of federal courts to stay state court proceedings, and the Rooker Feldman Doctrine holds that federal courts cannot revisit state court judgments. However, Franklin is not asking this Court to stay the garnishment proceeding or set aside the Hi Bar judgment. Rather, it is asking the Court to schedule a show cause hearing for Lubin to demonstrate why he should not be sanctioned for violating the Sale Order (as defined in the Motion) and perpetuating a fraud.

6.      Finally, in addition to having jurisdiction to hold contempt proceedings generally, this Court has jurisdiction to rule whether funds in its registry are subject to foreign attachments or garnishments. "The doctrine of *custodia legis* is based on the desirability of avoiding a clash between judicial jurisdictions which would result from any attempt to use the process of one to seize assets in the control of another judicial authority, especially where the judicial departments belong to different sovereignties." *Law Offices of David Efron, P.C. v. Candelario*, 842 F.3d 780, 782 (1st Cir. 2016) (cleaned up). In *The Lottawanna*, for example, the Supreme Court ordered the return of incorrectly disbursed

funds from a federal registry to state court judgment claimants, because the federal registry "fund, from its very nature, is not subject to attachment either by the process of foreign attachment or of garnishment, as it is held in trust by the court to be delivered to whom it may belong."  87 U.S. (20 Wall.) 201, 224–26, 22 L.Ed. 259 (873).  Numerous appellate courts, including the First, Second, Fifth, Seventh, Ninth and Tenth Circuit Courts of Appeal, have followed *Lottawanna* in holding that state courts cannot garnish funds in a federal court registry.  *Law Offices of David Efron*, 842 F.3d at 782–83 (citing cases).

WHEREFORE, Franklin respectfully requests the entry of an order (1) finding that the State Court writ was issued in violation of the Sale Order, (2) directing Lubin to show cause why he should not be held in contempt, and (3) granting such other relief as the Court deems appropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing on June 16, 2025.

> **SHRAIBERG PAGE, P.A.**
> Attorneys for Franklin
> 2385 NW Executive Center Drive, #300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
>
> By:   /s/ Patrick R. Dorsey
>        Patrick R. Dorsey, Esq.
>        Fla. Bar. No. 0085841

{2425/000/00549705}