

**ORDERED in the Southern District of Florida on June 24, 2025.**

**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**                                                            **Case No. 22-15627-EPK**

**AUTO WHOLESALE OF BOCA, LLC,**                      **Chapter 7**

       **Debtor.**

_____/

**ORDER ON MOTION FOR ORDER**
**TO SHOW CAUSE DIRECTED TO AVRUMI LUBIN**

THIS MATTER came before the Court for hearing on June 18, 2025 upon the *Emergency Ex Parte Motion for Order to Show Cause Why Avrumi 'Josh' Lubin Should Not Be Held in Contempt of Court* [ECF No. 912; the "Motion for Order to Show Cause"] filed by creditor Franklin Capital Funding, LLC.

The debtor, Auto Wholesale of Boca, LLC, was a licensed automobile dealer. The debtor filed a voluntary chapter 11 petition on July 22, 2022. On May 1, 2023, the Court converted this case to chapter 7. ECF No. 584.

1

The chapter 7 trustee sought permission to sell via auction certain vehicles in the debtor's inventory.  ECF No. 618, as modified by ECF No. 650.  Several parties asserted liens on or interests in the vehicles to be sold.  The trustee reached agreement with the parties claiming liens on and interests in the vehicles. Consistent with that agreement, the Court authorized the trustee to sell the vehicles and to retain a portion of the sale proceeds, free and clear of liens and interests, for the benefit of unsecured creditors in this case.  ECF Nos. 694 and 738.  The Court ordered that the proceeds of the auction net of expenses of the sale and net of the portion to be retained by the trustee for the benefit of unsecured creditors (defined as the "Net Proceeds" in the Court's sale orders) would be held pending the agreement of the affected parties or the adjudication elsewhere of competing claims of liens on or interests in the vehicles.  The Court ordered that only parties to the adversary proceeding captioned *FVP Opportunity Fund III, LP, et al. v. Auto Wholesale of Boca, LLC, et. al.*, Adv. Proc. No. 22-01218-EPK (now dismissed) and parties that appeared in the debtor's bankruptcy case and asserted an interest in the vehicles could make a claim against the Net Proceeds.  The Court directed the trustee to file a further motion requesting direction from the Court as to the appropriate repository for the Net Proceeds. ECF No. 694.

Consistent with the Court's sale order, the trustee filed a motion asking the Court to designate a repository for the Net Proceeds.  ECF No. 727.  The trustee stated that parties who had expressed liens on and interests in the Net Proceeds had not reached agreement on where the Net Proceeds should be held, so the trustee asked the Court to permit the Net Proceeds to be deposited with the registry of the Court.  By order entered July 27, 2023, the Court directed the trustee to "deposit the Net Proceeds of the Trustee's Auction sale into the court registry of the Bankruptcy Court for the Southern District of Florida . . . until further order of this Court."  ECF

No. 749.  The Court later directed the trustee to deposit the specific sum of $2,107,548.61. ECF No. 807.   That latter order provided, among other things, that "[t]he Court shall retain jurisdiction over the Net Proceeds held in the Court Registry for purposes of any disputes that may arise out of the Auction or its conduct, the condition of the Vehicles, or out of any alleged actions or omissions by the Trustee's Court-approved Auctioneer."  In other words, the Court's jurisdiction over the Net Proceeds was limited to claims relating to the auction procedure itself, not claims among those expressing a lien on or an interest in the Net Proceeds.  On December 18, 2023, the trustee deposited the Net Proceeds with the clerk as directed.  *See* Receipt of Registry Deposit [Receipt Number 800114].

The Court authorized the deposit of the Net Proceeds into the registry of the Court solely to facilitate the sale of vehicles partly for the benefit of the debtor's unsecured creditors.  No person ever challenged the auction or its conduct, the condition of the vehicles sold, or the actions of the Court's approved auctioneer, and any such challenge was long ago waived.  This Court has no subject matter jurisdiction over any disputes among those claiming liens on or interests in the Net Proceeds.  The bankruptcy estate has no interest at all in the Net Proceeds.

It was never the Court's intention to retain the Net Proceeds for an extended period of time, but only to permit the parties claiming a lien on or interest in the Net Proceeds to resolve their disputes or to provide an alternative escrow agent pending litigation elsewhere. The Court has held the Net Proceeds for nearly a year and a half. Parties claiming liens on or interests in the Net Proceeds have had ample time to resolve their competing claims or to make alternate arrangements for deposit of the Net Proceeds other than with the registry of this Court.

The Court set a hearing on August 27, 2025 for affected parties to show cause why the Net Proceeds should not escheat to the Treasury of the United States.  ECF No. 911.

In the meantime, on May 29, 2025, at the request of Avrumi Lubin, the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, issued a writ of garnishment in Case No. 50-2025-CA-003581-XXXA-MB directed to the Clerk of the Bankruptcy Court.  The Clerk was not properly served but apparently received a copy of the writ from Mr. Lubin and then was contacted by counsel for Mr. Lubin.  The Court understands that the Clerk responded that the registry of the Court does not hold any funds responsive to the writ.

Pursuant to Supreme Court precedent, funds held in the registry of a federal court are not subject to garnishment or execution.  *The Lottawanna*, 87 U.S. 201, 224 (1873) (holding that federal court registry funds "from [their] very nature, [are] not subject to attachment either by the process of foreign attachment or of garnishment, as [they are] held in trust by the court to be delivered to whom [they] may belong").  This Court has exclusive control over funds held in the registry of the Court, which may be released only on order of this Court.

In light of the foregoing, the Court ORDERS AND ADJUDGES as follows:

1.      The *Emergency Ex Parte Motion for Order to Show Cause Why Avrumi 'Josh' Lubin Should Not Be Held in Contempt of Court* [ECF 912] is GRANTED only to the extent set forth herein and is otherwise DENIED.

2.      The writ of garnishment issued by the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, in Case No. 50-2025-CA-003581-XXXA-MB, dated May 29, 2025, directed to the Clerk of this Court, is of no force or effect and the Clerk is directed to ignore it.

3.      The Clerk is directed not to release any of the Net Proceeds held in the registry of the Court except pursuant to further order of this Court.

4

4. This Order is without prejudice to the rights of appropriate parties to appear and be heard consistent with the Court's *Order to Show Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States Treasury and Setting Hearing Thereon* [ECF No. 911].

###

Copies furnished to:

Patrick R. Dorsey, Esq.

*Patrick R. Dorsey, Esq. is directed to serve a copy of this order on all interested parties and to file a certificate of service with the Court.*