**KASEN & KASEN, P.C.**
115 Broadway
5th Floor
New York, New York 10006
Telephone: (646) 397-6226
Facsimile: (646) 786-3611
Michael J. Kasen, Esq.
mkasen@kasenlaw.com
*Attorneys for Josh Lubin*
*Pro Hac Vice Application Pending*

**LAW OFFICES OF DAVID W. LANGLEY**
8551 W. Sunrise Blvd.
Suite 303
Plantation, Florida 33322
Telephone: (954) 356-0450
Facsimile: (954) 356-0451
David W. Langlet, Esq.
dave@flalawyer.com
*Local Attorney for Josh Lubin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

|  |  |  |
|---|---|---|
| | X | |
| | X | |
| In Re: | X | |
| | X | Case No.: **22-15627-EPK** |
| **AUTO WHOLESALE OF BOCA, LLC,** | X | Chapter 7 |
| | X | |
| Debtor. | X | |
| | X | |

**AVRUMI LUBIN'S MOTION TO**
**DISQUALIFY THE LETO LAW FIRM AND MATTHEW LETO**
**FROM REPRESENTING HI BAR CAPITAL**
**PURSUANT TO RULE 4-1.9 OF THE RULES REGULATING THE FLORIDA BAR**
**(and Incorporated Memorandum of Law)**

COMES NOW, Avrumi Lubin, by and through Kasen & Kasen, P.C., his counsel and files

this Motion to Disqualify The Leto Law Firm and Matthew Leto pursuant to Rule 4-1.9 of the

Rules Regulating the Florida Bar, and in support thereof states:

**INTRODUCTION**

Disqualification of Matthew Leto and the Leto Law Firm from further representation of Hi Bar Capital, LLC and related entities in this Bankruptcy Case and the associated Adversary Proceeding, is necessary to preserve the integrity of the judicial process and protect the confidentiality of attorney-client communications. Attorney Matthew Leto (hereinafter, "Mr. Leto") and The Leto Law Firm (hereinafter, the "Firm"), previously represented Josh Lubin (hereinafter, "Mr. Lubin"), Spin Capital, LLC (hereinafter, "Spin" and together with Mr. Lubin, the "Spin Parties"), Hi Bar Capital, LLC (hereinafter, "Hi Bar" and together with Mordi Herbst and Yisroel Herbst, the "Hi Bar Parties"), Mordecahi Herbst and Yisroel Herbst in connection with other litigations that center around the same basic facts at issue in this case and the associated Adversary Proceeding. Mr. Leto has since entered an appearance in this case for just Hi Bar and in the associated Adversary for all of the Hi Bar Parties. In both this case and the Adversary Proceeding, Mr. Leto has taken on an adversarial posture in relation to the Spin Parties. Florida Law mandates disqualification in such circumstances to avoid even the appearance of impropriety and to uphold the ethical obligations governing conflicts of interest.

**FACTUAL BACKGROUND**

On August 1, 2023, the Spin Parties and the Hi Bar Parties entered into an agreement with the Firm, entitled Authority to Represent (hereinafter, "Retainer Agreement"). Pursuant to the Retainer Agreement, **all of the Spin Parties and all of the Hi Bar Parties** are defined as "Clients" of the Firm. The scope of the representation of the Spin Parties and Hi Bar Parties was clearly defined as representation related to the Excell Adversary (as defined in the Declaration of Avrumi Lubin in Support of Motion to Disqualify attached hereto) and the Hi Bar v. Karma case (as defined in the Declaration of Avrumi Lubin in Support of Motion to Disqualify attached

hereto). The Retainer Agreement expressly incorporated the terms of the Common Interest Agreement (as defined in the Declaration of Avrumi Lubin in Support of Motion to Disqualify attached hereto). Mr. Leto has alleged that his representation of the Spin Parties has terminated, however, the Spin Parties have never received any formal termination of the attorney-client relationship.

Mr. Leto and the Firm have, taken certain positions, on behalf of the Hi Bar Parties, directly adversarial to the Spin Parties in this case and other pending actions. Mr. Leto and the Firm have contested the Spin Parties interpretation of the "waterfall" provisions of the Common Interest Agreement; have asserted that the Spin Parties breached the Common Interest Agreement; have attempted to terminate the Common Interest Agreement in a way contrary to the termination provisions of that agreement, and have sought sanctions against the Spin Parties for attempting to defend their rights under the Common Interest Agreement.[1]

## **ARGUMENT**

Matthew Leto (hereinafter, "Mr. Leto") and the Leto Law Firm (hereinafter, the "Firm" and collectively with Mr. Leto, "Leto") should be disqualified from representing Hi Bar Capital, LLC (hereinafter, "Hi Bar") or any other party in interest in this litigation as a result of the Firm's and Mr. Leto's prior representation of Mr. Lubin, pursuant to Rule Regulating the Florida Bar 4-1.9. That rule, which governs conflicts of interest with former clients, provides:

A lawyer who has formerly represented a client in a matter must not afterwards:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

---

[1] The details of the Common Interest Agreement and of ongoing litigation is contained within the Declaration of Avrumi Lubin in Support of the Motion to Disqualify

3

(b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or

(c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Fla. R. Prof'l Conduct 4-1.9. In order to disqualify counsel under this rule, a party must show that: "(1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client." State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630, 633 (Fla. 1991) (holding that the two-pronged test applies under Rules Regulating the Florida Bar); see also U.S. Commodity Futures Trading Comm'n v. Hunter Wise Commodities, No. 12-81311-CV, 2013 WL 12082739, *4 (S.D. Fla. Sept. 6, 2013) (disqualifying counsel under two-pronged test where counsel had advised former client on transactions at issue in litigation); Ford v. Piper Aircraft Corp., 436 So.2d 305, 307 (Fla. 5th DCA 1983) ("the former client must show that the matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client"). Both elements are present here and Leto should be disqualified as a result.

## I.        An Attorney Client Relationship Existed Between Lubin and Leto

There can be no reasonable dispute that Mr. Leto and the Firm represented Mr. Lubin in connection with two distinct but related litigations – the adversary proceeding captioned as Nicole Testa Mehdipour v. Hi Bar Capital, LLC et al, Adv. Pro. No. 23-01132-EPK (hereinafter, the "Excell Bankruptcy Case")  currently pending in the Bankruptcy Court in the Southern District of Florida, and the action pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for

Broward County Florida, captioned as <u>Hi Bar Capital, LLC v. Karma of Palm Beach, Inc. *et al*,</u> and assigned case number CACE-22-06401 (hereinafter, the "Broward County Action"). Mr. Lubin entered into an engagement agreement with the Firm that specifies, "Hi Bar Capital, LLC, Mordi Herbst, Yisroel Herbst, Spin Capital, and **Josh Lubin (referred to herein as "Clients")** hereby retain and authorize the Leto Law Firm to represent them" with respect to those two matters. (*see* Lubin Decl. Ex. E) (**emphasis added**).

At the outset of the representation, Mr. Leto took his direction from Mr. Lubin and gained knowledge related to Mr. Lubin's, Spin Capital, LLC's, Hi Bar Capital, LLC's and related entities business operations from Mr. Lubin (*see* Lubin Decl. ¶ 19), held telephonic conferences with Mr. Lubin (*see* Lubin Decl. Ex. F *at* i.e. entries dated January 2, 2024, January 18, 2024, February 15, 2024, February 20, 2024 and others). There is an irrefutable presumption that confidences were shared during those discussions. *See* <u>Young v. Achenbauch</u>, 136 So.3d 575, 583 (Fla. 2014) ("A party seeking disqualification under rule 4-1.9 does not have to demonstrate actual prejudice to the former client as a result of the subsequent representation because the existence of an attorney client relationship gives rise to an irrefutable presumption that confidences were disclosed.") (internal citations omitted).

## II.    Leto's Representation was Substantially Related to the Issues in this Litigation

"Matters are 'substantially related' for the purposes of this rule [Rule 4-1.9] if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." <u>Philip Morris USA Inc. v. Caro</u>, No. 4D16-2416, 2016 WL 7118833, *3 (Fla. 4th DCA Dec. 7, 2016) (citing R. Regulating Fla. Bar 4-1.9 comment); *see also* <u>Commodity Futures</u>, 2013 WL 12082739 at *4 (for an action to be substantially related, the matter "need only be akin to the present action in a way reasonable

persons would understand as important to the issues involved"). Leto's prior representation of Mr. Lubin involved the same transaction as this litigation – the Common Interest Agreement between Spin Capital and Hi Bar and certain merchant cash advance agreement between Hi Bar and, among others, the Debtor– and is directly related to the issues raised herein. Leto is also advancing, on behalf of Hi Bar, arguments that are adverse and contrary to Mr. Lubin's position.

Leto represented Mr. Lubin and Spin Capital in connection with transactions related to the Common Interest Agreement. As stated by the Supreme Court of Florida, "Our legal system cannot function fairly or effectively if an attorney has an informational advantage in the form of confidences gained during a former representation of his client's current opponent." State Farm Mut., 575 So.2d at 632. Here, Leto has an informational advantage because of the confidences gained during the Firm's representation of Mr. Lubin, which Leto can use to Mr. Lubin's detriment.

There is clearly, at the very least, "an appearance of impropriety – in the form of an undermining of the loyalty and trust upon which an attorney-client relationship is based" – which requires Leto's disqualification from representing parties in this matter. Brent v. Smithers, 529 So.2d 1267, 1269 (Fla. 3rd DCA 1998).

## **Conclusion**

An attorney-client relationship existed between Mr. Leto and the Firm on the one hand and the Spin Parties on the other hand. In the course of that representation, the Spin Parties shared confidences with Mr. Leto and the Firm. Mr. Leto and the Firm, now take positions antithetical to the Spin Parties positions in litigation that is substantially related to the matters in which Mr. Leto and the Firm represented the Spin Parties.

WHEREFORE, Avrumi Lubin, respectfully asks the Court to grant this Motion to Disqualify the Leto Law Firm and Matthew Leto from representing Hi Bar Capital in this case, determine that any and all actions taken by Matthew Leto and the Leto Firm that were antithetical to the interests of Avrumi Lubin and Spin Capital be deemed void *ab initio* and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
      July 3, 2025

KASEN & KASEN, P.C.

By:         */s/ Michael J. Kasen*
      Michael J. Kasen, Esq.
      115 Broadway, 5th Floor
      New York, New York 10006
      Tel:   (646) 397-6226
      Fax:   (646)786-3611
      mkasen@kasenlaw.com

Attorneys for Josh Lubin
*Pro Hac Vice* Application Pending

Dated: __Plantation__, Florida
      July 3, 2025

LAW OFFICES OF DAVID W. LANGLEY

By:         */s/ David W. Langley*
      David W. Langley, Esq.
      8551 W. Sunrise Blvd., Suite 303
      Plantation, Florida 33322
      Tel:   (954) 356-0450
      Fax:   (954) 356-0451
      dave@flalawyer.com

Attorney for Josh Lubin