**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

|  |  |  |  |
|---|---|---|---|
| | X | | |
| | X | | |
| **In Re:** | X | | |
| | X | **Case No.:** | **22-15627-EPK** |
| **AUTO WHOLESALE OF BOCA, LLC,** | X | **Chapter 7** | |
| | X | | |
| **Debtor.** | X | | |
| | X | | |

**AVRUMI LUBIN'S**
**NOTICE TO PRODUCE AT HEARING**

Party in Interest, Avrumi Lubin (Lubin), by and through undersigned counsel, pursuant to

Rule 36 of the Federal Rules of Civil Procedure, made applicable by Rules 2004, 7036 and 9014

of the Federal Rules of Bankruptcy Procedure, requests **FVP Opportunity Fund III, LP, FVP**

**Investments, LLC, and FVP Servicing, LLC** ("FVP"), produce the following items at the

hearing on the Expedited Motion to Enforce Sale Order and to Order Distribution of Auction

Proceeds to Counsel for the FVP Parties - Joint Motion, presently scheduled for hearing on July

30, 2025, at 11:00 am, or on such date and time as the Court determines, and each day of hearing

thereafter:

1.      The "consensual resolution as to the distribution of the Net Proceeds" agreement

referenced in FVP and other parties Expedited Motion to Enforce Sale Order and to Order

Distribution of Auction Proceeds to Counsel for the FVP Parties - Joint Motion, ECF 931 (the

Agreement).

2.      All correspondence, including but not limited to texts, emails mail, notes and all

other forms of communication by and between the parties to the Agreement.

3.      All drafts or prior versions of the Agreement.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served via CM/ECF to all parties of interest and by email and mail on July 24, 2024.

> DAVID W. LANGLEY
> Attorney for Avrumi Lubin
> 8551 W. Sunrise Blvd., Ste 303
> Plantation, Florida 33322
> Telephone:      954-356-0450
> E-mail: dave@flalawyer.com
> By: ___/s/_David W. Langley_____
> David W. Langley, Esq. FBN 348279

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

      Debtor.                    Chapter 7

_____/

***EXPEDITED* JOINT MOTION (I) TO ENFORCE SALE ORDER
AND (II) TO ORDER DISTRIBUTION OF AUCTION PROCEEDS
TO COUNSEL FOR THE FVP PARTIES**

**\*\* Expedited Hearing Requested \*\***

**The Court has scheduled a motion to disqualify filed by
Avrumi "Josh" Lubin for July 30, 2025.  ECF No. 926.**

**The arguments to be raised by Mr. Lubin in opposition
to the instant motion may be substantially similar to
those made in his disqualification motion.  In order to
conserve the resources of the parties and promote
judicial economy, the movants request that this motion
also be heard on July 30, 2025, or a date otherwise
acceptable to the Court.**

This motion is being filed jointly by the following parties: (1) Franklin Capital Funding, LLC, Franklin Capital Group, LLC and Franklin Capital Management, LLC (jointly and severally, "Franklin" or the "Franklin Parties"), (2) FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (jointly and severally, "FVP" or the "FVP Parties"), and (3) Hi Bar Capital, LLC ("Hi Bar").  Franklin, FVP and Hi Bar (together, the "Movants"), pursuant to 11 U.S.C. § 105(a) and the inherent authority of the Court, respectfully request that the Court interpret and enforce the *Order Granting in Part Expedited Motion to Authorize Sale* (the "Sale Order") as set forth hereinbelow.  ECF No. 694.

{2425/000/00549705}

## BACKGROUND

**A.     The Vehicle Sales and Auction Proceeds.**

1.      Auto Wholesale of Boca, LLC ("AWB") initially filed this case under subchapter v of chapter 11 of the Bankruptcy Code on July 22, 2022.  ECF No. 1.

2.      A primary issue in the case was a fleet of some twenty automobiles in the possession of AWB as of the petition date (together, the "Vehicles").  AWB alleged that it was a legitimate car dealer and that the Vehicles were part of its inventory.  In contrast, other parties, including Franklin, argued that the Vehicles were seized by AWB from their legitimate owners, including Excell Auto Group, Inc. ("Excell"), Karma of Broward, Inc. and/or Karma of Palm Beach, Inc. (together, the "Karma Entities").[1]  These issues were the subject of an adversary proceeding in the AWB case, Adv. Proc. No. 22–01218–EPK (the "Adversary Proceeding").

3.      The Court converted the case to chapter 7 on May 1, 2023, after concluding that the principal of AWB, Moshe Farache, had illegally seized the Vehicles from *inter alia* Excell or the Karma Entities.  *See* ECF No. 610 (transcript of oral ruling).

4.      Thereafter, in or around June 2023, the chapter 7 trustee, Michael Bakst (the "Trustee") sold most of the Vehicles still in the possession of AWB.

5.      The Sale Order provides in relevant part for the Trustee to sell the Vehicles, waive any interest in certain net proceeds of the sale (the "Net Proceeds"), and deposit the Net Proceeds into escrow pending occurrence of one of the following conditions: (a) adjudication of the remaining competing interests therein by a court of competent jurisdiction, or (b) "consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein."  Sale Order ¶ 8.

---

[1]      Excell is a chapter 7 debtor in this Court, Case No. 22–12790–EPK.

6.      In accordance with the Sale Order, the Trustee conducted the sale and has deposited the Net Proceeds, in the amount of $2,107,548.61, into the Court registry.  ECF No. 807 at ¶ 5.

**B.      Limitations on Who May Assert an Interest in the Net Proceeds.**

7.      The Sale Order expressly states, "Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds."  Sale Order ¶ 8.

8.      Excluding Franklin, FVP and Hi Bar, the parties to the Adversary Proceeding are: (a) AWB, (b) Edward Brown, (c) Benidt Investments/Slinger, LLC, and (d) the Karma Entities.  AWB has waived any interest in the Net Proceeds per the Sale Order. *Id*. at ¶ 9.  Upon information and belief, Edward Brown and Benidt Investments/Slinger, LLC, asserted interests in automobiles other than the Vehicles and have no interest in the Net Proceeds.  Finally, the Movants assert secured debts against the Karma Entities and, upon information and belief, the Karma Entities thus do not allege a senior interest in the Vehicles.

9.      The Debtor's Schedule D does not list any secured creditors.  ECF No. 1 at 10. One non-party to the Adversary Proceeding, Woodside Credit, LLC, filed a secured proof of claim; however the claim was stricken and disallowed.  ECF No. 347.

10.      Finally, the Sale Order finds that Avrumi "Josh" Lubin ("<u>Lubin</u>") and an affiliated entity, True Business Funding, LLC ("<u>TBF</u>"), did not assert any interest in the Vehicles despite being on notice of the AWB bankruptcy case:

> True Business Funding, LLC, and Avrumi "Josh" Lubin, in his individual capacity, have been on notice of this bankruptcy case and have not appeared in this case, asserted any interest in the Vehicles or their proceeds, or objected to the Sale Motion or the entry of this Order.  Accordingly, True Business Funding, LLC,

{2425/000/00549705}

and Avrumi "Josh" Lubin, in his individual capacity, are not entitled to further notice, including negative notice, of the sale, the Sale Motion, or the entry of this Order, nor will they be heard to later object to this Order.

Sale Order ¶ D.  In accordance with ¶ 8 of the Sale Order, Lubin and TBF are thus barred from asserting an interest in the Net Proceeds.

11.     The subject of due process to Lubin in particular was discussed at the June 14, 2023 hearing that resulted in the Sale Order.  Counsel for the Trustee, AWB and Hi Bar each represented to the Court that Lubin had been aware bankruptcy case for quite some time, but had taken no action to appear.  ECF No. 754 at 17–21 (hearing transcript).  The Court concluded, "You know, this is somebody [Lubin] who has been knowledgeable of the case.  They need to get involved earlier.  We don't need to bend over backwards to provide them with process, which is way more than that is due under relevant Eleventh Circuit and Supreme Court law…[M]y problem is that we have somebody who has been knowledgeable of the case, and if they had an interest in the vehicles, they needed to come forward and be involved.  They don't get to sit by the side and wait until something happens, and then have the trustee extremely graciously offer to provide them with extra notice.  No, that's not what happens.  If you have actual notice of a bankruptcy case, you need to do something about it.  And this case has been pending for a long time." *Id.* at 20–21.

12.     The findings on the record regarding Lubin are incorporated into the Sale Order by reference.  Sale Order 2.

13.     In addition to the Court concluding that Lubin received sufficient due process, a review of the docket demonstrates that Lubin, either directly or via TBF, received notice of the sale procedures and Sale Order.  ECF Nos. 690 at 1–3 and 699 at 6 (certificates of service).

{2425/000/00549705}

14.    The Court reserved jurisdiction to interpret and enforce the Sale Order.  *Id.* at ¶ 13.

## ARGUMENT

The filing of a bankruptcy case vests a bankruptcy court with exclusive jurisdiction over property of the estate.  *See* 28 U.S.C. § 1334(e).  The Court therefore had subject matter jurisdiction to enter the Sale Order.

Moreover, whether under the equitable authority codified in 11 U.S.C. § 105(a) or its inherent authority, there is no dispute that the Court possesses jurisdiction to interpret and enforce its own orders, including the Sale Order.  *E.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009) ("…the only question left is whether the Bankruptcy Court had subject-matter jurisdiction to enter the Clarifying Order.  The answer here is easy: as the Second Circuit recognized, and respondents do not dispute, the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders.") (citation omitted); *In re GTI Cap. Holdings, LLC*, 399 B.R. 247, 253–54 (Bankr. D. Ariz. 2008) ("…bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant in 28 U.S.C. § 1334.") (citations omitted).

Paragraph 8 of the Sale Order again states in relevant part:

> The proceeds of the Auction, net of the Buyer's Premium, Expenses and Carveout (such net proceeds shall be referred to herein as the "Net Proceeds"), shall be held pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds or consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein. Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds.

{2425/000/00549705}

As stated *supra*, upon information and belief, the Movants are the only parties (1) to the Adversary Proceeding or (2) that appeared in the main bankruptcy case and asserted an interest in the Vehicles.  The Movants have reached a consensual resolution as to the distribution of the Net Proceeds, and the Court has jurisdiction to enforce ¶ 8 of the Sale Order.  Specifically, the Movants request that the Net Proceeds be released to the trust account of counsel for the FVP Parties, Schwartz Breslin PLLC, there to be further disbursed in accordance with the agreement between the Movants.

WHEREFORE, the Movants respectfully requests the entry of an order (1) interpreting and enforcing the Sale Order, (2) directing that the auction proceeds in the registry of the Court be disbursed to the trust account of counsel for the FVP Parties, Schwartz Breslin PLLC, there to be further disbursed in accordance with the agreement between the Movants, and (3) grant such other relief the Court deems appropriate.

<table>
<tr><td>

**SHRAIBERG PAGE, P.A.**
Attorneys for Franklin
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By:  /s/ Patrick R. Dorsey
      Patrick R. Dorsey, Esq.
      Fla. Bar. No. 0085841

</td><td>

**LETO LAW FIRM**
Attorneys for Hi Bar
201 South Biscayne Blvd., Sute. 201
Miami, Florida 33131
Telephone: (305) 341-3155
Facsimile:  (305) 397-1168

By:    /s/ Matthew P. Leto
      MATTHEW P. LETO
      FBN: 14504

</td></tr>
</table>

Schwartz Breslin PLLC
Attorneys for FVP
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
By:    s/ Jerrell Breslin
Jerrell Breslin, Esq.
Fla Bar No: 269573

{2425/000/00549705}

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing on July 22, 2025.

By:   /s/ Patrick R. Dorsey
       Patrick R. Dorsey, Esq.
       Fla. Bar. No. 0085841

{2425/000/00549705}