

**ORDERED in the Southern District of Florida on July 25, 2025.**

**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                                 Case No. 22-15627-EPK
                                                                           Chapter 7

**AUTO WHOLESALE OF BOCA, LLC,**

     Debtor.

_____/

**AMENDED ORDER DENYING MOTION FOR DISQUALIFICATION,**
**MOTION TO ENFORCE SALE ORDER, AND MOTION TO SUBSTITUTE PARTIES**

This is a fully administered chapter 7 case that should have been closed long ago. About 18 months ago the Court allowed funds to be placed in the registry of the Court. The Court did so to facilitate a sale of estate assets partly for the benefit of unsecured creditors. The Court's sole basis for subject matter jurisdiction over such funds was that there might have been claims relating to the sale. No such claims were timely presented. All of the related sale orders were final many months ago. Parties with claims against the registry funds were to either resolve their disputes or obtain an order of another court, and then seek release of the funds. That has not occurred. Because the Court lacks subject matter

jurisdiction to determine who may be entitled to the funds, the Court cannot address such disputes in any regard. The Court should not be required to expend additional judicial resources to address matters over which it lacks subject matter jurisdiction. The Court recently entered its *Order to Show Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States Treasury and Setting Hearing Thereon* [ECF No. 911] more fully addressing these matters.

In spite of the Court's lack of subject matter jurisdiction over disputes relating to the registry funds, three recent motions were filed seeking rulings on such matters. Mr. Avrumi Lubin filed a motion seeking to disqualify The Leto Law Firm and Matthew Leto, Esq. from representing Hi Bar Capital, LLC in this bankruptcy case [ECF No. 925]. To rule on Mr. Lubin's motion to disqualify, the Court would need to consider whether Mr. Lubin has the ability to make a claim for the registry funds. Franklin Capital Funding, LLC, Franklin Capital Group, LLC, Franklin Capital Management, LLC, FVP Opportunity Fund III, LP, FVP Investments, LLC, FVP Servicing, LLC, and Hi Bar Capital, LLC filed a motion asking the Court to release the registry funds to Schwartz Breslin PLLC who act as counsel to certain of those entities [ECF No. 931]. That motion explicitly seeks a ruling that only certain entities are entitled to claim an interest in the registry funds. The movants argue that the Court's sale order at ECF No. 694 established which parties may seek release of the registry funds. However, Mr. Lubin argues that he obtained an assignment of the rights of one of those parties. The Court would need to address that dispute to rule on ECF No. 931. Finally, Mr. Lubin filed a motion asking the Court to substitute him for Hi Bar Capital, LLC in this bankruptcy case pursuant to Fed. R. Civ. P. 25(c) made applicable here by Fed. R. Bankr. P. 9014(c)(1) [ECF No. 938]. In that motion, Mr. Lubin asks the Court to determine that he, rather than Hi Bar Capital, LLC, has the right to present a claim relating to the registry funds.

Because each of these motions seeks, at least in part, a ruling on matters over which the Court lacks subject matter jurisdiction, they must be denied.  In addition, in light of the administrative nature of the task necessary to comply with the Order to Show Cause, it is not necessary for the Court to rule on Mr. Lubin's motion to disqualify.  That matter is more appropriately addressed in the action, pending elsewhere, where the parties' substantive rights may be determined.  Finally, even if the Court could address Mr. Lubin's motion to substitute party, under the circumstances the Court would decline to exercise its discretion under Fed. R. Civ. P. 25(c).

Consistent with the Court's direction in the Order to Show Cause, the parties are strongly encouraged to reach agreement on the terms of a proposed order directing release of the registry funds to an escrow agent or to the registry of another court.

In light of the foregoing, the Court **ORDERS and ADJUDGES** as follows:

1.      This Amended Order replaces the text-only Order entered at ECF No. 940.

2.      *Avrumi Lubin's Motion to Disqualify the Leto Law Firm and Matthew Leto from Representing Hi Bar Capital Pursuant to Rule 4-1.9 of the Rules Regulating the Florida Bar* [ECF No. 925] is DENIED without prejudice to the filing of a similar motion in a court of competent jurisdiction.

3.      The *Expedited Joint Motion (I) To Enforce Sale Order and (II) To Order Distribution of Auction Proceeds to Counsel for the FVP Parties* [ECF No. 931] is DENIED.

4.      The *Expedited Motion to Substitute Avrumi Lubin for Hi Bar Capital, LLC as a Party in Interest Pursuant to Federal Rules of Bankruptcy Procedure 7025 and 9014* [ECF No. 938] is DENIED.

5.      Hearings scheduled on the motions at ECF Nos. 925 and 931 are CANCELED.

###

Copy Furnished To:

David W. Langley, Esq.

*David W. Langley, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service.*