**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**          **Case No.: 22-15627-EPK**

      Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP**, a          ADVERSARY PROCEEDING
Delaware limited partnership; **FVP**          CASE NO.: 22-01218-EPK
**INVESTMENTS, LLC,** a Delaware limited
liability company; and **FVP SERVICING,**
**LLC**, a Delaware limited liability company,
et al.

      Plaintiffs,
vs.

**AUTO WHOLESALE OF BOCA, LLC**,
et al.

      Defendant.

_____/

**THE FVP PARTIES' MOTION FOR RECONSIDERATION**
**OF AMENDED ORDER – ECF No. 941 – DENYING JOINT MOTION TO RELEASE**
**REGISTRY FUNDS  – ECF No. 938 –**

COME NOW the Claimants/Adversary Plaintiffs, FVP Opportunity Fund III, LP, a

Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited

liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability

company ("FVP Servicing") (collectively "FVP"), and respectfully move pursuant to Fed. R. Civ.

P. 60 for this Honorable Court to reconsider its Amended Order [ECF No. 941] denying the Joint

Motion [ECF No. 931] filed by the FVP Parties, Franklin Capital Funding, LLC, Franklin Capital

Group, LLC and Franklin Capital Management, LLC ("Franklin") and Hi Bar Capital, LLC ("Hi

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 2 of 11

Bar").

For the reasons stated herein, which were not available to the Court when it ruled, but were in the process of being filed by the undersigned when the Court ruled, Lubin's motion to substitute himself for Hi Bar, which appears to have caused the Court to include denying the Joint Motion, was based entirely on a fraud committed on this Court by Avrumi "Josh" Lubin (Lubin) and his company Spin Capital LLC (Spin).

Accordingly, for the reasons stated herein the FVP Parties seek that this Court reconsider the denial of the Joint Motion [ECF No. 911] and only the Joint Motion, to prevent a manifest injustice. The FVP Parties respectfully assert as follows:

1.      Commencing in the fall of 2022, Adversary Case No: 22-01218-EPK was commenced and litigated through a full two day evidentiary hearing in March of 2023 after which this Court converted this case to a Chapter 7. [ECF No. 584].  In ruling on the conversion, this Court recognized: "The litigation in this court has certainly cost all the parties and the estate a lot of money and created substantial delay. But it did not cause parties in interest to cave. [ECF No. 610 (Page 15)]. It was the FVP Parties that bore the vast majority of those costs.

2.      Thereafter, on June 23, 2023, when there was a suggestion that other parties may seek to claim an interest in the Net Proceeds to which FVP spent substantial sums to secure, this Court unequivocally ordered:

> The proceeds of the Auction, net of the Buyer's Premium, Expenses and Carveout (such net proceeds shall be referred to herein as the "Net Proceeds"), shall be held pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds or consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein. Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds.

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 3 of 11

[ECF No. 694 at page 6]

3.     In justifiable reliance on this Court's order, FVP, Franklin, and Hi Bar—the expressly authorized claimants—complied with the Court's directive and proceeded to litigate the validity, priority, and extent of their respective claimed interests in the Net Proceeds beginning in July 2023, in a court of competent jurisdiction: *FVP Opportunity Fund III, LP, et al. v. Hi Bar Capital, LLC, et al.*, Case No. CACE 22–5125, in the Seventeenth Judicial Circuit of Broward County, Florida.

4.     Critically, and as the Court may take judicial notice of the state court record, it was only FVP, Franklin, and Hi Bar who pleaded any claim to the Net Proceeds. No other person or entity—including Lubin or Spin—has ever asserted an interest in the Net Proceeds in this Court, in the state court, or in any other forum. Neither Lubin nor Spin has pleaded any such interest in the state court litigation.

5.     On June 13, 2025, this Court issued its Show Cause Order *sua sponte* [ECF No. 911], again reiterating: "The Court ordered that only parties to the adversary proceeding captioned *FVP Opportunity Fund III, LP, et al. v. Auto Wholesale of Boca, LLC, et al.*, Adv. Proc. No. 22-01218-EPK (now dismissed), and parties that appeared in the debtor's bankruptcy case and asserted an interest in the vehicles, could make a claim against the Net Proceeds." [ECF No. 911 at 2.]

6.     In response—and relying on this Court's prior order [ECF No. 694], which explicitly stated that a "consensual resolution" among FVP, Franklin, and Hi Bar (the only authorized claimants) would permit release of the Net Proceeds and final closure of the bankruptcy case—those parties engaged in extensive settlement discussions. On July 20, 2025, they reached a settlement that fully resolved their dispute, including a "consensual resolution" as to the validity,

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 4 of 11

priority, and extent of their respective interests in the Net Proceeds.

7.     As a result, on July 22, 2025, FVP, Franklin, and Hi Bar informed this Court of the consensual resolution previously invited by the Court in [ECF Nos. 694 and 911], which should have—indeed, still should—fully resolve this matter.

8.     To be clear, only the Joint Motion filed by FVP, Franklin, and Hi Bar [ECF No. 931] was properly before this Court and was expressly invited by it. All motions and filings submitted by Lubin and his attorneys were legally and procedurally improper, filed solely to obstruct and warrant sanctions.

**The Fraud Upon This Court by Lubin.**

9.     In an effort to disrupt the settlement between FVP, Franklin, and Hi Bar from the sidelines, Lubin resorted to outright fraud upon this Court.

10.     Lubin and his counsel knew full well that neither Lubin nor any of his "assignees" had standing to assert a claim to the Net Proceeds, as is plainly evident from this Court's prior orders. Instead, Lubin filed a motion to substitute himself for Hi Bar and attached an agreement between Hi Bar and Spin (the "Common Interest Agreement"), along with a limited assignment of Spin's rights to certain promissory notes in two New York lawsuits. (See ECF No. 938, Exhibit B; [1] see also Exhibit A.) The assignment on which Lubin's motion is based—and on which this Court ruled—has nothing whatsoever to do with the rights of Spin or Hi Bar, the Common Interest

---

[1] The Assignment Agreement is dated March 20, 2025 and assigns from Spin Capital LLC to Avrumi Lubin rights in certain promissory notes in two defined litigations. Specifically Spin Capital LLC v. Golden Foothill Insurance Services LLC (Index No. 650582/2022) and Golden Foothills Insurance Services LLC et al. v. Spin Capital LLC et al. (Case No. 1:24 cv 08515 S.D.N.Y.). See Exhibit A.

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 5 of 11

Agreement, or any issue properly before this Court or the state court.

11.     Even assuming arguendo that the agreement or assignment conferred any rights on Lubin—which they plainly do not—such rights would, at most, support a claim by Lubin against Hi Bar. They do not transform Lubin into Hi Bar. There is no legal authority supporting the proposition that a contractual dispute over proceeds permits the substitution of a party in ongoing litigation. The motion was patently frivolous and sanctionable. If Lubin had—or now has—a claim against Hi Bar, his remedy lies in bringing an action against Hi Bar exclusively in New York. (See ECF No. 932 at page 18.)

12.     More egregiously, the motion is predicated on outright fraud. The motion to substitute asserts that Lubin is Spin's assignee and attaches a limited assignment dated March 20, 2025. However, the motion fails to disclose that Lubin has filed a different and more recent assignment in the state court. To be clear: in the state court, Lubin—through his attorney, Mr. Langley—filed a completely different assignment dated April 24, 2025, whereby Spin assigned all of its rights to an entity named JL Special Investments Inc. (See Exhibit B.)

13.     Incredibly, on July 25, 2025, Mr. Langley filed a motion in this Court asserting that Lubin is the assignee of Spin, while he is *concurrently and actively* litigating in the state court on behalf of JL Special Investments Inc. as the assignee of Spin. (See Exhibit C.)

14.     It is evident that the motion to substitute Lubin for Hi Bar was filed in bad faith and solely for the purpose of thwarting the settlement between the FVP Parties, Franklin, and Hi Bar.

15.     If this Court fails to reconsider its prior ruling, the scheme will have succeeded— and Lubin's fraud on this Court will have achieved its intended purpose—further victimizing the FVP Parties, who have done nothing but litigate in good faith and in compliance with this Court's

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 6 of 11

directives.

16.     Accordingly, the FVP Parties respectfully request that:

a.  This Honorable Court reconsider the denial of the FVP, Franklin, and Hi Bar Joint Motion, as it is the only legally and procedurally correct motion that addresses claims to the Net Proceeds and was expressly invited by this Court.

b.  Invite an agreed order by FVP, Franklin, and Hi Bar as the only authorized claimants to the Net Proceeds.

c.  Sanction Lubin and his attorneys for intentionally misleading this Court, which has resulted in even more fees incurred by the FVP Parties to bring this conduct to the attention of this Honorable Court.

**<u>Argument and Memorandum of Law</u>**

<u>Jurisdiction</u>

The FVP Parties do not suggest that this Court erred in stating that it lacks jurisdiction to determine disputes over who may be entitled to the Net Proceeds. However, it is respectfully submitted that the Court appears to have conflated two distinct issues: (i) a potential claim Lubin may have against Hi Bar for entering into a settlement agreement he does not agree with, or for a share of any recovery; and (ii) Hi Bar's ability to enter into the settlement agreement in the first instance.

For Lubin to properly assert such a claim, he would have needed to bring suit against Hi Bar long ago in New York, whose courts have exclusive jurisdiction over any action relating to the Spin / Hi Bar Common Interest Agreement. [See ECF No. 932 at page 18.] He did not. Instead,

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 7 of 11

Lubin appeared in this Court with a claim that lies exclusively within New York's jurisdiction—purely as a last-minute obstructionist.

Second, the Court reiterated in its Amended Order [ECF No. 941] that: "Parties with claims against the registry funds were to either resolve their disputes or obtain an order of another court, and then seek release of the funds." (Id. at 1.) Although the Court went on to state that this has not occurred, that is exactly what has occurred. FVP, Franklin, and Hi Bar have resolved their dispute. Even Lubin's own motion acknowledges that Hi Bar entered into the settlement agreement, though he argues it violated the terms of their agreement. [See ECF No. 938 ¶ 10.] Even if true, such an argument does not negate the existence or enforceability of the Hi Bar settlement, which remains fully binding. Because the settlement agreement is binding on FVP, Franklin and Hi Bar, the dispute has been resolved.

Under the equitable authority codified in 11 U.S.C. § 105(a), or pursuant to its inherent authority, there is no dispute that the Court has jurisdiction to interpret and enforce its own orders, including the Sale Order and the Show Cause Order. See, e.g., *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("…the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."); *In re GTI Cap. Holdings, LLC*, 399 B.R. 247, 253–54 (Bankr. D. Ariz. 2008) ("…bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant in 28 U.S.C. § 1334.").

Reconsideration

Courts may reconsider their orders in two ways.  First, the Court possesses the "inherent authority to revise interlocutory orders before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties in a case." *Leeks v. GeoPoint Surveying, Inc.*, 2020 WL

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 8 of 11

3288027, at *2 (M.D. Fla. Jun. 18, 2020) (citation omitted).  Second, if an order is final, the Court may reconsider it under Fed. R. Civ. P. 59(e).  *See* Fed. R. Bankr. P. 9023 (applying Fed. R. Civ. P. 59 in bankruptcy cases).

Whether exercising its inherent power or Rule 59(e), the standard for the Court to reconsider its ruling is the same.  Reconsideration is employed in limited circumstances.  *Leeks*, 2020 WL 3288027, at *2.  These include: (1) accounting for an intervening change in controlling law, (2) considering newly available evidence, or (3) correcting clear error.  *See Leeks*, 2020 WL 3288027, at *2 (stating test to reconsider interlocutory orders); *In re Continuum Care Services, Inc.*, 398 B.R. 708, 711 (Bankr. S.D. Fla. 2008) (stating test to reconsider under Rule 59(e)).  The decision to reconsider is committed to the sound discretion of the Court.  *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985) (citations and footnote omitted).

Here, the Court was no doubt not aware that Lubin was telling two different courts that two different parties had the Hi Bar rights *at the same time*. The FVP Parties respectfully suggest that the Court's discretion should be exercised here.

Dated July 25, 2025.

Respectfully submitted:

For the FVP Parties.

By:    **s/ Jerrell Breslin**

Jerrell Breslin, Esq.
Fla Bar No: 269573

Schwartz Breslin PLLC
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 9 of 11

Phone: (305) 577-4626
E-mail: JB@JSJB.Law
EService@JSJB.law

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon:

- Michael R Bakst efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386@gmlaw.com;efileu1857@gmlaw.com;efileu3163@gmlaw.com;efileu3214@gmlaw.com;efileu3291@gmlaw.com

- Michael R. Bakst efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3214@gmlaw.com;efileu3186@gmlaw.com

- Eyal Berger eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

- Marc E Brandes mbrandes@kfb-law.com, bvillalobos@kfb-law.com

- John M Brennan jack.brennan@gray-robinson.com, 2897605420@filings.docketbird.com

- Jerrell A Breslin jb@jsjb.law, eservice@jsjb.law

- Melissa A. Campbell mcampbell@bakerdonelson.com, achentnik@bakerdonelson.com;cranderson@bakerdonelson.com;bkcts@bakerdonelson.com

- Rilyn A Carnahan rilyn.carnahan@gmlaw.com, efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1094@gmlaw.com;melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3186@gmlaw.com

- Alan R Crane acrane@furrcohen.com, yfernandez@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com

- Patrick R Dorsey pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

- C Craig Eller celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com

- Jay L Farrow Jay.Farrow@counselorlawfirm.com

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 10 of 11

- Heidi A Feinman Heidi.A.Feinman@usdoj.gov

- Jonathan S. Feldman feldman@katiephang.com, service@katiephang.com

- Scott C Gherman sgherman@scottghermanpa.com

- Daniel Gielchinsky dan@dgimlaw.com, colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com

- Catherine Holly Yach Gleason ktgleasonlegal@gmail.com

- Travis A Harvey tharvey@butler.legal

- Michael J. Harwin mharwin@stearnsweaver.com

- Michael S Hoffman mhoffman@lessnehoffman.law, mhoffman@ecf.courtdrive.com

- Dana L Kaplan dana@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;sarah@kelleylawoffice.com;laurie@kelleylawoffice.com

- Amanda Klopp amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

- Philip J Landau plandau@landau.law, plandau@ecf.courtdrive.com;dlocascio@landau.law;dlocascio@ecf.courtdrive.com

- Linda M Leali lleali@lealilaw.com, lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net;nahomy@lealilaw.com

- Linda Marie Leali trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net;nahomy@lealilaw.com;ecf.alert+LeaLi@titlexi.com

- Michael D Lessne mlessne@lessnehoffman.law, mlessne@ecf.courtdrive.com

- Matthew P. Leto mleto@letolawfirm.com, kzelaya@letolawfirm.com

- Nathan G Mancuso ngm@mancuso-law.com

- David B Marks brett.marks@akerman.com, charlene.cerda@akerman.com

- Cory Mauro cory@maurolawfirm.com, paralegal@maurolawfirm.com;evan@maurolawfirm.com

- Nicole Testa Mehdipour nicolem@ntmlawfirm.com, cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com

- Nicole Testa Mehdipour Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;BCasey@ntmlawfirm.com

- James B Miller bkcmiami@gmail.com

- James C. Moon jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;lrestannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Case No. 22-15627-EPK
Adv. Proc. Case No.: 22-01218-EPK

Page 11 of 11

- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

- John E Page jpage@slp.law,
  dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com;mortman@slp.law

- Eric S Pendergraft ependergraft@slp.law,
  dwoodall@slp.law;mortman@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law

- Patricia A Redmond predmond@stearnsweaver.com,
  jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

- Ryan C Reinert rreinert@shutts.com, jheard@shutts.com

- Jason S Rigoli jrigoli@furrcohen.com,
  yfernandez@furrcohen.com;staff1@furrcohen.com;ltitus@furrcohen.com

- Ezequiel Joseph Romero romeroe@bryancave.com, zeke.romero30@gmail.com,ezequiel-romero-9088@ecf.pacerpro.com

- Carlos E. Sardi carlos@sardilaw.com,
  carlos@ecf.courtdrive.com;sardi.carlose.b110401@notify.bestcase.com

- Zach B Shelomith zbs@lss.law, info@lss.law;alt@lss.law;zshelomith@ecf.inforuptcy.com

- Bradley S Shraiberg bss@slp.law,
  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law;mortman@slp.law

- Eric J Silver esilver@stearnsweaver.com,
  jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com

- David R Softness david@softnesslaw.com

- Christian Somodevilla cs@lss.law,
  binfo@lss.law;cs@ecf.courtdrive.com;zbs@lss.law;alt@lss.law

- Lauren Stricker lstricker@shukerdorris.com,
  bankruptcy@shukerdorris.com;atillman@shukerdorris.com;mdorris@shukerdorris.com;mfranklin@shukerdorris.com;rshuker@shukerdorris.com

- Harry Winderman harry4334@hotmail.com,
  lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

- Ryan Mitchell Wolis rwolis@stearnsweaver.com, egraham@stearnsweaver.com

/ s/ Jerrell Breslin
Jerrell Breslin, Esq.