

**ORDERED in the Southern District of Florida on July 28, 2025.**

Erik P. Kimball
Chief United States Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

In re:                                                       Case No. 22-15627-EPK
                                                             Chapter 7

**AUTO WHOLESALE OF BOCA, LLC,**

    Debtor.

_____/


**ORDER (A) GRANTING MOTION TO RECONSIDER AND (B) VACATING IN PART AMENDED ORDER DENYING MOTION FOR DISQUALIFICATION, MOTION TO ENFORCE SALE ORDER, AND MOTION TO SUBSTITUTE PARTIES**

FVP Opportunity Fund III LP, FVP Investments, LLC, and FVP Servicing, LLC filed

*The FVP Parties' Motion for Reconsideration of Amended Order – ECF No. 941 – Denying*

*Joint Motion to Release Registry Funds – ECF No. 938* [ECF No. 943, the "Motion to

Reconsider"][1] asking the Court to reconsider its *Amended Order Denying Motion for*

*Disqualification, Motion to Enforce Sale Order, and Motion to Substitute Parties* [ECF No.

---

[1] It is unclear why the caption of the Motion to Reconsider includes the caption for Adversary Proceeding No. 22-01218 as that adversary proceeding was dismissed more than a year ago.  ECF Nos. 452 and 457, Adv. Proc. No. 22-01218.  The Motion to Reconsider was filed only in the main bankruptcy case, Case No. 22-15627.

941, the "Amended Order"], solely to the extent the Court denied the *Expedited Joint Motion (I) To Enforce Sale Order and (II) To Order Distribution of Auction Proceeds to Counsel for the FVP Parties* [ECF No. 931; the "Joint Motion"].  For the reasons set out below, the Court will grant the Motion to Reconsider, vacate the Amended Order to the extent it denied the Joint Motion, and re-set the Joint Motion for hearing.  The remainder of the Amended Order will remain in full force and effect.

More than two years ago, the trustee in this case filed a motion to sell by auction a number of vehicles in the estate's possession.  ECF No. 618.  There had been substantial litigation both in Adversary Proceeding No. 22-01218 (the "Adversary Proceeding") and in the main bankruptcy case among parties claiming liens on or interests in the vehicles.  All parties with potential claims relating to the vehicles were actively before the Court.  The sale was to be free and clear of all liens and other interests under 11 U.S.C. § 363(f).  The trustee asked the Court to approve a minimum amount to be retained by the estate in the form of a surcharge under 11 U.S.C. § 506(c) for the benefit of unsecured creditors.

Several parties objected to the trustee's sale motion.  ECF Nos. 623, 630, 631, 632, 638, 639, 640, 641, 642, 644, 676, and 678.

After an initial hearing, the Court granted the sale motion in part, authorizing the trustee to retain the auctioneer.  ECF No. 634. At the final hearing on the sale motion, after extensive negotiation with all parties who had expressed claims against or interests in the vehicles, the trustee presented an agreed order approving the auction sale of the vehicles. ECF No. 694 (the "Sale Order").  Among other things, the Court authorized the trustee to sell certain vehicles free and clear of liens pursuant to 11 U.S.C. § 363(f).  The trustee retained an agreed portion of the sale proceeds for the benefit of creditors.  The remaining net proceeds from the sale were held pending adjudication by another court of competent jurisdiction or agreement of the parties claiming liens on or interests in the vehicles.  The order included

the following provision (the "Limiting Language"): "Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds." The Sale Order was later clarified but its primary terms were not changed. ECF No. 738.

After the auction sale, the trustee sought direction on where to deposit the proceeds from the sale less expenses and less the funds to be retained by the trustee for the benefit of creditors (the "Net Proceeds"). ECF No. 727. The trustee asked the Court to permit the Net Proceeds to be deposited in the registry of the Court "pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds or consensual resolution as to their disposition." The Court granted that motion and the Net Proceeds were accepted into the Court's registry. ECF No. 749. The Court later clarified that the Net Proceeds were subject to the Court's jurisdiction "for purposes of any disputes that may arise out of the Auction or its conduct, the condition of the Vehicles, or out of any alleged actions or omissions by the Trustee's Court-approved Auctioneer." ECF No. 807. No such claims were presented. Other than for this limited purpose, the trustee waived any interest in the Net Proceeds. ECF Nos. 694 and 738.

The trustee filed a final account on May 15, 2025. ECF No. 909. This case is fully administered. The only reason this case has not been closed is that the Net Proceeds remain in the registry of the Court. Because of this, the Court *sua sponte* entered its *Order to Show Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States Treasury and Setting Hearing Thereon*. ECF No. 911 (the "Order to Show Cause"). In the Order to Show Cause, the Court paraphrased the Limiting Language, making it clear that only certain parties may seek release of the Net Proceeds. The Court set a hearing on more than two months' notice and directed such parties to attend the hearing and present an agreement with regard to release of the Net Proceeds. The Court is aware that the relevant

parties are litigating their disputes in another forum. The Court intended to provide those parties sufficient time to provide joint instructions for release of the Net Proceeds according to their agreement, or to arrange for the funds to be lodged with an escrow agent or placed in the registry of the court where their litigation is pending.

In the Order to Show Cause, the Court did not invite motions from other parties claiming an interest in the Net Proceeds. The Court made it clear that it did not intend to rule on any issue relating to any party's right in the Net Proceeds. In spite of this, a flurry of motions were filed. ECF Nos. 925, 931, and 938. The Court entered the Amended Order denying all three motions. After review of the Motion to Reconsider, and careful study of the docket in this case, the Court agrees that the Amended Order should be vacated only to the extent it denied the Joint Motion.

In the Motion to Reconsider, the movants argue that Mr. Avrumi "Josh" Lubin should not be permitted to interfere with release of the Net Proceeds. They point to the Limiting Language and argue that Mr. Lubin is not among the parties who may claim an interest in the Net Proceeds. The Court agrees that Mr. Lubin has no ability to seek relief relating to the Net Proceeds.

During the final sale hearing on June 14, 2023, counsel for the trustee informed the Court that Mr. Lubin had months earlier emailed certain other parties active in this case and suggested he might retain counsel in this case on behalf of his entity True Business Funding, LLC. ECF No. 754 at pp. 17-21 (transcript of hearing). Counsel for Hi Bar Capital, LLC confirmed that he had personally communicated with Mr. Lubin and Mr. Lubin was aware of this case. True Business Funding, LLC had not appeared in this case, through counsel or otherwise. However, because the trustee had become aware of that entity the trustee served the order setting the final hearing on the sale motion [ECF No. 667] and a copy of the sale motion on True Business Funding, LLC by overnight mail and on Mr. Lubin by email. ECF

No. 690.  Neither True Business Funding nor Mr. Lubin attended the sale hearing.  On June 20, 2023, the trustee served a copy of the Sale Order on True Business Funding.  ECF No. 699.

After adequate notice of the sale motion, the final hearing on the sale motion, and most importantly the Sale Order, which the Court entered more than two years ago, Mr. Lubin is bound by all terms of the Sale Order including the Limiting Language.  Mr. Lubin is not permitted to seek any relief in connection with release of the Net Proceeds.

Because the Joint Motion asks the Court to interpret and enforce its own Sale Order, the Court has subject matter jurisdiction over the Joint Motion.  The Court should not have denied the Joint Motion in the Amended Order.  It is appropriate for the Court to vacate the Amended Order solely to the extent it denied the Joint Motion.  The Court will re-set the Joint Motion for hearing.

In light of the foregoing, the Court **ORDERS and ADJUDGES** as follows:

1.    *The FVP Parties' Motion for Reconsideration of Amended Order – ECF No. 941 – Denying Joint Motion to Release Registry Funds – ECF No. 938* [ECF No. 943] is GRANTED.

2.    The *Amended Order Denying Motion for Disqualification, Motion to Enforce Sale Order, and Motion to Substitute Parties* [ECF No. 941; the "Amended Order"] is VACATED IN PART solely to the extent it denied the *Expedited Joint Motion (I) To Enforce Sale Order and (II) To Order Distribution of Auction Proceeds to Counsel for the FVP Parties* [ECF No. 931].  In all other regards, the Amended Order remains in full force and effect.

3.    The Clerk will issue a Notice of Hearing on the *Expedited Joint Motion (I) To Enforce Sale Order and (II) To Order Distribution of Auction Proceeds to Counsel for the FVP Parties* [ECF No. 931] to be heard on a regular weekly motion calendar.  If that motion is granted, the hearing set by the *Order to Show Cause Why Certain Funds Held by the Clerk*

*Should Not Escheat to the United States Treasury and Setting Hearing Thereon* [ECF No. 911] will be canceled.

###

Copy Furnished To:

Jerrell Breslin, Esq.

*Jerrell Breslin, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service.*