EXHIBIT "C"

## AUTHORITY TO REPRESENT

Hi Bar Capital, LLC, Mordi Herbst, Yisroel Herbst, Spin Capital, and Josh Lubin  (referred to herein as "Clients") hereby retain and authorize the Leto Law Firm to represent them in the following lawsuits:

- Nicole Testa Mehdipour v. Hi Bar Capital, et. al., Southern District of Florida Case No.: 22-12790-EPK;
- Hi Bar Capital, LLC v. Karma of Palm Beach, Inc., et. al., Broward County Case No.: 22-006401

1.      For services rendered, it is understood that Joshua Lubin has agreed to pay all fees and costs associated with this representation pursuant to the terms of the *Common Interest and Joint Litigation Agreement* dated January 28, 2022, which is incorporated herein by reference. Furthermore, it is understood by Clients that the *Common Interest and Joint Litigation Agreement* provides Mr. Lubin with "the authority to prosecute and settle" the matters and unless terminated pursuant to Section 2(f).  Finally, counsel understands that Spin Capital and Josh Lubin have an interest in the outcome of this case, and while not counsel of record in the case for Spin and Lubin, understands they are a joint client for purposes of this case

2.      For the representation described above, it agreed that Leto Law Firm shall receive an initial $20,000 non-refundable retainer. Although the retainer is non-refundable and deemed earned upon receipt, Clients will not be billed until services rendered on an hourly basis exceed the amount of the non-refundable retainer. Matthew Leto will bill at an hourly rate of $525 per hour and Charlie Gourlis will bill at an hourly rate of $450 per hour. Any paralegal time will be billed at $125 per hour.  In addition to the forgoing, a refundable trial retainer in the amount of $50,000 will be required no later than 30 days prior to any scheduled trial date. Any unused portion of that trial retainer (after application to pending fees) shall be returned at the conclusion of the trial.

3.      In addition to the fees described above, Mr. Lubin also agrees to pay all necessary costs incurred in this matter and out-of-pocket expenses incurred related to this representation. These costs include, but are not limited to, items such as filing fees, costs of serving summonses and subpoenas, witness fees, court reporting fees, expert witness fees, postage, photocopying, parking, certified copies, courier services, travel expenses, photographs, graphics, and records.

4.      As you know, the Firm represents more than one client in this matter. An undertaking by a lawyer to represent more than one client in the same matter is called a "joint representation." The applicable rules of professional responsibility permit the representation of more than one client in the same matter provided that, among other things, the lawyer reasonably believes that he or she can adequately represent each client's interests competently and diligently and each client provides informed consent in writing to the joint representation. Joint representation is, of course, not mandatory in this matter, and you have the right to retain an attorney other than the Firm as your counsel.

We believe, based on the information furnished to us, that the Clients share a common interest with respect to the Engagement. Based upon the information provided to us about the facts of this matter, there does not appear to be an actual conflict among the Clients. It is possible that, however, that, in the future, your goals, objectives and interests in the Engagement might change and become different from that the other Clients. This creates a potential conflict of interest in the Firm's representation of the Clients now and may create an actual conflict of interest in the future. You are entitled to counsel who does not face either a potential or actual conflict of interest. Should you wish to retain the Firm, each Client agrees to waive any potential and/or actual conflict of interest which arises from our Firm's joint representation of the other Clients.

Although we are not currently aware of any actual or reasonably foreseeable adverse effects of joint representation, it is possible that issues may arise in which our representation of you may be materially limited by our representation of the other Clients. And, you acknowledge that it is not possible to predict all of the conflicts which may arise in a matter where multiple clients are being jointly represented. If such circumstances arise, the Firm will evaluate whether continued joint representation is appropriate, as discussed below.

We understand that no Client objects to the Firm representing the other Clients in this matter and that, to the extent that any potential conflict may exist or appear to exist, each Client waives any such conflict. Based on the information provided to us by you, and your expressed desire for joint representation, we have concluded that the Firm may appropriately represent the Clients in this matter at this time. If at any time you have any concerns about the appropriateness of continued joint representation, you should let us know immediately so that we can reevaluate the Firm's continuing joint representation of the Clients. If we become aware of any such circumstances, we will do the same.

In the event that joint representation is no longer appropriate in the Firm's determination, including because of any adversity, dispute, conflict, or differing interests among the Clients, you agree that the Firm may in its sole discretion withdraw from representing any of the Clients and may in its sole discretion continue to represent the other Clients in the Engagement. In such scenario, each Client agrees not to move to disqualify the Firm from continuing to represent the other Clients in any action related to the Engagement, nor will the client authorize any counsel they retain to move for such disqualification.

You also understand that if the Firm were to represent any Client alone in this matter, it would not be able to share the information provided by the Client with anyone except as provided by law. However, when a law firm jointly represents multiple clients in a single matter, there is no privilege which may be asserted as between the clients.  You understand, therefore, that the Firm may elect, as it deems appropriate, to share information provided by you with the other Clients; but you further understand that the Firm may not necessarily share with you all of the information it receives from any other Client. You agree that, should the Firm be discharged by you or should the Firm withdraw from representing you under any of the circumstances described in this Engagement Letter, any information previously acquired by the Firm from you may be used by the Firm in furtherance of its continued representation of the other Clients in this matter.

Your signature below confirms that you have been given the option to consult with independent counsel concerning the conflict and joint representation issues discussed above and have had adequate time to do so, and further confirms that you waive any actual and/or potential conflicts of interest raised by the Firm's joint representation in this matter.

5.      Clients understand that there have been no guarantees made regarding the disposition of any phase of this case. All expressions which relate to the possible results in the case are based strictly on opinion. Likewise, it is impossible to determine in advance the amount of time or expenses needed to complete your case and no assurances of what those costs will ultimately be can be given to you.

6.      All bills for costs incurred shall be payable upon receipt. In addition, Clients and Mr. Lubin agree to carefully review all statements and to promptly notify this firm in writing of any errors or discrepancies in billing within twenty (20) days of the date of the statement.

7.      As permitted by law, an award of legal fees and/or costs may be sought from the opposing party. The payment of such fees shall not be determinative of the amount owed by Clients. Clients understands that the pursuit of an award of attorney's fees is an additional service and any time required to collect the amount due from the opposing party will also be chargeable to Clients.

8.      Representation in this matter will be withdrawn if Clients misrepresent or fail to disclose material facts, or if Clients fails to cooperate or follow advice as given, or if Clients do not make the payments required by this agreement. If suit must be filed for the collection of any sums due under this agreement, then Clients shall pay reasonable attorney's fees together with court costs for collection of such unpaid amounts. In addition, should Clients fail to timely pay for services rendered, Clients acknowledge that an attorney's charging lien and/or retaining lien may be placed against any proceeds or assets you receive or retain pursuant to this matter.

9.      Clients understand that this representation is limited to the matter described above. Should any appeal proceedings be required, a new fee agreement for that appeal will have to be signed.

10.     The provisions of this agreement may be disclosed to the Court in connection with any application for fees and services which may be rendered on Clients' behalf and the Court may be advised by the undersigned of any amounts that have been received on account of fees and costs.

9      This agreement contains the entire understanding between us and may not be varied or modified unless in writing.

11.     FLORIDA LAW GOVERNS THIS FEE AGREEMENT AND ITS TERMS AND CONDITIONS (EXCLUDING FLORIDA'S CONFLICT OF LAW RULES) AND YOU CONSENT TO EXCLUSIVE JURISDICTION AND VENUE IN A COURT IN MIAMI DADE COUNTY, FLORIDA FOR RESOLUTION OF ANY DISPUTE ARISING FROM OR RELATED TO THIS FEE AGREEMENT.

12.    If the above correctly and fully sets forth our agreement, please sign a copy hereof where indicated below and return it with the initial retainer fee.

13.    YOU UNDERSTAND THAT LETO LAW FIRM DOES NOT HAVE THE AUTHORITY PROCEED UNTIL SUCH TIME AS THIS DOCUMENT IS SIGNED BY ALL PARTIES.

THIS IS A LEGALLY BINDING CONTRACT.  BEFORE SIGNING, PLEASE READ IT CAREFULLY AND BE SURE YOU UNDERSTAND ALL OF ITS CONTENTS.  IF THERE IS ANYTHING YOU DO NOT UNDERSTAND, PLEASE ASK. DO NOT HESITATE TO HAVE THIS AGREEMENT REVIEWED BY ANOTHER ATTORNEY OF YOUR CHOICE.

READ, APPROVED AND ACCEPTED THIS __ DAY OF_____, 2023.

By: _____
Mordechai Herbst (Aug 1, 2023 12:46 EDT)
Hi Bar Captial, LLC

_____
Address:  2250 59th street Brooklyn NY
Business Telephone:   929-491-9130
Cellular Telephone:   929-491-9130
E-Mail: Mordi@hibarcapital.com

By: _____
Mordechai Herbst (Aug 1, 2023 12:46 EDT)
Mordi Herbst

_____
Address:  2250 59th street Brooklyn NY
Business Telephone:   929-491-9130
Cellular Telephone:   929-491-9130
E-Mail: Mordi@hibarcapital.com

By: _____
Yisroel M Herbst (Aug 1, 2023 17:50 GMT+1)
Yisroel Herbst

_____
Address:  2250 59th Street Brooklyn NY 11204
Business Telephone:   91757738882
Cellular Telephone:   9175773882
E-Mail: Ymherbst@gmail.com

By: _____
Joshua Lubin (Aug 1, 2023 18:42 GMT+2)

Joshua Lubin

Address: 1460 arboretum pkwy lakewood  NJ 0i8701

Business Telephone: 732-608-4905

Cellular Telephone: 732-608-4905

E-Mail: Josh@spincapital.com

The above employment is hereby accepted upon the terms stated above.

Dated:_____          _____

Matthew Leto

LETO LAW FIRM

# Authority to Represent - Hi-Bar Matters

Final Audit Report                                                              2023-08-01

| | |
|---|---|
| Created: | 2023-08-01 |
| By: | Matthew Leto (mleto@letolawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAX2MzRrj-KnxuofdWUFMwj9Lj5tx_WLA5 |

## "Authority to Represent - Hi-Bar Matters" History

Document created by Matthew Leto (mleto@letolawfirm.com)
2023-08-01 - 2:47:45 PM GMT- IP address: 38.132.160.173

Document emailed to josh@spincapital.com for signature
2023-08-01 - 2:50:34 PM GMT

Email viewed by josh@spincapital.com
2023-08-01 - 4:39:45 PM GMT- IP address: 174.208.226.102

Signer josh@spincapital.com entered name at signing as Josh Iubin
2023-08-01 - 4:42:05 PM GMT- IP address: 174.208.226.102

Document e-signed by Josh Iubin (josh@spincapital.com)
Signature Date: 2023-08-01 - 4:42:07 PM GMT - Time Source: server- IP address: 174.208.226.102

Document emailed to mordi@hibarcapital.com for signature
2023-08-01 - 4:42:08 PM GMT

Email viewed by mordi@hibarcapital.com
2023-08-01 - 4:44:16 PM GMT- IP address: 104.47.66.126

Signer mordi@hibarcapital.com entered name at signing as Mordechai Herbst
2023-08-01 - 4:46:35 PM GMT- IP address: 69.118.107.4

Document e-signed by Mordechai Herbst (mordi@hibarcapital.com)
Signature Date: 2023-08-01 - 4:46:37 PM GMT - Time Source: server- IP address: 69.118.107.4

Document emailed to ymherbst@gmail.com for signature
2023-08-01 - 4:46:38 PM GMT

Email viewed by ymherbst@gmail.com
2023-08-01 - 4:47:32 PM GMT- IP address: 86.8.175.20

![Adobe Acrobat Sign]

Signer ymherbst@gmail.com entered name at signing as Yisroel M Herbst

2023-08-01 - 4:49:59 PM GMT- IP address: 86.8.175.20

Document e-signed by Yisroel M Herbst (ymherbst@gmail.com)

Signature Date: 2023-08-01 - 4:50:01 PM GMT - Time Source: server- IP address: 86.8.175.20

Agreement completed.

2023-08-01 - 4:50:01 PM GMT

Adobe Acrobat Sign