IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-05125

FVP OPPORTUNITY FUND III, LP, a Delaware limited partnership; FVP INVESTMENTS, LLC, a Delaware limited liability company; and FVP SERVICING, LLC, a Delaware limited liability company,

     Plaintiffs,

vs.

HI BAR CAPITAL, LLC, YISROEL HERBST, AVRUMI (JOSH) LUBIN, ET AL.,

     Defendants.

_____/

## FVP PARTIES URGENT *EX PARTE* MOTION
### Confidential Court Filing - Fla. R. Gen. Prac. & Jud. Admin. Rule 2.420

COME NOW the Plaintiffs, the "FVP Parties", by and through their undersigned attorneys, and bring to the attention of the Court an extraordinarily troubling ex-parte communication from adverse party Josh Lubin to undersigned counsel which, if accurate, strikes at the heart of a fair judicial process and could well comprise a fraud upon the court in addition the obvious ethical and Bar Rule considerations stated therein.

For reasons that are self-evident from the communication, **Exhibit A**, this motion is made ex-parte and filed as a confidential court document. By this motion the FVP Parties seek full discovery of the misconduct alleged in the email, including the disclosure to all parties of the attachments to the August 24, 2024 Josh Lubin to Breslin Email, and the depositions of attorneys Matthew Leto, Brian Dervishi, Bernard Egozi and Oliver Griffin after discovery has been provided.

Undersigned counsel for the FVP Parties states as follows:

1. On August 24, 2024 Josh Lubin sent the attached email to undersigned counsel Jerry Breslin:

    Mr Breslin,

Leto's engagement attached. He was supposed to be representing Spin/me and had obviously failed to do so. Leto cannot be on this case anymore. He failed to protect my interest and should immediately withdraw from the case

Please do not contact Oliver or Bernie as they have committed serious misconduct as well. I am in the process of retaining a new lawyer and will keep you updated.

I am happy to jump on a call without an attorney as well. Let me know. Maybe there's some type of resolution that can be put into place.

Mr Leto,

I am instructing you per the JDA to withdraw from the state karma case immediately. You need to withdraw due to conflict as well. I will be filing a disqualified motion if you do not withdraw immediately. You should've withdrawn from day one. This is serious misconduct.

I am demanding you notify me immediately how much money is in your escrow and a complete breakdown. I believe you received funds on behalf of my claim without my permission and I need those funds turned over immediately or I will be filing for emergency relief.

2.  Attached were two documents:

    a.  "Authority to Represent" which is a retainer agreement between Matthew Leto and Hi Bar Capital, LLC, Mordi Herbst, Yisroel Herbst and Josh Lubin.

    b.  "Common Interest Agreement and Joint Litigation Agreement" [1],

    See **Exhibit A.**

3.  As is seen in the "Authority to Represent", and completely inconsistent with the representations to this Court from the inception of this case, this entire time Mr. Leto has been secretly representing Josh Lubin and Spin in addition to his other clients Herbst and Hi Bar. The "Authority to Represent" identifies Josh Lubin and Spin as a client and further states: "Finally, counsel understands that Spin Capital and Josh Lubin have an interest in the outcome of this case, and while not counsel of record in the case for Spin and Lubin, understands they are a joint client for purposes of this case".

4.  Lubin has now accused attorneys Leto, Egozi and Griffin of "serious misconduct".

5.  The FVP Parties have motions pending hearing alleging misconduct, but, assumedly different

---

[1] The "Common Interest Agreement and Joint Litigation Agreement" was already submitted to this Court on July 17, 2024 for In Camera review and the FVP Parties are awaiting the Court to advise if the FVP Parties should schedule a hearing on the matter. **Exhibit B**.

misconduct on the part of Hi Bar and Lubin's attorneys. See Filing # 202459500 E-Filed 07/12/2024 09:32:45 PM - <u>Motion to Compel Discovery Based on the Intentional Withholding of Evidence</u>.

6. This motion and email communication are filed ex-parte and as a confidential court document to both comply with Josh Lubin's request that attorneys Egozi and Griffin, who were not copied with the email, not be notified as well as to maintain these allegations out of the public record pending discovery and investigation by the FVP Parties of the merits of the allegations. This to protect the reputations of the attorneys if the allegations are not true.

7. The FVP Parties are the victims in this lawsuit and seek the intervention of this Court. There can now be no reasonable dispute that the fraud alleged in the complaint has extended past the filing of this lawsuit and has invaded the discovery process. See Filing # 202459500 E-Filed 07/12/2024 09:32:45 PM - <u>Motion to Compel Discovery Based on the Intentional Withholding of Evidence</u>.

8. At this stage, based on the August 24, 2024 Josh Lubin to Breslin Email **Exhibit A**, good cause exists for this Court to order the release of the "Authority to Represent" and "Common Interest Agreement and Joint Litigation Agreement" to all parties of interest in this litigation; and to further order that Herbst, Hi Bar, Lubin and Spin, and attorneys Leto, Egozi, Dervishi and Griffin, and any associates who worked on this case in those firms, be subject to both full discovery and depositions regarding the subject matter of the revealed documents.

9. Fraud on the court typically involves a party engaging in a scheme calculated to improperly influence the trier of fact or to unfairly hamper the opposing party's presentation of a claim or defense. *Goga v. Publix Supermarkets, Inc.,* 383 So.3d 490 (2024).

10. Courts have the inherent authority to investigate and address instances of fraud upon the court. *Ramey v. Haverty Furniture Companies, Inc.,* 993 So.2d 1014 (2008). This authority is crucial for maintaining the integrity of the judicial system and ensuring that the adjudication process is impartial. *E.I. DuPont De Nemours & Co., Inc. v. Sidran,* 140 So.3d 620 (2014).

It is therefore requested that this Honorable Court:

1. Review the August 24, 2024 Lubin to Breslin email and attachments. **Exhibit A**.

2. Review the July 3, 2024 Lubin email to Keith Lee and Breslin and attachment together

with the motion for in Camera review. **Exhibit B.**

3. Order the unrestricted release of the "Authority to Represent" and "Common Interest Agreement and Joint Litigation Agreement" to all parties of interest in this Case.

4. Order that Herbst, Hi Bar, Lubin and Spin, and attorneys Leto, Egozi, Dervishi and Griffin, and any associates who worked on this case in those firms, be subject to both full discovery and depositions regarding the subject matter of the "Authority to Represent" and "Common Interest Agreement and Joint Litigation Agreement" as well as any misconduct as claimed by Josh Lubin in the August 24, 2024 Josh Lubin to Breslin Email.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of the Courts and served via email through the Florida Courts eFiling Portal in accordance with Rule 2.516 of the Florida Rules of Judicial Administration upon all counsel of record on August 25, 2024

Respectfully submitted,

**Schwartz | Breslin PLLC**
**Fl. Rule of Jud. Admin. 2.516 Notice**
**Primary email: EService@JSJB.LAW**
**Secondary Email: JB@JSJB.LAW**

**s/ Jerry Breslin**

Jerry Breslin Esq.
Fla. Bar # 269573
Email: JB@JSJB.Law
Schwartz | Breslin, Attorneys at Law
The DuPont Building
169 East Flagler Street
Suite 700
Miami, Fl 33131
Tel.: 305-577-4626
Fax.: 305-577-4630

**/s/ Jonathan Noah Schwartz, Esq.**

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Email: JS@JSJB.Law

Schwartz | Breslin, Attorneys at Law

**COHEN & MCMULLEN, P.A.**

**/s/ Bradford Cohen, Esq.**
**/s/ Michael J. McMullen, Esq.**

1132 SE 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656

Page 5 of 5

# EXHIBIT A

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**Exhibit A**

**Jerry Breslin**

| | |
|---|---|
| **From:** | Josh Lubin <josh@spincapital.com> |
| **Sent:** | Saturday, August 24, 2024 1:37 AM |
| **To:** | klee@feenixpartners.com; Jerry Breslin; Jerry Breslin |
| **Cc:** | Scott Zankl; Harry Winderman; mleto@letolawfirm.com; Brad S. Shraiberg; Shaya Baum; Yisroel Herbst; david@softnesslaw.com |
| **Subject:** | Re: Hi Bar v Karma Assignment to Spin Capital Effective January 28th 2022 |
| **Attachments:** | Authority to Represent - Hi-Bar Matters - signed(1).pdf; Spin_Capital_-_Excell_Auto_Group_-_Common_Interest_and_Joint_Litigation_Agreement_(Hi_Bar_Capital_-_.pdf |
| **Importance:** | High |
| **Categories:** | Bitdefender: Safe |

Mr Breslin,

Leto's engagement attached. He was supposed to be representing Spin/me and had obviously failed to do so. Leto cannot be on this case anymore. He failed to protect my interest and should immediately withdraw from the case

Please do not contact Oliver or Bernie as they have committed serious misconduct as well. I am in the process of retaining a new lawyer and will keep you updated.

I am happy to jump on a call without an attorney as well. Let me know. Maybe there's some type of resolution that can be put into place.

Mr Leto,

I am instructing you per the JDA to withdraw from the state karma case immediately. You need to withdraw due to conflict as well. I will be filing a disqualified motion if you do not withdraw immediately. You should've withdrawn from day one. This is serious misconduct.

I am demanding you notify me immediately how much money is in your escrow and a complete breakdown. I believe you received funds on behalf of my claim without my permission and I need those funds turned over immediately or I will be filing for emergency relief.

Brad,

I had no knowledge until Friday that Franklin filed counterclaims against Spin. None of my attorneys notified about the claims or the agreed orders (I never agreed to them or had any knowledge of them) Let's up a call with my new attorney this week.

Get Outlook for iOS

---

**From:** Josh Lubin
**Sent:** Wednesday, July 3, 2024 12:05:33 PM

1

**To:** klee@feenixpartners.com <KLEE@feenixpartners.com>; Jerry Breslin <jb@jsjb.law>; Jerry Breslin <jb@richardbaronlaw.com>
**Cc:** Scott Zankl <scott@excellauto.com>; Harry Winderman <hw@whcfla.com>; Oliver Griffin <oliver.griffin@griffinlawllp.com>
**Subject:** Hi Bar v Karma Assignment to Spin Capital Effective January 28th 2022

Keith,

See assignment of claim/JDA attached. Herbst failed to cooperate with the terms in the agreement attached. We will be enforcing the agreement attached.


*Sincerely,*
*Josh Lubin*
*President*
*Spin Capital*
*Office:* **786-496-9502**
**Cell:** **732-608-4905**
**josh@spincapital.com**

2

# Email Attachment

# ATTACHED EXHIBIT SUBMITTED *IN CAMERA*

# Email Attachment

# ATTACHED EXHIBIT SUBMITTED *IN CAMERA*

# EXHIBIT B

**Exhibit B**

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-05125

FVP OPPORTUNITY FUND III, LP, a Delaware
limited partnership; FVP INVESTMENTS, LLC, a
Delaware limited liability company; and FVP
SERVICING, LLC, a Delaware limited liability
company,

      Plaintiffs,

vs.

KARMA OF BROWARD, INC., a Florida
corporation, *et al*.

      Defendants.

_____/

## THE FVP PARTIES MOTION FOR *IN CAMERA* REVIEW

### OF ASSIGNMENT AND SETTLEMENT
### PROVIDED TO THE FVP PARTIES BY DEFENDANT LUBIN

The Plaintiffs, the "FVP Parties", by and through their undersigned counsel, move to compel the production, examination regarding, and use at trial, of a "Common Interest and Joint Litigation Agreement" that was emailed from Defendant Josh Lubin to party Keith Lee, on July 3, 2024.

**From:** Josh Lubin
**To:** klee@feenixpartners.com; Jerry Breslin; Jerry Breslin
**Cc:** Scott Zankl; Harry Winderman; Oliver Griffin
**Subject:** Hi Bar v Karma Assignment to Spin Capital Effective January 28th 2022
**Date:** Wednesday, July 3, 2024 12:05:46 PM
**Attachments:** Spin_Capital_-_Excell_Auto_Group_-
_Common_Interest_and_Joint_Litigation_Agreement_(Hi_Bar_Capital_-_.pdf
**Importance:** High

Keith,
See assignment of claim/JDA attached. Herbst failed to cooperate with the terms in the agreement attached. We will be enforcing the agreement attached.

*Sincerely,*
*Josh Lubin*
*President*
*Spin Capital*

- 1 -

(email without agreement attached as Exhibit A.)

The proper procedure in this circumstance is:

1.  For the Court to review the self-described "assignment of claim" (Common Interest and Joint Litigation Agreement ) ("Agreement"), *in camera*.

2.  Permit the use of the entire Agreement or any portion of the Agreement that is not protected by privilege.

Here, the Agreement submitted *in camera* is completely discoverable for the following reasons:

1.  The Agreement is an assignment as described and defined therein. *See* Section 2.

2.  The Agreement is a settlement agreement. *See* Section 3.

3.  Common Interest or Privilege is not addressed until Section 8.

4.  The Agreement on its face states that the Agreement is to be governed by New York law. In New York such agreements are strictly construed and apply only to "communications". In the case of *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.,* Court of Appeals of New York., June 09, 2016,  27 N.Y.3d 616, 57 N.E.3d 30; the New York Court of Appeals ruled that the common interest doctrine applies only to communications relevant to litigation, either pending or anticipated (*Riverkeeper, Inc. v. Port Authority of New York and New Jersey,* 66 Misc.3d 250 (2019)). This suggests that any agreement not deemed a communication would not be protected under the common interest exception and therefore discoverable.

5.  Lubin, the sender, has waived any privilege claim by the sending of the document to party Keith Lee. Accordingly, only Hi Bar has a voice in objecting.

Here it is suggested that this Agreement is an assignment and settlement agreement under the guise of a protected agreement.,  In *In re Takata Airbag Products Liab. Litig.,* 15-02599-MD, 2020 WL 13310564, (S.D. Fla. Mar. 7, 2020), report and recommendation adopted, 15-02599-MD, 2020 WL 13310527 (S.D. Fla. May 17, 2020), a special master issued a report and recommendation on motion to compel production of a joint defense agreement. There, the special

master "conducted a detailed in camera review of the Joint Defense Agreement . . . to ascertain its relevance and the applicability of any potential privileges." *Id.* at *2. In doing so, the special master noted that "such "[a]greements may serve more than one purpose and may contain more than one agreement within them." *Id.* **Meaning that a joint defense agreement could "serve[] dual-purposes, containing both settlement provisions, which [are] . . . discoverable, and joint-defense provisions, which . . . [are] not . . . discoverable." *Id.* (alterations added). The special master further noted that "the relevancy of a joint defense agreement depends upon the language in the agreement." *Id.* at *3 (quoting *Warren Distrib. Co. v. InBev USA LLC*, No. 0701053 (RBK), 2008 WL 4371763, at *2 (D.N.J. Sept. 18, 2008)).

Here, the Agreement is relevant as it is evidence of the conspiracy pled in the complaint. Here, Defendant Josh Lubin was the mastermind of this conspiracy and engaged in fraudulent practices, including creating what would appear to be a payment by Hi Bar to Spin / Lubin, when, in fact, Lubin / Spin wired the money back within the same hour.

Although, like the agreement at issue in *In re Takata Airbag Products Liab. Litig.*, this contains a section for the sharing of privileged and confidential information between the parties – it also is a black and white assignment and settlement agreement, both of which are discoverable.

In *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 2008 WL 756455 (S.D. Fla. Mar. 11, 2008), the court noted that the agreement in that case contained settlement provisions and ordered those sections released. Here only Sections 8 and 9 should be protected, if any.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of the Courts and served via email through the Florida Courts eFiling Portal in accordance with Rule 2.516 of the Florida Rules of Judicial Administration upon all counsel of record.
On July 11, 2024

Respectfully jointly submitted,

**Schwartz | Breslin PLLC**
**Counsel for Plaintiffs**
**Fl. Rule of Jud. Admin. 2.516 Notice**
**Primary email: EService@JSJB.LAW**
**Secondary Email: JB@JSJB.LAW**

**s/ Jerry Breslin**

- 3 -

Jerry Breslin Esq.
Fla. Bar # 269573
Email: JB@JSJB.Law
Schwartz | Breslin, Attorneys at Law
The DuPont Building
169 East Flagler Street
Suite 700
Miami, Fl 33131
Tel.: 305-577-4626
Fax.: 305-577-4630

**/s/ Jonathan Noah Schwartz, Esq.**

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Email: JS@JSJB.Law
Schwartz | Breslin, Attorneys at Law

**COHEN & MCMULLEN, P.A.**

**/s/ Bradford Cohen, Esq.**

**/s/ Michael J. McMullen, Esq.**

1132 SE 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656

# EXHIBIT A

**Exhibit A**

| **From:** | Josh Lubin |
|---|---|
| **To:** | klee@feenixpartners.com; Jerry Breslin; Jerry Breslin |
| **Cc:** | Scott Zankl; Harry Winderman; Oliver Griffin |
| **Subject:** | Hi Bar v Karma Assignment to Spin Capital Effective January 28th 2022 |
| **Date:** | Wednesday, July 3, 2024 12:05:46 PM |
| **Attachments:** | Spin Capital - Excell Auto Group - Common Interest and Joint Litigation Agreement (Hi Bar Capital - .pdf |
| **Importance:** | High |

Keith,

See assignment of claim/JDA attached. Herbst failed to cooperate with the terms in the agreement attached. We will be enforcing the agreement attached.


*Sincerely,*
*Josh Lubin*
*President*
*Spin Capital*
*Office:* **786-496-9502**
**Cell: 732-608-4905**
**josh@spincapital.com**

# ATTACHED EXHIBIT SUBMITTED *IN CAMERA*