UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

      Debtor.                                               Chapter 7

_____/

**EXPEDITED JOINT MOTION TO ORDER DISTRIBUTION
OF AUCTION PROCEEDS TO COUNSEL FOR THE FVP PARTIES
PURSUANT TO STATE COURT ORDER**

**\*\* Expedited Hearing Requested \*\***

**The Court has scheduled a show cause hearing on August 27, 2205, regarding auction proceeds held in the registry.  A court of competent jurisdiction has recently determined that Avrumi "Josh" Lubin, who previously objected to the release of the funds, lacks authority to do so.**

**The movants, whose initial request for the release of the funds was denied due to the Lubin objection, therefore renew their request and request that this motion be heard on or before August 27, 2025.**

This motion is being filed jointly by the following parties: (1) Franklin Capital Funding, LLC, Franklin Capital Group, LLC and Franklin Capital Management, LLC (jointly and severally, "Franklin" or the "Franklin Parties"), (2) FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (jointly and severally, "FVP" or the "FVP Parties"), and (3) Hi Bar Capital, LLC ("Hi Bar").  Franklin, FVP and Hi Bar (together, the "Movants"), pursuant to 11 U.S.C. § 105(a) and the inherent authority of the Court, respectfully request that the Court interpret and enforce the *Order Granting in Part Expedited Motion to Authorize Sale* (the "Sale Order") as set forth hereinbelow.  ECF No. 694.

{2425/000/00549705}

1.      By prior motion (the "Initial Motion"), the Movants sought to have the Net Proceeds released to the escrow account of counsel for the FVP Parties.  ECF No. 931.[1]

2.      Lubin objected to the Initial Motion and asserted an interest in the Net Proceeds based on a common interest agreement with Hi Bar.  ECF No. 950.

3.      After review, the Court determined that it lacked subject matter jurisdiction to resolve the issues raised by Lubin and referred the parties to a court of competent jurisdiction.  ECF No. 952.

4.      On August 14, 2025, the Circuit Court of Broward County, Florida (the "State Court") entered an order fully resolving the issues raised by Lubin (the "State Court Order").  The State Court Order finds *inter alia* that the common interest agreement was terminated, that Lubin lacks any ability to interfere with the Movants' settlement agreement, and that Lubin lacks any interest in the Net Proceeds.

5.      A copy of the State Court Order is attached as **EXHIBIT "A"**.

6.      Accordingly, nothing precludes the Court from enforcing the Sale Order and ordering the distribution of the Net Proceeds to the trust account of counsel for the FVP Parties.  *See* Sale Order ¶ 8.

---

[1]      Capitalized terms shall have the meanings ascribed to them in the Initial Motion unless otherwise defined herein.

{2425/000/00549705}

WHEREFORE, the Movants respectfully request the entry of an order (1) interpreting and enforcing the Sale Order, (2) directing that the auction proceeds in the registry of the Court be disbursed to the trust account of counsel for the FVP Parties, Schwartz Breslin PLLC, there to be further disbursed in accordance with the settlement agreement between the Movants, and (3) grant such other relief the Court deems appropriate.

| | |
|---|---|
| **SHRAIBERG PAGE, P.A.**<br>Attorneys for Franklin<br>2385 NW Executive Center Drive, #300<br>Boca Raton, Florida 33431<br>Telephone: 561-443-0800<br>Facsimile: 561-998-0047 | **LETO LAW FIRM**<br>Attorneys for Hi Bar<br>201 South Biscayne Blvd., Sute. 201<br>Miami, Florida 33131<br>Telephone: (305) 341-3155<br>Facsimile: (305) 397-1168 |
| By: /s/ Patrick R. Dorsey<br> Patrick R. Dorsey, Esq.<br> Fla. Bar. No. 0085841 | By: /s/ Matthew P. Leto<br> MATTHEW P. LETO<br> FBN: 14504 |

Schwartz Breslin PLLC
Attorneys for FVP
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
By: s/ Jerrell Breslin
Jerrell Breslin, Esq.
Fla Bar No: 269573

{2425/000/00549705}

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing on August 14, 2025.

By: /s/ Patrick R. Dorsey
      Patrick R. Dorsey, Esq.
      Fla. Bar. No. 0085841

{2425/000/00549705}

# EXHIBIT A

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE22005125**   DIVISION: **07**   JUDGE: **Haimes, David A (07)**

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____ /

**ORDER ON JOINT MOTION TO ENDORSE SETTLEMENT**

THIS CAUSE came before the Court for hearing on August 13, 2025, on the *Joint Motion to Endorse Settlement Agreement* filed (the "Motion") jointly by: (1) Plaintiffs, FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC (jointly and severally, the "FVP Parties"); (2) Defendants/Cross-Plaintiffs, Franklin Capital Funding, LLC, Franklin Capital Group, LLC, and Franklin Capital Management, LLC (jointly and severally, the "Franklin Parties"); and (3) Defendants, Yisroel Herbst, Mordechai Herbst, and Hi Bar Capital, LLC (jointly and severally, the "Hi Bar Parties"). Present at the hearing were counsel for the FVP Parties, Franklin Parties, and Hi Bar Parties, together with: (1) David Langley, Esq., counsel for Defendant Avrumi "Josh" Lubin ("Avrumi Lubin") and (2) Micheal J. Kasen, Esq, who the Court admitted pro hac vice as co–counsel for Avrumi Lubin prior to the hearing and who participated via Zoom at the hearing in support of the objections filed and otherwise raised by Avrumi Lubin. Other attorneys listened to the hearing regarding the Motion on Zoom but did not participate therein.

After reviewing the Motion and other relevant documents, including the Common Interest and Joint Litigation Agreement ("Common Interest Agreement") between Hi Bar Capital, LLC ("Hi Bar") and Spin Capital, LLC ("Spin"), and the letter terminating that agreement dated April 3, 2024, and after hearing the arguments of counsel for all parties, the Court makes the following findings of fact and conclusions of law:

1. Beginning in the fall of 2022, the FVP Parties, Franklin Parties, and Hi Bar Parties were each parties in Adversary Proceeding No. 22-01218-EPK, which was pending in the United States

Bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the "Bankruptcy Court"). The parties in the adversary proceeding were litigating their respective claims to vehicles removed from the Karma of Palm Beach, Inc. lot by other Defendants in this action, and which were claimed as part of the bankruptcy estate *In re: Auto Wholesale of Boca, LLC,* Case No: 22-15627-EPK, a bankruptcy case which was also pending in the Bankruptcy Court. That bankruptcy case proceeded to a two-day evidentiary hearing in March 2023, after which the Bankruptcy Court converted the case to a Chapter 7. *See* Case No: 22-15627-EPK – [ECF No. 584].

2. On June 23, 2023, pursuant to an agreement between the FVP Parties, Franklin Parties, Hi Bar Parties and the Chapter 7 Trustee, and at the Chapter 7 Trustee's request, the Bankruptcy Court endorsed said agreement, ordered the vehicles sold, and directed that the Net Proceeds from the sale be held as and distributed as follows:

> 8. The proceeds of the Auction, net of the Buyer's Premium, Expenses and Carveout (such net proceeds shall be referred to herein as the "Net Proceeds"), shall be held pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds or consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein. Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds.

> 9. The Trustee, as the duly appointed chapter 7 trustee of the bankruptcy estate of Auto Wholesale of Boca, LLC, hereby waives all Liens and Interests, including any lien, ownership interest, property interest, security interest, or any other claim (as such term is defined in 11 U.S.C. § 101(5)) or interest of any kind whatsoever in the Net Proceeds and Vehicles. For the avoidance of doubt, the waiver includes any allegation that Auto Wholesale of Boca, LLC was a good faith purchaser of the Vehicles in the ordinary course under Fla. Stat. §§ 671.201(9) and 679.320(1).

> 10. The waiver of the Liens and Interests by the Trustee, as set forth in the preceding paragraph, is binding on Auto Wholesale of Boca, LLC in any future controversy, litigation, or any other dispute arising from or concerning the Net Proceeds. Auto Wholesale of Boca, LLC does not possess any Liens or Interests in the Net Proceeds, including any lien, security interest, or ownership or property interest whatsoever.

[See *Order Granting in Part Expedited Motion to Authorize Sale* [ECF. 618] at [ECF. 694] at ¶ ¶ 6, 8 and 10]. (the "Bankruptcy Court Sale Order"). The terms "Adversary Proceeding" and "Net Proceeds" shall have the meanings ascribed to them in the Bankruptcy Court Sale Order.

3. Thus, per the Bankruptcy Court Sale Order, the Net Proceeds were to be held in the registry of the Bankruptcy Court pending the occurrence of either: (i) adjudication by a court of competent jurisdiction as to the validity, priority and extent of interests in the Net Proceeds, or (ii) "consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein."

4. On July 26, 2025, the FVP Parties, Franklin Parties, and Hi Bar Parties entered into the consensual resolution (the "Settlement Agreement") contemplated by Bankruptcy Court Sale Order and filed a motion for the Bankruptcy Court to release the Net Proceeds pursuant to the consensual resolution. In response, Avrumi Lubin filed objections in the Bankruptcy Court and argued that Avrumi Lubin was the assignee of Hi Bar's rights and that Hi Bar had no authority to enter into the Settlement Agreement. In support of Avrumi Lubin's argument, he filed of record the Common Interest Agreement and an assignment of Spin's rights to Avrumi Lubin.

5. The Bankruptcy Court initially denied the FVP Parties', Franklin Parties', and Hi Bar Parties' joint motion for release of the funds, and after reconsideration, ultimately denied such motion, on the basis that it lacked subject matter jurisdiction to consider the dispute raised by Lubin regarding the enforceability and termination of the Common Interest Agreement.

6. In doing so the Bankruptcy Court specifically referred the dispute between Avrumi Lubin and Hi Bar to this Court as the court with jurisdiction to "determine which of the Movants and Mr. Lubin have rights in the Net Proceeds. The Court encourages the parties to seek appropriate rulings in the Broward Action." See *Order Denying Expedited Joint Motion*, [ECF. 952] at p 9.

7. This Court reviewed the Common Interest Agreement as well as a termination letter issued by the attorney for Hi Bar on April 3, 2024 and heard detailed argument by counsel for Avrumi Lubin, the Hi Bar Parties, FVP Parties and Franklin Parties.

8. This Court finds that Avrumi Lubin has no rights or standing to interfere with the Hi Bar settlement based on the plain language of the Common Interest Agreement. The Court further finds that the Common Interest Agreement was terminated by Hi Bar on April 3, 2024. The Court further notes that Avrumi Lubin took no action to refute Hi Bar's contractually permitted termination until the FVP Parties, Franklin Parties, and Hi Bar Parties came to a Settlement Agreement.

9. The Court finds that Hi Bar had the power and authority to enter into the Settlement Agreement with the FVP Parties and Franklin Parties. Avrumi Lubin, on the other hand, has no right or standing to object to the Settlement Agreement.

Accordingly, and for the reasons stated on the record at the August 13, 2025 hearing (court reporter present), which are incorporated herein by reference, it is hereby:

**ORDERED AND ADJUDGED** as follows:

10. This Court is the court of competent jurisdiction to resolve the dispute between Hi Bar and Avrumi Lubin as contemplated by the *Order Denying Expedited Motion* [ECF. 952] issued by the Bankruptcy Court.

11. This Court has reviewed the Common Interest Agreement, the termination letter and applicable law and has determined that neither Avrumi Lubin, nor any of this affiliated entities, have any rights to the Net Proceeds as that term is defined in the *Bankruptcy Court Sale Order* [ECF. 694] and *Order Denying Expedited Joint Motion*, [ECF. 952].

12. The Joint Motion to Endorse Settlement Agreement filed by the FVP Parties, Franklin Parties, and Hi Bar Parties is hereby **GRANTED** in its entirety.

13. Pursuant to the Settlement Agreement between the FVP Parties, Franklin Parties, and Hi Bar Parties, as stated to this Court on the record, the Net Proceeds should be distributed to the trust account of counsel for the FVP Parties.

14. This Court contemplates that this Order shall be filed of record in the Bankruptcy Court to inform the Bankruptcy Court that the dispute between Avrumi Lubin and Hi Bar regarding their relative rights in the Net Proceeds in the court registry has been resolved by a court of competent jurisdiction.

15. The FVP Parties, Franklin Parties, and Hi Bar Parties shall serve a copy of the Settlement Agreement on counsel for Avrumi Lubin and the Farache Defendants within five (5) days of this order.

16. The *ore tenus* motion to stay the effect of this order made by counsel for Avrumi Lubin is **DENIED**. As time is of the essence, this order shall have immediate effect and is binding unless vacated by court order or stayed by an appropriate court of appellate jurisdiction.

17. This Court retains jurisdiction to enforce this order as required.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>14th day of August, 2025</u>.

<u>CACE22005125 08-14-2025 3:31 PM</u>
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Amanda Klopp , E-mail : jeanette.martinezgoldberg@akerman.com
Amanda Klopp , E-mail : luke.bovat@akerman.com
Amanda Klopp , E-mail : amanda.klopp@akerman.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Avrumi Lubin , E-mail : josh@spincapital.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Bridgette N. Thornton, Esq. , E-mail : freelancethornton@gmail.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
Charles Gourlis , E-mail : kzelaya@letolawfirm.com
Charles Gourlis , E-mail : pleadings@letolawfirm.com
David B Marks , E-mail : brett.marks@akerman.com
David B Marks , E-mail : charlene.cerda@akerman.com
David W Langley , E-mail : emily@flalawyer.com
David W Langley , E-mail : dave@flalawyer.com
David W Langley , E-mail : jessica@flalawyer.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com

Elliot B Kula , E-mail : elliot@kulalegal.com
Ethan J Strauss , E-mail : ethan@floridajusticefirm.com
Ethan J Strauss , E-mail : Ethan.HYRW@case.tinygnomes.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel L. Wiegert, Esq. , E-mail : Joel.Wiegert@KutakRock.com
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan E Kanov , E-mail : jekanov@mdwcg.com
Jonathan E Kanov , E-mail : kafriday@mdwcg.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Keith Lee , E-mail : klee@feenixpartners.com
Kristin Zankl , E-mail : kzankl@att.net
Legal Assistant , E-mail : receptionwlg300@gmail.com
Luke T Jacobs , E-mail : service@wdpalaw.com
Luke T Jacobs , E-mail : ljacobs@wdpalaw.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Michael James McMullen , E-mail : Michael@FloridaJusticeFirm.com
Michael James McMullen , E-mail : McMullen.ZCKM@case.tinygnomes.com
Nelly Pena , E-mail : janet.mcmurray@fmglaw.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Robert M Klein , E-mail : janet.mcmurray@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Salvatore Fazio , E-mail : salfaziolaw@gmail.com
Salvatore Fazio , E-mail : sfazio@500law.com
Salvatore Fazio , E-mail : docketing@500law.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com

Case Number: CACE22005125

Steven Harry Meyer , E-mail : ross@professionalparas.com
Steven Harry Meyer , E-mail : steven@thefirm.legal
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com