**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

IN RE:

**AUTO WHOLESALE OF BOCA, LLC,**                    CASE NO.: 22-15627-EPK

      Debtor.                                            CHAPTER 7

                                           /


**MOTION TO WITHDRAW AS COUNSEL**
**FOR PARTY AVRUMI LUBIN**


Counsel (admitted *pro hac vice*) for party in interest, Avrumi Lubin a/k/a Josh Lubin (hereinafter, "Mr. Lubin"), hereby moves the Court for entry of an order allowing it to withdraw as counsel for Mr. Lubin and any related entities in this action and any related actions and in support thereof states:

1.     The undersigned law firm currently represents Mr. Lubin having been admitted to practice in this matter pursuant to an application for admission *pro hac vice*.

2.     It has become apparent that irreconcilable differences have arisen between Mr. Lubin and counsel, rendering counsel unable to fairly represent Mr. Lubin going forward.

3.     A more detailed explanation of the deterioration of the attorney-client relationship could jeopardize Mr. Lubin and would be violative of the attorney-client privilege, and as such is not included herein. *See Horan v. O'Connor*, 832 So. 2d 193,194 (Fla. 4th DCA 2002).

1

4.      Pursuant to Rule 4-1.16(b)(1) of the Florida Rules of Professional Conduct, a lawyer may withdraw from representing a client if "withdraw can be accomplished without material adverse effect on the interests of the client".

5.      "In a civil action the attorney of record has the absolute right to terminate the attorney-client relationship and to withdraw as attorney of record, unless granting such a request would interfere with the efficient and proper functioning of the court." *Martin v. Laidlaw Tree Service, Inc.*, 619 So. 2d 435, 439 (Fla. 2d DCA 1993); *see also Fisher v. State of Florida*, 248 So. 2d 479, 486 (Fla 1971) (holding that a court should rarely deny a motion to withdraw and, if it does, it must only be upon a determination that granting the request would interfere with the efficient and proper functioning of the court).

6.      It is respectfully submitted that under the foregoing authorities, the undersigned counsel and firm are entitled to withdraw from this action as counsel to Mr. Lubin and any related entities.

7.      Mr. Lubin's last known address is 1460 Arboretum Parkway, Lakewood, New Jersey 08701.

8.      Mr. Lubin's email address is josh@spincapital.com.

9.      Pursuant to Florida Rule of Judicial Administration 2.505(f)(1), a copy of this motion is being sent to Mr. Lubin.

WHEREFORE, for the foregoing reasons, Michael J. Kasen, Esq. and the law firm of Kasen & Kasen, P.C., respectfully request that this Court enter an Order:

a)      Allowing the undersigned counsel to withdraw as counsel of record for Mr. Lubin in this action; and

b)      Allow Mr. Lubin thirty days to retain new counsel.

2

Dated: August 26, 2025
New York, New York

Respectfully submitted,


**KASEN & KASEN, P.C.**
By: /s/ Michael J. Kasen
Michael J. Kasen, Esq.
115 Broadway, 5th Floor
New York, New York 10006
Tel: (646) 397-6226
Fax: (646) 786-3611
mkasen@kasenlaw.com
*Admitted Pro Hac Vice*