

**ORDERED in the Southern District of Florida on August 27, 2025.**

**Erik P. Kimball
Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**In re:**

**AUTO WHOLESALE OF BOCA, LLC,**          **Case No. 22-15627-EPK**

　　**Debtor.**                              **Chapter 7**
_____/

**ORDER (I) GRANTING EXPEDITED JOINT MOTION TO ORDER
DISTRIBUTION OF AUCTION PROCEEDS TO COUNSEL
FOR THE FVP PARTIES PURSUANT TO STATE COURT ORDER,
AND (II) DISCHARGING ORDER TO SHOW CAUSE**

THIS MATTER came before the Court for hearing on August 27, 2025 on the

*Expedited Joint Motion to Order Distribution of Auction Proceeds to Counsel for the FVP*

*Parties Pursuant to State Court Order* (Dkt. No. 954, the "Motion"), and the *Order to Show*

*Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States*

*Treasury* (Dkt. No. 911).  In the Motion, Franklin Capital Funding, LLC; Franklin Capital

Group, LLC; Franklin Capital Management, LLC; FVP Opportunity Fund III, LP; FVP Investments, LLC; FVP Servicing, LLC; and Hi Bar Capital, LLC (together, the "Movants") ask the Court to direct, pursuant to a settlement among the Movants, the release of certain funds held in the registry of the Court.

The history of this matter is set forth in detail in the Court's *Order Denying Expedited Joint Motion* (Dkt. No. 952), which is incorporated here in full. Capitalized terms have the meanings given in that order. The Court ruled that it could not and would not rule on the dispute between Avrumi Lubin and Hi Bar Capital, LLC regarding their relative rights in the Net Proceeds held in the registry of this Court. The Court encouraged the parties to obtain a ruling from another court having competent jurisdiction. They have done so.

In its *Order on Joint Motion to Endorse Settlement* entered on August 14, 2025 in Case No. CACE-22-005125 (Dkt. No. 954 Ex. A, the "State Court Order"), the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida ruled, among other things, that neither Avrumi Lubin nor any of his affiliated entities have any rights to the Net Proceeds and that the Net Proceeds should be distributed to the trust account of counsel for certain of the Movants consistent with the settlement approved by that court. Following the State Court Order, the Movants are the only parties who may seek release of the Net Proceeds consistent with the Sale Order.

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    The *Expedited Joint Motion to Order Distribution of Auction Proceeds to Counsel for the FVP Parties Pursuant to State Court Order* (Dkt. No. 954) is GRANTED as provided herein.

2.    The Clerk is DIRECTED to disburse the Net Proceeds currently held in the registry of the Court, in the amount of $2,107,548.61 plus accrued interest (if any), to the

order of the law firm Schwartz Breslin PLLC, to be further disbursed according to the settlement approved by the State Court Order.

3.      Schwartz Breslin PLLC must contact the Financial Section to obtain the AO 213P form required for disbursement.

4.      Any and all objections are OVERRULED.

5.      The *Order to Show Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States Treasury* (Dkt. No. 911) is DISCHARGED.

###

Copy to:

Patrick Dorsey, Esq.

*Attorney Patrick Dorsey is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service with the Clerk.*